**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § § § § § § § § | Chapter 11 Case No. 24-10119-smr |
| 1001 WL, LLC | | |
| Debtor | | |

## DEBTOR'S CORRECTED MOTION FOR USE OF CASH COLLATERAL

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW 1001 WL, LLC, Debtor herein, and files this Corrected Motion for Use of Cash Collateral, and in support thereof would show the following:

1. By this Motion, the Debtor seeks interim and final relief allowing it to use cash collateral in the continuing operation of its business.

### JURISDICTION AND PROCEDURAL BACKGROUND

2. On February 6, 2024, (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Texas, Austin Division ("Court"), thereby commencing this chapter 11 case ("Case"). Debtor continues in possession of its property and it is operating and managing its business as a debtor in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The basis for the relief herein is primarily grounded in 11 U.S.C. §363

**Overview**

5. 1001 WL, LLC is a New York limited liability company. It is owned by Ali Choudhri. It owns an office building located at 1001 West Loop South, Houston, Texas.

**Creditors with an Interest in Cash Collateral**

6. Parties who might have an interest in cash collateral subject to further determination by this Court include:

   a. Galleria Loop Note Holder, LLC;

   b. TIG Romspen US Master Mortgage, LP

   c. BDFI, LLC

   d. CC2 TX, LLC

   e. Caz Creek Holdings, LLC

   f. Capital One, National Association

   g. Harris County taxing authorities; and

   h. Ali Choudhri.

Debtor believes that various parties who have filed mechanic's liens against the real property do not have an interest in cash collateral. Debtor also believes that it will require an adversary proceeding to determine extent, priority and validity of liens to determine the lien priority in this case.

**Debtor's Preliminary Monthly Budget and Expenses**

7. The Debtor's proposed budget is attached hereto as Exhibit A.

## NECESSITY FOR REQUESTED RELIEF

8. Debtor generates Cash Collateral from the operation of its business when it collects rents from its property. Debtor must obtain approval for the use of the Cash Collateral. It is critical

for Debtor to have access to its cash to continue to operate in the ordinary course of business and to pay normal operating expenses related to operating its business.

9. Debtor can meet its ongoing post-petition obligations only if it borrows funds post-petition or obtains authority for use of Cash Collateral. It believes the former will decrease the value of its business. Debtor believes the latter is preferable as it has generated multiple projections and believes it is able to cash flow post-petition if it has the funds available from or generated by its pre-petition cash collateral to pay its post-petition expenses. Thus, in order to continue operations as normal and to preserve the value of the estate pending confirmation of a plan of reorganization, Debtor needs immediate authority to use the Cash Collateral.

### ARGUMENTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR TEMPORARY AND FINAL USE OF CASH COLLATERAL

10. Debtor requires immediate authority from the Court to use the Cash Collateral in the ordinary course of its business and on an interim basis until there is a final hearing on this Motion.

11. Debtor requests the authority to use cash collateral to operate its business.

12. Under 11 U.S.C. §363(c)(2), the Debtor may not use, sell, or lease the Cash Collateral without the Court's authority or consent. Section 363(e) allows the Court to grant this authority upon the provision of adequate protection to the secured parties.

13. Debtor requires the continued authority to use Cash Collateral beyond the interim period in order to continue its business until a plan of reorganization can be confirmed. Debtor's need to use the Cash Collateral will continue during the pendency of this bankruptcy case.

14. Debtor also requests that this Court schedule a hearing for final approval on the use of Cash Collateral, on notice to creditors and parties in interest, in the event an objection is filed to the terms of the interim order.

15. The immediate and temporary approval for the use of the Cash Collateral is consistent with (i) Bankruptcy Code requirements for maintaining the going concern of a debtor's business operations; (ii) the law under 11 U.S.C. §§ 363 and 361 as to the use of cash collateral and adequate protection; and (iii) facilitating a successful reorganization under chapter 11 of the Bankruptcy Code.

16. The failure to authorize the immediate use of Cash Collateral on which the secured parties hold liens will result in a swift and significant deterioration of Debtor's business. Failure to gain authority to use, sell, or lease such collateral will result in a cessation of Debtor's business activities.

17. The Bankruptcy Code contemplates a debtor's use of collateral during the reorganization of its business. Sections 102(1) and 363 of the Bankruptcy Code provide that collateral may be used upon notice and opportunity for a hearing appropriate in the particular circumstances. Relief may be authorized without an actual hearing if there is insufficient time available and adequate protection has been provided. 11 U.S.C. § 363(e). The combination of Debtor's emergency needs to satisfy pending obligations and current operating needs, together with the provision of adequate protection are sufficient to authorize the interim use of the collateral as set forth herein.

