**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | Case No. 24-10119-smr |
| 1001 WL, LLC | § | |
| | § | |
| Debtor | § | |

**INTERIM ORDER GRANTING DEBTOR'S CORRECTED MOTION FOR USE OF CASH COLLATERAL, AND  GRANTING ADEQUATE PROTECTION**

Came on for consideration this __ day of March, 2024, the interim hearing on the *Corrected Motion for Use of Cash Collateral* [Dkt. #__] (the "Motion") filed by Debtor 1001 WL, LLC (the "Debtor").  The Court, having considered the Motion finds that the Motion should be granted as set forth herein.

IT IS THEREFORE FOUND, DETERMINED, ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.      The Motion is granted as set forth herein on an interim basis.

2.     **Limited Authorization to Use Cash Collateral.**  The Debtor is hereby authorized, through March 31, 2024, to use cash collateral for the actual and necessary expenses of the estate as set forth in the Budget attached hereto as Exhibit A.   The Debtor's use of cash collateral as authorized herein shall be strictly limited to the expenditures in the Budget, subject to a variance of up to ten percent (10%) per month for any line item and a maximum aggregate monthly variance of ten percent (10%).

3.     **Presumption.**  All cash in the possession of the Debtor (including all cash on hand and received in the future) is presumed to be cash collateral, unless proven otherwise by a preponderance of the evidence.

4.     **Adequate Protection: Replacement Liens**.  As adequate protection from any diminution in the value of collateral held by parties with interests in cash collateral (Secured Creditors) resulting from Debtor's use of cash collateral from and after the Petition Date, the Secured Creditors are hereby granted the following liens and security interests:

(a)     Continuing, additional and replacement liens and first priority security interests in, to and against any and all assets and property of the Debtor of the same kind as the Secured Creditors' prepetition collateral to the same extent priority and validity as the pre-petition liens held by such creditors (including but not limited to cash collateral), including, but not limited to, all cash, wherever located, in which the Debtor now has or may hereafter acquire any right, title or interest in, including any funds on deposit; documents of title evidencing or issued with respect thereto; accounts; contract rights; deposits; chattel paper; documents; records; equipment; fixtures; general intangibles instruments; inventory; investment property; financial assets and any and all other personal property and real property of the Debtor along with all

proceeds and products of the foregoing; all as may be generated or acquired by the Debtor after the petition date.

The collateral described in this Paragraph is hereinafter referred to as the "Replacement Collateral."

5. **Non-Exclusive Rights.** The rights and obligations of the Debtor and the rights claims, security interests, liens and priorities of the Secured Creditors arising under this Order, are in addition to, and not in lieu or substitution of, the rights, obligations, claims, security interests, liens and priorities granted under the Secured Creditors' loan documents. The liens described in the immediately preceding paragraph are granted pursuant to 11 U. S. C. §§ 361, 362, and 363.

6. **Validity and Automatic Perfection.** Any and all liens and security interests granted pursuant to this Order shall be deemed effective, valid and perfected as of the date of the entry of this Order without the necessity of the filing or lodging by or with any entity of any documents or instruments otherwise required to be filed or lodged under applicable non-bankruptcy law. This Order shall be deemed to be a security agreement for purposes of creation, attachment and perfection of Secured Creditors' liens on and security interests in, to and against the Replacement Collateral. Said liens and security interests shall be valid and perfected as against, and binding upon, the Debtor and its successors, including any trustee, receiver or similar successor, in this or any subsequent case under the Bankruptcy Code or in any insolvency or similar case or proceeding, and also upon any creditor of the Debtor who may have extended or may hereafter extend credit to the Debtor, or who may assert a claim in this or any subsequent case or proceeding, whether or not notice of this Order or this case has been filed in any place or with any person, including any official of any governmental jurisdiction within which the Debtor's property is located, whether municipal, county, state, or federal.

7.      **Termination of Authority to Use Cash Collateral.**  The authority to use cash collateral shall continue up through and including March 31, 2024 unless sooner terminated or extended by the Court. Authorization to use cash collateral shall terminate if this case is converted to one under Chapter 7.  To the extent the Secured Creditor agrees in writing to extend the term of this Order, such term shall be extended as provided in such writing without further order, notice or hearing.  Notwithstanding any termination of the right to use the Cash Collateral as set forth herein, the obligations of the Debtor and the rights, claims, security interests, liens and priorities of the Bank with respect to all transactions occurring prior to the termination of the Debtor's authority to use the cash collateral shall remain unimpaired and unaffected by any such termination and shall survive any such termination.

8.      The Debtor's use of cash collateral prior to the filing of this motion is ratified and authorized.

9.      **Insurance**.  The Debtor shall at all times maintain: (a) insurance on its assets as required under the Debtor's loan documents with the Secured Creditors; and (b) any additional insurance coverages that may be required by law or by the United States Trustee.

10.     Debtor shall file a proposed final cash collateral order and budget on or before March __, 2024.

11.     The Court shall conduct a final hearing on the motion for use of cash collateral on March __, 2024.

12.     Any objection to the final cash collateral order shall be filed by March __, 2024.

###

Order Submitted By:

Stephen W. Sather
Barron & Newburger, P.C.
7320 N. MoPac Expwy., Suite 400
Austin, TX 78731

**1001 W Loop S**                                    **Case Number:**
**Cash Collateral Budget**

|                          | **Pro Forma** | | **Mar-24** | |
|--------------------------|---|---:|---|---:|
| **Income**               | $ | **150,975** | $ | **150,975** |
|                          |   |   |   |   |
| **Operating Expenses**   |   |   |   |   |
| Fire Safety              | $ | 3,441 | $ | 3,441 |
| Repairs & Maintenance    | $ | 15,009 | $ | 15,009 |
| Security                 | $ | 3,933 | $ | 3,933 |
| Cleaning & Maintenance   | $ | 22,125 | $ | 22,125 |
| Utilities                | $ | 48,000 | $ | 48,000 |
| Insurance                | $ | 43,508 | $ | 43,508 |
| Telephone & Internet     | $ | 1,060 | $ | 1,060 |
| Other Expense            | $ | 3,300 | $ | 3,300 |
| Professional Fees        | $ | 1,000 | $ | 1,000 |
| Licenses & Permits       | $ | - | $ | - |
| Tenant Improvement       | $ | - | $ | - |
| Administration           | $ | 14,750 | $ | 14,750 |
| **Total Operating Expenses** | $ | **156,126** | $ | **156,126** |
|                          |   |   |   |   |
| **Net Cashflow**         | $ | **(5,151)** | $ | **(5,151)** |
|                          |   |   |   |   |
| **Cumulative Cashflow**  |   |   | $ | (5,151) |