IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| In re: )<br>)<br>**1001 WL LLC**, )<br>)<br>      Debtor. )<br>) | Case No. 24-10119<br>Chapter 11 |

**SECOND MOTION FOR AN ORDER FINDING IN CONTEMPT OF COURT AND SANCTIONING GALLERIA LOOP NOTE HOLDER, LLC AND ALI CHOUDHRI**

TIG Romspen US Master Mortgage LP, an exempted Cayman Islands limited partnership ("Romspen"), as senior secured lienholder against property of the estate of debtor and debtor-in-possession 1001 WL, LLC (the "Debtor"), files this **second** motion for an order holding Galleria Loop Note Holder, LLC ("GLNH"), and its sole member and manager, Ali Choudhri ("Choudhri") in contempt of court and sanctioned for disobedience of the Court's orders; and to reschedule the July 15, 2024, Court-ordered deposition as a result of such disobedience. In support hereof, Romspen states as follows:

1. On February 6, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for protection under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")[1] as a single asset real estate debtor. Choudhri is the managing member of the Debtor.

2. Two weeks before the Petition Date – in an attempt to delay, hinder, and/or defraud Romspen – the Debtor acquired its sole asset (an office building in Houston and related personal

---

[1] The use of sections herein shall refer to the Bankruptcy Code, except as otherwise specified.

1

property (collectively, the "Property")) from Romspen's borrower and the Debtor's affiliate, GLNH. GLNH made the transfer without Romspen's knowledge or consent. Choudhri is the manager and sole member of GLNH.

3. GLNH was properly served with a subpoena commanding the production of documents and the appearance at a deposition in Austin on March 19, 2024. GLNH failed to comply.

4. On April 19, 2024, Romspen filed a motion to compel GLNH to comply with the subpoena (the "First Motion"). The Court granted Romspen's First Motion, and on June 4, 2024, the Court entered its order ("First Order") awarding sanctions and setting the document production and deposition dates, with limitations on documents to be produced and deposition topics. The First Order expressly authorizes Romspen to seek further sanctions and orders "to the extent GLNH fails to fully and timely comply" with the First Order. *See* ECF No. 189.

5. GLNH failed to pay the sanctions award and failed to produce a single document or to request leave of this Court from the June 10 document production deadline (or any other deadlines or obligations set forth in the First Order). Rather, on June 9, 2024, Choudhri presented undersigned counsel with a doctor's note instructing Choudhri not to work as a result of a stroke suffered on June 2, 2024.

6. On June 17, 2024, Romspen filed its motion for an order to show cause why GLNH and Choudhri should not be held in contempt for violating the First Order (the "Show Cause Motion"). *See* ECF No. 198.

7. As detailed in the Show Cause Motion, notwithstanding the doctor's instructions, Choudhri had engaged in numerous documented instances of work after suffering the stroke but completely failed to comply with the First Order without justification.

8. On June 27, 2024, the Court conducted a hearing via WebEx on the Show Cause Motion. GLNH appeared through counsel, Shea Palavan, who informed the Court he had been retained only thirty (30) minutes before the hearing. Choudhri was also present.

9. Based on the arguments and evidence presented at the hearing, the Court found that GLNH and Choudhri failed to demonstrate good cause for their failure to comply with the First Order; ordered that GLNH pay the previously-awarded sanction payment by no later than July 2, 2024; and set new deadlines for document production and deposition compliance. The Court further admonished GLNH's counsel and Choudhri that the failure to further comply would result in "harsh sanctions." The Court documented its ruling in an order entered on June 28, 2024, at ECF No. 221 (the "Second Order").

10. GLNH and Choudhri have again disobeyed the Court. While the sanctions payment was timely wired in accordance with the Second Order, the document production remains woefully incomplete.

11. Pursuant to the Second Order, GLNH was "directed, ordered, and compelled, to produce to Romspen's counsel via electronic means all responsive documents as permitted in the [First Order], by no later than 5:00 pm Central time on July 8, 2024, with a substantial initial production by no later than Monday, July 1, 2024, and 5:00 pm Central time and on a rolling basis thereafter."

12. Mr. Palavan, on behalf of GLNH, produced 749 pages of documents on July 1, 2024. The documents produced consist solely of property leases and lease amendments, and are thus partially responsive only to Request for Production No. 3 and No. 8; the produced documents

are not responsive to Request Nos. 1, 2, 4, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, or 19.[2] The July 1 production cannot be deemed a "substantial" initial production, thus violating the Second Order.

13. Prior to conferring with Mr. Palavan on July 8, 2024, in connection with this motion, Mr. Palavan had not communicated with undersigned counsel regarding any further document production; and no other documents have been produced. In conferring on July 8, Mr. Palavan said he would be producing more documents by July 9. Given the upcoming deposition, undersigned counsel informed Mr. Palavan that any document production would need to be completed by noon Central time on July 9 in order to avoid the filing of this motion. As of 12:15pm Central time, Mr. Palavan had not produced any additional documents. Accordingly, GLNH and Choudhri have failed to make any productions on a "rolling basis" after July 1, and have completely failed to meet the Court's July 8, 5:00 pm deadline for full production.

