**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | Case No. 24-10119-smr |
| 1001 WL, LLC | § | |
| | § | |
| | § | |
| Debtor | § | |

## DEBTOR'S AMENDED PLAN OF REORGANIZATION
## DATED July 29, 2024

**Stephen W. Sather**
**BARRON & NEWBURGER, P.C.**
7320 N. Mopac Expwy, Ste. 400
Austin, Texas 78701
(512) 476-9103
ATTORNEY FOR DEBTOR

# TABLE OF CONTENTS

ARTICLE I - DEFINITION AND USE OF TERMS ............................................................... 1

ARTICLE II - PROVISIONS APPLICABLE TO ALL CLAIMS ............................................. 7

2.01 **Treatment of Claims** ......................................................................................... 7

2.02 **Allowed Claims** ................................................................................................. 7

2.03 **Amount of Claims** ............................................................................................. 7

2.04 **Allowance of Post-Petition Interest, Fees and Costs** ...................................... 7

2.05 **Filing of Claims Arising From Rejection of Unexpired Leases or Executory Contracts** ......................................................................................................... 8

2.06 **Filing of Administrative Expense Claims** ........................................................ 8

2.07 **Objections to Claims** ......................................................................................... 8

2.08 **Estimation of Claims** ......................................................................................... 8

2.09 **No Distributions Pending Allowance** ............................................................... 8

2.10 **Payment Dates for Claims** ................................................................................ 8

2.12 **Section 1111(b) Election** .................................................................................. 8

ARTICLE III - CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS; IDENTIFICATION OF IMPAIRED CLASSES ................................................................................................. 9

3.01 **Creation of Classes; Impairment** .................................................................... 9

3.02 **Elimination of Classes** ..................................................................................... 9

3.03 **Impairment Controversies** .............................................................................. 9

ARTICLE IV - CLASSIFICATION AND TREATMENT OF CLASSES UNDER THE PLAN ...................... 9

ARTICLE V - ASSUMPTION AND REJECTION OF UNEXPIRED LEASES AND EXECUTORY CONTRACTS ...................................................................**Error! Bookmark not defined.**

5.01 **Assumption/Rejection of Executory Contracts and Unexpired Leases** ............. **Error! Bookmark not defined.**

5.02 **Reservation of Rights** ..................................................................................... 14

5.03 **Disputes as to Executory/Unexpired Status** ................................................... 14

5.04 **Expired Contracts or Leases** ........................................................................... 14

5.05 **Bar Date for Claims Based on Rejection** ........................................................ 14

5.06 **Limitation on Claims Based on Rejection** ...................................................... 15

5.07 **Claims Arising from Assumption or Rejection** ............................................... 15

5.08 **Cure of Defaults Upon Assumption** ................................................................ 15

ARTICLE VI - PROVISIONS FOR THE RETENTION, ENFORCEMENT, SETTLEMENT, OR ADJUSTMENT OF CLAIMS BELONGING TO THE DEBTOR AND THE ESTATE INCLUDING PREFERENCES AND CONVEYANCES ................................................................. 15

6.01 **Avoidance Actions** .......................................................................................... 15

6.02 **Debtor's Other Causes of Action** .................................................................... 15

ARTICLE VII - POST CONFIRMATION OWNERSHIP AND MANAGEMENT ............................... 16

ARTICLE VIII - MEANS FOR IMPLEMENTATION OF PLAN ................................................. 16

8.01 **Implementation of the Plan** ............................................................................ 16

ARTICLE IX - ACCEPTANCE OR REJECTION OF PLAN; EFFECT OF REJECTION BY ONE OR MORE CLASSES OF CLAIMS OR EQUITY INTERESTS ................................................. 17

9.01 **Classes Entitled to Vote** .................................................................................. 17

9.02 **Class Acceptance Requirement** ....................................................................... 17

9.03 **One Vote Per Holder** ....................................................................................... 17

9.04 **Cramdown** ....................................................................................................... 17

ARTICLE X - EFFECT OF CONFIRMATION ..................................................................... 18

10.01    **Discharge** ........................................................................................ 18
10.02    **Status of Property of the Estate After Confirmation** ...................... 18
10.03    **Binding Nature of Plan** .................................................................... 18
10.04    **Permanent Injunction** ...................................................................... 18
**ARTICLE XI - PROVISIONS GOVERNING DISTRIBUTIONS** ............................... 18
11.01    **Payment/Delivery Agents** ................................................................ 18
11.02    **Date of Distributions** ........................................................................ 18
11.03    **Cash Payment** ................................................................................... 18
11.04    **Delivery of Distributions** ................................................................. 18
11.05    **Time Bar to Cash Payments** ............................................................. 19
11.06    **Effect of Pre-Confirmation Distributions** ....................................... 19
11.07    **Prepayment** ...................................................................................... 19
**ARTICLE XII - POST-CONFIRMATION PROCEDURE** ....................................... 19
12.01    **Conditions Precedent to Effectiveness.** ............................................ 19
12.02     **Compliance with All Applicable Laws** ............................................. 19
12.03    **U.S. Trustees Matters.** ....................................................................... 19
12.04    **Application for Final Decree** ............................................................ 20
**ARTICLE XIII - MODIFICATION OF PLAN** ..................................................... 20
**ARTICLE XIV - RETENTION OF JURISDICTION** ............................................. 20
14.01    **Allowance of Claims** ......................................................................... 20
14.02    **Proceedings Related to Executory Contracts and Unexpired Leases** ................... 20
14.03    **Plan Interpretation** .......................................................................... 20
14.04    **Plan Implementation** ........................................................................ 21
14.05    **Plan Modification** ............................................................................. 21
14.06    **Adjudication of Controversies** ......................................................... 21
14.07    **Injunctive Relief** .............................................................................. 21
14.08    **Interpleader Action** .......................................................................... 21
14.09    **Correct Minor Defects** ..................................................................... 21
14.10    **Authorization of Fees and Expense** ................................................. 21
14.11    **Post-Confirmation Orders Regarding Confirmation** ...................... 21
14.12    **Final Decree** ..................................................................................... 21
**ARTICLE XV - DEFAULT AND OTHER RELATED PROVISIONS** ......................... 21
**ARTICLE XVI - MISCELLANEOUS PROVISIONS** ............................................. 22
16.01    **Request for Relief Under 11 U.S.C. § 1129(b)** ............................... 22
16.02    **Revocation** ........................................................................................ 22
16.03    **Effect of Withdrawal or Revocation** ............................................... 22
16.04    **Due Authorization by Creditors.** ..................................................... 22
16.05    **Entire Agreement** ............................................................................ 22
16.06     **Section 1606 Exemption** .................................................................. 22
16.07    **Governing Law** ................................................................................. 22
16.08    **Post-Confirmation Noticing** ............................................................ 23
16.09    **Prohibition Against Discriminatory Treatment of the Debtor** ........ 23

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | Case No. 24-10119-smr |
| 1001 WL, LLC | § | |
| | § | |
| | § | |
| Debtor | § | |

**DEBTOR'S AMENDED PLAN OF REORGANIZATION**
**DATED JULY 29, 2024**

ARTICLE I
DEFINITION AND USE OF TERMS

     **1.01**   **Defined Terms.** Unless the context otherwise requires, capitalized terms shall have the meanings set forth in this Section 1.01.

