**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **1001 WL LLC**, | ) | Case No. 24-10119 |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

**OBJECTION TO JLM LAW FIRM'S SCHEDULED GENERAL UNSECURED CLAIM
WITH NOTICE THEREOF**

**This is an objection to your claim in this bankruptcy case. This objection asks the Court to disallow (eliminate), reduce, or modify your claim as set forth in this objection. If you do not file a written response to his objection within 30 days from the date of mailing of this objection, the Court may disallow (eliminate), reduce, or modify your claim as set forth in this objection, without a hearing being held.**

**Any response to this objection must explain your position and be timely filed with the United States Bankruptcy Clerk, Western District of Texas, Austin Division, Homer J. Thornberry Federal Judicial Building, 903 San Jacinto Blvd., Suite 322, Austin, TX 78701. If a timely response is filed, the Court will then set a hearing on the objection and you will be provided with notice of the date, time, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the objection to your claim.**

TIG Romspen US Master Mortgage LP, an exempted Cayman Islands limited partnership ("Romspen"), as senior secured lienholder against the single real estate asset of the estate of debtor and debtor-in-possession, 1001 WL, LLC (the "Debtor"), hereby objects to the scheduled claim asserted in favor of JLM Law Firm ("JLM").

In support of this Objection, Romspen states as follows:

## JURISDICTION

1.      This Court has jurisdiction over this matter, the parties in interest, and the properties and interests affected hereby pursuant to 28 U.S.C. § 157 and § 1334.  Venue is proper before this Court pursuant to 28 U.S.C. § 1408 and § 1409.

2.      This is a core proceeding as defined under 28 U.S.C. § 157(b)(2)(A) and (L), and this Court has the constitutional authority to enter a final ruling on this Motion.  *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011).

## RELEVANT PROCEDURAL BACKGROUND

3.      On February 6, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for protection under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")[1] as a single asset real estate ("SARE") debtor.

4.      Two weeks before the Petition Date – in an attempt to delay, hinder, and/or defraud Romspen – the Debtor acquired its sole asset (an office building in Houston and related personal property (collectively, the "Property")) from Romspen's borrower Galleria Loop Note Holder, LLC ("GLNH").  GLNH made the transfer without Romspen's knowledge or consent.

5.      Romspen promptly filed its *Motion for Relief from the Automatic Stay* [DN 5] (the "Stay Relief Motion")[2] on February 14, 2024.  On April 4, 5, & 9, 2024, the Court conducted an evidentiary hearing.  On May 6, 2024, the Court entered its *Order Modifying the Stay* [DN 151], as amended on June 21, 2024 [DN 206], modifying the stay to permit Romspen to post the Property for an August 2024 foreclosure.  Romspen has done so, and the Property is presently scheduled for a non-judicial foreclosure sale on August 6, 2024.

---

[1]      The use of sections herein shall refer to the Bankruptcy Code, except as otherwise specified.

[2]      Romspen hereby incorporates by reference the factual background set forth in the Stay Relief Motion.

6.      On May 31, the Debtor filed *Debtor's Amended Plan of Reorganization Dated May 31 2024* (the "Plan").  On June 10, 2024, the Court entered an order [DN 194] approving the *Disclosure Statement Under 11 U.S.C. § 1125 for the Debtor's Amended Plan of Reorganization Dated May 31, 2024* [DN 183; DN 188] (the "Disclosure Statement"), and on June 24, 2024, the Court entered its order [DN 212] setting the confirmation hearing on the Plan for August 2, 2024.

7.      The Debtor's Schedule D, as amended on July 28, 2024 ("Amended Schedules") [DN 309] lists an unsecured claim for JLM (the "JLM Claim") in the amount of $73,042.20.  *See* Amended Schedule D, 3.19.

8.      Ali Choudhri is a manager and the sole member of the Debtor.  Hearing T'Script April 5, 2024 at 13:4-6; Statement of Financial Affairs, at 28 [DN 8]; Disclosure Statement, VII, p. 18.   Choudhri is also the sole member and person in control of GLNH (Hearing T'Script April 5, 2024 at 113:21-25).  During his deposition as the designated representative of GLNH on July 26, 2024, Choudhri testified that Jennifer MacGeorge is among the individuals in possession, care, and/or custody of documents responsive to discovery requests served on GLNH.

9.      Indeed, Ms. MacGeorge had been involved in correspondence on behalf of GLNH on numerous occasions predating the prepetition transfer of the Property from GLNH to the Debtor, using the email address jcac@jlm-law.com.

