# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| 1001 WL, LLC | § | Case No. 24-10119 |
| Debtor | § | |
| | § | |
| | § | |

### MOTION TO APPROVE SETTLEMENT AGREEMENT BETWEEN THE DEBTOR, GALLERIA LOOP NOTE HOLDER, AND XAVIER EDUCATIONAL ACADEMY, LLC

TO THE HONORABLE JUDGE OF SAID COURT:

1001 WL, LLC files this Motion to Compromise and Settle and would show as follows.

1. The Debtor and/or Galleria Loop Note Holder, LLC and Xavier Educational Academy, LLC were parties to various lease agreements with respect to the third and fifth floor of 1001 West Loop South, Houston, TX 77027.

2. The parties ran into difficulty when Xavier requested reimbursement for tenant improvements in the amount of approximately $715,000.

3. The parties sought to resolve their disputes through a series of agreements in June 2022 but disagreed as to performance of the new agreements or even whether the new agreements came into effect.

4. Xavier filed Proof of Claim No. in the amount of $715,659.50. Debtor objected to the claim (ECF No. 259).

5. In May 2024, the Debtor sought to lock out Xavier Academy from its space on the fifth floor of the building for nonpayment of rent. Xavier disputed that it was delinquent in its rental payments.

6. Xavier responded by filing Adv. No. 24-1030, which sought a temporary restraining order allowing it to access the premises. The Court granted the TRO and Xavier posted a bond in the amount of $26,936.25. The Debtor filed counterclaims against Xavier.

7. On June 20, 2024, the parties mediated with Sylvia Mayer. The mediation was not successful.

8. In connection with Debtor's Amended Plan of Reorganization dated May 31, 2024, Xavier submitted a ballot rejecting Debtor's Amended Plan and filed a Motion to Convert Case (ECF No. 244), an Objection to Confirmation (ECF No. 291), and a Motion to Estimate Claims for Purposes of Voting (ECF No. 320).

9. On July 31, 2024, the parties met for a deposition. Instead of proceeding with the deposition, the parties negotiated the terms of a global settlement, which is reflected in a July 31, 2024 Term Sheet for Agreed Order and Stipulation, a copy of which is attached as Exhibit A.

10. The main terms of the agreement are:

    a. Xavier will pay $105,000 to the Debtor, which will include the funds deposited as a bond in Adv. No. 24-1030;

    b. If Debtor's plan is not confirmed, Xavier will pay an additional $200,000 over five years;

    c. Xavier will pay $25,000 to Galleria Loop Note Holder;

    d. Xavier will withdraw its pleadings objecting to Debtor's plan as detailed in para. 8 and will withdraw its proof of claim;

    e. The parties will dismiss Adv. No. 24-1030;

    f. Xavier will release the Debtor and GLNH;

  g.  Debtor and GLNH will release Xavier but only if the Court does not proceed with a motion to convert;

  h.  Xavier will prepare a statement with respect to the party's relationship; and

  i.  Xavier will appear and testify at the Confirmation Hearing.

11. The summary is provided for purposes of convenience and is not intended to alter the terms of the July 31, 2024 Term Sheet for Agreed Order and Stipulation.

## GROUNDS FOR RELIEF

12. Motions to compromise and settle are authorized by Fed. R. Bankr. P. 9019(a). Bankruptcy settlements "are a normal part of the process of reorganization" and are desirable and wise methods of bringing to a close proceedings otherwise lengthy, complicated and costly. *River City v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602 (5th Cir. 1980).

13. The Bankruptcy Court has wide discretion to determine whether a proposed compromise should be approved. In a ruling on the propriety of the compromise, the Court should determine whether the settlement is in the best interest of the bankruptcy estate. *In re Aweco, Inc.*, 725 F.2d 293 (5th Cir. 1984). Bankruptcy settlements "are a normal part of the process of reorganization" and are desirable and wise methods of bringing to a close proceedings otherwise lengthy, complicated and costly. *River City v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602 (5th Cir. 1980).

14. Courts in this Circuit have been instructed to consider the following factors in determining whether to approve a proposed settlement:

  a.  the probability of success in the litigation, with due consideration of the uncertainty of facts and law;

  b. the complexity and likely duration of the litigation and any expense, inconvenience and delay and possible problems collecting a judgment;

  c. the interest of the creditors and proper deference to their reasonable views; and

  d. the extent to which settlement is truly the product of arms-length negotiations.

