**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| 1001 WL LLC, | ) | Case No. 24-10119 |
| | ) | |
| Debtor | ) | Chapter 11 |
| | ) | |
| | ) | |

**MOTION TO RECONSIDER AND VACATE ORDER SUSTAINING OBJECTION TO BDFI, LLC'S SCHEDULED SECURED CLAIM**

To the Honorable Judge in the aforementioned action:

BDFI, LLC, hereinafter referred to as "Creditor", files this its Motion to Reconsider and Vacate Order Sustaining Objection to BDFI, LLC's Scheduled Secured Claim, and in support thereof would show the Court as follows:

1. On August 29, 2024, this Court entered an Order sustaining an objection to the Creditor's scheduled secured claim, as scheduled by the Debtor without having an actual Proof of Claim on file by the Creditor.

2. Creditor did not prepare or file the Debtor's schedules, did not file a Proof of Claim in this case, and did not have an opportunity to present proof of its claim to this Court.

3. Creditor's claim, as scheduled by the Debtor, was disallowed by default, which deprived the Creditor of due process.

4. The Federal Rules of Bankruptcy Procedure 3008, 11 U.S.C. Section 502(j), and Federal Rule of Civil Procedure 60.

5. Creditor is also asking the court to invoke its equitable powers pursuant to 11 U.S.C. §105, and allow Creditor an opportunity to file its claim, and defend against the disallowance of its claim.

**F.R.B.P 3008**

6. The Federal Rules of Bankruptcy Procedure provides that a "party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order."

**11 USC §502(j)**

7. Pursuant to 11 USC §502(j), a "claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case."

**F.R.Civ.P 60(b)(1) (incorporated by Bankruptcy Rule 9024)**

8. F.R.Civ.P 60(b) "is a remedial provision intended to prevent injustice by allowing parties their day in court". (Greater Baton Rouge Golf Ass'n v. Recreation Park Comm'n for Parish of E. Baton Rouge, 507 F.2d 227, 228 (5th Cir. 1975)) and F.R.Civ.P 60(b)(1) provides that the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. Here, the Debtor scheduled the Creditor's debt, TIG Romspen US Master Mortgage LP ("Romspen") filed an objection to the Creditor's claim as scheduled by the Debtor, but the Creditor did not file a Proof of Claim, and the disallowance of the Creditor's claim was entered by default.

9. Creditor mistakenly believed the objection to its claim would be denied, considering Creditor has not filed a Proof of Claim. Creditor inadvertently failed to retain counsel before entry of the Order disallowing its claim.

**F.R.Civ.P 60(b)(6) (incorporated by Bankruptcy Rule 9024)**

10. F.R.Civ.P 60(b)(6) provides that the court may relieve a party or its legal representative from a final judgment, order or proceeding for any other reason that justifies relief.

11. F.R.Civ.P 60(b)(6) is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses contained within F.R.Civ.P 60(b). Balentine v. Thaler, 626 F.3d 842, 846 (5th Cir. 2010), cert. denied, 564 U.S. 1006 (2011) (quoting Batts v. Tow-Motor Forklife Co., 66 F.3d 743, 747 (5th Cir. 1995)); see Guevara v. Davis, 679 F. App'x 332, 334 (5th Cir.), cert. denied, 138 S. Ct. 554 (2017); Boissier v. Katsur, 676 F. App'x 260, 264 (5th Cir. 2017).

12. F.R.Civ.P 60(b) "is to be construed liberally to do substantial justice . . . [it] is broadly phrased and many of the itemized grounds are overlapping, freeing Courts to do justice in hard cases"."Frew, 780 F.3d at 327 (quoting Johnson Waste Materials v. Marshall, 611 F.2d 593, 600 (5th Cir. 1980)).

For these reasons, Movant asks that the court reconsider and vacate the Order Sustaining the Objection to BDFI, LLC's Scheduled Secured Claim entered on August 29, 2024, and for any other relief that this court deems equitable and just.

Dated: September 12, 2024

Respectfully Submitted,

/s/James Q. Pope
James Q. Pope
TBN 24048738
The Pope Law Firm
6161 Savoy, Suite 1125
Houston, Texas 77036
Phone: 713.449.4481
Fax: 281.657.9693
Email: jamesp@thepopelawfirm.com

**Certificate of Service**

I hereby certify that a true and correct copy of the above styled motion has been served on interested parties by electronic delivery on September 12, 2024.

William Steven Bryant on behalf of Creditor TIG Romspen US Master Mortgage LP
sbryant@lockelord.com; jpelayo@lockelord.com

Reed Burritt on behalf of Creditor Boxer Property Management Corporation
Reed.Burritt@BoxerProperty.com

Beau Butler on behalf of Interested Party Xavier Educational Academy, LLC
bbutler@jw.com; kgradney@jw.com; steso@jw.com

John C. Roy on behalf of U.S. Trustee United States Trustee - AU12
casey.roy@rsbfirm.com; gary.wright3@usdoj.gov

Stephen W. Sather on behalf of Debtor 1001 WL, LLC
ssather@bn-lawyers.com; phammer@bn-lawyers.com; cmurnane@bn-lawyers.com; plevine@bn-lawyers.com;cchristensen@bn-lawyers.com; BarronNewburgerPCAustin@jubileebk.net; mcalderon@bn-lawyers.com; kparsley@bnlawyers.Com

Mark Curtis Taylor on behalf of Attorney Holland & Knight LLP and Debtor 1001 WL, LLC
mark.taylor@hklaw.com; tammy.greenblum@hklaw.com; annmarie.jezisek@hklaw.com

Shane P. Tobin on behalf of U.S. Trustee United States Trustee - AU12
shane.p.tobin@usdoj.gov; Carolyn.Feinstein@usdoj.gov; gary.wright3@usdoj.gov

United States Trustee - AU12
ustpregion07.au.ecf@usdoj.gov

Broocks Wilson on behalf of Creditor Sonder USA Inc.
mack.wilson@keanmiller.com

Tara L. Grundemeier on behalf of City of Houston, Houston Comm Coll System, Houston ISD
houston_bankruptcy@lgbs.com

/s/James Q. Pope
James Q. Pope