**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: September 19, 2024**

_____
**SHAD M. ROBINSON
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-10119-SMR |
| | § | |
| 1001 WL, LLC | § | |
| | § | |
| DEBTOR | § | CHAPTER 11 |

### ORDER DENYING PLAN CONFIRMATION AND SETTING STATUS HEARING

On July 29, 2024, 1001 WL, LLC (the "Debtor") filed its Amended Chapter 11 Plan (the "Plan" at ECF No. 322). The Court held the plan confirmation hearing over three days: August 22, 28, and 29. Following the hearing, the Court took confirmation of the Plan under advisement. The Court closely reviewed the evidence and considered the arguments of all parties. On September 16, 2024, the Court issued its oral ruling denying confirmation of the Plan. For the reasons set forth on the record, as well as the reasons discussed herein, the Court finds that confirmation of the Debtor's Plan should be denied.

The Debtor has the burden to establish all applicable elements of 11 U.S.C. § 1129(a) are satisfied by a preponderance of the evidence. *Matter of Briscoe Enterprises, Ltd., II*, 994 F.2d 1160, 1165 (5th Cir. 1993) ("[P]reponderance of the evidence is the debtor's appropriate standard of proof both under § 1129(a) and in a cramdown.").

11 U.S.C. § 1129(a)(3) states a plan must be filed "in good faith and not by any means forbidden by law." The Debtor did not establish that its Plan was filed in good faith. The good faith analysis is a "totality of the circumstances" test. *In re Vill. at Camp Bowie I, L.P.*, 710 F.3d 239, 247 (5th Cir. 2013) ("Good faith should be evaluated 'in light of the totality of the circumstances surrounding establishment of [the] plan,' mindful of the purposes underlying the Bankruptcy Code.") (*quoting In re Cajun Elec. Power Co-op., Inc.*, 150 F.3d 503, 519 (5th Cir. 1998)); *see also In re Trinity Family Practice & Urgent Care PLLC*, No. 23-70068-SMR, 2024 WL 2704056 at *10-11 (Bankr. W.D. Tex. May 24, 2024) (discussing good faith analysis). The Court FINDS that:

(1) the § 341 meeting of creditors was repeatedly delayed;

(2) the Debtor repeatedly filed Monthly Operating Reports late;

(3) the Debtor failed to disclose all insider transactions;

(4) the Debtor had to file amended schedules;

(5) the Debtor engaged in questionable discovery tactics;

(6) the Debtor did not keep accurate rent rolls; and

(7) the Debtor violated reporting requirements in the Court's cash collateral orders.

Based on the above, as well as for the reasons set forth on the record, the Court finds that the Debtor failed to show by a preponderance of the evidence that its Plan was proposed in good faith as required under 11 U.S.C. § 1129(a)(3).

11 U.S.C. § 1129(a)(11) states that plan confirmation must not be likely to be followed by liquidation or other further financial reorganization of the debtor. This is often referred to as the "feasibility" requirement. *See In re M & S Associates, Ltd.*, 138 B.R. 845, 848 (Bankr. W.D. Tex. 1992). To establish feasibility, the Debtor must show that the plan is not speculative, conjectural, or unrealistic. *See Canal Place Ltd. P'ship v. Aetna Life Ins. Co. (In re Canal Place Ltd. P'ship)*, 921 F.2d 569, 579 (5th Cir. 1991) (discussing Debtor's failure to establish the feasibility of its reorganization plan in the context of a motion for relief from stay). While the Debtor does not need to guarantee success, the Debtor must establish a reasonable prospect of success. *M & S Associates, Ltd.*, 138 B.R. at 848. The Court finds that the Debtor could likely operate for some interim amount of time under the Plan. However, the Court also finds that the Debtor failed to establish that converting the building located at 1001 West Loop South, Houston, TX 77027 to condo units—and then selling the condo units to pay off all secured creditors in full—was feasible as the end goal of the Plan. There was also conflicting testimony regarding the necessary costs of building repairs and maintenance needed prior to sale. And, while the Debtor provided multiple witnesses who were "interested" in potentially purchasing condo space, not one letter of intent, signed contract, or firm offer was submitted in evidence. Furthermore, it was also clear from witness testimony that the proposed condo conversion is not common in the Houston commercial real estate market. Based on the above, as well as for the reasons set forth on the record, the Court finds that the Debtor failed to establish by a preponderance of the evidence that this Plan is not likely to be followed by liquidation or further financial reorganization as required by 11 U.S.C. § 1129(a)(11). Accordingly,

**IT IS THEREFORE ORDERED** that confirmation of the Debtor's Plan is **DENIED.**

**IT IS FURTHER ORDERED** that the findings of fact and conclusions of law set forth herein shall supplement those set forth by the Court on the record. To the extent an irreconcilable conflict exists between the terms of this Order and the Court's ruling on the record, the terms of this Order shall control.

**IT IS FURTHER ORDERED** that the Court will hold a status conference in this case on **October 10, 2024 at 9:30am (CT) via Zoom.**

# # #