**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: September 30, 2024**

_____
**SHAD M. ROBINSON
UNITED STATES BANKRUPTCY JUDGE**
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-10119-SMR |
| | § | |
| 1001 WL, LLC | § | |
| | § | |
| DEBTOR | § | CHAPTER 11 |

**ORDER DENYING THE DEBTOR'S EMERGENCY MOTION FOR RECONSIDERATION, DENYING THE DEBTOR'S REQUEST TO SET ASIDE THE COURT'S PRIOR ORDER, AND AFFIRMING THE COURT'S RULING DENYING PLAN CONFIRMATION**

On July 29, 2024, 1001 WL, LLC (the "Debtor") filed its Amended Chapter 11 Plan (the "Plan" at ECF No. 322). The Court held the contested plan confirmation hearing over three days: August 22, 28, and 29. Following the hearing, the Court took confirmation of the Plan under advisement. The Court closely reviewed the evidence and considered the arguments of all parties. On September 16, 2024, the Court issued its oral ruling denying confirmation of the Plan. On September 19, 2024, the Court entered a written order denying plan confirmation and incorporated its oral ruling into the written order (the "Order" at ECF No. 502).

1

On September 26, 2024, the Debtor filed its *Emergency Motion for Reconsideration or New Trial* (the "Motion" at ECF No. 522).[1] The Debtor filed its Motion on an expedited basis, and the Court considered the Motion and held a hearing on the Motion on September 30, 2024. Shortly before the hearing, Creditor TIG Romspen US Master Mortgage LP filed a Response to the Motion at ECF No. 533. For the reasons set forth below, the Court finds that the Motion should be denied, and the Court will affirm its *Order Denying Plan Confirmation* at ECF No. 502.

The Court previously denied confirmation of the Debtor's Plan on two grounds:

(1) the Debtor failed to establish by a preponderance of the evidence that the Plan was proposed in good faith under 11 U.S.C. § 1129(a)(3); and

(2) the Debtor failed to establish by a preponderance of the evidence that the Plan was feasible under 11 U.S.C. § 1129(a)(11).[2]

First, the Debtor asserts that this Court applied an incorrect standard under Fifth Circuit law for determining "good faith" under 11 U.S.C. § 1129(a)(3).[3] Debtor essentially argues that the bankruptcy court should solely consider whether the Plan was "proposed with the legitimate and honest purpose to reorganize and has a reasonable hope of success."[4]

The good faith analysis is a "totality of the circumstances" test.[5] In *Matter of T-H New Orleans Limited Partnership*—which the Debtor cites in its Motion—the Fifth Circuit stated that "[t]he requirement of good faith must be viewed in light of the totality of the circumstances surrounding *establishment* of a Chapter 11 plan, keeping in mind the purpose of the Bankruptcy

---

[1] The Debtor also filed a Supplement to the Motion at ECF No. 524. The Court considered the Supplement, but the Supplement merely asked the Court to set a deadline for the submissions of letters of intent and did not provide further legal argument.
[2] *Order Denying Plan Confirmation*, ECF No. 502, pg. 2-3.
[3] *Emergency Motion for Reconsideration*, ECF No. 522, pg. 2.
[4] *Id.* at 2-3.
[5] *In re Vill. at Camp Bowie I, L.P.*, 710 F.3d 239, 247 (5th Cir. 2013) ("Good faith should be evaluated 'in light of the totality of the circumstances surrounding establishment of [the] plan,' mindful of the purposes underlying the Bankruptcy Code.") (quoting *In re Cajun Elec. Power Co-op., Inc.*, 150 F.3d 503, 519 (5th Cir. 1998)).

2

Code is to give debtors a *reasonable opportunity* to make a fresh start."[6] The Debtor argues that "[w]here the plan is *proposed* with the legitimate and honest purpose to reorganize and has a reasonable hope of success" the good faith requirement of § 1129(a)(3) is satisfied.[7] The Debtor is right—except that the Court's analysis is made in light of the totality of the circumstances.[8] As stated in its *Order Denying Plan Confirmation* at ECF No. 502, the Court considered the totality of the circumstances surrounding the Debtor's Plan, made factual findings that indicated a lack of good faith, and determined that the Plan was not filed in good faith under § 1129(a)(3).[9] To the extent it wasn't clear in the Court's prior oral ruling on the record and in the prior *Order Denying Plan Confirmation* at ECF No. 502, the Court considered the totality of the circumstances including the establishment of the Plan and whether there was a reasonable hope of success and determined that the Debtor failed to establish by a preponderance of the evidence that the Plan was proposed in good faith under 11 U.S.C. § 1129(a)(3). Based on the foregoing, the Court correctly determined that the Debtor failed to establish by a preponderance of the evidence that the Plan was proposed in good faith under 11 U.S.C. § 1129(a)(3). Accordingly, the Court finds that its *Order Denying Plan Confirmation* should be AFFIRMED.

