**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: July 02, 2025.**



_____
SHAD M. ROBINSON
UNITED STATES BANKRUPTCY JUDGE
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-10119-SMR |
| | § | |
| 1001 WL, LLC, | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**ORDER TO APPEAR AND SHOW CAUSE WHY PAUL KIRKLIN AND/OR JUSTIN RAYOME SHOULD NOT BE SANCTIONED UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011(c)**

On June 27, 2025, the Court conducted a hearing regarding multiple matters in the above-captioned case. Paul Kirklin, attorney for Kirklin Properties, LLC, appeared at the June 27, 2025 hearing.

During an independent review of the docket in this case, the Court had previously noted that it appeared that an *Emergency Motion to Disqualify* (the "Pleading" at ECF No. 753) was filed by attorney Justin Rayome using Paul Kirklin's CM/ECF login information. The Pleading was signed by Justin Rayome, and Paul Kirklin's signature did not appear anywhere on the Pleading. However, pursuant to Part II, Section C of the Court's *Administrative Policies and Procedures for*

*Electronic Filing* (the "E-Filing Procedures"),[1] only a properly registered filing agent may file a document using the credentials of another electronic filer.

Furthermore, pursuant to Part IV, Section B(2)(a) of the E-Filing Procedures, "the filing of any document shall constitute an Electronic Filer's signature for purposes of signing the document under [FRBP] 9011 or any other signature requirement imposed by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or any local rule of the Court." Part IV, Section B(2)(b) further states: "No person shall knowingly utilize or cause another person to utilize the PACER/ECF login of an Electronic Filer unless such a person is an authorized Filing Agent of the Electronic Filer." Finally, Part IV, Section B(2)(c) makes it clear that "[a]n Electronic Filer is responsible for all documents filed using the Electronic Filer's PACER/ECF login for purposes of [FRBP] 9011 or any other requirement imposed by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or any local rule of the Court."

During the June 27, 2025 hearing, the Court began to question Paul Kirklin on the merits of the Pleading, and it became very clear to the Court that Mr. Kirklin was not familiar with the contents of the Pleading. During the hearing on June 27, 2025, the Court ordered Mr. Kirklin to retain all communications between himself and Justin Rayome regarding all cases they have worked on in the Western District of Texas.

Paul Kirklin is an attorney, and did not assert or otherwise argue during the June 27, 2025 hearing that he was the filing agent of Justin Rayome. Attorneys are subject to the requirements of Federal Rule of Bankruptcy Procedure 9011. Federal Rule of Bankruptcy Procedure 9011(b) [2] states:

---

[1] The *Administrative Policies and Procedures for Electronic Filing* are available on the Court's website at: https://www.txwb.uscourts.gov/sites/txwb/files/2-3-2025%20-%20Electronic%20Filing%20Procedures.pdf.

[2] Federal Rule of Bankruptcy Procedure 9011 will be referred to as "Rule 9011" in this Order.

> **(b) Representations to the Court.** By presenting to the court a petition, pleading, written motion, or other document—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that, to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances:
> (1) it is not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law;
> (3) the allegations and factual contentions have evidentiary support—or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence—or if specifically so identified, are reasonably based on a lack of information or belief.

Rule 9011(c) authorizes the Court to impose sanctions if a party has violated the requirements of Rule 9011(b). It appears here that by filing the Pleading without review, or at the very least without substantial review, Paul Kirklin may have violated Rule 9011(b)'s requirement that all attorneys must verify there is some good faith basis for requesting the relief sought in a document before filing that document with the Court.

The Court finds that imposing sanctions on litigants in a bankruptcy case is clearly a matter "arising in" a bankruptcy case, so this Court has jurisdiction to issue such orders. *In re Tbyrd Enters. LLC*, 354 F. App'x 837, 839 (5th Cir. 2009) (unpublished). While bankruptcy courts lack power to impose criminal contempt sanctions, there is no legal basis for equating criminal contempt sanctions with Rule 9011 sanctions. *Id*. The Federal Rules of Bankruptcy Procedure provide the legal basis for Rule 9011 sanctions.

Furthermore, an attorney may be referred by a bankruptcy judge to the Western District of Texas Disciplinary Committee for appropriate review, investigation, and recommendation if there is reason to believe that the attorney has engaged in conduct that violates the Texas Disciplinary Rules of Professional Conduct or has represented a client in such a manner as to raise a serious

question concerning the quality of the attorney's professional performance. Local Court Rules of the United States District Court for the Western District of Texas, Rule AT-7(c)(4) and (c)(7).

