UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | Case No. 24-10119-smr |
| 1001 WL, LLC, | § | |
| | § | Chapter 11 |
| Debtor. | § | |

**INTERIM APPLICATION OF GRAVES DOUGHERTY HEARON & MOODY, PC, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND <u>REIMBURSEMENT FOR EXPENSES INCURRED</u>**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held. Any response must be timely filed with the United States Bankruptcy Clerk, Western District of Texas, Austin Division, Homer J. Thornberry Federal Judicial Building, 903 San Jacinto Blvd., Suite 322, Austin, TX 78701. If a timely response is filed, the Court will then set a hearing on the Application, and you will be provided with notice of the date, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the Application.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Graves Dougherty Hearon & Moody, PC ("<u>Graves Dougherty</u>"), Counsel to John Patrick Lowe, chapter 11 trustee (the "<u>Trustee</u>") of the bankruptcy estate of 1001 WL, LLC (the "<u>Estate</u>"), and submits this its *Interim Application for Allowance of Compensation for Services Rendered and Reimbursement for Expenses Incurred* (the "<u>Application</u>") and requests interim approval of total fees earned in the amount of $135,172.50 and expenses incurred in the amount of $954.72, totaling $136,127.22.

I. S<small>UMMARY</small>

As detailed herein and summarized in the Fee Application Summary attached hereto as **Exhibit 3**, Graves Dougherty has expended a total of 268.6 hours, at an average hourly rate of

$503.25 in performing services as Counsel to the Trustee, totaling $135,172.50 in fees and $954.72 in expenses. This Application requests that the fees and expenses be approved and the Trustee authorized and directed to pay the same.

## II.     JURISDICTION AND STATUTORY PREDICATES

1. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates include 11 U.S.C. §§ 105(a), 330, and 506(c) (11 U.S.C. §§ 101 et seq., the "Bankruptcy Code").

3. The Court has constitutional authority to enter an order in this matter because the relief requested arises solely under the Bankruptcy Code.

## III.     BACKGROUND AND REQUEST FOR RELIEF

4. This case was filed on February 6, 2024 (the "Petition Date") under Chapter 11 of title 11 of the United States Code.

5. The Trustee is the duly appointed chapter 11 trustee.

6. On February 19, 2025, the Court entered its *Order Approving Retention of Graves Dougherty Hearon & Moody, PC as Counsel for the Estate Pursuant to 11 U.S.C. §327(a)* [Dkt. No. 675] (the "Retention Order"). The Retention Order authorized the employment of Graves Dougherty as counsel to the Trustee in his capacity as chapter 11 trustee.

7. The Application covers the period from January 17, 2025, to September 11, 2025 (the "Application Period"). The professionals and paraprofessionals involved in the representation and their hourly rates of representation are listed below:

| PROFESSIONAL | TITLE | HOURLY RATE | TOTAL HOURS | FEES |
|---|---|---|---|---|
| Cumings, Brian T. | Attorney | $525 | 236.4 | $124,110.00 |
| Harding, Matthew J. | Attorney | $500 | 6.7 | $3,350.00 |
| Trickey, Christopher H. | Attorney | $600 | .1 | $60.00 |
| Guerrero, Candice M. | Paralegal | $250 | 13.5 | $3,375.00 |
| Williams, Dylan P. | Paralegal | $250 | 1.8 | $450.00 |
| Holder, Diana M. | Paralegal | $250 | .3 | $75.00 |
| Hayes, Jennifer L. | Paralegal | $250 | .4 | $100.00 |
| Stahl, Mark A. | Attorney | $350 | 6.5 | $2,275.00 |
| Nitsch, Marianne W. | Attorney | $475 | 2.9 | $1,377.50 |
| **TOTAL** | | **$503.25** | **268.60** | **$135,172.50** |

The Compensation Support Exhibit and the Reimbursement Support Exhibit required by Local Bankruptcy Rule 2016 are attached as **Exhibit 1**. A copy of the Retention Order is attached hereto as **Exhibit 2**. A copy of the Fee Application Summary is attached hereto as **Exhibit 3**.

8. The Trustee has reviewed and approved this Application. The Trustee has on hand approximately $780,000.00 in cash (the "Estate Cash"). All of the Estate Cash constitutes cash collateral of Debtor's secured lender. The Trustee believes that application of section 506(c) is appropriate with respect to the fees and expenses requested herein. The Trustee believes that sufficient funds are on hand to fully satisfy the fees and expenses requested herein as well as all present and anticipated obligations of the Estate.

## II. Project Summary and Services Rendered

9. Graves Dougherty was hired for the purpose of serving as Counsel to assist the Trustee in such legal matters as might arise during his administration of this Estate. During the Application Period, Graves Dougherty's primary role was to assist the Trustee in helping the Trustee administer the Debtor's single asset real estate will dealing with the running feud between Debtor's principal and Debtor's secured creditor.

## III. Expenses Incurred

10. Graves Dougherty incurred and paid in advance out-of-pocket expenses in

connection with its representation of the Trustee during the Application Period. Graves Dougherty maintained careful records of those expenditures and the expenses incurred are categorized in **Exhibit 1**. The expenses incurred totaled $954.72 during the Application Period.

