## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **1001 WL, LLC** | § | **Case No. 24-10119-smr** |
| | § | **Chapter 11** |
| **Debtor.** | § | |

**MOTION OF TRAVIS VARGO, STATE COURT APPOINTED RECEIVER, TO SHOW AUTHORITY OF JUSTIN RAYOME AND CAVAZOS HENDRICKS POIROT, P.C., INCLUDING LYNDEL VARGAS, TO REPRESENT ALI CHOUDHRI, BDFI, LLC, GALLERIA LOOP NOTE HOLDER, LLC, AND JETALL CAPITAL, LLC  AND TO STRIKE PLEADINGS**

TO THE HONORABLE SHAD ROBINSON,
UNITED STATES BANKRUPTCY JUDGE :

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held. A timely filed response is necessary for a hearing to be held. Any response must be timely filed with the <u>United States Bankruptcy Clerk, Western District of Texas, Homer J. Thornberry Federal Judicial Building, 903 San Jacinto Blvd., Suite 322, Austin, Tx 78701</u>. If a timely response is filed, the Court will then set a hearing on the Motion, and you will be provided with notice of the date, time, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the Motion.**

COMES NOW, Travis Vargo, the State Court appointed Receiver, and files this his

*Motion of Travis Vargo, State Court Appointed Receiver, To Show Authority Of Justin Rayome and Cavazos Hendricks Poirot, P.C., Including Lyndel Vargas To Represent Ali Choudhri, BDFI, LLC, Galleria Loop Note Holder, LLC, and Jetall Capital, LLC and to Strike Pleadings* (the "Receiver's Motion") and in support thereof would respectfully show the Court as follows:

# I.
## SUMMARY OF RELIEF REQUESTED

1.      Travis Vargo, in his capacity as the State Court appointed receiver (the "Receiver"), asserts that as the Receiver he has sole ownership and operational control of BDFI, LLC, Galleria Loop Note Holder, LLC, and Jetall Capital, LLC (collectively the "Choudhri Entities") as well as all of the non-exempt assets of Ali Choudhri ("Choudhri") pursuant to the terms of the Receivership Orders, *infra*., filed as ECF 208 in this proceeding and the 14th Court of Appeals opinion in *WC 4th & Colo. vs. Colo. Third St., LLC*, which confirms the scope of the Receivership Orders relative to the authority of a receiver regarding management and membership interests of single member limited liability companies. *See WC 4th & Colo. v. Colo. Third St., LLC*, 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025). The Hon. Randy Wilson authored both the opinion in *WC 4th & Colo*. and the Receivership Orders. The application of *WC 4th & Colo.* is presently pending before the Hon. Randy Willson for determination upon the remand of the A-Case[1] and the D-Case[2] following the wholly improper removal of these post-judgment proceedings from the Harris County District Court (the "Receivership Court") to the Bankruptcy Courts for the Southern District of Texas[3] by Justin Rayome ("Rayome") on behalf of Choudhri, Dalio Holdings I, LLC ("Dalio I") and Dalio Holdings II,

---

[1]    *Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri*, post judgment proceeding pending in the 333rd Judicial District Court of Harris County, Texas (the "A-Case")

[2]    Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle, pending in the 333rd Judicial District Court of Harris County, Texas (the "D-Case")

[3]    The A-Case was removed to the Houston Division of the Southern District under Adversary Case No. 25-03628 with a motion to transfer venue to the Austin Division of the Western District of Texas in the Meandering Bend, LLC case pending under Case No. 25-11334. The D-Case was removed to the Houston Division of the Southern District under Adversary Case No. 25-03630 with a motion to transfer venue to the Austin Division of the Western District of Texas in the Dalio I bankruptcy proceeding heretofore pending under Case No. 25-11157. The Dalio I case was dismissed by Judge Robinson on September 9, 2025 by oral ruling and the Order of Dismissal was entered as ECF 38 on September 19, 2025.

LLC ("Dalio II"), as applicable.

2.　　Rayome and Cavazos Hendricks Poirot, P.C. through Lyndel Vargas (collectively "CHP"), at or under the direction of Choudhri, continue to abuse the bankruptcy process by, among other things, filing pleadings without authority, removing the *post judgment* proceedings in the A-Case and the D-Case, impeding the timely determination by the Receiver Court of (i) the application of *WC 4th & Colo* to the Receivership Orders, and (ii) whether Choudhri's claims that he has superseded the judgments in the A-Case and D-Case, and frivolously challenging the representation by the undersigned of the Receiver.

