**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: September 26, 2025.**

_____
**MICHAEL M. PARKER**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RIC (LAVERNIA) LLC, | § | CASE NO. 24-51195-MMP |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**ORDER WITHDRAWING SHOW CAUSE ORDER AND SANCTIONING JUSTIN RAYOME**

The Court held a hearing on September 24, 2025, as ordered in its *Order to Appear and Show Cause* (ECF No. 217), to determine whether to sanction Mr. Justin Rayome for the conduct identified in the *Order* (ECF No. 217), including for abuse of his CM/ECF privileges. The Court took judicial notice of the August 27, 2025 hearing in the related Adv. Proc. 25-05040-mmp, the August 27, 2025 hearing in *In re Meandering Bend, LLC* (Case No. 25-51814-mmp) (before it was transferred to Judge Robinson), the docket in Adv. Proc. 25-05040-mmp, the docket in this bankruptcy case, the docket in *In re Meandering Bend, LLC* (Case No. 25-11334-smr), the docket in *In re Jetall Companies* (Bankr. S.D. Tex. Case No. 24-35761), and the docket in *In re Galleria 2425 Owner, LLC* (Bankr. S.D. Tex. Case No. 23-34815). The Court **FINDS**:

1. On August 27, 2025, Mr. Rayome appeared remotely by Zoom for a hearing in *In re Meandering Bend, LLC* (Case No. 25-51814-mmp). At the end of the hearing, Mr. Rayome orally asked the Court to allow him to appear remotely for a sanctions hearing in Adv. Proc. 25-05040-mmp despite his untimely request for such appearance. He represented to the Court that for medical reasons *he could not drive himself* from Houston to San Antonio for the hearing. After the Court denied his request, Mr. Rayome appeared in person for the sanctions hearing later that afternoon and told the Court that someone had driven him from Houston to the San Antonio courthouse. As outlined in the Court's subsequent *Order to Appear and Show Cause* (Adv. Proc. 25-05040-mmp at ECF No. 103), the next day the Court learned (through interviews with the Court's Security Officer ("CSO") and Courtroom Deputy) that Mr. Rayome in fact drove himself to the August 27 hearing in Adv. Proc. 25-05040-mmp, and then without permission and despite signage and a metal gate prohibiting it, parked his car in the federal parking garage behind the courthouse reserved for federal employees only. Because vehicles cannot exit the parking garage without a key card, a CSO had to escort Mr. Rayome into the federal parking garage that evening, open the gate with the CSO's key card, and watch Mr. Rayome drive away in his car.

2. On August 26–27, 2025, Mr. Rayome—on behalf of Milestone Capital 1, LLC and Otisco RDX, LLC and using his CM/ECF credentials—filed a series of motions to dismiss in this bankruptcy case:

    2.1. *Milestone Capital 1, LLC, and Otisco RDX, LLC's Emergency Motion to Dismiss Bankruptcy Case* (ECF No. 205);

    2.2. *Milestone Capital 1, LLC, and Otisco RDX, LLC's Emergency Motion to Dismiss Bankruptcy Case* (ECF No. 206); and

    2.3. *Milestone Capital 1, LLC, and Otisco RDX, LLC's Amended Emergency Motion to Dismiss Bankruptcy Case* (ECF No. 207).

    Docket 206 purports to amend docket 205, and docket 207 purports to amend docket 206, but that is not immediately apparent from their respective titles. Only docket 207 includes *Amended* in its title, and dockets 205 and 206 are titled identically. But it is clear dockets 205, 206, and 207 all request similar relief.

    Dockets 205 and 206 show the signatures of *both* Mr. Rayome and Mr. Steven G. Cennamo, a statement in the Certificate of Conference that "Counsel Steve Cennamo contacted Mr. Hirsch . . . regarding the Motion," and a signature from Mr. Cennamo on the Certificate of Service.

    Although substantially similar to docket 206, docket 207 removes Mr. Cennamo's signature from the motion but continues to assert in the Certificate of Conference that "Counsel Steve Cennamo contacted Mr. Hirsch . . . regarding the Motion" and continues to have Mr. Cennamo's signature on the Certificate of Service.

    In the Debtor's Motion to Strike Dockets 206 and 207 (ECF No. 212), Kyle Hirsch

states that he asked Mr. Cennamo about the Certificates of Conference attached to dockets 205–207. Docket 212 notes that Mr. Cennamo responded to Mr. Hirsch with the following:

> This [dockets 205–207] is something Ali and Justin have done. I saw the MTD in court yesterday on Ali's laptop and was shocked to see my name on it. I never agreed to file the Motion nor saw it before it was filed. I was told it would be amended to delete me. Nor have I seen or reviewed any amendment or agreed with the contents of any amendment.

*See* Email from Steven Cennamo to Kyle Hirsch (Aug. 28, 2025, 11:23 AM) (ECF No. 212-1).

