24-10119-smr Doc#984 Filed 10/09/25 Entered 10/09/25 10:03:47 Main Document Pg 1 of 11

8/11/2025 4:00 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 104186724
By: Jessica Pannell
Filed: 8/11/2025 4:00 AM

CAUSE NO. 2012-27197-A

| | | |
|---|---|---|
| MOKARAM-LATIF WEST LOOP, LTD. § | | IN THE DISTRICT COURT |
|     *Plaintiff,* § | | |
| § | | |
| vs. § | | HARRIS COUNTY, TEXAS |
| § | | |
| ALI CHOUDHRI, § | | |
|     *Defendant.* § | | 333RD JUDICIAL DISTRICT |

## CHOUDHRI SUPERSEDEAS WITH ALTERNATIVE SECURITY

TO THE HON. RANDY WILSON:

Defendant Ali Choudhri ("Choudhri") files this supersedeas using alternative security valued at more than $6,656,771 to stay all enforcement of this case, including to stay all authority of the court appointed receiver to take any action or to attempt to stop any action by Choudhri.

## I.    FACTUAL BACKGROUND

***Phase I Final Judgment* orders Defendants to pay Choudhri more than $600,000 and turn over 50% of Beal Bank Building, but they ignore the order.**

1.    On January 13, 2016, the Court signs *Phase I Final Judgment* in cause 2012-27197 that includes the following[1]:

a.    Defendant Ali Mokaram ("Mokaram") owes Choudhri $50,000 in damages plus 5% prejudgment simple interest for about 3 years = $57,500 * 5% post-judgment interest compounded annually = at least $89,201 plus 5% post-judgment interest compounded annually = at least $132,000.

---

[1] Exhibit 1 *Phase I Final Judgment* as if set out here.

*CHOUDHRI SUPERSEDEAS WITH ALTERNATIVE SECURITY*     Page 1 of 11

EXHIBIT 2
Page 1 of 11

b. Mokaram and Defendant Osama Abdullatif ("Abdullatif") jointly and severally owe Choudhri $413,879 in attorney fees and costs * 5% post-judgment interest compounded annually = at least $642,062.

c. Mokaram and Abdullatif jointly and severally owe Choudhri $150,000 in attorney fees and costs for Chaudhri winning the appeal * 5% post-judgment interest = at least $232,699.

d. Since October 29, 2010, Choudhri owns 49.5% of Mokaram Latiff West Loop, Ltd., including all "beneficial rights and interest in the Beal Bank entities that flow from such interest."

e. Since October 29, 2010, Choudhri owns 50% of Mokaram Latiff General, LLC, including all "beneficial rights and interest in the Beal Bank entities that flow from such interest."

f. The "only other owner of interest" is Osama Abdullatif "whose ownership interest in these entities is equal to that of Choudhri from and after October 29, 2010."

g. To date nobody has paid Choudhri one dime of the money ordered to be paid to Choudhri, which continues to accrue at 5% compounded annually.

**Beal Bank Building is appraised for $23,000,000.[2]**

2. That same day, Jack W. Bass II, MAI, values the Beal Bank Building at $23,000,000. At a minimum per the Phase I Final Judgment, Choudhri owns an

---

[2] Exhibit 2 Beal Bank Building appraisal as if set out here.

*CHOUDHRI SUPERSEDEAS WITH ALTERNATIVE SECURITY* Page 2 of 11

EXHIBIT 2
Page 2 of 11

$11,385,000 interest in the Beal Bank Building either directly or through Mokaram Latif West loop, Ltd., or Mokaram Latif General, LLC.

3. Besides owning half of the $23,000,000 Beal Bank Building, Abdullatif owes Choudhri half of accrued net rents since at least October 29, 2010. Net rents of about $2.50 a foot * about 80,000 square feet = $2,400,000 in likely collected net rents per year. Nearly 15 years * $2,400,000 = $36,000,000 in likely collected rents.

4. But Abdullatif has not paid Choudhri one dime of his share, which would be about $18,000,000 ($36,000,000 * .5). Therefore, sans accruing interest on unpaid moneys owed Choudhri, Abdullatif owes Choudhri $36,000,000 plus accruing interest.

***Final Judgment* orders Chaudhri to pay Abdullatif $3,332,366.98.**[3]

5. On October 23, 2023, the Court signs a *Final Judgment* in cause 2012-27197-A. That judgment ordered the following:

a. Choudhri must pay Abdullatif $1,975,000 for a "material breach" of a settlement agreement and $1,357,366.98 in prejudgment interest through October 23, 2023, for a total of $3,332,366.98.

b. Choudhri is ordered to pay maximum lawful post-judgment interest on the $3,332,366.98 award. But the post-judgment interest amount is ambiguous because the maximum rate changes monthly or is tied to set contractual rate, but neither is clearly stated in the *Final Judgment*. Nor does it state whether the interest in simple or compound.

---

[3] Exhibit 3 *Final Judgement* signed 10-23-23 as if set out here.

