## IN THE UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | ' | CASE NO. 24-10119-SMR |
| | ' | |
| 1001 WL, LLC, | | |
| | | |
| DEBTOR | ' | CHAPTER 11 |

**Hearing Held: October 9, 2025**
**Hearing Time: 9:30 A.M.**

---

### *CORRECTED* RESPONSE TO MOTION OF TRAVIS VARGO, STATE COURT APPOINTED RECEIVER, TO SHOW AUTHORITY OF CAVAZOS HENDRICKS POIROT, P.C., INCLUDING LYNDEL VARGAS, TO REPRESENT ALI CHOUDHRI, BDFI, LLC, GALLERIA LOOP NOTE HOLDER, LLC, AND JETALL CAPITAL, LLC AND TO STRIKE PLEADINGS

**TO THE HONORABLE SHAD M. ROBINSON,**
**UNITED STATES BANKRUPTCY JUDGE:**

Lyndel Anne Vargas, of Cavazos Hendricks Poirot, P.C. ("CHP"), and attorney for Parties-in-Interest Ali Choudhri, hereby submits her *Corrected* Response to the *Motion of Travis Vargo, State Court Appointed Receiver, To Show Authority Of Justin Rayome and Cavazos Hendricks Poirot, P.C., Including Lyndel Vargas, To Represent Ali Choudhri, BDFI, LLC, Galleria Loop Note Holder, LLC, and Jetall Capital, LLC and to Strike Pleadings* [ECF No. 970]. Although this Court went forward with the hearing on the Receiver's Motion based on the original Response, I was asked to submit a corrected copy as myself and our law firm represented different entities in the different bankruptcies that Mr. Choudhri had hired us in.

<u>PRELIMINARY STATEMENT</u>

As attested to by Lyndel Anne Vargas, a shareholder and attorney with Cavazos Hendricks Poirot, PC ("CHP") in the attached Affidavit, due diligence was done before Ms. Vargas took on the engagement of Ali Choudhri and Dalio Holdings I, of which Mr. Choudhri is a manager and holds a majority interest. is not, to CHP's knowledge, covered by the

Receivership Order. However, Mr. Choudhri's interest in Milestone is within the Receivership Order.

Exhibit 1 shows the communications with the Receiver by Bankruptcy Counsel, Kell Mercer, which clarified that the Receiver was acting in the role as "observer" at that time and did not express any problem with Mr. Mercer representing these limited liability companies in the bankruptcy courts.

Regardless of the change in the Receiver's position, however, all collection action on the A and D judgments, including the Receivership Order, had since been stayed as a matter of law on August 13, 2025, and thus representation of the rights of these entities in this bankruptcy proceeding is entirely proper. The actions of CHP are seeking to preserve legal rights of  Mr. Choudhri and Dalio Holdings 1. LLC as former counsel of record back in April, when the Receivership Order was entered, had been doing for months previously without objection by the Receiver.

### THE SUPERSEDEAS BOND FILED AUGUST 11, 2025, STAYED ALL COLLECTION ACTION ARISING FROM THE STATE COURT A AND D AMENDED ORDER GRANTING TURNOVER, CHARGING ORDER AND APPOINTMENT OF RECEIVER AND THE ABILITY OF THE RECEIVER TO PROCEED UNDER THE RECEIVERSHIP ORDER

Receivers' counsel is wrong on the law here.  The evidence will show (and Receiver has admitted) that Ali Choudhri and other judgment debtors had provided net worth affidavits which the Honorable Randy Wilson of the 333d Judicial District in Harris County, Texas found insufficient in his Order of March 7, 2025.  [See Receiver's Ex. 1 attached to his Motion] That Order also, however, set forth the amount of the "Security Required to Supersede the Judgments" Thereafter, judgment debtors hired legal counsel to confer, prepare and posted the Supersedeas With Alternative Security (Movant's Ex. 2) which met the State Court's express requirements and thus stayed all collection activity, as a matter of law.

**Corrected Response to Motion of Receiver to Show Authority**

Rule 24.1(a) (4) of the Texas Rules of Appellate Procedure (applicable here as the A and D judgements have been appealed) provides that a debtor may supersede the judgment by providing alternative security ordered by the court.  The Order of March 6, 2025, set forth what was necessary and the Supersedeas With Alternate Security was filed August 13, 2025, prior to the engagement of CHP, thus staying the judgments.

What Receiver's counsel is overlooking is Subsection (f) of Rule 24.1 which states in relevant part as follows:

> (f) *Effect of Supersedeas*. Enforcement of a judgment must be suspended if the judgment is superseded.  Enforcement of a judgment begun before the judgment is superseded must cease when the judgment is superseded….

