**The relief described hereinbelow is SO ORDERED.**

**Signed October 17, 2025.**

_____
**CHRISTOPHER G. BRADLEY
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 24-10119-SMR |
| | § | |
| **1001 WL, LLC,** | § | |
| | § | |
| | § | Chapter 11 |
| **Debtor.** | | |

## ORDER REGARDING MOTIONS TO SHOW AUTHORITY [ECF NOS. 837, 838, 839, 840, 970]

On July 25, 2025, Creditor TIG Romspen US Master Mortgage LP filed four motions (the "Ex Parte Motions"):

- *Ex Parte Motion to Show Authority Over Galleria Loop Note Holder, LLC* [ECF 837],
- *Ex Parte Motion to Show Authority Over BDFI, LLC* [ECF 838],
- *Ex Parte Motion to Show Authority over Jetall Capital, LLC* [ECF 839], and
- *Ex Parte Motion to Show Authority of Ali Choudhri to Litigate Individually* [ECF 840].

On October 4, 2025, Travis Vargo, the state court receiver, (the "Receiver") filed *Motion of Travis Vargo, State Court Appointed Receiver, to Show Authority of Justin Rayome and Cavazos Hendricks Poirot, P.C., including Lyndel Vargas, to Represent Ali Choudhri, BDFI, LLC, Galleria Loop Note Holder, LLC, and Jetall Capital, LLC and to Strike Pleadings* [ECF No. 970] (the "Motion to Show

1

Authority"). The Receiver also filed a motion requesting an expedited hearing on the Motion to Show Authority [ECF No. 971] (the "Motion to Expedite").

This Court granted the Motion to Expedite on October 7, 2025, and ordered Justin Rayome and Cavazos Hendricks Poirot, P.C. to file a brief and document evidence on the issue no later than October 8, 2025, at 12:00 PM CT.[1]

Attorney Lyndel Vargas of Cavazos Hendricks Poirot, P.C., filed her response [ECF 979] on October 8, 2025. She filed a corrected response [ECF 986] on October 9, 2025. Both of these filings were dismissed for noncompliance due to a lack of certificate of service.[2] Vargas filed a modified response [ECF 994] on October 17, 2025. Vargas's response and the attached affidavit explain that she represents Ali Choudhri and Dalio Holdings I, LLC, in this case.[3]

Rayome did not file a response. No response was filed on behalf of BDFI, LLC, Galleria Loop Note Holder, LLC, or Jetall Capital, LLC.

The Court held a hearing on the Motion to Show Authority and the Ex Parte Motions on October 9, 2025. The hearing was consolidated with a similar motion filed in *In re Texas REIT*, Case No. 24-10120-smr. At the hearing, Ali Choudhri clarified that he was proceeding *pro se* in the Texas REIT case and that Vargas represents him in the 1001 WL case. (Vargas represents Dalio Holdings, I, LLC in both cases.) Although it is unusual to do so, the Court permitted Mr. Choudhri to present argument for himself in one case and through Vargas in the other case, despite the fact that the consolidated hearing addressed the same issue as it arose in both cases.

This authority dispute arises out of amended receivership orders entered in two state court cases. The Receiver filed a certified copy of each order with this Court on August 27, 2025.[4] For simplicity, the Court will refer to the *Amended Order Granting Turnover, Charging Order and Appointment of Receiver Against Judgment Debtor* filed April 9, 2025, in Cause No. 2012-27197-A as "the A Case Order" and the order with the same name filed April 8, 2025, in Cause No. 2012-27197-D as "the D Case Order." Collectively, the orders will be "the Amended Orders."

---

[1] ECF No. 972.
[2] ECF Nos. 992 and 993.
[3] ECF 994 at 6.
[4] ECF No. 931.

