IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-10119-SMR |
| | § | |
| 1001 WL, LLC, | § | |
|     DEBTOR | § | CHAPTER 11 |

**MOTION FOR RECONSIDERATION OF THE ORDER GRANTING THE MOTIONS TO SHOW AUTHORITY [ECF NOS. 837, 838, 839, 840, 970]**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held. Any response must be timely filed with the United States Bankruptcy Clerk, Western District of Texas, 903 San Jacinto Blvd., Suite 322 Austin, TX 78701. If a timely response is filed, the Court will then set a hearing on the Motion, and you will be provided with notice of the date, time, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the Motion.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Party-in-Interest, Ali Choudhri, individually and as owner of Galleria Loop Note Holder, LLC ("GLNH") and BDFI, LLC ("BDFI"), and Jetall Capital, LLC ("Jetall") (GLHN, BDFI, and Jetall collectively, the "Entities") submit this Motion for Reconsideration of the Court's Order Granting the Motions to Show Authority [ECF Nos. 837, 838, 839, 840, 970] [ECF No. 996](the "Order") and in support thereof respectfully shows the Court as follows:

**I.**    **INTRODUCTION**

1.    Choudhri, individually and as a person with ownership interest in the Entities, brings this Motion to reconsider the Court's Order, which divested Mr. Choudhri of his authority

to act on his own behalf and on behalf of the Entities, in the Bankruptcy Case. As set forth in detail below, the Order should be reconsidered to correct a manifest error of law or fact.

## II. FACTUAL BACKGROUND

2. On February 6, 2024, 1001 WL, LLC ("Debtor") filed a Voluntary Petition for Relief under Chapter 11 of Title 11, United States Code beginning this bankruptcy case ("Bankruptcy Case").

3. Many of the disputes in the Debtor's Bankruptcy Case involve creditors and/or interested parties, Choudhri and the Entities. Accordingly, Choudhri and/or the Entities, through Mr. Choudhri as representative of the Entities, has taken actions to protect their rights in the Bankruptcy Case. However, Travis Vargo ("Receiver"), filed several Motions to Show Authority (the "Authority Motions") claiming he, as a state court appointed receiver, has authority to act on behalf of Choudhri and the Entities in the Bankruptcy Case, not Mr. Choudhri. The Authority Motions are based on the following facts:

    a. Choudhri is a judgment debtor of Mokaram-Latif West Loop, Ltd. and Osama Abdullatif in Cause No. 2012-27197-A styled *Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri*, pending in the 333rd Judicial District Court of Harris County, Texas (the "A-Case"). Mr. Choudhri is also a judgment debtors of Ali Mokaram in Cause No. 2012-27197-D styled *Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle*, pending in the 333rd Judicial District Court of Harris County, Texas (the "D-Case").

    b. On March 31, 2025, the Texas State District Court entered an Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors in the D-Case. Thereafter, on April 9, 2025, the District Court entered an Amended Order (2) Granting

2

Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors in the D-Case (the "D-Case Receivership Order").

      c.      On April 1, 2024, the Texas State District Court entered an Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors in A-Case. Thereafter, on April 7, 2025, the District Court entered an Amended Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors in the A-Case (the "A-Case Receivership Order") (the D-Case Receivership Order and the A-Case Receivership Order collectively, the "Receiver Orders").

      d.      Travis Vargo (the "Receiver" and/or "Vargo") was appointed the receiver in the A-Case and D-Case.

4.      The Bankruptcy Court held a hearing on Vargo's Authority Motion and granted the Motion as set forth in the Order. However, the Bankruptcy Court's Order is based on a manifest error of fact and law. The following facts were not correctly considered by the Bankruptcy Court:

      a.      The underlying judgment in the A-Case and D-Case is on appeal and a writ of mandamus seeking an order voiding the judgment in the A-Case and D-Case is pending, in the following cases: Appeal Case Number 14-25-00614-CV and NO. 14-24-00057-CV (the "Appeal").[1] In the Appeals, Choudhri contests the jurisdiction of the Texas State Court and has argued the judgment is void and/or should be overturned. If the Appeals are decided in Choudhri's favor, the judgment and the A-Case Receivership Order and D-Case Receivership Order will be void.

