UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | Case No. 24-10119-smr |
| 1001 WL, LLC, | § | |
| | § | Chapter 11 |
| Debtor. | § | |

**APPLICATION FOR CONTINUED RETENTION OF REAL ESTATE BROKER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a) TO SELL NON-EXEMPT REAL PROPERTY**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held. Any response must be timely filed with the United States Bankruptcy Clerk, Western District of Texas, Austin Division, Homer J. Thornberry Federal Judicial Building, 903 San Jacinto Blvd., Suite 322, Austin, TX 78701. If a timely response is filed, the Court will then set a hearing on the Application, and you will be provided with notice of the date, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the Application.**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

COMES NOW John Patrick Lowe, Trustee ("Trustee"), the duly appointed and acting Chapter 11 trustee in the above-captioned bankruptcy case, and hereby files his *Application for Continued Retention of Real Estate Broker Pursuant to 11 U.S.C. §§ 327(a) and 328(a) to Sell Non-Exempt Real Property* (the "Application") and would show the Court as follows:

I. SUMMARY

1. This is a single asset real estate case: the Chapter 11 bankruptcy estate (the "Estate") includes non-exempt real property located in Harris County, Texas (the "Real Property"). The Real Property is subject to a lien in favor of TIG Romspen US Master Mortgage LP ("Romspen"). The Trustee has an agreement with Romspen (the "Romspen Agreement") that

provides a pathway for the Trustee to sell the Real Property thereby creating a possibility for proceeds to be available to fund administration of this bankruptcy estate (the "Estate") with a carveout for general unsecured creditors. The Trustee previously sought [Dkt. No. 774] and obtained [Dkt. No. 800] authority to retain PCR Brokerage Houston, LLC, a Texas limited liability company, d/b/a Partners (the "Broker") to be his real estate broker to market and sell the Real Property. Broker was entitled to a 2% commission if the Real Property sells to a purchaser other than Romspen and a flat fee of $50,000.00 if the Real Property is purchased by Romspen. Due to delays beyond the ability of Broker to control, the Real Property has not yet been put on the market and the original listing agreement with Broker has expired. By this Application, the Trustee requests approval to continue to employ Broker to market and sell the Real Property on the same financial terms continued in the original agreement, with the time period of the approval to be open-ended.

## II. JURISDICTION

2. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a), 327, and 328.

## III. BACKGROUND AND ARGUMENT

4. This case was filed on February 6, 2024 (the "Petition Date") under Chapter 11 of title 11 of the United States Code. It is a single asset real estate ("SARE") case [see Petition, Dkt. No. 1 at #7].

5. On January 23, 2025, the Trustee was appointed by order of the Court [Dkt. No. 647].

2

3783275.v1

6. Included in the bankruptcy estate (the "Estate") is the Debtor's fee simple interest in the real property located at 1001 West Loop South in Harris County, Texas (the "Real Property"). The Real Property consists of commercial development currently occupied by various tenants.

7. The Real Property is encumbered by a lien in favor of Romspen in an amount that exceeds the adjudicated value of the Real Property. As such, the only meaningful option for the Trustee has been to negotiate a resolution with Romspen that would enable a sale of the Real Property to occur with the potential for beneficial outcomes for the Estate. As reflected in the motion filed at Dkt. No. 699 (the "Romspen Agreement"), the Trustee has reached such a resolution with Romspen and intends to sell the Real Property pursuant to 11 U.S.C. §363(f), subject to Romspen's rights to credit bid.

8. With Romspen's consent, the Trustee sought and obtained [*see* Order at Dkt. No. 800] approval to employ PCR Brokerage Houston, LLC, a Texas limited liability company, d/b/a Partners ("Broker") to act as his realtor with respect to marketing, negotiation, and potential sale of the Real Property pursuant to the terms of a listing agreement (the "Exclusive Sale Listing Agreement").

9. Due to delays beyond the ability of Broker to control, the Real Property has not yet been marketed. Regardless of whether the Romspen Agreement is approved, the Trustee believes that the Real Property must be marketed now. Incorporated herein by reference are **Exhibits 1** and **2** to the application to employ Broker that was filed at Dkt. No. 774, the Disclosure of Compensation under 11 U.S.C. §329 and Bankruptcy Rule 2016(b) and the Declaration of Travis L. Rodgers that the Broker has no interests adverse to this Estate.

