**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: November 04, 2025**

_____
**SHAD M. ROBINSON
UNITED STATES BANKRUPTCY JUDGE**
_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-10119-SMR |
| | § | |
| 1001 WL, LLC, | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO APPROVE COMPROMISE UNDER RULE 9019
(Relates to ECF No. 699)**

On March 26, 2025, John Patrick Lowe (the "Trustee") filed a *Motion to Approve Compromise under Rule 9019* (the "Trustee's 9019 Motion" at ECF No. 699). Several parties filed objections to the Trustee's 9019 Motion. The four main objections to the Trustee's 9019 Motion were: (i) that there was no written/signed settlement agreement attached to the Trustee's 9019 Motion, (ii) that the proposed settlement as reflected in the Trustee's 9019 Motion was an impermissible sub rosa plan, (iii) that TIG Romspen US Master Mortgage LP's ("Romspen's") credit bid should be limited or fixed, and (iv) that the proposed settlement as reflected in the

Trustee's 9019 Motion violated the Bankruptcy Code's priority distribution scheme and the Supreme Court's decision in *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451 (2017).

After a two day hearing, the Court took the Trustee's 9019 Motion under advisement. On October 31, 2025, the Court issued an Oral Ruling (the "Oral Ruling") on the Trustee's 9019 Motion and for the reasons set forth in the Oral Ruling overruled objections (i), (ii), and (iii). The Court sustained objection (iv) in part. All other objections to the Trustee's 9019 Motion not specifically addressed in the Oral Ruling are also overruled.

For the reasons set forth on the record at the Oral Ruling, the Court finds the Trustee's 9019 Motion is granted in part and denied in part. Specifically, paragraph 15, subsection (g) of the Trustee's 9019 Motion is denied. All other terms of the settlement in Trustee's 9019 Motion at paragraphs 15(a) through (f) and (h) through (i) are approved for the reasons set forth in the Oral Ruling. Accordingly,

**IT IS THEREFORE ORDERED** that the Motion to Approve Compromise under Rule 9019 at ECF No. 699 is **GRANTED IN PART** and **DENIED IN PART**. The Trustee's 9019 Motion is denied with respect to paragraph 15, subsection (g) and approved as to paragraphs 15(a) through (f) and (h) through (i).

**IT IS FURTHER ORDERED** that an amended settlement term only as to paragraph 15, subsection (g) of the Trustee's 9019 Motion must be filed on or before November 14, 2025 describing the calculation of, or amount and terms of any holdback payment by Romspen for the benefit of the Chapter 11 estate, and shall provide that distribution of any such proceeds shall be as further ordered by the Court after notice and hearing. The Chapter 11 Trustee and Romspen shall include a redline of the amended settlement term only as to paragraph 15, subsection (g) of

the Trustee's 9019 Motion compared to paragraph 15, subsection (g) in the Trustee's 9019 Motion originally filed at ECF 699.

**IT IS FURTHER ORDERED** that if an amended settlement term as to paragraph 15, subsection (g) of the Trustee's 9019 Motion is timely filed then any objections to paragraph 15, subsection (g) as amended shall be filed on or before November 28, 2025. The Court will not consider any objections other than those related to the amended settlement term as to paragraph 15, subsection (g).

**IT IS FURTHER ORDERED** that the Trustee's 9019 Motion will be denied as a final matter if an amended settlement term as to paragraph 15, subsection (g) of the Trustee's 9019 Motion is not filed on or before November 14, 2025.

**IT IS FURTHER ORDERED** that the Court reserves the right to rule on any amended settlement term as to paragraph 15, subsection (g) of the Trustee's 9019 Motion along with any objections thereto without the necessity of a hearing.

**IT IS FURTHER ORDERED** that this Court retains jurisdiction to resolve any matters related to the interpretation, implementation, and enforcement of this Order and the Trustee's 9019 Motion.

# # #