**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: November 21, 2025.**

_____
**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § § § § § § § § | Chapter 11 |
| 1001 WL, LLC | | Case No. 24-10119-smr |
| Debtor | | |

**SEVENTEENTH INTERIM ORDER GRANTING DEBTOR'S MOTION FOR USE OF CASH COLLATERAL, AND GRANTING ADEQUATE PROTECTION**

Came on for consideration this 18th day of November, 2025, a hearing on the *Motion for Use of Cash Collateral* [Dkt. #33] (the "Motion") filed by Debtor 1001 WL, LLC (the "Debtor"). The Court, having considered the Motion finds that the Motion should be granted on an interim basis as set forth herein.

IT IS THEREFORE FOUND, DETERMINED, ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Motion is granted as set forth herein on an interim basis.

2. The Court has ordered the appointment of John Patrick Lowe as Chapter 11 trustee (the "<u>Trustee</u>") in the above-captioned case [ECF No. 647]. This Order confers upon the Trustee the exclusive right to use cash collateral as described herein.

3. **<u>Limited Authorization to Use Cash Collateral.</u>** The Trustee is hereby authorized, for the period beginning November 18, 2025 through and including, February 20, 2026, to use cash collateral for the actual and necessary monthly expenses of the bankruptcy estate as follows (the "<u>Budget</u>"):

- Fire & Safety: $2,416.35
- Internet: $150.00
- Janitorial: $13,000.00
- Maintenance: $5,010.00
- Misc. Expense (Repairs): $2,000.00
- Landscape: $1,000.00
- Property Insurance: $20,869.75
- Security: $12,300.00
- Payroll: $0
- Utilities: $38,000.00
- Waste Removal: $950.00
- Water Treatment: $350.00
- United States Trustee Fee: $250.00 (or the actual amount due and owing)

The Trustee's use of cash collateral as authorized herein shall be strictly limited to the expenditures in the Budget, subject to a variance of up to ten percent (10%) per month for any line item and a maximum aggregate monthly variance of ten percent (10%).

4. **<u>Reporting. By close of business each Tuesday, the Trustee shall deliver to counsel of record for TIG Romspen US Master Mortgage LP ("Romspen") a budget-to-actual report in form acceptable to Romspen setting forth the cash collections (on a per-tenant basis) and disbursements (on a budget line-item basis) made during the prior week (Monday through Sunday). Upon Romspen's reasonable request, the Trustee shall provide Romspen with the invoices supporting any disbursements made. Within seven (7) calendar</u>**

**days after the conclusion of the month, the Trustee shall provide Romspen a report in form acceptable to Romspen comparing the actual collections and disbursements to budgeted collections and disbursements (as for collections, on a per-tenant and budget line-item basis and as for disbursements, on a budget line-item basis).**

5. **Presumption.** All cash in the possession of the estate (including all cash on hand and received in the future) is presumed to be cash collateral, unless proven otherwise by a preponderance of the evidence.

6. **Adequate Protection: Replacement Liens**. As adequate protection from any diminution in the value of collateral held by parties with interests in cash collateral ("Secured Creditors") resulting from the Trustee's use of cash collateral from and after the Petition Date, the Secured Creditors are hereby granted the following liens and security interests:

(a) Continuing, additional and replacement liens and first priority security interests in, to and against any and all assets and property of the estate of the same kind as the Secured Creditors' prepetition collateral to the same extent priority and validity as the pre-petition liens held by such creditors (including but not limited to cash collateral), including, but not limited to, all cash, wherever located, in which the estate now has or may hereafter acquire any right, title or interest in, including any funds on deposit; documents of title evidencing or issued with respect thereto; accounts; contract rights; deposits; chattel paper; documents; records; equipment; fixtures; general intangibles instruments; inventory; investment property; financial assets and any and all other personal property and real property of the estate along with all proceeds and products of the foregoing; all as may be generated or acquired by the estate after the Petition Date.

The collateral described in this Paragraph is hereinafter referred to as the "Replacement Collateral."

7. **Non-Exclusive Rights.** The rights and obligations of the estate and the rights claims, security interests, liens and priorities of the Secured Creditors arising under this Order, are in addition to, and not in lieu or substitution of, the rights, obligations, claims, security interests, liens and priorities granted under the Secured Creditors' loan documents. The liens described in the immediately preceding paragraph are granted pursuant to 11 U. S. C. §§ 361, 362, and 363.

8. **Validity and Automatic Perfection.** Any and all liens and security interests granted pursuant to this Order shall be deemed effective, valid and perfected as of the date of the entry of this Order without the necessity of the filing or lodging by or with any entity of any documents or instruments otherwise required to be filed or lodged under applicable non-bankruptcy law. This Order shall be deemed to be a security agreement for purposes of creation, attachment and perfection of Secured Creditors' liens on and security interests in, to and against the Replacement Collateral. Said liens and security interests shall be valid and perfected as against, and binding upon, the estate (including the Debtor, the Trustee, and their respective successors and/or assigns, in this or any subsequent case under the Bankruptcy Code or in any insolvency or similar case or proceeding), and also upon any creditor of the estate who may have extended or may hereafter extend credit to the estate, or who may assert a claim in this or any subsequent case or proceeding, whether or not notice of this Order or this case has been filed in any place or with any person, including any official of any governmental jurisdiction within which the estate's property is located, whether municipal, county, state, or federal.

9. **Termination of Authority to Use Cash Collateral.** The authority to use cash collateral shall continue up through and including February 20, 2026, unless sooner terminated or

extended by the Court. Authorization to use cash collateral shall terminate if this case is converted to one under Chapter 7. To the extent Romspen agrees in writing to extend the term of this Order, such term shall be extended as provided in such writing without further order, notice or hearing. Notwithstanding any termination of the right to use the cash collateral as set forth herein, the obligations of the estate and the rights, claims, security interests, liens and priorities of Romspen with respect to all transactions occurring prior to the termination of the estate's authority to use the cash collateral shall remain unimpaired and unaffected by any such termination and shall survive any such termination.

10. **Insurance**. The Trustee shall at all times maintain: (a) insurance on its assets as required under the Debtor's loan documents with Romspen; and (b) any additional insurance coverages that may be required by law or by the United States Trustee.

11. To the extent the Trustee and Romspen agree to amend the Budget, the Trustee and/or Romspen are permitted to submit to the Court an amended Budget to replace the Budget set forth in Paragraph 3 hereof. Any amended Budget shall remain subject to the variance provisions set forth in Paragraph 3 hereof.

12. The final hearing on the motion for use of cash collateral is hereby continued until **Wednesday, February 11, 2026, at 2:30 P.M. (CT)** via videoconference. To access the hearing, visit https://www.zoomgov.com/my/robinson.txwb or call 669-254-5252, Meeting ID: 161 0862 5245.

###

Approved:

*/s/ John Patrick Lowe*
Attorney for John Patrick Lowe, Chapter 11 trustee

*/s/Kyle S. Hirsch*
Kyle S. Hirsch
Attorney for TIG Romspen US Master Mortgage LP


Order Submitted By:

R. Luke Graham
BRYAN CAVE LEIGHTON PAISNER LLP
2200 Ross Avenue, Suite 4200W
Dallas, Texas 75201
Luke.graham@bclplaw.com