**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| 1001 WL, LLC | § | Chapter 11 |
| | § | Case No. 24-10119-smr |
| Debtor. | § | |

**RESPONSE OF TRAVIS VARGO, STATE COURT APPOINTED RECEIVER, TO AMENDED MOTION OF ALI CHOUDHRI TO VACATE/RECONSIDER ORDER GRANTING RECEIVER'S MOTION TO SHOW AUTHORITY**
**[ECF 1007]**

TO THE HONORABLE SHAD M. ROBINSON,
UNITED STATES BANKRUPTY JUDGE :

COMES NOW, Travis Vargo, the State Court appointed Receiver, (the "Receiver") and files this his *Response of Travis Vargo, State Court Appointed Receiver, To Amended Motion of Ali Choudhri To Vacate/Reconsider Order Granting Receiver's Motion To Show Authority* [ECF 1007], and in support thereof would respectfully show the Court as follows:

## I.
## SUMMARY OF RESPONSE

1. The *Amended Motion of Ali Choudhri To Vacate/Reconsider Order Granting Receiver's Motion To Show Authority* [ECF 1007] (the "Choudhri Motion") should be denied because (1) there was no "manifest error of fact or law" made by the Court in its determination that the "Supersedeas on Alternative Security"[1] did not suspend the Receiver's post judgment collection efforts against Ali Choudhri ("Choudhri") on the Judgments entered in the A-Case or the D-Case, and (2) the Court properly exercised its

---

[1] The central tenet on which Choudhri relied in the filings by Lyndel Vargas in opposition to the Receiver's Motion to Show Authority [ECF 970] was the application of Rule 24 Tex. R. App. P. and his contention that the mere filing of the "Supersedeas on Alternative Security" was sufficient to supersede the judgments in Cause No. 2012-27197-A styled *Mokaram-Latif West Loop, Ltd. v. Ali Choudhri* (the "A-Case") and Cause No. 2012-27197-D *Mokaram-Latif West Loop, Ltd., v. Ali Choudhri, et al* (the "D-Case").

jurisdiction to determine the authority of parties before it to appear and be heard.

2. Choudhri's contention that this Court's *Order Granting The Receiver's Motion To Show Authority* [ECF 996] (the "Authority Order") should be vacated because the "Supersedeas on Alternative Security" *actually* superseded the enforcement of the Judgments against Choudhri - and therefore the failure to perfect the appeals of the Receivership Orders[2] are immaterial - is simply ludicrous. Whether directed towards the appeal of the Judgments *or* the appeal of the Receivership Orders, as explained by both this Court in the instant case and in Texas REIT[3] and by Judge Parker in the RIC (Lavernia)[4] case, the "Supersedeas on Alternative Security" failed to comply with Rule 24 of the Texas Rules of Appellate Procedure in effect for the A-Case and D-Case and was, therefore, ineffective to supersede the appeal of the Receivership Orders *or* the Judgments.

3. The Choudhri Motion further fails in its contention that this Court erred in deciding issues of State law and *should* have abstained from determining whether Receiver had the exclusive right to proceed in this Court relative to the claims and/or defenses of Galleria Loop Note Holder, LLC ("GLNH"), BDFI, LLC ("BDFI"), Jetall Capital, LLC ("Jetall") and Choudhri, ostensibly in deference to the Receivership Court[5]. First, the contention that this Court erred because it *should* have abstained is nothing more

---

[2] The *Amended Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the A-Case (the "A-Case Receivership Order") and the *Amended Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the D-Case (the "D-Case Receivership Order") (collectively the "Receivership Orders").

[3] In re: Texas REIT, LLC pending under Case No. 24-10120-smr in the U.S. Bankruptcy Court for the Western District of Texas, Austin Division. Curiously, Choudhri did not file a motion to reconsider or vacate the Authority Order entered in the Texas REIT matter.

[4] In re: RIC (Lavernia) Case No. 24-51195-mmppending under Case No. 24-10119-smr in the U.S. Bankruptcy Court for the Western District of Texas, Austin Division

[5] The Honorable Randy Wilson sitting by assignment in the 333rd Judicial District Court of Harris County, Texas

than the attempted re-litigation of the substantive issues presented to the Court and decided in the Authority Order. Alternatively, it is an attempt to raise an issue that should or could have been raised but was not, which is a prohibited use of Rule 59, and by extension, Rule 9023. *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008). The authority of the Receiver to proceed in the Bankruptcy Court was the central issue raised int the Receiver's Motion to Show Authority and the core of the Authority Order. This Court, in entering the Authority Order, expressly determined that the proper party to assert the positions of GLNH, BDFI, Jetall[6], and Choudhri under the Receivership Orders, in the absence of a proper supersedeas, is the Receiver.

