## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **1001 WL LLC**, | ) | Case No. 24-10119 |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| | ) | |

### TIG ROMSPEN US MASTER MORTGAGE LP'S RESPONSE TO MOTION FOR RECONSIDERATION OF THE ORDER GRANTING THE MOTIONS TO SHOW AUTHORITY [ECF NOS. 837, 838, 839, 840, 970]

TIG Romspen US Master Mortgage LP, an exempted Cayman Islands limited partnership ("Romspen"), hereby responds in opposition to the *Motion for Reconsideration of the Order Granting the Motions for Order to Show Authority [ECF Nos. 837, 838, 839, 840, 970]* [ECF No. 1007] (the "Motion for Reconsideration"). In support of this response, Romspen states as follows:

### INTRODUCTION

The Motion for Reconsideration is nothing but another attempt by Ali Choudhri to derail legitimate Court orders. Purportedly filed on behalf of Mr. Choudhri and three entities he owns and purports to control (collectively, "Movants"), the Motion for Reconsideration offers no valid reason for this Court to unwind its *Order Regarding Motions to Show Authority* (the "Authority Order") [ECF No. 996], which affirmed the state court-appointed receiver Travis Vargo's ("Receiver") authority to make litigation decisions for Movants.

## ARGUMENT

### I. Determining Capacity is Procedural in Nature.

Movants' argument that this Court lacked subject matter jurisdiction to enter the Authority Order [Mot. for Reconsideration ¶¶ 8–13] is a red herring. The motions to show authority were procedural in nature, challenging capacity and governed by Federal Rule of Civil Procedure 17 (applicable pursuant to Federal Rules of Bankruptcy Procedure 7017 and 9014(c)(1)).

Standing and capacity are often confused. *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 212 n.18 (5th Cir. 2016) *cert. denied*, 137 S. Ct. 304, *reh'g denied*, 137 S. Ct. 545. "A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848–49 (Tex. 2005) (quoting *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996)).

Courts (including bankruptcy courts) have the inherent authority to determine capacity of litigants who appear before them. *See, e.g.*, *Listoken Tr. v. JVL Glob. Energy, L.P.*, No. MO-09-CA-056-H, 2010 U.S. Dist. LEXIS 161221, at *5 (W.D. Tex. June 2, 2010) ("Courts have undoubted power to require counsel before them to demonstrate their authority."); *see also, e.g.*, *Hill v. Day (In re Today's Destiny, Inc.)*, No. 06-3285, 2009 Bankr. LEXIS 1165, at *14 (Bankr. S.D. Tex. May 1, 2009) (quoting *Donnelly v. Parker,* 486 F.2d 402, 405 n.6 (D.C. Cir. 1973).

"A party to a suit may by timely motion dispute the authority of the opposing attorney to act for the party in whose name he is proceeding." *Listoken Tr.*, 2010 U.S. Dist. LEXIS 161221, at *5. The fact that Federal Rule of Civil Procedure 17 requires application of Texas law does not, itself, strip this Court of the ability to handle the procedural question of capacity. *See* Fed. R. Civ. P. 17(b) (referring to applicable non-bankruptcy law to determine capacity).

## II. The Court Did Not Err.

Movants' remaining arguments fail because they are improperly raised in a motion for reconsideration. "A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005) (citing *Westbrook v. Comm'r*, 68 F.3d 868, 879 (5th Cir. 1995)). Such arguments are deemed to have been waived. *U.S. Bank N.A. v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 425–26 (5th Cir. 2014).

First, Movants concede they attempted to provide "alternate security" to stay the effectiveness of the underlying receivership orders but criticize the Court for not accepting such "alternate security" as an effective stay of such orders. *See* Mot. for Reconsideration ¶¶ 14–16. However, as plainly stated in Texas Rule of Appellate Procedure 24.1(a)(4) (cited in the Motion for Reconsideration at para. 15 and discussed in the Authority Order), posting of alternate security must be "ordered by the court" in order to be effective. Movants failed at the hearing, and in the Motion to Reconsider, to identify any state court order authorizing Choudhri to post alternate security. The Court therefore correctly rejected Choudhri's bare posting of "alternate

security," without an accompanying state court order, as a basis to stay the effectiveness of the receivership orders.

