IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **1001 WL LLC**, | ) | Case No. 24-10119 |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

## MOTION TO CONVERT CASE TO CHAPTER 7

RIC (West Loop) LLC ("RIC"), as assignee of the collateral interests of TIG Romspen US Master Mortgage LP, an exempted Cayman Islands limited partnership ("Romspen"), hereby files this motion for an order converting this chapter 11 case to a case under chapter 7 for cause under 11 U.S.C § 1112. In support, RIC states as follows:

### JURISDICTION, VENUE, AND STATUTORY BASIS

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

3. The statutory bases for relief include 11 U.S.C. §§ 105, 363, and 1112.

### RELEVANT BACKGROUND

4. On February 6, 2024 (the "Petition Date"), 1001 WL, LLC (the "Debtor") filed a voluntary petition for protection under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")[1], thereby commencing this case. The Debtor remained in control of the

---

[1] The use of sections herein shall refer to the Bankruptcy Code, except as otherwise specified.

1

bankruptcy estate as debtor-in-possession until January 23, 2025, when the Court approved the appointment of John Patrick Lowe as Chapter 11 trustee (the "Trustee").

5. Ali Choudhri ("Choudhri") controlled the Debtor as of the Petition Date.

6. Shortly after the Petition Date, Romspen filed its proof of claim (which has been amended) reflecting its senior security interest encumbering the estate's sole tangible asset: the office building located at 1001 West Loop South, Houston, Texas (the "Real Property") and personal property (including rents) related to the Real Property (collectively, the "Collateral"). *See* Claim 1-2. The Trustee does not dispute the validity or priority of the Romspen claim; and acknowledges that the Romspen claim is in an amount in excess of $30 million. The Trustee further does not dispute that all estate cash constitutes "cash collateral" as that term is defined in 11 U.S.C. § 363(a).

7. This bankruptcy case was one of several tactics employed by Choudhri to prevent Romspen from enforcing its senior lien rights encumbering the Collateral.

8. On February 14, 2024, Romspen moved for relief from the automatic stay. [ECF 5]. After a series of evidentiary hearings, the Court conditionally modified the stay to permit Romspen to proceed with a non-judicial foreclosure of the Real Property in October 2024, or any month thereafter, subject to the Court's ruling on confirmation of the Debtor's proposed chapter 11 plan. [ECF 141, 206, 359, 463].

9. On September 16, 2024, the Court conducted an oral ruling on confirmation of the Debtor's proposed plan, determining that the plan was not proposed in good faith under the totality of the circumstances (Section 1129(a)(3)) and that the plan was not feasible (Section 1129(a)(11)). The Court's ruling was memorialized in an order entered on September 19, 2024. [ECF 502]. After the Court's ruling denying plan confirmation, Romspen had full Court authorization to

proceed with a non-judicial trustee's sale of the Real Property on or anytime after the October 1, 2024, sale date.

10. Romspen filed a motion seeking to convert this case to chapter 7 or, alternatively, for the appointment of a chapter 11 trustee. [ECF 541].

11. After hearing evidence over several hearings, the Court granted Romspen's motion in part, ordered the appointment of a chapter 11 trustee for cause, and on January 23, 2025, appointed the Trustee. [ECF 634, 647].

12. On October 20, 2025, the Court entered its order confirming that Travis Vargo as state court-appointed trustee has the sole and exclusive authority to direct litigation on behalf of Choudhri and several other entities over which Choudhri asserts control rights. [ECF 996].

13. On December 2, 2025, Romspen assigned to RIC its interests in and to the Collateral (including the cash held by the estate) [*see* ECF 1026] ; and RIC acquired the Real Property through a properly noticed and conducted non-judicial foreclosure sale. *See* Exhibit A, Substitute Trustee's Deed.

## ARGUMENT

14. "[O]n request of a party-in-interest, and after notice and a hearing, the court **shall** convert a case under [Chapter 11] to a case under chapter 7 . . . for cause" unless the court determines that the appointment of a trustee or examiner is in the best interests of creditors and the estate. 11 U.S.C. §1112(b)(1)(emphasis added). The Bankruptcy Code offers a non-exhaustive list of what constitutes "cause" to convert, including "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." *Id.*, §1112(b)(4)(i). The Bankruptcy Court has broad discretion in determining what may constitute

cause for the dismissal or conversion of a case. *Loop Corp. v. U.S. Trustee*, 379 F.3d 511, 516 (8th Cir.2004); *see also Toibb v. Radloff*, 501 U.S. 157, 165, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991).

15. "The purpose of § 1112(b)(1) is to preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation." *In re TMT Procurement Corp.*, 534 B.R. 912, 922 (Bankr. S.D. Tex. 2015). Courts consider the totality of the circumstances in determining whether there is cause for dismissal or conversion under Section 1112(b). *In re Emirates, Inc.*, No. 09-30865-G3-11, 2010 Bankr. LEXIS 734 (Bankr. S.D. Tex. Mar. 4, 2010)

16. Notwithstanding the obligatory language in Section 1112(b)(1), the Court is <u>not permitted</u> to convert or dismiss the case

> if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, **and** the debtor or any other party in interest establishes that –
>
> (A) There is a reasonable likelihood that a plan will be confirmed . . . **and**
>
> (B) The grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph 4(A) . . . .