18. Section 361 of the Bankruptcy Code sets forth various types of adequate protection which Debtor may provide:

    a. making periodic cash payments to the extent that the creditor suffers a decrease in the value of its interest in such property;

    b. granting replacement liens in collateral to compensate the creditor for any decrease in the value of the creditor's interest in such property; or

  c. granting other relief as will result in the realization of the indubitable equivalent of the creditor's interest in collateral.

  Additionally, the presence of an equity cushion may be sufficient to provide adequate protection.

  19. Debtor proposes to provide adequate protection to the parties with an interest in cash collateral in the following manner.

  a. The Debtor shall provide all creditors with an interest in cash collateral with a replacement lien upon assets obtained post-petition to the same extent, priority and validity as their pre-petition liens.

  b. Debtor will maintain insurance upon its assets.

  c. Debtor will provide adequate protection payments as negotiated.

  20. Debtor requests permission to pay its usual and customary operating expenses as set forth on its budget.

  WHEREFORE, Debtor requests that the Court authorize the use, sale, or lease of Cash Collateral on an interim basis and, upon setting and conducting a final hearing, issue a final order authorizing the use, sale, or lease of such cash collateral with the adequate protection to the secured parties as set forth herein; and grant any other and further relief to which Debtor is entitled.

         Respectfully Submitted,

         **BARRON & NEWBURGER, P.C.**
         7320 N. Mopac Expy, Suite 400
         Austin, Texas 78731
         (866) 476-9103

         /s/ Stephen Sather
         Stephen Sather
         State Bar No 17657520
         **PROPOSED ATTORNEY FOR DEBTOR**

## CERTIFICATE OF SERVICE

      I certify that a copy of the foregoing Motion was served by first class mail, postage prepaid and properly addressed, on March 6, 2024 to all parties listed on the attached Service List, to the persons listed below by email and electronically by the Court's ECF system to all parties registered to receive such service.

                                                */s/ Stephen Sather*
                                                Stephen Sather

```
Label Matrix for local noticing        1001 WL, LLC                            United States Trustee (SMG111)
0542-1                                  2450 Wickersham Lane, Suite 202         United States Trustee
Case 24-10119-smr                       Austin, TX 78741-4744                   903 San Jacinto Blvd, Suite 230
Western District of Texas                                                       Austin, TX 78701-2450
Austin
Wed Mar  6 10:43:28 CST 2024

U.S. BANKRUPTCY COURT                   Chaudhri, Ali                           Galleria Note Holder, LLC
903 SAN JACINTO, SUITE 322              2425 West Loop South Suite 1100         c/o James Pope
AUSTIN, TX 78701-2450                   Houston, TX 77027-4210                  6161 Savoy Drive Suite 1125
                                                                                Houston, TX 77036-3343


Harris County Tax Assessor              Sonder USA Inc.                         TIG Romspen US Master Mortgage LP
PO Box Box 77210-4633                   c/o Kean Miller LLP                     c/o Bryan Cave Leighton Paisner LLP
                                        711 Louisiana Street, Suite 1800        Attn: Kyle S. Hirsch
                                        Houston, Texas 77002-2832               2200 Ross Avenue, 4200W
                                                                                Dallas, TX 75201-2763


TIG Romspen US Master Mortgage, LP      United States Trustee - AU12            Stephen W. Sather
162 Cumberland Street Suite 300         United States Trustee                   Barron & Newburger, PC
Toronto, Ontario M5R 3N5                903 San Jacinto Blvd, Suite 230         7320 N MoPac Expy, Suite 400
                                        Austin, TX 78701-2450                   Austin, TX 78731-2347



End of Label Matrix
Mailable recipients    11
Bypassed recipients     0
Total                  11
```

**1001 W Loop S**  
**Cash Collateral Budget**

Case Number:

|  | Pro Forma | Mar-24 | Apr-24 | May-24 |
|---|---:|---:|---:|---:|
| **Income** | $ 150,975 | $ 150,975 | $ 150,975 | $ 150,975 |
| **Operating Expenses** | | | | |
| Fire Safety | $ 3,441 | $ 3,441 | $ 3,441 | $ 3,441 |
| Repairs & Maintenance | $ 15,009 | $ 15,009 | $ 15,009 | $ 15,009 |
| Security | $ 3,933 | $ 3,933 | $ 3,933 | $ 3,933 |
| Cleaning & Maintenance | $ 22,125 | $ 22,125 | $ 22,125 | $ 22,125 |
| Utilities | $ 48,000 | $ 48,000 | $ 48,000 | $ 48,000 |
| Insurance | $ 43,508 | $ 43,508 | $ 43,508 | $ 43,508 |
| Telephone & Internet | $ 1,060 | $ 1,060 | $ 1,060 | $ 1,060 |
| Other Expense | $ 3,300 | $ 3,300 | $ 3,300 | $ 3,300 |
| Professional Fees | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 |
| Licenses & Permits | $ - | $ - | $ - | $ - |
| Tenant Improvement | $ - | $ - | $ - | $ - |
| Administration | $ 14,750 | $ 14,750 | $ 14,750 | $ 14,750 |
| **Total Operating Expenses** | $ 156,126 | $ 156,126 | $ 156,126 | $ 156,126 |
| **Net Cashflow** | $ (5,151) | $ (5,151) | $ (5,151) | $ (5,151) |
| **Cumulative Cashflow** | | $ (5,151) | $ (10,302) | $ (15,453) |