14. Romspen therefore asks this Court to find GLNH and Choudhri in contempt of the Second Order; to impose "harsh" sanctions against GLNH and Choudhri, jointly and severally, in the amount of no less than $5,000 for each day of their failure to provide full document production; and take such other action as the Court deems appropriate to enforce its orders and cause GLNH and Choudhri to produce the documents Romspen has been awaiting since they were initially due on March 19, 2024.

15. Romspen has incurred – and continues to incur – attorneys' fees preparing motions and attending hearings to compel GLNH and Choudhri's compliance. Romspen should be reimbursed by GLNH and Choudhri, jointly and severally, for all legal fees and expenses incurred,

---

[2] Per the First Order, the Court did not compel production of documents responsive to Requests 5, 6, or 20.

in an amount to be determined by the Court upon supporting declaration to be filed by Romspen's counsel.

16. Further, the documents and information Romspen has been seeking are germane to the upcoming confirmation hearing on the Debtor's proposed plan. Because Choudhri controls the Debtor, the failure to produce documents should result in adverse inferences against the Debtor.

17. Finally, Romspen asks that the July 15, 2024, deposition be again rescheduled to a time and date convenient to Romspen's counsel after all responsive documents have been produced.

18. A bankruptcy court has the power to conduct civil contempt proceedings and issue orders in accordance with the outcome of those proceedings. *Matter of Terrebonne Fuel and Lube, Inc.*, 108 F.3d 609, 612-13 (5th Cir. 1997) (affirming bankruptcy court's contempt ruling under the authority of Bankruptcy Code section 105).

19. Here, it is clear that GLNH and Choudhri refused to comply with the First Order, and now refuse to comply with the Court's Second Order. Under these circumstances, the relief requested by Romspen is warranted.

DATED this 9th day of July, 2024.

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Kyle S. Hirsch*
Kyle S. Hirsch (Tex. Bar No. 24117262)
2200 Ross Avenue, 4200W
Dallas, Texas 75201
Telephone: 602.364.7170
Email: kyle.hirsch@bclplaw.com

Brigid K. Ndege (*Pro Hac Vice*)
161 North Clark Street, Suite 4300
Chicago, Illinois 60601-3315
Telephone: 312.602.5104

Email: brigid.ndege@bclplaw.com

***Attorneys for TIG Romspen US Master Mortgage LP***

# **CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2024, I directed that a true and correct copy of this document be served on any attorney who has appeared of record, through the Court's ECF notification system, as follows:

William Steven Bryant on behalf of Creditor TIG Romspen US Master Mortgage LP
sbryant@lockelord.com; jpelayo@lockelord.com

Reed Burritt on behalf of Creditor Boxer Property Management Corporation
Reed.Burritt@BoxerProperty.com

Beau Butler on behalf of Interested Party Xavier Educational Academy, LLC
bbutler@jw.com; kgradney@jw.com; steso@jw.com

Mark Junell on behalf of Creditor BDFI, LLC
mark@junellfirm.com

John C. Roy on behalf of U.S. Trustee United States Trustee - AU12
casey.roy@rsbfirm.com; gary.wright3@usdoj.gov

Stephen W. Sather on behalf of Debtor 1001 WL, LLC
ssather@bn-lawyers.com; phammer@bn-lawyers.com; cmurnane@bn-lawyers.com; plevine@bn-lawyers.com; cchristensen@bn-lawyers.com; BarronNewburgerPCAustin@jubileebk.net; mcalderon@bn-lawyers.com; kparsley@bn-lawyers.com

Mark Curtis Taylor on behalf of Attorney Holland & Knight LLP and Debtor 1001 WL, LLC
mark.taylor@hklaw.com; tammy.greenblum@hklaw.com; annmarie.jezisek@hklaw.com

Shane P. Tobin on behalf of U.S. Trustee United States Trustee - AU12
shane.p.tobin@usdoj.gov; Carolyn.Feinstein@usdoj.gov; gary.wright3@usdoj.gov

United States Trustee - AU12
ustpregion07.au.ecf@usdoj.gov

Broocks Wilson on behalf of Creditor Sonder USA Inc.
mack.wilson@keanmiller.com

///

In addition, a copy was emailed to:

Ali Choudhri
ali@jetallcompanies.com; ali@jetallcapital.com

Shea Palavan, counsel appearing for Galleria Loop Note Holder, LLC
shea@houstonip.com

*/s/ Kyle S. Hirsch*
Kyle S. Hirsch

## CERTIFICATE OF CONFERENCE

Undersigned counsel sent an email to Mr. Palavan on July 8, 2024, at approximately 7:00 pm Central time. Mr. Palavan said he intended to produce documents by July 9. Undersigned counsel informed Mr. Palavan that if documents had not been produced by noon Central time on July 9, this motion would be filed. As of 12:15pm Central time, no additional documents had been produced. Thus, despite good faith efforts by undersigned counsel, this motion has not been resolved.

/s/ *Kyle S. Hirsch*

Kyle S. Hirsch