     1.01.01     **Administrative Expense Claim** means any right to payment constituting a cost or expense of administration of the Cases of the kind specified in 11 USC § 503(b) and entitled to priority pursuant to 11 USC §§ 507(a)(2) or 507(b), including (i) the actual and necessary costs and expenses incurred after the Petition Date and through the Effective Date of preserving the Estate and operating the businesses of the Debtor; (ii) Fee Claims; (iii) all fees and charges assessed against the Estate pursuant to 28 U.S.C. §§ 1911-1930 or the Fed Rules of Bankruptcy Procedure; and (iv) all obligations designated as Administrative Expense Claims pursuant to an order of the Bankruptcy Court.

     1.01.02     **Administrative Expense Claims Bar Date** means, for any Administrative Claim, the date which is twenty-eight (28) days after the Confirmation Date or such earlier deadline that has been or may be set by order of the Bankruptcy Court for filing a request for allowance of such Administrative Claim and Fee Claims.

     1.01.03     **Administrative Tax Claim** means a Claim by a governmental unit for taxes (including interest or penalties related to such taxes) for any tax year or period, all or a portion of which occurs or falls within the period from and including the Petition Date through the Effective Date.

     1.01.04     **Ad Valorem Tax Claim** means the amount due by the Debtor for personal or real property taxes at the time the case was filed.

     1.01.05     **Affiliates** of a natural person refers to and includes his or her employees, agents, attorneys, legal representatives, spouse or partner, heirs, executors, and administrators, and their permitted successors and assigns. "Affiliates" of an entity refers to and includes its past and present parents, subsidiaries and affiliates, and their respective past and present officers, directors,

shareholders, partners, agents, employees, attorneys and legal representatives, and their respective predecessors, heirs, executors, and administrators, and their permitted successors and assigns.

1.01.06     **Allowed** means when used with respect to a Claim or Equity Interest:  (i) a Claim that has been scheduled by the Debtor in its Schedules as other than disputed, contingent or unliquidated that has not been superseded by a filed Proof of Claim and as to which the Debtor, Trustee, or any other party in interest has not filed an objection on or before twenty-eight (28) days after the Confirmation Date (unless such date is extended, for cause, by the Bankruptcy Court upon request of the Trustee); (ii) (A) any Claim (or portion thereof) that is set forth in a timely filed Proof of Claim or Interest as to which no action to dispute, deny, equitably subordinate or otherwise limit recovery with respect thereto, or alter priority thereof, has been filed within the earlier of the applicable period of time fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules or order of the Bankruptcy Court; (B) is otherwise consented to be deemed allowed by the Trustee; or (C) for which an Order, which is final and non-appealable, is entered by the Court allowing such Claim or Equity Interest.

1.01.07     **Allowed Priority Tax Claim** means Allowed Claims under 11 U.S.C. § 507(a)(8).

1.01.08     **Allowed Priority Non-Tax Claim** means Allowed Claims under section 11 U.S.C. §§ 507(a)(1) through (7).

1.01.09     **Allowed Secured Claim** means an Allowed Claim secured by a lien, security interest or other charge or interest in property in which the Debtor has an interest, to the extent of the value thereof as determined in accordance with 11 U.S.C. § 506(a).

1.01.10     **Ballot** means the document approved by the Bankruptcy Court for voting on the Plan and for holders of Classes of Impaired Claims to elect acceptance or rejection of the Plan in accordance with the Plan and any voting instructions approved by the Bankruptcy Court.

1.01.11     **Bankruptcy Code** or **Code** means the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

1.01.12     **Bankruptcy Court** means the United States Bankruptcy Court for the Western District of Texas, or such other Court that may have jurisdiction with respect to Debtors' chapter 11 cases, including the United States District Court for the Western District of Texas to the extent reference of the chapter 11 case is withdrawn.

1.01.13     **Bankruptcy Rules** or Fed.R.Bankr.P. means the Federal Rules of Bankruptcy Procedure, as amended, promulgated under 28 U.S.C. § 2075, and the Local Rules of the Bankruptcy Court of the Western District of Texas, as may be applicable to the Debtors' Chapter 11 cases.

1.01.14     **Bar Date** means June 4, 2024, the date established by the Bankruptcy Court in this case for non-governmental to file a proof of claim or proof of interest with the Bankruptcy Court.

2

1.01.15    **Business Day** means any date except Saturday, Sunday any "legal holiday" as defined in Fed.R.Bankr.P. 9006(a) or any other days on which commercial banks in Austin, Texas are authorized by law to be closed for business.

1.01.16    **Case** means Case No. 24-10119-smr, 1001 WL, LLC

1.01.17    **Claim** means (i) any right to payment from the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; (ii) any right to an equitable remedy for breach of performance of such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured; or (iii) rights, demands, debts, liabilities, controversies, and causes of action of any and every character, whether known or unknown, asserted or unasserted, liquidated or unliquidated, accrued or unaccrued, mature or unmatured, at law or in equity, whether originally possessed or owned or acquired by contractual or legal assignment or subrogation, whether in contract, in tort, or under statute, regulation or other law or legal principle or theory, including without limitation Claims for economic loss, lost profits, loss of capital, emotional distress, mental anguish, personal injuries, injury or damage to tangible or intangible personal property or to real property, and all other claims for actual, consequential, special or punitive damages in the present or in the future, arising at any time from the beginning of time through and including the Petition Date.

1.01.18    **Claimant** means any person or entity having or asserting a Claim in this Case.

1.01.19    **Class** or **Classes** mean all of the holders of Claims or Equity Interests that the Trustee has designated pursuant to 11 U.S.C. § 1123(a)(1) as having substantially similar characteristics as described in Article IV of this Plan.

1.01.20    **Condominium Sale Date** shall mean the date on which the Debtor closes sale of at least a amount equal to 110% of Allowed Claims in condominium sales which shall occur not later than nine (9) months after the Effective Date.

1.01.21    **Confirmation Date** means the date on which the Bankruptcy Court enters an Order confirming the Debtor's Plan.

1.01.22    **Confirmation Order** means the order confirming the Plan pursuant to 11 U.S.C. § 1129.

1.01.23    **Contested** when used with respect to a Claim means a Claim against the Debtor that is not an Allowed Claim.

1.01.24    **Creditor** shall have the meaning specified by 11 U.S.C. § 101(9) of the Code.

1.01.25       **Debtor** means 1001 WL, LLC

1.01.26       **Disclosure Statement** means the Disclosure Statement prepared by the Debtor relating to its Chapter 11 case, as it may be amended, modified or supplemented from time to time in accordance with the Code and Bankruptcy Rules.

1.01.27       **Disputed Claim** means any Claim as to which the Debtor or any other party in interest has interposed a timely objection or request for estimation in accordance with the Code and the Bankruptcy Rules, which objection or request for estimation has not been withdrawn or determined by Final Order.

1.01.28       **Effective Date** means the first calendar day of the month which is 60 days after the Confirmation Order becomes a Final Order.

1.01.29       **Estate** means the legal entity created to administer the property of the Debtor by the commencement of the Chapter 11 Case pursuant to 11 U.S.C. § 541 with respect to the Debtor.

1.01.30       **Fee Claim** means a Claim under 11 U.S.C. §§ 330 or 503 for allowance of compensation and reimbursement of expenses to professionals in the Debtor's Case.

1.01.31       **Filed** means delivered to the Clerk of the Bankruptcy Court.

1.01.32       **Final Order** means an order or judgment entered by the Bankruptcy Court or any other court exercising jurisdiction over the subject matter and the parties as to which the time to appeal has expired or, if an appeal has been timely filed as to which no stay pending appeal has been granted.