10.      In 2022, JLM filed an Assumed Name Certificate with the Texas Secretary of State, identifying its principal place of business as 1001 West Loop South, Suite 700.  The JLM Texas Franchise Tax Public Information Report signed on January 15, 2024, lists the JLM principal office and principal place of business at 1001 West Loop Sout, Suite 700.  This is the same corporate address as GLNH.

11.     Claims are allowed unless they are subject to an objection.  11 U.S.C. § 502(a). After an objection, the Court shall determine the value of the claim as of the Petition Date and allow such claim unless it is otherwise disallowed by the Court.  *Id*. at 502(b).  One example of a disallowable claim is a claim that is not enforceable against the Debtor or property of the Debtor's estate.  *Id.* at (b)(1).

12.     The JLM Claim is not a legitimate claim against the Debtor's estate.  JLM has not established that it has performed any work or services on behalf of the Debtor – rather, JLM appears to have represented GLNH and/or other affiliates of the Debtor.  Accordingly, JLM does not have any right to payment from the Debtor or from property of the Debtor's estate.  JLM's right to recovery is against its client – GLNH and/or other affiliates of the Debtor.

WHEREFORE, Romspen respectfully requests that the Court enter an order disallowing the JLM Claim in its entirety; and granting such other and further relief as this Court deems just and appropriate.

DATED this 29th day of July, 2024.

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Kyle S. Hirsch*
Kyle S. Hirsch (Tex. Bar No. 24117262)
2200 Ross Avenue, 4200W
Dallas, Texas 75201
Telephone: 602.364.7170
Email: kyle.hirsch@bclplaw.com

Brigid K. Ndege (*Pro Hac Vice*)
161 North Clark Street, Suite 4300
Chicago, Illinois 60601-3315
Telephone: 312.602.5104
Email: brigid.ndege@bclplaw.com

*Attorneys for TIG Romspen US*
*Master Mortgage LP*

# CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2024, I directed that a true and correct copy of this document be served on any attorney who has appeared of record, through the Court's ECF notification system, as follows:

William Steven Bryant on behalf of Creditor TIG Romspen US Master Mortgage LP
sbryant@lockelord.com; jpelayo@lockelord.com

Reed Burritt on behalf of Creditor Boxer Property Management Corporation
Reed.Burritt@BoxerProperty.com

Beau Butler on behalf of Interested Party Xavier Educational Academy, LLC
bbutler@jw.com; kgradney@jw.com; steso@jw.com

Mark Junell on behalf of Creditor BDFI, LLC
mark@junellfirm.com

John C. Roy on behalf of U.S. Trustee United States Trustee - AU12
casey.roy@rsbfirm.com; gary.wright3@usdoj.gov

Stephen W. Sather on behalf of Debtor 1001 WL, LLC
ssather@bn-lawyers.com; phammer@bn-lawyers.com; cmurnane@bn-lawyers.com;
plevine@bn-lawyers.com;cchristensen@bn-lawyers.com;
BarronNewburgerPCAustin@jubileebk.net; mcalderon@bn-lawyers.com; kparsley@bn-lawyers.com

Mark Curtis Taylor on behalf of Attorney Holland & Knight LLP and Debtor 1001 WL, LLC
mark.taylor@hklaw.com; tammy.greenblum@hklaw.com; annmarie.jezisek@hklaw.com

Shane P. Tobin on behalf of U.S. Trustee United States Trustee - AU12
shane.p.tobin@usdoj.gov; Carolyn.Feinstein@usdoj.gov; gary.wright3@usdoj.gov

United States Trustee - AU12
ustpregion07.au.ecf@usdoj.gov

Broocks Wilson on behalf of Creditor Sonder USA Inc.
mack.wilson@keanmiller.com

Tara L. Grundemeier on behalf of City of Houston, Houston Comm Coll System, Houston ISD
houston_bankruptcy@lgbs.com

//

In addition, a copy was emailed to:
Ali Choudhri
ali@jetallcompanies.com; ali@jetallcapital.com

Shea Palavan, counsel appearing for Galleria Loop Note Holder, LLC
shea@houstonip.com

Pursuant to Fed. R. Bankr. P. 3007, a copy is being mailed by US First Class Mail on July 29, 2024:

Claimant:
JLM Law Firm
2921 E. 17th Street Bldg. D Site 6
Austin, TX 78702

Debtor and Debtor-in-Possession:
1001 WL, LLC
2450 Wickersham Lane, Suite 202
Austin, TX 78741

/s/ Kyle S. Hirsch
Kyle S. Hirsch