*See In re Cajun Electric Power Coop, Inc.*, 119 F.3d 349, 355-56 (5th Cir. 1997).

15. The proposed settlement in this case meets the requirements for approval of a compromise and settlement for the following reasons:

  a. The agreement will resolve years of disputes between the parties;

  b. The settlement will bring $105,000 into the estate;

  c. While the Debtor sought more funds from Xavier, it considered the risks and costs of litigation and the ability of Xavier to pay a judgment;

  d. The agreement increases the Debtor's ability to confirm a plan.

Respectfully submitted,

**BARRON & NEWBURGER, P.C.**
7320 N. MoPac Expressway., Suite 400
Austin, Texas 78731
(512) 476-9103
(512) 279-0310 (Facsimile)
ssather@bn-lawyers.com

By: /s/*Stephen W. Sather*____
  Stephen W. Sather
  State Bar No. 17657520
  **ATTORNEY FOR DEBTOR**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on August 16, 2024, a true and correct copy of the above and foregoing *Motion to Compromise and Settle* was served upon the parties on the attached Matrix by United States Mail, first class, postage prepaid, or by electronic transmission through the Court's ECF noticing system to those parties-in-interest registered to receive such service.

                          */s/ Stephen Sather*
                          Stephen Sather

```
Label Matrix for local noticing        1001 WL, LLC                          U.S. BANKRUPTCY COURT
0542-1                                  2450 Wickersham Lane, Suite 202       903 SAN JACINTO, SUITE 322
Case 24-10119-smr                       Austin, TX 78741-4744                 AUSTIN, TX 78701-2450
Western District of Texas
Austin
Mon Jun 24 13:41:54 CDT 2024

ABC Home & Commercial                   Ali Choudhri                          Ali Choudhri
Services                                1001 West Loop S Ste 700              2425 West Loop St., 11th Flr.
11934 Barker Cypress Road               Houston, TX 77027-9033                Houston, TX 77027
Cypress, TX 77433-1802


Ameritrex Imaging & Services            BDFI, LLC                             BDFI, LLC
PO Box 841511                           1001 West Loop S Ste 700              2425 West Loop South, Suite 1100
Houston, TX 77284-1511                  Houston, TX 77027-9033                Houston, TX 77027-4210


BDFI, LLC                               Baker Botts, LLP                      Boxer Property Management
c/o Mark A. Junell                      98 San Jacinto Suite 1500             Corporation
The Junell Law Firm, PC                 Austin, TX 78701-4297                 7324 SW Freeway Suite 1900
746 Country Lane                                                              Houston, TX 77074-2057
Houston, TX 77024-5508


Boxer Property Management Corporation   CFI Mechanical, Inc.                  Capital Premium Financing
7324 Southwest Freeway                  6109 Brittmoore Rd                    PO Box 667180
Suite 1900                              Houston, TX 77041-5610                Dallas, TX 75266-7180
Houston, TX 77074-2057


Chaudhri, Ali                           Cirro                                 City of Houston Water
2425 West Loop South Suite 1100         PO Box 2229                           PO Box 1560
Houston, TX 77027-4210                  Houston, TX 77252-2229                Houston, TX 77251-1560


Cleaning Advanced Systems, LLC          Cleaning Advances Service             Comcast
Pavlock Law Firm, PLLC                  110 Cypress Station Suite 111         9602 S 300 W Suite B
6345 Garth Road 110-122                 Houston, TX 77090-1626                Sandy, UT 84070-3336
Baytown, TX 77521-5625


Datawatch Systems                       Drew Dennett                          Environmental Coalition Inc.
4520 East West Highway 200              2450 Wickersham Lane, Suite 202       Po Box 1568
Bethesda, MD 20814-3382                 Austin, TX 78741-4744                 Stafford, TX 77497-1568


FirePro Tech                            FireTron Life Safety Solutions        Fluid Meter Sales & Service,
6830 N Eldridge Pkwy Suite 110          PO Box 1604                           Inc.
Houston, TX 77041-2635                  Stafford, TX 77497-1604               1303 Steele Drive
                                                                              Friendswood, TX 77546-2018


GFS Industries                          Galleria Note Holder, LLC             Harcon Mechanical
24165 IH 10 W Suite 217                 c/o James Pope                        Contractors
San Antonio, TX 78257-1160              6161 Savoy Drive Suite 1125           9009 W Little York
                                        Houston, TX 77036-3343                Houston, TX 77040-4113
```