Second, the Debtor asserts that this Court erred in finding that the Debtor failed to establish by a preponderance of the evidence that its Plan was feasible under 11 U.S.C.

---

[6] *Matter of T-H New Orleans Ltd. P'ship*, 116 F.3d 790, 802 (5th Cir. 1997) (emphasis added).

[7] *Emergency Motion for Reconsideration*, ECF No. 522, pg. 2 (emphasis added).

[8] *In re Vill. at Camp Bowie I, L.P.*, 710 F.3d 239, 247 (5th Cir. 2013) ("Good faith should be evaluated 'in light of the totality of the circumstances surrounding establishment of [the] plan,' mindful of the purposes underlying the Bankruptcy Code.") (quoting *In re Cajun Elec. Power Co-op., Inc.*, 150 F.3d 503, 519 (5th Cir. 1998)); *Matter of T-H New Orleans Ltd. P'ship*, 116 F.3d 790, 802 (5th Cir. 1997) ("The requirement of good faith must be viewed in light of the totality of the circumstances surrounding establishment of a Chapter 11 plan, keeping in mind the purpose of the Bankruptcy Code is to give debtors a reasonable opportunity to make a fresh start."); *In re Double H Transp. LLC*, 603 F. Supp. 3d 468, 477-78 (W.D. Tex. 2022) (affirming bankruptcy court's finding that a plan was not proposed in good faith "based on a series of events both before and during the hearing" and discussing debtor's behavior before proposing the plan).

[9] *Order Denying Plan Confirmation*, ECF No. 502, pg. 2 (finding a lack of good faith based on a totality of the circumstances test, and citing to *In re Vill. at Camp Bowie I, L.P.*, 710 F.3d 239, 247 (5th Cir. 2013)).

3

§ 1129(a)(11).[10] Debtor seems to argue that, based on its view of the evidence, that the Debtor met its burden to show that its Plan had a reasonable prospect of success. However, that is the exact same standard that this Court applied in determining that the Debtor failed to establish by a preponderance of the evidence that its Plan was feasible under 11 U.S.C. § 1129(a)(11).

In the *Order Denying Plan Confirmation*, this Court stated that "[t]o establish feasibility, the Debtor must show that the plan is not speculative, conjectural, or unrealistic."[11] The Court continued: "[w]hile the Debtor does not need to guarantee success, the Debtor must establish a reasonable prospect of success."[12] The Court analyzed all of the evidence presented, weighed the credibility of all witnesses, and considered the market for condominium conversions in Houston, Texas.[13] After considering all of the evidence presented, and applying the legal standard discussed above, the Court determined that the Plan was speculative, conjectural, or unrealistic and that the Debtor did not establish by a preponderance of the evidence that the Plan provided for a reasonable prospect of success.[14] Based on the foregoing, the Court correctly determined that the Debtor failed to establish by a preponderance of the evidence that the Plan had a reasonable prospect of success and was feasible under 11 U.S.C. § 1129(a)(11). Accordingly, the Court finds that its *Order Denying Plan Confirmation* should be AFFIRMED. Accordingly,

**IT IS THEREFORE ORDERED** that the Court has reconsidered its prior oral ruling and the *Order Denying Plan Confirmation*, and the Debtor's request to set aside the *Order Denying Plan Confirmation* is **DENIED.**

---

[10] *Emergency Motion for Reconsideration*, ECF No. 522, pg. 5 (arguing that the Court incorrectly held that the preponderance of the evidence weighed against feasibility).
[11] *Order Denying Plan Confirmation*, ECF No. 502, pg. 3 (*citing See Canal Place Ltd. P'ship v. Aetna Life Ins. Co. (In re Canal Place Ltd. P'ship)*, 921 F.2d 569, 579 (5th Cir. 1991)).
[12] *Id.* at 3 (*citing In re M & S Associates, Ltd.*, 138 B.R. 845, 848 (Bankr. W.D. Tex. 1992)).
[13] *See Order Denying Plan Confirmation*, ECF No. 502, pg. 3.
[14] *Id.*

4

**IT IS FURTHER ORDERED** that the Court's prior oral ruling and *Order Denying Plan Confirmation* at ECF No. 502 is **AFFIRMED** for the reasons set forth therein and above.

# # #