Based on the issues raised by the Court on the record at the June 27, 2025 hearing and Mr. Kirklin's responses, it appears to the Court that Paul Kirklin may have filed the Pleading without adequate review in violation of Rule 9011. The Court is also concerned that the above-mentioned Local Rules for the Bankruptcy Court and District Court for the Western District of Texas may have been violated.

Based on the foregoing, the Court finds that a show cause hearing should be held to determine whether the Court should impose sanctions on Paul Kirklin and/or Justin Rayome pursuant to Rule 9011(c), or any other applicable authority.

Accordingly,

**IT IS THEREFORE ORDERED** that Paul Kirklin and Justin Rayome shall appear at a show cause hearing commencing on **Monday, August 11, 2025 at 10:00 a.m. (CT) in Austin Courtroom 1, located at 903 San Jacinto Blvd., Austin, Texas 78701,** so the Court can hear evidence on and determine the matters set forth above.

**IT IS FURTHER ORDERED** that the Court will allow Paul Kirklin and Justin Rayome to submit evidence and show cause/explain to the Court why they:

1. should not be required to disgorge all or a portion of their attorney's fees;

2. should not be sanctioned under Rule 9011; and/or

3. should not be subject to such other relief as the Court deems reasonable and appropriate under the circumstances, including but not limited to: monetary sanctions, a suspension of CM/ECF filing privileges, a temporary suspension of practicing before the bankruptcy court for the Western District of Texas, Austin Division, attending additional legal

education and training seminars in bankruptcy or ethics, a referral to the State Bar of Texas, and/or a referral to the Western District of Texas Disciplinary Committee.[3]

**IT IS FURTHER ORDERED** that any written response to this Show Cause Order shall be filed on or before **August 1, 2025**.

**IT IS FURTHER ORDERED** that Paul Kirklin and Justin Rayome shall each file a witness and exhibit list and shall each email a copy of their proposed exhibits to the Court's law clerk at juliana_steward@txwb.uscourts.gov and courtroom deputy at jennifer_lopez@txwb.uscourts.gov on or before **August 6, 2025**.

**IT IS FURTHER ORDERED** that the United States Trustee shall have standing to appear and be heard and present evidence on this Show Cause Order.

**IT IS FURTHER ORDERED** that the Court reserves the right to order reasonable and appropriate sanctions should Paul Kirklin and/or Justin Rayome fail to appear in-person at the show cause hearing on **Monday, August 11, 2025 at 10:00 a.m. (CT) in Austin Courtroom 1, located at 903 San Jacinto Blvd., Austin, Texas 78701**.

**IT IS FURTHER ORDERED** that the clerk's office shall immediately cause a copy of this Order to be served via First Class Mail on Paul Kirklin, Kirklin Law Firm PLLC, 12600 N Featherwood Dr, Suite 225, Houston, TX 77034. The clerk's office shall also cause a copy of this Order to be served upon Paul Kirklin electronically at pkirklin@kirklinlaw.com.

**IT IS FURTHER ORDERED** that the clerk's office shall immediately cause a copy of this Order to be served via First Class Mail on Justin Rayome, 1001 West Loop South, Suite 700,

---

[3] At the June 27, 2025 hearing, the Court suggested that fraudulently filing documents in a federal court might constitute criminal conduct such that a referral to the United States Attorney could be appropriate. Although this does not appear to be a criminal matter at this time, the Court reserves the right to refer this matter to the United States Attorney, if the Court deems appropriate.

Houston, TX 77027. The clerk's office shall also cause a copy of this Order to be served upon Justin Rayome electronically at justin.rayome.law@gmail.com.

**IT IS FURTHER ORDERED** that the clerk's office shall also cause a copy of this Order and the pleading filed at ECF No. 753 to be forwarded to Bankruptcy Judge Jeffrey P. Norman in the Southern District of Texas so he can determine whether Paul Kirklin and/or Justin Rayome have engaged in similar conduct in his court, including but not limited to Bankruptcy Case No. 24-35761.

**IT IS FURTHER ORDERED** that this Court retains jurisdiction to resolve any matters related to the interpretation, implementation, and enforcement of this Order.

# # #