11. Graves Dougherty has made every effort to minimize its disbursements in this case. The expenses incurred in the provision of professional services are necessary, reasonable, and justified under the circumstances to serve the needs of the Estate.

### IV. Legal Standard

12. Section 330 of the Bankruptcy Code grants bankruptcy courts wide discretion to award "reasonable compensation" to attorneys employed by the estate. 11 U.S.C. § 330(a)(1)(A). In determining reasonable compensation, bankruptcy courts within the Fifth Circuit address the twelve factors promulgated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974); *see also In re Pilgrim's Pride*, 690 F3d 650, 654-56 (5th Cir. 2012).

13. The *Johnson* factors weigh in favor of awarding Graves Dougherty full compensation for the fees and expenses that it incurred during the Application Period.

14. *Time and Labor Required.* The time entries included in **Exhibit 1** to this Application detail all of the work Graves Dougherty performed and for which compensation is sought. The date the services were rendered, the individual performing such services, a description of the services, and the time expended are all detailed. Graves Dougherty believes that such detail establishes that its request for compensation is reasonable. All of the services specified were actual and necessary in order to comply with the Trustee's statutory duties and application of section 506(c) is appropriate.

15. *Novelty and Difficulty.* The posture of this case, including the number of issues

4

relating to Debtor's principal, made it novel and difficult.

16. *Skill Required to Perform the Legal Service Properly.* Bankruptcy is a specialized area of federal practice, requiring knowledge of the Bankruptcy Code and relevant precedent.

17. *Preclusion of Other Employment.* Graves Dougherty's representation in this case did not preclude it from accepting other employment.

18. *Customary Fee.* The hourly rates for each Graves Dougherty timekeeper are disclosed above. Graves Dougherty respectfully submits that the professional fees sought herein are not unusual given the nature of this case and the time expended in attending to the representation of the Trustee and is commensurate with the fees Graves Dougherty has been awarded in other cases, as well as professional fees charged by other attorneys of comparable experience.

19. *Whether the Fee is Fixed or Contingent.* Pursuant to §§ 330 and 331 of the Bankruptcy Code, all of the fees sought in this Application are contingent pending approval by this Court and are subject to adjustment depending upon the services rendered and the results obtained. .

20. *Time Limitations Imposed by Client or Other Circumstances.* No particularly unusual time constraints existed for the matter.

21. *Amount Involved and Results Obtained.* Graves Dougherty submits that it has been obtaining and continues to efficiently obtain the desired results with respect to protecting the interests of the Estate. Among other things, it has helped the Trustee successfully navigate Debtor's fraught relationship with the secured lender.

22. *Experience, Reputation, and Ability of the Attorneys.* Graves Dougherty attorneys

5

have regularly appeared in significant representations over many years in Texas and national bankruptcy cases. Graves Dougherty attorneys have a substantial reputation in the legal community in bankruptcy and non-bankruptcy work.

23. *"Undesirability" of Case*. Due to the posture of this case and lack of unencumbered cash on hand on the Conversion Date, this case was of a high level of undesirability.

24. *The Nature and Length of the Professional Relationship with the Client*. Graves Dougherty had represented John Patrick Lowe in his capacity as bankruptcy trustee in several other cases before this one.

25. *Awards in Similar Cases*. Based on Graves Dougherty's experience in the Texas market, Graves Dougherty's fees are in line with, if not below, fees allowed in proceedings of similar scope for the services rendered and the results obtained.

## V. Conclusion

26. The services that Graves Dougherty rendered during the Application Period were instrumental in making it possible for the Trustee to get closer to final administration of these Estates. Graves Dougherty respectfully requests that the Court, on an interim basis:

   a) approve compensation for 268.6 hours of professional services furnished as counsel to the Trustee, in the total amount of $135,172.50 incurred during the Application Period;

   b) approve reimbursement of actual out-of-pocket expenses during the Application Period in the total amount of $954.72, and

   c) grant Graves Dougherty such other and further relief to which it may be entitled.

Respectfully submitted,

          Graves, Dougherty, Hearon & Moody, P.C.
          401 Congress Avenue, Suite 2700
          Austin, TX 78701
          Telephone: 512.480.5626
          Facsimile: 512.536.9926
          bcumings@gdhm.com
          By:/s/ *Brian T. Cumings*
             Brian T. Cumings
             State Bar No. 24082882
          **COUNSEL FOR JOHN PATRICK LOWE, CHAPTER 11 TRUSTEE**

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 24th day of September, 2025, I electronically filed this Application with the Clerk of Court using the CM/ECF system which will send notification of such filing to those receiving electronic service and by U.S. First Class Mail to those listed below and the Notice to Creditors those on the current creditors matrix appended herewith.

| | |
|---|---|
| Office of the United States Trustee<br>903 San Jacinto, Room 230<br>Austin, TX 78701 | John Patrick Lowe, Chapter 11 Trustee<br>2402 East Main Street<br>Uvalde, TX 78801 |
| 1001 WL, LLC<br>2450 Wickersham Lane, Suite 202<br>Austin, TX 78741<br>*Debtor* | Stephen W. Sather<br>Barron & Newburger, PC<br>7320 N. MoPac Expy, Suite 400<br>Austin, TX 78731<br>*Debtor's Counsel* |

          By:/s/ *Brian T. Cumings*
             Brian T. Cumings