3.　　The continuing gamesmanship by Choudhri through Rayome[4] and CHP necessitates the filing of the Receiver's Motion.

## II.
## JURISDICTION AND VENUE

4.　　Jurisdiction of this Court to hear this matter is founded upon 28 U.S.C. §§ 1334 and 157(a).

5.　　This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (O). Venue is appropriate in this Court pursuant to 28 U.S.C. § 1408.

## III.
## OBJECTION TO AUTHORITY OF ALI CHOUDHRI TO
## DIRECT THE DISPOSITION OF HIS NON-EXEMPT ASSETS AND THE CHOUDHRI
## ENTITIES

6.　　Despite the Receivership Orders, Choudhri continues to attempt to use his non-exempt assets to retain counsel and to control the Choudhri Entities as well as the

---

[4]　The Receiver asks the Court to take judicial notice of the order entered by the Hon. Michael Parker at ECF 258 in In re: RIC (Lavernia) LLC pending under Case No. 24-51195 in the San Antonio Division of the Western District of Texas detailing the shenanigans of Rayome.

affiliated Choudhri LLCs[5].  The Receiver has not authorized any action, including the filing of pleadings, by Rayome or CHP on behalf of Choudhri or the Choudhri Entities.  The Receiver has not authorized the use of any of the non-exempt assets of Choudhri or the assets of the Choudhri Entities for the payment of attorneys' fees.  Choudhri, pursuant to the Receivership Orders and *WC 4th & Colo.* was divested of _any_ right to control the Choudhri Entities as well as each of the affiliated Choudhri LLCs effective upon the entry of the Receivership Orders. Further, Choudhri has not complied with Rule 24 Tex. R. App. Pro. and therefore has not superseded the judgments entered in the A-Case or the D-Case.

### IV.
### ARGUMENT AND AUTHORITIES

### A.  Motion to show authority is proper at any time

7.     The actions of Rayome and CHP on behalf of Choudhri and the Choudhri Entities are directed by Choudhri.  Choudhri, like the Choudhri Entities, are the subject of the Receivership Orders which expressly provide that the Receiver controls all of the non-exempt assets of Choudhri and all of the assets and operations of the Choudhri Entities. *See also WC 4th & Colo. v. Colo. Third St., LLC*, 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025).  Until such time as this Court determines that Choudhri, and not the Receiver, has the authority to control the non-exempt assets of Choudhri and all of the assets and operations of the Choudhri Entities, both Rayome and CHP are without authority to take any action in this Court, or any court, on behalf of Choudhri and these entities.  As discussed by the DC Circuit Court of Appeals in *Doraleh Container Terminal SA v. Republic of Djibouti*:

---

[5]    As defined in the Receivership Orders

"Challenges to an attorney's authority to represent a party rarely arise in modern litigation, but the governing principles are well established in Supreme Court decisions and a traditional understanding of our adversarial judicial system.

An attorney's authority to represent his client "must indeed exist." *Osborn v. Bank of the U.S.*, 22 U.S. (9 Wheat.) 738, 830, 6 L. Ed. 204 (1824). Such authority is presumed, *Hill v. Mendenhall*, 88 U.S. (21 Wall.) 453, 454, 22 L. Ed. 616 (1874), and the presumption is rarely challenged. But courts have the "power, at any stage of the case, to require an attorney, one of its officers, to show his authority to appear." *Pueblo of Santa Rosa v. Fall*, 273 U.S. 315, 319, 47 S. Ct. 361, 71 L. Ed. 658 (1927). This stems from a court's "duty ... to superintend the conduct of its officers." *Id*. Federal courts have recognized this basic principle for more than two hundred years. As Justice Washington explained, it is an "absolute" rule that the court has "the power to inquire by what authority an attorney" undertakes a representation. *The King of Spain v. Oliver*, 14 F. Cas. 577, 578, F. Cas. No. 7814 (C.C.D. Pa. 1810) (No. 7,814).
. . .

When a party requests the court inquire into the lawyer's authority and presents evidence showing "sufficient ground to question the authority," the request is "always granted." *W.A. Gage & Co. v. Bell*, 124 F. 371, 380 (W.D. Tenn. 1903).
. . .