3. In Adv. Proc. 25-05040-mmp, Plaintiff Otisco RDX, LLC filed an *Amended Motion to Reconsider Order Granting Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment and Plaintiff's Request for Leave to Amend* (Adv. Proc. 25-05040-mmp at ECF No. 44), suggesting that Mr. Rayome was unable to practice law after he checked into a substance abuse rehabilitation center on May 27, 2025.

   On May 27, 2025, Mr. Rayome filed four documents in *In re Jetall Companies* (Bankr. S.D. Tex. Case No. 24-35761-jpn):

   3.1. *Notice of Appeal* (Bankr. S.D. Tex. Case No. 24-35761-jpn at ECF No. 246).

   3.2. *Notice of Appeal* (Bankr. S.D. Tex. Case No. 24-35761-jpn at ECF No. 247).

   3.3. *Notice of Appeal* (Bankr. S.D. Tex. Case No. 24-35761-jpn at ECF No. 248).

   3.4. *Notice of Appeal* (Bankr. S.D. Tex. Case No. 24-35761-jpn at ECF No. 249).

   On May 28, 2025, Mr. Rayome filed another document in *In re Jetall Companies*:

   3.5. *Notice of Appeal* (Bankr. S.D. Tex. Case No. 24-35761-jpn at ECF No. 250).

   On May 28, 2025, Mr. Rayome filed a document in *In re Galleria 2425 Owner, LLC* (Bankr. S.D. Tex. Case No. 23-34815):

   3.6. *Notice of Appeal* (Bankr. S.D. Tex. Case No. 23-34815-jpn at ECF No. 1037).

   Also in Adv. Proc. 25-05040-mmp, Mr. Rayome filed a *Motion for Continuance of Show Cause Hearing (ECF 103) Due to Counsel's Hospitalization* (Adv. Proc. 25-

05040-mmp at ECF No. 112), again suggesting that he is unable to practice law because he is checked into a medical facility for substance-abuse rehabilitation. He alleged that he would be "unavailable to attend the Court's show[-]cause hearing" because he "was hospitalized on Friday, September 12, 2025[,] and will remain under a physician's care until at least October 20, 2025."

The Court issued an *Order Conditionally Granting Motion for Continuance of Show Cause Hearing (ECF 103)* (Adv. Proc. 25-05040-mmp at ECF No. 115) on September 23, 2025, granting Mr. Rayome's motion only on the condition that he file a certification with the Court that he has suspended his practice of law since September 12, 2025, and that he will continue not to practice law until he is discharged from the hospital. Mr. Rayome did not file a certification before the September 24, 2025 show-cause hearing. Instead, Mr. Rayome signed and filed the following motion on the evening before the show-cause hearing at 11:46 PM:

    3.7. *Motion for Reconsideration of the Court's Order Converting Case to a Case Under Chapter 7* (Case No. 25-11334-smr at ECF No. 72).

The Court notes that Mr. Rayome did not file a continuance motion with respect to the Court's *Order to Appear and Show Cause* (ECF No. 217) in this bankruptcy case, set for the same time as docket 103 in Adv. Proc. 25-05040-mmp. In this bankruptcy case, the Court ordered Mr. Rayome to appear and show cause why he should not be sanctioned for abusing his CM/ECF privileges, including signing Mr. Cennamo's name to motions without permission. The Court's conditional continuance in Adv. Proc. 25-05040-mmp did not affect this case's show-cause order, and the Court held a hearing as scheduled on September 24, 2025.

4. Mr. Rayome has repeatedly been less than honest with the Court. Mr. Rayome has repeatedly abused his filing privileges by signing co-counsel's name without permission on motions he filed and by filing multiple similar motions without identifying how the motions relate to each other.

The Court has determined that, as an appropriate sanction, Mr. Rayome should be prohibited from filing any document in the Western District of Texas unless the document is *filed and co-signed* by Mr. Cennamo, an attorney who is board certified in business bankruptcy, or an attorney who is otherwise approved by the court in which the matter is pending. The Court therefore **WITHDRAWS** its *Order to Appear and Show Cause* (ECF No. 217) and **ORDERS**:

1. Justin Rayome, Texas Bar No. 24130709, is barred from filing any document in the Western District of Texas unless the document is *filed and co-signed* by either Mr. Cennamo or an attorney other than Mr. Rayome who:

    1.1. holds an active certification in Business Bankruptcy Law from the Texas

Board of Legal Specialization;

1.2. holds an active certification in Business Bankruptcy from the American Board of Certification; or

1.3. is otherwise approved by the court in which the matter is pending.

Mr. Rayome may seek court approval under ¶ 1.3 by filing a motion that is not co-signed as ordered.

2. This bar against filing shall remain in effect until the later of:

2.1. One year from this *Order*; or

2.2. The final resolution of this bankruptcy case and all its related cases.

3. By no later than September 30, 2025, Mr. Rayome must file a copy of this *Order* in each case in which he is counsel in the Western District of Texas. While this *Order* remains in effect, Mr. Rayome must file a copy of this *Order* in each case in the Western District of Texas in which he becomes counsel after today within three days of becoming counsel on that case.

# # #