Unofficial Copy Office of Marilyn Burgess District Clerk

**Court signs order setting supersedeas amount at $5,016,886.53.**[4]

6. On March 6, 2025, the Court signs an order denying Choudhri's prior supersedeas in cause 2012-27197-A that finds or orders the following:

a. Each judgment debtor "failed to file net worth affidavits in compliance with TRAP 24.2(c)(1)."

b. Compensatory damages from the *Final Judgment* are $1,975,000 plus accrued interest of $3,041,886.53 for a total amount to supersede of $5,016,886.53.

c. But the interest is miscalculated. On October 23, 2023, the total amount due was listed in the *Final Judgment* is $3,332,366.98. Even at 8% interest, the post-judgment interest due would be less than $520,000.

d. So, Choudhri's amount to supersede through today should be no more than $3,332,366.98 from *Final Judgment* date of October 23, 2025 + post-judgment interest of less than $520,000 = no more than $3,853,000.

e. Add a year's worth of interest for the next 12 months at 8% interest, and the additional interest = no more than $308,240.

f. Therefore, the maximum amount that Choudhri could mathematically have to supersede is no more than $4,161,240.

g. That does not take into effect the supersedeas amount may not be required to exceed one-half Choudhri's net worth or that the Court may lower the amount to avoid causing substantial economic harm to Choudhri.

---

[4] Exhibit 4 Supersedeas order signed 3-6-25 as if set out here.

*CHOUDHRI SUPERSEDEAS WITH ALTERNATIVE SECURITY*   Page 4 of 11

EXHIBIT 2
Page 4 of 11

**Alternative security exceeds court-ordered supersedeas amount.**

7. On August 11, 2025, Choudhri will deposit with the Harris County Clerk $10 plus assign the alternative security, which includes the following:

a. $132,000+ judgment, which includes estimated accrued interest, owed by Mokaram from the *Phase I Final Judgment* in cause 2012-27197,

b. $642,062+ judgment, which includes estimated accrued interest, owed jointly and severally by Mokaram and Abdullatif from the *Phase I Final Judgment* in cause 2012-27197,

c. $232,699+ judgment, which includes accrued interest, owed jointly and severally by Mokaram and Abdullatif from the *Phase I Final Judgment* in cause 2012-27197,

d. One-fourth of $18,000,000+ of the unpaid net rent, which does not include accruing interest, that Abdullatif owes Choudhri,

e. One-tenth of Choudhri's 49.5% interest in Mokaram Latiff West Loop, Ltd., including all "beneficial rights and interest in the Beal Bank entities that flow from such interest" and Choudhri's 50% interest in Mokaram Latiff General, LLC, including all "beneficial rights and interest in the Beal Bank entities that flow from such interest," which are worth at least $11,500,000.

8. Despite the above assets, Choudhri's total net worth is less than $10,000,000 based on debts and other litigation.

9. The alternative security is supported by an appraisal establishing the Beal Bank Building's estimated value.

10. The alternative security and cash deposit may only be distributed to Abdullatif if the following events occur on appeal: (1) The appellate or, if necessary, the Supreme Court of Texas affirms the trial court's *Final Judgment*, and 2) Choudhri does not pay in cash the amount ordered by the highest court.

11. Any cash that Choudhri pays Abdullatif per the final order of the highest court, will reduce the amount of the alternative supersedeas to be distributed to Abdullatif.

12. In no event, may Abdullatif receive more value between the alternative security, the cash security, and additional cash paid to reduce the judgment.

## II. ARGUMENT AND AUTHORITIES

**Choudhri's supersedeas is effective upon filing; it stops all collections.**

13. Upon filing this supersedeas, the supersedeas is effective. Tex. R. App. P. 24.1(b)(2).

14. That means all collections efforts, including receivership authority, stop: "Enforcement of a judgment must be suspended if the judgment is superseded." Tex. R. App. P. 24.1(f). "Enforcement begun before the judgment is superseded must cease when the judgment is superseded." *Id*.

15. The amount of the supersedeas here must "equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment." Tex. R. App. P. 24.2(a)(1). The Court says that amount is $5,016,886.53 on March 6, 2025, but that amount should be no more than $4,161,240 based on the October 23, 2023, *Final Judgment*.

**Amount must be lowered to not cause Choudhri substantial economic harm.**

16. "The trial court must lower the amount of security required by (a) to an amount that will not cause the judgment debtor substantial economic harm if, after notice to all parties and a hearing, the court finds that posting a bond, deposit, or security in the amount required by (a) is likely to cause the judgment debtor substantial economic harm." Tex. R. App. P. 24.2(b); see also Tex. Civ. P. & Rem. Code § 52.006(c).

17. The Court should significantly lower the supersedeas amount because Choudhri does not have the assets to liquidate because virtually all his assets are illiquid or tied up in litigation, which also make them illiquid.