**COUNSEL OF RECORD FOR THE RECEIVER HAS ALSO ADMITTED IN NUMBEROUS BANKRUPTCY COURT PROCEEDINGS THAT SHE NEEDS TO GO BACK TO THE STATE COURT AND HAS ONLY BEEN GRANTED STAY RELIEF FOR THAT LIMITED PURPOSE.**

Attorney Vargas of CHP entered her appearance in this case on September 4, 2025, as former counsel of record for OTISCO and Milestone had filed a motion to withdraw which was set to be heard on September 5, 2025.  Former counsel, Rob Smeberg's representation of these entities had not been challenged by the Receiver. That same day this Court conducted an expedited hearing on Receiver's Motion for Relief from stay in the case of In Re Texas REIT, LLC. (Case No. 24-10120) before the Honorable Judge Shad M Robinson and at that hearing Attorney Vargas raised objections based upon the stay of enforcement action by the Receiver of the A&D Judgments.  On September 12, 2024, Judge Robinson granted very limited relief. Specifically, the Receiver was permitted to go back to the State Court to seek a determination regarding his allegations of the right to control the operations of the limited liability companies, to seek modification of the Receivership Order and confirm whether the receivership was active in light of the arguments of judgment debtors. That Order ( a copy of which is also attached as Exhibit 3 and for which judicial notice of the same is requested) further ordered that "nothing

contained herein terminates or modifies the automatic stay to permit the Receiver to seek to recover and/or exercise control over property of the estate unless authorized by further court order." Counsel to the Receiver here has been disingenuous in her arguments as her actions to seek to remove counsel for Mr. Choudhri and several limited liability entities he manages and has a membership interests in, in an attempt to exercise authority that her cleint has no legal basis at this time to assert.

Similar limited motions for relief from the stay to go back to the State Court for guidance were brought and similarly granted for that limited purpose in several bankruptcy matters here in the Western District. The Receiver's Motion here is acting outside his authority.

Most recently in the case of Meandering Bend, LLC (Case No25-11334-SMR) in which CHP is <u>not</u> involved, counsel for the Receiver asked for authority to act under the Receivership Order which Judge Rodriguez declined to give her.

Unfortunately, the failure to object to Attorneys Mercer and Smeberg, representing the same entities, appears to be more than a coincidence. Unlike prior counsel, CHP obtained evidence that Ms. Luttrell's law firm was disqualified from representing the Receiver due to an attorney in her firm who had represented Mr. Choudhri for over a year. She has now presented the same to the Court due to the unwillingness of Attorney Luttrell to acknowledge their violation of the Rules of Professional Conduct. That, likely, has something to do with the show cause requested.

Dated: October 17, 2025

Respectfully submitted,

*/s/ Lyndel Anne Vargas*
Lyndel Anne Vargas
State Bar No. 24058913
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202
Direct Dial: (214) 573-7344
Fax: (214) 573-7399
Email: LVargas@chfirm.com

Attorneys for Ali Choudhri and Dalio Holdings, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the 17th day of October 2025 by electronic transmission through the Court's automated Case Management and Electronic Docketing System for the U. S. Bankruptcy Court for the Western District of Texas on all parties-in-interest submitting to service of papers in this case by said means.

Respectfully submitted,

*s/ Lyndel Anne Vargas*
Lyndel Anne Vargas

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

IN RE: 1001 WL, LLC        '        CASE NO. 24-10119-SMR

      and

TEXAS REIT, LLC            CASE NO. 24-10120-SMR

                  '

                  '        CHAPTER 11

                  **Hearing Date:**
                     October 8, 2025
                  **Hearing Time:** 10:00 a.m. CST

---

## *CORRECTED* <u>AFFIDAVIT OF LYNDEL ANNE VARGAS</u>

     1.      I, Lyndel Anne Vargas, and a shareholder of Cavazos Hendricks Poirot, P.C. and presently counsel of record for Mr. Ali Choudhri and Dalio Holdings, 1 in the main cases of 1001 WL, LLC and Texas REIT, LLC regarding the challenge to the bid procedures and sale.

     2.      I am providing this Sworn Affidavit as evidence in response to the Show Cause Order issued this week in these proceedings.

     3.      I am over the age of 18 and declare under penalty of perjury of the laws of the United States of America that the statements in this Sworn Affidavit are true and correct.