2

The Receiver argues that the Amended Orders give him "sole ownership and operational control of BDFI, LLC, Galleria Loop Note Holder, LLC, and Jetall Capital LLC . . . as well as all of the non-exempt assets of Ali Choudhri."[5] In response, Vargas contends, among other arguments, that the Amended Orders have been superseded as part of an appeal.[6]

**A. The Amended Orders were never appealed.**

The Amended Orders, the orders at issue in this case, were never appealed. The Amended Orders were signed *after* the orders that were appealed. The A Case Order was signed April 9, 2025, and the D Case Order was signed April 8, 2025. There are two pending appeals in the Texas Fourteenth District Court of Appeals: *Choudhri v. Mokaram-Latif West Loop Ltd., et al.*, 14-25-00308-CV ("the A Case Appeal"), and *Choudhri v. Mokaram-Latif West Loop Ltd., et al.*, 14-25-00309-CV ("the D Case Appeal"). Both appeals were dismissed by memorandum opinions on October 7, 2025. The A Case Appeal memorandum opinion confirms, "This appeal is from an order signed April 1, 2025." The D Case Appeal memorandum opinion similarly confirms, "This appeal is from an order signed March 31, 2025." Therefore, the Amended Orders at issue in this case were not appealed.

Texas Rule of Appellate Procedure 27.3 addresses the situation in which an appealed order is *subsequently* modified—in other words, modified after the appeal is taken. In that situation, the appellate court may consider the modified order on the appeal. It provides:

> After an order or judgment in a civil case has been appealed, if the trial court modifies the order or judgment, or if the trial court vacates the order or judgment and replaces it with another appealable order or judgment, the appellate court must treat the appeal as from the subsequent order or judgment and may treat actions relating to the appeal of the first order or judgment as relating to the appeal of the subsequent order or judgment. The subsequent order or judgment and actions relating to it may be included in the original or supplemental record. Any party may nonetheless appeal from the subsequent order or judgment.[7]

But this principle does not apply here. This Court has reviewed the docket in each appeal. A notice of appeal was filed in the A Case on April 20, 2025, eleven days

---

[5] ECF No. 970 at 2.
[6] *See generally* ECF No. 994.
[7] Tex. R. App. P. 27.3.

3

*after* the amended order was entered in that case on April 9, 2025. However, the notice of appeal specifically lists the trial court's April 1, 2025, order and attaches the April 1, 2025, order. Thus, plainly, the April 1, 2025 order was the order that was appealed in the A Case. Because the order was modified *before* and not *after* the notice of appeal, on its plain text, Rule 27.3 does not apply; the rule does not save a party, like here, who simply failed to appeal the correct order.

Likewise, a notice of appeal was filed in the D case on April 20, 2025, twelve days *after* the amended order was entered in that case on April 8, 2025. The notice of appeal specifically lists the trial court's March 31, 2025, order and attaches said March 31, 2025, order. Thus, the March 31, 2025, order was the order that was appealed in the D Case, and there was no requirement under the Texas rules for the appellate court to consider the later order instead.

In sum, the Amended Orders were not filed *after* the original orders were appealed; they were filed before the appeals. Therefore, under the plain language of the statute, the appellate court did not have to consider the Amended Orders as part of the appeal.[8] Mr. Choudhri could have appealed the Amended Orders; he did not.[9]

### B. The appeals of the original orders were never superseded.

Although the Amended Orders were not appealed, this Court will nevertheless analyze the supersedeas issue. Much of the testimony at the hearing centered on this issue. The conclusion is that even if the appeals *were* of the correct orders, it would not matter because the supersedeas is not in effect.

Texas Rule of Appellate Procedure 24 ("Rule 24") governs the "suspension of enforcement of judgment pending appeal in civil cases."[10] Rule 24 was amended by the Texas Supreme Court by order dated December 18, 2023.[11] The parties dispute whether the old or amended Rule 24 applies to the Amended Orders. The Texas Supreme Court order approving the amendments provides that most of the rules are not effective in cases filed prior to September 1, 2023:

> 3. Amended Rules 24.1(b)(2) and 24.4(d) take effect on January 1, 2024.