---

[1] These Appeals were not considered by the Bankruptcy Court. Instead, the Bankruptcy Court analyzed the appeals of the A-Case Receivership Order and the D-Case Receivership Order, in Appellate Case Number 14-25-00309 and Appellate Case Number 14-25-00308 which as discussed below, are irrelevant to whether Vargo has authority to act on Milestone and Otisco's behalf.

3

b. On or about August 11, 2025, Choudhri filed a Supersedeas with Alternative Security in the A-Case (the "A-Case Supersedeas") and on or about August 13, 2025, Choudhri filed a Supersedeas with Alternative Security in the D-Case (the "D-Case Supersedeas") (the A-Case Supersedeas and D-Case Supersedeas collectively, the "Supersedeas"). As of the filing of this Motion, the judgment creditors in the A-Case and D-Case, the only parties with standing to contest the Supersedeas, have not filed any objection to the Supersedeas.

5. When considering the correct facts and applicable law as set forth below, it is clear the Bankruptcy Court made a manifest error of fact and law when entering the Order. Therefore, Choudhri has brought this Motion to reconsider the Order and for entry of an order denying the Authority Motion.

## III. LEGAL ARGUMENT

### A. Legal Standard Applicable to Motions for Reconsideration

6. Neither the Federal Rules of Bankruptcy Procedure ("FRBP") nor the Federal Rules of Civil Procedure (the "FRCP") specifically provide for motions for reconsideration. *See, e.g.*, *Shephard v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). However, "such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *Id.; see also* FRBP 9023 (making FRCP 59 applicable to bankruptcy cases) and FRBP 9024 (making FRCP 60 applicable to bankruptcy cases). Pursuant to FRCP 59(e), this Court may reconsider an order: "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012).

4

7. The Bankruptcy Court's Order appears to be based on the following implicit and/or express findings that: (a) the Bankruptcy Court had jurisdiction to determine the scope of the Receiver Orders and the validity of the supersedeas, (b) the A-Case Supersedeas and D-Case Supersedeas filed by Choudhri had no effect on the Receiver Orders because (i) the Receiver Orders were not properly appealed and (ii) the supersedeas was invalid under Texas state law, and (c) the Receiver Orders allow the Receiver to control litigation involving Mr. Choudhri and/or the Entities. These findings were based on a manifest error of both fact and law. Therefore, reconsideration of the Order is necessary to correct the errors.

B. **The Court erred by Exercising Jurisdiction and Deciding Purely State Law Issues**

8. As set forth in the Order, the Bankruptcy Court made rulings that the Supersedeas was invalid and Choudhri has no authority to act on behalf of himself or the Entities pursuant to the Receiver Orders. These rulings were based on a manifest error of law.

9. A bankruptcy court's jurisdiction is limited to matters "arising under," "arising in", or "related to" bankruptcy cases. *See* 28 U.S.C. § 1334(b). Therefore, the Bankruptcy Court has no jurisdiction to decide a purely state law matter that does not fall within one of these categories. *See Stern v. Marshall*, 564 U.S. 462, 487 (2011). However, even if the matter at issue could be "related to" a bankruptcy case, the Bankruptcy Court should still abstain from deciding a purely state law issue. *See Matter of Rupp & Bowman Co.,* 109 F.3d 237, 239 (5th Cir. 1997).

10. Here, in the Authority Motions, the Receiver argued that it he has "sole ownership and operational control" of the Entities. The Receiver then objected to the authority of Choudhri and the Entities to keep them from filing anything in this Bankruptcy Case. Therefore, the Receiver requested an order providing that (a) the Entities have no authority to file pleadings, and (b) the

5

judgments in the A-Case and the D-Case are not superseded. The Bankruptcy Court exercised jurisdiction over these issues and entered an Order that the Supersedeas was invalid.

11. The issue of the validity of the Supersedeas is an issue that was pending in the A-Case and D-Case and is not related to the Bankruptcy Case, does not arise under the Bankruptcy Case, and does not arise in the Bankruptcy Case. Therefore, the Bankruptcy Court had no jurisdiction to decide this issue in the Order and finding otherwise was a clear manifest error of law.