10. The Broker operates as a broker under the State of Texas broker's license number

9003949, with many years of experience as a real estate broker in Harris and surrounding counties, and significant experience marketing and selling real property similar to the Real Property. Broker has previously sold other real property owned by an entity associated with Debtor's principal and is intimately familiar with the sorts of issues that might arise as the Trustee proceeds with attempting to sell the Real Property.

11. The Broker's offices are located at 1360 Post Oak Blvd., Suite 1900, Houston, Texas 77056, phone (713) 629-0500, email travis.rodgers@partnersrealestate.com.

12. The Trustee believes that the Broker's employment is necessary to enable the Trustee to execute faithfully his duties as Chapter 11 trustee. Further, the Trustee believes that the continued retention of the Broker would be in the best interests of the Estate and the creditors. The Broker has extensive experience marketing and selling properties similar to the Real Property in size, quality, and location, and is intimately familiar with the local real estate market.

13. The terms of compensation to the Broker shall continue to be 2% of the gross sales price for the Real Property if sold to someone other than Romspen and a flat fee of $50,000.00 if sold to Romspen and will be paid pursuant to 11 U.S.C. §328(a). Pursuant to the terms of the updated Exclusive Sale Listing Agreement, expenses will be reimbursed. Pursuant to standard practice in the real estate industry, it may be necessary for Broker to agree to share its compensation with the broker for any purchaser(s) of the Real Property.

14. The Broker does not claim to be a creditor in the Bankruptcy Case. No compensation has been paid to or received by the Broker prior to the filing of this Application. The Broker represents no interests adverse to the Estate.[1] Attached hereto as **Exhibit 3** is the Exclusive Sale Listing Agreement under which the Broker would continue to be employed by the

---

[1] An affiliate of Broker has been engaged by the Trustee in the ordinary course to manage the Real Property.

4

3783275.v1

Trustee. The Trustee furthermore requests that the order approving the continued retention of Broker specifically provide that the Trustee can continue to employ Broker under terms substantially the same as those in the Exclusive Sale Listing Agreement until such time as the Real Property is sold.

15. The Trustee believes that a sales process will create the greatest likelihood of maximizing the value of the Estate.

### Free and Clear of Any and All Claims and Interests

16. All of the Estate's right, title, and interest in and to the Real Property shall be sold free and clear of all liens, claims, and interests (collectively, the "Encumbrances") to the maximum extent permitted by section 363 of the Bankruptcy Code (other than permitted liens and assumed liabilities), in accordance with the Romspen Agreement. This authority is not being requested herein, but rather stated as an intended provision of the future sale; the request for relief under section 363(f) of the Bankruptcy Code will be made in a later motion.

WHEREFORE PREMISES CONSIDERED, John Patrick Lowe, Chapter 11 Trustee, prays that the Court approve this Application and authorize the Trustee to retain the Broker as set forth herein, and for other just relief.

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2700
Austin, TX 78701
Telephone: 512.480.5626
Facsimile: 512.536.9926
bcumings@gdhm.com

By: /s/ *Brian T. Cumings*
    Brian T. Cumings
**COUNSEL FOR JOHN PATRICK LOWE, CHAPTER 11 TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Application has been served by the Court's ECF e-filing notification on all parties receiving such notices on November 4, 2025, and as reflected below and to those on the Service List appended to this Application.

Office of the United States Trustee
903 San Jacinto, Room 230
Austin, TX 78701

1001 WL, LLC
2450 Wickersham Lane, Suite 202
Austin, TX 78741
*Debtor*

John Patrick Lowe, Chapter 11 Trustee
2402 East Main Street
Uvalde, TX 78801

Stephen W. Sather
Barron & Newburger, PC
7320 N. MoPac Expy, Suite 400
Austin, TX 78731
*Debtor's Counsel*

By:/s/ *Brian T. Cumings*
    Brian T. Cumings

3783275.v1