4. Finally, long before the appearance of the Receiver, Choudhri, GLNH, BDFI and Jetall each consented to the jurisdiction of the Bankruptcy Court and entry of final orders and judgment by seeking affirmative relief in connection with this bankruptcy proceeding. *In re Barney's Boats of Chicago, Inc.*, 616 F.2d 164, 166 (5th Cir. 1980).

## II.
## ARGUMENT AND AUTHORITIES

### A. There was no "manifest error of fact or law"

5. In the event that the Court concludes that the Choudhri Motion was timely, it is substantively deficient and should be denied. The purported "manifest error of fact and law" is this Court's analysis of the application of TRAP 24 to the "Supersedeas on Alternative Security". This issue was exhaustively analyzed by this Court and Judge Bradley. The Choudhri Motion again contends that the A-Case and D-Case have been superseded and, therefore, the role of the Receiver is suspended pending the conclusion

---

[6] Subject to any presently pending and properly filed bankruptcy proceeding

of the appeal of those cases pursuant to Rule 24.1(f) of the Texas Rules of Appellate Procedure which provides that "[e]nforcement of a judgment must be suspended if the judgment is superseded." Tex. R. App. Pro. 24.1(f). Choudhri was wrong originally and continues to be wrong now.

6. This Court specifically addressed the issue raised in the Choudhri Motion as the "manifest error" – the absence of consideration of the appeal of the Judgments themselves. This Court analyzed this possibility and opined as follows:

> Here, Choudhri did not reach an agreement, file a bond, or make a deposit. He contends that he provided alternate security. He produced a document entitled "Choudhri Supersedeas with Alternative Security" filed on August 11, 2025, in the A Case.[16] Choudhri's filing purports to pledge as alternative security several judgments he is owed, one-fourth of a claim for unpaid rent he is allegedly owed, one-tenth of his "49.5% interest in Mokaram Latiff West Loop, Ltd." and his "50% interest in Mokaram Latiff General, LLC."[17]
> A document entitled "Ali Choudhri's And/Or The Dalio Entities' Supersedeas With Alternative Security" was filed in the D Case on or around August 13, 2025.[18] In this filing, Choudhri purports to pledge as alternative security "35% of [his] 49.5% interest in Mokaram Latiff West Loop, Ltd." and his "50% interest in Mokaram Latiff General, LLC."
>
> . . .
>
> The Court's best understanding of Choudhri's best argument is that his "alternative security" filing in the trial court is the same thing as a bond and therefore, under the 2023 amendment to Rule 24.1(b)(2), which *is* applicable to the A and D Cases, it was "effective upon filing."[22] However, Rule 24.1(a), quoted above, clearly states that methods for superseding a judgment include either filing a bond (which supersedes immediately and need not be ordered by the court)[23] *or* providing alternate security (which must be ordered by the court).[24] A bond and alternate security, then, are different things.[25] Choudhri provided neither a bond nor an alternate security ordered by the court. Therefore, his supersedeas was not successful.

In its analysis, this Court concluded that the version of Rule 24.1(a)(4) of the Texas Rules of Appellate Procedure that applies to the A-Case and the D-Case is: "Unless the law or

these rules provide otherwise, a judgment debtor may supersede the judgment by providing alternate security ***ordered by the court***." TEX. R. APP. P. 24.1(a)(4), 60 Tex. B.J. 430 (Tex. & Tex. Crim. App. 1997, amended 2023) (emphasis added). It is undisputed[7] that the A-Case and the D-Case are "civil actions" that were commenced in 2012, more than a decade prior to the 2023 amendments to Rule 24 of the Texas Rules of Appellate Procedure.

7. Accordingly, because the very issue that the Choudhri Motion points to as "manifest error" was, in fact considered by this Court, the Choudhri Motion should be denied because *Choudhri did not obtain an order from the Receivership Court* as required pursuant to Rules 24.1(a)(4) and 24.2(e) of the Texas Rules of Appellate Procedure. *In re Kay*, 715 S.W.3d 747, 751 (Tex. 2025); *see also* the implementing order issued by the Supreme Court of Texas entered as Miscellaneous Docket No. 23-9101 (the amendments to Rule 24 "apply only to a civil action commenced on or after September 1, 2023").