Next, Movants raise a new argument by criticizing the Court for issuing the Authority Order based on appeals of the <u>receivership orders</u> rather than the appeals of the <u>underlying judgments</u>. *See* Mot. for Reconsideration ¶ 17. Movants had the opportunity to present the Court with the appeals of the underlying judgments but failed to do so. Moreover, because there is no stay in effect, the judgments—and the receivership orders enforcing the same—remain valid orders of the state court notwithstanding the pending appeals. Until such time as an appellate court states otherwise (which has not happened to date), this Court appropriately relied on the receivership orders to determine authority.

Last, Movants simply re-argue that the underlying receivership orders do not operate as interpreted by this Court. *See* Mot. for Reconsideration ¶¶ 18–22. This rehashed, rejected argument is not a proper basis for reconsideration. *See, e.g.*, *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir. 1998) ("It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'").

## **CONCLUSION**

Having raised no valid reason for the Court to reconsider or otherwise alter the Authority Order, the Motion to Reconsideration should be denied.

Dated: November 24, 2025

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Kyle S. Hirsch*
Kyle S. Hirsch (Tex. Bar No. 24117262)
R. Luke Graham (Tex. Bar No. 24127305)
2200 Ross Avenue, 4200W
Dallas, Texas 75201
Telephone: 602.364.7170
Email: kyle.hirsch@bclplaw.com
Email: luke.graham@bclplaw.com

***Attorneys for TIG Romspen US Master Mortgage LP***

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2025, a true and correct copy of the foregoing was served via the Court's ECF notification system, including counsel for the Debtor, the U.S. Trustee, and any party who has noticed an appearance in this case, as follows:

Clinton Wayne Alexander on behalf of Attorney Kell C Mercer
calexander@bls-legal.com

William Steven Bryant on behalf of Creditor TIG Romspen US Master Mortgage LP
steven.bryant@troutman.com, jpelayo@lockelord.com

Reed W. Burritt on behalf of Creditor Boxer Property Management Corporation
Reed.Burritt@BoxerProperty.com

Beau Butler on behalf of Interested Party Xavier Educational Academy, LLC
bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jrego@jw.com

Ali Choudhri
ali@jetallcapital.com

Brian Talbot Cumings on behalf of Attorney Graves Dougherty Hearon & Moody, P.C.
bcumings@gdhm.com, ctrickey@gdhm.com

Brian Talbot Cumings on behalf of Defendant 1001 WL, LLC
bcumings@gdhm.com, ctrickey@gdhm.com

Brian Talbot Cumings on behalf of Defendant PCR Property Services LLC
bcumings@gdhm.com, ctrickey@gdhm.com

Brian Talbot Cumings on behalf of Trustee John Patrick Lowe
bcumings@gdhm.com, ctrickey@gdhm.com

Bruce J Duke on behalf of Interested Party Ali Choudhri
bruce@bdukelawfirm.com, brucedukeesq@gmail.com

Michelle V. Friery on behalf of Creditor Sonder USA Inc.
michelle@wilsonfriery.com, admin@wilsonfriery.com

Javier Gonzalez, Jr on behalf of Interested Party Xavier Educational Academy, LLC
jgonzalez@jw.com,
dtrevino@jw.com;kgradney@jw.com;steso@jw.com;mmcclenathen@jw.com

Genevieve M. Graham on behalf of Interested Party Xavier Educational Academy, LLC
ggraham@graham-pllc.com

Tara L. Grundemeier on behalf of Creditor City of Houston
houston_bankruptcy@lgbs.com

Tara L. Grundemeier on behalf of Creditor Houston Community College System
houston_bankruptcy@lgbs.com

Tara L. Grundemeier on behalf of Creditor Houston ISD
houston_bankruptcy@lgbs.com

Patrick Clayton Joost on behalf of Interested Party ServiceLink
Patrick.Joost@fnf.com, patrickjoost34@gmail.com

Mark Junell on behalf of Creditor BDFI, LLC
mark@junellfirm.com

Paul Kirklin
pkirklin@kirklinlaw.com

Stephen Kirklin on behalf of Attorney Paul Kirklin
skirklin312@gmail.com

J. Eric Lockridge on behalf of Creditor Sonder USA Inc.
eric.lockridge@keanmiller.com, eric-lockridge-9072@ecf.pacerpro.com

John Patrick Lowe
pat.lowe.law@gmail.com, plowe@ecf.axosfs.com

Leslie M. Luttrell on behalf of Interested Party Travis Vargo, in his capacity as Court-Appointed Receiver
luttrell@lclawgroup.net,
sdpitts@lclawgroup.net;wperotti@lclawgroup.net;emeier@lclawgroup.net