11 U.S.C. §1112(b)(2)(emphasis added).

17. RIC's acquisition of the Real Property at the December 2, 2025, non-judicial foreclosure sale eliminated any prospect of a successful reorganization and diminished the estate to (i) cash collateral remaining in the Trustee's possession and (ii) potential estate claims. Cause therefore exists pursuant to 11 U.S.C. §1112(b)(4)(i).

18. Conversion to Chapter 7 is in the best interests of creditors. RIC does not assert a lien on Chapter 5 causes of action – which appear to be the only conceivable assets that remain in the bankruptcy estate. A chapter 7 trustee may therefore seek to liquidate Chapter 5 causes of action

for the benefit of estate creditors. And if there are no Chapter 5 causes of action for a chapter 7 trustee to pursue, the case can be efficiently closed.

19. In consultation with the Trustee, RIC will consent to a surcharge of its cash collateral only to pay the fees incurred under 28 U.S.C. § 1930(a)(6) by the bankruptcy estate and the allowed and approved fees and expenses of the Chapter 11 trustee and his counsel, subject to turnover of all remaining cash collateral to RIC upon conversion. *See* 11 U.S.C. §§ 363(b)(1) (authorizing the trustee to use property of the estate other than in the ordinary course of business after notice and a hearing); 506(c).

## CONCLUSION

For these reasons, Romspen asks that this Court convert this case to a case under chapter 7 with appropriate direction as to cash collateral, as set forth in the order accompanying this motion; and grant such other and further relief as the Court deems just and proper under the circumstances.

DATED this 10th day of December, 2025.

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Kyle S. Hirsch*
Kyle S. Hirsch (Tex. Bar No. 24117262)
R. Luke Graham (Tex. Bar No. 24127305)
2200 Ross Avenue, 4200W
Dallas, Texas 75201
Telephone: 602.364.7170
Email: kyle.hirsch@bclplaw.com
Email: luke.graham@bclplaw.com

***Attorneys for TIG Romspen US***
***Master Mortgage LP and RIC (West Loop) LLC***

**CERTIFICATE OF SERVICE**

       I hereby certify that on December 10, 2025, I directed that a true and correct copy of this document be served on any attorney who has appeared of record, through the Court's ECF notification system, as follows:

Clinton Wayne Alexander on behalf of Attorney/Interested Party Kell C Mercer
calexander@bls-legal.com

William Steven Bryant on behalf of Creditor/Defendant TIG Romspen US Master Mortgage LP
steven.bryant@troutman.com, jpelayo@lockelord.com

Reed W. Burritt on behalf of Creditor Boxer Property Management Corporation
Reed.Burritt@BoxerProperty.com

Beau Butler on behalf of Interested Party Xavier Educational Academy, LLC
bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jrego@jw.com

Ali Choudhri
ali@jetallcapital.com

Brian Talbot Cumings on behalf of Attorney Graves Dougherty Hearon & Moody, P.C.
bcumings@gdhm.com, ctrickey@gdhm.com

Brian Talbot Cumings on behalf of Defendant 1001 WL, LLC
bcumings@gdhm.com, ctrickey@gdhm.com

Brian Talbot Cumings on behalf of Defendant PCR Property Services LLC
bcumings@gdhm.com, ctrickey@gdhm.com

Brian Talbot Cumings on behalf of Defendant/Interested Party/Intervenor/Trustee John Patrick Lowe
bcumings@gdhm.com, ctrickey@gdhm.com

Bruce J Duke on behalf of Interested Party Ali Choudhri
bruce@bdukelawfirm.com, brucedukeesq@gmail.com

Michelle V. Friery on behalf of Creditor Sonder USA Inc.
michelle@wilsonfriery.com, admin@wilsonfriery.com

Javier Gonzalez, Jr on behalf of Interested Party Xavier Educational Academy, LLC
jgonzalez@jw.com, dtrevino@jw.com;kgradney@jw.com;steso@jw.com;mmcclenathen@jw.com

Genevieve M. Graham on behalf of Interested Party/Plaintiff Xavier Educational Academy, LLC
ggraham@graham-pllc.com

Tara L. Grundemeier on behalf of Creditor City of Houston
houston_bankruptcy@lgbs.com

Tara L. Grundemeier on behalf of Creditor Houston Community College System
houston_bankruptcy@lgbs.com

Tara L. Grundemeier on behalf of Creditor Houston ISD
houston_bankruptcy@lgbs.com

Patrick Clayton Joost on behalf of Interested Party ServiceLink
Patrick.Joost@fnf.com, patrickjoost34@gmail.com

Mark Junell on behalf of Creditor BDFI, LLC
mark@junellfirm.com

Paul Kirklin
pkirklin@kirklinlaw.com

Paul Kirklin on behalf of Interested Parties Kirklin Properties LLC, Ali Choudhri
pkirklin@kirklinlaw.com