| | Jun-24 | Jul-24 | Aug-24 | Sep-24 | Oct-24 | Nov-24 | Dec-24 |
|---|---|---|---|---|---|---|---|
| $ | 150,975 | $ 150,975 | $ 150,975 | $ 150,975 | $ 150,975 | $ 150,975 | $ 150,975 |
| $ | 3,441 | $ 3,441 | $ 3,441 | $ 3,441 | $ 3,441 | $ 3,441 | $ 3,441 |
| $ | 15,009 | $ 15,009 | $ 15,009 | $ 15,009 | $ 15,009 | $ 15,009 | $ 15,009 |
| $ | 3,933 | $ 3,933 | $ 3,933 | $ 3,933 | $ 3,933 | $ 3,933 | $ 3,933 |
| $ | 22,125 | $ 22,125 | $ 22,125 | $ 22,125 | $ 22,125 | $ 22,125 | $ 22,125 |
| $ | 48,000 | $ 48,000 | $ 48,000 | $ 48,000 | $ 48,000 | $ 48,000 | $ 48,000 |
| $ | 43,508 | $ 43,508 | $ 43,508 | $ 43,508 | $ 43,508 | $ 43,508 | $ 43,508 |
| $ | 1,060 | $ 1,060 | $ 1,060 | $ 1,060 | $ 1,060 | $ 1,060 | $ 1,060 |
| $ | 3,300 | $ 3,300 | $ 3,300 | $ 3,300 | $ 3,300 | $ 3,300 | $ 3,300 |
| $ | 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 | $ 1,000 |
| $ | - | $ - | $ - | $ - | $ - | $ - | $ - |
| $ | - | $ - | $ - | $ - | $ - | $ - | $ - |
| $ | 14,750 | $ 14,750 | $ 14,750 | $ 14,750 | $ 14,750 | $ 14,750 | $ 14,750 |
| $ | 156,126 | $ 156,126 | $ 156,126 | $ 156,126 | $ 156,126 | $ 156,126 | $ 156,126 |
| $ | (5,151) | $ (5,151) | $ (5,151) | $ (5,151) | $ (5,151) | $ (5,151) | $ (5,151) |
| $ | (20,604) | $ (25,755) | $ (30,905) | $ (36,056) | $ (41,207) | $ (46,358) | $ (51,509) |

**1001 W Loop S**

**Cash Collateral**

**Income**

  Rental Income

**Operating Expenses**

| | | |
|---|---|---|
| **Fire Safety** | | $3,441.35 |
|   FirePro | $195.00 | |
|   Kings 111 Emergey Communications (Qtrly) | $1,040.00 | |
|   Datawatch | $2,206.35 | |
| **Repairs & Maintenance** | | $15,008.65 |
|   TK Elevator Maintenance (Qtrly) | $8,008.65 | |
|   Maintenance Crew | $5,000.00 | |
|   Supplies (Various Stores) | $2,000.00 | |
| **Security** | | $3,932.64 |
|   Nationwide Security | $3,932.64 | |
| **Cleaning & Maintenance** | | $22,125.13 |
|   Cleaning Advancced | $22,125.13 | |
| **Utilities** | | $48,000.00 |
|   Cirro Electric | $23,000.00 | |
|   City of Houston water | $25,000.00 | |
| **Insurance** | | $43,508.13 |
|   Hanover | $42,291.14 | |
|   Capital Premium | $1,216.99 | |
| **Telephone & Internet** | | $1,060.00 |
|   AT&T | $150.00 | |
|   Ringcentral | $910.00 | |
| **Other Expense** | | $3,300.00 |
|   Mueller Water Treatment | $350.00 | |
|   Waste Management | $950.00 | |
|   Other | $2,000.00 | |
| **Professional Fees** | | $1,000.00 |
|   Engineer | $1,000.00 | |
| **Licenses & Permits** | | $0.00 |
|   City of Houston Permit | $0.00 | |
| **Tenant Improvement** | | $0.00 |
| | $0.00 | |
| **Administration** | | $14,750.00 |
| **Total Operating Expenses** | | **$156,125.90** |