1.01.33       **General Unsecured Claim** means a Claim that does not have the benefit of Collateral to secure its repayment and is not entitled to priority under 11 U.S.C. § 507(a).

1.01.34       **Impaired** means the treatment of an Allowed Claim pursuant to the Plan *unless,* with respect to such Claim, either (a) the Plan leaves unaltered the legal, equitable and contractual rights to which the holder of such Claim is entitled or (b) notwithstanding any contractual provision or applicable law that entitles the holder of such Claim to demand or receive accelerated payment of such Claim after occurrence of a default, the Debtor (i) cures any default that occurred before or after the commencement of the Case on the Petition Date, other than default of the kind specified in 11 U.S.C. § 365(b)(2), (ii) reinstates the maturity of such Claim as such maturity existed before such default, (iii) compensates the holder of such Claim for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law, and (iv) does not otherwise alter the legal, equitable or contractual rights to which such Claim entitles the holder of such Claim; or (c) the Plan provides that on the Effective Date the holder of such claim receives, on account of such Claim, cash equal to the Allowed Amount of such Claim.

1.01.35 **Lien** shall mean a contractual or statutory lien that has been perfected in an interest of the Debtor in real or personal property.

1.101.36. **Market Rate of Interest** shall mean a rate sufficient to meet the requirement to provide present value of a Secured Claim under 11 U.S.C. Sec. 1129(b). A Market Rate of Interest shall be the Wall Street Journal Prime Rate plus 1.5% unless the Court determines otherwise.

1.01.37 **Oversecured Claim** means a Secured Claim which is secured by property which is valued at an amount greater than the amount of the Secured Claim. An Oversecured Claim shall be entitled to receive post-petition interest at the non-default contract rate and may also receive post-petition fees and costs if authorized by a contract or loan document.

1.01.38 **Person** means an individual, partnership, or corporation, but does not include a governmental unit unless the government unit acquires an asset as a result of operation of a loan guarantee agreement or as receiver or liquidating agent, in which case such governmental unit shall be considered a person for purposes of 11 U.S.C. § 1102.

1.01.39 **Petition Date** means February 6, 2024, the date on which the Debtor filed its petition for relief in this Case under the Bankruptcy Code.

1.01.40 **Plan** means the Plan of Reorganization filed on July 29, 2024, as it may be amended, modified, or supplemented by the Debtor from time to time thereafter as permitted herein and by the Bankruptcy Court.

1.01.41 **Plan Proponent** means the Debtor.

1.01.42 **Pre-Petition** means prior to the Petition Date.

1.01.43 **Priority Creditor** means a Creditor whose Claim is entitled to Priority under 11 U.S.C. § 507.

1.01.44 **Priority Non-Tax Claim** means a Claim arising under 11 U.S.C. §§ 507(a)(1) through (7).

1.01.45 **Priority Tax Claim** means a Claim arising under 11 U.S.C. § 507(a)(8).

101.46 **Proof of Claim** means a Claim filed by a creditor or equity holder in this case pursuant to Fed.R.Bankr.P. 3001 *et seq.*

1.01.47 **Property of the Estate** means all property in which the Debtor holds a legal or an equitable interest, including all property described in 11 U.S.C. § 541.

1.01.48    **Pro-Rata** means proportionately, based on the percentage that the amount of an Allowed Claim within a particular Class bears to the aggregate amount of all Allowed Claims in such Class.

1.01.49    **Rejection Claim** means any Claim arising pursuant to 11 U.S.C. § 502(g) by reason of rejection by the Debtor of an executory contract or unexpired lease pursuant to 11 U.S.C. § 365 or 1123(b)(2).

1.01.50    **Reorganized Debtor** means the Debtor after the Effective Date of the Plan.

1.01.51    **Secured Creditor** or **Secured Claimant** means a Claimant holding an Allowed Claim secured by property of the bankruptcy estate, which Claim is equal to the lesser of (i) the Allowed amount of such Claim, or (ii) the value of the Collateral.

1.01.52    **Secured Claim** means a Claim secured by a lien, security interest or other charge or interest in property in which the Debtor has an interest to the extent of the value of the property thereof as determined in accordance with 11 U.S.C. § 506(a).

1.01.53    **Senior Secured Real Estate Lender** shall mean the party that the Court determines to hold the first contractual lien on the Debtor's real property.

1.01.54    **Substantial Consummation** means the first date upon which distributions of money or property to creditors contemplated under the Plan begun. Substantial Consummation shall not require that all or substantially all distributions under the Plan be completed but merely that those distributions commence.

1.01.55    **Voidable Transfer** means all transfers voidable under 11 U.S.C. §§ 544, 545, 547, 548, 549 and/or 550 or any other state or federal law permitting the avoidance of transfers of property.

1.02    **Number and Gender of Words.** Whenever the singular number is used, it shall include the plural, and the plural shall include the singular, as appropriate to the context. Words of any gender shall include both genders where appropriate.

1.03    **Terms Defined in the Bankruptcy Code.** Capitalized terms not specifically defined in Section 1.01, *supra,* shall have the definitions given those terms, if applicable, in the Bankruptcy Code.

1.04    **Headings**. The headings and captions used in the Plan are for convenience only and shall not be deemed to limit, amplify or modify the terms of this Plan nor affect the meaning thereof.

1.05    **Interpretation.** Unless otherwise specified, all section, article, and schedule references in this Plan are to the respective section in, article of, or schedule to this Plan, as the same may be amended, waived, or modified from time to time. The headings in this Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof. Words

denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender.

1.06   **Time Computation**.  In computing any time prescribed herein the provision of Fed.R.Bankr.P. 9006(a) shall apply.

ARTICLE II
PROVISIONS APPLICABLE TO ALL CLAIMS

**PARAGRAPH 2.13 LIMITS THE ABILITY OF CREDITORS TO PURSUE CLAIMS AGAINST THOSE INDIVIDUALS WHO WILL CONTINUE TO SERVE AS MEMBERS AND MANAGERS OF THE REORGANIZED DEBTOR.**

2.01   **Treatment of Claims.**  This Plan is intended to treat and resolve all Claims against the Debtor and/or property of the Debtor of whatever character, whether contingent or liquidated, or whether allowed by the Bankruptcy Court pursuant to 11 U.S.C. § 502(a) as more specifically provided, *inter alia,* in Article IV of the Plan.  Only Allowed Claims will be entitled to a distribution under the Plan.  The Plan is designed to ensure that Claimants shall receive at least as much pursuant to this Plan as they would receive in a liquidation pursuant to chapter 7 of the Bankruptcy Code

2.02   **Allowed Claims**.  To receive a distribution under the Plan, a Creditor must have an Allowed Claim.

2.03   **Amount of Claims**.  If the Debtor has scheduled a Claim and has not indicated that such Claim is disputed, contingent, or unliquidated and no objection is subsequently filed then the amount scheduled by the Debtor shall control unless the Creditor files a Proof of Claim in a different amount.  If a Creditor files a Proof of Claim, then the amount stated in the Proof of Claim shall control unless the Debtor or a party in interest, as the case may be, files an objection to the Proof of Claim.  If an objection to a Claim is filed, then the amount determined by the Court in a Final Order shall control.