| | | |
|---|---|---|
| Harris County Tax Assessor<br>PO Box Box 77210-4633 | JLM Law Firm<br>2921 E 17th Street Bldg D Suite 6<br>Austin, TX 78702-1595 | Jetall Companies<br>1001 W Loop S Suite 700<br>Houston, TX 77027-9033 |
| Jetall Companies, Inc.<br>2425 West Loop South Suite 1100<br>Houston, TX 77027-4210 | Kings 111<br>751 Canyon Drive Suite 100<br>Coppell, TX 75019-3857 | Lloyd E Kelly<br>2726 Bissonnet Suite 240<br>Houston, TX 77005-1352 |
| Mark C. Taylor, Special Litigation Counsel<br>Holland & Knight LLP<br>100 Congress Avenue, Suite 1800<br>Austin, Texas 78701-4042 | Meyerland Glass Company<br>12922 Murphy Road<br>Stafford, TX 77477-3904 | Morsco Supply, LLC<br>6867 Wynwood Lane<br>Houston, TX 77008-5023 |
| Mueller<br>1500 Sherwood Forest Drive<br>Houston, TX 77043-3899 | Nationside Investigations &<br>Security<br>2425 W Loop S Suite 300<br>Houston, TX 77027-4207 | Pieper Houston Electric, LP<br>1708 Oak Tree<br>Houston, TX 77080-7240 |
| Rapp Krock<br>1980 Post Oak Blvd Suite 1200<br>Houston, TX 77056-3970 | Ringcentral<br>PO Box 734232<br>Dallas, TX 75373-4232 | Sonder USA Inc.<br>c/o Kean Miller LLP<br>711 Louisiana Street, Suite 1800<br>Houston, Texas 77002-2832 |
| Sonder USA, Inc.<br>c/o Brooks Wilson<br>Kean Miller<br>711 Louisiana Street Suite 1800<br>Houston, TX 77002-2832 | T&R Mechanical<br>21710 White Oak Drive<br>Conroe, TX 77306-8848 | TIG Romspen US Master Mortgage LP<br>c/o Bryan Cave Leighton Paisner LLP<br>Attn: Kyle S. Hirsch<br>2200 Ross Avenue, 4200W<br>Dallas, TX 75201-2763 |
| TIG Romspen US Master Mortgage LP<br>c/o Locke Lord LLP<br>Attn: W. Steven Bryant<br>300 Colorado Street, Ste. 2100<br>Austin, Texas 78701-4890 | TIG Romspen US Master Mortgage, LP<br>162 Cumberland Street Suite 300<br>Toronto, Ontario M5R 3N5 | TKE<br>3100 Interstate North Cir SE Ste. 500<br>Atlanta, GA 30339-2296 |
| The Hanover Insurance Group<br>(GL & Prop)<br>PO Box 580045<br>Charlotte, NC 28258-0045 | United States Trustee - AU12<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 | Wate Management<br>PO Box 660345<br>Dallas, TX 75266-0345 |
| Xavier Educational Academy, LLC<br>c/o Beau H. Butler<br>1401 McKinney St 1900<br>Houston Tx 77010-4037 | Xavier Educational Academy, LLC<br>c/o Genevieve M. Graham<br>1401 McKinney St 1900<br>Houston Tx 77010-4037 | Zindler Service Co<br>2450 Fondren Suite 113<br>Houston, TX 77063-2314 |
| Mark Curtis Taylor<br>Holland & Knight<br>100 Congress Ave<br>Suite 1800<br>Austin, TX 78701-4042 | Stephen W. Sather<br>Barron & Newburger, PC<br>7320 N MoPac Expy, Suite 400<br>Austin, TX 78731-2347 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)1001 WL, LLC                      (u)See Attached                    End of Label Matrix
2450 Wickersham Ln                                                      Mailable recipients   58
Suite 202                                                               Bypassed recipients    2
Austin, TX 78741-4744                                                   Total                 60
```

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| 1001 WL, LLC, | § § | CASE NO. 24-10119-smr |
| Debtor. | § § § | Chapter 11 |

**JULY 31, 2024 TERM SHEET**
**FOR AGREED ORDER AND STIPULATION**

This Term Sheet for Agreed Order and Stipulation (the "Term Sheet") is made and entered into on July 31, 2024 by and between Xavier Educational Academy LLC ("Xavier Academy") and 1001 WL, LLC ("1001 WL" and the "Debtor") and Galleria Loop Note Holder, LLC ("GLNH") in order to fully resolve any and all disputes between them.

1. **Agreed Order and Stipulation.** The Parties agree that this Term Sheet is meant to memorialize the agreement between the Parties for further memorialization in a fully executed agreed order and stipulation with like terms (the "Agreed Order and Stipulation") to be submitted for approval before the Bankruptcy Court. The Parties agree to reasonably and in good faith work together to effectuate the agreement contemplated herein through the Agreed Order and Stipulation. The Agreed Order and Stipulation shall be drafted, executed, and filed within seven days of the Effective Date of this Term Sheet.

    1.1. The Parties agree to cooperate to ensure the Agreed Order and Stipulation receives approval from the Bankruptcy Court.