As for the remedy, "[a] suit initiated without authority from the party named as plaintiff is a nullity and any judgment obtained in such a suit is void." *Meredith v. The Ionian Trader*, 279 F.2d 471, 473-74 (2d Cir. 1960). If the court finds the plaintiff's counsel lacked authority to bring the suit, the suit must be dismissed "without prejudice." *Pueblo of Santa Rosa*, 273 U.S. at 321; *see also Frye v. County of Calhoun*, 14 Ill. 131, 14 Ill. 132, 134 (1852) (holding that when a plaintiff's attorney fails to show his authority, the case "should be summarily dismissed").

*Doraleh Container Terminal SA v. Republic of Djibouti*, 109 F.4th 608, 613-614 (DC Cir. 2024). Such is precisely the case here. The Receivership Orders coupled with the 14th Court of Appeals opinion in *WC 4th & Colo.* and the absence of any authority by the Receiver to Rayome and CHP unequivocally confirm that all pleadings filed by Rayome

and CHP on behalf of Choudhri and the Choudhri Entities are without authority and should be summarily dismissed.

**B. Neither the Judgment in the A-Case nor the D-Case are superseded**

8.      Choudhri contends that the A-Case and D-Case have been superseded and, therefore, the role of the Receiver is suspended pending the appeal of those cases pursuant to Rule 24.1(f) of the Texas Rules of Appellate Procedure which provides that "[e]nforcement of a judgment must be suspended if the judgment is superseded." Tex. R. App. Pro. 24.1(f)   Choudhri is wrong.

9.      As admitted in filings by CHP on behalf of Choudhri and the Choudhri Entities in this case[6], the sole basis on which Choudhri contends that the Receiver's collection actions are stayed against him is by virtue of the _filing_ of the pleading entitled _Choudhri Supersedeas with Alternative Security_[7].  Choudhri's contention fails because he did not obtain an order from the Receivership Court as required pursuant to Rules 24.1(a)(4) and 24.2(e) of the Texas Rules of Appellate Procedure.  _In re Kay_, 715 S.W.3d 747, 751 (Tex. 2025).

10.      The contention of Choudhri further fails under Rule 24.2(e)(1) which limits the availability of "alternative security" to "only to a judgment debtor with a net worth of less than $10 million."   Tex. R. App. P. 24.2(e)(1).   Section 52.007 of the Texas Civil Practices & Remedies Code further confirms that the option of superseding a judgment by the posting of "alternative security" is only available to "a judgment debtor with a net worth of less than $10 million". Tex. Civ. Prac. & Rem. Code §52.007.  In each of the A-Case and the D-Case Choudhri has been denied the availability of "alternative security"

---

[6]    See In re: 1001 WL, LLC Case No. 24-10119-smr at ECF 968 pgs. 2 – 3 and Ex 1
[7]    _Id._

because he failed to establish that he has a net worth of less than $10 million as required by Rule 24.2(e)(1) and §52.007.  See Tex. R. App. P. 24.2(e)(1), Tex. Civ. Prac. & Rem. Code §52.007.    Specifically, the Receivership Court in the A-Case and the D-Case considered the challenge of the Judgment Creditors in those cases to the net worth affidavits – there were a total of three – filed by Choudhri finding them insufficient to support Choudhri's contention that his net worth was less than $10 million[8] and concluding that Choudhri had failed to meet his burden of proof under Rule 24.2(e)(1) and §52.007.  See Tex. R. App. P. 24.2(e)(1), Tex. Civ. Prac. & Rem. Code §52.007.  The Receivership Court concluded as follows:

20.　·　Choudhri could not meet his burden to show his net worth even if he and his experts had appeared because there was insufficient documentation and insufficient reliable evidence to support the alleged assets and liabilities, and they were not and could not be presented in accordance with GAAP.

See Exhibits 1 and 2 at paragraph 20.

11.　　In the same Orders, the Receivership Court actually determined the amount of security that was required to be posted by Choudhri is each of the A-Case and the D-Case to supersede the judgments:

---

[8]　True and correct copies of the Order regarding net worth in the A-Case and the D-Case are attached hereto as Exhibit 1 and Exhibit 2, respectively.