18. Choudhri also does not have the ability to borrow substantial funds based on the litigation or illiquid assets.

19. So to liquidate assets to pay the current supersedeas amount would cause Choudhri substantial economic harm.

20. Therefore, the amount should be lowered to no more than $1,000.

**At least two rules or statutes support Choudhri using alternative security.**

21. Notwithstanding, Choudhri's need to lower the supersedeas amount as discussed above, Choudhri is willing to post alternative security that exceeds the amount the Court has ordered.

22. Appellate courts recognize that trial courts retain discretion to approve alternative security arrangements regardless of the net worth of the judgment debtor. *In re Kay*, 715 S.W.3d 747, 749 (Tex. 2025).[5]

**Option 1**

23. If a judgment debtor has a net worth of less than $10,000,000, and posting the amount necessary to otherwise supersede the appealed judgment "would require the judgment debtor to substantially liquidate the judgment debtor's interests in real or personal property necessary to the normal course of the judgment debtor's business, the trial court shall allow the judgment debtor to post alternative security with a value sufficient to secure the judgment." Tex. Civ. P. & Rem. Code § 52.007(a-b).

24. Ali has a net worth of less than $10,000,000.

25. He does not have the ability to liquidate assets to post a supersedeas of more than $5,000,000—or even $500,000.

26. But assuming he had the ability to liquidate substantial assets, those assets are necessary for the normal course of his or his entities' real estate business.

27. Therefore, the Court should accept his alternative security that exceeds what he should be required to post in cash or by bond.

---

[5] Exhibit 5 *In re Kay*, 715 S.W.3d 747 (Tex. 2025) as if set out here.

*CHOUDHRI SUPERSEDEAS WITH ALTERNATIVE SECURITY* Page 8 of 11

**EXHIBIT 2**
**Page 8 of 11**

**Option 2**

28. "[A] judgment debtor may supersede the judgment" in multiple ways, including "providing alternate security under Rule 24.2(e) or ordered by the court." Tex. R. App. P. 24.1(a)(4).

29. A judgment debtor under Texas Rules of Appellate Procedure 24.2 using alternative security is not limited by his net worth: "We therefore hold the court of appeals erred in concluding that the alternative-security option was categorically unavailable to Kay." *In re Kay*, 715 S.W.3d 747, 751 (Tex. 2025).

30. Kay said he had a net worth of $754,373, but the 334th District Court in Harris County and the 14th Court of Appeals said his net worth was $147,000,000. *In re Kay*, 715 S.W.3d 747, 749 (Tex. 2025). The appellate court affirmed the trial court by holding that alternative security is only available to judgment debtors with a net worth under $10,000,000. *Id.* at 750.

31. Here, Choudhri may use alternative security regardless of his net worth.

32. Therefore, Choudhri is tendering $10 to the Harris County District Clerk and pledging more than $6.6 million in assets directly related the Court order that orders Mokaram and Abdullatif to pay Choudhri nearly $1 million with accumulating interest of unpaid funds plus part of the approximately $18 million in unpaid rental income due Choudhri from that same order plus part of the approximately $11.5 million of the Beal Bank Building that Choudhri owns per that same order.

### III. Conclusion

Choudhri has complied with the applicable rules for posting alternative security and files this supersedeas to stop all collection and enforcement efforts in this cause, including to stop the receiver from all related efforts during the pendency of the appeal.

This supersedeas is effective to stop all enforcement upon filing today, August 11, 2025.

Respectfully submitted,

**YABLON LAW PLLC**

*/s/ Mark P, Yablon*
Mark P. Yablon
Texas Bar No. 24100688
2777 Allen Parkway, Floor 10
Houston, Texas 77019
Office: 281-310-5813
service@yablonlaw.com
www.yablonlaw.com

and

By: */s/ Justin Rayome*

JUSTIN RAYOME
SBN: 24130709
1001 West Loop South, Suite 700
Houston, Texas 77027
214-934-9345
justin.rayome.law@gmail.com

**ATTORNEYS FOR ALI CHOUDHRI**

### Unsworn Declaration[6]

"The allegations and facts stated in the preceding document are true, correct, and within my personal knowledge. My name is Ali Choudhri. I am of sound mind and capable of making this declaration. I have reviewed this statement and related documents and exhibits, if any. I was born January 24, 1980. My address is 4521 San Felipe Street, Unit 3201, Houston, Texas 77027. I declare under penalty of perjury that the statements and facts in this unsworn declaration are true and correct."

Executed in Harris County, Texas, on August 11, 2025,

*Ali Choudhri*
Ali Choudhri

### CERTIFICATE OF SERVICE

I certify that I served this document on all counsel of record and known *pro se* parties via the E-Filing Manager or email on August 11, 2025, per Texas Rules of Civil Procedure 21a.

*/s/ Justin Rayome*
Justin Rayome

---

[6] "[A]n unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law" Tex. Civ. P. & Rem. Code § 132.001(a). This "does not apply to a lien required to be filed with a county clerk, an instrument concerning real or personal property required to be filed with a county clerk, or an oath of office or an oath required to be taken before a specified official other than a notary public." *Id*. at § 132.001(b).