     4.      I am in my 40th year of practice with my main focus in Business Bankruptcy matters. I am a shareholder and attorney with Cavazos Hendricks Poirot, PC ("CHP") and when contacted at the beginning of September , 2025, did my own due diligence, in addition to our conflicts check, before agreeing to take on the engagement as counsel for Otisco (a limited liability company solely owned by Shanaz Choudhri, who is not a judgment debtor) and Milestone Capital CRE 1, LLC, a

limited liability company owned by Ali Choudhri. In certain instances I have also been asked to represent Mr. Choudhri personally and Dalio Holdings I, LLC in the Texas REIT case after Dalio's bankruptcy was dismissed. I had learned that Mr. Ali Choudri was managing limited liability companies, including Otisco, and their interests in several bankruptcy proceedings. However, since his mother owned Otisco, I spoke with her personal legal counsel and with her to verify the desire to engage our firm and to verify the authority of Mr. Choudhri to direct me for both entities.

5.     I learned of the A and D judgements and also spoke with both counsel familiar with the merits of the pending appeal and counsel who had obtained the stay of collection efforts due to the posting of the Supersedeas Bond With Alternative Security.

6.     Although the Amended Order Granting Turnover, Charging Order and Appointment of Receiver Against Judgment Debtor entered April 9, 2025 (hereinafter "the Receivership Order") listed OTISCO on the second page, it is in reference to "each limited liability company in which Choudhri owns membership interest". Thus, OTICSO is not, to CHP's knowledge, covered by the Receivership Order. However, Mr. Choudhri's interest in Milestone and Dalio is within the Receivership Order.

7.     Exhibit 1 shows the communications with the Receiver by Bankruptcy Counsel, Kell Mercer, which clarified that the Receiver was acting in the role as "observer" at that time and did not express any problem with Mr. Mercer representing these limited liability companies in the bankruptcy courts.

8.     Regardless of the change in the Receiver's position, however, all collection action on the A and D judgments, including the Receivership Order, I confirmed had since been stayed as a matter of law on August 11, 2025, and thus representation of the rights of these entities in this bankruptcy proceeding is entirely proper.

9. The actions of CHP are seeking to preserve legal rights of the entities as former counsel of record back in April, when the Receivership Order was entered, had been doing for months previously without objection by the Receiver.

10. A good portion of my practice entails representing fiduciaries, Trustees and Receivers, and I would never intentionally violate a receivership order nor counsel a client to do so.

11. To my knowledge Receiver's counsel is wrong on the law here. The evidence will show, and the Receiver has admitted, that Ali Choudhri and other judgment debtors had provided net worth affidavits which the Honorable Randy Wilson of the 333d Judicial District in the Harris County, Texas found insufficient in his Order of March 7, 2025. [See Receiver's Ex. 1 attached to his Motion] That Order also, however, set forth the amount of the "Security Required to Supersede the Judgments" Thereafter, judgment debtors hired legal counsel to confer, prepare and posted the Supersedeas With Alternative Security (Movant's Ex. 2) which met the State Court's express requirements and thus stayed all collection activity, as a matter of law.

12. On its face Rule 24.1(a) (4) of the Texas Rules of Appellate Procedure is clear and applicable here as the A and D judgements have been appealed. The Supersedeas With Alternate Security were filed on August 11, and 13, 2025, respectively, prior to the engagement of CHP, thus staying any enforcement or collection on the judgments.

13. I entered my appearance in the RIC Lavernia case on September 4, 2025, as former counsel of record for OTISCO and Milestone had filed a motion to withdraw which was set to be heard on September 5, 2025. Former counsel, Rob Smeberg's representation of these entities had not been challenged by the Receiver. That same day this Court conducted an expedited hearing on Receiver's Motion for Relief from stay in the case of In Re Texas REIT, LLC. (Case No. 24-10120) before the Honorable Judge Shad M Robinson and at that hearing, on behalf of Mr. Choudhri as an

interested party, raised objections based upon the stay of enforcement action by the Receiver of the A&D Judgments. On September 12, 2024, Judge Robinson entered his order granting very limited relief. Specifically, the Receiver was permitted to go back to the State Court to seek a determination regarding his allegations of the right to control the operations of the limited liability companies, to seek modification of the Receivership Order and confirm whether the receivership was active in light of the arguments of judgment debtors. That Order (a copy of which is also attached as Exhibit 3 and for which judicial notice of the same is requested) further ordered that "nothing contained herein terminates or modifies the automatic stay to permit the Receiver to seek to recover and/or exercise control over property of the estate unless authorized by further court order." Counsel to the Receiver here has been disingenuous in her arguments as her actions to seek to remove counsel for Mr. Choudhri, OTISCO and Milestone and Dalio is precisely an attempt to exercise authority that she has no legal basis at this time to assert.