---

[8] *See* Tex. R. App. P. 27.3.
[9] *See id.* ("Any party may nonetheless appeal from the subsequent order or judgment.").
[10] Tex. R. App. P. 24.
[11] *Final Approval of Amendments to Texas Rule of Appellate Procedure 24*, Misc. No. 23-9101 (Tex. Dec. 18, 2023), *published at* 87 Tex. B.J. 143, 143 (2024).

    4. The other amendments take effect immediately and apply only to a civil action commenced on or after September 1, 2023.[12]

It is undisputed that the A Case and the D Case both commenced in 2012. Therefore, the only amendments to Rule 24 that could impact an appeal in either case are the amendments to Rules 24.1(b)(2) and 24.4(d).[13]

"Enforcement of a judgment must be suspended if the judgment is superseded."[14] Under the version of Rule 24 applicable to the Amended Orders, a judgment debtor can supersede a judgment by either:

(1) filing with the trial court clerk a written agreement with the judgment creditor for suspending enforcement of the judgment;
(2) filing with the trial court clerk a good and sufficient bond;
(3) making a deposit with the trial court clerk in lieu of a bond; or
(4) providing alternate security ordered by the court.[15]

Here, Choudhri did not reach an agreement, file a bond, or make a deposit. He contends that he provided alternate security. He produced a document entitled "Choudhri Supersedeas with Alternative Security" filed on August 11, 2025, in the A Case.[16] Choudhri's filing purports to pledge as alternative security several judgments he is owed, one-fourth of a claim for unpaid rent he is allegedly owed, one-tenth of his "49.5% interest in Mokaram Latiff West Loop, Ltd." and his "50% interest in Mokaram Latiff General, LLC."[17]

A document entitled "Ali Choudhri's And/Or The Dalio Entities' Supersedeas With Alternative Security" was filed in the D Case on or around August 13, 2025.[18] In this filing, Choudhri purports to pledge as alternative security "35% of [his] 49.5% interest in Mokaram Latiff West Loop, Ltd." and his "50% interest in Mokaram Latiff General, LLC."

---

[12] *Id.*
[13] The amended Rule 24.1(b)(2) is discussed below. Rule 24.4(d) governs appellate review of the trial court's orders on supersedeas security and is not relevant here.
[14] Tex. R. App. P. 24.1(f).
[15] Tex. R. App. P. 24.1(a)(4), 60 Tex. B.J. 430 (Tex. & Tex. Crim. App. 1997, amended 2023).
[16] A copy of this document is available at ECF No. 984, which was dismissed for noncompliance. The Court took judicial notice of the filing in Harris County and will cite to ECF No. 984 for convenience.
[17] ECF No. 984 at 5.
[18] This actual document was not a part of the record, but the online docket in the D Case was admitted as Receiver's Exhibit 11.

Both the Receiver and Choudhri point the Court to *In re Kay*, a Texas Supreme Court case from earlier this year.[19] Although *Kay* applied the amended version of Rule 24, the Court finds its analysis helpful in understanding the role of alternative security. The *Kay* court specifically clarifies that "Rule 24.1(a) has long permitted a court to order alternative security."[20] However, *Kay* does not help Choudhri. He did not present any evidence that his alleged "alternate security" was ordered by the court in either the A Case or the D Case—as plainly required by the rule in force in these cases.[21]

The Court's best understanding of Choudhri's best argument is that his "alternative security" filing in the trial court is the same thing as a bond and therefore, under the 2023 amendment to Rule 24.1(b)(2), which *is* applicable to the A and D Cases, it was "effective upon filing."[22] However, Rule 24.1(a), quoted above, clearly states that methods for superseding a judgment include either filing a bond (which supersedes immediately and need not be ordered by the court)[23] *or* providing alternate security (which must be ordered by the court).[24] A bond and alternate security, then, are different things.[25] Choudhri provided neither a bond nor an alternate security ordered by the court. Therefore, his supersedeas was not successful.