12. In fact, the Receiver arguably knows this Court did not have jurisdiction to decide the validity of the Supersedeas as the Receiver acknowledged this at a hearing before Judge Rodriguez on October 1, 2025 regarding a motion to remand the A-Case [ECF no. 10] and a motion to transfer the A-Case [ECF No. 8]. The Receiver, through Ms. Luttrell argued the following when the Bankruptcy Court reset the hearing on the motion to remand and motion to transfer to November 13, 2025:

> "all other proceedings pending in Western District are going to be at a standstill until the Receiver's authority is confirmed. Motions for relief from stay have been filed and granted in each of those proceedings, the mechanism by which Mr. Choudhri has thwarted the efforts of a receiver is to remove the underlying state court proceedings, thus depriving the receivership court of jurisdiction until there is a remand. So I am asking this court if it will entertain those matters [matters confirming the receiver's authority] during the pendency of its jurisdiction."

Audio of October 1, 2025 Hearing [ECF No. 28] at 46:32. The Bankruptcy Court then responded: "No everything is stayed until we have a final hearing on these two matters [the motion to remand and motion to transfer]." Audio of October 1, 2025 Hearing [ECF No. 28] at 47:20.

13. The above transcript from the A-Case shows not only that the Court overseeing the A-Case (and D-Case) has jurisdiction over issues affecting the authority of the Receiver, but that the Receiver was aware that it had no authority to act unless and until his authority was confirmed

6

by the correct court with jurisdiction over the A-Case and D-Case, making the Authority Motion improper and the Court's exercise of jurisdiction an error of law.

    C.    **<u>The Court's Order Finding that the Supersedeas Was Invalid Was in Error</u>**

14.    Even if the Court had jurisdiction to decide the issues in the Authority Motion, the Bankruptcy Court's ruling that the Supersedeas was invalid and had no effect on the Receiver Orders was based on an error of law and fact. Therefore, the Motion should be granted.

15.    In Texas, the suspension of enforcement of a judgment on appeal is governed by Tex. R. App. P. 24.1, which states, in relevant part:

> Unless the law or these rules provide otherwise, a judgment debtor may supersede the judgment by:
> (1) filing with the trial court clerk a written agreement with the judgment creditor for suspending enforcement of the judgment;
> (2) filing with the trial court clerk a good and sufficient bond;
> (3) making a deposit with the trial court clerk in lieu of a bond; or
> (4) providing alternate security ordered by the court.

Tex. R. App. P. 24.1(a). This means that when a judgment is superseded, all collections efforts, including receivership authority, stop: "Enforcement of a judgment must be suspended if the judgment is superseded." Tex. R. App. P. 24.1(f). Further, "[e]nforcement begun before the judgment is superseded must cease when the judgment is superseded." *Id.* The amount of the supersedeas here must "equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment." Tex. R. App. P. 24.2(a)(1). Finally, appellate courts recognize that trial courts retain discretion to approve alternative security arrangements regardless of the net worth of the judgment debtor. *In re Kay*, 715 S.W.3d 747, 749 (Tex. 2025).

16.    As shown by the applicable law set forth above, the Supersedeas was effective upon filing. Therefore, the Supersedeas was valid. However, even if the Court must approve the alternate

7

security, this approval, if required, is still outstanding as no objection or hearing has been held in the A-Case or D-Case on the alternate security offered by Choudhri in the Supersedeas. Therefore, while Choudhri asserts that the Bankruptcy Court erred on the law when it found the Supersedeas is not valid, at the very least, there were outstanding issues as to whether the court with jurisdiction over the A-Case and D-Case will approve the alternate security offered in the Supersedeas. Therefore, this Court erred with its applicable of the law when it entered the Order.

17. Finally, the Bankruptcy Court's Order also reasoned that because the amended Receiver Orders were not appealed, the Supersedeas, if valid, would have no effect on suspending the actions of the Receiver. This ruling was based on an error of fact and law. As explained above, the judgments in the A-Case and D-Case are on appeal in the Appeals. Therefore, the filing of the Supersedes suspended all enforcement, which would include actions taken by the Receiver. Therefore, whether or not the correct Receiver Orders were appealed, is irrelevant to whether the Receiver is suspended from enforcing the judgments that are being considered in the Appeals. Consequently, to the extent the Court based its Order on the fact that the Receiver Orders were not properly appealed, there was an error in fact and law.