**B. This Court properly exercised its jurisdiction in entering the Authority Order**

8. "A court by necessity has the authority to determine its own jurisdiction over the parties and subject matter, and does so either tacitly or expressly, by rendering a judgment." *Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1052 (5th Cir. 1987). This Court was asked to determine who had the authority to proceed with the matters presently pending before it and did so in entering the Authority Order. The issue of abstention, whether permissive or mandatory, was one that could and/or should have been brought to the Court by Choudhri in his Response[8] to the Receiver's Motion to Show Authority[9].

---

[7] See Authority Order pg. 5
[8] Choudhri filed his Response at ECF 979 and his Corrected Response at ECF 986, neither of which addressed abstention – whether mandatory or permissive
[9] See ECF 970

The issue of abstention was not raised by Choudhri in his pleadings or at the hearing on the Receiver's Motion to Show Authority. As noted in the Summary section, Rule 59 "cannot be used to raise arguments or claims "that could, and should, have been made before the judgment issued." *Marseilles Homeowners Condo. Ass'n,* 542 F.3d at 1058; *see also Demahy v. Schwarz Pharma, Inc.,* 702 F.3d 177, 182 (5th Cir. 2012).

9. Accordingly, the Choudhri Motion should be denied as the only substantive matter raised and not previously litigated is the issue of abstention which could have been raised but was not raised by Choudhri in connection with the Receiver's Motion to Show Authority.

## **CONCLUSION**

The Choudhri Motion should be denied because it fails to articulate any manifest error of law or fact which would merit a new hearing on the Motion to Show Authority. Because the Judgments in the A-Case and D-Case were not superseded, neither Choudhri, individually, nor on behalf of GLNH, BDFI, Jetall or any of the Choudhri LLCs have any authority to engage counsel and take a position in any proceeding affecting the assets of those entities or the non-exempt assets of Choudhri which are under the supervision and control of the Receiver pursuant to the terms of the Receivership Orders and *WC 4th & Colo. v. Colo. Third St., LLC*, 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025).

WHEREFORE, PREMISES CONSIDERED, the Receiver respectfully requests that the Court, deny the Choudhri Motion and grant the Receiver such other and further relief at law or in equity to which he may be justly entitled.

Dated this 24th day of November 2025.

Respectfully submitted,

Luttrell + Carmody Law Group
One International Centre
100 N.E. Loop 410, Suite 615
San Antonio, Texas 78216
Tel.  210.426.3600
Fax  210.426.3610

By: /s/ Leslie M. Luttrell
    Leslie M. Luttrell
    State Bar No. 12708650
    luttrell@lclawgroup.net

**ATTORNEYS FOR TRAVIS B. VARGO, STATE COURT-APPOINTED RECEIVER**

## **CERTIFICATE OF SERVICE**

I, Leslie M. Luttrell, do hereby certify that on the 24th day of November 2025, I caused a copy of the foregoing pleading to be served to the Debtor, all parties receiving electronic notice, and all parties on the attached creditor mailing matrix either through the Court's ECF System or via U.S. First Class Mail, postage prepaid.

**Debtor**
1001 WL, LLC
2450 Wickersham Lane
Suite 202
Austin, TX 78741

**US Trustee's Office**
Shane P. Tobin
903 San Jacinto Blvd.
Room 230
Austin, TX 78701

**Chapter 11 Trustee**
John Patrick Lowe
2402 East Main Street
Uvalde, TX 78801

**Counsel for Mr. Lowe**
Brian Talbot Cumings
Graves Dougherty Hearon & Moody, PC
401 Congress Ave #2700
Austin, TX 78701

**Counsel for TIG Romspen**
Kyle Hirsch
Bryan Cave Leighton Paisner LLP
Two North Central Ave, Suite 2100
Phoenix, AZ 85004-4406

Brigid K Ndege
Bryan Cave Leighton Paisner
161 N Clark St
Ste 4300,
Chicago, IL 60605