Kell C. Mercer on behalf of Creditor BDFI, LLC
kell.mercer@mercer-law-pc.com

Kell C. Mercer on behalf of Defendant Dward DarJean
kell.mercer@mercer-law-pc.com

Kell C. Mercer on behalf of Interested Party Galleria Loop Note Holder, LLC
kell.mercer@mercer-law-pc.com

Kell C. Mercer on behalf of Interested Party Jetall Capital, LLC
kell.mercer@mercer-law-pc.com

Kell C. Mercer on behalf of Interested Party Ali Choudhri
kell.mercer@mercer-law-pc.com

Shea Neal Palavan on behalf of Interested Party Galleria Loop Note Holder, LLC
service@houstonip.com, snpalavan@recap.email

Shea Neal Palavan on behalf of Interested Party Jetall Capital, LLC
service@houstonip.com, snpalavan@recap.email

Shea Neal Palavan on behalf of Interested Party Ali Choudhri
service@houstonip.com, snpalavan@recap.email

James Q. Pope on behalf of Creditor BDFI, LLC
ecf@thepopelawfirm.com, jpope@jubileebk.net

James Q. Pope on behalf of Interested Party Galleria Loop Note Holder, LLC
ecf@thepopelawfirm.com, jpope@jubileebk.net

Justin Rayome on behalf of Attorney Justin Rayome
justin.rayome.law@gmail.com

Justin Rayome on behalf of Counter Defendant Jetall Capital LLC
justin.rayome.law@gmail.com

Justin Rayome on behalf of Interested Party Ali Choudhri
justin.rayome.law@gmail.com

Jeremy M Reichman on behalf of Attorney Bryan Cave Leighton Paisner, LLP
jreichman@velaw.com, dtucker@velaw.com;courtmail@velaw.com

John C. Roy on behalf of U.S. Trustee United States Trustee - AU12
croy@krcl.com, ajezisek@krcl.com

Gia Samavati on behalf of Plaintiff Galleria Loop Note Holder LLC
gia@samavatilawfirm.com

Stephen W. Sather on behalf of Defendant 1001 WL, LLC
ssather@bn-lawyers.com, plevine@bn-lawyers.com;cchristensen@bn-lawyers.com;BarronNewburgerPCAustin@jubileebk.net;mcalderon@bn-lawyers.com;kparsley@bn-lawyers.com

Stephen W. Sather on behalf of Interested Party Barron & Newburger, P.C.
ssather@bn-lawyers.com, plevine@bn-lawyers.com;cchristensen@bn-lawyers.com;BarronNewburgerPCAustin@jubileebk.net;mcalderon@bn-lawyers.com;kparsley@bn-lawyers.com

Ronald J Smeberg on behalf of Interested Party Smeberg Law Firm, PLLC
ron@smeberg.com, ronaldsmeberg@yahoo.com;denielle@smeberg.com

Mark Curtis Taylor on behalf of Attorney Holland & Knight LLP
mtaylor@krcl.com, ajezisek@krcl.com,tgreenblum@krcl.com

Mark Curtis Taylor on behalf of Attorney Mark Taylor
mtaylor@krcl.com, ajezisek@krcl.com,tgreenblum@krcl.com

Mark Curtis Taylor on behalf of Plaintiff 1001 WL, LLC
mtaylor@krcl.com, ajezisek@krcl.com,tgreenblum@krcl.com

Eric Terry on behalf of Creditor WCW Houston Properties
eric@ericterrylaw.com

Shane P. Tobin on behalf of U.S. Trustee United States Trustee - AU12
shane.p.tobin@usdoj.gov, gary.wright3@usdoj.gov;Tisha.Savannah@usdoj.gov

United States Trustee - AU12
ustpregion07.au.ecf@usdoj.gov

Lyndel A. Vargas on behalf of Interested Party Dalio Holdings I, LLC
LVargas@chfirm.com,
chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.courtdrive.com

Lyndel A. Vargas on behalf of Interested Party Ali Choudhri
LVargas@chfirm.com,
chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.courtdrive.com

Travis Brian Vargo on behalf of Interested Party Travis B Vargo
tvargo@vargolawfirm.com, mpoynter@vargolawfirm.com

Gary W. Wright on behalf of U.S. Trustee United States Trustee - AU12
gary.wright3@usdoj.gov

           */s/ Kyle S. Hirsch*
           Kyle S. Hirsch