Stephen Kirklin on behalf of Attorney Paul Kirklin
skirklin312@gmail.com

J. Eric Lockridge on behalf of Creditor Sonder USA Inc.
eric.lockridge@keanmiller.com, eric-lockridge-9072@ecf.pacerpro.com

John Patrick Lowe
pat.lowe.law@gmail.com, plowe@ecf.axosfs.com

Leslie M. Luttrell on behalf of Interested Party Travis Vargo, in his capacity as Court-Appointed Receiver
luttrell@lclawgroup.net, sdpitts@lclawgroup.net; wperotti@lclawgroup.net; emeier@lclawgroup.net

Kell C. Mercer on behalf of Creditor/Defendant BDFI, LLC
kell.mercer@mercer-law-pc.com

Kell C. Mercer on behalf of Defendant/Interested Party Galleria Loop Note Holder, LLC
kell.mercer@mercer-law-pc.com

Kell C. Mercer on behalf of Defendant/Interested Party/Intervenor Ali Choudhri
kell.mercer@mercer-law-pc.com

Kell C. Mercer on behalf of Defendant Dward DarJean
kell.mercer@mercer-law-pc.com

Kell C. Mercer on behalf of Interested Party/Plaintiff Jetall Capital, LLC
kell.mercer@mercer-law-pc.com

Shea Neal Palavan on behalf of Interested Party Galleria Loop Note Holder, LLC
service@houstonip.com, snpalavan@recap.email

Shea Neal Palavan on behalf of Interested Party/Plaintiff Jetall Capital, LLC
service@houstonip.com, snpalavan@recap.email

Shea Neal Palavan on behalf of Interested Party Ali Choudhri
service@houstonip.com, snpalavan@recap.email

James Q. Pope on behalf of Creditor BDFI, LLC
ecf@thepopelawfirm.com, jpope@jubileebk.net

James Q. Pope on behalf of Interested Party Galleria Loop Note Holder, LLC
ecf@thepopelawfirm.com, jpope@jubileebk.net

Justin Rayome on behalf of Attorney Justin Rayome
justin.rayome.law@gmail.com

Justin Rayome on behalf of Plaintiff/Counter Defendant Jetall Capital LLC
justin.rayome.law@gmail.com

Justin Rayome on behalf of Interested Party Ali Choudhri
justin.rayome.law@gmail.com

Jeremy M Reichman on behalf of Attorney Bryan Cave Leighton Paisner, LLP
jreichman@velaw.com, dtucker@velaw.com;courtmail@velaw.com

John C. Roy on behalf of U.S. Trustee United States Trustee - AU12
croy@krcl.com, ajezisek@krcl.com

Gia Samavati on behalf of Plaintiff Galleria Loop Note Holder LLC
gia@samavatilawfirm.com

Stephen W. Sather on behalf of Defendant/Plaintiff 1001 WL, LLC
ssather@bn-lawyers.com, plevine@bn-lawyers.com;cchristensen@bn-lawyers.com;BarronNewburgerPCAustin@jubileebk.net;mcalderon@bn-lawyers.com;kparsley@bn-lawyers.com

Stephen W. Sather on behalf of Interested Party Barron & Newburger, P.C.
ssather@bn-lawyers.com, plevine@bn-lawyers.com;cchristensen@bn-lawyers.com;BarronNewburgerPCAustin@jubileebk.net;mcalderon@bn-lawyers.com;kparsley@bn-lawyers.com

Ronald J Smeberg on behalf of Interested Party Smeberg Law Firm, PLLC
ron@smeberg.com, ronaldsmeberg@yahoo.com;denielle@smeberg.com

Mark Curtis Taylor on behalf of Attorney Holland & Knight LLP
mtaylor@krcl.com, ajezisek@krcl.com,tgreenblum@krcl.com

Mark Curtis Taylor on behalf of Attorney Mark Taylor
mtaylor@krcl.com, ajezisek@krcl.com,tgreenblum@krcl.com

Mark Curtis Taylor on behalf of Plaintiff 1001 WL, LLC
mtaylor@krcl.com, ajezisek@krcl.com,tgreenblum@krcl.com

Eric Terry on behalf of Creditor WCW Houston Properties
eric@ericterrylaw.com

Shane P. Tobin on behalf of U.S. Trustee United States Trustee - AU12
shane.p.tobin@usdoj.gov, gary.wright3@usdoj.gov;Tisha.Savannah@usdoj.gov

United States Trustee - AU12
ustpregion07.au.ecf@usdoj.gov

Lyndel A. Vargas on behalf of Interested Party Dalio Holdings I, LLC
LVargas@chfirm.com, chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.courtdrive.com

Lyndel A. Vargas on behalf of Interested Party Ali Choudhri
LVargas@chfirm.com, chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.courtdrive.com

Travis Brian Vargo on behalf of Interested Party Travis B Vargo
tvargo@vargolawfirm.com, mpoynter@vargolawfirm.com

Gary W. Wright on behalf of U.S. Trustee United States Trustee - AU12
gary.wright3@usdoj.gov

In addition, a copy was emailed to:

Ali Choudhri
ali@jetallcompanies.com

*/s/ Kyle S. Hirsch*
Kyle S. Hirsch