2.04   **Allowance of Post-Petition Interest, Fees and Costs**.  Unless otherwise provided in this Plan, a Claim shall not be entitled to post-petition interest, fees or costs.  The Debtor shall not be required to make specific objection to proofs of claim that allege a right to recover post-petition interest, penalties, fees and other accruals with respect to prepetition claims which are prohibited under 11 U.S.C. § 502, and any claim amounts attributable to such post-petition interest, penalties, fees and other accruals shall be disallowed in full upon entry of the Confirmation Order.  Notwithstanding the foregoing, an Oversecured Claim shall be entitled to interest at the non-default contract or statutory rate from the date of the Petition until the date the Debtor/Reorganized Debtor is prepared to pay the Oversecured Claim in full.  An Oversecured Claim arising under a contract shall be entitled to post-petition fees and costs if the contract so provides and if an application for allowance of post-petition fees and costs is timely filed and approved by the Court by a Final Order.  (A Claim may be determined to be an Oversecured Claim if so designated by the Plan or if determined by the Court by a Final Order.)  Any requests for allowance of post-

petition fees or costs pursuant to 11 U.S.C. § 506(b) shall be filed within twenty-eight (28) days after the Confirmation Date or shall be barred.

2.05 **Filing of Claims Arising From Rejection of Unexpired Leases or Executory Contracts**. Any Claims arising from the rejection of unexpired leases or executory contracts shall be filed by the date specified in the order rejecting such lease or contract. If no date is specified, the date for filing a rejection claim shall be twenty-eight (28) days after service of any order approving the rejection of a lease or other executory contract as per any Bankruptcy Court's Order.

2.06 **Filing of Administrative Expense Claims**. Any requests for allowance of Administrative Expense Claims (including Fee Claims) which are not specifically listed as undisputed or are listed without an amount and any requests for payment of Fee Claims shall be filed within twenty-eight (28) days after the Effective Date or shall otherwise be barred.

2.07 **Objections to Claims.** Any party in interest may object to the allowance of a Claim. Objections to the allowance of a Pre-Petition Claim must be made prior to fourteen (14) days after the Confirmation Date or fourteen (14) days after a Post-Petition, claim is filed, *provided, however*, that this period of time for the Debtor only may be extended by Order of the Bankruptcy Court without notice or a hearing. Additionally, the Debtor may object to any claim or move to intervene in any claim objection filed by the other if the particular Claim and the objection thereto will impact the classes for which the other is responsible for payment. Except as otherwise provided herein, any Proof of Claim filed after the bar date(s) set by the Court shall be of no force and effect and shall be deemed disallowed. Subject to the preceding sentences in this section, all Disputed Claims shall be litigated to Final Order by the objecting party and any settlement of a Disputed Claim will require approval of the Bankruptcy Court.

2.08 **Estimation of Claims.** Upon timely motion made pursuant to Fed.R.Bankr.P. 3018, the Court shall estimate the amount of any Disputed Claim for the purposes of determining feasibility or any other issue relevant to confirmation of the Plan.

2.09 **No Distributions Pending Allowance**. Disputed Claims shall not receive distributions until such time as the claim becomes an Allowed Claim.

2.10 **Payment Dates for Claims**. Unless otherwise specified, all payments under the Plan to be paid by the Debtor on the Effective Date or with respect to Claims allowed by a Court order shall be paid on the date which is at least fourteen (14) days after any such order is final.

2.11 **Section 1111(b) Election.** Any election under Section 1111(b) shall be made in writing and shall be filed with the Court by the date of the hearing on Debtor's Disclosure Statement. Debtor reserves the right to object to any Section 1111(b) election by a creditor whose collateral is of inconsequential value. In the event that a creditor makes a Section 1111(b) election which is not objected to, the Debtor shall continue to make the payments provided for in the specific class applicable to the creditor until such time as the total payments made equal the Allowed Claim of the creditor without post-petition interest, fees or costs. In the event that the creditor makes a Section 1111(b) election, its claim shall be deemed to be fully secured and the creditor shall not have an unsecured claim.

ARTICLE **III**
**CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS;**

IDENTIFICATION OF IMPAIRED CLASSES

3.01  **Creation of Classes; Impairment**.  The Debtor creates the following classes for purposes of organization only with respect to Administrative Claims and Priority Claims; and for purposes of organization, voting, and all confirmation matters with respect to other Claims and Equity Interests in the Debtor as follows:

| | |
|---|---|
| Class 1 | Allowed Administrative Claims |
| Class 2 | Allowed Secured Claims of Harris County Taxing Authorities |
| Class 3 | Allowed Secured Claim of Secured Real Estate Lender |
| Class 4 | Secured Claim of BDFI, LLC |
| Class 5 | Secured Claims of Mechanic's Lien Holders |
| Class 6 | Secured Claim of Ali Choudhri |
| Class 7 | Allowed Claims of Unsecured Creditors |
| Class 8 | Equity Interests |

*Classes 2-7 are impaired under the Plan.*

3.02  **Elimination of Classes**.  Any class that is not occupied as of the date of the hearing on confirmation of this Plan by an Allowed Claim or a claim temporarily allowed pursuant to Fed.R.Bankr.P. 3018 shall be deemed deleted from this Plan for purpose of voting on acceptance or rejection of this Plan and for the purpose of determining whether this Plan has been accepted by such class pursuant to 11 U.S.C. § 1129.

3.03  **Impairment Controversies**.  If a controversy arises as to whether any Claim or Equity Interest, or any class of Claims or class of Equity Interests, is impaired under this Plan, such class shall be treated as specified in this Plan unless the Bankruptcy Court shall determine such controversy upon motion of the party challenging the characterization of a particular Claim or Equity Interest under this Plan.

ARTICLE **IV**
**CLASSIFICATION AND**
**TREATMENT OF CLASSES UNDER THE PLAN**

4.01  **Class 1—Allowed Administrative Expense Claims.**[1]

(a)  Class 1 consists of all Administrative Expense Claims.

(b)  Unless otherwise agreed or as set forth herein as a result of a prior agreement, each holder of an Allowed Administrative Expense Claim shall

---

[1] While administrative and priority claims are usually not "classified", the proponent of the Plan has done so in this case for ease of reference; the "classification" of these claims does not alter the statutory rights of such claimants under the Bankruptcy Code.

be paid the amount of its Allowed Administrative Expense Claim on the later of the Effective Date or within seven (7) days after the date that a Final Order is entered approving the Administrative Expense Claim, unless otherwise agreed to by and between the Debtor and the holder of such claim.

(c) No Administrative Expense claims, except for the U.S. Trustee's Fees, shall be paid except as approved by Court Order. Proofs of claim asserting Administrative Expense Claims, even if not objected to, shall not be sufficient to constitute approval of an Administrative Expense Claim.

(d) Allowed Fee Claims incurred through confirmation of professionals retained by the Debtor and of the Debtor will be paid upon entry of an Order by the Bankruptcy Court approving same with such fees to be paid on the later of the Effective Date or within seven (7) days after entry of a Final Order approving said Claims, unless the parties agree to a later date. After the Confirmation Date, the Debtor and his professionals may estimate fees necessary to complete these cases through the entry of a Final Decree.

(e) Claims for United States Trustee's fees will be paid by the Debtor as they come due, both before and after the Effective Date.

**4.02** **Class 2—Allowed Secured Claim of Harris County Taxing Authorities[2]**

(a) Class 2 shall consist of the Allowed Secured Claim of the Harris County Taxing Authorities for ad valorem taxes incurred as of the Petition Date.

(b) Class 2 shall retain its lien.

(c) Class 2 shall accrue interest at the statutory rate of 1% per month during the period from the Petition Date through final payment of the Class 2 claim.