    1.2. Should the Agreed Order and Stipulation be denied, the Parties agree to cooperate in good faith to address any reasons for denial, except to the extent said reason includes inadequacy of payment by Xavier Academy.

    1.3. Should the Parties be unable to effectuate the Agreed Order and Stipulation, this Term Sheet will continue to be binding and will otherwise be enforceable under law and in equity.

2. **Xavier Academy.** Xavier Academy, in consideration of the agreements and covenants herein, agrees to perform as follows:

    2.1. Xavier Academy will forfeit the cash deposited in the registry of the court to 1001 WL's favor within fourteen days of the Bankruptcy Court signing the Agreed Order and Stipulation.

    2.2. Xavier Academy will pay 1001 WL the remaining funds required so that 1001 WL's total compensation as a result of the forfeited cash deposit and the additional cash payment equal $105,000 within fourteen days of the Bankruptcy Court signing

the Agreed Order and Stipulation. **In no event shall 1001 WL's total compensation exceed this amount.**

2.3. Xavier Academy will pay GLNH $25,000.00 within fourteen days of the Bankruptcy Court signing the Agreed Order and Stipulation. **In no event shall GNLH's total compensation exceed this amount.**

2.4. Notwithstanding the forgoing, should 1001 WL fail to have any debtor-in-possession plan confirmed by the Bankruptcy Court, Xavier Academy agrees to compensate 1001 WL $200,000 over five years beginning on the date the Bankruptcy Case is dismissed.

2.5. Xavier Academy agrees to produce to 1001 WL any unprivileged communications related to 1001 WL, the Premises, Choudhri, Jetall and GLNH, including any communications with TIG Romspen US Master Mortgage LP and its attorneys. Xavier Academy will provide the communications with TIG Romspen US Master Mortgage LP and its attorneys no later than 12:00 p.m. CST August 1, 2024.

2.6. Upon execution of this Term Sheet, Xavier Academy will agree not to prosecute its: (1) Motion to Convert; (2) Motion to Estimate Xavier Academy's Claim; (3) Xavier's Objection to Confirmation; and (4) Xavier Academy's Limited Cash Collateral Objection. Xavier Academy will inform the Bankruptcy Court of its intent to withdraw all hearings and motions pending approval of the Agreed Order and Stipulation. Notwithstanding this provision, any releases by Debtor and GLNH in favor of Xavier Academy contained herein are contingent on the Motion to Convert not going forward, except due to any action by the Bankruptcy Court.

2.7. Xavier Academy agrees to withdraw its: (1) Motion to Convert; (2) Motion to Estimate Xavier Academy's Claim; (3) Xavier's Objection to Confirmation; (4) Xavier Academy's Limited Cash Collateral Objection; and (5) Xavier Academy's rejecting ballot, after the Bankruptcy Court signs the Agreed Order and Stipulation.

2.8. Upon entry of the Agreed Order and Stipulation, Xavier will issue and sign a statement drafted by the Debtor, Choudhri, Jetall and GLNH that they have had a good relationship from the inception of their leases and no significant or material issues other than the failure to fund tenant improvements, and the Parties have resolved their differences and that all issues complained of by Xavier Academy arose from the failure by TIG Romspen US Master Mortgage LP to fund tenant improvement reimbursements requested by Xavier Academy.

2.9. For and in consideration of the execution of this Term Sheet, Xavier Academy (including its representatives and affiliates) agrees to and hereby releases, acquits, and forever discharges 1001 WL (including its representatives and affiliates) from all claims, causes of action, losses, costs and expenses, obligations, liabilities, injuries, damages and demands of any kind, whether known or unknown, asserted or unasserted, whether arising in equity, under common law, state or federal statute, contract, or by any other authority, including, negligence, vicarious liability,

intentional torts, or any other statute, that in any way, directly or indirectly, relates to, is based upon, or arises out of the acts, errors, or omissions set forth in the Bankruptcy Case or Adversary Proceeding, and/or any and all allegations or claims made or that could be made in the Bankruptcy Case or Adversary Proceeding, with the exception of claims and causes of action that may be brought in connection with enforcing the terms and conditions of this Term Sheet.