26.     The amount of security necessary for the Judgment Debtors to supersede the money judgments against them and in favor of Judgment Creditors in the A and D cases, as well for Erika Nemeti, Executrix of the Estate of Edi I. Nemeti ("Nemeti") in the D case is as follows:

### Cause No. 2012-27197-A (the "A Case") in favor of Abdullatif

| | |
|---|---|
| $1,975,000.00 | (Compensatory) |
| $3,041,886.53 | (Interest through October 31, 2028) |
| $5,016,886.53 | (Total Amount of Security Required to Supersede Judgment) |

### Cause No. 2012-27197-D (the "D Case") in favor of Mokaram

| | |
|---|---|
| $1,386,460.71 | (Compensatory) |
| $1,217,317.04 | (Interest through October 31, 2028) |
| $  405,461.90 | (Costs) |
| $3,009,239.65 | (Total Amount of Security Required to Supersede Judgment) |

## C. Rule 24.(1)(a)(4) in effect prior to the 2023 changes, apply to the determination of the effectiveness of the purporting superseding by Choudhri

12.     The current version of Rule 24.1(a)(4) of the Texas Rules of Appellate Procedure provides that "a judgment debtor may supersede the judgment by . . . (4) providing alternate security under Rule 24.2(e) or ordered by the court". Tex. R. App. Pro. 24.1(a)(4).  Choudhri and those working on his behalf contend, notwithstanding the failure of Choudhri to establish his qualification for posting alternate security under Rule 24.2(e), that the order of a court is no longer necessary as would have been the case under prior version of that rule[9].  Choudhri is again mistaken.  Pursuant to the implementing order issued by the Supreme Court of Texas entered as Miscellaneous Docket No. 23-9101, at ordering paragraph 4, the amendments to Rule 24 "apply only to a civil action commenced on or after September 1, 2023".  As is facially apparent from the record in these

---

[9]    *See* In re: 1001 WL, LLC Case No. 24-10119-smr at ECF 968 pgs. 2 – 3 and Ex 1

proceedings, the A-Case and the D-Case are "civil actions" that were commenced in 2012, more than a decade prior to the 2023 amendments to Rule 24 of the Texas Rules of Appellate Procedure.

## CONCLUSION

13.     Because the judgments against Choudhri have not been superseded, neither Choudhri, individually, on behalf of the Choudhri Entities or any of the Choudhri LLCs have any authority to engage counsel and take a position in any proceeding affecting the assets of those entities or the non-exempt assets of Choudhri which are under the supervision and control of the Receiver pursuant to the terms of the Receivership Orders and *WC 4th & Colo.*

WHEREFORE, PREMISES CONSIDERED the Receiver respectfully requests that the Court, after notice and hearing, find that Ali Choudhri has no authority over Choudhri Entities, that Justin Rayome and Cavazos Hendricks Poirot, P.C., including Lyndel Vargas, are not authorized to represent Choudhri Entities, and that all pleadings filed by Rayome and CHP in this proceeding on behalf of Choudhri, individually, and/or the Choudhri Entities should be stricken, together with such other and further relief at law or in equity to which he may show himself entitled.

Dated this 4th day of October 2025.

Respectfully submitted,

Luttrell + Carmody Law Group
One International Centre
100 N.E. Loop 410, Suite 615
San Antonio, Texas 78216
Tel.   210.426.3600
Fax   210.426.3610

By: */s/ Leslie M. Luttrell*

    Leslie M. Luttrell
    State Bar No. 12708650
    luttrell@lclawgroup.net

**ATTORNEYS FOR TRAVIS B. VARGO, STATE COURT-APPOINTED RECEIVER**

## CERTIFICATE OF SERVICE

I, Leslie M. Luttrell, do hereby certify that on the 4th day of October, 2025, I caused a copy of the foregoing pleading to be served to the Debtor, all parties receiving electronic notice, and all parties on the attached creditor mailing matrix either through the Court's ECF System or via U.S. First Class Mail, postage prepaid.

**Debtor**
1001 WL, LLC
2450 Wickersham Lane
Suite 202
Austin, TX 78741

**US Trustee's Office**
Shane P. Tobin
903 San Jacinto Blvd.
Room 230
Austin, TX 78701

**Chapter 11 Trustee**
John Patrick Lowe
2402 East Main Street
Uvalde, TX 78801

**Counsel for Mr. Lowe**
Brian Talbot Cumings
Graves Dougherty Hearon & Moody, PC
401 Congress Ave #2700
Austin, TX 78701

**Counsel for TIG Romspen**
Kyle Hirsch
Bryan Cave Leighton Paisner LLP
Two North Central Ave, Suite 2100
Phoenix, AZ 85004-4406

Brigid K Ndege
Bryan Cave Leighton Paisner
161 N Clark St
Ste 4300,
Chicago, IL 60605

**<u>Other Lawyers</u>**

Lyndel Vargas
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202

Justin Rayome
1001 West Loop South, Suite 700
Houston, TX 77027

/s/ Leslie M. Luttrell
Leslie M. Luttrell