14. Similar limited motions for relief from the stay to go back to the State Court for guidance were brought and similarly granted for that *limited purpose* in several bankruptcy matters here in the Western District. The Receiver's Motion here is acting outside his authority.

15. Unfortunately, the failure to object to Attorneys Mercer and Smeberg, representing Mr. Choudri and the same entities, appears to be more than a coincidence. Unlike prior counsel, CHP obtained evidence that Ms. Luttrell's law firm appeared to be disqualified from representing the Receiver due to an attorney in her firm who had represented Mr. Choudhri for over a year. I personally sent her that evidence and asked her law firm to withdraw due to conflicts. I believe it is likely that her emergency request for a show cause is related to this challenge to her firm's action

Further Affiant sayeth not.

_____
Lyndel Anne Vargas

SUBSCRIBED and SWORN TO before me on this 9th day of October, 2025.



_____
Notary Public, State of Texas

My Commission Expires: October 8, 2028

---

---------- Forwarded message ---------
From: **Kell Mercer** <kell.mercer@mercer-law-pc.com>
Date: Fri, May 2, 2025 at 9:09 AM
Subject: Fwd: Receivership Issues
To: Ali Choudhri <ali@jetallcapital.com>


See the below.

---------- Forwarded message ---------
From: **Travis Vargo** <tvargo@vargolawfirm.com>
Date: Fri, Apr 4, 2025 at 10:20 AM
Subject: RE: Receivership Issues
To: Kell Mercer <kell.mercer@mercer-law-pc.com>

EXHIBIT 1
Page 1 of 3

Kell,

The Order speaks for itself.  However, I read and the law is that Receiver has a charging order over the LLCs **only**.  I do **not** direct the acts and conduct of following entities and their lawyers:

1. Milestone Capital CRE 1, LLC
2. Galleria Loop Noteholder, LLC
3. BDFI, LLC

I am allowed to monitor.  Two cases on point are Klinek (672 SW3d 830) and Pajooh (518 SW3d 557).  To that end, at your earliest convenience, please kindly provide me copies of the governance documents for these entities.

Travis B. Vargo
Court Appointed Receiver
(713) 524-2441 - Office
(832) 779-8838 - Fax

---

**From:** Kell Mercer <kell.mercer@mercer-law-pc.com>
**Sent:** Friday, April 4, 2025 8:01 AM
**To:** Travis Vargo <tvargo@vargolawfirm.com>
**Subject:** Re: Receivership Issues

I pulled the second myself this morning. Given deadlines in matters in which I represent the below identified entities, I need to know your position asap on Milestone, Galleria North Loop, and BDFI.

On Fri, Apr 4, 2025 at 7:58 AM Travis Vargo <tvargo@vargolawfirm.com> wrote:

> Thank you for reaching out.
>
> I will get you a copy of both orders this morning.
>
> Sent from my iPhone
>
>
> > On Apr 3, 2025, at 7:37 PM, Kell Mercer <kell.mercer@mercer-law-pc.com> wrote:
> >
> > Travis,
> >
> > I have seen the receivership order in "D". I understand there is another.

**EXHIBIT 1**
**Page 2 of 3**

Please advise if you direct the acts and conduct of following entities and their lawyers:

1. Milestone Capital CRE 1, LLC
2. Galleria Loop Noteholder, LLC
3. BDFI, LLC

I do not wish to violate any court orders.

Thank you,

Kell

(512) 767-3214 (mobile)

**EXHIBIT 1**
**Page 3 of 3**

8/11/2025 4:00 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 104186724
By: Jessica Pannell
Filed: 8/11/2025 4:00 AM

## CAUSE NO. 2012-27197-A

| | | |
|---|---|---|
| MOKARAM-LATIF WEST LOOP, LTD. § | | IN THE DISTRICT COURT |
| *Plaintiff,* § | | |
| § | | |
| vs. § | | HARRIS COUNTY, TEXAS |
| § | | |
| ALI CHOUDHRI, § | | |
| *Defendant.* § | | 333RD JUDICIAL DISTRICT |

### CHOUDHRI SUPERSEDEAS WITH ALTERNATIVE SECURITY

TO THE HON. RANDY WILSON:

Defendant Ali Choudhri ("Choudhri") files this supersedeas using alternative security valued at more than $6,656,771 to stay all enforcement of this case, including to stay all authority of the court appointed receiver to take any action or to attempt to stop any action by Choudhri.