---

[19] *In re Kay*, 715 S.W.3d 747 (Tex. 2025).
[20] *Id.* at 751.
[21] *See* Tex. R. App. P. 24.1(a)(4), 60 Tex. B.J. 430 (Tex. & Tex. Crim. App. 1997, amended 2023).
[22] *See* Tex. R. App. P. 24.1(b)(2).
[23] Tex. R. App. P. 24.1(a)(2).
[24] Tex. R. App. P. 24.1(a)(4).
[25] The version of Rule 24.1(a)(4) applicable here reads "providing alternate security ordered by the court." The trial court in this case did not order any alternate security.

### C. The Amended Orders give the Receiver power to litigate on behalf of BDFI, LLC, Galleria Loop Note Holder, LLC, Jetall Capital LLC, and Choudhri himself.

As established in the preceding sections, Choudhri did not appeal the correct order, and even if he had, his efforts to supersede the order were not successful. For all of these reasons, the Amended Orders remain in force. The Court now has to consider whether those orders give the Receiver the power to control the parties he claims to in this case. They do.

The A Case Order defines "Debtor" as Ali Choudhri.[26] "Choudhri Receivership Assets" is defined as "all assets owned by Choudhri, except his ownership interests in any limited liability company."[27]

The D Case Order defines "Debtors" as Ali Choudhri, Dalio Holdings I, LLC, and Dalio Holdings II, LLC.[28] "Dalio Receivership Assets" is defined as "all assets owned by Dalio I and/or Dalio II" including a list of specific assets and claims.[29] "Choudhri Receivership Assets is again defined as "all assets owned by Choudhri, except his ownership interests in any limited liability company."[30] "Receivership Assets" is defined as "the Dalio Receivership Assets and the Choudhri Receivership Assets."[31]

Both the A Case Order and the D Case Order define "Choudhri LLC's" as "each limited liability company in which Choudhri owns a membership interest . . . excluding his interest in the Bankrupt LLCs."[32] Choudhri owns a membership interest in BDFI, LLC, Galleria Loop Note Holder, LLC, and Jetall Capital LLC; all of these entities are thus covered by the Amended Orders.[33]

The relevant provisions of the Amended Orders are substantially the same. Those provisions provide the Receiver with broad authority, plainly including the control of filings in this case:

---

[26] ECF No. 931-1 at ¶ 2.
[27] *Id.* at ¶ 8.
[28] ECF No. 931-2 at ¶ 7.
[29] *Id.* at ¶ 13
[30] *Id.* at ¶ 14.
[31] *Id.* at ¶ 15. The order specifies that assets of any entity in bankruptcy are not included. *E.g., id.* at ¶¶ 15, 16.
[32] ECF No. 931-1 at ¶ 9; ECF No. 931-2 at ¶ 16.
[33] *See* ECF No. 931-1 at ¶ 9 (listing BDFI, LLC, and Jetall Capital, LLC); ECF No. 931-2 at ¶ 16 (same); Receiver's Ex. 8 at 6 ("Galleria Loop Note Holder is 100% owned by Choudhri.").

7

<u>Debtor's Business</u>. All authority and power of Debtors to manage and operate the businesses of Debtors not currently in Bankruptcy is vested in the Receiver and no decision may be made or carried out without the express approval of the Receiver. This order supersedes the authority of any officers, directors, or managers of Debtors. For the avoidance of doubt, the foregoing paragraph shall not apply to Choudhri's ability to manage and operate the business Texas REIT, LLC, which is subject to the jurisdiction of the Bankruptcy Court, nor any other Bankrupt LLC.[34]

<u>Ancillary Litigations</u>. The Receiver may but is not required to defend or prosecute any litigation regarding the Debtors or Receivership Assets. The Receiver may intervene into lawsuits being prosecuted by Creditors and/or Debtors given the Receiver's potential interest in Debtors' assets. The Receiver is authorized to engage, employ, supervise, and compensate legal counsel for litigation. Any contingency fee agreement between the Receiver and proposed counsel must be approved by this Court.[35]