C. **The Receiver Orders do not Give the Receiver Authority to Take Control of the Entities and Mr. Choudhri and Litigate Claims and/or Defend Claims on their Behalf**

18. Finally, as set forth in the Order, the Bankruptcy Court found that pursuant to the Receiver Orders, the Receiver has the sole authority to act on behalf of Mr. Choudhri and the Entities in bringing and defending claims. This ruling was also based on an error of law.

19. Chapter 31 of the Texas Civil Practice and Remedies Code allows the State Court to order the turnover of assets and appointment of a receiver to assist in the collection of a judgment. When a court appoints a receiver, the court has determined that property should no

8

longer be under the control of the parties but instead within the custody of the court. *Id.; Huffmeyer v. Mann*, 49 S.W.3d 554, 560 (Tex. App.—Corpus Christi 2001, no pet.) (quoting *Riesner v. Gulf, C. & S. F. R. Co.*, 89 Tex. 656, 36 S.W. 53, 54 (Tex. 1896)). The appointment of a receiver is thus a "harsh, drastic, and extraordinary remedy, to be used cautiously." *Benefield v. State*, 266 S.W.3d 25, 31 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

20. Generally, a charging order is the exclusive remedy for a judgment creditor seeking to collect against a judgment debtor's interest in a limited liability company ("LLC"). *See* Tex. Bus. & Org. Code § 101.112. Section 101.112 provides in pertinent part: "(d) The entry of a charging order is the exclusive remedy by which a judgment creditor of a member or of any other owner of a membership interest may satisfy a judgment out of the judgment debtor's membership interest." In the event a judgment creditor obtains a charging order against an entity owned by the judgment debtor, "the judgment creditor has only the right to receive any distribution to which the judgment debtor would otherwise be entitled in respect of the membership interest." Tex. Bus. & Org. Code § 101.112(b).

21. Case law suggests that an exception to the foregoing "exclusivity" rule may apply under certain limited circumstances, which are not present here. Specifically, in *Heckert v. Heckert* the Fort Worth Court of Appeals held that a charging order is not the exclusive remedy for a judgment creditor to collect against a judgment debtor's interest in an LLC when (1) the judgment debtor is the sole owner of the LLC and (2) such LLC is not an operating business. *See Heckert v. Heckert*, No. 02-16-00213-CV, 2017 WL 5184840 (Tex. App.—Fort Worth Nov. 9, 2017, no pet.). Thus, in this limited circumstance, a receiver who is appointed to enforce a judgment may obtain a turnover order that allows the receiver to have authority over a judgment debtor's interests but

only when the judgment debtor is the sole owner and the entity is not an operating business. *See id.*

22. Here, the Court held that the Receiver Orders gave the Receiver the authority to litigate claims on behalf of the Entities but neglected to follow the exclusivity rule set forth above and further, did not make any findings that the Receiver has met the exception in *Heckert*. Therefore, reconsideration of the Order to correct an error of law is necessary.

## PRAYER

WHEREFORE, Plaintiff requests that the Court grant the Motion and enter an order vacating the Order and denying the Authority Motions, and grant all other relief justly entitled.

Dated: November 3, 2025

                                      Respectfully submitted,
                                      DUKE LAW FIRM

                        By:    /s/ Bruce J. Duke
                                      Bruce J. Duke
                                      *Pro Hac Vice* Application Pending

## **CERTIFICATE OF SERVICE**

I, Bruce Duke, do hereby certify that on the 3rd day of November 2025, that a true and correct copy of the above and foregoing along with the proposed order has been served on all required parties through the Court's ECF notification system.