**Other Lawyers**
Lyndel Vargas
CAVAZOS HENDRICKS POIROT, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX 75202

Justin Rayome
1001 West Loop South, Suite 700
Houston, TX 77027

Bruce J. Duke
DUKE LAW FIRM
141-1 Route 130 South, #380
Cinnaminson, NJ 08077

/s/ Leslie M. Luttrell
Leslie M. Luttrell

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0542-1<br>Case 24-10119-smr<br>Western District of Texas<br>Austin<br>Mon Nov 24 10:50:46 CST 2025 | 1001 WL, LLC<br>2450 Wickersham Lane, Suite 202<br>Austin, TX 78741-4744 | U.S. BANKRUPTCY COURT<br>903 SAN JACINTO, SUITE 322<br>AUSTIN, TX 78701-2450 |
| ABC Home & Commercial<br>Services<br>11934 Barker Cypress Road<br>Cypress, TX 77433-1802 | Ali Choudhri<br>1001 West Loop S Ste 700<br>Houston, TX 77027-9033 | Ali Choudhri<br>2425 West Loop St., 11th Flr.<br>Houston, TX 77027 |
| Ameritrex Imaging & Services<br>PO Box 841511<br>Houston, TX 77284-1511 | BARRON & NEWBURGER, P.C.<br>C/O STEPHEN W. SATHER<br>7320 N. MoPac Expwy., Suite 400<br>Austin, TX 78731-2347 | BDFI, LLC<br>1001 West Loop S Ste 700<br>Houston, TX 77027-9033 |
| BDFI, LLC<br>2425 West Loop South, Suite 1100<br>Houston, TX 77027-4210 | BDFI, LLC<br>c/o Mark A. Junell<br>The Junell Law Firm, PC<br>746 Country Lane<br>Houston, TX 77024-5508 | BDFI, LLC<br>c/o Ronald J. Smeberg<br>The Smeberg Law Firm, PLLC<br>4 Imperial Oaks<br>San Antonio, Texas 78248-1609 |
| Baker Botts, LLP<br>401 S 1st St<br>Unit 1300<br>Austin, TX 78704-1296 | Boxer Property Management Corporation<br>7324 Southwest Fwy #1900<br>Houston TX 77074-2057 | Boxer Property Management Corporation<br>c/o Reed W. Burritt, Atty.<br>7324 Southwest Fwy #1900<br>Houston TX 77074-2057 |
| CFI Mechanical, Inc.<br>6109 Brittmoore Rd<br>Houston, TX 77041-5610 | Capital Premium Financing<br>PO Box 667180<br>Dallas, TX 75266-7180 | Cirro<br>PO Box 2229<br>Houston, TX 77252-2229 |
| City of Houston<br>c/o Tara L. Grundemeier<br>Linebarger Goggan Blair & Sampson LLP<br>PO Box 3064<br>Houston, TX 77253-3064 | City of Houston Water<br>PO Box 1560<br>Houston, TX 77251-1560 | Cleaning Advanced Systems, LLC<br>Pavlock Law Firm, PLLC<br>6345 Garth Road 110-122<br>Baytown, TX 77521-5625 |
| Cleaning Advances Service<br>110 Cypress Station Suite 111<br>Houston, TX 77090-1626 | Comcast<br>9602 S 300 W Suite B<br>Sandy, UT 84070-3336 | Datawatch Systems<br>4520 East West Highway 200<br>Bethesda, MD 20814-3382 |
| Drew Dennett<br>2450 Wickersham Lane, Suite 202<br>Austin, TX 78741-4744 | EAO Global LLC<br>14315 Briarhills Pkwy<br>Houston, TX 77077-1007 | Environmental Coalition Inc.<br>Po Box 1568<br>Stafford, TX 77497-1568 |
| FirePro Tech<br>6830 N Eldridge Pkwy Suite 110<br>Houston, TX 77041-2635 | FireTron Life Safety Solutions<br>PO Box 1604<br>Stafford, TX 77497-1604 | Fluid Meter Sales & Service,<br>Inc.<br>1303 Steele Drive<br>Friendswood, TX 77546-2018 |