(d) The Class 2 claims shall be paid a pro-rata share of $25,000.00 per month based upon filed claims beginning on the Effective Date with a balloon payment due within thirty (30) days of the Condominium Sale Date or the Real Estate Sale Date, whichever occurs first.

(e) Taxes for post-petition years will be paid as they become due.

(f) Class 2 claims may be amended after the Effective Date to reflect the actual 2024 tax amounts once those become available.

(g) Class 2 is impaired.

**4.03** **Class 3—Secured Claim of Senior Secured Real Estate Lender**

(a) Class 3 consists of the Secured Claim of the Senior Secured Real Estate Lender, if any. There is an adversary proceeding pending to determine the extent, priority and validity of liens against the property. If a creditor is determined to have the first priority contractual lien against the property, it shall be the Class 3 creditor. If the Court determines that neither Tig

---

2 The Harris County Taxing Authorities includes City of Houston, Houston Community College System and Houston Independent School District.

Romspen or Galleria Loop Note Holder holds an enforceable lien against the property, then Class 3 shall be an empty class.

(b)    Class 3 shall retain its liens to the extent found by the Court to be valid.

(c)    The amount of the Class 3 claim shall be equal to the value of the Debtor's real property less the amount of the Class 2 Secured Claim of the Harris County Taxing Authorities.

(d)    Unless the Court rules otherwise, the value of the Debtor's real property shall be $23,400,000.

(e)    Class 3 shall receive the following payments:

    (i)    Monthly payments of interest only at a Market Rate of Interest with the first payment due on the Effective Date and continuing on the same date of each succeeding month until the Condominium Sale Date or the Real Estate Sale Date, whichever occurs first.

    (ii)    The Debtor shall make a payment of $1.4 million within fourteen (14) days after the Debtor receives payment of such amount from AJO Operating, LLC. Such amount shall be applied to the Allowed Claim.

    (iii)    Payment of all remaining principal and interest within thirty (30) days after the Condominium Sale Date or the Real Estate Sale Date, which shall occur not later than ten (10) months after the Effective Date.

(f)    Class 3 is impaired.

### 4.04    Class 4—Secured Claim of BDFI, LLC

(a) Class 4 consists of the Secured Claim of BDFI, LLC.

(b) Class 4 shall not retain its liens.

(c) The Class 4 creditor shall be treated as an Unsecured Claim.

(d) Class 4 is impaired.

### 4.05    Class 5—Secured Claims of Mechanics' Lien Holders

(a) Class 5 consists of the Secured Claim of parties filing mechanic's liens against the Debtor's real property.

(b) Class 5 shall not retain its liens.

(c) The Class 5 claims, if any, shall be treated as Unsecured Claims.

(d) Class 5 is impaired.

### 4.06    Class 6—Secured Claim of Ali Choudhri

(a) Class 6 consists of the Secured Claim of Ali Choudhri.

(b) Any lien held by the Class 6 creditor shall be avoided.

(c) The Class 6 claim, if any, shall be treated as an Unsecured Claim.

(d) Class 6 is impaired.

### 4.07    Class 7—Unsecured Claims

(a) Class 7 shall consist of Allowed Claims of Unsecured Creditors.

(b) Unsecured Creditors will receive payment of the amount of their Allowed Claims within ninety (90) days after the Condominium Sale Date.

(c) Class 7 is impaired.

### 4.08    Class 8—Equity Interests

(a) Class 8 shall consist of the Equity Interests of the Debtor.

(b) The Class 8 Equity Interests shall be cancelled and new equity shall be issued in the Debtor.

(c) Class 8 is  impaired.

## ARTICLE V

## ASSUMPTION AND REJECTION OF UNEXPIRED LEASES AND EXECUTORY CONTRACTS

5.01    Assumption/Rejection of Executory Contracts and Unexpired Leases.

5.01.01        Contracts to be Assumed

The Debtor intends to  assume the following leases and contracts:

(remainder of page intentionally left blank)

| Counterparty | Contract | Amount necessary to cure arrearages |
|---|---|---|
| Baker Botts, LLP | Contingent Fee Contract | $0 |
| T-Mobile | Lease | $0 |
| AT&T | Lease | $0 |
| Arvizu | Lease | $0 |
| YP & SJ, LLC (Transact Title) | Lease | $0 |
| Studio Five Designs | Lease | $0 |
| CREG, LLC (HomeSmart) | Lease | $0 |
| Pasta Pomodoro | Lease | $0 |
| Uptown Fitness, LLC | Lease | $0 |
| Champions School of Real Estate | Lease | $0 |
| ADHD Management Services, LLC | Lease | $0 |
| Xavier Educational Academy, LLC | Lease | $0 |
| Sonder USA, Inc. | Lease | $0 |
| Warrior Recovery Center | Lease | $0 |
| Community Psychiatry Management, LLC | Lease | $0 |
| Quest Personnel Resources, Inc. | Lease | $0 |
| Institute on Neuroplasticity, LLC | Lease | $0 |
| Timothy McKenna | Lease | $0 |
| David Cook | Lease | $0 |
| Dennis Boyd | Lease | $0 |
| Sam Cammack | Lease | $0 |
| B Square Development, LLC | Lease | $0 |
| Expero, Inc. | Lease | $0 |
| Hasan & Associates CPAs, P.C. | Lease | $0 |
| Occasions Staffing, Solutions, LLC dba FoodServ Staffing | Lease | $0 |
| Gold Quest Group, LLC | Lease | $0 |
| Pevey & Segura, LLC | Lease | $0 |
| Advue Consulting, LLC | Lease | $0 |
| Houston Galleria Surgery & Medspa | Lease | $0 |

The Debtor shall file a separate Motion to Assume within fourteen (14) days after the Effective Date.

### 5.01.02        Contracts to be Rejected

The Debtor shall reject the following leases and contracts:

| Lloyd Kelly | Contingent Fee Contract |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

5.02    **Reservation of Rights.**  Pursuant to 11 U.S.C. § 365, Debtor shall have the right to assume or reject on or before the Effective Date any executory contract or unexpired lease of non-residential real property or may change the status of any lease or executory contract which has not previously been assumed or rejected to the extent permitted under the Bankruptcy Code. Any additional or changed assumptions or rejections shall be noted in the Confirmation Order.

5.03    **Disputes as to Executory/Unexpired Status.**  Notwithstanding Section 5.04, *infra,* of this Plan, if on the Effective Date there is a pending dispute filed with the Bankruptcy Court as to whether a contract is executory or a lease is unexpired, the Debtor's right to assume or reject such contract or lease shall be extended until the date that is twenty-eight (28) days after entry of a Final Order by the Bankruptcy Court determining that the contract is executory or the lease is unexpired.  In the event that a contract is not listed as executory in the Disclosure Statement filed in connection herewith, such contract shall be deemed not to be executory unless an objection is timely filed with the Bankruptcy Court.

5.04    **Expired Contracts or Leases.**  Any contract or lease that expired pursuant to its terms prior to the Effective Date and that has not been assumed or rejected by Final Order prior to the Effective Date or herein is hereby specifically rejected.