2.10. For and in consideration of the execution of this Term Sheet, Xavier Academy (including its representatives and affiliates) agrees to and hereby releases, acquits, and forever discharges GLNH (including its representatives and affiliates) from all claims, causes of action, losses, costs and expenses, obligations, liabilities, injuries, damages and demands of any kind, whether known or unknown, asserted or unasserted, whether arising in equity, under common law, state or federal statute, contract, or by any other authority, including, negligence, vicarious liability, intentional torts, or any other statute, that in any way, directly or indirectly, relates to, is based upon, or arises out of the acts, errors, or omissions set forth in the Bankruptcy Case or Adversary Proceeding, and/or any and all allegations or claims made or that could be made in the Bankruptcy Case or Adversary Proceeding, with the exception of claims and causes of action that may be brought in connection with enforcing the terms and conditions of this Term Sheet.

2.11. Xavier Academy agrees to appear and testify at the Confirmation Hearing.

2.12. Xavier Academy will file a response in support the Motion for Continuance, filed at Docket No. 334, and passing foreclosure sale.

3. **1001 WL and GLNH (and any representatives and affiliates).** 1001 WL and GLNH, (and any of their representatives and affiliates), in consideration of the agreements and covenants herein, agree to the following:

3.1. 1001 WL will amend its proposed plan of reorganization to withdraw, delete, or otherwise remove any reference, intention, desire, or plan to attempt to collect any sums from Xavier Academy, besides those contained within this Term Sheet and the corresponding Agreed Order and Stipulation

3.2. 1001 WL will withdraw, delete, or otherwise remove any reference, intention, desire, or plan to attempt to assume or enforce any lease agreement between 1001 WL or GLNH and Xavier Academy.

3.3. For and in consideration of the execution of this Term Sheet, 1001 WL (including its representatives and affiliates) agrees to and hereby releases, acquits, and forever discharges Xavier Academy (including its representatives and affiliates) from all claims, causes of action, losses, costs and expenses, obligations, liabilities, injuries, damages and demands of any kind, whether known or unknown, asserted or unasserted, whether arising in equity, under common law, state or federal statute, contract, or by any other authority, including, negligence, vicarious liability, intentional torts, or any other statute, that in any way, directly or indirectly, relates

to, is based upon, or arises out of the acts, errors, or omissions set forth in the Bankruptcy Case or Adversary Proceeding, and/or any and all allegations or claims made or that could be made in the Bankruptcy Case or Adversary Proceeding, with the exception of claims and causes of action that may be brought in connection with enforcing the terms and conditions of this Term Sheet.

3.4. For and in consideration of the execution of this Term Sheet, GLNH (including its representatives and affiliates) agrees to and hereby releases, acquits, and forever discharges Xavier Academy (including its representatives and affiliates) from all claims, causes of action, losses, costs and expenses, obligations, liabilities, injuries, damages and demands of any kind, whether known or unknown, asserted or unasserted, whether arising in equity, under common law, state or federal statute, contract, or by any other authority, including, negligence, vicarious liability, intentional torts, or any other statute, that in any way, directly or indirectly, relates to, is based upon, or arises out of the acts, errors, or omissions set forth in the Bankruptcy Case or Adversary Proceeding, and/or any and all allegations or claims made or that could be made in the Bankruptcy Case or Adversary Proceeding, with the exception of claims and causes of action that may be brought in connection with enforcing the terms and conditions of this Term Sheet.