## I.     FACTUAL BACKGROUND

***Phase I Final Judgment* orders Defendants to pay Choudhri more than $600,000 and turn over 50% of Beal Bank Building, but they ignore the order.**

1.     On January 13, 2016, the Court signs *Phase I Final Judgment* in cause 2012-27197 that includes the following[1]:

a.     Defendant Ali Mokaram ("Mokaram") owes Choudhri $50,000 in damages plus 5% prejudgment simple interest for about 3 years = $57,500 * 5% post-judgment interest compounded annually = at least $89,201 plus 5% post-judgment interest compounded annually = at least $132,000.

---

[1] Exhibit 1 *Phase I Final Judgment* as if set out here.

*CHOUDHRI SUPERSEDEAS WITH ALTERNATIVE SECURITY*   Page 1 of 11

**EXHIBIT 2**
**Page 1 of 11**

b.      Mokaram and Defendant Osama Abdullatif ("Abdullatif") jointly and severally owe Choudhri $413,879 in attorney fees and costs * 5% post-judgment interest compounded annually = at least $642,062.

c.      Mokaram and Abdullatif jointly and severally owe Choudhri $150,000 in attorney fees and costs for Chaudhri winning the appeal * 5% post-judgment interest = at least $232,699.

d.      Since October 29, 2010, Choudhri owns 49.5% of Mokaram Latiff West Loop, Ltd., including all "beneficial rights and interest in the Beal Bank entities that flow from such interest."

e.      Since October 29, 2010, Choudhri owns 50% of Mokaram Latiff General, LLC, including all "beneficial rights and interest in the Beal Bank entities that flow from such interest."

f.      The "only other owner of interest" is Osama Abdullatif "whose ownership interest in these entities is equal to that of Choudhri from and after October 29, 2010."

g.      To date nobody has paid Choudhri one dime of the money ordered to be paid to Choudhri, which continues to accrue at 5% compounded annually.

**Beal Bank Building is appraised for $23,000,000.[2]**

2.      That same day, Jack W. Bass II, MAI, values the Beal Bank Building at $23,000,000. At a minimum per the Phase I Final Judgment, Choudhri owns an

---

[2] Exhibit 2 Beal Bank Building appraisal as if set out here.

*CHOUDHRI SUPERSEDEAS WITH ALTERNATIVE SECURITY*   Page 2 of 11

**EXHIBIT 2**
**Page 2 of 11**

$11,385,000 interest in the Beal Bank Building either directly or through Mokaram Latif West loop, Ltd., or Mokaram Latif General, LLC.

3.     Besides owning half of the $23,000,000 Beal Bank Building, Abdullatif owes Choudhri half of accrued net rents since at least October 29, 2010. Net rents of about $2.50 a foot * about 80,000 square feet = $2,400,000 in likely collected net rents per year. Nearly 15 years * $2,400,000 = $36,000,000 in likely collected rents.

4.     But Abdullatif has not paid Choudhri one dime of his share, which would be about $18,000,000 ($36,000,000 * .5). Therefore, sans accruing interest on unpaid moneys owed Choudhri, Abdullatif owes Choudhri $36,000,000 plus accruing interest.

**_Final Judgment_ orders Chaudhri to pay Abdullatif $3,332,366.98.[3]**

5.     On October 23, 2023, the Court signs a _Final Judgment_ in cause 2012-27197-A. That judgment ordered the following:

a.     Choudhri must pay Abdullatif $1,975,000 for a "material breach" of a settlement agreement and $1,357,366.98 in prejudgment interest through October 23, 2023, for a total of $3,332,366.98.

b.     Choudhri is ordered to pay maximum lawful post-judgment interest on the $3,332,366.98 award. But the post-judgment interest amount is ambiguous because the maximum rate changes monthly or is tied to set contractual rate, but neither is clearly stated in the _Final Judgment_. Nor does it state whether the interest in simple or compound.

---

[3] Exhibit 3 _Final Judgement_ signed 10-23-23 as if set out here.