The Amended Orders are clear and unambiguous.[36] The Receiver has the power to "manage and operate the business of Debtors not currently in Bankruptcy."[37] This includes Ali Choudhri, BDFI, LLC, Galleria Loop Note Holder, LLC, and Jetall Capital LLC. The Receiver also has explicit authority to litigate on behalf of Ali Choudhri, BDFI, LLC, Galleria Loop Note Holder, LLC, and Jetall Capital LLC. This authority is exclusive.[38]

### D. The Court Requires Further Briefing on Remedies

---

[34] ECF No. 931-1 at ¶ 20 (footnote omitted); ECF No. 931-2 at ¶ 26 (footnote omitted). The A Case Order has an additional sentence in this paragraph, reading "As noted previously herein, nothing in this Order is intended to violate any bankruptcy stay that may be applicable and the Bankruptcy Court shall maintain exclusive jurisdiction over any litigation pertaining to any Bankrupt LLCs." ECF No. 931-1 at ¶ 20.
[35] ECF No. 931-1 at ¶ 41; ECF No. 931-2 at ¶ 47.
[36] The parties dispute the effect of *WC 4th & Colo. v. Colo. Third St., LLC*, No. 14-22-00764-CV, 2025 Tex. App. LEXIS 2857 (Tex. App.—Houston [14th Dist.] Apr. 29, 2025, no pet. h.). However, this case is not relevant to the Court's decision here, as the Choudhri LLCs are exempt from turnover in the Amended Orders. ECF No. 931-1 at ¶¶ 8, 17; ECF No. 931-2 at ¶¶ 14, 15,
[37] ECF No. 931-1 at ¶ 20; ECF No. 931-2 at ¶ 26.
[38] *Cf. Penny v. El Patio, LLC*, 466 S.W.3d 914, 920–21 (Tex. App.—Austin 2015, pet. denied) (finding that an operating agreement giving full authority to carry out business of a company, even though it did not expressly mention litigation, plainly gave exclusive authority to litigate on behalf of the company).

It is clear to the Court that *prospective* relief should be granted in this matter. The Amended Orders are clear: the Receiver has the exclusive power to litigate on behalf of Mr. Choudhri and on behalf of BDFI, LLC, Galleria Loop Note Holder, LLC, and Jetall Capital LLC. Neither Mr. Choudhri. BDFI, LLC, Galleria Loop Note Holder, LLC, nor Jetall Capital LLC have the ability to represent themselves or to hire counsel to do so. That responsibility lies solely with the Receiver. Therefore, Lyndel Vargas, Cavazos Hendricks Poirot, P.C., and Justin Rayome do not have authority to represent BDFI, LLC, Galleria Loop Note Holder, LLC, Jetall Capital LLC, or Mr. Choudhri in this Court or any other Court. Going forward, this Court shall strike any filings made by anyone purporting to represent BDFI, LLC, Galleria Loop Note Holder, LLC, Jetall Capital LLC, or Mr. Choudhri without the authorization of the Receiver.

What is less clear is whether this Court should *retroactively* strike the numerous filings that appear to have been made without the Receiver's authorization. The Amended Orders were signed in April 2025. The Receiver's Motion to Show Authority, however, was not filed until October 4, 2025.[39] The Court is sympathetic to the fact that litigating this issue has proven challenging, which the Receiver attributes at least in part to dilatory tactics allegedly employed by Mr. Choudhri and his attorneys in both state and federal court. However, the litigation in this case progressed while the Receiver's authority issue was unresolved. A blanket striking of all filings submitted on behalf of Choudhri, BDFI, LLC, Galleria Loop Note Holder, LLC, and Jetall Capital LLC since the Amended Orders were entered seems impractical without further opportunity either for potential ratification by the Receiver or by consideration of the effects of such relief on other parties including those who filed such documents believing they were entitled to do so and without objection from the Receiver.

Therefore, on or before October 31, 2025, at 3:00 PM CT, the Receiver is instructed to file with this Court a notice enumerating which specific documents the Receiver desires to strike. Other parties may object no later than November 10, 2025, at 3:00 PM CT. The Receiver may respond no later than November 17, 2025.

# # #

---

[39] ECF No. 970.