DUKE LAW FIRM

By:   /s/ Bruce J. Duke
        Bruce J. Duke
        *Pro Hac Vice* Application Pending

PARTIES TO BE SERVED
See Attached Service List (All Via ECF)

```
Label Matrix for local noticing          1001 WL, LLC                              U.S. BANKRUPTCY COURT
0542-1                                   2450 Wickersham Lane, Suite 202           903 SAN JACINTO, SUITE 322
Case 24-10119-smr                        Austin, TX 78741-4744                     AUSTIN, TX 78701-2450
Western District of Texas
Austin
Mon Nov  3 18:42:29 CST 2025

ABC Home & Commercial                    Ali Choudhri                              Ali Choudhri
Services                                 1001 West Loop S Ste 700                  2425 West Loop St., 11th Flr.
11934 Barker Cypress Road                Houston, TX 77027-9033                    Houston, TX 77027
Cypress, TX 77433-1802


Ameritrex Imaging & Services             BARRON & NEWBURGER, P.C.                  BDFI, LLC
PO Box 841511                            C/O STEPHEN W. SATHER                     1001 West Loop S Ste 700
Houston, TX 77284-1511                   7320 N. MoPac Expwy., Suite 400           Houston, TX 77027-9033
                                         Austin, TX 78731-2347


BDFI, LLC                                BDFI, LLC                                 BDFI, LLC
2425 West Loop South, Suite 1100         c/o Mark A. Junell                        c/o Ronald J. Smeberg
Houston, TX 77027-4210                   The Junell Law Firm, PC                   The Smeberg Law Firm, PLLC
                                         746 Country Lane                          4 Imperial Oaks
                                         Houston, TX 77024-5508                    San Antonio, Texas 78248-1609


Baker Botts, LLP                         Boxer Property Management Corporation     Boxer Property Management Corporation
401 S 1st St                             7324 Southwest Fwy #1900                  c/o Reed W. Burritt, Atty.
Unit 1300                                Houston TX 77074-2057                     7324 Southwest Fwy #1900
Austin, TX 78704-1296                                                              Houston TX 77074-2057


CFI Mechanical, Inc.                     Capital Premium Financing                 Cirro
6109 Brittmoore Rd                       PO Box 667180                             PO Box 2229
Houston, TX 77041-5610                   Dallas, TX 75266-7180                     Houston, TX 77252-2229


City of Houston                          City of Houston Water                     Cleaning Advanced Systems, LLC
c/o Tara L. Grundemeier                  PO Box 1560                               Pavlock Law Firm, PLLC
Linebarger Goggan Blair & Sampson LLP    Houston, TX 77251-1560                    6345 Garth Road 110-122
PO Box 3064                                                                        Baytown, TX 77521-5625
Houston, TX 77253-3064


Cleaning Advances Service                Comcast                                   Datawatch Systems
110 Cypress Station Suite 111            9602 S 300 W Suite B                      4520 East West Highway 200
Houston, TX 77090-1626                   Sandy, UT 84070-3336                      Bethesda, MD 20814-3382


Drew Dennett                             EAO Global LLC                            Environmental Coalition Inc.
2450 Wickersham Lane, Suite 202          14315 Briarhills Pkwy                     Po Box 1568
Austin, TX 78741-4744                    Houston, TX 77077-1007                    Stafford, TX 77497-1568


FirePro Tech                             FireTron Life Safety Solutions            Fluid Meter Sales & Service,
6830 N Eldridge Pkwy Suite 110           PO Box 1604                               Inc.
Houston, TX 77041-2635                   Stafford, TX 77497-1604                   1303 Steele Drive
                                                                                   Friendswood, TX 77546-2018
```