| | | |
|---|---|---|
| GFS Industries<br>24165 IH 10 W Suite 217<br>San Antonio, TX 78257-1160 | Galleria Loop Note Holder, LLC<br>c/o Ronald J. Smeberg<br>The Smeberg Law Firm, PLLC<br>4 Imperial Oaks<br>San Antonio, Texas 78248-1609 | Galleria Note Holder, LLC<br>c/o James Pope<br>6161 Savoy Drive Suite 1125<br>Houston, TX 77036-3343 |
| Harcon Mechanical<br>Contractors<br>9009 W Little York<br>Houston, TX 77040-4113 | Harris County Tax Assessor<br>PO Box Box 77210-4633 | Houston Community College System<br>c/o Tara L. Grundemeier<br>Linebarger Goggan Blair & Sampson LLP<br>PO Box 3064<br>Houston, TX 77253-3064 |
| Houston ISD<br>c/o Tara L. Grundemeier<br>Linebarger Goggan Blair & Sampson LLP<br>PO Box 3064<br>Houston, TX 77253-3064 | IHC Specialty Benefits, Inc.<br>5353 Wayzata Boulevard<br>Suite 300<br>St. Louis Park, MN 55416-1317 | JLM Law Firm<br>2921 E 17th Street Bldg D Suite 6<br>Austin, TX 78702-1595 |
| Jetall Companies<br>1001 W Loop S Suite 700<br>Houston, TX 77027-9033 | Jetall Companies, Inc.<br>2425 West Loop South Suite 1100<br>Houston, TX 77027-4210 | Kings 111<br>751 Canyon Drive Suite 100<br>Coppell, TX 75019-3857 |
| Lloyd E Kelly<br>2726 Bissonnet Suite 240<br>Houston, TX 77005-1352 | Mark C. Taylor, Special Litigation Counsel<br>Holland & Knight LLP<br>100 Congress Avenue, Suite 1800<br>Austin, Texas 78701-4042 | Mary E. Morandini<br>96 Cummings Point Road<br>Stamford, CT 06902-7919 |
| Meyerland Glass Company<br>12922 Murphy Road<br>Stafford, TX 77477-3904 | Morsco Supply, LLC<br>6867 Wynwood Lane<br>Houston, TX 77008-5023 | Mueller<br>1500 Sherwood Forest Drive<br>Houston, TX 77043-3899 |
| Nationside Investigations &<br>Security<br>2425 W Loop S Suite 300<br>Houston, TX 77027-4207 | Pieper Houston Electric, LP<br>1708 Oak Tree<br>Houston, TX 77080-7240 | Rapp Krock<br>1980 Post Oak Blvd Suite 1200<br>Houston, TX 77056-3970 |
| Ringcentral<br>PO Box 734232<br>Dallas, TX 75373-4232 | Sonder USA Inc.<br>c/o J. Eric Lockridge<br>Kean Miller LLP<br>400 Convention St., Ste. 700<br>Baton Rouge, LA 70802-5628 | Sonder USA Inc.<br>c/o Kean Miller LLP<br>711 Louisiana Street, Suite 1800<br>Houston, Texas 77002-2832 |
| T&R Mechanical<br>21710 White Oak Drive<br>Conroe, TX 77306-8848 | TIG Romspen US Master Mortgage LP<br>c/o Bryan Cave Leighton Paisner LLP<br>Attn: Kyle S. Hirsch<br>2200 Ross Avenue, 4200W<br>Dallas, TX 75201-2763 | TIG Romspen US Master Mortgage LP<br>c/o Locke Lord LLP<br>Attn: W. Steven Bryant<br>300 Colorado Street, Ste. 2100<br>Austin, Texas 78701-4890 |
| TIG Romspen US Master Mortgage, LP<br>162 Cumberland Street Suite 300<br>Toronto, Ontario M5R 3N5 | TKE<br>3100 Interstate North Cir SE Ste. 500<br>Atlanta, GA 30339-2296 | The Hanover Insurance Group<br>(GL & Prop)<br>PO Box 580045<br>Charlotte, NC 28258-0045 |

| | | |
|---|---|---|
| Travis B Vargo<br>c/o Leslie M Luttrell<br>Luttrell + Carmody Law Group<br>100 NE Loop 410 #615<br>San Antonio TX 78216-4713 | United States Trustee - AU12<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 | Wate Management<br>PO Box 660345<br>Dallas, TX 75266-0345 |
| Xavier Educational Academy, LLC<br>c/o Beau H. Butler<br>1401 McKinney St 1900<br>Houston Tx 77010-4037 | Xavier Educational Academy, LLC<br>c/o Genevieve M. Graham<br>1401 McKinney St 1900<br>Houston Tx 77010-4037 | Zindler Service Co<br>2450 Fondren Suite 113<br>Houston, TX 77063-2314 |
| John Patrick Lowe<br>2402 East Main Street<br>Uvalde, TX 78801-4943 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)1001 WL, LLC<br>2450 Wickersham Ln<br>Suite 202<br>Austin, TX 78741-4744 | (u)See Attached | End of Label Matrix<br>Mailable recipients    66<br>Bypassed recipients     2<br>Total                  68 |