5.05    **Bar Date for Claims Based on Rejection.**  If the rejection of an executory contract or unexpired lease results in damages to the other party or parties to such contract or lease, a Claim for such damages, if not heretofore evidenced by a filed proof of claim, shall be forever barred and shall not be enforceable unless a proof of claim is filed with the Bankruptcy Court and served upon the Debtor and his counsel of record as follows:  (a) if the Claim arises from the rejection of an executory contract or unexpired lease by operation of any provision of this Plan, twenty-eight (28) days after the Confirmation Date; (b) if the Claim arises from the rejection of any executory contract or unexpired lease pursuant to a Final Order of the Bankruptcy Court (other than the Confirmation Order) authorizing rejection of such contract or lease, twenty-eight (28) days after entry of such Final Order; or (c) if the Claim arises from the rejection of an executory contract or unexpired lease that is rejected after withdrawal of the assumption thereof pursuant to Section 5.02 of this Plan, twenty-eight (28) days after service of notice of the assumption withdrawal.  The foregoing applies only to Claims arising from the rejection of an executory contract or unexpired lease not rejected prior to the Effective Date; any other Claims held by a party to a rejected contract or lease shall have been evidenced by a proof of claim filed by earlier applicable bar dates or shall be barred and unenforceable.

5.06    **Limitation on Claims Based on Rejection.**  Any Rejection Claim based upon the rejection of an unexpired lease of real property either prior to the Confirmation Date or upon the entry of the Confirmation Order shall be limited in accordance with 11 U.S.C. § 502(b)(6) and state law mitigation requirements.  Nothing contained herein shall be deemed an admission by the Debtor that such rejection gives rise to or results in a Claim or shall be deemed a waiver by the of any objection to such Claim, if asserted.

5.07    **Claims Arising from Assumption or Rejection**.  All Allowed Claims arising from the rejection of an executory contract or unexpired lease shall be treated as Class 7 Claims pursuant to Section 4.07 of this Plan unless otherwise ordered by Final Order of the Bankruptcy Court; and all other Allowed Claims relating to an executory contract or unexpired lease shall have such status as they may be entitled to under the Bankruptcy Code as determined by Final Order of the Bankruptcy Court.

5.08    **Cure of Defaults Upon Assumption**.  Upon the assumption of any executory contract or unexpired lease pursuant to this Article V, all defaults, including, without limitation, defaults specified in 11 U.S.C. § 365(1) and any defaults specified in 11 U.S.C. § 365(b)(2), shall be deemed cured except to the extent written demand for the cure of or demonstration of ability to cure any default has been filed with the Bankruptcy Court and served upon the Debtor by the non-Debtor party to such executory contract or unexpired lease within twenty-eight (28) days after the Effective Date or an Order has previously been entered by the Court establishing the amount required to cure and the method for same.  In the absence of a timely demand in accordance with the foregoing, the Reorganized Debtor's obligation to cure or demonstrate the ability to cure shall be deemed satisfied, waived, released and discharged.  If any non-Debtor party to such executory contract or unexpired lease timely serves and files such written demand and the Reorganized Debtor files an objection in writing to such demand within twenty-eight (28) days thereafter, the Bankruptcy Court shall, by the issuance of a Final Order, determine the amount actually due and owing in respect of such demand or shall approve the settlement of such demand.

## ARTICLE VI
### PROVISIONS FOR THE RETENTION, ENFORCEMENT, SETTLEMENT, OR ADJUSTMENT OF CLAIMS BELONGING TO THE DEBTOR AND THE ESTATE INCLUDING PREFERENCES AND CONVEYANCES

6.01    **Avoidance Actions.**  The Debtor retains and preserves its rights to pursue any causes of action created by the Bankruptcy Code, specifically including claims created by Chapter 5 of the Bankruptcy Code.

6.02    **Debtor's Other Causes of Action.**  All Claims of any kind or character whatsoever in favor of the Debtor or the estate against third parties to the extent not specifically compromised and released pursuant to this Plan, are preserved and retained by the Reorganized Debtor, whether or not included by name in the Disclosure Statement, whether currently known or unknown.  Only those claims specifically compromised and released pursuant to this Plan or any agreement referred to and incorporated herein are excluded from the foregoing. Debtor specifically retains all claims and causes of action against Tig Romspen Master Mortgage US, LP, Wes Roitman,  Sonder USA,

Inc., Sonder Canada, Inc. and Xavier Educational Academy.

## ARTICLE VII
### POST CONFIRMATION OWNERSHIP AND MANAGEMENT

7.01. **Post-Confirmation Management.** Debtor shall be managed by managers designated by the new equity owner. The initial manager under the Confirmed Plan shall be Mohamed Nasr. Ali Choudhri shall not be a manager under the Confirmed Plan. Angelo DeCaro, former president of the Turnaround Management Association will supervise the Debtor's financial and restructuring affairs.

7.02 **Post-Confirmation Ownership.** In return for a new capital contribution in the amount of $1,000,000, Founder Loop24, LLC shall be the new equity owner of the Debtor.

## ARTICLE VIII
### MEANS FOR IMPLEMENTATION OF PLAN

8.01 **Implementation of the Plan.**

The Plan will be funded from the following sources:

(a) The Debtor will enter into a Purchase and Sale Agreement of Telecom Easement and Lease Assignment with AJO Operating, LLC. TIG Romspen US Master Mortgage, LP and Galleria Loop Note Holder, LLC shall execute a Subordination, Non-Disturbance and Attornment Agreement to AJO Operating, LLC within thirty (30) days after the Effective Date. If either of such entities shall fail to execute such an agreement, Debtor shall be appointed as attorney in fact to execute such document on their behalf.

(b) The Debtor shall receive a new capital contribution from Founder Loop24, LLC in the amount of $1,000,000.

(c) The Debtor will pursue its claims and causes of action against Sonder USA, Inc. and Sonder Canada and any other related parties.

(d) The Debtor will pursue its claims and causes of action to collect delinquent rental amounts from its tenants, including but not limited to Xavier Academy.

(e) The Debtor will file the necessary documents to convert the property into an office condominium. The Debtor shall take the following steps to achieve this goal:

   (i) Within thirty (30) days after the Effective Date, Debtor shall employ an attorney to prepare the necessary legal documents to establish a condominium regime. Such documents shall be filed in the real estate records of Harris County within ninety (90) days after the Effective Date.

   (ii) Within thirty (30) days after the Effective Date, Debtor shall hire a real estate attorney to draft Reservation Agreements and Purchase and Sale Agreements for sale of condominium units within the Debtor's real property.

   (iii) The Debtor shall retain Danny Nguyen to market condominium units with the Debtor's real property.

16

(iv) Debtor shall accept Reservation Agreements from prospective purchasers which shall be accompanied by a Reservation Fee equal to 1% of the proposed purchase price. Such fee would be refundable if the Condominium Sale Date (defined below) does not occur.

(v) Once the Debtor receives Reservation Agreements for sale of units with an aggregate purchase price equal to 110% of Allowed Claims, the Debtor shall schedule a closing. The closing shall occur not later than nine (9) months after the Effective Date. The closing shall be referred to as the Condominium Sale Date.

(vi) The Debtor will form a Condominium Owners' Association which will administer the common areas in the building and will be responsible for collecting assessments from the owners to pay for such costs. This association will not be created until the Condominium Sale Date.

(vii) In the event that a tenant acquires its own leased space, the lease upon such space will be canceled. If a third party acquires the space, then the lease will be assigned to the new owner.

(viii) The Debtor may continue to sell additional units after the Condominium Sale Date in the exercise of its business judgment.

(ix) In addition to the proposed condominium conversion, the Debtor shall enter into an Exclusive Sales Listing Agreement with CBRE, Inc. to sell the real property. Any such sale shall close not later than nine months after the Effective Date. The deadline for such sale shall be known as the Real Estate Sale Date.