4. **Non-disparagement Clause**. The Parties jointly agree to enter into a mutual non-disparagement clause between the Parties as part of the Term Sheet.

5. **Severability.** If any provision of this Term Sheet is determined to be against public policy, invalid, illegal, or unenforceable, the remaining provisions of this Agreement shall remain in full force and effect. To the extent permitted by law, the Parties hereby waive any provisions of law that render any provision of this Term Sheet prohibited or unreasonable in any respect.

6. **No Reliance.** The Parties acknowledge that they have not relied on, and are not relying on, any prior oral or written communications, agreements, promises, statements, inducements, understandings, or representations by any Party in entering into this Term Sheet, and the Parties expressly disclaim any reliance on any prior oral or written agreements, promises, inducements, understandings, or representations in entering into this agreement. Therefore, the Parties understand that they are precluded from bringing any fraud or similar claim against each other associated with any such communications, agreements, promises, statements, inducements, understandings, or representations and the execution of this Term Sheet. The Parties are entering into this Term Sheet based on their own judgment and the Parties clearly and unequivocally disclaim reliance on any and all representations not stated herein.

7. **Negotiation.** The Parties warrant and expressly state they have reviewed each provision of this Term Sheet, and either did or had the opportunity to, negotiate each clause of this Term Sheet. The Term Sheet, as executed herein, is considered as having been negotiated by both parties, and no presumption shall rise against either party regarding its drafting.

8. **Opportunity for Counsel.** The Parties represent they either had, or had the opportunity to have, counsel review this Term Sheet before entering into it.

9. **Parties Bound.** This Term Sheet shall be binding upon and shall inure to the benefit of the Parties hereto and their respective affiliates, successors, and assigns.

10. **Attorneys' Fees and Expenses for Breach of Term Sheet.** The Parties agree that if it becomes necessary to assert any claim to enforce or defend the provisions of this Term Sheet, or if it becomes necessary to file or defend suit for any reason related to this Term Sheet, the prevailing Party shall be entitled to recover reasonable attorneys' fees and other related litigation expenses from the non-prevailing Party.

11. **No Oral Modification.** No amendment, modification, waiver, or consent with respect to, any provision of any of this Term Sheet shall be effective unless the same shall be in writing and signed by the Party or Parties hereto against whom enforcement of the amendment, modification, waiver or consent is sought.

12. **No Assignment of Claims.** Each Party represents and warrants that it has not assigned to any other person or entity any interest in its respective claims, rights, demands, and causes of action which it is hereby releasing, but instead are the owner, free and clear, of the released claims, rights, demands, and causes of action.

13. **Authority to Enter Into Term Sheet.** The Parties represent and warrant that they have the power and authority to enter into this Term Sheet, or are currently in the process of attaining said power and authority. Debtor will seek any necessary approval from the Bankruptcy Court pursuant to Rule 9019 of the Bankruptcy Rules of Procedure and/or pursuant to 11 U.S.C. Section 1123(b)(3).

**THE BANKRUPTCY COURT SHALL RETAIN EXCLUSIVE JURISDICTION WITH RESPECT TO ALL MATTERS ARISING FROM OR RELATED TO THE IMPLEMENTATION, INTERPRETATION, AND ENFORCEMENT OF THIS TERM SHEET AND THE AGREED ORDER AND STIPULATION.**

-signature page follows-

IN WITNESS WHEREOF, the parties have executed this Term Sheet as of the dates of their respective acknowledgements, to be effective as of the date last signed by any of the Parties (the "Effective Date").

_____
1001 WL, LLC

Ali Choudhri
PRINTED NAME

provided
TITLE

7.31.24
DATE

_____
Xavier Educational Academy, LLC

Richard De La Cuadra
PRINTED NAME

Principal
TITLE

7-31-24
DATE

_____
Galleria Loop Note Holder, LLC

Ali Choudh
PRINTED NAME

prol
TITLE

7-31-24
DATE