_CHOUDHRI SUPERSEDEAS WITH ALTERNATIVE SECURITY_  Page 3 of 11

**EXHIBIT 2**
**Page 3 of 11**

**Court signs order setting supersedeas amount at $5,016,886.53.[4]**

6.      On March 6, 2025, the Court signs an order denying Choudhri's prior supersedeas in cause 2012-27197-A that finds or orders the following:

a.      Each judgment debtor "failed to file net worth affidavits in compliance with TRAP 24.2(c)(1)."

b.      Compensatory damages from the *Final Judgment* are $1,975,000 plus accrued interest of $3,041,886.53 for a total amount to supersede of $5,016,886.53.

c.      But the interest is miscalculated. On October 23, 2023, the total amount due was listed in the *Final Judgment* is $3,332,366.98. Even at 8% interest, the post-judgment interest due would be less than $520,000.

d.      So, Choudhri's amount to supersede through today should be no more than $3,332,366.98 from *Final Judgment* date of October 23, 2025 + post-judgment interest of less than $520,000 = no more than $3,853,000.

e.      Add a year's worth of interest for the next 12 months at 8% interest, and the additional interest = no more than $308,240.

f.      Therefore, the maximum amount that Choudhri could mathematically have to supersede is no more than $4,161,240.

g.      That does not take into effect the supersedeas amount may not be required to exceed one-half Choudhri's net worth or that the Court may lower the amount to avoid causing substantial economic harm to Choudhri.

---

[4] Exhibit 4 Supersedeas order signed 3-6-25 as if set out here.

**Alternative security exceeds court-ordered supersedeas amount.**

7. On August 11, 2025, Choudhri will deposit with the Harris County Clerk $10 plus assign the alternative security, which includes the following:

a. $132,000+ judgment, which includes estimated accrued interest, owed by Mokaram from the *Phase I Final Judgment* in cause 2012-27197,

b. $642,062+ judgment, which includes estimated accrued interest, owed jointly and severally by Mokaram and Abdullatif from the *Phase I Final Judgment* in cause 2012-27197,

c. $232,699+ judgment, which includes accrued interest, owed jointly and severally by Mokaram and Abdullatif from the *Phase I Final Judgment* in cause 2012-27197,

d. One-fourth of $18,000,000+ of the unpaid net rent, which does not include accruing interest, that Abdullatif owes Choudhri,

e. One-tenth of Choudhri's 49.5% interest in Mokaram Latiff West Loop, Ltd., including all "beneficial rights and interest in the Beal Bank entities that flow from such interest" and Choudhri's 50% interest in Mokaram Latiff General, LLC, including all "beneficial rights and interest in the Beal Bank entities that flow from such interest," which are worth at least $11,500,000.

8. Despite the above assets, Choudhri's total net worth is less than $10,000,000 based on debts and other litigation.

9. The alternative security is supported by an appraisal establishing the Beal Bank Building's estimated value.

*CHOUDHRI SUPERSEDEAS WITH ALTERNATIVE SECURITY* Page 5 of 11

**EXHIBIT 2**
**Page 5 of 11**

10. The alternative security and cash deposit may only be distributed to Abdullatif if the following events occur on appeal: (1) The appellate or, if necessary, the Supreme Court of Texas affirms the trial court's *Final Judgment*, and 2) Choudhri does not pay in cash the amount ordered by the highest court.

11. Any cash that Choudhri pays Abdullatif per the final order of the highest court, will reduce the amount of the alternative supersedeas to be distributed to Abdullatif.

12. In no event, may Abdullatif receive more value between the alternative security, the cash security, and additional cash paid to reduce the judgment.

## II. ARGUMENT AND AUTHORITIES

**Choudhri's supersedeas is effective upon filing; it stops all collections.**

13. Upon filing this supersedeas, the supersedeas is effective. Tex. R. App. P. 24.1(b)(2).

14. That means all collections efforts, including receivership authority, stop: "Enforcement of a judgment must be suspended if the judgment is superseded." Tex. R. App. P. 24.1(f). "Enforcement begun before the judgment is superseded must cease when the judgment is superseded." *Id*.

15. The amount of the supersedeas here must "equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment." Tex. R. App. P. 24.2(a)(1). The Court says that amount is $5,016,886.53 on March 6, 2025, but that amount should be no more than $4,161,240 based on the October 23, 2023, *Final Judgment*.

**Amount must be lowered to not cause Choudhri substantial economic harm.**

16.     "The trial court must lower the amount of security required by (a) to an amount that will not cause the judgment debtor substantial economic harm if, after notice to all parties and a hearing, the court finds that posting a bond, deposit, or security in the amount required by (a) is likely to cause the judgment debtor substantial economic harm." Tex. R. App. P. 24.2(b); see also Tex. Civ. P. & Rem. Code § 52.006(c).

17.     The Court should significantly lower the supersedeas amount because Choudhri does not have the assets to liquidate because virtually all his assets are illiquid or tied up in litigation, which also make them illiquid.