| | | |
|---|---|---|
| GFS Industries<br>24165 IH 10 W Suite 217<br>San Antonio, TX 78257-1160 | Galleria Loop Note Holder, LLC<br>c/o Ronald J. Smeberg<br>The Smeberg Law Firm, PLLC<br>4 Imperial Oaks<br>San Antonio, Texas 78248-1609 | Galleria Note Holder, LLC<br>c/o James Pope<br>6161 Savoy Drive Suite 1125<br>Houston, TX 77036-3343 |
| Harcon Mechanical<br>Contractors<br>9009 W Little York<br>Houston, TX 77040-4113 | Harris County Tax Assessor<br>PO Box Box 77210-4633 | Houston Community College System<br>c/o Tara L. Grundemeier<br>Linebarger Goggan Blair & Sampson LLP<br>PO Box 3064<br>Houston, TX 77253-3064 |
| Houston ISD<br>c/o Tara L. Grundemeier<br>Linebarger Goggan Blair & Sampson LLP<br>PO Box 3064<br>Houston, TX 77253-3064 | IHC Specialty Benefits, Inc.<br>5353 Wayzata Boulevard<br>Suite 300<br>St. Louis Park, MN 55416-1317 | JLM Law Firm<br>2921 E 17th Street Bldg D Suite 6<br>Austin, TX 78702-1595 |
| Jetall Companies<br>1001 W Loop S Suite 700<br>Houston, TX 77027-9033 | Jetall Companies, Inc.<br>2425 West Loop South Suite 1100<br>Houston, TX 77027-4210 | Kings 111<br>751 Canyon Drive Suite 100<br>Coppell, TX 75019-3857 |
| Lloyd E Kelly<br>2726 Bissonnet Suite 240<br>Houston, TX 77005-1352 | Mark C. Taylor, Special Litigation Counsel<br>Holland & Knight LLP<br>100 Congress Avenue, Suite 1800<br>Austin, Texas 78701-4042 | Mary E. Morandini<br>96 Cummings Point Road<br>Stamford, CT 06902-7919 |
| Meyerland Glass Company<br>12922 Murphy Road<br>Stafford, TX 77477-3904 | Morsco Supply, LLC<br>6867 Wynwood Lane<br>Houston, TX 77008-5023 | Mueller<br>1500 Sherwood Forest Drive<br>Houston, TX 77043-3899 |
| Nationside Investigations &<br>Security<br>2425 W Loop S Suite 300<br>Houston, TX 77027-4207 | Pieper Houston Electric, LP<br>1708 Oak Tree<br>Houston, TX 77080-7240 | Rapp Krock<br>1980 Post Oak Blvd Suite 1200<br>Houston, TX 77056-3970 |
| Ringcentral<br>PO Box 734232<br>Dallas, TX 75373-4232 | Sonder USA Inc.<br>c/o J. Eric Lockridge<br>Kean Miller LLP<br>400 Convention St., Ste. 700<br>Baton Rouge, LA 70802-5628 | Sonder USA Inc.<br>c/o Kean Miller LLP<br>711 Louisiana Street, Suite 1800<br>Houston, Texas 77002-2832 |
| T&R Mechanical<br>21710 White Oak Drive<br>Conroe, TX 77306-8848 | TIG Romspen US Master Mortgage LP<br>c/o Bryan Cave Leighton Paisner LLP<br>Attn: Kyle S. Hirsch<br>2200 Ross Avenue, 4200W<br>Dallas, TX 75201-2763 | TIG Romspen US Master Mortgage LP<br>c/o Locke Lord LLP<br>Attn: W. Steven Bryant<br>300 Colorado Street, Ste. 2100<br>Austin, Texas 78701-4890 |
| TIG Romspen US Master Mortgage, LP<br>162 Cumberland Street Suite 300<br>Toronto, Ontario M5R 3N5 | TKE<br>3100 Interstate North Cir SE Ste. 500<br>Atlanta, GA 30339-2296 | The Hanover Insurance Group<br>(GL & Prop)<br>PO Box 580045<br>Charlotte, NC 28258-0045 |

| | | |
|---|---|---|
| Travis B Vargo<br>c/o Leslie M Luttrell<br>Luttrell + Carmody Law Group<br>100 NE Loop 410 #615<br>San Antonio TX 78216-4713 | United States Trustee - AU12<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 | Wate Management<br>PO Box 660345<br>Dallas, TX 75266-0345 |
| Xavier Educational Academy, LLC<br>c/o Beau H. Butler<br>1401 McKinney St 1900<br>Houston Tx 77010-4037 | Xavier Educational Academy, LLC<br>c/o Genevieve M. Graham<br>1401 McKinney St 1900<br>Houston Tx 77010-4037 | Zindler Service Co<br>2450 Fondren Suite 113<br>Houston, TX 77063-2314 |
| John Patrick Lowe<br>2402 East Main Street<br>Uvalde, TX 78801-4943 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)1001 WL, LLC<br>2450 Wickersham Ln<br>Suite 202<br>Austin, TX 78741-4744 | (u)See Attached | End of Label Matrix<br>Mailable recipients   66<br>Bypassed recipients    2<br>Total                 68 |