## ARTICLE IX
### ACCEPTANCE OR REJECTION OF PLAN; EFFECT OF REJECTION BY ONE OR MORE CLASSES OF CLAIMS OR EQUITY INTERESTS

9.01 **Classes Entitled to Vote**. Each impaired class of Claims or Equity Interests shall be entitled to vote separately to accept or reject this Plan. Any unimpaired class of Claims shall not be entitled to vote to accept or reject this Plan.

9.02 **Class Acceptance Requirement.** A class of Claims shall have accepted this Plan if it is accepted by at least two-thirds (2/3) in amount and more than one-half (½) in number of the Allowed Claims of such class that have timely and properly voted on this Plan.

9.03 **One Vote Per Holder**. If a holder of a Claim holds more than one Claim in any one class, all Claims of such holder in such class shall be aggregated and deemed to be one Claim for purposes of determining the number of Claims voting on this Plan.

9.04 **Cramdown**. Notwithstanding the rejection of this Plan by any class of Claims or Equity Interests, the Debtor may request that the Bankruptcy Court confirm this Plan in accordance with 11 U.S.C. § 1129(b).

# ARTICLE X
## EFFECT OF CONFIRMATION

10.01  **Discharge.**  Pursuant to 11 U.S.C. §§ 524 and 1141(d), the Debtor shall be discharged from its debts, obligations and liabilities arising prior to the Effective Date except as provided by this Plan this exception from discharge includes but is not limited to all obligations and the treatment of Claims and Allowed Claims provided for in the Plan.

10.02  **Status of Property of the Estate After Confirmation.**  All property of the Debtor shall vest in the Reorganized Debtor.

10.03  **Binding Nature of Plan.**  Pursuant to 11 U.S.C. § 1141, the provisions of the confirmed Plan shall bind the Debtor and its Creditors and the holders of its Equity Interests existing as of the Effective Date, whether or not the Claim or Equity Interest is impaired under the Plan and whether or not such Creditor or Equity Interest Holder has accepted the Plan.  The distributions provided for Claimants shall not be subject to any Claim by another creditor or interest holder by reason of any assertion of a contractual right of subordination.

10.04  **Permanent Injunction.**  *Confirmation of the Plan shall result in the issuance of a permanent injunction against the commencement or continuation of any judicial, administrative, or other action or proceeding on account of any Claims against the Debtor that arose prior to the Confirmation Date, unless such action is authorized by this Plan or 11 U.S.C. § 1141 or arises as a result of the Debtor's default of any of its obligations under this Plan.*

# ARTICLE XI
## PROVISIONS GOVERNING DISTRIBUTIONS

11.01  **Payment/Delivery Agents**.  The Debtor/Reorganized Debtor shall make all distributions and deliveries required to be made by it under this Plan.

11.02  **Date of Distributions**.  Distributions by the Debtor/Reorganized Debtor shall be made on the Effective Date, or any other payment or delivery date set forth in this Plan.

11.03  **Cash Payment.**  Cash payments made pursuant to this Plan shall be in U.S. funds, by check drawn on a domestic bank.

11.04  **Delivery of Distributions.**  Distributions to holders of Allowed Claims shall be made at the addresses set forth on the proofs of claim or proofs of interest filed by such holders (or at the last known addresses of such holders if no proof of claim is filed or if the Debtor has been notified of a change of address).  If any holder's distribution is returned as undeliverable, or is not sent because no address is available, no further distributions to such holder shall be made unless and until the Debtor is notified of such holder's then current address on or within 90 days from the date such distribution is made, at which time all missed distributions shall be made to such holder.  All claims for undeliverable distributions must be made on or before 180 days from the Effective Date (the "Distribution Bar Date").  After such Distribution Bar Date, all unclaimed

distributions shall be paid to the U.S. Bankruptcy Clerk as "unclaimed funds." The claim of any holder with respect to such property, or the claims of any state under its unclaimed property laws with respect to such property (which state shall not be deemed a holder of a Claim under such laws for purposes of this Plan), shall be discharged and forever barred.

11.05 **Time Bar to Cash Payments.** Checks issued by the Debtor shall be null and void if not cashed within ninety (90) days of the date of issuance thereof. Requests for reissuance of any check shall be made directly to the Debtor by the holder of the Allowed Claim with respect to which such check was originally issued. Any claim in respect of such avoided check shall be made on or before the entry of a Final Decree. After the entry of the Final Decree, all unclaimed disbursements shall be distributed to the U.S. Bankruptcy Clerk as "unclaimed funds."

11.06 **Effect of Pre-Confirmation Distributions.** Nothing in this Plan shall be deemed to entitle the holder of a Claim that received, prior to the Effective Date, full or partial payment of such holder's Claim, by way of settlement or otherwise, pursuant to an order of the Bankruptcy Court, provision of the Bankruptcy Code, or other means, to receive a duplicate payment in full or in part pursuant to this Plan; and all such full or partial payments shall be deemed to be payments made under this Plan for purposes of satisfying the obligations of the Reorganized Debtor hereunder.

11.07 **Prepayment.** Unless this Plan otherwise provides, the Debtor shall have the right to prepay, without penalty, all or any portion of an Allowed Claim at any time.

## ARTICLE XII
## POST-CONFIRMATION PROCEDURE

12.01 **Conditions Precedent to Effectiveness.** The Plan shall not be deemed effective until and unless a Confirmation Order satisfactory to the Debtor in form and substance has been entered and the Effective Date has occurred.

12.02 **Compliance with All Applicable Laws.** Except as otherwise provided in this Plan, the Debtor shall comply with any applicable law, rule, regulation, or order of a governmental authority relating to their businesses; provided that nothing contained herein shall require such compliance by the Debtor if any such law, rule, regulation, or order is preempted by the Bankruptcy Code or if the legality or applicability of any such law, rule, regulation, or order is being contested in good faith in appropriate proceedings by the Debtor, and, where appropriate, for which an adequate reserve has been set aside on the books of the Debtor.

12.03 **U.S. Trustee Matters.**

12.03.01 **Fees.** The Debtor shall continue to pay fees under 28 U.S.C. Sec. 1930 until the case is closed, converted or dismissed.

12.03.02 **Reports.** The Debtor shall file post-confirmation reports in the form prescribed by the United States Trustee until the case is closed, converted or dismissed.

12.04   **Application for Final Decree.**  The Debtor shall file an application for final decree as soon as is practicable but not later than six (6) months after the Effective Date.  If the Plan cannot be substantially consummated as that term is defined in 11 U.S.C. § 1101(2) during this time period or if there are still pending matters to be ruled upon by the Court, the Debtor shall seek an extension of such deadline from the Court.  If the Debtor fails to file an Application for Final Decree prior to such deadline or fails to timely request an extension of the same, then the Court, on its own motion or at the request of any party in interest, including the United States Trustee, may enter an order closing the Debtors' cases.

**ARTICLE XIII**
**MODIFICATION OF PLAN**

13.01   In accordance with 11 U.S.C. § 1127 and Fed R. Bankr. P. 3019, to the extent applicable, the Debtor may agree to modify or amend the Plan prior to the Confirmation Date, provided that notice and an opportunity for hearing are given to any affected party and the Court finds that the proposed modification or correction does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted the modification in writing.

13.02   If the Court shall find that any severable portion of this Plan shall cause the Plan to be unconfirmable, the Debtor reserves the right to modify the Plan to delete such provision.