18.     Choudhri also does not have the ability to borrow substantial funds based on the litigation or illiquid assets.

19.     So to liquidate assets to pay the current supersedeas amount would cause Choudhri substantial economic harm.

20.     Therefore, the amount should be lowered to no more than $1,000.

**At least two rules or statutes support Choudhri using alternative security.**

21.     Notwithstanding, Choudhri's need to lower the supersedeas amount as discussed above, Choudhri is willing to post alternative security that exceeds the amount the Court has ordered.

22. Appellate courts recognize that trial courts retain discretion to approve alternative security arrangements regardless of the net worth of the judgment debtor. *In re Kay*, 715 S.W.3d 747, 749 (Tex. 2025).[5]

**Option 1**

23. If a judgment debtor has a net worth of less than $10,000,000, and posting the amount necessary to otherwise supersede the appealed judgment "would require the judgment debtor to substantially liquidate the judgment debtor's interests in real or personal property necessary to the normal course of the judgment debtor's business, the trial court shall allow the judgment debtor to post alternative security with a value sufficient to secure the judgment." Tex. Civ. P. & Rem. Code § 52.007(a-b).

24. Ali has a net worth of less than $10,000,000.

25. He does not have the ability to liquidate assets to post a supersedeas of more than $5,000,000—or even $500,000.

26. But assuming he had the ability to liquidate substantial assets, those assets are necessary for the normal course of his or his entities' real estate business.

27. Therefore, the Court should accept his alternative security that exceeds what he should be required to post in cash or by bond.

---

[5] Exhibit 5 *In re Kay*, 715 S.W.3d 747 (Tex. 2025) as if set out here.

*CHOUDHRI SUPERSEDEAS WITH ALTERNATIVE SECURITY*  Page 8 of 11

**EXHIBIT 2**
**Page 8 of 11**

**Option 2**

28.    "[A] judgment debtor may supersede the judgment" in multiple ways, including "providing alternate security under Rule 24.2(e) or ordered by the court." Tex. R. App. P. 24.1(a)(4).

29.    A judgment debtor under Texas Rules of Appellate Procedure 24.2 using alternative security is not limited by his net worth: "We therefore hold the court of appeals erred in concluding that the alternative-security option was categorically unavailable to Kay." *In re Kay*, 715 S.W.3d 747, 751 (Tex. 2025).

30.    Kay said he had a net worth of $754,373, but the 334th District Court in Harris County and the 14th Court of Appeals said his net worth was $147,000,000. *In re Kay*, 715 S.W.3d 747, 749 (Tex. 2025). The appellate court affirmed the trial court by holding that alternative security is only available to judgment debtors with a net worth under $10,000,000. *Id.* at 750.

31.    Here, Choudhri may use alternative security regardless of his net worth.

32.    Therefore, Choudhri is tendering $10 to the Harris County District Clerk and pledging more than $6.6 million in assets directly related the Court order that orders Mokaram and Abdullatif to pay Choudhri nearly $1 million with accumulating interest of unpaid funds plus part of the approximately $18 million in unpaid rental income due Choudhri from that same order plus part of the approximately $11.5 million of the Beal Bank Building that Choudhri owns per that same order.

### III.    Conclusion

Choudhri has complied with the applicable rules for posting alternative security and files this supersedeas to stop all collection and enforcement efforts in this cause, including to stop the receiver from all related efforts during the pendency of the appeal.

This supersedeas is effective to stop all enforcement upon filing today, August 11, 2025.

Respectfully submitted,

**YABLON LAW PLLC**

*/s/ Mark P. Yablon*
Mark P. Yablon
Texas Bar No. 24100688
2777 Allen Parkway, Floor 10
Houston, Texas 77019
Office: 281-310-5813
service@yablonlaw.com
www.yablonlaw.com

and

By: */s/ Justin Rayome*

JUSTIN RAYOME
SBN: 24130709
1001 West Loop South, Suite 700
Houston, Texas 77027
214-934-9345
justin.rayome.law@gmail.com

**ATTORNEYS FOR ALI CHOUDHRI**

*CHOUDHRI SUPERSEDEAS WITH ALTERNATIVE SECURITY*   Page 10 of 11

**EXHIBIT 2**
**Page 10 of 11**

### Unsworn Declaration[6]

"The allegations and facts stated in the preceding document are true, correct, and within my personal knowledge. My name is Ali Choudhri. I am of sound mind and capable of making this declaration. I have reviewed this statement and related documents and exhibits, if any. I was born January 24, 1980. My address is 4521 San Felipe Street, Unit 3201, Houston, Texas 77027. I declare under penalty of perjury that the statements and facts in this unsworn declaration are true and correct."