13.03   Pursuant to 11 U.S.C. § 1127 (b), the Debtor may agree to modify the Plan any time after confirmation and before substantial consummation as long as the modification complies with the requirements of 11 U.S.C. §§ 1122 and 1123.  The Plan as modified will become the Plan if, after notice and hearing, the Court finds that circumstances warrant such modification and confirms the Plan as modified.

**ARTICLE XIV**
**RETENTION OF JURISDICTION**

Notwithstanding confirmation of the Plan or the Effective Date having occurred, the Court will retain jurisdiction for the following purposes:

14.01   **Allowance of Claims**.  To hear and determine the allowability of all claims upon objections to such claims.

14.02   **Proceedings Related to Executory Contracts and Unexpired Leases.**  To act with respect to proceedings regarding the assumption of any executory contract or unexpired lease of the Debtor pursuant to 11 U.S.C. §§ 365 and 1123 of the Code and Article V of the Plan.

14.03   **Plan Interpretation.**  To resolve controversies and disputes regarding the interpretation of the Plan.

14.04 **Plan Implementation**.  To implement and enforce the provisions of the Plan and enter orders in aid of confirmation and implementation of the Plan.

14.05 **Plan Modification**.  To modify the Plan pursuant to 11 U.S.C. § 1127 and applicable Bankruptcy Rules, except that no modification shall be made to the Plan that would impair, diminish or affect in any way the rights of the participants of any of the classes of the Plan without the consent of such class.

14.06 **Adjudication of Controversies.**  To adjudicate such contested matters and adversary proceedings as may be pending or subsequently initiated in the Court against the debtor.

14.07 **Injunctive Relief**.  To issue any injunction or other relief as appropriate to implement the intent of the Plan, and to enter such further orders enforcing any injunction or other relief issued under the Plan or in the confirmation order.

14.08 **Interpleader Action**.  To entertain Interpleader actions concerning assets to be distributed or other assets of the Estate.

14.09 **Correct Minor Defects**.  To correct any defect, cure any omission or reconcile any inconsistency or ambiguity in the Plan, the conformation order or any document executed or to be executed in connection therewith, as may be necessary to carry out the purposes and intent of the Plan, provided that the rights of any holder of an allowed claim are not materially and adversely affected thereby.

14.10 **Authorization of Fees and Expense.**  To review and authorize payment of professional fees incurred prior to the effective date.

14.11 **Post-Confirmation Orders Regarding Confirmation**.  To enter and implement such orders as may be appropriate in the event the Confirmation order is, for any reason, stayed, reversed, revoked, modified, or vacated.

14.12 **Final Decree**.  To enter a final decree closing the Case pursuant to Fed. R. Bankr. P. 3022.

**ARTICLE XV**
**DEFAULT AND OTHER RELATED PROVISIONS**

15.01  In the event of a default by the Debtor under the Plan and to the extent specific provisions with respect to default under the treatment of a particular class do not conflict, creditors may exercise any rights granted to them under documents executed to evidence the Plan or any rights available to creditors under applicable non-bankruptcy contract law.  In the absence of documents executed to evidence the Plan, this Plan may be enforced as a contract. Notwithstanding any other provision, any creditor alleging a default shall give the Debtor and the Debtor written notice with an opportunity to cure within twenty-eight (28) days from the date of the notice before exercising any rights available upon default.

15.02   In the event of a default by a creditor, the Debtor may enforce this Plan as a contract in a court of competent jurisdiction.  The Debtor may escrow payments to any creditor which defaults under the Plan until the default is cured.  The Debtor shall give the creditor twenty-eight (28) days' notice and an opportunity to cure before exercising this provision.

15.03   In the event that the Debtor's case is converted to one under chapter 7, all assets will revest in the Bankruptcy Estate and be subject to administration by a chapter 7 trustee.

**ARTICLE XVI**
**MISCELLANEOUS PROVISIONS**

16.01   **Request for Relief Under 11 U.S.C. § 1129(b).**  In the event any impaired Class shall fail to accept this Plan in accordance with 11 U.S.C. § 1129(a), the Debtor reserves the right to, and does hereby request the Court confirm the Plan in accordance with 11 U.S.C. § 1129(b).

16.02   **Revocation**.  The Debtor reserves the right to revoke and withdraw this Plan at any time prior to the Confirmation Date.

16.03   **Effect of Withdrawal or Revocation**.  If the Debtor revokes or withdraws this Plan prior to the Confirmation Date or the Effective Date does not occur, then this Plan shall be deemed null and void.  In such event, nothing contained herein shall be deemed to constitute a waiver or release of any claims by or against the Debtor or any other person or to prejudice in any manner the rights of the Debtor, the Debtor or any person in any further proceedings involving the Debtor.

16.04   **Due Authorization by Creditors**.  Each and every Claimant who elects to participate in the distributions provided herein warrants that it is authorized to accept in consideration of its Claim commitments, agreements or understandings express or implied, that may defeat or modify the rights conveyed or obligations undertaken by it under this Plan.

16.05   **Entire Agreement.**  The Plan, as described herein, the Confirmation Order, and all other documents and instruments to effectuate the Plan provided for herein, constitute the entire agreement and understanding among the parties hereto relating to the subject matter hereof and supersedes all prior discussions and documents; provided, however, that the Disclosure Statement may be consulted as an aid to interpreting this Plan.

16.06   **Section 1606 Exemption.**  Pursuant to 11 U.S.C. § 1146(c), the issuance, transfer or exchange or any security under this Plan or the making or delivery of any instrument or transfer pursuant to, in implementation of or as contemplated by this Plan or the transfer of any property pursuant to this Plan shall not be taxed under any federal, state, or local law imposing a stamp, transfer or similar tax or fee.

16.07   **Governing Law**.  Unless a rule or law or procedure supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) is applicable, or a specific choice of law

provision is provided, the internal laws of the State of Texas shall govern the construction and implementation of the Plan and any agreements, documents, and instruments executed in connection with the Plan, without regard to conflicts of law.

16.08  **Post-Confirmation Noticing**.  Subsequent to the Confirmation Date, the Debtor shall not be required to give notice to any creditor whose claim has been disallowed or any creditor who has received all payments to which that creditor may be entitled under the terms of the Plan. Except for the Application for Final Decree, if a party is required to give notice in connection with a notice, pleading or application, such notice shall be deemed sufficient if it is sent to:  (a) the Debtor; (b) the Debtor; (c) the attorney for the Debtor; (d) all Secured Creditors; (e) the United States Trustee, and (f) unsecured creditors requesting notice.

16.09  **Prohibition Against Discriminatory Treatment of the Debtor.**  Pursuant to 11 U.S.C. § 525, a governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, or discriminate with respect to such a grant against, the Debtor, or another Person with whom the Debtor has been associated, solely because of the commencement, continuation, or termination of the Chapter 11 Case or because of any provision of this Plan or the legal effect of this Plan, and the Confirmation Order shall constitute an express injunction against any such discriminatory treatment by a governmental unit.

DATED:        July 29, 2024.

Respectfully submitted,

**1001 WL, LLC**

By: */s/Ali Choudhri*_____
       Ali Choudhri, Manager

**BARRON & NEWBURGER, P.C.**
7320 N. Mopac Expwy, Suite 400
Austin, Texas  78731
(512) 476-9103
(512) 476-9253 (Facsimile)

By:      /s/ Stephen W. Sather
          Stephen W. Sather
          State Bar No. 17657520
          ATTORNEY FOR DEBTOR

23