Executed in Harris County, Texas, on August 11, 2025,

*Ali Choudhri*

Ali Choudhri

### CERTIFICATE OF SERVICE

I certify that I served this document on all counsel of record and known *pro se* parties via the E-Filing Manager or email on August 11, 2025, per Texas Rules of Civil Procedure 21a.

*/s/ Justin Rayome*
Justin Rayome

---

[6] "[A]n unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law" Tex. Civ. P. & Rem. Code § 132.001(a). This "does not apply to a lien required to be filed with a county clerk, an instrument concerning real or personal property required to be filed with a county clerk, or an oath of office or an oath required to be taken before a specified official other than a notary public." *Id*. at § 132.001(b).

*CHOUDHRI SUPERSEDEAS WITH ALTERNATIVE SECURITY* Page 11 of 11

**EXHIBIT 2**
**Page 11 of 11**

Unofficial Copy Office of Marilyn Burgess District Clerk



**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: September 12, 2025**

_____

**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

---

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 24-10120-SMR** |
| **TEXAS REIT, LLC,** | § | |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

### ORDER GRANTING MOTION OF TRAVIS VARGO, COURT APPOINTED RECEIVER, FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)(1)

Came before the Court for consideration in the above bankruptcy proceeding, the _Motion for Relief from Stay for Cause Pursuant to 11 U.S.C. §362(d)(1)_ (the "Motion")[1] filed by Travis Vargo, Court Appointed Receiver (the "Receiver").[2]  Having considered the Motion, the arguments of counsel, the evidence presented, the pleadings on file, and for the reasons set forth on the record, the Court now finds that the Receiver has established sufficient cause pursuant to

---

[1] Capitalized terms used herein and not defined shall have the definition set forth in the Motion.

[2]  Travis Vargo was appointed as the Receiver of Ali Choudhri in Cause No. 2012-27197-A styled Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri, pending in the 333rd Judicial District Court of Harris County, Texas and of Ali Choudhri, Dalio Holdings I LLC, and Dalio Holdings II LLC in Cause No. 2012-27197-D styled Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle, pending in the 333rd Judicial District Court of Harris County, Texas.

**EXHIBIT 3**
**Page 1 of 3**

11 U.S.C. § 362(d)(1). The Court further finds that the automatic stay should be modified to permit the Receiver to proceed in the Receivership Court to obtain relief as hereinafter provided. In addition, the Court *sua sponte* finds that cause exists due to the limited scope of the relief requested by the Receiver. The Court issues this Order to allow the Receivership Court (or such other court with proper jurisdiction) to determine the issue of the scope of the Receivership and the authority of the Receiver. Based on the foregoing, it is therefore

**ORDERED** that the Receiver is hereby authorized to:

A. Seek and obtain a determination from the Receivership Court (or such other court with proper jurisdiction) regarding the application of *WC 4th & Colo. v. Colo. Third St., LLC*, 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025) to the Receivership Orders;

B. Seek and obtain a modification of the Receivership Orders to conform, as applicable, to *WC 4th & Colo. V. Colo. Third St., LLC*, 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025);

C. Confirm the active status of the Receivership and, as applicable, the adequacy of the purported Choudhri Motion;

D. Perform such other further relief, legal and equitable, to which TRAVIS VARGO, Court Appointed Receiver, may be justly entitled.

**IT IS FURTHER ORDERED** that the Court's findings of fact and conclusions of law as set forth on the record are incorporated herein. To the extent of a conflict, the findings of fact and conclusions of law in this Order shall supplement those on the record.

**IT IS FURTHER ORDERED** that nothing contained herein terminates or modifies the automatic stay to permit the Receiver to seek to recover and/or exercise control over property of

**EXHIBIT 3**
**Page 2 of 3**

the estate unless authorized by further order of this Court. However, this Order does not prohibit the Receiver from exercising any state court rights and/or remedies if this bankruptcy case is dismissed.

**IT IS FURTHER ORDERED** that all parties reserve any and all rights, remedies, and arguments that can be asserted in the Receivership Court (or such other court with proper jurisdiction). This Court is not ruling upon any of the issues outlined above by virtue of this Order.

**IT IS FURTHER ORDERED** that the Court is not ruling upon any other issues in this bankruptcy case by virtue of this Order.

# # #

**EXHIBIT 3**
**Page 3 of 3**