# EXHIBIT A

RP-2025-478391

## SUBSTITUTE TRUSTEE'S DEED

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

| | |
|---|---|
| Date: | December 2, 2025 |
| Borrower: | Galleria Loop Note Holder LLC, a Texas limited liability company |
| Borrower's Address: | 2500 West Loop South, Suite 255, Houston, Texas 77027 (as set forth in the Deed of Trust) |
| | 60 West Second Street, Freeport, New York 11520 (as set forth in the Harris County Tax Assessor-Collector's Records for Account No. 045-140-001-0010) |
| | 1001 W Loop S, Houston, Texas  77027 (as set forth in the Harris County Tax Assessor-Collector's Records for Account No. 045-140-001-0020) |
| Holder: | RIC (West Loop) LLC, by assignment from TIG Romspen US Master Mortgage LP, an exempted Cayman Islands limited partnership |
| Holder's Address: | 162 Cumberland Street, Suite 300, Toronto, Ontario M5R 3N5 |
| Substitute Trustees: | Jeff Leva, Sandy Dasigenis, Steve Leva, and each of them acting alone |
| Substitute Trustees' Address: | 2200 Ross Avenue, Suite 4200 W, Dallas, Texas 75201 |
| Deed of Trust: | Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing |
| Date: | September 4, 2019 |
| Grantor: | Galleria Loop Note Holder LLC, a Texas limited liability company |

| | |
|---|---|
| Lender: | TIG Romspen US Master Mortgage LP, an exempted Cayman Islands limited partnership |
| Trustee: | Clifton M. Dugas, II |
| Recording: | Recorded on September 5, 2019, as Document Number RP-2019-392981 of the Official Public Records of Harris County, Texas. |
| Secures: | Promissory Note (as amended, modified, extended and/or restated from time to time, "Note"), dated May 31, 2019, in the original principal amount of $18,500,000.00, executed by Grantor, payable to the order of Lender and currently held by Lender. |
| <u>Property</u>: | All real property, improvements and personal property described as collateral in the Deed of Trust (defined above); the legal description of the real property is also, for the sake of convenience only, described in <u>Exhibit A</u> attached hereto and made a part hereof for all purposes; however, the description of the real property, improvements and personal property in the Deed of Trust will control to the extent of any conflict or any deficiency in such description contained in the Notice of Substitute Trustee's Sale filed and posted in connection with the Foreclosure Sale or this Substitute Trustee's Deed, it being the intent that the Foreclosure Sale cover all property, real, personal, tangible and intangible, which constitutes collateral under, and described in, the Deed of Trust. |
| <u>Foreclosure Sale</u>: | |
| <u>Date of Sale</u>: | Tuesday, December 2, 2025 |
| <u>Time of Sale</u>: | 10:03 a.m. local time |
| <u>Place of Sale</u>: | Magnolia South Ballroom inside the Bayou City Event Center located at 9401 Knight Road, Houston, TX 77045 |
| <u>Grantee</u>: | RIC (West Loop) LLC, a Texas limited liability company, as assignee of TIG Romspen US Master Mortgage LP, an exempted Cayman Islands limited partnership |
| <u>Grantee's Mailing Address</u>: | 162 Cumberland Street, Suite 300, Toronto, Ontario M5R 3N5 |

RP-2025-478391

2

Purchase Price:                $15,000,000.00 (which payment, in accordance with applicable
                               law and the terms of the Deed of Trust, was made by crediting
                               the Purchase Price against amounts due on or with respect to the
                               indebtedness secured by the Deed of Trust, including the Note)

Grantor conveyed to Trustee the Property for the purposes of securing and enforcing payment of, among other things, the Note.

Lender is the owner and holder of the Note, and Holder is the holder (by assignment from Lender) of all liens and security interests, assignments and encumbrances securing the Note, including, without limitation, those under the Deed of Trust.

Borrower defaulted under the terms of the Note and the Deed of Trust by failing to repay the entire outstanding balance upon maturity, and the same remains due and payable as of the date hereof.

Lender appointed Substitute Trustees, and each of them acting alone, under the circumstances and in the manner set forth in the Deed of Trust. Lender instructed Substitute Trustees, and each of them acting alone, as authorized by and provided in the Deed of Trust, to enforce the trust due to the occurrence of the foregoing events and sell the Property at the Foreclosure Sale. Lender then assigned its interests in and to the Deed of Trust to Holder.

As evidenced by executed affidavits held in Holder's file, at the request of Lender as beneficiary under the Deed of Trust, Substitute Trustees (i) filed, or caused to be filed, written notice ("Notice") of the earliest time, place and terms of the Foreclosure Sale with the county clerk of Harris County, Texas, and (ii) posted, or caused to be posted, the Notice at the location in Harris County, Texas designated for such notices by the County Commissioners of Harris County, Texas, the county in which the Property is situated. In addition, also as evidenced by executed affidavits held in Holder's file, counsel to Lender as beneficiary under the Deed of Trust served, or caused to be served, the Notice by certified mail, return receipt requested, on each debtor obligated to pay the Note according to the records of Lender and as required by law.

All prerequisites required by law, the Deed of Trust and/or other documents creating, evidencing, describing or securing the Note have been duly satisfied by Lender and/or Holder and by Substitute Trustees.

The Foreclosure Sale was held by the undersigned Substitute Trustee pursuant to the terms of the Deed of Trust and in accordance with the laws of the State of Texas on the Date of Sale, Time of Sale and at the Place of Sale. The Foreclosure Sale commenced at the Time of Sale and was concluded by 4:00 p.m. on the Date of Sale.

Grantee, being the highest bidder at the Foreclosure Sale, did purchase the Property for the Purchase Price.

The undersigned Substitute Trustee, in consideration of the foregoing and of the payment of the Purchase Price, by the authority conferred on the undersigned Substitute Trustee by the Deed of Trust, GRANTS, SELLS and CONVEYS to Grantee, its legal representatives, successors and assigns, the Property, together with, all and singular, the rights, privileges, and appurtenances

RP-2025-478391

3

thereto, subject, subordinate and inferior to any senior encumbrances and other exceptions to conveyance and warranty in the Deed of Trust (the "Permitted Exceptions").

TO HAVE AND TO HOLD the Property, together with the rights, privileges and appurtenances thereto, subject, subordinate and inferior to the Permitted Exceptions, to Grantee, its legal representatives, successors and assigns, forever. Substitute Trustee binds Borrower and Borrower's legal representatives, successors and assigns to warrant and defend the Property to Grantee, its legal representatives, successors and assigns forever, against the claims or claims of all persons claiming or to claim the same or any part thereof, except as to the Permitted Exceptions. Trustee has not made, and does not make, any representation, express or implied, with respect to the personal property and the personal property is sold to Buyer "as is, where is, and with all faults." There is no warranty relating to title, possession, quiet enjoyment, or the like in this disposition of personal property.

SANDY DASIGENIS, Substitute Trustee

RP-2025-478391

4

STATE OF TEXAS        §

                                    §

COUNTY OF HARRIS     §

      Before me, the undersigned authority, on the 2nd day of December, 2025, personally appeared SANDY DASIGENIS, Substitute Trustee, known to me to be the person whose name is subscribed to the foregoing instrument, and he/she acknowledged to me that she executed the same in the capacity therein stated.

[SEAL]



NICOLE DURRETT
Notary Public, State of Texas
Comm. Expires 09-08-2026
Notary ID 128847355

_Nicole Durrett_

Notary Public in and for the State of Texas

<u>NICOLE DURRETT</u>
Printed Name

My Commission Expires:

<u>     09-08-2026     </u>

After recording return to:

Kyle Hirsch
c/o Bryan Cave Leighton Paisner LLP
2200 Ross Avenue, Suite 4200 W
Dallas, Texas 75201

RP-2025-478391

# EXHIBIT A

## (Property Description)

BEING 3.889 ACRES OF LAND OUT OF THE WILLIAM WHITE SURVEY, ABSTRACT NO. 836, HOUSTON, HARRIS COUNTY, TEXAS AND BEING THE SAME PROPERTY CONVEYED TO HE 1001 WEST LOOP, LP BY SPECIAL WARRANTY DEED RECORDED UNDER HARRIS COUNTY CLERK'S FILE NO. 20070732480, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

BEGINNING AT A 5/8 INCH IRON ROD SET ON THE EAST RIGHT OF WAY LINE OF I. H. 610 WEST LOOP FOR THE NORTHWEST CORNER OF LOT 1, BLOCK 1, POST OAK PARK, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 134, PAGE 25 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS;

THENCE NORTH 02 DEGREES 26 MINUTES 59 SECONDS WEST, WITH THE EAST RIGHT OF WAY LINE I. H. 610 WEST LOOP, A DISTANCE OF 645.83 FEET TO A 5/8 INCH IRON ROD SET FOR THE CORNER AT THE SOUTHWEST WATERS EDGE OF BUFFALO BAYOU;

THENCE DOWNSTREAM ALONG THE SOUTHWEST WATERS EDGE OF BUFFALO BAYOU AS FOLLOWS:

SOUTH 68 DEGREES 17 MINUTES 34 SECONDS EAST, 138.43 FEET;

SOUTH 62 DEGREES 02 MINUTES 17 SECONDS EAST, 100.04 FEET;

SOUTH 58 DEGREES 53 MINUTES 53 SECONDS EAST, 100.36 FEET;

SOUTH 58 DEGREES 37 MINUTES 53 SECONDS EAST, 100.48 FEET;

SOUTH 59 DEGREES 55 MINUTES 24 SECONDS EAST, 100.22 FEET;

SOUTH 52 DEGREES 39 MINUTES 23 SECONDS EAST, A DISTANCE OF 20.56 FEET TO A POINT FOR CORNER ON THE NORTH LINE OF THAT CERTAIN 15,032 SQUARE FOOT TRACT OF LAND CONVEYED TO HARRIS COUNTY FLOOD CONTROL DISTRICT BY J. BROWN CUTBIRTH, JR., TRUSTEE, AS RECORDED IN VOLUME 6960, PAGE 72 OF THE DEED RECORDS OF HARRIS COUNTY, TEXAS;

THENCE, NORTH 87 DEGREES 33 MINUTES 01 SECONDS EAST, WITH THE NORTH LINE OF SAID 15,032 SQUARE FOOT TRACT, A DISTANCE OF 40.06 FEET TO A POINT FOR CORNER;

THENCE, SOUTH 53 DEGREES 15 MINUTES 01 SECONDS WEST, A DISTANCE OF 45.83 FEET TO A POINT ON THE NORTHEAST LINE OF SAID POST OAK PARK;

THENCE WITH THE NORTHWESTERLY BOUNDARY OF SAID POST OAK PARK AS FOLLOWS:

NORTH 69 DEGREES 15 MINUTES 45 SECONDS WEST, 22.74 FEET;

RP-2025-478391

A-1

SOUTH 10 DEGREES 28 MINUTES 15 SECONDS WEST, 85.00 FEET;

SOUTH 83 DEGREES 23 MINUTES 15 SECONDS WEST, 34.60 FEET;

NORTH 32 DEGREES 38 MINUTES 45 SECONDS WEST, 87.00 FEET;

SOUTH 46 DEGREES 48 MINUTES 15 SECONDS WEST, 39.70 FEET;

SOUTH 01 DEGREES 01 MINUTES 15 SECONDS WEST, 48.40 FEET;

SOUTH 78 DEGREES 50 MINUTES 15 SECONDS WEST, 59.60 FEET;

SOUTH 02 DEGREES 57 MINUTES 45 SECONDS EAST, 96.40 FEET;

SOUTH 60 DEGREES 41 MINUTES 15 SECONDS WEST, 41.10 FEET;

SOUTH 11 DEGREES 19 MINUTES 15 SECONDS WEST, 68.00 FEET;

NORTH 72 DEGREES 24 MINUTES 45 SECONDS WEST, 145 40 FEET;

SOUTH 24 DEGREES 05 MINUTES 15 SECONDS WEST, 30.01 FEET;

SOUTH 42 DEGREES 57 MINUTES 45 SECONDS EAST, 68.90 FEET;

SOUTH 43 DEGREES 26 MINUTES 15 SECONDS WEST, 60.30 FEET;

SOUTH 89 DEGREES 37 MINUTES 15 SECONDS WEST, A DISTANCE OF 71.62 FEET TO THE PLACE OF BEGINNING AND CONTAINING 3.889 ACRES OF LAND, MORE OR LESS.

Harris County Tax Assessor Account Nos.:
045-140-001-0010
045-140-001-0020

Street Address:
1001 W Loop S., Houston, Texas 77027

RP-2025-478391

RP-2025-478391

RP-2025-478391

# Pages 8

12/04/2025 10:22 AM

e-Filed & e-Recorded in the

Official Public Records of

HARRIS COUNTY

TENESHIA HUDSPETH

COUNTY CLERK

Fees  $49.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.

COUNTY CLERK
HARRIS COUNTY, TEXAS

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **1001 WL LLC**, | ) | Case No. 24-10119 |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

**ORDER GRANTING MOTION TO CONVERT TO CHAPTER 7**

This matter came before the Court on the motion (the "<u>Motion</u>") by RIC (West Loop) LLC ("<u>RIC</u>"), as assignee of the collateral interests of TIG Romspen US Master Mortgage LP, an exempted Cayman Islands limited partnership, seeking to convert this chapter 11 case to a case under chapter 7 pursuant to 11 U.S.C § 1112.  For cause shown,

**IT IS HEREBY ORDERED** that the Motion is GRANTED.

RIC's cash collateral is subject to surcharge to pay only (i) all unpaid fees that have been or will be incurred under 28 U.S.C. § 1930(a)(6) (the "<u>United States Trustee fees</u>") prior to the closure of this case; and (ii) the unpaid outstanding fees and expenses incurred by John Patrick

1

Lowe, as Chapter 11 Trustee (the "<u>Trustee</u>") including Trustee's counsel fees (the "<u>Surcharge Amount</u>").

The Trustee and Trustee's counsel shall file final fee applications within 30 days of the date of entry of this Order.

The Trustee is hereby directed to promptly pay over to RIC all cash collateral in the Trustee's possession <u>except</u> for the Surcharge Amount.  To the extent the Surcharge Amount exceeds the allowed unpaid fees and expenses of the Trustee plus United States Trustee fees, the balance shall be turned over to RIC.

The Trustee shall, within 14 days after the effective date of conversion, comply with the requirements of Bankruptcy Rule 1019(5)(A)(i), and, within 30 days, file the final report and account required by Bankruptcy Rule 1019(5)(A)(ii).

This case shall be, and hereby is, converted to a case under chapter 7 of the United States Bankruptcy Code.  The United States Trustee's Office shall promptly appoint a chapter 7 trustee.

# # #

# EXHIBIT C

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | 1001 WL, LLC |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Western District of Texas |
| Case number | 24-10119 |

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

TIG Romspen US Master Mortgage LP

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Kyle S. Hirsch, Bryan Cave Leighton Paisner LLP
Name

2200 Ross Avenue, Suite 4200W
Number    Street

Phoenix            AZ        85004
City               State      ZIP Code

Contact phone  (602) 364-7000

Contact email  kyle.hirsch@bclplaw.com

**Where should payments to the creditor be sent?** (if different)

TIG Romspen US Master Mortgage LP
Name

See wire instructions attached
Number    Street

_____
City               State      ZIP Code

Contact phone  (416) 966-1100

Contact email  blakecassidy@romspen.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☐ No
☑ Yes. Claim number on court claims registry (if known) 1-1

Filed on 02/16/2024
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __8__ __7__ __5__ __7__

**7. How much is the claim?** $_____33,115,553.94__ . **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

A lien encumbering Debtor's sole asset

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** UCC Statement 19-0022217680

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $___33,115,553.94__

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $___33,115,553.94__

**Annual Interest Rate** (when case was filed) _10.25_ %

☑ Fixed

☐ Variable    and default interest calculated at 15.25% per annum

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.

$_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:  Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  07/12/2024
                   MM / DD / YYYY

/s/ Blake A. Cassidy
Signature

Print the name of the person who is completing and signing this claim:

| Name | Blake | Alexander | Cassidy |
|------|-------|-----------|---------|
|      | First name | Middle name | Last name |

Title  President of the GP of the sole member of the GP of the creditor

Company
       Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  162  Cumberland Street, Suite 300
         Number  Street

         Toronto, Ontario, Canada M5R 3N5
         City                    State    ZIP Code

Contact phone  (416) 966-1100          Email  blakecassidy@romspen.com

---

Attachment to TIG Romspen US Master Mortgage LP
**Amended Proof of Claim for 1001 WL, LLC**
**United States Bankruptcy Court, W. D. Tex., Case No. 24-10119**

As of February 6, 2024 (the "*Petition Date*"), TIG Romspen US Master Mortgage LP, an exempted Cayman Islands limited partnership ("*Romspen*") asserted its original claim against the bankruptcy estate of Chapter 11 debtor and debtor-in-possession 1001 WL, LLC (the "*Debtor*") in connection with the Romspen lien encumbering the Debtor's sole asset as security for payment and performance of the indebtedness owed by Galleria Loop Note Holder, LLC ("*GLNH*") as described herein.

Romspen made a loan to GLNH in the original principal amount of $18,500,000.00 (the "Loan"). The Loan is evidenced by, among other things: (i) that certain Loan Agreement dated May 31, 2019, between GLNH and Romspen (as amended, modified, and/or restated from time to time, the "Loan Agreement"); and (ii) that certain Promissory Note dated May 31, 2019, in the original amount of $18,500,000.00 given by GLNH in favor of Romspen (as amended, modified, and/or restated from time to time, the "Note" and together with the Loan Agreement and all other documents evidencing and/or securing the Loan, the "Loan Documents").

To secure GLNH's payment and performance obligations under the Loan, GLNH granted to Romspen, among other things a senior priority lien interest in and to an office building located at 1001 West Loop South, Houston, Texas, 77027 ("Office Building") and related personal property (together, with the Office Building, the "Property") pursuant to: (i) that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Romspen Deed of Trust") dated September 4, 2019, recorded on September 5, 2019, in the Official Records of Harris County, Texas at Document Number RP-2019-392981; (ii) an absolute assignment of all the rents generated from and leases related to the Office Building pursuant to that certain Assignment of Leases and Rents dated September 4, 2019, and recorded on September 5, 2019, in the Official Records of Harris County, Texas at Document Number RP-2019-393175 (the "Romspen Assignment of Rents"); and (iii) a senior priority security interest in substantially all of GLNH's personal property as set forth in that certain Security Agreement dated May 31, 2019 (the "Romspen Security Agreement" and, together with the Romspen Deed of Trust dated September 4, 2019 and the Romspen Assignment of Rents, the "Security Documents").

Romspen perfected its security interests in and to the Property by recording the Romspen Deed of Trust and the Romspen Assignment of Rents in the Harris County Records; and by filing a UCC-1 Financing Statement in the Texas Secretary of State's Office on June 13, 2019 as document number 19-0022217680 (the "UCC-1").

The Loan Documents prohibit GLNH from transferring any of the Property. See Loan Agreement, § 5(C); Romspen DOT, § 6.2. However, all of the assets of GLNH were transferred to the Debtor, as evidenced by that Special Warranty Deed recorded on January 22, 2024 (the "Prepetition Transfer Deed"), purporting to convey to the Debtor an office building located at 1001 West Loop South, Houston, Texas 77027.

Additionally, as inducement for Romspen to further forbear from enforcing its rights and

remedies arising from GLNH's defaults under the Loan as set forth in that certain Amended and Restated First Amendment to Reinstatement of and Amendment to Loan Agreement executed on or about August 14, 2023 ("Amended and Restated First Amended Reinstatement Agreement"), GLNH caused related entity OTISCO RDX, LLC ("OTISCO") to grant Romspen a lien encumbering undeveloped real property owned by OTISCO located in La Vernia, Wilson County, Texas (the "La Vernia Property"). The Romspen lien encumbering the La Vernia Property secured repayment of a portion of the indebtedness owed by GLNH on the Loan, specifically in the initial stated amount of $2,266,000.00, subject to increases for accruing interest and other amounts (the "La Vernia Lien Indebtedness").

After GLNH again failed to pay and perform as agreed, and after giving due and proper notice, Romspen caused the beneficiary under the La Vernia deed of trust to foreclose its lien interest encumbering the La Vernia Property. On February 6, 2024, the La Vernia Property was sold to Romspen's assignee RIC (Lavernia) LLC for a successful bid in the amount of $100,000.00.

As of the Petition Date, the amount due and owing to Romspen arising from the Loan Documents was $33,215,553.94 as set forth in Romspen's Proof of Claim #1-1 filed on February 16, 2024. Rompsen now amends Proof of Claim #1-1 to deduct its $100,000.00 credit bid, reducing the amount due and owing as of the Petition Date to $33,115,553.94, plus interest and any other charges that continue to accrue.

All of the documents associated with these described transactions are too voluminous to attach, may be made available upon proper request. However, many of the Loan Documents are attached as exhibits to Romspen's stay relief motion filed on February 14, 2024 [ECF 5].

Romspen generally reserves the right to further amend this Proof of Claim.

Neither the filing of this Amended Proof of Claim, nor any subsequent appearance, pleading, claim, amended proof of claim, document, suit, motion, nor any other writing or conduct shall be deemed or construed as: (i) a waiver or release of Romspen's rights against any person, entity, estate or property (including, without limitation, any person or entity that is or may become a debtor in a case pending in this Court); (ii) a consent by Romspen to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Romspen; (iii) a waiver or release of Romspen's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein or therein, whether or not the same be designated legal or private rights or in any case, controversy or proceeding related thereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such right to jury trial is pursuant to statute or the United States Constitution; (iv) a consent by Romspen to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (v) a waiver or release of Romspen's right to have any and all final orders in any and all non-core matters or proceedings entered only after de novo review by a United States District Court Judge; (vi) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Amended Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Romspen; (vii) a waiver or release of any right of setoff or recoupment that Romspen

may hold against Debtor or any other obligor of the amounts reflected herein; or (vii) a waiver or release of any of Romspen's other rights, claims, actions, defenses, or other matters to which Romspen is entitled under any agreements or at law or equity or under the United States Constitution.

# EXHIBIT D

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **1001 WL LLC,** | ) | Case No. 24-10119 |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Court Claim #1-2
Amount of Claim: $33,115,553.94
Date Claim Filed: 07/12/2024
Account Number: 8757

TIG Romspen US Master Mortgage LP ("Transferor") filed Claim No. 1-2, in the amount of $33,115,553.94 in these proceedings on July 12, 2024. As reflected, the filed claim is for repayment of a loan made to Galleria Loop Note Holder, LLC secured by property transferred to debtor 1001 WL LLC prior to the commencement of this bankruptcy case (and, therefore, property of the bankruptcy estate). Transferor has assigned to RIC (West Loop) LLC ("Transferee") all of Transferor's right, title and interest in and to the liens securing repayment of the loan as set forth in (i) an Assignment of Assignment of Leases and Rents, (ii) an Assignment of Security Agreement, and (iii) an Assignment of Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing, each effective as of December 2, 2025. Out of an abundance of caution, Transferee hereby attaches evidence as Exhibits 1-3 and submits this notice of the transfer pursuant to Fed. R. Bankr. P. 3001(e)(2), as follows:

///

///

///

617961862

**Transferee**
RIC (West Loop) LLC

Notice to be sent to:

Bryan Cave Leighton Paisner LLP
Attn: Kyle S. Hirsch
2200 Ross Avenue, Suite 4200W
Dallas, Texas 75307
Email: kyle.hirsch@bclplaw.com
Tel: 602-364-7170

Payments to be sent to:
RIC (West Loop) LLC
162 Cumberland Street, Suite 300
Toronto, Ontario M5R 3N5
Canada
OR via wire instructions to be provided

**Transferor**
TIG Romspen US Master Mortgage LP

Notice to be provided to:

TIG Romspen US Master Mortgage LP
Attn: Blake Cassidy
162 Cumberland Street, Suite 300
Toronto, Ontario M5R 3N5
Canada

    I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

Date: December  4 , 2025
    RIC (WEST LOOP) LLC
    a Texas limited liability company

    By: Romspen (REOMASTER II) Holdings Inc.
    Its: Sole Member

    By: _____
    Name: Joel Mickelson
    Title: Authorized Signing Officer

617961862

December 4, 2025

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Kyle S. Hirsch*
Kyle S. Hirsch (Tex. Bar No. 24117262)
R. Luke Graham (Tex. Bar No. 24127305)
2200 Ross Avenue, 4200W
Dallas, Texas 75201
Telephone: 602.364.7170
Email: kyle.hirsch@bclplaw.com
            luke.graham@bclplaw.com
*Attorneys for TIG Romspen US Master Mortgage LP*
*and RIC (West Loop) LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2025, I directed that a true and correct copy of this document be served on any attorney who has appeared of record, through the Court's ECF notification system, as follows:

Clinton Wayne Alexander on behalf of Attorney/Interested Party Kell C Mercer
calexander@bls-legal.com

William Steven Bryant on behalf of Creditor/Defendant TIG Romspen US Master Mortgage LP
steven.bryant@troutman.com, jpelayo@lockelord.com

Reed W. Burritt on behalf of Creditor Boxer Property Management Corporation
Reed.Burritt@BoxerProperty.com

Beau Butler on behalf of Interested Party Xavier Educational Academy, LLC
bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jrego@jw.com

Ali Choudhri
ali@jetallcapital.com

Brian Talbot Cumings on behalf of Attorney Graves Dougherty Hearon & Moody, P.C.
bcumings@gdhm.com, ctrickey@gdhm.com

Brian Talbot Cumings on behalf of Defendant 1001 WL, LLC
bcumings@gdhm.com, ctrickey@gdhm.com

Brian Talbot Cumings on behalf of Defendant PCR Property Services LLC
bcumings@gdhm.com, ctrickey@gdhm.com

Brian Talbot Cumings on behalf of Defendant/Interested Party/Intervenor/Trustee John Patrick Lowe
bcumings@gdhm.com, ctrickey@gdhm.com

617961862

Bruce J Duke on behalf of Interested Party Ali Choudhri
bruce@bdukelawfirm.com, brucedukeesq@gmail.com

Michelle V. Friery on behalf of Creditor Sonder USA Inc.
michelle@wilsonfriery.com, admin@wilsonfriery.com

Javier Gonzalez, Jr on behalf of Interested Party Xavier Educational Academy, LLC
jgonzalez@jw.com,
dtrevino@jw.com;kgradney@jw.com;steso@jw.com;mmcclenathen@jw.com

Genevieve M. Graham on behalf of Interested Party/Plaintiff Xavier Educational Academy, LLC
ggraham@graham-pllc.com

Tara L. Grundemeier on behalf of Creditor City of Houston
houston_bankruptcy@lgbs.com

Tara L. Grundemeier on behalf of Creditor Houston Community College System
houston_bankruptcy@lgbs.com

Tara L. Grundemeier on behalf of Creditor Houston ISD
houston_bankruptcy@lgbs.com

Patrick Clayton Joost on behalf of Interested Party ServiceLink
Patrick.Joost@fnf.com, patrickjoost34@gmail.com

Mark Junell on behalf of Creditor BDFI, LLC
mark@junellfirm.com

Paul Kirklin
pkirklin@kirklinlaw.com

Paul Kirklin on behalf of Interested Parties Kirklin Properties LLC, Ali Choudhri
pkirklin@kirklinlaw.com

Stephen Kirklin on behalf of Attorney Paul Kirklin
skirklin312@gmail.com

J. Eric Lockridge on behalf of Creditor Sonder USA Inc.
eric.lockridge@keanmiller.com, eric-lockridge-9072@ecf.pacerpro.com

John Patrick Lowe
pat.lowe.law@gmail.com, plowe@ecf.axosfs.com

Leslie M. Luttrell on behalf of Interested Party Travis Vargo, in his capacity as Court-Appointed Receiver
luttrell@lclawgroup.net, sdpitts@lclawgroup.net; wperotti@lclawgroup.net;
emeier@lclawgroup.net

617961862

Kell C. Mercer on behalf of Creditor/Defendant BDFI, LLC
kell.mercer@mercer-law-pc.com

Kell C. Mercer on behalf of Defendant/Interested Party Galleria Loop Note Holder, LLC
kell.mercer@mercer-law-pc.com

Kell C. Mercer on behalf of Defendant/Interested Party/Intervenor Ali Choudhri
kell.mercer@mercer-law-pc.com

Kell C. Mercer on behalf of Defendant Dward DarJean
kell.mercer@mercer-law-pc.com

Kell C. Mercer on behalf of Interested Party/Plaintiff Jetall Capital, LLC
kell.mercer@mercer-law-pc.com

Shea Neal Palavan on behalf of Interested Party Galleria Loop Note Holder, LLC
service@houstonip.com, snpalavan@recap.email

Shea Neal Palavan on behalf of Interested Party/Plaintiff Jetall Capital, LLC
service@houstonip.com, snpalavan@recap.email

Shea Neal Palavan on behalf of Interested Party Ali Choudhri
service@houstonip.com, snpalavan@recap.email

James Q. Pope on behalf of Creditor BDFI, LLC
ecf@thepopelawfirm.com, jpope@jubileebk.net

James Q. Pope on behalf of Interested Party Galleria Loop Note Holder, LLC
ecf@thepopelawfirm.com, jpope@jubileebk.net

Justin Rayome on behalf of Attorney Justin Rayome
justin.rayome.law@gmail.com

Justin Rayome on behalf of Plaintiff/Counter Defendant Jetall Capital LLC
justin.rayome.law@gmail.com

Justin Rayome on behalf of Interested Party Ali Choudhri
justin.rayome.law@gmail.com

Jeremy M Reichman on behalf of Attorney Bryan Cave Leighton Paisner, LLP
jreichman@velaw.com, dtucker@velaw.com;courtmail@velaw.com

John C. Roy on behalf of U.S. Trustee United States Trustee - AU12
croy@krcl.com, ajezisek@krcl.com

Gia Samavati on behalf of Plaintiff Galleria Loop Note Holder LLC
gia@samavatilawfirm.com

617961862

Stephen W. Sather on behalf of Defendant/Plaintiff 1001 WL, LLC
ssather@bn-lawyers.com, plevine@bn-lawyers.com;cchristensen@bn-lawyers.com;BarronNewburgerPCAustin@jubileebk.net;mcalderon@bn-lawyers.com;kparsley@bn-lawyers.com

Stephen W. Sather on behalf of Interested Party Barron & Newburger, P.C.
ssather@bn-lawyers.com, plevine@bn-lawyers.com;cchristensen@bn-lawyers.com;BarronNewburgerPCAustin@jubileebk.net;mcalderon@bn-lawyers.com;kparsley@bn-lawyers.com

Ronald J Smeberg on behalf of Interested Party Smeberg Law Firm, PLLC
ron@smeberg.com, ronaldsmeberg@yahoo.com;denielle@smeberg.com

Mark Curtis Taylor on behalf of Attorney Holland & Knight LLP
mtaylor@krcl.com, ajezisek@krcl.com,tgreenblum@krcl.com

Mark Curtis Taylor on behalf of Attorney Mark Taylor
mtaylor@krcl.com, ajezisek@krcl.com,tgreenblum@krcl.com

Mark Curtis Taylor on behalf of Plaintiff 1001 WL, LLC
mtaylor@krcl.com, ajezisek@krcl.com,tgreenblum@krcl.com

Eric Terry on behalf of Creditor WCW Houston Properties
eric@ericterrylaw.com

Shane P. Tobin on behalf of U.S. Trustee United States Trustee - AU12
shane.p.tobin@usdoj.gov, gary.wright3@usdoj.gov;Tisha.Savannah@usdoj.gov

United States Trustee - AU12
ustpregion07.au.ecf@usdoj.gov

Lyndel A. Vargas on behalf of Interested Party Dalio Holdings I, LLC
LVargas@chfirm.com, chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.courtdrive.com

Lyndel A. Vargas on behalf of Interested Party Ali Choudhri
LVargas@chfirm.com, chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.courtdrive.com

Travis Brian Vargo on behalf of Interested Party Travis B Vargo
tvargo@vargolawfirm.com, mpoynter@vargolawfirm.com

Gary W. Wright on behalf of U.S. Trustee United States Trustee - AU12
gary.wright3@usdoj.gov

In addition, a copy was emailed to:
Ali Choudhri
ali@jetallcompanies.com

/s/ Kyle S. Hirsch
Kyle S. Hirsch

617961862

# EXHIBIT 1

## ASSIGNMENT OF ASSIGNMENT OF LEASES AND RENTS

Effective as of the Effective Date, TIG ROMSPEN US MASTER MORTGAGE LP, an exempted Cayman Islands limited partnership, having an address at 162 Cumberland Street, Suite 300, Toronto, Ontario M5R 3N5 ("**Assignor**"), as the holder of the instrument hereinafter described and for valuable consideration hereby assigns, sells, transfers and delivers to RIC (WEST LOOP) LLC, a Texas limited liability company, having an address at 162 Cumberland Street, Suite 300, Toronto, Ontario M5R 3N5 ("**Assignee**"), its successors, participants and assigns, without recourse, all right, title and interest of Assignor, in and to that certain:

ASSIGNMENT OF LEASES AND RENTS made by GALLERIA LOOP NOTE HOLDER LLC, a Texas limited liability company to Assignor dated as of September 4, 2019, and recorded on September 5, 2019, as Document Number RP-2019-393175 in the Recorder's Office of the Clerk and Recorder of Harris County, Texas (as the same may have been amended, modified, restated, supplemented, renewed or extended) and creating a lien on the property described in <u>Exhibit A</u> attached hereto and by this reference made a part hereof.

Together with any and all other liens, privileges, security interests, rights, entitlements, equities, claims and demands as to which Assignor hereunder possesses or to which Assignor is otherwise entitled as additional security for the payment of the notes and other obligations described herein.

This instrument shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

[SIGNATURE(S) ON THE FOLLOWING PAGE]

RP-2025-478389

IN WITNESS WHEREOF, the Assignor has caused this instrument to be executed effective as of the Effective Date.

ASSIGNOR:

TIG ROMSPEN US MASTER MORTGAGE LP,
an exempted Cayman Islands limited partnership

By: Romspen US Master Mortgage GP LLC
Its: General Partner

By: Romspen US Mortgage GP Inc.
Its: General partner of its sole member

By: _____
Print Name: JOEL MICKELSON
Title: Authorized Signing Officer

RP-2025-478389

**ACKNOWLEDGMENT**

PROVINCE
~~STATE~~ OF ___ONTARIO___ )
) SS.
COUNTY OF ___N/A___ )

       On this 26TH day of NOVEMBER in the year 2025, before me, VINCENT BERRY , a Notary Public in and for said state, personally appeared JOEL MICKELSON , the Authorized Signing Officer of Romspen US Mortgage GP Inc. the General partner of its sole member of Romspen US Master Mortgage GP LLC the General Partner of TIG ROMSPEN US MASTER MORTGAGE LP, an exempted Cayman Islands limited partnership, known to me to be the person who executed the within instrument on behalf of said limited liability company and acknowledged to me that he/she executed the same for the purposes therein stated.

       IN WITNESS WHEREOF, I have hereunto set my hand and affixed my notarial seal at my office in TORONTO , ON , the day and year last above written.

_____

Vincent Berry
Notary Public in and for
said County and State

RP-2025-478389

## EXHIBIT A
## LEGAL DESCRIPTION

Being 3.889 acres of land out of the William White Survey, Abstract No. 836, Houston, Harris County, Texas and being the same property conveyed to HE 1001 West Loop, LP by Special Warranty Deed recorded under Harris County Clerk's File No. 20070732480, and being more particularly described by metes and bounds as follows:

BEGINNING at a 5/8 inch iron rod set on the East right of way line of I.H. 610 West Loop for the Northwest corner of Lot 1, Block 1, Post Oak Park, according to the Plat thereof recorded in Volume 134, Page 25 of the Map Records of Harris County, Texas;

THENCE North 02 degrees 26 minutes 59 seconds West, with the East right of way line I.H. 610 West Loop, a distance of 645.83 feet to a 5/8 inch iron rod set for the corner at the Southwest waters edge of Buffalo Bayou;

THENCE downstream along the Southwest water edge of Buffalo Bayou as follows:

South 69 degrees 17' 34" East, 138.43 feet;

South 62 degrees 02' 17" East, 100.04 feet;

South 58 degrees 53' 53" East, 100.36 feet;

South 58 degrees 37' 53" East, 100.48 feet;

South 59 degrees 55' 24" East, 100.22 feet;

South 52 degrees 39' 23" East, a distance of 20.56 feet to a point for corner of the North line of that certain 15.032 Square foot tract of land conveyed to Harris County Flood Control District by J. Brown Cuthirth, Jr., Trustee, as recorded in Volume 6960, Page 72 of the Deed Records of Harris County, Texas;

THENCE North 87 degrees 33' 01" East, with the North line of said 15.032 square foot tract, a distance of 40.06 feet to a point for corner;

THENCE South 53 degrees 15' 01" West, a distance of 45.83 feet to a point on the Northeast line of said Post Oak Park;

THENCE with the Northwesterly boundary of said Post Oak Park as follows:

North 69 degrees 15' 45" West, 22.74 feet;

South 10 degrees 28' 15" West, 85.00 feet;

South 83 degrees 23' 15" West, 34.60 feet;

North 32 degrees 38' 45" West, 87.00 feet;

South 46 degrees 48' 15" West, 39.70 feet;

South 01 degrees 01' 15" West, 48.40 feet;

South 78 degrees 50' 15" West, 59.60 feet;

South 02 degrees 57' 45" East, 96.40 feet;

South 60 degrees 41' 15" West, 41.10 feet;

South 11 degrees 19' 15" West, 68.00 feet;

North 72 degrees 24' 45" West, 145.40 feet;

South 24 degrees 05' 15" West, 30.01 feet;

South 42 degrees 57' 45" East, 68.90 feet;

South 43 degrees 26' 15" West, 60.30 feet;

South 89 degrees 37' 15" West, a distance of 71.62 feet to the PLACE OF BEGINNING and containing 3.889 acres of land, more or less.

RP-2025-478389

RP-2025-478389

# Pages 5

12/04/2025 10:22 AM

e-Filed & e-Recorded in the

Official Public Records of

HARRIS COUNTY

TENESHIA HUDSPETH

COUNTY CLERK

Fees   $37.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.

COUNTY CLERK
HARRIS COUNTY, TEXAS

# EXHIBIT 2

## ASSIGNMENT OF SECURITY AGREEMENT

Effective as of December 2, 2025, TIG ROMSPEN US MASTER MORTGAGE LP, an exempted Cayman Islands limited partnership, having an address at 162 Cumberland Street, Suite 300, Toronto, Ontario M5R 3N5 ("**Assignor**"), hereby assigns, sells, transfers and delivers to RIC (WEST LOOP) LLC, a Texas limited liability company, having an address at 162 Cumberland Street, Suite 300, Toronto, Ontario M5R 3N5 ("**Assignee**"), its successors, participants and assigns, without recourse, all right, title and interest of Assignor, in and to that certain:

SECURITY AGREEMENT dated as of May 31, 2019 made between GALLERIA LOOP NOTE HOLDER LLC, a Texas limited liability company and Assignor.

Assignor agrees to execute and deliver to Assignee such additional documents, instruments or agreements as may be necessary or appropriate to effectuate the purposes of this assignment.

[SIGNATURE(S) ON THE FOLLOWING PAGE]

**ASSIGNOR:**

TIG ROMSPEN US MASTER MORTGAGE LP,
an exempted Cayman Islands limited partnership

By: Romspen US Master Mortgage GP LLC
Its: General Partner

    By: Romspen US Mortgage GP Inc.
    Its: General partner of its sole member

    By: _____
    Print Name: JOEL MICKELSON
    Title: Authorized Signing Officer

# EXHIBIT 3

**ASSIGNMENT OF DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS,
SECURITY AGREEMENT AND FIXTURE FILING**

TIG ROMSPEN US MASTER MORTGAGE LP,
an exempted Cayman Islands limited partnership
(Assignor)

to

RIC (WEST LOOP) LLC,
a Texas limited liability company
(Assignee)

Effective as of December 2, 2025 ("**Effective Date**")

Property Location:
County of Harris
State of Texas

DOCUMENT PREPARED BY AND WHEN RECORDED, RETURN TO:
Bryan Cave Leighton Paisner LLP
3800 One Kansas City Place
1200 Main Street
Kansas City, Missouri 64105
Attn: Trevor A. Jenkins
Telephone: 816-374-3200

Recording Reference: RP-2019-392981

RP-2025-478390

## ASSIGNMENT OF DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS, SECURITY AGREEMENT AND FIXTURE FILING

Effective as of the Effective Date, TIG ROMSPEN US MASTER MORTGAGE LP, an exempted Cayman Islands limited partnership, having an address at 162 Cumberland Street, Suite 300, Toronto, Ontario M5R 3N5 ("**Assignor**"), as the holder of the instrument hereinafter described and for valuable consideration hereby assigns, sells, transfers and delivers to RJC (WEST LOOP) LLC, a Texas limited liability company, having an address at 162 Cumberland Street, Suite 300, Toronto, Ontario M5R 3N5 ("**Assignee**"), its successors, participants and assigns, without recourse, all right, title and interest of Assignor, in and to that certain:

DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS, SECURITY AGREEMENT AND FIXTURE FILING made by GALLERIA LOOP NOTE HOLDER LLC, a Texas limited liability company to Assignor dated as of September 4, 2019, and recorded on September 5, 2019, as Document Number RP-2019-392981 in the Recorder's Office of the Clerk and Recorder of Harris County, Texas (as the same may have been amended, modified, restated, supplemented, renewed or extended) and creating a lien on the property described in Exhibit A attached hereto and by this reference made a part hereof.

Together with any and all other liens, privileges, security interests, rights, entitlements, equities, claims and demands as to which Assignor hereunder possesses or to which Assignor is otherwise entitled as additional security for the payment of the notes and other obligations described herein.

This instrument shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

[SIGNATURE(S) ON THE FOLLOWING PAGE]

RP-2025-478390

RP-2025-478390

## ASSIGNMENT OF ASSIGNMENT OF LEASES AND RENTS

TIG ROMSPEN US MASTER MORTGAGE LP,
an exempted Cayman Islands limited partnership
(Assignor)

to

RIC (WEST LOOP) LLC,
a Texas limited liability company
(Assignee)

Effective as of December 2, 2025 ("**Effective Date**")

Property Location:
County of Harris
State of Texas

DOCUMENT PREPARED BY AND WHEN RECORDED, RETURN TO:
Bryan Cave Leighton Paisner LLP
3800 One Kansas City Place
1200 Main Street
Kansas City, Missouri 64105
Attn: Trevor A. Jenkins
Telephone: 816-374-3200

Recording Reference: RP-2019-393175

IN WITNESS WHEREOF, the Assignor has caused this instrument to be executed effective as of the Effective Date.

**ASSIGNOR:**

TIG ROMSPEN US MASTER MORTGAGE LP,
an exempted Cayman Islands limited partnership

By:  Romspen US Master Mortgage GP LLC
Its:  General Partner

By: Romspen US Mortgage GP Inc.
Its: General partner of its sole member

By:_____
Print Name: _HOEL  MICKELSON_
Title: Authorized Signing Officer

RP-2025-478390

## ACKNOWLEDGMENT

PROVINCE
~~STATE~~ OF    ONTARIO    )
                                ) SS.
COUNTY OF    N/A    )

        On this 26TH day of NOVEMBER in the year 2025, before me, VINCENT BERRY , a Notary Public in and for said state, personally appeared JOEL MICKELSON, the Authorized Signing Officer of Romspen US Mortgage GP Inc. the General partner of its sole member of Romspen US Master Mortgage GP LLC the General Partner of TIG ROMSPEN US MASTER MORTGAGE LP, an exempted Cayman Islands limited partnership, known to me to be the person who executed the within instrument on behalf of said limited liability company and acknowledged to me that he/she executed the same for the purposes therein stated.

        IN WITNESS WHEREOF, I have hereunto set my hand and affixed my notarial seal at my office in TORONTO , ON , the day and year last above written.

                                         Vincent Berry
                                   Notary Public in and for
                                   said County and State

RICHARD THOMAS VINCENT BERRY
NOTARY PUBLIC
ONTARIO

RP-2025-478390

# EXHIBIT A
## LEGAL DESCRIPTION

Being 3.889 acres of land out of the William White Survey, Abstract No. 836, Houston, Harris County, Texas and being the same property conveyed to HE 1001 West Loop, LP by Special Warranty Deed recorded under Harris County Clerk's File No. 20070732480, and being more particularly described by metes and bounds as follows:

BEGINNING at a 5/8 inch iron rod set on the East right of way line of I.H. 610 West Loop for the Northwest corner of Lot 1, Block 1, Post Oak Park, according to the Plat thereof recorded in Volume 134, Page 25 of the Map Records of Harris County, Texas;

THENCE North 02 degrees 26 minutes 59 seconds West, with the East right of way line I.H. 610 West Loop, a distance of 645.83 feet to a 5/8 inch iron rod set for the corner at the Southwest waters edge of Buffalo Bayou;

THENCE downstream along the Southwest water edge of Buffalo Bayou as follows:

South 69 degrees 17' 34" East, 138.43 feet;

South 62 degrees 02' 17" East, 100.04 feet;

South 58 degrees 53' 53" East, 100.36 feet;

South 58 degrees 37' 53" East, 100.48 feet;

South 59 degrees 55' 24" East, 100.22 feet;

South 52 degrees 39' 23" East, a distance of 20.56 feet to a point for corner of the North line of that certain 15.032 Square foot tract of land conveyed to Harris County Flood Control District by J. Brown Cutbirth, Jr., Trustee, as recorded in Volume 6960, Page 72 of the Deed Records of Harris County, Texas;

THENCE North 87 degrees 33' 01" East, with the North line of said 15.032 square foot tract, a distance of 40.06 feet to a point for corner;

THENCE South 53 degrees 15' 01" West, a distance of 45.83 feet to a point on the Northeast line of said Post Oak Park;

THENCE with the Northwesterly boundary of said Post Oak Park as follows:

North 69 degrees 15' 45" West, 22.74 feet;

South 10 degrees 28' 15" West, 85.00 feet;

South 83 degrees 23' 15" West, 34.60 feet;

North 32 degrees 38' 45" West, 87.00 feet;

South 46 degrees 48' 15" West, 39.70 feet;

South 01 degrees 01' 15" West, 48.40 feet;

South 78 degrees 50' 15" West, 59.60 feet;

South 02 degrees 57' 45" East, 96.40 feet;

South 60 degrees 41' 15" West, 41.10 feet;

South 11 degrees 19' 15" West, 68.00 feet;

North 72 degrees 24' 45" West, 145.40 feet;

South 24 degrees 05' 15" West, 30.01 feet;

South 42 degrees 57' 45" East, 68.90 feet;

South 43 degrees 26' 15" West, 60.30 feet;

South 89 degrees 37' 15" West, a distance of 71.62 feet to the PLACE OF BEGINNING and containing 3.889 acres of land, more or less.

RP-2025-478390

RP-2025-478390

# Pages 7

12/04/2025 10:22 AM

e-Filed & e-Recorded in the

Official Public Records of

HARRIS COUNTY

TENESHIA HUDSPETH

COUNTY CLERK

Fees  $45.00

RP-2025-478390

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.

COUNTY CLERK
HARRIS COUNTY, TEXAS

# EXHIBIT E

2100 B (12/15)

# United States Bankruptcy Court

Western District of Texas
Case No. 24-10119-smr
Chapter 11

In re: Debtor(s) (including Name and Address)

1001 WL, LLC
2450 Wickersham Lane, Suite 202
Austin TX 78741

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

The Claim No(s). listed below was/were filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor.  As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on 12/04/2025.

Name and Address of Alleged Transferor(s):

Claim No. 1: TIG Romspen US Master Mortgage LP, c/o Bryan Cave Leighton Paisner LLP, Attn: Kyle S. Hirsch, 2200 Ross Avenue, 4200W, Dallas, TX 75201

Name and Address of Transferee:

RIC (West Loop) LLC
c/o Bryan Cave Leighton Paisner LLP
Attn: Kyle Hirsch
2200 Ross Ave., Suite 4200W
Dallas, TX 75307

## -- DEADLINE TO OBJECT TO TRANSFER --

The alleged transferor(s) of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice.  If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:   12/07/25

Barry D Knight

**CLERK OF THE COURT**

United States Bankruptcy Court

Western District of Texas

In re:                                                    Case No. 24-10119-smr

1001 WL, LLC                                              Chapter 11

   Debtor

# CERTIFICATE OF NOTICE

District/off: 0542-1                    User: admin                        Page 1 of 4

Date Rcvd: Dec 05, 2025                 Form ID: trc                    Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol      Definition**

+             Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 07, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| 18603477 | + | TIG Romspen US Master Mortgage LP, c/o Bryan Cave Leighton Paisner LLP, Attn: Kyle S. Hirsch, 2200 Ross Avenue, 4200W, Dallas, TX 75201-2763 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 07, 2025                 Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 4, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Ali Choudhri | ali@jetallcapital.com |
| Beau Butler | on behalf of Interested Party Xavier Educational Academy  LLC bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jrego@jw.com |
| Brian Talbot Cumings | on behalf of Trustee John Patrick Lowe bcumings@gdhm.com  ctrickey@gdhm.com |
| Brian Talbot Cumings | on behalf of Interested Party John Patrick Lowe bcumings@gdhm.com  ctrickey@gdhm.com |
| Brian Talbot Cumings | on behalf of Intervenor John Patrick Lowe bcumings@gdhm.com  ctrickey@gdhm.com |

Brian Talbot Cumings

on behalf of Defendant 1001 WL  LLC bcumings@gdhm.com, ctrickey@gdhm.com

Brian Talbot Cumings

on behalf of Defendant PCR Property Services LLC bcumings@gdhm.com  ctrickey@gdhm.com

Brian Talbot Cumings

on behalf of Attorney Graves Dougherty Hearon & Moody  P.C. bcumings@gdhm.com, ctrickey@gdhm.com

Brian Talbot Cumings

on behalf of Defendant John Patrick Lowe bcumings@gdhm.com  ctrickey@gdhm.com

Brigid K Ndege

on behalf of Creditor TIG Romspen US Master Mortgage LP brigid.ndege@bclplaw.com
deborah.field@bclplaw.com,brigid-ndege-4743@ecf.pacerpro.com

Bruce J Duke

on behalf of Interested Party Ali Choudhri bruce@bdukelawfirm.com  brucedukeesq@gmail.com

Clinton Wayne Alexander

on behalf of Attorney Kell C Mercer calexander@bls-legal.com

Clinton Wayne Alexander

on behalf of Interested Party Kell C Mercer calexander@bls-legal.com

Eric Terry

on behalf of Creditor WCW Houston Properties eric@ericterrylaw.com

Gary W. Wright

on behalf of U.S. Trustee United States Trustee - AU12 gary.wright3@usdoj.gov

Genevieve M. Graham

on behalf of Plaintiff Xavier Educational Academy  LLC ggraham@graham-pllc.com

Genevieve M. Graham

on behalf of Interested Party Xavier Educational Academy  LLC ggraham@graham-pllc.com

Gia Samavati

on behalf of Plaintiff Galleria Loop Note Holder LLC gia@samavatilawfirm.com

J. Eric Lockridge

on behalf of Creditor Sonder USA Inc. eric.lockridge@keanmiller.com  eric-lockridge-9072@ecf.pacerpro.com

James Q. Pope

on behalf of Interested Party Galleria Loop Note Holder  LLC ecf@thepopelawfirm.com, jpope@jubileebk.net

James Q. Pope

on behalf of Creditor BDFI  LLC ecf@thepopelawfirm.com, jpope@jubileebk.net

Javier Gonzalez, Jr

on behalf of Interested Party Xavier Educational Academy  LLC jgonzalez@jw.com,
dtrevino@jw.com;kgradney@jw.com;steso@jw.com;mmcclenathen@jw.com

Jeremy M Reichman

on behalf of Attorney Bryan Cave Leighton Paisner  LLP jreichman@velaw.com, vmartin@velaw.com;courtmail@velaw.com

John C. Roy

on behalf of U.S. Trustee United States Trustee - AU12 croy@krcl.com  ajezisek@krcl.com

John Patrick Lowe

pat.lowe.law@gmail.com  plowe@ecf.axosfs.com

John Patrick Lowe

on behalf of Trustee John Patrick Lowe pat.lowe.law@gmail.com  plowe@ecf.axosfs.com

Justin Hanna

on behalf of Creditor TIG Romspen US Master Mortgage LP justin.hanna@bclplaw.com  carolyn.herrera@bclplaw.com

Justin Hanna

on behalf of Defendant Galleria Loop Note Holder  LLC justin.hanna@bclplaw.com, carolyn.herrera@bclplaw.com

Justin Hanna

on behalf of Plaintiff TIG Romspen US Master Mortgage LP justin.hanna@bclplaw.com  carolyn.herrera@bclplaw.com

Justin Rayome

on behalf of Attorney Justin Rayome justin.rayome.law@gmail.com

Justin Rayome

on behalf of Plaintiff Jetall Capital LLC justin.rayome.law@gmail.com

Justin Rayome

on behalf of Counter Defendant Jetall Capital LLC justin.rayome.law@gmail.com

Justin Rayome
    on behalf of Interested Party Ali Choudhri justin.rayome.law@gmail.com

Kell C. Mercer
    on behalf of Plaintiff Jetall Capital LLC kell.mercer@mercer-law-pc.com

Kell C. Mercer
    on behalf of Defendant Dward DarJean kell.mercer@mercer-law-pc.com

Kell C. Mercer
    on behalf of Defendant Galleria Loop Note Holder  LLC kell.mercer@mercer-law-pc.com

Kell C. Mercer
    on behalf of Defendant Ali Choudhri kell.mercer@mercer-law-pc.com

Kell C. Mercer
    on behalf of Interested Party Galleria Loop Note Holder  LLC kell.mercer@mercer-law-pc.com

Kell C. Mercer
    on behalf of Interested Party Ali Choudhri kell.mercer@mercer-law-pc.com

Kell C. Mercer
    on behalf of Creditor BDFI  LLC kell.mercer@mercer-law-pc.com

Kell C. Mercer
    on behalf of Interested Party Jetall Capital  LLC kell.mercer@mercer-law-pc.com

Kell C. Mercer
    on behalf of Intervenor Ali Choudhri kell.mercer@mercer-law-pc.com

Kell C. Mercer
    on behalf of Defendant BDFI  LLC kell.mercer@mercer-law-pc.com

Kyle Hirsch
    on behalf of Plaintiff TIG Romspen US Master Mortgage LP kyle.hirsch@bclplaw.com
lisa.remus@bclplaw.com;catherine.russell@bclplaw.com;REC_KM_ECF_PHX@bclplaw.com;kyle-hirsch-6768@ecf.pacerpro.com

Kyle Hirsch
    on behalf of Creditor TIG Romspen US Master Mortgage LP kyle.hirsch@bclplaw.com
lisa.remus@bclplaw.com;catherine.russell@bclplaw.com;REC_KM_ECF_PHX@bclplaw.com;kyle-hirsch-6768@ecf.pacerpro.com

Leslie M. Luttrell
    on behalf of Interested Party Travis Vargo  in his capacity as Court-Appointed Receiver luttrell@lclawgroup.net,
sdpitts@lclawgroup.net;wperotti@lclawgroup.net;emeier@lclawgroup.net

Leslie M. Luttrell
    on behalf of Interested Party Travis B Vargo luttrell@lclawgroup.net
sdpitts@lclawgroup.net;wperotti@lclawgroup.net;emeier@lclawgroup.net

Lyndel A. Vargas
    on behalf of Interested Party Dalio Holdings I  LLC LVargas@chfirm.com,
chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.courtdrive.com

Lyndel A. Vargas
    on behalf of Interested Party Ali Choudhri LVargas@chfirm.com
chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.courtdrive.com

Mark Junell
    on behalf of Creditor BDFI  LLC mark@junellfirm.com

Mark Curtis Taylor
    on behalf of Attorney Holland & Knight LLP mtaylor@krcl.com  ajezisek@krcl.com,tgreenblum@krcl.com

Mark Curtis Taylor
    on behalf of Attorney Mark Taylor mtaylor@krcl.com  ajezisek@krcl.com,tgreenblum@krcl.com

Mark Curtis Taylor
    on behalf of Plaintiff 1001 WL  LLC mtaylor@krcl.com, ajezisek@krcl.com,tgreenblum@krcl.com

Michelle V. Friery
    on behalf of Creditor Sonder USA Inc. michelle@wilsonfriery.com  admin@wilsonfriery.com

Patrick Clayton Joost
    on behalf of Interested Party ServiceLink Patrick.Joost@fnf.com  patrickjoost34@gmail.com

Paul Kirklin
    on behalf of Interested Party Kirklin Properties LLC pkirklin@kirklinlaw.com

Paul Kirklin
    on behalf of Interested Party Ali Choudhri pkirklin@kirklinlaw.com

Paul Kirklin
                    pkirklin@kirklinlaw.com

Reed W. Burritt
                    on behalf of Creditor Boxer Property Management Corporation Reed.Burritt@BoxerProperty.com

Robert Luke Graham
                    on behalf of Creditor TIG Romspen US Master Mortgage LP luke.graham@bclplaw.com
                    carolyn.herrera@bclplaw.com;luke-graham-3636@ecf.pacerpro.com

Ronald J Smeberg
                    on behalf of Interested Party Smeberg Law Firm  PLLC ron@smeberg.com, ronaldsmeberg@yahoo.com;denielle@smeberg.com

Shane P. Tobin
                    on behalf of U.S. Trustee United States Trustee - AU12 shane.p.tobin@usdoj.gov
                    gary.wright3@usdoj.gov;Tisha.Savannah@usdoj.gov

Shea Neal Palavan
                    on behalf of Interested Party Galleria Loop Note Holder  LLC service@houstonip.com, snpalavan@recap.email

Shea Neal Palavan
                    on behalf of Plaintiff Jetall Capital  LLC service@houstonip.com, snpalavan@recap.email

Shea Neal Palavan
                    on behalf of Interested Party Jetall Capital  LLC service@houstonip.com, snpalavan@recap.email

Shea Neal Palavan
                    on behalf of Interested Party Ali Choudhri service@houstonip.com  snpalavan@recap.email

Stephen Kirklin
                    on behalf of Attorney Paul Kirklin skirklin312@gmail.com

Stephen W. Sather
                    on behalf of Interested Party Barron & Newburger  P.C. ssather@bn-lawyers.com,
                    plevine@bn-lawyers.com;cchristensen@bn-lawyers.com;BarronNewburgerPCAustin@jubileebk.net;mcalderon@bn-lawyers.com
                    ;kparsley@bn-lawyers.com

Stephen W. Sather
                    on behalf of Defendant 1001 WL  LLC ssather@bn-lawyers.com,
                    plevine@bn-lawyers.com;cchristensen@bn-lawyers.com;BarronNewburgerPCAustin@jubileebk.net;mcalderon@bn-lawyers.com
                    ;kparsley@bn-lawyers.com

Stephen W. Sather
                    on behalf of Plaintiff 1001 WL  LLC ssather@bn-lawyers.com,
                    plevine@bn-lawyers.com;cchristensen@bn-lawyers.com;BarronNewburgerPCAustin@jubileebk.net;mcalderon@bn-lawyers.com
                    ;kparsley@bn-lawyers.com

Tara L. Grundemeier
                    on behalf of Creditor City of Houston houston_bankruptcy@lgbs.com

Tara L. Grundemeier
                    on behalf of Creditor Houston Community College System houston_bankruptcy@lgbs.com

Tara L. Grundemeier
                    on behalf of Creditor Houston ISD houston_bankruptcy@lgbs.com

Travis Brian Vargo
                    on behalf of Interested Party Travis B Vargo tvargo@vargolawfirm.com  mpoynter@vargolawfirm.com

United States Trustee - AU12
                    ustpregion07.au.ecf@usdoj.gov

William Steven Bryant
                    on behalf of Creditor TIG Romspen US Master Mortgage LP steven.bryant@troutman.com  jpelayo@lockelord.com

William Steven Bryant
                    on behalf of Defendant TIG Romspen US Master Mortgage LP steven.bryant@troutman.com  jpelayo@lockelord.com

William Steven Bryant
                    on behalf of Defendant TIG Romspen US Master Mortgage  LP steven.bryant@troutman.com, jpelayo@lockelord.com


TOTAL: 78

# EXHIBIT F

Fill in this information to identify the case:

Debtor name **1001 WL, LLC**

United States Bankruptcy Court for the:

**Western District of Texas**

Case number (if known): **24-10119**

☑ Check if this is an
amended filing

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *A Summary of Assets and Liabilities for Non-Individuals* (Official Form 206A-Summary)

☑   *Amended Schedule*  **A/B, D, E/F, G, H**

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐   Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **07/26/2024**                     X **/s/ Ali Chaudhri**
    MM/  DD/  YYYY                                Signature of individual signing on behalf of debtor

                                                 **Ali Chaudhri**
                                                 Printed name

                                                 **Member**
                                                 Position or relationship to debtor

Fill in this information to identify the case:

Debtor Name  **1001 WL, LLC**

United States Bankruptcy Court for the: _____ **Western** _____ District of _____ **Texas** _____
(State)

Case number (If known): **24-10119**

☑ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
| --- | --- |

2. **Cash on hand** _____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- |
| 3.1. _____ | **Checking account** | **3  1  4  7** | **$50,307.08** |

4. **Other cash equivalents** *(Identify all)*

   4.1 _____
   4.2 _____

5. **Total of Part 1**
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. | **$50,307.08** |

| Part 2: | Deposits and prepayments |
| --- | --- |

6. **Does the debtor have any deposits or prepayments?**

   ☑ No. Go to Part 3.
   ☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
| --- | --- |

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

   7.1 _____ _____

| Debtor | **1001 WL, LLC** | | Case number *(if known)* | 24-10119 |
|---|---|---|---|---|
| | Name | | | |

| | | | |
|---|---|---|---|
| 7.2 | _____ | | _____ |

**8.** **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

| 8.1 | _____ | _____ |
|---|---|---|
| 8.2 | _____ | _____ |

**9.** **Total of Part 2**

Add lines 7 through 8. Copy the total to line 81.

| | |
|---|---|
| | _____ |

---

**Part 3:**   Accounts receivable

**10.** **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☑ Yes. Fill in the information below.

| | | | | Current value of debtor's interest |
|---|---|---|---|---|

**11.** **Accounts receivable**

| 11a. 90 days old or less: | _____ | - | _____ | =.....➔ | _____ |
|---|---|---|---|---|---|
| | face amount | | doubtful or uncollectible accounts | | |
| 11b. Over 90 days old: | **$4,665,775.21** | - | **unknown** | =.....➔ | **$4,665,775.21** |
| | face amount | | doubtful or uncollectible accounts | | |

**12.** **Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

| | |
|---|---|
| | **$4,665,775.21** |

---

**Part 4:**   Investments

**13.** **Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**14.** **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

| 14.1 | _____ | _____ | _____ |
|---|---|---|---|
| 14.2 | _____ | _____ | _____ |

**15.** **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

| Name of entity: | | % of ownership: | | |
|---|---|---|---|---|
| 15.1. | _____ | _____ | _____ | _____ |
| 15.2. | _____ | _____ | _____ | _____ |

---

| Debtor | **1001 WL, LLC** | Case number *(if known)* __24-10119__ |
|---|---|---|
| | Name | |

| 16. | **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1** | | |
|---|---|---|---|

Describe:

16.1 _____     _____     _____

16.2 _____     _____     _____

| 17. | **Total of Part 4** | |
|---|---|---|

Add lines 14 through 16. Copy the total to line 83.

_____

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| _____ | MM / DD / YYYY | _____ | _____ | _____ |
| **20. Work in progress** | | | | |
| _____ | MM / DD / YYYY | _____ | _____ | _____ |
| **21. Finished goods, including goods held for resale** | | | | |
| _____ | MM / DD / YYYY | _____ | _____ | _____ |
| **22. Other inventory or supplies** | | | | |
| _____ | MM / DD / YYYY | _____ | _____ | _____ |

| 23. | **Total of Part 5** | |
|---|---|---|

Add lines 19 through 22. Copy the total to line 84.

_____

**24. Is any of the property listed in Part 5 perishable?**

☑ No

☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☑ No

☐ Yes.  Book value _____ Valuation method _____ Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

| Debtor | 1001 WL, LLC | Case number *(if known)* | 24-10119 |
|---|---|---|---|
| | Name | | |

---

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |

**33. Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.

**34. Is the debtor a member of an agricultural cooperative?**

☑ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

    ☐ No

    ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☑ No

☐ Yes. Book value _____ Valuation method _____ Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☑ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Part 7:**    Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

---

Debtor    **1001 WL, LLC**                                          Case number *(if known)* __24-10119__

Name

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| 40. **Office fixtures** | | | |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 | | | |
| 42.2 | | | |
| 42.3 | | | |

43. **Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☑ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | | | |
| 47.2 | | | |
| 47.3 | | | |
| 47.4 | | | |

| Debtor | **1001 WL, LLC** | | Case number *(if known)* | 24-10119 |
|---|---|---|---|---|
| | Name | | | |

---

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

48.1 _____    _____  _____  _____

48.2 _____    _____  _____  _____

49. **Aircraft and accessories**

49.1 _____    _____  _____  _____

49.2 _____    _____  _____  _____

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

_____    _____  _____  _____

51. **Total of Part 8**

Add lines 47 through 50. Copy the total to line 87.

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☑ No
☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☑ No
☐ Yes

---

**Part 9:    Real property**

54. **Does the debtor own or lease any real property?**

☐ No. Go to Part 10.
☑ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 **1001 West Loop South / 1001 West Loop South Houston, TX 77027** | Fee Simple | unknown | | $23,400,000.00 |

56. **Total of Part 9**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.        **$23,400,000.00**

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No
☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No
☐ Yes

---

| Debtor | **1001 WL, LLC** | Case number *(if known)* | **24-10119** |
|---|---|---|---|
| | Name | | |

| Part 10: | Intangibles and intellectual property |
|---|---|

59. **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| | _____ | _____ | _____ |
| 61. **Internet domain names and websites** | | | |
| | _____ | _____ | _____ |
| 62. **Licenses, franchises, and royalties** | | | |
| | _____ | _____ | _____ |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| | _____ | _____ | _____ |
| 64. **Other intangibles, or intellectual property** | | | |
| | _____ | _____ | _____ |
| 65. **Goodwill** | | | |
| | _____ | _____ | _____ |

66. **Total of Part 10**

Add lines 60 through 65. Copy the total to line 89.

| _____ |
|---|

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☑ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 11: | All other assets |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

| Debtor | **1001 WL, LLC** | Case number *(if known)* | 24-10119 |
|---|---|---|---|
| | Name | | |

---

**71.** **Notes receivable**

Description (include name of obligor)

_____   _____ – _____   = ➔   _____

Total face amount   doubtful or uncollectible amount

**72.** **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

_____   Tax year _____   _____

_____   Tax year _____   _____

_____   Tax year _____   _____

**73.** **Interests in insurance policies or annuities**

_____   _____

**74.** **Causes of action against third parties (whether or not a lawsuit has been filed)**

**Suit against Sonder Canada**   **$22,000,000.00**

Nature of claim   _____

Amount requested   **unknown**

**Claims against Tig Romspen USA Master Mortgage Fund**   **unknown**

Nature of claim   _____

Amount requested   **unknown**

**75.** **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

**Arbitration claim against Sonder USA**   **unknown**

Nature of claim   _____

Amount requested   **unknown**

**Claims against Xavier Academy**   **$4,110,083.07**

Nature of claim   _____

Amount requested   **$4,110,083.07**

**76.** **Trusts, equitable or future interests in property**

_____   _____

**77.** **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

_____   _____

_____   _____

---

| Debtor | 1001 WL, LLC | | Case number *(if known)* | 24-10119 |
|---|---|---|---|---|
| | Name | | | |

| 78. | **Total of Part 11** | | $26,110,083.07 |
|---|---|---|---|
| | Add lines 71 through 77. Copy the total to line 90. | | |

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form.**

| | Type of property | Current value of personal property | Current value of real property |
|---|---|---|---|
| 80. | **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $50,307.08 | |
| 81. | **Deposits and prepayments.** *Copy line 9, Part 2.* | | |
| 82. | **Accounts receivable.** *Copy line 12, Part 3.* | $4,665,775.21 | |
| 83. | **Investments.** *Copy line 17, Part 4.* | | |
| 84. | **Inventory.** *Copy line 23, Part 5.* | | |
| 85. | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | | |
| 87. | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | | |
| 88. | **Real property.** *Copy line 56, Part 9* ....................................................➜ | | $23,400,000.00 |
| 89. | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | | |
| 90. | **All other assets.** *Copy line 78, Part 11.* | + $26,110,083.07 | |
| 91. | **Total.** *Add lines 80 through 90 for each column* ...........................91a. | $30,826,165.36 | + 91b. $23,400,000.00 |
| 92. | **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ........................................................ | | $54,226,165.36 |

| Fill in this information to identify the case: |
|---|

Debtor name  **1001 WL, LLC**

United States Bankruptcy Court for the: **Western** District of **Texas**
(State)

Case number (if known): **24-10119**

☑ Check if this is an amended filing

**Official Form 206D**

# Schedule D: Creditors Who Have Claims Secured by Property
12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
|---|---|

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|
| **2.1** **Creditor's name**<br>**Ali Choudhri**<br><br>**Creditor's mailing address**<br>**1001 West Loop S Ste 700**<br>**Houston, TX 77027-9033**<br><br>**Creditor's email address, if known**<br><br>**Date debt was incurred**<br><br>**Last 4 digits of account number** __ __ __ __<br><br>**Do multiple creditors have an interest in the same property?**<br>☐ No<br>☑ Yes. Specify each creditor, including this creditor, and its relative priority.<br>1) Harris County Tax Assessor; 2) TIG Romspen US Master Mortgage, LP; 3) Galleria Loop Note Holder, LLC ; **4) Ali Choudhri**; 5) Boxer Property Management Corporation; 6) Pieper Houston Electric, LP; 7) Morsco Supply, LLC; 8) BDFI, LLC | **Describe debtor's property that is subject to a lien**<br>1001 West Loop South<br><br>**Describe the lien**<br><br><br>**Is the creditor an insider or related party?**<br>☐ No<br>☑ Yes<br><br>**Is anyone else liable on this claim?**<br>☑ No<br>☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).<br><br>**As of the petition filing date, the claim is:**<br>Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | **$5,000,000.00** | **$23,400,000.00** |

**3.** Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.

**$24,298,119.63**

| Debtor | 1001 WL, LLC | Case number (if known) | 24-10119 |
|---|---|---|---|
| | Name | | |

| Part 1: | Additional Page | Column A<br>**Amount of claim**<br>Do not deduct the value<br>of collateral. | Column B<br>**Value of collateral<br>that supports this<br>claim** |
|---|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

**2.2** **Creditor's name**

**BDFI, LLC**

**Creditor's mailing address**

**1001 West Loop S Ste 700**

**Houston, TX 77027-9033**

**Creditor's email address, if known**

_____

**Date debt was incurred** _____

**Last 4 digits of account number** ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Have you already specified the relative priority?

    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    _____

    _____

    ☑ Yes. The relative priority of creditors is specified on lines **2.1**

**Describe debtor's property that is subject to a lien**

1001 West Loop South

**Describe the lien**

_____

**Is the creditor an insider or related party?**

☐ No

☑ Yes

**Is anyone else liable on this claim?**

☑ No

☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

Column A: **unknown**

Column B: **$23,400,000.00**

| Debtor | 1001 WL, LLC | | Case number (if known) | 24-10119 |
|---|---|---|---|---|
| | Name | | | |

| Part 1: | Additional Page | | Column A | Column B |
|---|---|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

Column A — **Amount of claim** Do not deduct the value of collateral.

Column B — **Value of collateral that supports this claim**

**2.3** **Creditor's name**

**Boxer Property Management Corporation**

**Describe debtor's property that is subject to a lien**

1001 West Loop South

**$107,774.01**      **$23,400,000.00**

**Describe the lien**

**Creditor's mailing address**

**7324 SW Freeway Suite 1900**

**Houston, TX 77074**

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Creditor's email address, if known**

**Is anyone else liable on this claim?**

☐ No

☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Date debt was incurred**

**Last 4 digits of account number**  __ __ __ __

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent

☑ Unliquidated

☑ Disputed

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Have you already specified the relative priority?

   ☐ No.  Specify each creditor, including this creditor, and its relative priority.

   ☑ Yes. The relative priority of creditors is specified on lines  **2.1**

Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**

| Debtor | 1001 WL, LLC | | Case number (if known) 24-10119 |
|---|---|---|---|
| | Name | | |

| **Part 1:** | Additional Page | Column A | Column B |
|---|---|---|---|

| | | Column A<br>**Amount of claim**<br>Do not deduct the value<br>of collateral. | Column B<br>**Value of collateral<br>that supports this<br>claim** |
|---|---|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

**2.4** **Creditor's name**

Galleria Loop Note Holder, LLC

**Creditor's mailing address**

c/o James Pope

6161 Savoy Drive Suite 1125

Houston, TX 77036

**Creditor's email address, if known**

_____

**Date debt was incurred** _____

**Last 4 digits of account number** __ __ __ __

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Have you already specified the relative priority?

   ☐ No. Specify each creditor, including this creditor, and its relative priority.

   _____

   ☑ Yes. The relative priority of creditors is specified on lines **2.1**

**Describe debtor's property that is subject to a lien**

1001 West Loop South

**Describe the lien**

_____

**Is the creditor an insider or related party?**

☐ No

☑ Yes

**Is anyone else liable on this claim?**

☑ No

☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**

Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

**unknown** | **$23,400,000.00**

| Debtor | 1001 WL, LLC | Case number (if known) | 24-10119 |
|---|---|---|---|
| | Name | | |

| **Part 1:** | Additional Page | | Column A | Column B |
|---|---|---|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

**Column A**
Amount of claim
Do not deduct the value of collateral.

**Column B**
Value of collateral that supports this claim

**2.5** Creditor's name

**Harris County Tax Assessor**

Creditor's mailing address

**PO Box Box 4633**

**77210-4663**

Creditor's email address, if known

_____

Date debt was incurred _____

Last 4 digits of account number ___ ___ ___ ___

Do multiple creditors have an interest in the same property?

☐ No

☑ Yes. Have you already specified the relative priority?

   ☐ No. Specify each creditor, including this creditor, and its relative priority.

   _____

   _____

   ☑ Yes. The relative priority of creditors is specified on lines **2.1**

Describe debtor's property that is subject to a lien

1001 West Loop South

Describe the lien

_____

Is the creditor an insider or related party?

☑ No
☐ Yes

Is anyone else liable on this claim?

☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

As of the petition filing date, the claim is:
Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**$685,950.00**     **$23,400,000.00**

| Debtor | 1001 WL, LLC | Case number (if known) | 24-10119 |
|---|---|---|---|
| | Name | | |

| Part 1: | Additional Page | | Column A | Column B |
|---|---|---|---|---|

Column A
**Amount of claim**
Do not deduct the value of collateral.

Column B
**Value of collateral that supports this claim**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

**2.6 Creditor's name**

**Morsco Supply, LLC**

**Creditor's mailing address**

**6867 Wynwood Lane**

**Houston, TX 77008**

**Creditor's email address, if known**

**Date debt was incurred**

**Last 4 digits of account number**  __ __ __ __

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Have you already specified the relative priority?

   ☐ No.  Specify each creditor, including this creditor, and its relative priority.

   ☑ Yes. The relative priority of creditors is specified on lines __2.1__

**Describe debtor's property that is subject to a lien**

1001 West Loop South

$2,201.44      $23,400,000.00

**Describe the lien**

**Is the creditor an insider or related party?**

☑ No

☐ Yes

**Is anyone else liable on this claim?**

☑ No

☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☑ Contingent

☑ Unliquidated

☑ Disputed

| Debtor | 1001 WL, LLC | | Case number (if known) 24-10119 |
|---|---|---|---|
| | Name | | |

| **Part 1:** | Additional Page | | Column A | Column B |
|---|---|---|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

**Column A**
Amount of claim
Do not deduct the value of collateral.

**Column B**
Value of collateral that supports this claim

**2.7** Creditor's name
**Pieper Houston Electric, LP**

Describe debtor's property that is subject to a lien
1001 West Loop South

$2,194.18      $23,400,000.00

Creditor's mailing address
**1708 Oak Tree**

**Houston, TX 77080**

Describe the lien

Creditor's email address, if known

Is the creditor an insider or related party?
☑ No
☐ Yes

Date debt was incurred _____

Is anyone else liable on this claim?
☑ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

Last 4 digits of account number ___ ___ ___ ___

As of the petition filing date, the claim is:
Check all that apply.
☑ Contingent
☑ Unliquidated
☑ Disputed

Do multiple creditors have an interest in the same property?
☐ No
☑ Yes. Have you already specified the relative priority?

☐ No. Specify each creditor, including this creditor, and its relative priority.

_____

☑ Yes. The relative priority of creditors is specified on lines **2.1**

| Debtor | 1001 WL, LLC | Case number (if known) | 24-10119 |
|---|---|---|---|
| | Name | | |

| Part 1: | Additional Page | | Column A **Amount of claim** Do not deduct the value of collateral. | Column B **Value of collateral that supports this claim** |
|---|---|---|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

**2.8** **Creditor's name**

**TIG Romspen US Master Mortgage, LP**

**Creditor's mailing address**

162 Cumberland Street Suite 300

Toronto, Ontario M5R 3N5,

**Creditor's email address, if known**

**Date debt was incurred**

**Last 4 digits of account number** __ __ __ __

**Do multiple creditors have an interest in the same property?**

☐ No

☑ Yes. Have you already specified the relative priority?

   ☐ No. Specify each creditor, including this creditor, and its relative priority.

   ☑ Yes. The relative priority of creditors is specified on lines **2.1**

**Describe debtor's property that is subject to a lien**

1001 West Loop South

**Describe the lien**

**Is the creditor an insider or related party?**

☐ No

☑ Yes

**Is anyone else liable on this claim?**

☐ No

☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent

☐ Unliquidated

☑ Disputed

| | |
|---|---|
| $18,500,000.00 | $23,400,000.00 |

Fill in this information to identify the case:

Debtor name           **1001 WL, LLC**

United States Bankruptcy Court for the:

          **Western District of Texas**

Case number (if known):    **24-10119**

☑ Check if this is an
amended filing

# Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims      12/15

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases*(Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

### Part 1: List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507)
   ☑ No. Go to Part 2.
   ☐ Yes. Go to line 2.

2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|
| **2.1** Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* ☐ Contingent ☐ Unliquidated ☐ Disputed | | |
| Date or dates debt was incurred | Basis for the claim: | | |
| Last 4 digits of account number _ _ _ _ | Is the claim subject to offset? ☐ No ☐ Yes | | |
| Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) _ | | | |
| **2.2** Priority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* ☐ Contingent ☐ Unliquidated ☐ Disputed | | |
| Date or dates debt was incurred | Basis for the claim: | | |
| Last 4 digits of account number _ _ _ _ | Is the claim subject to offset? ☐ No ☐ Yes | | |
| Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) _ | | | |

| Debtor | 1001 WL, LLC | | Case number *(if known)* | 24-10119 |
|---|---|---|---|---|
| | Name | | | |

**Part 2:** List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

**Amount of claim**

**3.1** **Nonpriority creditor's name and mailing address**

ABC Home & Commercial Services

11934 Barker Cypress Road

Cypress, TX 77433

**Date or dates debt was incurred** _____

**Last 4 digits of account number** ___ ___ ___ ___

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** _____

**Is the claim subject to offset?**
☑ No
☐ Yes

$1,136.63

**3.2** **Nonpriority creditor's name and mailing address**

Ameritrex Imaging & Services

PO Box 841511

Houston, TX 77284

**Date or dates debt was incurred** _____

**Last 4 digits of account number** ___ ___ ___ ___

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** _____

**Is the claim subject to offset?**
☑ No
☐ Yes

$3,135.00

**3.3** **Nonpriority creditor's name and mailing address**

Capital Premium Financing

PO Box 667180

Dallas, TX 75266

**Date or dates debt was incurred** _____

**Last 4 digits of account number** ___ ___ ___ ___

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** _____

**Is the claim subject to offset?**
☑ No
☐ Yes

$1,979.85

**3.4** **Nonpriority creditor's name and mailing address**

CDI Douglas * Pye, Inc.

5065 Westheimer Suite 1100

Houston, TX 77056

**Date or dates debt was incurred** _____

**Last 4 digits of account number** ___ ___ ___ ___

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** _____

**Is the claim subject to offset?**
☑ No
☐ Yes

$32,842.46

| Debtor | **1001 WL, LLC** | Case number *(if known)* | **24-10119** |
|---|---|---|---|
| | Name | | |

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $2,080.00 |
|---|---|---|---|

**CFI Mechanical, Inc.**

**6109 Brittmoore Rd**

**Houston, TX 77041-5610**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** _____

Date or dates debt was incurred _____

Last 4 digits of account number ___ ___ ___ ___

**Is the claim subject to offset?**
☑ No
☐ Yes

| 3.6 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $18,907.57 |
|---|---|---|---|

**Cirro**

**PO Box 2229**

**Houston, TX 77252**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** _____

Date or dates debt was incurred _____

Last 4 digits of account number ___ ___ ___ ___

**Is the claim subject to offset?**
☑ No
☐ Yes

| 3.7 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $55,154.28 |
|---|---|---|---|

**City of Houston Water**

**PO Box 1560**

**Houston, TX 77251**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** _____

Date or dates debt was incurred _____

Last 4 digits of account number ___ ___ ___ ___

**Is the claim subject to offset?**
☑ No
☐ Yes

| 3.8 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $22,125.13 |
|---|---|---|---|

**Cleaning Advances Service**

**110 Cypress Station Suite 111**

**Houston, TX 77090**

*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** _____

Date or dates debt was incurred _____

Last 4 digits of account number ___ ___ ___ ___

**Is the claim subject to offset?**
☑ No
☐ Yes

| Debtor | **1001 WL, LLC** | Case number *(if known)* | **24-10119** |
|---|---|---|---|
| | Name | | |

---

| **Part 2:** | Additional Page |
|---|---|

| 3.9 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $941.35 |
|---|---|---|---|

**Comcast**

**9602 S 300 W Suite B**

**Sandy, UT 84070**

*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date or dates debt was incurred _____

Basis for the claim: _____

Last 4 digits of account number ___ ___ ___ ___

Is the claim subject to offset?
- ☑ No
- ☐ Yes

---

| 3.10 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $36,914.62 |
|---|---|---|---|

**Datawatch Systems**

**4520 East West Highway 200**

**Bethesda, MD 20814**

*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date or dates debt was incurred _____

Basis for the claim: _____

Last 4 digits of account number ___ ___ ___ ___

Is the claim subject to offset?
- ☑ No
- ☐ Yes

---

| 3.11 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $48,500.00 |
|---|---|---|---|

**Drew Dennett**

**2450 Wickersham Lane, Suite 202**

**Austin, TX 78741**

*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date or dates debt was incurred _____

Basis for the claim:  **Services rendered**

Last 4 digits of account number ___ ___ ___ ___

Is the claim subject to offset?
- ☑ No
- ☐ Yes

---

| 3.12 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $698.21 |
|---|---|---|---|

**Environmental Coalition Inc.**

**Po Box 1568**

**Stafford, TX 77497-1568**

*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date or dates debt was incurred _____

Basis for the claim: _____

Last 4 digits of account number ___ ___ ___ ___

Is the claim subject to offset?
- ☑ No
- ☐ Yes

---

| Debtor | **1001 WL, LLC** | Case number *(if known)* | **24-10119** |
|---|---|---|---|
| | Name | | |

---

**Part 2:** Additional Page

---

| 3.13 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $6,301.40 |
|---|---|---|---|
| | **FirePro Tech** | ☐ Contingent | |
| | **6830 N Eldridge Pkwy Suite 110** | ☐ Unliquidated | |
| | **Houston, TX 77041** | ☐ Disputed | |
| | | Basis for the claim: _____ | |
| | Date or dates debt was incurred _____ | Is the claim subject to offset? | |
| | Last 4 digits of account number __ __ __ __ | ☑ No  ☐ Yes | |

| 3.14 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $11,908.59 |
|---|---|---|---|
| | **FireTron Life Safety Solutions** | ☐ Contingent | |
| | **PO Box 1604** | ☐ Unliquidated | |
| | **Stafford, TX 77497** | ☐ Disputed | |
| | | Basis for the claim: _____ | |
| | Date or dates debt was incurred _____ | Is the claim subject to offset? | |
| | Last 4 digits of account number __ __ __ __ | ☑ No  ☐ Yes | |

| 3.15 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $621.25 |
|---|---|---|---|
| | **Fluid Meter Sales & Service, Inc.** | ☐ Contingent | |
| | **1303 Steele Drive** | ☐ Unliquidated | |
| | **Friendswood, TX 77546** | ☐ Disputed | |
| | | Basis for the claim: _____ | |
| | Date or dates debt was incurred _____ | Is the claim subject to offset? | |
| | Last 4 digits of account number __ __ __ __ | ☑ No  ☐ Yes | |

| 3.16 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $41,958.40 |
|---|---|---|---|
| | **GFS Industries** | ☐ Contingent | |
| | **24165 IH 10 W Suite 217** | ☐ Unliquidated | |
| | **San Antonio, TX 78257** | ☐ Disputed | |
| | | Basis for the claim: _____ | |
| | Date or dates debt was incurred _____ | Is the claim subject to offset? | |
| | Last 4 digits of account number __ __ __ __ | ☑ No  ☐ Yes | |

| Debtor | **1001 WL, LLC** | Case number (if known) | **24-10119** |
|--------|------------------|------------------------|--------------|
|        | Name             |                        |              |

---

**Part 2:** Additional Page

---

| 3.17 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $48,179.04 |
|---|---|---|---|

**Harcon Mechanical Contractors**

**9009 W Little York**

**Houston, TX 77040**

Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date or dates debt was incurred _____

Basis for the claim: _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
- ☑ No
- ☐ Yes

---

| 3.18 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $344,483.60 |
|---|---|---|---|

**Jetall Companies**

**1001 W Loop S Suite 700**

**Houston, TX 77027**

Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date or dates debt was incurred _____

Basis for the claim: _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
- ☑ No
- ☐ Yes

---

| 3.19 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $73,042.20 |
|---|---|---|---|

**JLM Law Firm**

**2921 E 17th Street Bldg D Suite 6**

**Austin, TX 78702**

Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date or dates debt was incurred _____

Basis for the claim: _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
- ☑ No
- ☐ Yes

---

| 3.20 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $1,040.06 |
|---|---|---|---|

**Kings 111**

**751 Canyon Drive Suite 100**

**Coppell, TX 75019**

Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date or dates debt was incurred _____

Basis for the claim: _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
- ☑ No
- ☐ Yes

---

| Debtor | **1001 WL, LLC** | | Case number *(if known)* | **24-10119** |
|--------|------------------|--|--------------------------|--------------|
| | Name | | | |

---

**Part 2:** Additional Page

---

**3.21** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$772.00**
| **Meyerland Glass Company** | ☐ Contingent |
| | ☐ Unliquidated |
| **12922 Murphy Road** | ☐ Disputed |
| **Stafford, TX 77477** | |
| | Basis for the claim: _____ |
| Date or dates debt was incurred _____ | Is the claim subject to offset? |
| Last 4 digits of account number __ __ __ __ | ☑ No |
| | ☐ Yes |

---

**3.22** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$960.00**
| **Mueller** | ☐ Contingent |
| | ☐ Unliquidated |
| **1500 Sherwood Forest Drive** | ☐ Disputed |
| **Houston, TX 77043** | |
| | Basis for the claim: _____ |
| Date or dates debt was incurred _____ | Is the claim subject to offset? |
| Last 4 digits of account number __ __ __ __ | ☑ No |
| | ☐ Yes |

---

**3.23** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$30,882.06**
| **Nationside Investigations & Security** | ☐ Contingent |
| | ☐ Unliquidated |
| **2425 W Loop S Suite 300** | ☐ Disputed |
| **Houston, TX 77027** | |
| | Basis for the claim: _____ |
| Date or dates debt was incurred _____ | Is the claim subject to offset? |
| Last 4 digits of account number __ __ __ __ | ☑ No |
| | ☐ Yes |

---

**3.24** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$3,968.16**
| **Rapp Krock** | ☐ Contingent |
| | ☐ Unliquidated |
| **1980 Post Oak Blvd Suite 1200** | ☐ Disputed |
| **Houston, TX 77056** | |
| | Basis for the claim: _____ |
| Date or dates debt was incurred _____ | Is the claim subject to offset? |
| Last 4 digits of account number __ __ __ __ | ☑ No |
| | ☐ Yes |

---

| Debtor | **1001 WL, LLC** | | Case number *(if known)* | **24-10119** |
|---|---|---|---|---|
| | Name | | | |

---

**Part 2:** Additional Page

---

| 3.25 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $3,607.49 |
|---|---|---|---|

**3.25** Nonpriority creditor's name and mailing address

**Ringcentral**

**PO Box 734232**

**Dallas, TX 75373**

Date or dates debt was incurred _____

Last 4 digits of account number ___ ___ ___ ___

As of the petition filing date, the claim is: *Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim: _____

Is the claim subject to offset?
- ☑ No
- ☐ Yes

$3,607.49

---

**3.26** Nonpriority creditor's name and mailing address

**Sonder USA, Inc.**

**c/o Brooks Wilson**
**Kean Miller**

**711 Louisiana Street Suite 1800**

**Houston, TX 77002**

Date or dates debt was incurred _____

Last 4 digits of account number ___ ___ ___ ___

As of the petition filing date, the claim is: *Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim: **Arbitration Claim**

Is the claim subject to offset?
- ☑ No
- ☐ Yes

unknown

---

**3.27** Nonpriority creditor's name and mailing address

**T&R Mechanical**

**21710 White Oak Drive**

**Conroe, TX 77306**

Date or dates debt was incurred _____

Last 4 digits of account number ___ ___ ___ ___

As of the petition filing date, the claim is: *Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim: _____

Is the claim subject to offset?
- ☑ No
- ☐ Yes

$933.65

---

**3.28** Nonpriority creditor's name and mailing address

**The Hanover Insurance Group (GL & Prop)**

**PO Box 580045**

**Charlotte, NC 28258**

Date or dates debt was incurred _____

Last 4 digits of account number ___ ___ ___ ___

As of the petition filing date, the claim is: *Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim: _____

Is the claim subject to offset?
- ☑ No
- ☐ Yes

$42,291.14

---

| Debtor | **1001 WL, LLC** | Case number *(if known)* | **24-10119** |
|---|---|---|---|
| | Name | | |

---

**Part 2:** Additional Page

---

| **3.29** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $32,085.84 |
|---|---|---|---|

**TKE**

**3100 Interstate North Cir SE Ste. 500**

**Atlanta, GA 30339**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred _____

Basis for the claim: _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☑ No
☐ Yes

---

| **3.30** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $1,348.75 |
|---|---|---|---|

**Wate Management**

**PO Box 660345**

**Dallas, TX 75266**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred _____

Basis for the claim: _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☑ No
☐ Yes

---

| **3.31** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $0.00 |
|---|---|---|---|

**Xavier Academy, LLC**

**1001 West Loop Suite 500**

**Houston, TX 77027**

☐ Contingent
☑ Unliquidated
☑ Disputed

Basis for the claim: **Tenant Finishout**

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☑ No
☐ Yes

---

| **3.32** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $39,983.98 |
|---|---|---|---|

**Zindler Service Co**

**2450 Fondren Suite 113**

**Houston, TX 77063**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred _____

Basis for the claim: _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☑ No
☐ Yes

---

| Debtor | 1001 WL, LLC | | Case number *(if known)* | 24-10119 |
|---|---|---|---|---|
| | Name | | | |

5.  **Add the amounts of priority and nonpriority unsecured claims.**

|  |  |  | **Total of claim amounts** |
|---|---|---|---|
| 5a. | **Total claims from Part 1** | 5a. | $0.00 |
| 5b. | **Total claims from Part 2** | 5b. + | $908,782.71 |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $908,782.71 |

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **1001 WL, LLC** |
| United States Bankruptcy Court for the: | **Western District of Texas** |
| Case number (if known): | **24-10119** Chapter **11** |

☑ Check if this is an amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

12/15

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1.   Does the debtor have any executory contracts or unexpired leases?

    ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

    ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| **2.1** | State what the contract or lease is for and the nature of the debtor's interest | Lease <br> Contract to be ASSUMED | ADHD Management Services, LLC |
| | State the term remaining | 4 months | |
| | List the contract number of any government contract | | |
| **2.2** | State what the contract or lease is for and the nature of the debtor's interest | Lease | Advue Consulting, LLC |
| | State the term remaining | 13 months | |
| | List the contract number of any government contract | | |
| **2.3** | State what the contract or lease is for and the nature of the debtor's interest | lease <br> Contract to be ASSUMED | Arvizu |
| | State the term remaining | 15 months | |
| | List the contract number of any government contract | | |
| **2.4** | State what the contract or lease is for and the nature of the debtor's interest | Easement for use of roof <br> Contract to be ASSUMED | AT&T |
| | State the term remaining | 4 months | |
| | List the contract number of any government contract | | |

| Debtor | **1001 WL, LLC** | | Case number *(if known)* | **24-10119** |
|---|---|---|---|---|
| | Name | | | |

### Additional Page if Debtor Has More Executory Contracts or Unexpired Leases

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| **2.5** | State what the contract or lease is for and the nature of the debtor's interest: **Lease** — **Contract to be ASSUMED** <br> State the term remaining: **31 months** <br> List the contract number of any government contract: | **B Square Development, LLC** |
| **2.6** | State what the contract or lease is for and the nature of the debtor's interest: **Contingent Fee Agreement** — **Contract to be ASSUMED** <br> State the term remaining: **0 months** <br> List the contract number of any government contract: | **Baker Botts, LLP** <br> **98 San Jacinto Suite 1500** <br> **Austin, TX 78701** |
| **2.7** | State what the contract or lease is for and the nature of the debtor's interest: **Lease** — **Contract to be ASSUMED** <br> State the term remaining: **16 months** <br> List the contract number of any government contract: | **Champions School of Real Estate, Ltd.** |
| **2.8** | State what the contract or lease is for and the nature of the debtor's interest: **Lease** — **Contract to be ASSUMED** <br> State the term remaining: **37 months** <br> List the contract number of any government contract: | **Community Psychiatric Management, LLC** |
| **2.9** | State what the contract or lease is for and the nature of the debtor's interest: **Lease** — **Contract to be ASSUMED** <br> State the term remaining: **37 months** <br> List the contract number of any government contract: | **CREG, LLC** |
| **2.10** | State what the contract or lease is for and the nature of the debtor's interest: **Lease** — **Contract to be ASSUMED** <br> State the term remaining: **0 months** <br> List the contract number of any government contract: | **David Cook** |

| Debtor | **1001 WL, LLC** | Case number *(if known)* | **24-10119** |
|---|---|---|---|
| | Name | | |

**Additional Page if Debtor Has More Executory Contracts or Unexpired Leases**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

**2.11**

State what the contract or lease is for and the nature of the debtor's interest
- Lease
- Contract to be ASSUMED

State the term remaining — 0 months

List the contract number of any government contract

**Dennis Boyd**

---

**2.12**

State what the contract or lease is for and the nature of the debtor's interest
- Lease
- Contract to be ASSUMED

State the term remaining — 11 months

List the contract number of any government contract

**Expero, Inc.**

---

**2.13**

State what the contract or lease is for and the nature of the debtor's interest
- Lease
- Contract to be ASSUMED

State the term remaining — 0 months

List the contract number of any government contract

**Gold Quest Group, LLC**

---

**2.14**

State what the contract or lease is for and the nature of the debtor's interest
- Lease
- Contract to be ASSUMED

State the term remaining — 48 months

List the contract number of any government contract

**Hasan & Associates, CPAS, P.C.**

---

**2.15**

State what the contract or lease is for and the nature of the debtor's interest
- Lease
- Contract to be ASSUMED

State the term remaining — 9 months

List the contract number of any government contract

**Houston Galleria Surgery & Medspa**

| Debtor | **1001 WL, LLC** | | Case number *(if known)* | **24-10119** |
|---|---|---|---|---|
| | Name | | | |

### Additional Page if Debtor Has More Executory Contracts or Unexpired Leases

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

**2.16**

State what the contract or lease is for and the nature of the debtor's interest
**Lease**

**Contract to be ASSUMED**

State the term remaining **90 months**

List the contract number of any government contract

**Insitute on Neuroplasticity, LLC**

---

**2.17**

State what the contract or lease is for and the nature of the debtor's interest
**Management Contract**

**Contract to be ASSUMED**

State the term remaining **0 months**

List the contract number of any government contract

**Jetall Companies, Inc.**

**2425 West Loop South Suite 1100**

**Houston, TX 77027**

---

**2.18**

State what the contract or lease is for and the nature of the debtor's interest
**Contingent Fee Contract**

**Contract to be REJECTED**

State the term remaining **0 months**

List the contract number of any government contract

**Kelly, Lloyd E**

**2726 Bissonnet Suite 240**

**Houston, TX 77005**

---

**2.19**

State what the contract or lease is for and the nature of the debtor's interest
**Lease**

**Contract to be ASSUMED**

State the term remaining **0 months**

List the contract number of any government contract

**Occasions Staffing Solutions, LLC**

---

**2.20**

State what the contract or lease is for and the nature of the debtor's interest
**Lease**

**Contract to be ASSUMED**

State the term remaining **13 months**

List the contract number of any government contract

**Pasta Pomodoro**

| Debtor | **1001 WL, LLC** | Case number *(if known)* | **24-10119** |
|---|---|---|---|
| | Name | | |

### Additional Page if Debtor Has More Executory Contracts or Unexpired Leases

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

**2.21**

State what the contract or lease is for and the nature of the debtor's interest — Lease / Contract to be ASSUMED

State the term remaining — 6 months

List the contract number of any government contract

Pevey & Segura, PLLC

**2.22**

State what the contract or lease is for and the nature of the debtor's interest — Lease / Contract to be ASSUMED

State the term remaining — 0 months

List the contract number of any government contract

Quest Personnel Resources, Inc.

**2.23**

State what the contract or lease is for and the nature of the debtor's interest — Lease / Contract to be ASSUMED

State the term remaining — 0 months

List the contract number of any government contract

Sam Cammack 111

**2.24**

State what the contract or lease is for and the nature of the debtor's interest — Lease / Contract to be ASSUMED

State the term remaining — 2 months

List the contract number of any government contract

Studio Five Designs

**2.25**

State what the contract or lease is for and the nature of the debtor's interest — Lease / Contract to be ASSUMED

State the term remaining — 0 months

List the contract number of any government contract

Timothy McKenna

| Debtor | **1001 WL, LLC** | | Case number *(if known)* | **24-10119** |
|---|---|---|---|---|
| | Name | | | |

## Additional Page if Debtor Has More Executory Contracts or Unexpired Leases

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| **2.26** | State what the contract or lease is for and the nature of the debtor's interest **Easement for roof** **Contract to be ASSUMED** | **T-Mobile** **P.O. Box 60095** **Mesa, AZ 85274-0095** |
| | State the term remaining **5 months** | |
| | List the contract number of any government contract | |
| **2.27** | State what the contract or lease is for and the nature of the debtor's interest **Lease** **Contract to be ASSUMED** | **Uptown Fitness, LLC** |
| | State the term remaining **25 months** | |
| | List the contract number of any government contract | |
| **2.28** | State what the contract or lease is for and the nature of the debtor's interest **Lease** **Contract to be ASSUMED** | **Warrior Recovery Center** |
| | State the term remaining **81 months** | |
| | List the contract number of any government contract | |
| **2.29** | State what the contract or lease is for and the nature of the debtor's interest **Lease** **Contract to be ASSUMED** | **Xavier Educational Academy, LLC** **1001 West Loop South Suite 500** **Houston, TX 77027** |
| | State the term remaining **146 months** | |
| | List the contract number of any government contract | |
| **2.30** | State what the contract or lease is for and the nature of the debtor's interest **lease** **Contract to be ASSUMED** | **YP & SJ, LLC** |
| | State the term remaining **21 months** | |
| | List the contract number of any government contract | |

| Fill in this information to identify the case: |
|---|

| Debtor name | **1001 WL, LLC** |
|---|---|
| United States Bankruptcy Court for the: | **Western** District of **Texas** |
| | (State) |
| Case number (If known): | **24-10119** |

☑ Check if this is an
amended filing

Official Form 206H

# Schedule H: Codebtors

12/15

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

| 1. | **Does the debtor have any codebtors?** |
|---|---|
| | ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form. |
| | ☑ Yes |

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |
| 2.1 **1001 West Loop, LP** | _____ <br> Street <br> _____ <br> City   State   ZIP Code | **Boxer Property Management Corporation** | ☑ D <br> ☐ E/F <br> ☐ G |
| 2.2 **1001 WL GP, LLC** | _____ <br> Street <br> _____ <br> City   State   ZIP Code | **Boxer Property Management Corporation** | ☑ D <br> ☐ E/F <br> ☐ G |
| 2.3 **Ali Choudhri** | **1001 West Loop S Ste 700** <br> Street <br> **Houston, TX 77027-9033** <br> City   State   ZIP Code | **TIG Romspen US Master Mortgage, LP** | ☑ D <br> ☐ E/F <br> ☐ G |

| Debtor | 1001 WL, LLC | Case number (if known) | 24-10119 |
|---|---|---|---|
| | Name | | |

| | Additional Page if Debtor Has More Codebtors |
|---|---|

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.4 | **Galleria Loop Noteholder, LLC** | **1001 West Loop South Suite 700**<br>Street<br><br>**Houston, TX 77027**<br>City    State    ZIP Code | **TIG Romspen US Master Mortgage, LP**<br><br>**Boxer Property Management Corporation** | ☑ D<br>❑ E/F<br>❑ G<br><br>☑ D<br>❑ E/F<br>❑ G |
| 2.5 | _____ | Street<br><br>_____<br>City    State    ZIP Code | _____ | ❑ D<br>❑ E/F<br>❑ G |
| 2.6 | _____ | Street<br><br>_____<br>City    State    ZIP Code | _____ | ❑ D<br>❑ E/F<br>❑ G |

Fill in this information to identify the case:

Debtor name　　　　**1001 WL, LLC**

United States Bankruptcy Court for the:

　　　　**Western District of Texas**

Case number (if known):　　**24-10119**　　　Chapter　**11**

☑ Check if this is an
amended filing

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals　　12/15

### Part 1: Summary of Assets

1. **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

   1a. **Real Property:**
   Copy line 88 from *Schedule A/B*..................................................................................  **$23,400,000.00**

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B*...............................................................................  **$30,826,165.36**

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B*..................................................................................  **$54,226,165.36**

### Part 2: Summary of Liabilities

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D*.................  **$24,298,119.63**

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*......................................................................  **$0.00**

   3b. **Total amount of claims of non-priority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*....................................  **+　$908,782.71**

4. **Total liabilities**.......................................................................................................................  **$25,206,902.34**
   Lines 2 + 3a + 3b

# EXHIBIT G

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | Case No. 24-10119-smr |
| 1001 WL, LLC | § | |
| | § | |
| Debtor | § | |

### AMENDED DISCLOSURE STATEMENT UNDER 11 U.S.C. §1125
### FOR THE DEBTOR'S AMENDED PLAN OF REORGANIZATION
### DATED MAY 31, 2024

**Stephen W. Sather**
BARRON & NEWBURGER, P.C.
7320 N. Mopac Expwy, Ste. 400
Austin, Texas 78701
(512) 476-9103
ssather@bn-lawyers.com

ATTORNEYS FOR DEBTOR

## TABLE OF CONTENTS

**I. INTRODUCTION** ................................................................................................ **1**
   **A. IDENTITY OF THE DEBTOR** ................................................................ 1
   **B. GENERAL INFORMATION RE DISCLOSURE STATEMENT AND PLAN** ........ 1
   **C. DISCLAIMERS** ........................................................................................ 2
   **D. ANSWERS TO COMMONLY ASKED QUESTIONS** ............................... 3
**II. INFORMATION CONCERNING THE DEBTOR** ............................................. **7**
   **A. OVERVIEW OF THE DEBTOR** ............................................................. 7
   **B. SIGNIFICANT EVENTS PRIOR TO BANKRUPTCY FILINGS** ............. 7
      **1.** *Background* ...........................................Error! Bookmark not defined.
      **2.** *Events Leading to Bankruptcy* ............................................... **7**
   **C. SIGNIFICANT EVENTS SINCE FILING BANKRUPTCY** ..................... 9
   **D. AFTER BANKRUPTCY** ........................................................................ 10
      **1. Proposed Operations After Bankruptcy** ................................ **10**
   **2. FUTURE MANAGEMENT OF THE DEBTOR** ................................ 11
**III. FINANCIAL INFORMATION** ........................................................................ **11**
   **A. PRE-BANKRUPTCY** .............................................................................. 11
   **B. FINANCIAL RESULTS SINCE FILING BANKRUPTCY** ..................... 11
   **C. ESTIMATED FUTURE INCOME AND EXPENSES** ............................. 12
**IV. ANALYSIS AND VALUATION OF PROPERTY** ............................................. **12**
   **A. REAL PROPERTY** ................................................................................. 12
   **B. PERSONAL PROPERTY** ....................................................................... 12
   **C. LIQUIDATION VALUE** ......................................................................... 12
**V. SUMMARY OF PLAN OF REORGANIZATION** ............................................ **12**
   **A. OVERVIEW OF THE PLAN** .................................................................. 12
   **B. ANALYSIS AND TREATMENT OF CLAIMS** ..................................... 13
   **C. FEASIBILITY OF THE PLAN AND RISK TO CREDITORS** ............... 16
   **D. REMEDIES FOR DEFAULT** ................................................................. 16
   **E. CLAIMS ALLOWANCE PROCEDURE** ................................................ 16
   **F. ASSUMPTION AND REJECTION OF LEASES AND CONTRACTS** ...... 17
   **G. RELEASES** .............................................................................................. 17
   **H. RETENTION OF JURISDICTION** ........................................................ 17
   **I. POST-CONFIRMATION PROCEDURE** ................................................ 17
**VI. ALTERNATIVES TO THE DEBTOR'S PLAN** ............................................. **18**
   **A. CONVERSION** ........................................................................................ 18
   **B. DISMISSAL** ............................................................................................ 18
**VII. RELATIONSHIP OF DEBTOR WITH AFFILIATES** ................................... **18**
**VIII. TAX CONSEQUENCES** ................................................................................ **19**
**IX. PENDING AND POTENTIAL LITIGATION** ................................................. **20**
   **A. PENDING PRE-BANKRUPTCY LITIGATION** ..................................... 20
   **B. CLAIMS CREATED UNDER THE BANKRUPTCY CODE** .................. 20
      **1. Preferences** ............................................................................... **20**
      **2. Fraudulent Conveyances** ......................................................... **21**
      **3. Other Claims Created By the Bankruptcy Code** ..................... **21**
   **C. NON-BANKRUPTCY CAUSES OF ACTION** ....................................... 21

**X. SOLICITATION OF VOTES** ................................................................................................ **21**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | Case No. 24-10119-smr |
| 1001 WL, LLC | § | |
| | § | |
| Debtor | § | |

### AMENDED DISCLOSURE STATEMENT UNDER 11 U.S.C. §1125
### FOR DEBTOR'S AMENDED PLAN OF REORGANIZATION
### DATED MAY 31, 2024

### IMPORTANT

**THIS DISCLOSURE STATEMENT IS SUBMITTED TO ALL CREDITORS OF THE DEBTOR ENTITLED TO VOTE ON ACCEPTANCE OF THE PLAN OF REORGANIZATION HEREIN DESCRIBED AND CONTAINS INFORMATION THAT MAY AFFECT YOUR DECISION TO ACCEPT OR REJECT THE DEBTOR'S PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE. THIS DISCLOSURE STATEMENT IS INTENDED TO PROVIDE ADEQUATE INFORMATION REQUIRED BY THE BANKRUPTCY CODE AS TO THE DEBTOR'S PLAN OF REORGANIZATION. ALL CREDITORS ARE URGED TO READ THE DISCLOSURE STATEMENT AND ATTACHMENTS WITH CARE AND IN THEIR ENTIRETY.**

Creditors may read the specific provisions applicable to their class in Section V(B) of this Disclosure Statement.

## I. INTRODUCTION

### A.    Identity of the Debtor

1001 WL, LLC is the Debtor. It is a New York limited liability company which owns real property in Houston, Texas. The Debtor is owned by Ali Choudhri. Mr. Choudhri is an entrepreneur from Houston, Texas.

### B.    General Information RE Disclosure Statement and Plan

The Plan which this Disclosure Statement accompanies is being promulgated by the Debtor It has attempted to provide the maximum recovery to each Class of Claims in light of the assets and anticipated funds available for distribution to Creditors.  The Debtor believes that the Plan permits the maximum possible recovery for all Classes of Claims while facilitating the

reorganization of the Debtor.

1001 WL, LLC submits this Disclosure Statement pursuant to 11 U.S.C. § 1125 and Fed. R. Bankr. P. 3016 to all known claimants of Debtor for the purpose of disclosing that information which the Court has determined is material, important, and necessary for creditors and the Debtor's equity interests in order to arrive at an intelligent, reasonably informed decision in exercising the right to vote for acceptance or rejection of this Joint Plan.

This Disclosure Statement describes the operations of the Debtor as it impacts the distributions to creditors proposed under the Plan. However, it is not intended to replace a careful review and analysis of the Plan, including the specific treatment you as a creditor or equity holder will receive under the Plan. It is submitted as an aid and supplement to your review of the Plan in an effort to explain the terms and implications of the Plan. Every effort has been made to fully explain various aspects of the Plan as it affects Creditors and Equity Holders. If any questions arise, Movant urges you to contact the Debtor' counsel and every effort will be made to address your questions. You are, of course, also urged to consult with your own counsel.

A copy of the Plan is enclosed. Capitalized terms used therein, if not separately defined, have the meanings assigned to them in the Plan or in the Bankruptcy Code and Bankruptcy Rules. Any accounting information contained herein has been provided by the Debtor and has been prepared using the cash method of accounting.

## C.    Disclaimers

NO SOLICITATION OF VOTES HAS BEEN OR MAY BE MADE EXCEPT PURSUANT TO THIS DISCLOSURE STATEMENT AND 11 U.S.C. § 1125 AND NO PERSON HAS BEEN AUTHORIZED TO USE ANY INFORMATION CONCERNING THE DEBTOR TO SOLICIT ACCEPTANCES OR REJECTIONS OF THE PLAN OTHER THAN THE INFORMATION CONTAINED IN THIS DISCLOSURE STATEMENT. CREDITORS SHOULD NOT RELY ON ANY INFORMATION RELATING TO THE DEBTOR OTHER THAN THAT CONTAINED IN THIS DISCLOSURE STATEMENT AND THE EXHIBITS ATTACHED HERETO OR SUBMITTED HEREWITH.

EXCEPT AS SET FORTH IN THIS DISCLOSURE STATEMENT AND THE EXHIBITS, NO REPRESENTATION CONCERNING THE DEBTOR, ITS ASSETS, PAST OR FUTURE OPERATIONS, OR CONCERNING THE PLAN IS AUTHORIZED, NOR ARE ANY SUCH REPRESENTATIONS TO BE RELIED UPON IN ARRIVING AT A DECISION WITH RESPECT TO THE PLAN. ANY REPRESENTATIONS MADE TO SECURE ACCEPTANCE OR REJECTION OF THE PLAN OTHER THAN AS CONTAINED IN THIS DISCLOSURE STATEMENT SHOULD BE REPORTED TO COUNSEL FOR THE DEBTOR.

UNLESS ANOTHER TIME IS SPECIFIED, THE STATEMENTS CONTAINED IN THIS DISCLOSURE STATEMENT ARE MADE AS OF THE DATE HEREOF.

NEITHER DELIVERY OF THE DISCLOSURE STATEMENT NOR ANY EXCHANGE OF RIGHTS MADE IN CONNECTION WITH THE DISCLOSURE STATEMENT AND THE PLAN SHALL UNDER ANY CIRCUMSTANCES IMPLY THAT THERE HAS BEEN NO CHANGE IN THE FACTS SET

FORTH HEREIN SINCE THE DATE THE DISCLOSURE STATEMENT AND THE MATERIALS RELIED UPON IN PREPARATION OF THE DISCLOSURE STATEMENT WERE COMPILED.

THE APPROVAL BY THE BANKRUPTCY COURT OF THIS DISCLOSURE STATEMENT DOES NOT CONSTITUTE AN ENDORSEMENT BY THE BANKRUPTCY COURT OF THE PLAN OR A GUARANTEE OF THE ACCURACY OR THE COMPLETENESS OF THE INFORMATION CONTAINED HEREIN.

THIS DISCLOSURE STATEMENT AND THE PLAN ATTACHED HERETO SHOULD BE READ IN THEIR ENTIRETY PRIOR TO VOTING ON THE PLAN. FOR THE CONVENIENCE OF HOLDERS OF CLAIMS, THE TERMS OF THE PLAN ARE SUMMARIZED IN THIS DISCLOSURE STATEMENT, BUT ALL SUMMARIES ARE QUALIFIED IN THEIR ENTIRETY BY THE PLAN, WHICH CONTROLS IN THE EVENT OF ANY INCONSISTENCY.

**THE INFORMATION IN THIS DISCLOSURE STATEMENT WAS OBTAINED BY THE DEBTOR FROM THE RECORDS OF THIS CASE AND THEIR BUSINESS RECORDS.**

## D.    Answers to Commonly Asked Questions

As part of the Debtor' effort to inform Creditors regarding the Debtor' Plan and the plan confirmation process, the following summary provides answers to various questions which are often asked by a party receiving a disclosure statement.

**THE FOLLOWING SUMMARIES ARE QUALIFIED IN THEIR ENTIRETY BY THE PLAN, WHICH CONTROLS IN THE EVENT OF ANY INCONSISTENCY.**

### 1.    WHO IS THE DEBTOR?

1001 WL, LLC

### 2.    HOW LONG HAS THE DEBTOR BEEN IN CHAPTER 11?

Since February 6, 2024.

### 3.    WHAT IS CHAPTER 11?

Chapter 11 is the business reorganization provision of the Bankruptcy Code. It permits a Debtor or a third party to submit a Plan providing for the sale, distribution, or retention of Debtor's assets to be used for the repayment of its debts.

### 5.    WHAT ARE THE DEBTOR ATTEMPTING TO DO IN CHAPTER 11?

The principal objective of a Chapter 11 case is confirmation of a plan of reorganization that enables a financially distressed debtor to restructure its assets

and its debts. A plan of reorganization sets forth the means for treating impaired and unimpaired claims against a debtor. A claim is impaired under a plan of reorganization if the plan provides that such claim will not be repaid in full or that the legal, equitable, or contractual rights of the holder of such claim will be altered. A claim is unimpaired if it will be paid in full or the legal, equitable, or contractual rights of the holder of such claim are not altered by the plan of reorganization. A holder of an impaired claim generally is entitled to vote on a plan of reorganization if such claim has been allowed under Section 502 of the Bankruptcy Code.

**6.    HAVE THE DEBTOR PROPOSED A PLAN OF REORGANIZATION?**

Yes. The Debtor has filed a Plan as well as this Disclosure Statement.

**7.    IF THE PLAN OF REORGANIZATION GOVERNS HOW MY CLAIM IS TREATED, WHY AM I RECEIVING THIS DISCLOSURE STATEMENT?**

The Bankruptcy Code requires that a plan proponent solicit acceptances and rejections of its proposed plan before the plan can be confirmed by the Bankruptcy Court. Before a plan proponent can solicit acceptances of its plan, the Bankruptcy Court must approve the disclosure statement and determine that the disclosure statement contains information adequate to allow creditors to make informed judgments about the plan. After Bankruptcy Court approval of the disclosure statement, the disclosure statement, the proposed plan, and a ballot are sent to the holders of claims. The creditors then have the opportunity to vote on the Plan and should consider this Disclosure Statement for such vote.

**8.    HAS THE COURT APPROVED THIS DISCLOSURE STATEMENT?**

Before a plan of reorganization can be sent to creditors for voting, the Bankruptcy Court must find that the disclosure statement contains information of a kind, and insufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records to enable a hypothetical, reasonable investor typical of holders of claims of the relevant classes to make an informed judgment whether to vote to accept or reject the Plan. The Bankruptcy Court's has approved the Disclosure Statement in this case but this approval does not constitute an endorsement of any of the information contained in either the Disclosure Statement or the Plan.  Likewise, although the Debtor and their counsel have utilized information believed to be accurate in preparing this Disclosure Statement, neither the Debtor nor their counsel warrant the accuracy of the information contained in or relied upon in preparing this Disclosure Statement nor should the Disclosure Statement be construed to be any representation or warranty whatsoever--express, implied or otherwise--that the Plan is free from risk, that acceptance or confirmation of the Plan will result in a risk-free or assured restructuring of the debts of the Debtor, or that the projections or plans of the Debtor for payment will be realized.

### 9. WHY IS CONFIRMATION OF THE PLAN IMPORTANT?

Confirmation of the Plan by the Bankruptcy Court is necessary for the Debtor to provide the proposed treatment to Creditors under the Plan. Unless the Plan is confirmed, the Debtor are legally prohibited from providing you what has been proposed in the Plan.

### 10. WHAT IS NECESSARY TO CONFIRM A PLAN OF REORGANIZATION?

At the hearing scheduled by the Court, the Court will consider whether the Plan of Reorganization should be confirmed. Section 1129 of the Bankruptcy Code contains the requirements for confirmation of a Plan of Reorganization. **YOUR VOTE IS IMPORTANT.** In order for the Plan to be accepted, at least two-thirds in amount and more than one-half in number of the **voting creditors** in each class must affirmatively vote for the Plan.  Even if all classes of claims accept the Plan, the Bankruptcy Court may refuse to confirm the Plan. The Court must find that the Plan complies with the applicable provisions of the Bankruptcy Code and that the proponent of the Plan has also complied with the Bankruptcy Code. The Court must also find that the Plan has been proposed in good faith and not by any means forbidden by law. The Court must find that the proponent of the Plan has disclosed the identity and affiliation of the persons who will manage the Reorganized Debtor after confirmation, that the appointment of such persons is consistent with the interest of creditors and equity security holders and with public policy, and that the identity and compensation of any insiders that will be employed or retained by the reorganized Debtor has been disclosed.  The Court must additionally find that each class of claims has either accepted the Plan or will receive at least as much as it would under a Chapter 7 liquidation. The Code also provides for the treatment of certain priority claims. If any classes of claims are impaired under the Plan, the Court must find that at least one class of claims that is impaired has accepted the Plan without counting any votes by insiders. The Court must also find that confirmation of the Plan is not likely to be followed by the liquidation or the need for further reorganization of the Debtor. Additionally, the Plan must provide for payment of fees to the United States Trustee.

If the Plan is not accepted by all classes of claims or interests, the Debtor may attempt to obtain confirmation under what is known as "cram-down."  To obtain confirmation by cram-down, the Court must find that the Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired by the Plan and has not accepted the Plan. The Code provides several options for a Plan to be "fair and equitable" to a secured creditor, which includes the secured creditor retaining its lien and receiving deferred cash payments at a market interest rate totaling either the value of the property securing the claim or the amount of the allowed claim as found by the Court, whichever is less.  With respect to a class of unsecured claims, the requirement that a Plan be "fair and equitable" requires that the holder of an unsecured claim be paid the allowed amount of its claim or that no junior interest receive or retain any property on account of its prior claim. In the event that the Plan is not accepted by all classes, the Debtor will seek to obtain confirmation through "cram-down."

**11. ARE CREDITORS ENTITLED TO VOTE ON THE PLAN?**

Yes. Each impaired Creditor is entitled to vote on the Debtor's Plan. If you are a Creditor, a ballot to be used for voting on the Plan has been distributed to you with this Disclosure Statement. If you lose your Ballot, you may request another one from Debtor' Counsel. Instructions for completing and returning the Ballot are set forth on the Ballot and should be reviewed carefully.

**12. HOW WILL THIS PLAN TREAT MY CLAIM?**

People who are owed money by the Debtor hold what is known as a "claim." The Plan organizes claims into classes based upon the type of claim and the treatment which it will receive under the Plan. In order to determine how the Plan treats your claim, you must first determine which class covers your claim. To find the treatment of your claim, look in the Table of Contents to find the category which best describes your claim or in the Claims Analysis attached hereto.

**13. WHEN IS THE DEADLINE FOR RETURNING MY BALLOT?**

The Bankruptcy Court has directed that, in order to be counted for voting purposes, ballots must be received by the Debtor no later than 5:00 p.m. Austin time, on the date set by the Court, at the following address:

> PLAN BALLOTS—1001 WL, LLC
> BARRON & NEWBURGER, P.C.
> ATTN: Steve Sather
> 7320 N. Mopac Expwy, Suite 400
> Austin, Texas 78731

You may also vote by facsimile transmission by sending your ballot to PLAN BALLOT—1001 WL, LLC, Barron & Newburger, P.C., ATTN: Steve Sather, (512) 476-9103 or by sending a "pdf" file of your scanned ballot attached to an email addressed to SSATHER@BN-LAWYERS.COM with the language "1001 WL, LLC Ballot" in the subject line.

**IT IS IMPORTANT THAT ALL CREDITORS VOTE ON THE PLAN. THE DEBTOR BELIEVE THAT THE PLAN PROVIDES THE BEST POSSIBLE RECOVERY TO CREDITORS. FOR THIS REASON, THE DEBTOR BELIEVE THAT ACCEPTANCE OF THE PLAN IS IN THE BEST INTERESTS OF THE CREDITORS AND RECOMMEND THAT ALL CREDITORS VOTE TO ACCEPT THE PLAN.**

## II. INFORMATION CONCERNING THE DEBTOR

**A.    OVERVIEW OF THE DEBTOR**

1001 WL, LLC. is a New York limited liability company. It was formed on November 13, 2017for the purpose of purchasing and developing real estate located at 1001 West Loop South, Houston, TX 77027. The company is owned by Ali Choudhri, an entrepreneur and investor based out of Houston, Texas.
.

**B.    SIGNIFICANT EVENTS PRIOR TO Bankruptcy Filings**

### 1.  background

1001 WL, LLC acquired real property located at 1001 West Loop South from 1001 West Loop, LP on January 26, 2017. The property was appraised by Integra Realty Resources as of February 13, 2024 in the amount of $23,400.,000 as is. This property is an eight-story office building containing 212,804 sq. ft. of rentable space. It was constructed in 1979.

### 2.  Events Leading to Bankruptcy

When 1001 WL, LLC acquired the real property, it was subject to the following liens:

a. Deed of Trust in favor of Mid First Bank recorded on February 12, 2012 securing a debt in the amount of $18,900,000.00; and

b. Deed of Trust in favor of Md First Bank recorded on August 21, 2014 securing a debt in the amount of $21,150,000.00.

The following liens were recorded shortly thereafter:

. Deed of Trust in favor of Kolee 59 Trust recorded on February 8, 2017 securing a debt in the amount of $2,758,600.00;

. Deed of Trust in favor of George M. Lee recorded on February 8, 2017 securing a debt in the amount of $2,758,600.00, which was later found to be unenforceable.

On or about June 28, 2018, Kolee 59 Trust assigned its lien to BDFI, LLC by instrument recorded on August 13, 2019.

On or about May 28, 2019, Galleria Loop Note Holder, LLC was formed as a Texas limited liability company. Its managing member was  TIG Romspen US Master Mortgage, LP. In September 2019, Ali Choudhri exercised his option to become managing member  which effectively transferred TIG Romspen US Master Mortgage, LP's membership interest and management role to Mr. Choudhri.

7

On or about May 30, 2019, Midfirst Bank assigned its notes and deeds of trust to Galleria Loop Note Holder, LLC by instrument recorded on June 4, 2019.

On or about September 3, 2019, Kamelia Namazi Momin purported to execute a two Substitute Trustee's Deeds to the Real Property to Galleria Loop Note Holder, LLC. Debtor contends that theSubstitute Trustee's Deeds were defective because they did not have a "grant, sell and convey" clause, misstated the foreclosed party and the foreclosed lien, and did not specify that a substitute

trustee had conducted the sale. . Additionally, the Debtor has alleged that the substitute trustee was not properly appointed and that the notice of substitute trustee's sale was not properly recorded. These allegations are the subject of a pending adversary proceeding. Tig Romspen disputes the Debtor's allegations.

In each of the transactions identified above, both TIG Romspen and Galleria Loop Note Holder were represented by Foley & Lardner, a law firm which primarily represented TIG Romspen.

On or about September 5, 2019, Galleria Loop Note Holder, LLC rrecorded a deed of trust and assignment of rents to TIG Romspen US Master Mortgage, LP.

On September 27, 2019, November 5, 2019 and December 27, 2019, Kamelia Namazi Momin executed a total six Correction Trustee's Deeds. The Debtor alleges that each of these instruments was defective and failed to convey good title to Galleria Loop Note Holder, LLC.

On or about January 22, 2024, Galleria Loop Note Holder, LLC, which was then under the control of Ali Choudhri, conveyed the Real Property to 1001 WL, LLC. The conveyance was based upon the mutual belief of Galleria Loop Note Holder and the Debtor that the foreclosure which took place in September 2019 was invalid and should be unwound. There was not any additional consideration provided.

The Debtor did not conduct any business on the property during the period from the alleged foreclosure sale in September 2019 until the reconveyance in January 2024. During the period that Galleria Loop Note Holder was operating the property, it entered into numerous forbearance agreements, reinstatement agreements and filed suits to obtain injunctive relief to prevent foreclosure. Tig Rompsen's version of these events is contained in para. 22-50 of the Motion for Relief from Automatic Stay filed by Tig Romspen.

During the year prior to bankruptcy and continuing to the petition date, 75% of the property was occupied. However, Xavier Academy and Sonder USA, Inc. were not paying rent, the portion which was occupied and paying rent constituted 39.5%.

On or about February 2, 2024, Galleria Loop Note Holder, LLC executed a Rescission of Foreclosure Sale and Cancellation of Trustee's Deed setting aside the foreclosure on 1001 WL, LLC.

The property was posted for foreclosure on February 6, 2024.

On February 6, 2024, Ali Choudhri recorded a deed of trust upon the real property. Mr. Choudhri contends that the deed of trust secures a $5 million advance that he personally made to MidFirst Bank in 2019.

## C.     Significant Events Since Filing Bankruptcy

The Debtor filed its bankruptcy petition on February 6, 2024.

On February 14, 2024,Tig Romspen US Master Mortgage, LP filed a motion for relief from automatic stay. The Court conducted hearings on the Motion on April 4, 2024, April 5, 2024 and April 9, 2024.  On April 30, 2024, the Court ruled that it would lift the stay to allow a foreclosure to take place on July 2, 2024.

On March 4, 2024, Debtor filed an application to employ Barron & Newburger, P.C. as its counsel.  On March 22, 2024, the Debtor filed an amended application. The Court granted the amended application on May 1, 2024.

On March 5, 2024, Debtor filed its Schedules and Statement  of Financial Affairs. The Debtor has acknowledged that these documents should be amended. The Debtor intends to amend these documents prior to confirmation.

On March 5, 2024, Debtor filed its Motion for Use of Cash Collateral. The Court has entered interim orders on use of cash collateral on March 14, 2024, April 15, 2024 and May 23, 2024.

On March 11, 2024, Debtor filed an adversary proceeding against Tig Romspen US Master Mortgage Fund, Galleria Loop Note Holder, LLC and BFDI, LLC seeking to determine the extent, priority and validity of liens against the real property.

On March 11, 2024, Debtor filed a Motion to Lift Automatic Stay to permit an arbitration with Sonder USA, Inc. to proceed.  On March 28, 2024, the Court entered an Order granting the motion.

On April 3, 2024, Debtor filed an application to employ Holland & Knight as special counsel.  Tig Romspen objected to the application. The court has scheduled a hearing on the application on June 6, 2024.

The Debtor and Xavier Educational Academy, LLC have had ongoing disputes with respect to amounts owing by and between them. The Debtor contends that Xavier owes over $2 million while Xavier contends that the Debtor breached the lease and still owes Xavier funds for unreimbursed tenant finishout, in an amount not less than $715,659.50. On May 29, 2024, the Debtor blocked Xavier from accessing its space due to the claimed nonpayment of rent. The same day, Xavier filed Adv. No. 24-1030 asserting claims for breach of contract against the Debtor and

requesting a temporary restraining order. On May 31, 2024, the Court conducted a hearing on the request for temporary restraining order. The Court ordered that the Debtor grant Xavier access to the space occupied by it on the Fifth Floor by June 3, 2024 at 8:30 a.m. The Court has scheduled a hearing on temporary injunction for June 14, 2024.

## D.     After Bankruptcy

### 1.     Proposed Operations After Bankruptcy

The Debtor's plan is premised on converting the building to medical and office condominium units which can be sold to pay off all creditors in the case. The Debtor believes that the necessary documents to establish a medical and office condominium regime can be drafted for $30,000.  This will be a legal conversion rather than a physical conversion. .  The Debtor does not believe that any governmental approvals are required to accomplish the conversion. The Debtor would pay the cost of conversion from its available funds.

The Debtor believes that legal and accounting rules make ownership of medical and office condominiums desirable for the Debtor's current tenants or investors. Under FASB 13, a tenant leasing office space must record rent due over the term of a lease as a liability but does not allow for a corresponding asset. Under SBA guidelines, an owner-occupied property an obtain financing with a down payment of only 10%.  Ownership also allows the owner to take deprecation.

Under the Plan, the Debtor would pursue the following steps for its condominium conversion:

(i)     Within thirty (30) days after the Effective Date, Debtor shall employ an attorney to prepare the necessary legal documents to establish a condominium regime. Such documents shall be filed in the real estate records of Harris County within ninety (90) days after the Effective Date.

(ii)    Within thirty (30) days after the Effective Date, Debtor shall hire a real estate attorney to draft Reservation Agreements and Purchase and Sale Agreements for sale of condominium units within the Debtor's real property.

(iii)   Debtor shall accept Reservation Agreements from prospective purchasers which shall be accompanied by a Reservation Fee equal to 1% of the proposed purchase price. Such fee would be refundable if the Condominium Sale Date (defined below) does not occur.

(iv)    Once the Debtor receives Reservation Agreements for sale of units with an aggregate purchase price of $50 million, the Debtor shall schedule a closing. The threshold of $50 million was chosen because it exceeds the claimed debt of Tig Romspen and would allow the secured debt to be fully satisfied (assuming the court finds that it is owed). The closing shall occur not later than nine (9) months after the Effective Date.   The closing shall be referred to as the Condominium Sale Date. . If the Debtor fails to achieve sales of at least $50 million within nine months after the Effective Date under the Plan, it will be a default under the Plan.

     (v)    The Debtor will form a Condominium Owners' Association which will administer the common areas in the building and will be responsible for collecting assessments from the owners to pay for such costs. This association will not be created until the Condominium Sale Date.

     (vi)    The Debtor may continue to sell additional units after the Condominium Sale Date in the exercise of its business judgment.

In the event that a tenant acquires its own leased space, the lease upon such space shall be canceled. If a third party investor acquires the space, then the lease will be assigned to the new owner.

In addition to pursuing the condominium conversion, the Debtor will enter into a long-term lease/easement of its roof space to AJO Operating, LLC for a payment of $1.4 million. The Debtor will also pursue its arbitration claims against Sonder USA, Inc. and a suit against Sonder Canada, Inc. on a guaranty claim and will pursue rentals owed by Xavier Academy.

### 2.    Future Management of the Debtor.

The Debtor will continue to be owned by Ali Choudhri. Mr. Choudhri will appoint managers to operate the Debtor's business. The initial managers will be Ali Choudhri and Dward Darjean. Angelo DeCaro, former president of the Turnaround Management Association will supervise the Debtor's financial and restructuring affairs. The managers shall not receive compensation from the Debtor. Mr. DeCaro shall receive compensation at his usual and customary rates which are attached hereto as Exhibit E. Mr. DeCaro will be authorized to hire a third party management company to operate the property.

## III.  <u>FINANCIAL INFORMATION</u>

### A.    Pre-Bankruptcy

The Debtor has attached its pre-petition financial results under the ownership of Galleria Loop Note Holder as Exhibit B.

### B.    Financial Results since Filing Bankruptcy

The Debtor has filed Monthly Operating Reports for the months of February and March 2024. The reports are summarized as follows:

| Category | February 5-29 | March |
|---|---|---|
| Starting Cash | $50,307 | $136,138 |
| Total Receipts | $89,299 | $135,963 |
| Total Disbursements | $3,468 | $103,125 |

| Ending Cash | $136,138 | $168,976 |
|---|---|---|

### C.  ESTIMATED FUTURE INCOME AND EXPENSES

Debtor's budget for the the remainder of 2024 and 2025 is attached as Exhibit C.

## IV.  ANALYSIS AND VALUATION OF PROPERTY

### A.  Real Property

The Debtor owns real property located at 1001 West Loop South.  The property has been appraised at $23,400,000.00 by Integra Realty Associates. The Debtor is obtaining its own appraisal. However, Debtor believes that the property would be worth $94-$117 million if converted to medical and office condominium use.

### B.  Personal Property

The Debtor's personal property assets consist of the following:

| | |
|---|---|
| Bank account (as of 3/31/24) | $    168,976.00 |
| Delinquent rentals owing | $ 4,463,668.51 |
| Claims against Sonder | $22,000,000.00 |

### C.  Liquidation Value

In the event that the case was converted to Chapter 7, Debtor anticipates that Tig Romspen would be allowed to foreclose on the real property. This is based on the court's ruling that Tig Romspen would be allowed to foreclose in July. In the event of a foreclosure, the Debtor and its creditors would lose the upside associated with the proposed condominium conversion. . Debtor also assumes that a trustee would sell the claims against Sonder USA, Inc. and Sonder Canada, Inc. for $150,000 based on the sales price received for similar claims in Case No. 23-34815, Galleria 2425 Owner, LLC pending in the Southern District of Texas. Debtor's liquidation analysis is attached hereto as Exhibit A.   Debtor estimates that total proceeds recoverable in a Chapter 7 liquidation would be $18,984,893.13 which is less than the debt claimed by Tig Romspen.

## V.  SUMMARY OF PLAN OF REORGANIZATION

### A.  OVERVIEW OF THE PLAN

The plan proposes to convert the Debtor's building to a medical and office condominium regime and pay all creditors within twelve months.

**B. ANALYSIS AND TREATMENT OF CLAIMS**
   **Class 1—Allowed Administrative Expense Claims.[1]**

(a) Class 1 consists of all Administrative Expense Claims (including, but not limited to, those arising under 11 U.S.C. § 503(b)(9)). Claimants in this Class include Barron & Newburger, P.C. and Holland and Knight, who represent the Debtor.

(b) Each holder of an Allowed Administrative Expense Claim shall be paid the amount of its Allowed Administrative Expense Claim on the later of the Effective Date or within seven (7) days after the date a Final Order is entered approving the Administrative Expense Claim, unless otherwise agreed to by and between the Debtor and the holder of such claim or as otherwise set forth herein. Payment will be made from the Debtor's available funds.

(c) No Administrative Expense claims, except for fees payable under 28 U.S.C. Sec. 1930 ("U.S. Trustee Fees") and expenses incurred in the ordinary course of operating Debtor' business, shall be paid except as approved by Court Order. Proofs of claim asserting Administrative Expense Claims, even if not objected to, shall not be sufficient to constitute approval of an Administrative Expense Claim. U.S. Trustee fees shall be paid as incurred without the need for court order.

(d) Allowed Fee Claims incurred through Confirmation of professionals retained by the Debtor and of the Debtor will be paid upon entry of an Order by the Bankruptcy Court approving same with such fees to be paid on the later of the Effective Date or within seven (7) days after entry of a Final Order approving said Claim unless the parties agree to a later date. After the Confirmation Date, the Debtor and his professionals may estimate fees necessary to complete these cases through the entry of a Final Decree.

(e) Claims for United States Trustee's fees and expenses incurred in the ordinary course of business will be paid by the Debtor as they come due, both before and after the Effective Date.

**Class 2—Allowed Secured Claim of Harris County Taxing Authorities**

(a) Class 2 shall consist of the Allowed Secured Claim of the Harris County Taxing Authorities for ad valorem taxes incurred as of the Petition Date. The Debtor scheduled this claim at $685,950. However, the creditor has not filed a proof of claim.

(b) Class 2 shall retain its lien both pre-petition.

(c) Class 2 shall accrue interest at the statutory rate of 1% per month during the period from the Petition Date through final payment of the Class 2 claim.

(d) The Class 2 claims shall be paid based upon a sixty (60) month amortization

---

[1] While administrative and priority claims are usually not "classified", the proponent of the Plan has done so in this case for ease of reference; the "classification" of these claims does not alter the statutory rights of such claimants under the Bankruptcy Code.

with a balloon payment due within thirty (30) days of the Condominium Sale Date.   The claim will be paid from the Debtor's available funds.

(e) Taxes for post-petition years will be paid as they become due from the Debtor's available funds.

(f) Class 2 is impaired.

## Class 3—Secured Claim of Senior Secured Real Estate Lender

(a)     Class 3 consists of the Secured Claim of the Senior Secured Real Estate Lender. This term is used to refer to either Tig Romspen Master Mortgage US, LP or Galleria Loop Note Holder depending upon which party is found to hold the first lien on the Debtor's property. Tig Romspen has filed a claim in the amount of $33,215,553.94. However, the value of the secured claim would be limited to the value of the real property less superior liens. Using the lender's valuation of $23,500,000.00 less the claim of the Harris County taxing authorities, the value of the class 3 claim would be $22,814,050. There is an adversary proceeding pending to determine the extent, priority and validity of liens against the property. If a creditor is determined to have the first priority contractual lien against the property, it shall be the Class 3 creditor. If the Court determines that neither Tig Romspen or Galleria Loop Note Holder holds an enforceable lien against the property, then Class 3 shall be an empty class.

(b)     Class 3 shall retain its liens to the extent found by the Court to be valid.

(c)     The amount of the Class 3 claim shall be equal to the value of the Debtor's real property less the amount of the Class 2 Secured Claim of the Harris County Taxing Authorities.

(d)     Unless the Court rules otherwise, the value of the Debtor's real property shall be $23,500,000.

(e)     Class 3 shall receive the following payments:

(i)      Monthly payments of interest only at a Market Rate of Interest with the first payment due on the Effective Date and continuing on the same date of each successive month until the Condominium Sale Date. Using a secured claim of $22,814,050 and an interest rate of 10.0% (prime + 1.5%), the monthly interest payments would be $190,117.08.

(ii)     The Debtor shall make a payment of $1.4 million within fourteen (14) days after the Debtor receives payment of such amount from AJO Operating, LLC. Such amount shall be applied against the requirement to make payments of interest only above. This payment

will satisfy the requirement to make payments of interest only for approximately seven months. To the extent that such funds are insufficient, the Debtor shall utilize its collections from rent to make the monthly payments.

(iii)    Payment of all remaining principal and interest within thirty (30) days after the Condominium Sale Date. The claim will be made from the sale of condominium units.

(f)    Class 3 is impaired.

## Class 4—Secured Claim of BDFI, LLC

(a) Class 4 consists of the Secured Claim of BDFI, LLC.

(b) Class 4 shall not retain its liens.

(c) The Class 4 creditor shall be treated as an Unsecured Claim.

(d) Class 4 is impaired.

## Class 5—Secured Claims of Mechanics' Lien Holders

(a) Class 5 consists of the Secured Claim of parties filing mechanic's liens against the Debtor's real property

(b) Class 5 shall not retain its liens.

(c) The Class 5 claims, if any, shall be treated as Unsecured Claims.

(d) Class 5 is impaired.

## Class 6—Secured Claim of Ali Choudhri

(a) Class 6 consists of the Secured Claim of Ali Choudhri.

(b) Any lien held by the Class 6 creditor shall be avoided. Mr. Choudhri's lien is being avoided because there is no value to support it under 11 U.S.C. Sec. 506(a) and because the lien was perfected within the preference period.

(c) The Class 6 claim, if any, shall be treated as an Unsecured Claim.

(d) Class 6 is impaired.

4.07    **Class 7—Unsecured Claims**

(a) Class 7 shall consist of Allowed Claims of Unsecured Creditors. The Debtor believes that the creditors listed on Exhibit D fall within this class.

(b) Unsecured Creditors will receive payment of the amount of their Allowed Claims within ninety (90) days after the Condominium Sale Date. Only creditors with Allowed Claims will receive payment.

(c) Class 7 is impaired.

**Class 8—Equity Interests**

    (a) Class 8 shall consist of the Equity Interests of the Debtor.

    (b) The Class 8 Equity Interests shall be retained and preserved subject to payment of the claims under the plan..

    (c) Class 8 is not impaired.

### C.  Feasibility of the Plan and Risk to Creditors

Feasibility of the Plan and Risk to Creditors measures the likelihood that creditors will receive the payments promised to them. The feasibility of the Plan depends on the Debtor's ability to execute its plan to convert the property to condominium units. The Debtor believes that its business plan is sound and multiple tenants have expressed an interest in purchasing units. However, if there is insufficient interest to make the minimum sales necessary to fund the plan, the plan will not succeed.

### D.    Remedies for Default

In the event of a default by the Debtor under the Plan and to the extent that the treatment of a particular class does not conflict with the provisions of this paragraph, creditors may exercise any rights granted to them under documents executed in connection with the Plan or any rights available to creditors under applicable non-bankruptcy contract law. In the absence of documents executed to consummate or otherwise evidence the Plan, the Plan itself may be enforced as a contract. Notwithstanding any other provision, any creditor alleging a default in its treatment under the Plan shall give the Debtor twenty-eight days (28 days) notice and an opportunity to cure before exercising any rights available upon default.

In the event of a default by a creditor, the Debtor may enforce this Plan as a contract in a court of competent jurisdiction. The Debtor may escrow payments to any creditor whose claim has not yet been allowed or who defaults under the Plan. In the event of a default, the Debtor shall give the creditor twenty-eight (28) days' notice and an opportunity to cure before exercising this provision.

In the event that the Debtor's case is converted to one under chapter 7 after consummation of the Plan, these assets will revest in the Bankruptcy Estate and be subject to administration by the chapter 7 Trustee.

### E.    Claims Allowance Procedure

No Administrative Expense Claims shall be allowed except pursuant to Court Order. Any application for allowance of an Administrative Expense Claim shall be filed within twenty-eight (28) days after the Confirmation Date or shall be barred. Any claims for reimbursement of fees

and expenses pursuant to 11 U.S.C. § 506(b) shall be filed within this same period of time or shall be barred.

Any Claims arising from the rejection of unexpired leases or executory contracts shall be filed by the earlier of the date specified in the order rejecting such lease or contract or twenty-eight (28) days after the Confirmation Date or shall be barred unless agreed otherwise.

A person who is found to have received a voidable transfer shall have twenty eight (28) days following the date from which the order ruling such transfer to be avoidable or approving the settlement of a suit on an avoidable transfer becomes a Final Order in which to file a Claim in the amount of the settlement or the avoided transfer, whichever is less. Similarly, the claim of any party relating to contribution or indemnity against the Debtor which is contingent as of the Effective Date shall not be allowed unless: (i) demand is made upon said creditor; (ii) the creditor satisfies the obligation in whole or in part; (iii) the creditor files a claim according to the procedures set forth in the Plan; and (iv) such Claim becomes an Allowed Claim.

A claim to which an objection has been made shall at the request of the Creditor be estimated by the Court for the purposes of voting on the Plan.

## F.     Assumption and Rejection of Leases and Contracts

Under the Bankruptcy Code, the Trustee must assume or reject any leases or contracts to which it is a party. The Debtor intends to assume all of its tenant leases. It intends to reject a contingent fee contract with Lloyd Kelly.

## G.     RELEASES

The Plan also contains a permanent injunction as follows:

**Permanent Injunction.** *Confirmation of the Plan shall result in the issuance of a permanent injunction against the commencement or continuation of any judicial, administrative, or other action or proceeding on account of any Claims against either Debtor that arose prior to the Confirmation Date, unless such action is authorized by this Plan or 11 U.S.C. § 1141.*

## H.     Retention of Jurisdiction

After confirmation of the plan, the Court will retain jurisdiction to the extent provided by 28 U.S.C. § 1334. Basically, this means that the Court will retain jurisdiction over matters relating to the Plan and to rule on any matters which are still pending in the case.

## I.     Post-Confirmation Procedure

After confirmation of the Plan, the Court will rule upon any timely filed objections to claims and applications for compensation of professionals. Once the court has ruled upon these matters and distributions have begun, the Reorganized Debtor will file an application for final decree. The Plan requires the Debtor to file its application for final decree within six (6) months after confirmation. Following the Effective Date, the Reorganized Debtor will be liable for all quarterly fees that become due to the United States Trustee under 28 U.S.C. § 1930(a)(6).

## VI. ALTERNATIVES TO THE DEBTOR'S PLAN

The alternatives to a Plan of Reorganization in this case are: (i) conversion to a chapter 7 liquidation; and (ii) dismissal of the bankruptcy case.

### A. Conversion

In a conversion, a Trustee would sell the Debtor's real property. As discussed above, a liquidation would likely result in loss of the property to foreclosure.

### B. Dismissal

If the case was dismissed, the Debtor's property would likely be lost to foreclosure although litigation in state court could avoid this result.

## VII. RELATIONSHIP OF DEBTOR WITH AFFILIATES AND INSIDERS

Under the Bankruptcy Code, an "affiliate" is an entity which owns at least 20% of the Debtor's equity interests or an entity in which Debtor owns at least 20% of its equity interests, as well as a person whose business is operated by the Debtor under a lease or operating agreement or a person who operates the Debtor's business under a lease or operating agreement.. See 11 U.S.C. §101(2). An insider is defined as including an officer, director or person in control of the Debtor, a partnership in which the Debtor is the general partner, the general partner of the Debtor and a relative of a general partner, , director, officer or person in control of the Debtor.

Mr. Ali Chouhdri is both an affiliate and an insider of the Debtor by virtue of his ownership of 100% of the membership interest in the Debtor. Mr. Choudhri has claimed a $5 million secured debt against the Debtor.

Dward Darjean and Drew Dennett may be insiders by virtue of acting as managers for the Debtor. Mr. Dennett is scheduled as an unsecured creditor in an unknown amount.

Galleria Loop Note Holder, LLC, BDFI, LLC and Jetall Companies are all entities owned by Mr. Choudhri which assert claims against the Debtor. While they do not fit the statutory definition of an insider, they could be considered to be "non-statutory insiders." Debtor does not have any affiliates under this definition..

18

## VIII. **TAX CONSEQUENCES**

The transactions contemplated by confirmation of the Plan may have an impact on the tax treatment received with respect to distributions under the Plan. That impact may be adverse to the creditor or interest holder.

An analysis of federal income tax consequence of the plan to creditors, interest holders, and the Debtor requires a review of the Internal Revenue Code ("IRS Code"), the Treasury regulations promulgated thereunder, judicial authority and current administrative rulings and practice. The Plan and its related tax consequences are complex. The Debtor has not requested a ruling from the Internal Revenue Service or an expert opinion with respect to these matters. Accordingly, no assurance can be given as to the IRS's interpretation of this Plan.

The federal income tax consequences of the implementation of the Plan to a creditor will depend in part on whether, for federal income tax purposes, the obligation from which a creditor's claim arose constitutes a "security." The determination as to whether an obligation for which a creditor's claim arose constitutes a "security" for federal income tax purposes is complex. It depends on the facts and circumstances surrounding the origin and nature of the obligation. Generally, corporate debt obligations evidenced by written instruments with maturities, when issued five (5) years or less, or arising out of the extension of trade credit, do not constitute "securities," whereas corporate debt obligations evidenced by written instruments with original maturities often (10) years or more constitute "securities." Although it appears that most of the creditors' claims do not constitute "securities," the Debtor express no view with respect to whether the obligation for which a particular creditor's claim arose constitutes a "security" for federal income tax purposes. Creditors are urged to consult their own tax advisor in this regard.

Generally, creditors whose claims arise from obligations that do not constitute "securities" or whose claims are for wages or services will be fully taxable exchanges for federal income tax purposes. Such creditors who receive solely cash in discharge of their claims will recognize gain or loss, as the case may be, equal to the difference between (i) the amount realized by the creditor in respect of its claim (other than any claim for accrued interest) and (ii) the creditor's tax basis in its claim (other than any claim for accrued interest). For federal income tax purposes, the "amount realized" by a creditor who receives solely cash in discharge of its claim will be the amount of cash received by such creditor. Where gain or loss is recognized by a creditor, the character of such gain or loss as a long-term or short-term capital gain or loss or as ordinary income or loss will be determined by a number of factors, including the tax status of the creditor, whether the obligation from which a claim arose has been held for more than six (6) months, and whether and to what extent the creditor has previously claimed a bad debt deduction. The capital gains deduction for individuals and the alternate tax for corporate net capital gains have been repealed and capital gain is currently taxed to individuals and corporations at their respective maximum tax rates. However, the definitions of long-term and short-term capital gain or loss have to be repealed.

To the extent any amount received (where cash or other property) by a creditor is received in discharge of interest accrued on its claim during its holding period, such amount will be taxable to the creditor as interest income (if not previously included in the creditor's gross income). Conversely, a creditor will recognize a deductible loss (or, possibly, a write-off against a reserve

for bad debts) to the extent any interest accrued on its claim was previously included in the creditor's gross income and is not paid in full.

**THE TRANSACTIONS CONTEMPLATED BY THE CONFIRMATION OF THE PLAN MAY HAVE AN IMPACT ON THE TAX TREATMENT OF ANY CREDITOR OR INTEREST HOLDER. THAT IMPACT MAY BE ADVERSE TO THE CREDITOR OR INTEREST HOLDER. NOTHING HEREIN IS INTENDED TO BE ADVICE OR OPINION AS TO THE TAX IMPACT OF THE PLAN ON ANY INDIVIDUAL CREDITOR OR INTEREST HOLDER. EACH CREDITOR OR INTEREST HOLDER IS CAUTIONED TO OBTAIN INDEPENDENT AND COMPETENT TAX ADVICE PRIOR TO VOTING ON THE PLAN.**

## IX. PENDING AND POTENTIAL LITIGATION

### A. PENDING PRE-BANKRUPTCY LITIGATION

The Debtor and Sonder USA, LLC were parties to a AAA arbitration proceeding. This action will continue to judgment. The Debtor will be represented by Jeff Steidley and Thomas Philips (Baker Botts) who will represent the Debtor on a contingent fee basis.

The Debtor is one of four plaintiffs in Case No. 4:23-cv-01762, Galleria 2425 Owner, LLC. pending in the U.S. District Court for the Southern District of Texas. The Debtor will continue to pursue its claim.

### B. Claims Created Under the Bankruptcy Code

There are four primary types of actions established by the Bankruptcy Code for the benefit of bankruptcy estates: (1) certain actions which could be brought by trustees, creditors or a good faith purchaser under 11 U.S.C. § 544, (2) actions to recover avoidable preferences under 11 U.S.C. § 547, (3) actions to recover fraudulent conveyances under U.S.C. §548 and (4) actions to recover unauthorized post-petition transfers under U.S.C. § 549. A summary of these types of causes of action are listed below and, where possible, specific potential causes of action noted.

#### 1. Preferences.

Section 547 allows a Trustee to recover "voidable preferences"—*to wit,* payments made within ninety (90) days prior to bankruptcy (or within one (1) year if made to an insider) on an antecedent debt while the Debtor is insolvent which allows a creditor to recover more than it would have if the payment had not been made and the Debtor's assets were liquidated under chapter 7. Certain payments are protected from recovery as preferences. These include payments made in the ordinary course of business or upon ordinary business terms and payments representing a substantially contemporaneous exchange. The Debtor did not list any payments on account of antecedent debts in its

Statement of Financial Affairs for the reason that any such payments were made by Galleria Loop Note Holder, LLC.

2.      **Fraudulent Conveyances.**

Section 548 allows a Trustee to recover certain transfers made within two (2) years of the Petition Date while the Debtor was insolvent which either was made with fraudulent intent or was made without receiving reasonably equivalent value, as well as certain transfers avoidable under State law.

3.      **Other Claims Created By the Bankruptcy Code.**

Bankruptcy Code § 549 permits the Trustee to avoid a transfer of property that was not authorized under title 11 or the Court.

The Debtor has not investigated claims against insiders, except that Ali Choudhri filed a lien within the one-year preference period applicable to insiders, which lien should be avoided.

## C.      NON-BANKRUPTCY CAUSES OF ACTION

In addition to the claims against Sonder USA, Inc. and Sonder Canada, Inc., the Plan preserves all of the Debtor's claims and causes of action. The Debtor lists claims against current and former tenants in the amount of $4,463,668.51, including approximately $2 million owed by Xavier Academy. Xavier Academy has not paid rent since March 2022. Under the Xavier lease, it was permitted to offset current rent obligations against the tenant finishout amount to be paid by the Debtor. The $2 million number is net of the tenant finishout amount. The Debtor will retain Jeff Steidley on a contingent fee basis to collect amounts owed by Xavier Academy. The Debtor has also reserved and retained all claims and causes of action against Tig Romspen US Master Mortgage Fund and Wes Roitman.

## X  SOLICITATION OF VOTES

The Debtor has devoted substantial effort to prepare this Plan of Reorganization.  The Debtor believes that the Plan represents a fair adjustment of its relationship with its creditors. It believes that the Plan is superior to liquidation or forced sale of its assets outside of bankruptcy. Therefore, the Debtor request that all parties approve the plan of Reorganization.

DATED:      JUNE 4, 2024

Respectfully submitted,

**BARRON & NEWBURGER, P.C.**
7320 N. Mopac Expwy, Suite 400
Austin, Texas 78731
(512) 476-9103

By:     _/s/Stephen W. Sather_____
       Stephen W. Sather
       State Bar No. 17657520
       **ATTORNEY FOR DEBTOR**
       **1001 WL, LLC**

**Champions School of Real Estate**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Square feet | 4,630 | | | | | | | | | |

| | | Yr 1 | Yr 2 | Yr 3 | Yr 4 | Yr 5 | Yr 6 | Yr 7 | Yr 8 | Yr 9 | Yr 10 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Base Rent | | $15.00 | $15.50 | $16.00 | $16.50 | $17.00 | $17.50 | $18.00 | $18.50 | $19.00 | $19.50 |
| Operating Expenses | | $10.00 | $10.20 | $10.40 | $10.61 | $10.82 | $11.04 | $11.26 | $11.49 | $11.72 | $11.95 |
| Total | | $25.00 | $25.70 | $26.40 | $27.11 | $27.82 | $28.54 | $29.26 | $29.99 | $30.72 | $31.45 |

| | Yr 1 | Yr 2 | Yr 3 | Yr 4 | Yr 5 | Yr 6 | Yr 7 | Yr 8 | Yr 9 | Yr 10 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rent Expense | 115,750 | 118,991 | 122,251 | 125,529 | 128,827 | 132,144 | 135,481 | 138,839 | 142,218 | 145,618 |
| Tax Shield (30%) | -34,725 | -35,697 | -36,675 | -37,659 | -38,648 | -39,643 | -40,644 | -41,652 | -42,665 | -43,685 |
| Tax Adjusted Office Expense | 81,025 | 83,294 | 85,575 | 87,870 | 90,179 | 92,501 | 94,837 | 97,187 | 99,552 | 101,932 |

| TOTAL AMOUNT OF RENTAL OBLIGATIONS WITH ZERO EQUITY EARNED | $1,305,647 |
|---|---|

**Office Condo**

| | |
|---|---|
| Square Feet | 4,630 |
| Purchase Price ($/ft) | $300.00 |
| Purchase Price | 1,389,000 |
| SBA Financing (90%) | 1,250,100 |
| Interest Rate | 5.00% |
| Amortization | 30 yrs |

| | Yr 1 | Yr 2 | Yr 3 | Yr 4 | Yr 5 | Yr 6 | Yr 7 | Yr 8 | Yr 9 | Yr 10 |
|---|---|---|---|---|---|---|---|---|---|---|
| Mortgage Payment | 80,530 | 80,530 | 80,530 | 80,530 | 80,530 | 80,530 | 80,530 | 80,530 | 80,530 | 80,530 |
| Operating Expenses | 46,300 | 47,226 | 48,171 | 49,134 | 50,117 | 51,119 | 52,141 | 53,184 | 54,248 | 55,333 |
| Total Expense | 126,830 | 127,756 | 128,700 | 129,664 | 130,646 | 131,649 | 132,671 | 133,714 | 134,778 | 135,862 |
| Depreciation Expense | 34,183 | 35,892 | 35,892 | 35,892 | 35,892 | 35,892 | 35,892 | 35,892 | 35,892 | 35,892 |
| Tax Shield (30%) | -48,304 | -49,094 | -49,378 | -49,667 | -49,961 | -50,262 | -50,569 | -50,882 | -51,201 | -51,526 |
| Tax Adjusted Office Expense | 78,526 | 78,661 | 79,323 | 79,997 | 80,685 | 81,387 | 82,102 | 82,832 | 83,577 | 84,336 |
| After-tax Savings | 2,499 | 4,632 | 6,253 | 7,873 | 9,494 | 11,114 | 12,735 | 14,355 | 15,976 | 17,596 |

**Returns Analysis**

| | | Yr 1 | Yr 2 | Yr 3 | Yr 4 | Yr 5 | Yr 6 | Yr 7 | Yr 8 | Yr 9 | Yr 10 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Assumed Appreciation | 2.00% | 1,416,780 | 1,445,116 | 1,474,018 | 1,503,498 | 1,533,568 | 1,564,240 | 1,595,524 | 1,627,435 | 1,659,984 | 1,693,183 | |
| Less: Debt Balance | | 1,231,656 | 1,212,269 | 1,191,890 | 1,170,469 | 1,147,951 | 1,124,281 | 1,099,401 | 1,073,247 | 1,045,755 | 1,016,857 | |
| Equity | | 185,124 | 232,846 | 282,128 | 333,030 | 385,617 | 439,958 | 496,124 | 554,188 | 614,228 | 676,326 | |
| | 1/1/18 | 6/30/18 | 6/30/19 | 6/30/20 | 6/30/21 | 6/30/22 | 6/30/23 | 6/30/24 | 6/30/25 | 6/30/26 | 6/30/27 | 12/31/27 |
| Cash Flow | -138,900 | 2,499 | 4,632 | 6,253 | 7,873 | 9,494 | 11,114 | 12,735 | 14,355 | 15,976 | 17,596 | |
| Condo Sale | | | | | | | | | | | | 676,326 |
| Total | -138,900 | 2,499 | 4,632 | 6,253 | 7,873 | 9,494 | 11,114 | 12,735 | 14,355 | 15,976 | 17,596 | 676,326 |

| | Annual Appreciation | IRR | $ Earned |
|---|---|---|---|
| Returns Analysis | 1.00% | 17.9% | 481,090 |
| | 2.00% | 20.6% | 639,954 |
| | 3.00% | 23.0% | 813,470 |
| | 4.00% | 25.2% | 1,002,830 |
| | 5.00% | 27.3% | 1,209,305 |

| Account Name | Jan-23 | Feb 2023 | Mar 2023 | Apr 2023 | May 2023 | Jun 2023 | Jul 2023 | Aug 2023 | Sep 2023 | Oct 2023 | Nov 2023 | Dec 2023 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Operating Income & Expense** | | | | | | | | | | | | | |
| **RENTS** | | | | | | | | | | | | | |
| Rent Income | 176,854.14 | 180,811.00 | 168,253.11 | 167,922.90 | 161,673.42 | 163,560.60 | 165,328.23 | 166,452.72 | 173,533.11 | 171,581.51 | 149,335.57 | 153,447.65 | 1,998,753.96 |
| **Total RENTS** | **176,854.14** | **180,811.00** | **168,253.11** | **167,922.90** | **161,673.42** | | **165,328.23** | **166,452.72** | **173,533.11** | **171,581.51** | **149,335.57** | **153,447.65** | **1,835,193.36** |
| Tenant Improvements | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Operating Income** | **176,854.14** | **180,811.00** | **168,253.11** | **167,922.90** | **161,673.42** | **0.00** | **165,328.23** | **166,452.72** | **173,533.11** | **171,581.51** | **149,335.57** | **153,447.65** | **1,835,193.36** |
| **Expense** | | | | | | | | | | | | | |
| Advertising | 2,165.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,165.00 |
| **CLEANING AND MAINTENANCE** | | | | | | | | | | | | | |
| Janitorial Expense | 0.00 | 11,603.36 | 15,392.06 | 0.00 | 25,542.35 | 14,665.39 | 13,836.21 | 14,307.49 | 13,969.75 | 12,939.30 | 0.00 | 0.00 | 122,255.91 |
| General Maintenance Labor | 3,927.72 | 3,694.75 | 4,482.07 | 4,275.49 | 4,671.78 | 3,995.83 | 2,874.76 | 3,383.38 | 3,251.29 | 3,319.73 | 3,077.39 | 2,111.40 | 43,065.59 |
| Landscaping | 878.00 | 843.88 | 952.21 | 868.78 | 993.95 | 911.91 | 849.43 | 957.57 | 857.59 | 963.87 | 825.38 | 843.88 | 10,746.45 |
| Cleaning and Maintenance -Other | 849.90 | 519.33 | 83.18 | 43.49 | 34.83 | 37.79 | 0.00 | 0.00 | 0.00 | 0.00 | 87.88 | 0.00 | 1,656.40 |
| Waste Removal | 530.68 | 0.00 | 530.68 | 662.92 | 676.19 | 1,612.29 | 0.00 | 1,014.91 | 0.00 | 667.92 | 916.23 | 932.80 | 7,544.62 |
| **Total CLEANING AND MAINTENANCE** | **6,186.30** | **16,661.32** | **21,440.20** | **5,850.68** | **31,919.10** | **21,223.21** | **17,560.40** | **19,663.35** | **18,078.63** | **17,890.82** | **4,906.88** | **3,888.08** | **185,268.97** |
| **INSURANCE** | | | | | | | | | | | | | |
| Property Insurance | 28,405.80 | 0.00 | 28,411.80 | 25.00 | 0.00 | 0.00 | 0.00 | 47,006.20 | 20,205.59 | 1,216.99 | 33,817.16 | 1,277.84 | 160,366.38 |
| Flood Insurance | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,092.00 | 1,653.92 | 0.00 | 0.00 | 0.00 | 2,745.92 |
| **Total INSURANCE** | **28,405.80** | **0.00** | **28,411.80** | **25.00** | **0.00** | **0.00** | **0.00** | **48,098.20** | **21,859.51** | **1,216.99** | **33,817.16** | **1,277.84** | **163,112.30** |
| **LEGAL FEES** | | | | | | | | | | | | | |
| Legal | 0.00 | 0.00 | 0.00 | 5,850.00 | 0.00 | 0.00 | 10,127.50 | 0.00 | 0.00 | 0.00 | 17,354.39 | 23,815.30 | 57,147.19 |
| **Total LEGAL FEES** | **0.00** | **0.00** | **0.00** | **5,850.00** | **0.00** | **0.00** | **10,127.50** | **0.00** | **0.00** | **0.00** | **17,354.39** | **23,815.30** | **57,147.19** |
| Licenses and Permits | 0.00 | 0.00 | 0.00 | 0.00 | 344.62 | 0.00 | 647.15 | 93.98 | 0.00 | 0.00 | 0.00 | 0.00 | 1,085.75 |
| Computer Expense | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,560.64 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,560.64 |
| Contract Labor | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,000.00 | 2,000.00 |
| **MANAGEMENT FEES** | | | | | | | | | | | | | |
| Management Fees | 0.00 | 14,276.61 | 6,444.46 | 6,521.11 | 6,514.68 | 7,355.59 | 6,569.05 | 10,000.00 | 6,941.32 | 6,740.11 | 0.00 | 5,973.42 | 77,336.35 |
| **Total MANAGEMENT FEES** | **0.00** | **14,276.61** | **6,444.46** | **6,521.11** | **6,514.68** | **7,355.59** | **6,569.05** | **10,000.00** | **6,941.32** | **6,740.11** | **0.00** | **5,973.42** | **77,336.35** |
| Commissions/Placement Fees | 0.00 | 0.00 | 17,664.90 | 8,563.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 26,227.90 |
| **REPAIRS** | | | | | | | | | | | | | |
| Painting | 0.00 | 0.00 | 377.71 | 0.00 | 0.00 | 0.00 | 238.60 | 65.92 | 0.00 | 181.21 | 65.92 | 0.00 | 929.36 |
| Plumbing | 40.97 | 238.15 | 0.00 | 0.00 | 550.00 | 0.00 | 0.00 | 0.00 | 0.00 | 66.08 | 2,135.78 | 0.00 | 3,030.98 |
| Flooring | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 250.00 | 0.00 | 0.00 | 0.00 | 250.00 |
| HVAC (Heat, Ventilation, Air) | 0.00 | 0.00 | 811.88 | 0.00 | 562.90 | 0.00 | 0.00 | 0.00 | 0.00 | 6,379.91 | 0.00 | 0.00 | 7,754.69 |
| Electrical and Lighting | 0.00 | 0.00 | 244.10 | 225.92 | 323.27 | 3,991.19 | 586.72 | 28.11 | 97.92 | 159.99 | 0.00 | 0.00 | 5,657.22 |
| Repairs - Other | 0.00 | 0.00 | 340.99 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 14.99 | 0.00 | 0.00 | 355.98 |
| Elevator Inspection and Repair | 7,737.85 | 0.00 | 1,224.50 | 0.00 | 0.00 | 7,737.85 | 0.00 | 0.00 | 0.00 | 3,613.12 | 0.00 | 0.00 | 20,313.32 |
| Fire and Security Repair | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,013.60 | 0.00 | 0.00 | 1,013.60 |
| Door, Locks, Signs | 0.00 | 0.00 | 0.00 | 0.00 | 4,293.47 | 42.10 | 160.18 | 70.00 | 0.00 | 123.58 | 19.21 | 0.00 | 4,708.54 |
| Interior Repairs | 0.00 | 0.00 | 3,025.59 | 0.00 | 0.00 | 0.00 | 47.41 | 0.00 | 0.00 | 0.00 | 0.00 | 11.88 | 3,084.88 |
| **Total REPAIRS** | **7,778.82** | **238.15** | **6,024.77** | **225.92** | **5,729.64** | **11,771.14** | **1,032.91** | **164.03** | **347.92** | **5,172.57** | **8,600.82** | **11.88** | **47,098.57** |
| Fire and Security Monitoring | 975.98 | 2,079.70 | 1,170.98 | 33.35 | 4,159.40 | 195.00 | 0.00 | 0.00 | 3,089.03 | 0.00 | 1,009.33 | 507.13 | 13,219.90 |
| Supplies | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 138.00 | 0.00 | 0.00 | 138.00 |
| Postage | 0.00 | 0.00 | 94.37 | 372.91 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 146.64 | 0.00 | 67.15 | 681.07 |
| **TAXES** | | | | | | | | | | | | | |
| Property Tax | 49,403.00 | 0.00 | 858.46 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 50,261.46 |
| **Total TAXES** | **49,403.00** | **0.00** | **858.46** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **0.00** | **50,261.46** |
| **UTILITIES** | | | | | | | | | | | | | |
| Electricity | 0.00 | 23,198.67 | 0.00 | 22,568.22 | 44,308.29 | 19,727.76 | 20,817.05 | 22,324.56 | 22,018.18 | 22,074.30 | 21,595.06 | 19,371.75 | 238,003.84 |
| Water | 6,158.33 | 6,203.33 | 5,558.33 | 23,521.79 | 0.00 | 0.00 | 7,256.51 | 0.00 | 7,803.28 | 25,189.53 | 0.00 | 0.00 | 81,691.10 |
| Telephone and Internet Service | 0.00 | 323.40 | 657.84 | 0.00 | 725.36 | 0.00 | 397.73 | 399.49 | 1,294.37 | 7,848.92 | 799.96 | 123.65 | 12,570.72 |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Total UTILITIES** | 6,158.33 | 29,725.40 | 6,216.17 | 46,090.01 | 45,033.65 | 19,727.76 | 28,471.29 | 22,724.05 | 31,115.83 | 55,112.75 | 22,395.02 | 19,495.40 | 332,265.66 |
| **OTHER** | | | | | | | | | | | | | |
| Engineer Services | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,235.00 | 0.00 | 1,235.00 |
| Bank Fees | 551.46 | 682.34 | 651.24 | 382.44 | 274.43 | 546.78 | 0.00 | 0.00 | 368.75 | 380.66 | 451.71 | 452.71 | 4,742.52 |
| Equipment Rental | 0.00 | 0.00 | 0.00 | 68.45 | 0.00 | 426.66 | 0.00 | 0.00 | 0.00 | 178.33 | 0.00 | 0.00 | 673.44 |
| Water Treatment | 300.00 | 0.00 | 320.00 | 320.00 | 320.00 | 640.00 | 0.00 | 320.00 | 320.00 | 960.00 | 0.00 | 320.00 | 3,820.00 |
| Security Service | 3,594.98 | 1,792.62 | 4,569.23 | 1,714.68 | 3,117.60 | 1,948.50 | 702.50 | 1,012.18 | 3,137.09 | 0.00 | 1,870.56 | 0.00 | 23,459.94 |
| **Total OTHER** | 4,446.44 | 2,474.96 | 5,540.47 | 2,485.57 | 3,712.03 | 3,561.94 | 702.50 | 1,332.18 | 3,825.84 | 1,518.99 | 3,557.27 | 772.71 | 33,930.90 |
| | | | | | | | | | | | | | |
| **Total Operating Expense** | 105,519.67 | 65,456.14 | 93,866.58 | 76,017.55 | 97,413.12 | 65,395.28 | 65,110.80 | 102,075.79 | 85,258.08 | 87,936.87 | 91,640.87 | 57,808.91 | 993,499.66 |
| | | | | | | | | | | | | | |
| **Net Operating Income** | 176,854.14 | 180,811.00 | 168,253.11 | 167,922.90 | 161,673.42 | 0.00 | 165,328.23 | 166,452.72 | 173,533.11 | 171,581.51 | 149,335.57 | 153,447.65 | 1,835,193.36 |
| | | | | | | | | | | | | | |
| **Net Income** | 71,334.47 | 115,354.86 | 74,386.53 | 91,905.35 | 64,260.30 | -65,395.28 | 100,217.43 | 64,376.93 | 88,275.03 | 83,644.64 | 57,694.70 | 95,638.74 | 841,693.70 |

## EXHIBIT C--1001 W Loop S

| Plan Week | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|---|
| Week Beginning | 3/25/2024 | 4/1/2024 | 5/1/2024 | 6/1/2024 | 7/1/2024 | 8/1/2024 | 9/1/2024 | 10/1/2024 | 11/1/2024 |
| Rental Income | $ - | $150,000 | $150,000 | $150,000 | $150,000 | $150,000 | $150,000 | $150,000 | $150,000 |
| **Scheduled Base Rental Revenue** | **$ -** | **$150,000** | **$150,000** | **$150,000** | **$150,000** | **$150,000** | **$150,000** | **$150,000** | **$150,000** |
| **Operating Expenses** | | | | | | | | | |
| Elevator Maintenance | | $0.00 | $8,008.65 | $0.00 | $0.00 | $8,008.65 | $0.00 | $0.00 | $8,008.65 |
| Fire & Safety | | $2,416.35 | $2,206.35 | $3,261.79 | $2,416.35 | $2,206.35 | $3,261.79 | $2,416.35 | $2,206.35 |
| Internet | | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 | $150.00 |
| Janitorial | | $13,000.00 | $13,000.00 | $13,000.00 | $13,000.00 | $13,000.00 | $13,000.00 | $13,000.00 | $13,000.00 |
| Maintenance | | $5,010.00 | $5,010.00 | $5,010.00 | $5,010.00 | $5,010.00 | $5,010.00 | $5,010.00 | $5,010.00 |
| Misc Expense (Repairs) ** | | $2,000.00 | $9,088.78 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 |
| Landscape | | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 | $1,000.00 |
| Prop Insurance | | $20,869.75 | $20,869.75 | $20,869.75 | $20,869.75 | $20,869.75 | $20,869.75 | $20,869.75 | $20,869.75 |
| Security | | $3,650.00 | $3,650.00 | $3,650.00 | $3,650.00 | $3,650.00 | $3,650.00 | $3,650.00 | $3,650.00 |
| Payroll | | $8,000.00 | $8,000.00 | $8,000.00 | $8,000.00 | $8,000.00 | $8,000.00 | $8,000.00 | $8,000.00 |
| Utilities | | $38,000.00 | $38,000.00 | $38,000.00 | $38,000.00 | $38,000.00 | $38,000.00 | $38,000.00 | $38,000.00 |
| Waste Removal | | $950.00 | $950.00 | $950.00 | $950.00 | $950.00 | $950.00 | $950.00 | $950.00 |
| Water Treatment | | $350.00 | $350.00 | $350.00 | $350.00 | $350.00 | $350.00 | $350.00 | $350.00 |
| **Total Operating Expense** | **$0.00** | **$95,396.10** | **$110,283.53** | **$96,241.54** | **$95,396.10** | **$103,194.75** | **$96,241.54** | **$95,396.10** | **$103,194.75** |
| **Bankruptcy Expenses** | | | | | | | | | |
| US Trustee Qty Fees | | $250.00 | | | $1,777.00 | | | $1,777.00 | |
| **Professional fees** | | **$250.00** | **$0.00** | **$0.00** | **$1,777.00** | **$0.00** | **$0.00** | **$1,777.00** | **$0.00** |
| **Net Cashflow** | **$112,117.27** | **$166,471.17** | **$206,187.64** | **$259,946.10** | **$310,996.00** | **$357,801.25** | **$411,559.71** | **$462,609.61** | **$509,414.86** |

** Light Bulbs, Keys, Locks, Paint, Plumbing repairs, gloves, filters, electrical, Glass repairs, HVAC, Flooring, Postage

| 10 | Total 2024 | 2025 | | | | |
|---|---|---|---|---|---|---|
| | | 1Q | 2Q | 3Q | 4Q | Total |
| 12/1/2024 | 3/25 to 12/31 | | | | | |
| $150,000 | $1,350,000 | $450,000 | $450,000 | $450,000 | $450,000 | $1,800,000 |
| $150,000 | $1,350,000 | $450,000 | $450,000 | $450,000 | $450,000 | $1,800,000 |
| $0.00 | $24,025.95 | $8,008.65 | $8,008.65 | $8,008.65 | $8,008.65 | $32,034.60 |
| $3,261.79 | $23,653.47 | $7,884.49 | $7,884.49 | $7,884.49 | $7,884.49 | $31,537.96 |
| $150.00 | $1,350.00 | $450.00 | $450.00 | $450.00 | $450.00 | $1,800.00 |
| $13,000.00 | $117,000.00 | $39,000.00 | $39,000.00 | $39,000.00 | $39,000.00 | $156,000.00 |
| $5,010.00 | $45,090.00 | $15,030.00 | $15,030.00 | $15,030.00 | $15,030.00 | $60,120.00 |
| $2,000.00 | $25,088.78 | $6,000.00 | $6,000.00 | $6,000.00 | $6,000.00 | $24,000.00 |
| $1,000.00 | $9,000.00 | $3,000.00 | $3,000.00 | $3,000.00 | $3,000.00 | $12,000.00 |
| $20,869.75 | $187,827.75 | $62,609.25 | $62,609.25 | $62,609.25 | $62,609.25 | $250,437.00 |
| $3,650.00 | $32,850.00 | $10,950.00 | $10,950.00 | $10,950.00 | $10,950.00 | $43,800.00 |
| $8,000.00 | $72,000.00 | $24,000.00 | $24,000.00 | $24,000.00 | $24,000.00 | $96,000.00 |
| $38,000.00 | $342,000.00 | $114,000.00 | $114,000.00 | $114,000.00 | $114,000.00 | $456,000.00 |
| $950.00 | $8,550.00 | $2,850.00 | $2,850.00 | $2,850.00 | $2,850.00 | $11,400.00 |
| $350.00 | $3,150.00 | $1,050.00 | $1,050.00 | $1,050.00 | $1,050.00 | $4,200.00 |
| $96,241.54 | $891,585.95 | $294,832.39 | $294,832.39 | $294,832.39 | $294,832.39 | $1,179,329.56 |
| | $3,804.00 | $1,777.00 | $1,777.00 | $1,777.00 | $1,777.00 | $7,108.00 |
| $0.00 | $3,804.00 | $1,777.00 | $1,777.00 | $1,777.00 | $1,777.00 | $7,108.00 |
| $563,173.32 | $563,173.32 | $714,786.93 | $866,400.54 | $1,018,014.15 | $1,169,627.76 | $1,776,082.20 |

Exhibit D
Unsecured Creditors

| | Scheduled | | Proof of Claim | Disputed? | Tentative Claim | |
|---|---|---|---|---|---|---|
| ABC Home & Commercial | $ | 1,136.63 | | | $ | 1,136.63 |
| Ali Choudhri | $ | 5,000,000.00 | | | $ | 5,000,000.00 |
| Ameritrex Imaging & Services | $ | 3,135.00 | | | $ | 3,135.00 |
| BDFI, LLC | Unknown | | | | $ | - |
| Boxer Property Management Corp. | $ | 107,774.01 | | YES | $ | - |
| Capital Premium Financing | $ | 1,979.85 | | | $ | 1,979.85 |
| CFI Mechanical | $ | 2,080.00 | | | $ | 2,080.00 |
| Cirro | $ | 18,907.57 | | | $ | 18,907.57 |
| City of Houton Water | $ | 55,154.28 | | | $ | 55,154.28 |
| Cleaning Advances Services | $ | 22,125.13 | | | $ | 22,125.13 |
| Comcast | $ | 941.35 | | | $ | 941.35 |
| Datawatch Systems | $ | 36,914.62 | | | $ | 36,914.62 |
| Drew Dennett | Unknown | | | | Unknown | |
| Environmental Coalition, inc. | $ | 698.21 | | | $ | 698.21 |
| FirePro Tech | $ | 6,301.40 | | | $ | 6,301.40 |
| FireTron Life Safey Solutions | $ | 11,908.59 | | | $ | 11,908.59 |
| Fluid Meter Sales & Service | $ | 621.25 | | | $ | 621.25 |
| GFS Industries | $ | 41,958.00 | | | $ | 41,958.00 |
| Harcon Mechanical Contractors | $ | 48,179.04 | | | $ | 48,179.04 |
| Jetall Companies | $ | 344,483.60 | | | $ | 344,483.60 |
| JLM Law Firm | $ | 73,042.20 | | | $ | 73,042.20 |
| Kings 111 | $ | 1,040.06 | | | $ | 1,040.06 |
| Meyerland Glass Company | $ | 772.00 | | | $ | 772.00 |
| Morsco Supply, LLC | $ | 2,201.44 | | YES | $ | - |
| Mueller | $ | 960.00 | | | $ | 960.00 |
| Nationswide Investigations & Security | $ | 30,882.06 | | | $ | 30,882.06 |
| Pieper Houston Electric, LP | $ | 2,194.18 | | YES | $ | - |
| Rapp Krock | $ | 3,968.16 | | | $ | 3,968.16 |
| Ringcentral | $ | 3,607.49 | | | $ | 3,607.49 |
| Sonder USA, Inc. | Unknown | | $ 5,534,729.83 | YES | $ | 5,534,729.83 |
| T & R Mechanical | $ | 933.65 | | | $ | 933.65 |
| The Hanover Insurance Group | $ | 42,291.14 | | | $ | 42,291.14 |
| TIG Romspen US Master Mortgage, LP | $ | 18,500,000.00 | $ 33,215,553.94 | YES | $ | 11,801,503.94 |
| TKE | $ | 32,085.84 | | | $ | 32,085.84 |
| Waste Management | $ | 1,348.75 | | | $ | 1,348.75 |
| Zindler Service Co. | $ | 39,983.98 | | | $ | 39,983.98 |
| Total | | | | | $ | 23,163,673.62 |

**Quadrus Expenses and Fees**

**Daily Work and Travel Days Fee:**
- $1,250.00 On site in Houston, TX. Or any other location as requested
- $125.00 per hour when working from home up to a maximum of $1,000.00 per day
  - Time will be recorded and included on all invoices
- $750.00 per day when traveling to/from any location but not being engaged in work activity during that day

**Travel Expense will be reimbursed:**
- Airfare limited to coach seating on United or American Airlines, if required
- Hotel Expense limited to $150 per day unless preapproved the company
- Rental Car, Gas and Tolls Expense as required
- Meal Expense at $50.00 per day maximum when on site and on travel days

Any fees associated with other firms will be preapproved by an executive of the company.
All Expenses will be invoiced once per week, payable net 2 days from date of invoice.

Other items:
1) Limitation of Liability: The liability of Quadrus Consulting under this Agreement is limited to the Fees paid or payable under this Agreement. In no event shall Consultant be liable for any loss of use, interruption of business or any special, incidental, exemplary or consequential damages of any kind (including lost profits), regardless of the form of action, whether in contract, tort, strict product liability or otherwise, even if the other party has been advised of the possibility of such damages. This section shall survive any termination of this Agreement.
2) Property Rights: 1001 WL LLC and Quadrus Consulting understand and agree that all records of the accounts of customers, clients or investors, computer print-outs, and any other records, files, documents, drawings, specification, equipment, books and other similar items relating, in any manner whatsoever, to the business 1001 WL LLC shall remain the exclusive property of the Company.
3) Termination: This agreement can be terminated by either party with 48 hours notice. 1001 WL LLC is only liable for Quadrus Expenses up to the point of termination. Quadrus Consulting agrees to return all documents related to this activity to Texas 1001 WL LLC upon termination of this agreement.

Thank you very much.

Angelo DeCaro Jr.
Quadrus Consulting.
February 14, 2024

Ali Choudri

2.14.24

Date of Signature



# EXHIBIT H



**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: August 30, 2024.**

_____
**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 24-10119** |
| | § | |
| **1001 WL, LLC** | § | |
| | § | |
| **DEBTOR** | § | **CHAPTER 11** |

### ORDER SUA SPONTE MODIFYING
### THE COURT'S ORDER MODIFYING STAY AT ECF NO. 359

On August 29, 2024, the Court concluded a three-day confirmation hearing on the above Debtor's chapter 11 plan. The disposition of 1001 WL, LLC's real property located at 1001 West Loop South, Houston, Texas 77027 (the "Property") is a key part of the Debtor's proposed plan of reorganization. Because the Court needs additional time to consider the testimony and evidence presented during the plan confirmation hearing, and for the reasons stated on the record, the Court finds that it is appropriate to modify its previous Order at ECF No. 359.

**ACCORDINGLY, IT IS THEREFORE ORDERED** that the Court's Order Modifying the Stay at ECF No. 359 is hereby **MODIFIED**.

**IT IS FURTHER ORDERED** that TIG Romspen US Master Mortgage LP and its representatives, including any trustee under a deed of trust, shall not in any way proceed with or conduct a September 2024 foreclosure on the Property. The Court is reimposing the automatic stay for the limited purpose of prohibiting a September 2024 foreclosure of the Property.

**IT IS FURTHER ORDERED** that TIG Romspen US Master Mortgage LP is authorized to notice and to post the Property for an October 2024 foreclosure (or any month thereafter) and conduct a foreclosure sale in accordance with the loan documents and applicable law. However, this authorization is subject to the Court's ruling on confirmation of the Debtor's plan.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

# EXHIBIT I

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: September 19, 2024**

_____

**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 24-10119-SMR** |
| | § | |
| **1001 WL, LLC** | § | |
| | § | |
| **DEBTOR** | § | **CHAPTER 11** |

<u>**ORDER DENYING PLAN CONFIRMATION AND SETTING STATUS HEARING**</u>

On July 29, 2024, 1001 WL, LLC (the "<u>Debtor</u>") filed its Amended Chapter 11 Plan (the "<u>Plan</u>" at ECF No. 322). The Court held the plan confirmation hearing over three days: August 22, 28, and 29. Following the hearing, the Court took confirmation of the Plan under advisement. The Court closely reviewed the evidence and considered the arguments of all parties. On September 16, 2024, the Court issued its oral ruling denying confirmation of the Plan. For the reasons set forth on the record, as well as the reasons discussed herein, the Court finds that confirmation of the Debtor's Plan should be denied.

The Debtor has the burden to establish all applicable elements of 11 U.S.C. § 1129(a) are satisfied by a preponderance of the evidence. *Matter of Briscoe Enterprises, Ltd., II*, 994 F.2d 1160, 1165 (5th Cir. 1993) ("[P]reponderance of the evidence is the debtor's appropriate standard of proof both under § 1129(a) and in a cramdown.").

11 U.S.C. § 1129(a)(3) states a plan must be filed "in good faith and not by any means forbidden by law." The Debtor did not establish that its Plan was filed in good faith. The good faith analysis is a "totality of the circumstances" test. *In re Vill. at Camp Bowie I, L.P.*, 710 F.3d 239, 247 (5th Cir. 2013) ("Good faith should be evaluated 'in light of the totality of the circumstances surrounding establishment of [the] plan,' mindful of the purposes underlying the Bankruptcy Code.") (*quoting In re Cajun Elec. Power Co-op., Inc.*, 150 F.3d 503, 519 (5th Cir. 1998)); *see also In re Trinity Family Practice & Urgent Care PLLC*, No. 23-70068-SMR, 2024 WL 2704056 at *10-11 (Bankr. W.D. Tex. May 24, 2024) (discussing good faith analysis). The Court FINDS that:

(1) the § 341 meeting of creditors was repeatedly delayed;

(2) the Debtor repeatedly filed Monthly Operating Reports late;

(3) the Debtor failed to disclose all insider transactions;

(4) the Debtor had to file amended schedules;

(5) the Debtor engaged in questionable discovery tactics;

(6) the Debtor did not keep accurate rent rolls; and

(7) the Debtor violated reporting requirements in the Court's cash collateral orders.

Based on the above, as well as for the reasons set forth on the record, the Court finds that the Debtor failed to show by a preponderance of the evidence that its Plan was proposed in good faith as required under 11 U.S.C. § 1129(a)(3).

11 U.S.C. § 1129(a)(11) states that plan confirmation must not be likely to be followed by liquidation or other further financial reorganization of the debtor. This is often referred to as the "feasibility" requirement. *See In re M & S Associates, Ltd.*, 138 B.R. 845, 848 (Bankr. W.D. Tex. 1992). To establish feasibility, the Debtor must show that the plan is not speculative, conjectural, or unrealistic. *See Canal Place Ltd. P'ship v. Aetna Life Ins. Co. (In re Canal Place Ltd. P'ship)*, 921 F.2d 569, 579 (5th Cir. 1991) (discussing Debtor's failure to establish the feasibility of its reorganization plan in the context of a motion for relief from stay). While the Debtor does not need to guarantee success, the Debtor must establish a reasonable prospect of success. *M & S Associates, Ltd.*, 138 B.R. at 848. The Court finds that the Debtor could likely operate for some interim amount of time under the Plan. However, the Court also finds that the Debtor failed to establish that converting the building located at 1001 West Loop South, Houston, TX 77027 to condo units— and then selling the condo units to pay off all secured creditors in full—was feasible as the end goal of the Plan. There was also conflicting testimony regarding the necessary costs of building repairs and maintenance needed prior to sale. And, while the Debtor provided multiple witnesses who were "interested" in potentially purchasing condo space, not one letter of intent, signed contract, or firm offer was submitted in evidence. Furthermore, it was also clear from witness testimony that the proposed condo conversion is not common in the Houston commercial real estate market. Based on the above, as well as for the reasons set forth on the record, the Court finds that the Debtor failed to establish by a preponderance of the evidence that this Plan is not likely to be followed by liquidation or further financial reorganization as required by 11 U.S.C. § 1129(a)(11). Accordingly,

**IT IS THEREFORE ORDERED** that confirmation of the Debtor's Plan is **DENIED.**

**IT IS FURTHER ORDERED** that the findings of fact and conclusions of law set forth herein shall supplement those set forth by the Court on the record. To the extent an irreconcilable conflict exists between the terms of this Order and the Court's ruling on the record, the terms of this Order shall control.

**IT IS FURTHER ORDERED** that the Court will hold a status conference in this case on **October 10, 2024 at 9:30am (CT) via Zoom.**

# # #

# EXHIBIT J

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: January 14, 2025.**

_____
**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | **CASE NO. 24-10119-smr** |
| **1001 WL, LLC,** | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

## ORDER APPOINTING CHAPTER 11 TRUSTEE

On November 20, 2024, November 22, 2024, and December 2, 2024, the court conducted hearings on Creditor TIG Romspen U.S. Master Mortgage LP's *Motion to Convert Case from Chapter 11 to Chapter 7* (the "Motion to Convert") at ECF No. 541 and the Debtor's *Motion to Dismiss Case* (the "Motion to Dismiss") at ECF No. 542 (collectively, the "Motions"). The Court took these matters under advisement and issued an oral ruling on January 14, 2025.

After considering the Motions and any responses thereto, the witness testimony, the exhibits offered and admitted at the hearings, the procedural history of this case, and the arguments of counsel, and for the reasons stated on the record during the oral ruling on January 14, 2025, the Court finds that cause exists under 11 U.S.C. § 1112(b)(4), that a chapter 11 trustee should be appointed under 11 U.S.C. §§ 1112(b)(1) and (4), that cause further exists under 11 U.S.C. § 1104(a), and that the appointment of a chapter 11 trustee is in the best interest of creditors, equity

holders and other interests of the estate under 11 U.S.C. § 1112(b)(1). The Court further finds that the chapter 11 trustee shall have the duties set forth in 11 U.S.C. § 1106(a) unless otherwise provided by Court order. Based on the foregoing,

**IT IS THEREFORE ORDERED** that the United States Trustee shall promptly appoint a chapter 11 trustee for the Debtor's estate pursuant to 11 U.S.C. §§ 1112(b)(1) and 11 U.S.C. § 1104(a).

# # #

# EXHIBIT K

**The relief described hereinbelow is SO ORDERED.**

**Signed October 17, 2025.**

_____
**CHRISTOPHER G. BRADLEY**
**UNITED STATES BANKRUPTCY JUDGE**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| In re: | § | **Case No. 24-10119-SMR** |
| | § | |
| **1001 WL, LLC,** | § | |
| | § | |
| Debtor. | § | **Chapter 11** |

### ORDER REGARDING MOTIONS TO SHOW AUTHORITY [ECF NOS. 837, 838, 839, 840, 970]

On July 25, 2025, Creditor TIG Romspen US Master Mortgage LP filed four motions (the "Ex Parte Motions"):

- _Ex Parte Motion to Show Authority Over Galleria Loop Note Holder, LLC_ [ECF 837],
- _Ex Parte Motion to Show Authority Over BDFI, LLC_ [ECF 838],
- _Ex Parte Motion to Show Authority over Jetall Capital, LLC_ [ECF 839], and
- _Ex Parte Motion to Show Authority of Ali Choudhri to Litigate Individually_ [ECF 840].

On October 4, 2025, Travis Vargo, the state court receiver, (the "Receiver") filed _Motion of Travis Vargo, State Court Appointed Receiver, to Show Authority of Justin Rayome and Cavazos Hendricks Poirot, P.C., including Lyndel Vargas, to Represent Ali Choudhri, BDFI, LLC, Galleria Loop Note Holder, LLC, and Jetall Capital, LLC and to Strike Pleadings_ [ECF No. 970] (the "Motion to Show

1

Authority"). The Receiver also filed a motion requesting an expedited hearing on the Motion to Show Authority [ECF No. 971] (the "Motion to Expedite").

This Court granted the Motion to Expedite on October 7, 2025, and ordered Justin Rayome and Cavazos Hendricks Poirot, P.C. to file a brief and document evidence on the issue no later than October 8, 2025, at 12:00 PM CT.[1]

Attorney Lyndel Vargas of Cavazos Hendricks Poirot, P.C., filed her response [ECF 979] on October 8, 2025. She filed a corrected response [ECF 986] on October 9, 2025. Both of these filings were dismissed for noncompliance due to a lack of certificate of service.[2] Vargas filed a modified response [ECF 994] on October 17, 2025. Vargas's response and the attached affidavit explain that she represents Ali Choudhri and Dalio Holdings I, LLC, in this case.[3]

Rayome did not file a response. No response was filed on behalf of BDFI, LLC, Galleria Loop Note Holder, LLC, or Jetall Capital, LLC.

The Court held a hearing on the Motion to Show Authority and the Ex Parte Motions on October 9, 2025. The hearing was consolidated with a similar motion filed in *In re Texas REIT*, Case No. 24-10120-smr. At the hearing, Ali Choudhri clarified that he was proceeding *pro se* in the Texas REIT case and that Vargas represents him in the 1001 WL case. (Vargas represents Dalio Holdings, I, LLC in both cases.) Although it is unusual to do so, the Court permitted Mr. Choudhri to present argument for himself in one case and through Vargas in the other case, despite the fact that the consolidated hearing addressed the same issue as it arose in both cases.

This authority dispute arises out of amended receivership orders entered in two state court cases. The Receiver filed a certified copy of each order with this Court on August 27, 2025.[4] For simplicity, the Court will refer to the *Amended Order Granting Turnover, Charging Order and Appointment of Receiver Against Judgment Debtor* filed April 9, 2025, in Cause No. 2012-27197-A as "the A Case Order" and the order with the same name filed April 8, 2025, in Cause No. 2012-27197-D as "the D Case Order." Collectively, the orders will be "the Amended Orders."

---

[1] ECF No. 972.
[2] ECF Nos. 992 and 993.
[3] ECF 994 at 6.
[4] ECF No. 931.

2

The Receiver argues that the Amended Orders give him "sole ownership and operational control of BDFI, LLC, Galleria Loop Note Holder, LLC, and Jetall Capital LLC . . . as well as all of the non-exempt assets of Ali Choudhri."[5] In response, Vargas contends, among other arguments, that the Amended Orders have been superseded as part of an appeal.[6]

## A. The Amended Orders were never appealed.

The Amended Orders, the orders at issue in this case, were never appealed. The Amended Orders were signed *after* the orders that were appealed. The A Case Order was signed April 9, 2025, and the D Case Order was signed April 8, 2025. There are two pending appeals in the Texas Fourteenth District Court of Appeals: *Choudhri v. Mokaram-Latif West Loop Ltd., et al.*, 14-25-00308-CV ("the A Case Appeal"), and *Choudhri v. Mokaram-Latif West Loop Ltd., et al.*, 14-25-00309-CV ("the D Case Appeal"). Both appeals were dismissed by memorandum opinions on October 7, 2025. The A Case Appeal memorandum opinion confirms, "This appeal is from an order signed April 1, 2025." The D Case Appeal memorandum opinion similarly confirms, "This appeal is from an order signed March 31, 2025." Therefore, the Amended Orders at issue in this case were not appealed.

Texas Rule of Appellate Procedure 27.3 addresses the situation in which an appealed order is *subsequently* modified—in other words, modified after the appeal is taken. In that situation, the appellate court may consider the modified order on the appeal. It provides:

> After an order or judgment in a civil case has been appealed, if the trial court modifies the order or judgment, or if the trial court vacates the order or judgment and replaces it with another appealable order or judgment, the appellate court must treat the appeal as from the subsequent order or judgment and may treat actions relating to the appeal of the first order or judgment as relating to the appeal of the subsequent order or judgment. The subsequent order or judgment and actions relating to it may be included in the original or supplemental record. Any party may nonetheless appeal from the subsequent order or judgment.[7]

But this principle does not apply here. This Court has reviewed the docket in each appeal. A notice of appeal was filed in the A Case on April 20, 2025, eleven days

---

[5] ECF No. 970 at 2.
[6] *See generally* ECF No. 994.
[7] Tex. R. App. P. 27.3.

*after* the amended order was entered in that case on April 9, 2025. However, the notice of appeal specifically lists the trial court's April 1, 2025, order and attaches the April 1, 2025, order. Thus, plainly, the April 1, 2025 order was the order that was appealed in the A Case. Because the order was modified *before* and not *after* the notice of appeal, on its plain text, Rule 27.3 does not apply; the rule does not save a party, like here, who simply failed to appeal the correct order.

Likewise, a notice of appeal was filed in the D case on April 20, 2025, twelve days *after* the amended order was entered in that case on April 8, 2025. The notice of appeal specifically lists the trial court's March 31, 2025, order and attaches said March 31, 2025, order. Thus, the March 31, 2025, order was the order that was appealed in the D Case, and there was no requirement under the Texas rules for the appellate court to consider the later order instead.

In sum, the Amended Orders were not filed *after* the original orders were appealed; they were filed before the appeals. Therefore, under the plain language of the statute, the appellate court did not have to consider the Amended Orders as part of the appeal.[8] Mr. Choudhri could have appealed the Amended Orders; he did not.[9]

## B. The appeals of the original orders were never superseded.

Although the Amended Orders were not appealed, this Court will nevertheless analyze the supersedeas issue. Much of the testimony at the hearing centered on this issue. The conclusion is that even if the appeals *were* of the correct orders, it would not matter because the supersedeas is not in effect.

Texas Rule of Appellate Procedure 24 ("Rule 24") governs the "suspension of enforcement of judgment pending appeal in civil cases."[10] Rule 24 was amended by the Texas Supreme Court by order dated December 18, 2023.[11] The parties dispute whether the old or amended Rule 24 applies to the Amended Orders. The Texas Supreme Court order approving the amendments provides that most of the rules are not effective in cases filed prior to September 1, 2023:

3. Amended Rules 24.1(b)(2) and 24.4(d) take effect on January 1, 2024.

---

[8] *See* Tex. R. App. P. 27.3.
[9] *See id.* ("Any party may nonetheless appeal from the subsequent order or judgment.").
[10] Tex. R. App. P. 24.
[11] *Final Approval of Amendments to Texas Rule of Appellate Procedure 24*, Misc. No. 23-9101 (Tex. Dec. 18, 2023), *published at* 87 Tex. B.J. 143, 143 (2024).

4

4. The other amendments take effect immediately and apply only to a civil action commenced on or after September 1, 2023.[12]

It is undisputed that the A Case and the D Case both commenced in 2012. Therefore, the only amendments to Rule 24 that could impact an appeal in either case are the amendments to Rules 24.1(b)(2) and 24.4(d).[13]

"Enforcement of a judgment must be suspended if the judgment is superseded."[14] Under the version of Rule 24 applicable to the Amended Orders, a judgment debtor can supersede a judgment by either:

(1) filing with the trial court clerk a written agreement with the judgment creditor for suspending enforcement of the judgment;
(2) filing with the trial court clerk a good and sufficient bond;
(3) making a deposit with the trial court clerk in lieu of a bond; or
(4) providing alternate security ordered by the court.[15]

Here, Choudhri did not reach an agreement, file a bond, or make a deposit. He contends that he provided alternate security. He produced a document entitled "Choudhri Supersedeas with Alternative Security" filed on August 11, 2025, in the A Case.[16] Choudhri's filing purports to pledge as alternative security several judgments he is owed, one-fourth of a claim for unpaid rent he is allegedly owed, one-tenth of his "49.5% interest in Mokaram Latiff West Loop, Ltd." and his "50% interest in Mokaram Latiff General, LLC."[17]

A document entitled "Ali Choudhri's And/Or The Dalio Entities' Supersedeas With Alternative Security" was filed in the D Case on or around August 13, 2025.[18] In this filing, Choudhri purports to pledge as alternative security "35% of [his] 49.5% interest in Mokaram Latiff West Loop, Ltd." and his "50% interest in Mokaram Latiff General, LLC."

---

[12] *Id.*

[13] The amended Rule 24.1(b)(2) is discussed below. Rule 24.4(d) governs appellate review of the trial court's orders on supersedeas security and is not relevant here.

[14] Tex. R. App. P. 24.1(f).

[15] Tex. R. App. P. 24.1(a)(4), 60 Tex. B.J. 430 (Tex. & Tex. Crim. App. 1997, amended 2023).

[16] A copy of this document is available at ECF No. 984, which was dismissed for noncompliance. The Court took judicial notice of the filing in Harris County and will cite to ECF No. 984 for convenience.

[17] ECF No. 984 at 5.

[18] This actual document was not a part of the record, but the online docket in the D Case was admitted as Receiver's Exhibit 11.

Both the Receiver and Choudhri point the Court to *In re Kay*, a Texas Supreme Court case from earlier this year.[19] Although *Kay* applied the amended version of Rule 24, the Court finds its analysis helpful in understanding the role of alternative security. The *Kay* court specifically clarifies that "Rule 24.1(a) has long permitted a court to order alternative security."[20] However, *Kay* does not help Choudhri. He did not present any evidence that his alleged "alternate security" was ordered by the court in either the A Case or the D Case—as plainly required by the rule in force in these cases.[21]

The Court's best understanding of Choudhri's best argument is that his "alternative security" filing in the trial court is the same thing as a bond and therefore, under the 2023 amendment to Rule 24.1(b)(2), which *is* applicable to the A and D Cases, it was "effective upon filing."[22] However, Rule 24.1(a), quoted above, clearly states that methods for superseding a judgment include either filing a bond (which supersedes immediately and need not be ordered by the court)[23] *or* providing alternate security (which must be ordered by the court).[24] A bond and alternate security, then, are different things.[25] Choudhri provided neither a bond nor an alternate security ordered by the court. Therefore, his supersedeas was not successful.

---

[19] *In re Kay*, 715 S.W.3d 747 (Tex. 2025).
[20] *Id.* at 751.
[21] *See* Tex. R. App. P. 24.1(a)(4), 60 Tex. B.J. 430 (Tex. & Tex. Crim. App. 1997, amended 2023).
[22] *See* Tex. R. App. P. 24.1(b)(2).
[23] Tex. R. App. P. 24.1(a)(2).
[24] Tex. R. App. P. 24.1(a)(4).
[25] The version of Rule 24.1(a)(4) applicable here reads "providing alternate security ordered by the court." The trial court in this case did not order any alternate security.

### C. The Amended Orders give the Receiver power to litigate on behalf of BDFI, LLC, Galleria Loop Note Holder, LLC, Jetall Capital LLC, and Choudhri himself.

As established in the preceding sections, Choudhri did not appeal the correct order, and even if he had, his efforts to supersede the order were not successful. For all of these reasons, the Amended Orders remain in force. The Court now has to consider whether those orders give the Receiver the power to control the parties he claims to in this case. They do.

The A Case Order defines "Debtor" as Ali Choudhri. [26] "Choudhri Receivership Assets" is defined as "all assets owned by Choudhri, except his ownership interests in any limited liability company."[27]

The D Case Order defines "Debtors" as Ali Choudhri, Dalio Holdings I, LLC, and Dalio Holdings II, LLC.[28] "Dalio Receivership Assets" is defined as "all assets owned by Dalio I and/or Dalio II" including a list of specific assets and claims.[29] "Choudhri Receivership Assets is again defined as "all assets owned by Choudhri, except his ownership interests in any limited liability company."[30] "Receivership Assets" is defined as "the Dalio Receivership Assets and the Choudhri Receivership Assets."[31]

Both the A Case Order and the D Case Order define "Choudhri LLC's" as "each limited liability company in which Choudhri owns a membership interest . . . excluding his interest in the Bankrupt LLCs."[32] Choudhri owns a membership interest in BDFI, LLC, Galleria Loop Note Holder, LLC, and Jetall Capital LLC; all of these entities are thus covered by the Amended Orders.[33]

The relevant provisions of the Amended Orders are substantially the same. Those provisions provide the Receiver with broad authority, plainly including the control of filings in this case:

---

[26] ECF No. 931-1 at ¶ 2.

[27] *Id.* at ¶ 8.

[28] ECF No. 931-2 at ¶ 7.

[29] *Id.* at ¶ 13

[30] *Id.* at ¶ 14.

[31] *Id.* at ¶ 15. The order specifies that assets of any entity in bankruptcy are not included. *E.g.*, *id.* at ¶¶ 15, 16.

[32] ECF No. 931-1 at ¶ 9; ECF No. 931-2 at ¶ 16.

[33] *See* ECF No. 931-1 at ¶ 9 (listing BDFI, LLC, and Jetall Capital, LLC); ECF No. 931-2 at ¶ 16 (same); Receiver's Ex. 8 at 6 ("Galleria Loop Note Holder is 100% owned by Choudhri.").

7

Debtor's Business. All authority and power of Debtors to manage and operate the businesses of Debtors not currently in Bankruptcy is vested in the Receiver and no decision may be made or carried out without the express approval of the Receiver. This order supersedes the authority of any officers, directors, or managers of Debtors. For the avoidance of doubt, the foregoing paragraph shall not apply to Choudhri's ability to manage and operate the business Texas REIT, LLC, which is subject to the jurisdiction of the Bankruptcy Court, nor any other Bankrupt LLC.[34]

Ancillary Litigations. The Receiver may but is not required to defend or prosecute any litigation regarding the Debtors or Receivership Assets. The Receiver may intervene into lawsuits being prosecuted by Creditors and/or Debtors given the Receiver's potential interest in Debtors' assets. The Receiver is authorized to engage, employ, supervise, and compensate legal counsel for litigation. Any contingency fee agreement between the Receiver and proposed counsel must be approved by this Court.[35]

The Amended Orders are clear and unambiguous.[36] The Receiver has the power to "manage and operate the business of Debtors not currently in Bankruptcy."[37] This includes Ali Choudhri, BDFI, LLC, Galleria Loop Note Holder, LLC, and Jetall Capital LLC. The Receiver also has explicit authority to litigate on behalf of Ali Choudhri, BDFI, LLC, Galleria Loop Note Holder, LLC, and Jetall Capital LLC. This authority is exclusive.[38]

## D. The Court Requires Further Briefing on Remedies

---

[34] ECF No. 931-1 at ¶ 20 (footnote omitted); ECF No. 931-2 at ¶ 26 (footnote omitted). The A Case Order has an additional sentence in this paragraph, reading "As noted previously herein, nothing in this Order is intended to violate any bankruptcy stay that may be applicable and the Bankruptcy Court shall maintain exclusive jurisdiction over any litigation pertaining to any Bankrupt LLCs." ECF No. 931-1 at ¶ 20.

[35] ECF No. 931-1 at ¶ 41; ECF No. 931-2 at ¶ 47.

[36] The parties dispute the effect of *WC 4th & Colo. v. Colo. Third St., LLC*, No. 14-22-00764-CV, 2025 Tex. App. LEXIS 2857 (Tex. App.—Houston [14th Dist.] Apr. 29, 2025, no pet. h.). However, this case is not relevant to the Court's decision here, as the Choudhri LLCs are exempt from turnover in the Amended Orders. ECF No. 931-1 at ¶¶ 8, 17; ECF No. 931-2 at ¶¶ 14, 15,

[37] ECF No. 931-1 at ¶ 20; ECF No. 931-2 at ¶ 26.

[38] *Cf. Penny v. El Patio, LLC*, 466 S.W.3d 914, 920–21 (Tex. App.—Austin 2015, pet. denied) (finding that an operating agreement giving full authority to carry out business of a company, even though it did not expressly mention litigation, plainly gave exclusive authority to litigate on behalf of the company).

It is clear to the Court that *prospective* relief should be granted in this matter. The Amended Orders are clear: the Receiver has the exclusive power to litigate on behalf of Mr. Choudhri and on behalf of BDFI, LLC, Galleria Loop Note Holder, LLC, and Jetall Capital LLC. Neither Mr. Choudhri. BDFI, LLC, Galleria Loop Note Holder, LLC, nor Jetall Capital LLC have the ability to represent themselves or to hire counsel to do so. That responsibility lies solely with the Receiver. Therefore, Lyndel Vargas, Cavazos Hendricks Poirot, P.C., and Justin Rayome do not have authority to represent BDFI, LLC, Galleria Loop Note Holder, LLC, Jetall Capital LLC, or Mr. Choudhri in this Court or any other Court. Going forward, this Court shall strike any filings made by anyone purporting to represent BDFI, LLC, Galleria Loop Note Holder, LLC, Jetall Capital LLC, or Mr. Choudhri without the authorization of the Receiver.

What is less clear is whether this Court should *retroactively* strike the numerous filings that appear to have been made without the Receiver's authorization. The Amended Orders were signed in April 2025. The Receiver's Motion to Show Authority, however, was not filed until October 4, 2025. [39] The Court is sympathetic to the fact that litigating this issue has proven challenging, which the Receiver attributes at least in part to dilatory tactics allegedly employed by Mr. Choudhri and his attorneys in both state and federal court. However, the litigation in this case progressed while the Receiver's authority issue was unresolved. A blanket striking of all filings submitted on behalf of Choudhri, BDFI, LLC, Galleria Loop Note Holder, LLC, and Jetall Capital LLC since the Amended Orders were entered seems impractical without further opportunity either for potential ratification by the Receiver or by consideration of the effects of such relief on other parties including those who filed such documents believing they were entitled to do so and without objection from the Receiver.

Therefore, on or before October 31, 2025, at 3:00 PM CT, the Receiver is instructed to file with this Court a notice enumerating which specific documents the Receiver desires to strike. Other parties may object no later than November 10, 2025, at 3:00 PM CT. The Receiver may respond no later than November 17, 2025.

# # #

---

[39] ECF No. 970.

# EXHIBIT L

# UNITED STATES BANKRUPTCY COURT

Western DISTRICT OF Texas

Austin Division

In Re. 1001 WL, LLC

§
§
§
§

Debtor(s)

Case No. 24-10119

☐ Jointly Administered

# Monthly Operating Report

Chapter 11

Reporting Period Ended: 11/30/2025

Petition Date: 02/06/2024

Months Pending: 22

Industry Classification: 5 3 1 1

Reporting Method:　　　　　Accrual Basis ⦿　　　　Cash Basis ◯

Debtor's Full-Time Employees (current):　　　　　　0

Debtor's Full-Time Employees (as of date of order for relief):　　　　0

**Supporting Documentation** (check all that are attached):

(For jointly administered debtors, any required schedules must be provided on a non-consolidated basis for each debtor)

☒　Statement of cash receipts and disbursements
☐　Balance sheet containing the summary and detail of the assets, liabilities and equity (net worth) or deficit
☐　Statement of operations (profit or loss statement)
☐　Accounts receivable aging
☐　Postpetition liabilities aging
☐　Statement of capital assets
☐　Schedule of payments to professionals
☐　Schedule of payments to insiders
☒　All bank statements and bank reconciliations for the reporting period
☐　Description of the assets sold or transferred and the terms of the sale or transfer

/s/ John Patrick Lowe

Signature of Responsible Party

12/19/2025

Date

John Patrick Lowe, Trustee

Printed Name of Responsible Party

2402 East Main Street, Uvalde, TX 78801

Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

Debtor's Name 1001 WL, LLC                                      Case No. 24-10119

| Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|
| a. Cash balance beginning of month | $773,077 | |
| b. Total receipts (net of transfers between accounts) | $85,043 | $0 |
| c. Total disbursements (net of transfers between accounts) | $244,097 | $0 |
| d. Cash balance end of month (a+b-c) | $614,023 | |
| e. Disbursements made by third party for the benefit of the estate | $0 | $0 |
| f. Total disbursements for quarterly fee calculation (c+e) | $244,097 | $0 |

| Part 2: Asset and Liability Status (Not generally applicable to Individual Debtors. See Instructions.) | Current Month |
|---|---|
| a. Accounts receivable (total net of allowance) | $0 |
| b. Accounts receivable over 90 days outstanding (net of allowance) | $0 |
| c. Inventory    (Book ○   Market ○   Other ◉   (attach explanation)) | $0 |
| d Total current assets | $0 |
| e. Total assets | $0 |
| f. Postpetition payables (excluding taxes) | $0 |
| g. Postpetition payables past due (excluding taxes) | $0 |
| h. Postpetition taxes payable | $0 |
| i. Postpetition taxes past due | $0 |
| j. Total postpetition debt (f+h) | $0 |
| k. Prepetition secured debt | $0 |
| l. Prepetition priority debt | $0 |
| m. Prepetition unsecured debt | $0 |
| n. Total liabilities (debt) (j+k+l+m) | $0 |
| o. Ending equity/net worth (e-n) | $0 |

| Part 3: Assets Sold or Transferred | Current Month | Cumulative |
|---|---|---|
| a. Total cash sales price for assets sold/transferred outside the ordinary course of business | $0 | $0 |
| b. Total payments to third parties incident to assets being sold/transferred outside the ordinary course of business | $0 | $0 |
| c. Net cash proceeds from assets sold/transferred outside the ordinary course of business (a-b) | $0 | $0 |

| Part 4: Income Statement (Statement of Operations) (Not generally applicable to Individual Debtors. See Instructions.) | Current Month | Cumulative |
|---|---|---|
| a. Gross income/sales (net of returns and allowances) | $85,043 | |
| b. Cost of goods sold (inclusive of depreciation, if applicable) | $0 | |
| c. Gross profit (a-b) | $85,043 | |
| d. Selling expenses | $0 | |
| e. General and administrative expenses | $0 | |
| f. Other expenses | $0 | |
| g. Depreciation and/or amortization (not included in 4b) | $0 | |
| h. Interest | $0 | |
| i. Taxes (local, state, and federal) | $0 | |
| j. Reorganization items | $0 | |
| k. Profit (loss) | $0 | $0 |

UST Form 11-MOR (12/01/2021)                                2

Debtor's Name  1001 WL, LLC                                              Case No.  24-10119

| Part 5: Professional Fees and Expenses | | | | | |
|---|---|---|---|---|---|
| | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
| a. | Debtor's professional fees & expenses (bankruptcy) *Aggregate Total* | | | | |
| | *Itemized Breakdown by Firm* | | | | |
| | Firm Name | Role | | | |
| i | | | | | |
| ii | | | | | |
| iii | | | | | |
| iv | | | | | |
| v | | | | | |
| vi | | | | | |
| vii | | | | | |
| viii | | | | | |
| ix | | | | | |
| x | | | | | |
| xi | | | | | |
| xii | | | | | |
| xiii | | | | | |
| xiv | | | | | |
| xv | | | | | |
| xvi | | | | | |
| xvii | | | | | |
| xviii | | | | | |
| xix | | | | | |
| xx | | | | | |
| xxi | | | | | |
| xxii | | | | | |
| xxiii | | | | | |
| xxiv | | | | | |
| xxv | | | | | |
| xxvi | | | | | |
| xxvii | | | | | |
| xxviii | | | | | |
| xxix | | | | | |
| xxx | | | | | |
| xxxi | | | | | |
| xxxii | | | | | |
| xxxiii | | | | | |
| xxxiv | | | | | |
| xxxv | | | | | |
| xxxvi | | | | | |

UST Form 11-MOR (12/01/2021)                           3

Debtor's Name  1001 WL, LLC

Case No.  24-10119

| | | | | | |
|---|---|---|---|---|---|
| xxxvii | | | | | |
| xxxvii | | | | | |
| xxxix | | | | | |
| xl | | | | | |
| xli | | | | | |
| xlii | | | | | |
| xliii | | | | | |
| xliv | | | | | |
| xlv | | | | | |
| xlvi | | | | | |
| xlvii | | | | | |
| xlviii | | | | | |
| xlix | | | | | |
| l | | | | | |
| li | | | | | |
| lii | | | | | |
| liii | | | | | |
| liv | | | | | |
| lv | | | | | |
| lvi | | | | | |
| lvii | | | | | |
| lviii | | | | | |
| lix | | | | | |
| lx | | | | | |
| lxi | | | | | |
| lxii | | | | | |
| lxiii | | | | | |
| lxiv | | | | | |
| lxv | | | | | |
| lxvi | | | | | |
| lxvii | | | | | |
| lxviii | | | | | |
| lxix | | | | | |
| lxx | | | | | |
| lxxi | | | | | |
| lxxii | | | | | |
| lxxiii | | | | | |
| lxxiv | | | | | |
| lxxv | | | | | |
| lxxvi | | | | | |
| lxxvii | | | | | |
| lxxviii | | | | | |

Debtor's Name  1001 WL, LLC

Case No.  24-10119

| | | | | | | |
|---|---|---|---|---|---|---|
| lxxix | | | | | | |
| lxxx | | | | | | |
| lxxxi | | | | | | |
| lxxxii | | | | | | |
| lxxxiii | | | | | | |
| lxxxiv | | | | | | |
| lxxxv | | | | | | |
| lxxxvi | | | | | | |
| lxxxvi | | | | | | |
| lxxxvi | | | | | | |
| lxxxix | | | | | | |
| xc | | | | | | |
| xci | | | | | | |
| xcii | | | | | | |
| xciii | | | | | | |
| xciv | | | | | | |
| xcv | | | | | | |
| xcvi | | | | | | |
| xcvii | | | | | | |
| xcviii | | | | | | |
| xcix | | | | | | |
| c | | | | | | |
| ci | | | | | | |

| | | | Approved Current Month | Approved Cumulative | Paid Current Month | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Debtor's professional fees & expenses (nonbankruptcy)  *Aggregate Total* | | | | | |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| i | | | | | | |
| ii | | | | | | |
| iii | | | | | | |
| iv | | | | | | |
| v | | | | | | |
| vi | | | | | | |
| vii | | | | | | |
| viii | | | | | | |
| ix | | | | | | |
| x | | | | | | |
| xi | | | | | | |
| xii | | | | | | |
| xiii | | | | | | |
| xiv | | | | | | |

Debtor's Name  1001 WL, LLC                                          Case No.  24-10119

| | | | | | |
|---|---|---|---|---|---|
| xv | | | | | |
| xvi | | | | | |
| xvii | | | | | |
| xviii | | | | | |
| xix | | | | | |
| xx | | | | | |
| xxi | | | | | |
| xxii | | | | | |
| xxiii | | | | | |
| xxiv | | | | | |
| xxv | | | | | |
| xxvi | | | | | |
| xxvii | | | | | |
| xxviii | | | | | |
| xxix | | | | | |
| xxx | | | | | |
| xxxi | | | | | |
| xxxii | | | | | |
| xxxiii | | | | | |
| xxxiv | | | | | |
| xxxv | | | | | |
| xxxvi | | | | | |
| xxxvii | | | | | |
| xxxvii | | | | | |
| xxxix | | | | | |
| xl | | | | | |
| xli | | | | | |
| xlii | | | | | |
| xliii | | | | | |
| xliv | | | | | |
| xlv | | | | | |
| xlvi | | | | | |
| xlvii | | | | | |
| xlviii | | | | | |
| xlix | | | | | |
| l | | | | | |
| li | | | | | |
| lii | | | | | |
| liii | | | | | |
| liv | | | | | |
| lv | | | | | |
| lvi | | | | | |

UST Form 11-MOR (12/01/2021)                              6

Debtor's Name  1001 WL, LLC                                    Case No.  24-10119

| lvii | | | | | |
|------|--|--|--|--|--|
| lviii | | | | | |
| lix | | | | | |
| lx | | | | | |
| lxi | | | | | |
| lxii | | | | | |
| lxiii | | | | | |
| lxiv | | | | | |
| lxv | | | | | |
| lxvi | | | | | |
| lxvii | | | | | |
| lxviii | | | | | |
| lxix | | | | | |
| lxx | | | | | |
| lxxi | | | | | |
| lxxii | | | | | |
| lxxiii | | | | | |
| lxxiv | | | | | |
| lxxv | | | | | |
| lxxvi | | | | | |
| lxxvii | | | | | |
| lxxviii | | | | | |
| lxxix | | | | | |
| lxxx | | | | | |
| lxxxi | | | | | |
| lxxxii | | | | | |
| lxxxiii | | | | | |
| lxxxiv | | | | | |
| lxxxv | | | | | |
| lxxxvi | | | | | |
| lxxxvi | | | | | |
| lxxxvi | | | | | |
| lxxxix | | | | | |
| xc | | | | | |
| xci | | | | | |
| xcii | | | | | |
| xciii | | | | | |
| xciv | | | | | |
| xcv | | | | | |
| xcvi | | | | | |
| xcvii | | | | | |
| xcviii | | | | | |

UST Form 11-MOR (12/01/2021)                          7

Debtor's Name  1001 WL, LLC                                    Case No.  24-10119

| | xcix | | | | | |
|---|---|---|---|---|---|---|
| | c | | | | | |
| c. | All professional fees and expenses (debtor & committees) | | | | | |

| Part 6:  Postpetition Taxes | Current Month | Cumulative |
|---|---|---|
| a.  Postpetition income taxes accrued (local, state, and federal) | $0 | $0 |
| b.  Postpetition income taxes paid (local, state, and federal) | $0 | $0 |
| c.  Postpetition employer payroll taxes accrued | $0 | $0 |
| d.  Postpetition employer payroll taxes paid | $0 | $0 |
| e.  Postpetition property taxes paid | $0 | $0 |
| f.  Postpetition other taxes accrued (local, state, and federal) | $0 | $0 |
| g.  Postpetition other taxes paid (local, state, and federal) | $0 | $0 |

**Part 7: Questionnaire - During this reporting period:**

a.  Were any payments made on prepetition debt?  (if yes, see Instructions)   Yes ○   No ◉

b.  Were any payments made outside the ordinary course of business without court approval?  (if yes, see Instructions)   Yes ○   No ◉

c.  Were any payments made to or on behalf of insiders?   Yes ○   No ◉

d.  Are you current on postpetition tax return filings?   Yes ○   No ◉

e.  Are you current on postpetition estimated tax payments?   Yes ○   No ◉

f.  Were all trust fund taxes remitted on a current basis?   Yes ○   No ◉

g.  Was there any postpetition borrowing, other than trade credit? (if yes, see Instructions)   Yes ○   No ◉

h.  Were all payments made to or on behalf of professionals approved by the court?   Yes ○   No ○   N/A ◉

i.  Do you have:   Worker's compensation insurance?   Yes ○   No ◉

   If yes, are your premiums current?   Yes ○   No ○   N/A ◉   (if no, see Instructions)

   Casualty/property insurance?   Yes ◉   No ○

   If yes, are your premiums current?   Yes ◉   No ○   N/A ○   (if no, see Instructions)

   General liability insurance?   Yes ◉   No ○

   If yes, are your premiums current?   Yes ◉   No ○   N/A ○   (if no, see Instructions)

j.  Has a plan of reorganization been filed with the court?   Yes ◉   No ○

k.  Has a disclosure statement been filed with the court?   Yes ○   No ◉

l.  Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930?   Yes ◉   No ○

Debtor's Name  1001 WL, LLC                                    Case No.  24-10119

**Part 8: Individual Chapter 11 Debtors (Only)**

| | | |
|---|---|---|
| a. | Gross income (receipts) from salary and wages | $0 |
| b. | Gross income (receipts) from self-employment | $0 |
| c. | Gross income from all other sources | $0 |
| d. | Total income in the reporting period (a+b+c) | $0 |
| e. | Payroll deductions | $0 |
| f. | Self-employment related expenses | $0 |
| g. | Living expenses | $0 |
| h. | All other expenses | $0 |
| i. | Total expenses in the reporting period (e+f+g+h) | $0 |
| j. | Difference between total income and total expenses (d-i) | $0 |
| k. | List the total amount of all postpetition debts that are past due | $0 |
| l. | Are you required to pay any Domestic Support Obligations as defined by 11 U.S.C § 101(14A)? | Yes ○  No ● |
| m. | If yes, have you made all Domestic Support Obligation payments? | Yes ○  No ○  N/A ● |

**Privacy Act Statement**

28 U.S.C. § 589b authorizes the collection of this information, and provision of this information is mandatory under 11 U.S.C. §§ 704, 1106, and 1107. The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6). The United States Trustee will also use this information to evaluate a chapter 11 debtor's progress through the bankruptcy system, including the likelihood of a plan of reorganization being confirmed and whether the case is being prosecuted in good faith. This information may be disclosed to a bankruptcy trustee or examiner when the information is needed to perform the trustee's or examiner's duties or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law. Other disclosures may be made for routine purposes. For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records." *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006). A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/rules_regulations/index.htm. Failure to provide this information could result in the dismissal or conversion of your bankruptcy case or other action by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F).

**<u>I declare under penalty of perjury that the foregoing Monthly Operating Report and its supporting documentation are true and correct and that I have been authorized to sign this report on behalf of the estate.</u>**

/s/ John Patrick Lowe                                          John Patrick Lowe, Trustee
_____                               _____
Signature of Responsible Party                                Printed Name of Responsible Party

Trustee                                                       12/19/2025
_____                               _____
Title                                                         Date

24-10119-smr Doc#:1033 Filed:12/09/25 Entered:12/09/25 14:33:26 Main Document Pg 152 of 202

Debtor's Name  1001 WL, LLC                                    Case No.  24-10119



PageOnePartOne

PageOnePartTwo

PageTwoPartOne

PageTwoPartTwo

Debtor's Name 1001 WL, LLC

Case No. 24-10119

Bankruptcy1to50

Bankruptcy51to100

NonBankruptcy1to50

NonBankruptcy51to100

Debtor's Name  1001 WL, LLC                                          Case No.  24-10119



PageThree



PageFour

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

**FORM 2**

| Case No: 24-10119 | Trustee Name: John Patrick Lowe, Trustee |
|---|---|
| Case Name: 1001 WL, LLC | Bank Name: Axos Bank |
| | Account Number/CD#: XXXXXX3887 |
| | Checking Account |
| Taxpayer ID No: XX-XXX5202 | Blanket Bond (per case limit): |
| For Period Ending: 11/30/2025 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| | | | Balance Forward | | | | $0.00 |
| 02/05/25 | | WELLS FARGO BANK, N.A. | BANK ACCOUNT BALANCE #7722 | 0000-00 | $586,584.21 | | $586,584.21 |
| 02/10/25 | 1 | UNITED STATES TREASURY | REGISTRY FUNDS-ADV. 24-01030 | 1221-00 | $26,936.25 | | $613,520.46 |
| 02/11/25 | 4001 | GRISELDA SANCHEZ<br>1742 Woodvine Dr.<br>Houston, TX 77055 | JANITORIAL EXPENSE 01/16/25 - 01/31/25 | 0000-00 | | $1,232.00 | $612,288.46 |
| 02/11/25 | 4002 | MARIA CRISTINA LEOS RICO<br>11602 Bellbrook Dr.<br>Houston, TX 77096 | JANITORIAL EXPENSE 01/16/25 - 01/31/25 | 0000-00 | | $1,155.00 | $611,133.46 |
| 02/11/25 | 4003 | CENIA ROMERO<br>3502 Darlinghurst #168B<br>Houston, TX 77045 | JANITORIAL EXPENSE 01/16/25 - 01/31/25 | 0000-00 | | $1,122.00 | $610,011.46 |
| 02/11/25 | 4004 | OCTAVIO CARRANZA<br>6019 Fortelle Dr.<br>Houston, TX 77035 | GENERAL MAINTENACE LABOR AND LANDSCAPING; 01/16/25 - 01/31/25 | 0000-00 | | $3,262.48 | $606,748.98 |
| 02/11/25 | 4005 | THE HARTFORD<br>P O Box 660916<br>Dallas, TX 75266-0916 | ACCOUNT NUMBER: 17560249 01/22/25 INSTALLMENT | 0000-00 | | $19,568.00 | $587,180.98 |
| 02/11/25 | 4006 | MUELLER WATER CONDITIONING INC.<br>P.O. Box 650998<br>Dallas, TX 75265 | JANUARY 2025 INVOICE NUMBER: 0479129-IN | 0000-00 | | $320.00 | $586,860.98 |
| 02/11/25 | 4007 | TK ELEVATOR CORPORATION<br>P.O. Box 3796<br>Carol Stream, IL 60132 | ELEVATOR INSPECTION AND REPAIR INVOICE #: 3008348657 | 0000-00 | | $8,649.40 | $578,211.58 |
| 02/11/25 | 4008 | DATAWATCH SYSTEMS<br>P.O. Box 79845<br>Baltimore, MD 21279 | 09/10/24 - 09/30/24 INVOICE NUMBER: 229599 | 0000-00 | | $2,206.35 | $576,005.23 |
| 02/11/25 | 4009 | DATAWATCH SYSTEMS<br>P.O. Box 79845<br>Baltimore, MD 21279 | 10/01/24 - 10/31/24 INVOICE NUMBER: 240944 | 0000-00 | | $2,206.35 | $573,798.88 |
| 02/11/25 | 4010 | DATAWATCH SYSTEMS<br>P.O. Box 79845<br>Baltimore, MD 21279 | ACCESS CONTROL SYSTEM INVOICE NUMBER: 294622 | 0000-00 | | $1,001.59 | $572,797.29 |
| | | | Page Subtotals: | | $613,520.46 | $40,723.17 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Case No: 24-10119 | | | | Trustee Name: John Patrick Lowe, Trustee | | |
| Case Name: 1001 WL, LLC | | | | Bank Name: Axos Bank | | |
| | | | | Account Number/CD#: XXXXXX3887 | | |
| | | | | Checking Account | | |
| Taxpayer ID No: XX-XXX5202 | | | | Blanket Bond (per case limit): | | |
| For Period Ending: 11/30/2025 | | | | Separate Bond (if applicable): | | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 02/11/25 | 4011 | WASTE MANAGEMENT<br>P.O. Box 660345<br>Dallas, TX 75266 | 02/01/25 - 02/28/25 INVOICE NUMBER: 7902778-0011-2 | 0000-00 | | $839.68 | $571,957.61 |
| 02/11/25 | 4012 | CITY OF HOUSTON<br>PO Box 1560<br>Houston, TX 77251-1560 | ACCOUNT NUMBER: 5803-5549-1169 | 0000-00 | | $13,248.55 | $558,709.06 |
| 02/11/25 | 4013 | CIRRO ENERGY<br>U.S. Retailers, LLC<br>PO Box 660004<br>Dallas, TX 75266-0004 | ACCOUNT #: 11 593 247 - 7<br>INVOICE #: 333001357901 | 0000-00 | | $19,698.63 | $539,010.43 |
| 02/17/25 | 4014 | MODERN PEST CONTROL<br>1110 East Ave.<br>Katy, TX 77493 | ACCOUNT NUMBER: 74317<br>INVOICE NO. 673179 | 0000-00 | | $319.34 | $538,691.09 |
| 02/17/25 | 4015 | AT&T | ACCOUNT NUMBER: 330966395 | 0000-00 | | $117.51 | $538,573.58 |
| 02/17/25 | 4016 | OCTAVIO CARRANZA<br>6019 Fortelle Dr.<br>Houston, TX 77035 | GENERAL MAINTENACE LABOR 02/01/25 - 02-15/25 | 0000-00 | | $2,919.00 | $535,654.58 |
| 02/17/25 | 4017 | MARIA CRISTINA LEOS | JANITORIAL EXPENSES 02/03/25 - 02/14/25 | 0000-00 | | $1,155.00 | $534,499.58 |
| 02/17/25 | 4018 | CENIA ROMERO<br>3502 Darlinghurst #168B<br>Houston, TX 77045 | JANITORAL EXPENSE 02/03/25 - 02/14/25 | 0000-00 | | $1,155.00 | $533,344.58 |
| 02/17/25 | 4019 | GRISELDA SANCHEZ<br>1742 Woodvine Dr.<br>Houston, TX 77055 | JANITORIAL EXPENSE 02/03/25 - 02/14/25 | 0000-00 | | $1,120.00 | $532,224.58 |
| 02/17/25 | 4020 | TENESHIA HUDSPETH, HARRIS COUNTY CL<br>Harris County Clerk's Office<br>P.O. Box 1525<br>Houston, TX 77251-1525 | RECORDING FEE SECTION 549 AFFIDAVIT | 0000-00 | | $33.00 | $532,191.58 |
| 02/28/25 | 4021 | KLEEN SUPPLY COMPANY<br>PO Box 2037<br>Galveston, TX 77553 | SUPPLIES INVOICE #45625 | 0000-00 | | $1,612.57 | $530,579.01 |
| 02/28/25 | 4022 | GRISELDA SANCHEZ<br>1742 Woodvine Dr.<br>Houston, TX 77055 | JANITORIAL EXPENSE 02/17/25 - 02/28/25 | 0000-00 | | $1,160.00 | $529,419.01 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | Page Subtotals: | | $0.00 | $43,378.28 |

Page: 3

24-10119 smr Doc#1031-1 Filed 01/02/26 Entered 01/02/26 14:31:26 Exhibit A-Leg 157
FORM 2
Cash Receipts and Disbursements Record for Period Ended Novembe Pg 3 of 44
ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Case No: 24-10119

Case Name: 1001 WL, LLC

Trustee Name: John Patrick Lowe, Trustee

Bank Name: Axos Bank

Account Number/CD#: XXXXXX3887

Checking Account

Taxpayer ID No: XX-XXX5202

For Period Ending: 11/30/2025

Blanket Bond (per case limit):

Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 02/28/25 | 4023 | OCTAVIO CARRANZA 6019 Fortelle Dr. Houston, TX 77035 | GENERAL MAINTENACE LABOR 02/16/25 - 02/28/25 | 0000-00 | | $2,775.00 | $526,644.01 |
| 02/28/25 | 4024 | OCTAVIO CARRANZA 6019 Fortelle Dr. Houston, TX 77035 | REIMBURSEMENT - FUEL SKAYS CHEVRON $55.30; COSTCO $51.92 | 0000-00 | | $107.22 | $526,536.79 |
| 02/28/25 | 4025 | MARIA CRISTINA LEOS 11602 Bellbrook Dr. Houston, TX 77096 | JANITORAL EXPENSE 02/17/25 - 02/28/25 | 0000-00 | | $1,155.00 | $525,381.79 |
| 02/28/25 | 4026 | CENIA ROMERO 3502 Darlinghurst #168B Houston, TX 77045 | JANITORAL EXPENSE 02/17/25 - 02/28/25 | 0000-00 | | $1,138.50 | $524,243.29 |
| 02/28/25 | 4027 | THE HARTFORD P O Box 660916 Dallas, TX 75266-0916 | ACCOUNT NUMBER: 17560249 02/22/25 INSTALLMENT | 0000-00 | | $19,568.00 | $504,675.29 |
| 03/11/25 | 4028 | FVA CONSTRUCTION 579 Farm to Market 1410 Devers, Texas 77538 | PROPERTY MAINTENACE AND LANDSCAPING INVOICES #S: INV-000038; INV-000041; AND INV-000043 CHECK MAILED TO:  1001 WL, LLC 1001 West Loop South, Suite 700 Houston, TX 77027 Attn: Garrett Boyd | 0000-00 | | $4,700.00 | $499,975.29 |
| 03/11/25 | 4029 | FIRST INSURANCE FUNDING PO Box 7000 Carol Stream, IL 60197-7000 | LOAN NUMBER: XXX-102330529 FEB AND MAR 2025 PAYMENTS SENT BY FEDEX TO THE FOLLOWING ADDRESS:  FIRST Insurance Funding 450 Skokie Blvd, Ste 1000 Northbrook, IL 60062 | 0000-00 | | $3,293.84 | $496,681.45 |

Page Subtotals: $0.00 $32,737.56

24-10119-smr Doc#311 Filed 01/29/25 Entered 01/29/25 14:31:47 Exhibit A-L Page 158
FORM 2
Cash Receipts and Disbursements Record for Period Ended Novembe Pg 4 of 44
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Case No: 24-10119

Case Name: 1001 WL, LLC

Trustee Name: John Patrick Lowe, Trustee

Bank Name: Axos Bank

Account Number/CD#: XXXXXX3887

Checking Account

Taxpayer ID No: XX-XXX5202

For Period Ending: 11/30/2025

Blanket Bond (per case limit):

Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 03/11/25 | 4030 | THE HARTFORD<br>P O Box 660916<br>Dallas, TX 75266-0916 | ACCOUNT NUMBER:<br>17560249<br>CHECK MAILED TO:<br><br>The Hartford<br>PO Box 660916<br>Dallas, TX 75266-0916 | 0000-00 | | $39,171.00 | $457,510.45 |
| 03/12/25 | 4031 | CITY OF HOUSTON<br>P.O. Box 1560<br>Houston, TX 77251 | ACCOUNT NUMBER:<br>58035549116 | 0000-00 | | $10,620.31 | $446,890.14 |
| 03/13/25 | 4032 | CENIA ROMERO<br>3502 Darlinghurst #168B<br>Houston, TX 77045 | JANITORAL EXPENSE<br>03/03/25 - 03/14/25<br>SENT VIA FEDEX TO 1001<br>WL, LLC - GARRETT BOYD | 0000-00 | | $1,155.00 | $445,735.14 |
| 03/13/25 | 4033 | MARIA CRISTINA LEOS<br>11602 Bellbrook Dr.<br>Houston, TX 77096 | JANITORAL EXPENSE<br>03/03/25 - 03/14/25<br>SENT VIA FEDEX TO 1001<br>WL, LLC - GARRETT BOYD | 0000-00 | | $1,155.00 | $444,580.14 |
| 03/13/25 | 4034 | GRISELDA SANCHEZ<br>1742 Woodvine Dr.<br>Houston, TX 77055 | JANITORIAL EXPENSE<br>03/03/25 - 03/14/25<br>SENT VIA FEDEX TO 1001<br>WL, LLC - GARRETT BOYD | 0000-00 | | $1,160.00 | $443,420.14 |
| 03/13/25 | 4035 | OCTAVIO CARRANZA<br>6019 Fortelle Dr.<br>Houston, TX 77035 | GENERAL MAINTENACE<br>LABOR 03/01/25 - 03/14/25<br>SENT VIA FEDEX TO 1001<br>WL, LLC - GARRETT BOYD | 0000-00 | | $3,192.00 | $440,228.14 |
| 03/13/25 | 4036 | OCTAVIO CARRANZA<br>6019 Fortelle Dr.<br>Houston, TX 77035 | REIMBURSEMENT -<br>EXPENSES MEMORIAL<br>CHEVRON $58.25; ACME<br>$30.85; ACME $11.91<br>SENT VIA FEDEX TO 1001<br>WL, LLC - GARRETT BOYD | 0000-00 | | $101.01 | $440,127.13 |
| 03/13/25 | 4037 | KLEEN SUPPLY COMPANY<br>PO Box 2037<br>Galveston, TX 77553 | SUPPLIES INVOICE #46029<br>SENT VIA FEDEX TO 1001<br>WL, LLC - GARRETT BOYD | 0000-00 | | $1,121.47 | $439,005.66 |
| 03/14/25 | | S DAEINEJAD | RENTAL PROCEEDS<br>Bank Serial #: | 0000-00 | $300.00 | | $439,305.66 |
| | | | Page Subtotals: | | $300.00 | $57,675.79 | |

Page: 5

24-10119-smr Doc#311 Filed 01/20/25 Entered 01/20/25 14:33:47 Exhibit A-L Pg 159
FORM 2
Cash Receipts and Disbursements Record for Period Ended Novembe Pg 5 of 44
ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| | | | | | | |
|---|---|---|---|---|---|---|
| Case No: 24-10119 | | | | Trustee Name: | John Patrick Lowe, Trustee | |
| Case Name: 1001 WL, LLC | | | | Bank Name: | Axos Bank | |
| | | | | Account Number/CD#: | XXXXXX3887 | |
| | | | | | Checking Account | |
| Taxpayer ID No: XX-XXX5202 | | | | Blanket Bond (per case limit): | | |
| For Period Ending: 11/30/2025 | | | | Separate Bond (if applicable): | | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 03/18/25 | | PALLADIUM CNSLT | RENTAL PROCEEDS<br>Bank Serial #: | 0000-00 | $15,677.66 | | $454,983.32 |
| 03/19/25 | | SAM R. CAMMACK III, ATTORNEY AT LAW | MARCH RENT<br>DDA REGULAR DEPOSIT - RENTER'S CHECK DEPOSITED DIRECTLY INTO ACCOUNT ON 03/18/25 BY RENTER/REMITTER (NOT SURE HOW THAT WAS DONE/APPROVED).  I WAS NOT ABLE TO BACK DATE DEPOSIT TO 03/18/25 SO DATE GENERATED BY SYSTEM IS 03/19/25.  I DID NOT RECORD FROM BA | 0000-00 | $1,500.00 | | $456,483.32 |
| 03/27/25 | 4038 | UNITED STATES TRUSTEE | 4TH QTR YEAR 2024 - CH 11 QTRLY FEE ACCOUNT NUMBER: 4212410119 CHECK MAILED TO:<br><br>UNITED STATES TRUSTEE PAYMENT CENTER P.O. BOX 6200-19 PORTLAND, OR 97228-6200 | 0000-00 | | $1,083.00 | $455,400.32 |
| 03/28/25 | | QUEST PERSONNEL RESOURCES, INC.<br>1001 WEST LOOP SOUTH STE 625 HOUSTON, TEXAS 77027 | MARCH 2025 RENT<br>DDA REGULAR DEPOSIT - AXOS BANK EMAILED TRUSTEE NOTIFYING HIM THAT IT HAD RECEIVED A CHECK IN THE MAIL PAYABLE TO 1001 WL,LLC DEBTOR TO BE DEPOSITED WITH NO ACCOUNT NUMBER TO MAKE THE DEPOSIT IN.  TRUSTEE ADVISED AXOS BANK WITH THE ACCOUNT NUMBER IN WHIC | 0000-00 | $7,221.50 | | $462,621.82 |

| | | | Page Subtotals: | | $24,399.16 | $1,083.00 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Case No: 24-10119 | | | | Trustee Name: John Patrick Lowe, Trustee | | |
| Case Name: 1001 WL, LLC | | | | Bank Name: Axos Bank | | |
| | | | | Account Number/CD#: XXXXXX3887 | | |
| | | | | Checking Account | | |
| Taxpayer ID No: XX-XXX5202 | | | | Blanket Bond (per case limit): | | |
| For Period Ending: 11/30/2025 | | | | Separate Bond (if applicable): | | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 03/31/25 | | S DAEINEJAD | RENTAL PROCEEDS<br>Bank Serial #: | 0000-00 | $300.00 | | $462,921.82 |
| 04/01/25 | | PALLADIUM CNSLT | RENTAL PROCEEDS<br>Bank Serial #: | 0000-00 | $15,677.66 | | $478,599.48 |
| 04/01/25 | 4039 | OCTAVIO CARRANZA<br>6019 Fortelle Dr.<br>Houston, TX 77035 | GENERAL MAINTENACE<br>LABOR 136.50 HRS<br>SENT VIA FEDEX TO 1001<br>WL, LLC - GIA SAMAVATI | 0000-00 | | $3,822.00 | $474,777.48 |
| 04/01/25 | 4040 | OCTAVIO CARRANZA<br>6019 Fortelle Dr.<br>Houston, TX 77035 | REIMBURSEMENT -<br>EXPENSES GAS PAYMENT<br>SENT VIA FEDEX TO 1001<br>WL, LLC - GIA SAMAVATI | 0000-00 | | $57.00 | $474,720.48 |
| 04/01/25 | 4041 | MARIA CRISTINA LEOS RICO<br>11602 Bellbrook Dr.<br>Houston, TX 77096 | JANITORAL EXPENSE 77<br>HOURS<br>SENT VIA FEDEX TO 1001<br>WL, LLC - GIA SAMAVATI | 0000-00 | | $1,270.50 | $473,449.98 |
| 04/01/25 | 4042 | CENIA ROMERO<br>3502 Darlinghurst #168B<br>Houston, TX 77045 | JANITORAL EXPENSE 77<br>HOURS<br>SENT VIA FEDEX TO 1001<br>WL, LLC - GIA SAMAVATI | 0000-00 | | $1,270.50 | $472,179.48 |
| 04/01/25 | 4043 | GRISELDA SANCHEZ<br>1742 Woodvine Dr.<br>Houston, TX 77055 | JANITORIAL EXPENSE 88<br>HOURS<br>SENT VIA FEDEX TO 1001<br>WL, LLC - GIA SAMAVATI | 0000-00 | | $1,276.00 | $470,903.48 |
| 04/01/25 | 4044 | KLEEN SUPPLY COMPANY<br>PO Box 2037<br>Galveston, TX 77553 | SUPPLIES INVOICE #46092<br>SENT VIA FEDEX TO 1001<br>WL, LLC - GIA SAMAVATI | 0000-00 | | $2,058.40 | $468,845.08 |
| 04/01/25 | 4045 | KLEEN SUPPLY COMPANY<br>PO Box 2037<br>Galveston, TX 77553 | SUPPLIES INVOICE #46451<br>SENT VIA FEDEX TO 1001<br>WL, LLC - GIA SAMAVATI | 0000-00 | | $175.95 | $468,669.13 |
| 04/04/25 | | HS BROKERAGE HOLDINGS | MARCH 2025 RENT | 0000-00 | $7,278.50 | | $475,947.63 |
| 04/04/25 | | MALRY T REED SOLE PROP<br>DBA TRAIN WITH REED | MARCH 2025 RENT | 0000-00 | $5,100.00 | | $481,047.63 |
| 04/04/25 | | MALRY T REED SOLE PROP<br>DBA TRAIN WITH REED | FEBRUARY 2025 RENT | 0000-00 | $5,100.00 | | $486,147.63 |

Page Subtotals: $33,456.16 $9,930.35

| | | | | | | |
|---|---|---|---|---|---|---|
| Case No: 24-10119 | | | | Trustee Name: John Patrick Lowe, Trustee | | |
| Case Name: 1001 WL, LLC | | | | Bank Name: Axos Bank | | |
| | | | | Account Number/CD#: XXXXXX3887 | | |
| | | | | Checking Account | | |
| Taxpayer ID No: XX-XXX5202 | | | | Blanket Bond (per case limit): | | |
| For Period Ending: 11/30/2025 | | | | Separate Bond (if applicable): | | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 04/04/25 | | PEVEY & SEGURA PLLC | FEBRUARY 2025 RENT | 0000-00 | $4,519.50 | | $490,667.13 |
| 04/04/25 | | PEVEY & SEGURA PLLC | MARCH 2025 RENT | 0000-00 | $4,519.50 | | $495,186.63 |
| 04/04/25 | | HASAN & ASSOCIATES CPAS, P.C. | FEBRUARY 2025 RENT | 0000-00 | $4,494.51 | | $499,681.14 |
| 04/04/25 | | HASAN & ASSOCIATES CPAS, P.C. | MARCH 2025 RENT | 0000-00 | $4,494.51 | | $504,175.65 |
| 04/04/25 | | SAM R. CAMMACK III, ATTORNEY AT LAW | FEBRUARY 2025 RENT | 0000-00 | $1,500.00 | | $505,675.65 |
| 04/04/25 | | QUEST PERSONNEL RESOURCES, INC. | FEBRUARY 2025 RENT | 0000-00 | $7,221.50 | | $512,897.15 |
| 04/04/25 | | T MOBILE | FEBRUARY 2025 RENT | 0000-00 | $4,515.28 | | $517,412.43 |
| 04/04/25 | | T MOBILE | MARCH 2025 RENT | 0000-00 | $4,515.28 | | $521,927.71 |
| 04/04/25 | | HASAN & ASSOCIATES CPAS, P.C. | APRIL 2025 RENT<br>Bank Serial #: | 0000-00 | $4,494.51 | | $526,422.22 |
| 04/04/25 | 4046 | FIRST INSURANCE FUNDING | LOAN NUMBER XXX-102330529<br>CHECK MAILED TO:<br><br>FIRST INSURANCE FUNDING<br>PO BOX 7000<br>CAROL STREAM, IL 60197-7000 | 0000-00 | | $1,729.27 | $524,692.95 |
| 04/07/25 | | SAM R. CAMMACK III, ATTORNEY AT LAW | APRIL 2025 RENT | 0000-00 | $1,500.00 | | $526,192.95 |
| 04/10/25 | | QUEST PERSONNEL RESOURCES, INC. | APRIL 2025 RENT | 0000-00 | $7,221.50 | | $533,414.45 |

| | | | Page Subtotals: | | $48,996.09 | $1,729.27 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Case No: 24-10119 | | | | Trustee Name: John Patrick Lowe, Trustee | | |
| Case Name: 1001 WL, LLC | | | | Bank Name: Axos Bank | | |
| | | | | Account Number/CD#: XXXXXX3887 | | |
| | | | | Checking Account | | |
| Taxpayer ID No: XX-XXX5202 | | | | Blanket Bond (per case limit): | | |
| For Period Ending: 11/30/2025 | | | | Separate Bond (if applicable): | | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 04/10/25 | 4047 | THE HARTFORD<br>P O Box 660916<br>Dallas, TX 75266-0916 | ACCOUNT NUMBER:<br>17560249<br>CHECK MAILED TO:<br><br>The Hartford<br>PO Box 660916<br>Dallas, TX 75266-0916 | 0000-00 | | $19,568.00 | $513,846.45 |
| 04/14/25 | | CHAMPIONS SCHOOL OF REAL ESTATE LTD | MARCH AND APRIL RENT PAYMENTS | 0000-00 | $83,923.52 | | $597,769.97 |
| 04/14/25 | | PEVEY & SEGURA PLLC | APRIL 2025 RENT | 0000-00 | $4,519.50 | | $602,289.47 |
| 04/14/25 | | T MOBILE | APRIL 2025 RENT | 0000-00 | $4,515.28 | | $606,804.75 |
| 04/14/25 | | HARDER DEVOTION PERSONAL TRAINING, | APRIL RENT | 0000-00 | $1,000.00 | | $607,804.75 |
| 04/14/25 | | ACE GREEN RECYCLING INC.<br>2100 W LOOP SOUTH 1601<br>HOUSTON, TX 77027 | APRIL 2025 RENT<br>Bank Serial #: | 0000-00 | $300.00 | | $608,104.75 |
| 04/15/25 | | M EZZATABADIPOUR | APRIL RENT<br>Bank Serial #: | 0000-00 | $300.00 | | $608,404.75 |
| 04/15/25 | 4048 | UNITED STATES TRUSTEE | 1ST QTR YEAR 2025 - CH 11<br>QTRLY FEE ACCOUNT<br>NUMBER: 4212410119<br>CHECK MAILED TO:<br><br>UNITED STATES TRUSTEE<br>PAYMENT CENTER<br>P.O. BOX 6200-19<br>PORTLAND, OR 97228-6200 | 0000-00 | | $702.40 | $607,702.35 |
| 04/17/25 | 4049 | MARIA CRISTINA LEOS RICO<br>11602 Bellbrook Dr.<br>Houston, TX 77096 | JANITORAL EXPENSE 28 HOURS<br>CHECK MAILED TO<br>ADDRESS ON CHECK. | 0000-00 | | $462.00 | $607,240.35 |

| | | | Page Subtotals: | | $94,558.30 | $20,732.40 | |

24-10119-smr Doc#311 Filed 01/02/25 Entered 01/02/25 14:33:47 Exhibit A-L Page 163
FORM 2

## Cash Receipts and Disbursements Record for Period Ended Novembe Pg 9 of 44

### ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Case No: 24-10119

Case Name: 1001 WL, LLC

Trustee Name: John Patrick Lowe, Trustee

Bank Name: Axos Bank

Account Number/CD#: XXXXXX3887

Checking Account

Taxpayer ID No: XX-XXX5202

For Period Ending: 11/30/2025

Blanket Bond (per case limit):

Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 04/17/25 | 4050 | CITY OF HOUSTON<br>PO Box 1560<br>Houston, TX 77251-1560 | ACCOUNT NUMBER: 5803-5549-1169 SERVICE ADDRESS: 1001 S WEST LOOP | 0000-00 | | $13,250.00 | $593,990.35 |
| 04/18/25 | | Reverses Deposit # 21 | APRIL RENT CHARGEBACK 04/17/25; REASON: STOP PAYMENT. | 0000-00 | ($1,000.00) | | $592,990.35 |
| 04/21/25 | 4051 | APS BUILDING SERVICES<br>PO BOX 40447<br>HOUSTON, TX 77240 | MECHANICAL REPAIRS INVOICE 174152; RE: WORK ORDER - 328762; SERVICE ADDRESS: 1001 WEST LOOP SOUTH BUILDING | 0000-00 | | $3,003.78 | $589,986.57 |
| 04/21/25 | 4052 | CENIA ROMERO<br>7825 Corporate Dr. #1112<br>Houston, TX 77036 | JANITORAL EXPENSE 28 HOURS CHECK MAILED TO MS. ROMERO AT THIS ADDRESS PER EMAIL OF 04/15/25 FROM DWARD DARJEAN. | 0000-00 | | $462.00 | $589,524.57 |
| 04/21/25 | 4053 | APS BUILDING SERVICES<br>PO BOX 40447<br>HOUSTON, TX 77240 | MECHANICAL REPAIRS INVOICE 174274; RE: WORK ORDER - 328217; SERVICE ADDRESS: 1001 WEST LOOP SOUTH BUILDING | 0000-00 | | $3,849.37 | $585,675.20 |
| 04/21/25 | 4054 | APS BUILDING SERVICES<br>PO BOX 40447<br>HOUSTON, TX 77240 | MECHANICAL REPAIRS INVOICE 174391; RE: WORK ORDER - 329280; SERVICE ADDRESS: 1001 WEST LOOP SOUTH BUILDING | 0000-00 | | $783.73 | $584,891.47 |
| 04/23/25 | 4055 | OCTAVIO CARRANZA<br>6019 Fortelle Dr.<br>Houston, TX 77035 | GENERAL MAINTENACE LABOR 67 HOURS MAILED TO ADDRESS ON THIS CHECK. | 0000-004 | | $1,876.00 | $583,015.47 |

Page Subtotals: ($1,000.00) $23,224.88

| Case No: 24-10119 | | | | Trustee Name: John Patrick Lowe, Trustee | | |
| Case Name: 1001 WL, LLC | | | | Bank Name: Axos Bank | | |
| | | | | Account Number/CD#: XXXXXX3887 | | |
| | | | | Checking Account | | |
| Taxpayer ID No: XX-XXX5202 | | | | Blanket Bond (per case limit): | | |
| For Period Ending: 11/30/2025 | | | | Separate Bond (if applicable): | | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 04/23/25 | 4056 | GRISELDA SANCHEZ 1742 Woodvine Dr. Houston, TX 77055 | JANITORIAL EXPENSE 45 HOURS CHECK MAILED TO ADDRESS ON THIS CHECK.  THIS CHECK RETURNED ON 05/19/25, CHECK VOIDED AND FILED IN BANK STATEMENT FILE.  THIS CHECK REPLACED BY CHECK NO. 4064 AND MAILED TO MS. SANCHEZ ON 05/14/25.  ADDRESS MISSING APT. #. | 0000-004 | | $652.50 | $582,362.97 |
| 04/23/25 | 4057 | A1 EXPRESS SAFE & LOCK 9711 S. Mason Rd. Ste. 125-240 Richmond, TX 77407 | INVOICE #60052; W.O. 56055 | 0000-00 | | $394.03 | $581,968.94 |
| 04/25/25 | 4058 | APS BUILDING SERVICES PO BOX 40447 HOUSTON, TX 77240 | MECHANICAL REPAIRS INVOICE 174780; RE: WORK ORDER – 329892; SERVICE ADDRESS:  1001 WEST LOOP SOUTH BUILDING | 0000-00 | | $712.29 | $581,256.65 |
| 04/29/25 | | S DAEINEJAD | RENTAL PROCEEDS Bank Serial #: | 0000-00 | $300.00 | | $581,556.65 |
| 04/30/25 | | PALLADIUM CNSLT | RENTAL PROCEEDS - DBA EXPERO #745 Bank Serial #: | 0000-00 | $15,677.66 | | $597,234.31 |
| 04/30/25 | 4059 | CARRIER CORPORATION PO Box 93844 Chicago, IL 60673-3844 | INVOICE: 90431101 CUSTOMER NUMBER: A00107329; SERVICE ORDER: 8000521530 | 0000-00 | | $2,326.31 | $594,908.00 |
| 04/30/25 | 4060 | CARRIER CORPORATION PO Box 93844 Chicago, IL 60673-3844 | INVOICE: 90424096 CUSTOMER NUMBER: A00107329; PROJECT ID: PR0911489 | 0000-00 | | $3,951.13 | $590,956.87 |

| | | | Page Subtotals: | | $15,977.66 | $8,036.26 | |

Case No: 24-10119

Case Name: 1001 WL, LLC

Trustee Name: John Patrick Lowe, Trustee

Bank Name: Axos Bank

Account Number/CD#: XXXXXX3887

Checking Account

Taxpayer ID No: XX-XXX5202

For Period Ending: 11/30/2025

Blanket Bond (per case limit):

Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 05/01/25 | 4061 | FIRST INSURANCE FUNDING PO Box 7000 Carol Stream, IL 60197-7000 | LOAN NUMBER XXX-102330529 CHECK MAILED TO: FIRST INSURANCE FUNDING PO BOX 7000 CAROL STREAM, IL 60197-7000 | 0000-00 | | $1,646.92 | $589,309.95 |
| 05/02/25 | | MALRY T REED SOLE PROP DBA TRAIN WITH REED | MAY 2025 RENT | 0000-00 | $5,100.00 | | $594,409.95 |
| 05/02/25 | | PEVEY & SEGURA PLLC | MAY 2025 RENT | 0000-00 | $4,519.50 | | $598,929.45 |
| 05/06/25 | | HASAN & ASSOCIATES CPAS, P.C. | MAY 2025 RENT | 0000-00 | $4,494.51 | | $603,423.96 |
| 05/06/25 | | SAM R. CAMMACK III, ATTORNEY AT LAW | MAY 2025 RENT | 0000-00 | $1,500.00 | | $604,923.96 |
| 05/06/25 | | GOLD QUEST GROUP, LLC | MAY 2025 RENT - OFFICE 803 | 0000-00 | $4,500.00 | | $609,423.96 |
| 05/06/25 | | M EZZATABADIPOUR | MAY RENT Bank Serial #: | 0000-00 | $300.00 | | $609,723.96 |
| 05/08/25 | | QUEST PERSONNEL RESOURCES, INC. | MAY 2025 RENT | 0000-00 | $7,221.50 | | $616,945.46 |
| 05/09/25 | | CHAMPIONS SCHOOL OF REAL ESTATE, LT | MAY 2025 RENT Bank Serial #: | 0000-00 | $41,961.76 | | $658,907.22 |
| 05/11/25 | | B SQUARE DEVELOPMENT LLC | APRIL AND MAY 2025 RENT | 0000-00 | $10,000.00 | | $668,907.22 |
| 05/11/25 | | NATIONWIDE INVESTIGATIONS AND SECURITY, INC. | APRIL 2025 RENT | 0000-00 | $4,750.00 | | $673,657.22 |
| 05/11/25 | | NATIONWIDE INVESTIGATIONS AND SECURITY, INC. | MAY 2025 RENT | 0000-00 | $4,750.00 | | $678,407.22 |
| 05/12/25 | | HS BROKERAGE HOLDINGS | MAY 2025 RENT - SUITE 105 | 0000-00 | $7,278.50 | | $685,685.72 |
| | | | Page Subtotals: | | $96,375.77 | $1,646.92 | |

Case No: 24-10119

Case Name: 1001 WL, LLC

Taxpayer ID No: XX-XXX5202

For Period Ending: 11/30/2025

Trustee Name: John Patrick Lowe, Trustee

Bank Name: Axos Bank

Account Number/CD#: XXXXXX3887

Checking Account

Blanket Bond (per case limit):

Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 05/12/25 | | HARDER DEVOTION PERSONAL TRAINING, | APRIL 2025 RENT | 0000-00 | $1,000.00 | | $686,685.72 |
| 05/12/25 | | HARDER DEVOTION PERSONAL TRAINING, | MAY 2025 RENT | 0000-00 | $1,000.00 | | $687,685.72 |
| 05/12/25 | | DAVID L COOK JR. ATTORNEY AT LAW | MAY 2025 RENT | 0000-00 | $1,000.00 | | $688,685.72 |
| 05/12/25 | 4055 | Reverses Check # 4055 | Stop Payment Reversal STOP PAYMENT | 0000-004 | | ($1,876.00) | $690,561.72 |
| 05/13/25 | 4056 | Reverses Check # 4056 | Stop Payment Reversal STOP PAYMENT | 0000-004 | | ($652.50) | $691,214.22 |
| 05/13/25 | 4062 | OCTAVIO CARRANZA 6019 FONTENELLE DR. HOUSTON, TX 77035 | GENERAL MAINTENANCE LABOR REPLACES CHECK NO. 4055 | 0000-00 | | $1,876.00 | $689,338.22 |
| 05/13/25 | 4063 | OCTAVIO CARRANZA 6019 FONTENELLE DR. HOUSTON, TX 77035 | REIMBURSEMENT - EXPENSES FUEL/PARTS | 0000-00 | | $88.04 | $689,250.18 |
| 05/14/25 | 4064 | GRISELDA SANCHEZ 1742 Woodvine Dr., Apt. 62 Houston, TX 77055 | JANITORAL EXPENSE 48 HOURS CHECK MAILED TO THIS ADDRESS PER PC WITH MS. SANCHEZ 05/13/25. | 0000-00 | | $652.50 | $688,597.68 |
| 05/16/25 | 4065 | PROMISE TOTAL SERVICES OF TEXAS, IN P.O. BOX 29789 Dallas, Texas 75229-9789 | INVOICE #50058264 JANITORAL AND PORTER SERVICE | 0000-00 | | $9,306.27 | $679,291.41 |
| 05/16/25 | 4066 | CIRRO ENERGY U.S. Retailers, LLC PO Box 660004 Dallas, TX 75266-0004 | ACCOUNT #: 11 593 247 - 7 INVOICE #: 129005843862 | 0000-00 | | $14,908.07 | $664,383.34 |

Page Subtotals: $3,000.00 $24,302.38

Case No: 24-10119

Case Name: 1001 WL, LLC

Taxpayer ID No: XX-XXX5202

For Period Ending: 11/30/2025

Trustee Name: John Patrick Lowe, Trustee

Bank Name: Axos Bank

Account Number/CD#: XXXXXX3887

Checking Account

Blanket Bond (per case limit):

Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 05/19/25 | | CIRRO ENERGY | RETURNED WIRE - LESS $50.00 FEE Bank Serial #: WIRE RETURNED DUE TO "INVALID BENEFICIARY ACCOUNT NUMBER" PER THE RECEIVING FINANCIAL INSTITUTION. THERE IS A $50.00 DIFFERENCE BETWEEN DEBIT AND CREDIT AMOUNT. THE BENEFICIARY/RECEIVING BANK CHARGED A $50.00 FEE. THE RETURN REA | 0000-00 | $33,876.36 | | $698,259.70 |
| 05/19/25 | 4067 | MODERN PEST CONTROL 1110 East Ave. Katy, TX 77493 | ACCOUNT NUMBER: 74317 INVOICE #S: 673175, 673180, 676036, 676037 AND 682714 | 0000-00 | | $1,028.38 | $697,231.32 |
| 05/19/25 | 4068 | WM CORPORATE SERVICES, INC. AS PAYMENT AGENT PO BOX 660345 DALLAS, TX 75266-0345 | CUSTOMER ID: 24-43917-13000 INVOICE #S: 7924616-0011-8; 7938012-0011-4; AND 7950975-0011-5 | 0000-00 | | $3,199.95 | $694,031.37 |
| 05/19/25 | 4069 | CITY OF HOUSTON PO Box 1560 Houston, TX 77251-1560 | ACCOUNT NUMBER: 5803-5549-1169 SERVICE ADDRESS: 1001 S WEST LOOP | 0000-00 | | $20,879.68 | $673,151.69 |
| 05/19/25 | | CIRRO ENERGY | UTILITY BILL | 0000-00 | | $33,926.36 | $639,225.33 |
| 05/20/25 | 4070 | CIRRO ENERGY U.S. Retailers, LLC PO Box 660004 Dallas, TX 75266-0004 | ACCOUNT #: 11 593 247 - 7 INVOICE #: 331001397460 | 0000-00 | | $33,926.36 | $605,298.97 |
| 05/20/25 | 4071 | KINGS III OF AMERICA, LLC 751 Canyon Drive Ste 100 Coppell, TX 75019 | ELEVATOR PHONE MONITORING | 0000-00 | | $1,124.45 | $604,174.52 |

Page Subtotals: $33,876.36 $94,085.18

| | | | | | | |
|---|---|---|---|---|---|---|
| Case No: 24-10119 | | | | Trustee Name: John Patrick Lowe, Trustee | | |
| Case Name: 1001 WL, LLC | | | | Bank Name: Axos Bank | | |
| | | | | Account Number/CD#: XXXXXX3887 | | |
| | | | | Checking Account | | |
| Taxpayer ID No: XX-XXX5202 | | | | Blanket Bond (per case limit): | | |
| For Period Ending: 11/30/2025 | | | | Separate Bond (if applicable): | | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 05/21/25 | 4072 | YOUSEF ABEID | INVOICE #4112025 04/10/25 AND 04/11/25 CHECK MAILED TO: Joey Abeid 4223 King Cotton Lane Missouri City, TX 77459 | 0000-00 | | $540.00 | $603,634.52 |
| 05/21/25 | 4073 | YOUSEF ABEID | INVOICE #4252025 04/22/25 CHECK MAILED TO: Joey Abeid 4223 King Cotton Lane Missouri City, TX 77459 | 0000-00 | | $450.00 | $603,184.52 |
| 05/21/25 | 4074 | PCR PROPERTY SERVICES, LLC 5847 San Felipe St., Suite 1400 Houston, TX 77057 | APRIL 2025 PROPERTY MANAGEMENT FEE | 0000-00 | | $18,292.21 | $584,892.31 |
| 05/21/25 | 4075 | TK ELEVATOR | QUOTE NUMBER: 2025-2-1890607 REFERENCE ID: ACIA-2BFDGWY CHECK SENT BY FEDEX STANDARD OVERNIGHT TO THE FOLLOWING ADDRESS: Deluxe TK Elevator 3796 5450 N. Cumberland Ave. Chicago, IL 60656 | 0000-00 | | $12,545.22 | $572,347.09 |
| 05/22/25 | 4076 | CIRRO ENERGY U.S. Retailers, LLC PO Box 660004 Dallas, TX 75266-0004 | ACCOUNT #: 11 593 247 - 7 LATE FEES CHECK SENT FEDEX STANDARD OVERNIGHT TO: CIRRO ENERGY ATTN: PO BOX 660004 1501 NORTH PLANO ROAD, SUITE 100 RICHARDSON, TX 75081 | 0000-00 | | $782.70 | $571,564.39 |
| 05/27/25 | | SMART CONTRACT S | APRIL/MAY 2025 RENT-SOUTH #6D/RELIA Bank Serial #: | 0000-00 | $900.00 | | $572,464.39 |
| Page Subtotals: | | | | | $900.00 | $32,610.13 | |

24-10119-smr Doc#311 Filed 01/02/25 Entered 01/02/25 14:31:27 Exhibit A-1 Page 169
FORM 2

Cash Receipts and Disbursements Record for Period Ended Novembe Pg 15 of 44

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| | | | | | | |
|---|---|---|---|---|---|---|
| Case No: 24-10119 | | | | Trustee Name: John Patrick Lowe, Trustee | | |
| Case Name: 1001 WL, LLC | | | | Bank Name: Axos Bank | | |
| | | | | Account Number/CD#: XXXXXX3887 | | |
| | | | | Checking Account | | |
| Taxpayer ID No: XX-XXX5202 | | | | Blanket Bond (per case limit): | | |
| For Period Ending: 11/30/2025 | | | | Separate Bond (if applicable): | | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 05/29/25 | | PALLADIUM CNSLT | RENTAL PROCEEDS-DBA EXPERO #745 Bank Serial #: | 0000-00 | $15,677.66 | | $588,142.05 |
| 05/30/25 | | MALRY T REED SOLE PROP DBA TRAIN WITH REED | JUNE 2025 RENT | 0000-00 | $5,100.00 | | $593,242.05 |
| 05/30/25 | | S DAEINEJAD | RENTAL PROCEEDS Bank Serial #: | 0000-00 | $300.00 | | $593,542.05 |
| 05/30/25 | | CHAMPIONS SCHOOL OF REAL ESTATE, LT | JUNE 2025 RENT Bank Serial #: | 0000-00 | $42,490.18 | | $636,032.23 |
| 06/02/25 | | AT&T | MARCH & APRIL 2025 RENT PAYMENTS | 0000-00 | $6,157.28 | | $642,189.51 |
| 06/02/25 | | T-MOBILE | MAY 2025 RENT PAYMENT | 0000-00 | $4,515.28 | | $646,704.79 |
| 06/05/25 | | PEVEY & SEGURA PLLC | JUNE 2025 RENT | 0000-00 | $4,519.50 | | $651,224.29 |
| 06/05/25 | | M EZZATABADIPOU | JUNE RENT Bank Serial #: | 0000-00 | $300.00 | | $651,524.29 |
| 06/05/25 | 4077 | TEJAS GROUND MAINTENANCE P.O. BOX 841288 HOUSTON, TX 77284 | LANDSCAPE MAINTENACE INVOICE #8538 $1,342.30; INVOICE #8539 $541.25 | 0000-00 | | $1,883.55 | $649,640.74 |
| 06/05/25 | 4078 | WM CORPORATE SERVICES, INC. AS PAYMENT AGENT PO BOX 660345 DALLAS, TX 75266-0345 | CUSTOMER ID: 24-43917-13000 INVOICE #7964627-0011-6 | 0000-00 | | $1,180.86 | $648,459.88 |
| 06/05/25 | 4079 | FIRST INSURANCE FUNDING PO Box 7000 Carol Stream, IL 60197-7000 | LOAN NUMBER XXX-102330529 NOTICE DATE: 6/3/2025 CHECK MAILED TO: FIRST INSURANCE FUNDING PO BOX 7000 CAROL STREAM, IL 60197-7000 | 0000-00 | | $1,646.92 | $646,812.96 |

| | | | Page Subtotals: | | $79,059.90 | $4,711.33 | |

Case No: 24-10119

Case Name: 1001 WL, LLC

Trustee Name: John Patrick Lowe, Trustee

Bank Name: Axos Bank

Account Number/CD#: XXXXXX3887

Checking Account

Taxpayer ID No: XX-XXX5202

For Period Ending: 11/30/2025

Blanket Bond (per case limit):

Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 06/05/25 | 4080 | APS BUILDING SERVICES PO BOX 40447 HOUSTON, TX 77240 | MECHANICAL REPAIRS INVOICE 175497; RE: WORK ORDER - 330260; SERVICE ADDRESS: 1001 WEST LOOP SOUTH BUILDING | 0000-00 | | $777.24 | $646,035.72 |
| 06/05/25 | 4081 | DATAWATCH SYSTEMS P.O. Box 79845 Baltimore, MD 21279 | MONITOR - 06/01/25 - 06/30/25 INVOICE NUMBER: 348512 | 0000-00 | | $2,272.53 | $643,763.19 |
| 06/05/25 | 4082 | MARIO GONGORA | EXPENSE REPORT-STATEMENT #5.22.2025 CHECK MAILED TO: NATALIE PARKER PARTNERS 5847 SAN FELIPE ST., SUITE 1400 HOUSTON, TX 77057 | 0000-00 | | $72.11 | $643,691.08 |
| 06/05/25 | 4083 | NATALIE PARKER | REIMBURSEMENT OF EXPENSES STATEMENT #: 5.30.2025 CHECK MAILED TO: NATALIE PARKER PARTNERS 5847 SAN FELIPE ST., SUITE 1400 HOUSTON, TX 77057 | 0000-00 | | $176.39 | $643,514.69 |
| 06/05/25 | 4084 | THE HARTFORD | POLICY NUMBER: 61UUNBF7YYA ENDORSEMENT NO. 3; ENDORSEMENT EFFECTIVE DATE: 06/22/2025 CHECK MAILED TO: The Hartford PO Box 660916 Dallas, TX 75266-0916 | 0000-00 | | $13,653.00 | $629,861.69 |

Page Subtotals: $0.00 $16,951.27

Case No: 24-10119

Case Name: 1001 WL, LLC

Trustee Name: John Patrick Lowe, Trustee

Bank Name: Axos Bank

Account Number/CD#: XXXXXX3887

Checking Account

Taxpayer ID No: XX-XXX5202

For Period Ending: 11/30/2025

Blanket Bond (per case limit):

Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 06/05/25 | 4085 | THE HARTFORD | POLICY NUMBER: 61XHUBF8DVX ENDORSEMENT NO. 2; ENDORSEMENT EFFECTIVE DATE: 06/22/2025 CHECK MAILED TO: <br><br>The Hartford PO Box 660916 Dallas, TX 75266-0916 | 0000-00 | | $324.00 | $629,537.69 |
| 06/05/25 | 4086 | THE HARTFORD | POLICY NUMBER: 61UENBF7YXM ENDORSEMENT NO. 2; ENDORSEMENT EFFECTIVE DATE: 06/22/2025 CHECK MAILED TO: <br><br>The Hartford PO Box 660916 Dallas, TX 75266-0916 | 0000-00 | | $151.00 | $629,386.69 |
| 06/05/25 | 4087 | AT&T PO BOX 5001 CAROL STREAM, IL 60197-5001 | ACCT #713-785-3273 419 5 $288.33 LESS CREDIT OF $32.78 = $255.55 | 0000-00 | | $255.55 | $629,131.14 |
| 06/06/25 | | SAM R. CAMMACK III, ATTORNEY AT LAW | JUNE 2025 RENT | 0000-00 | $1,500.00 | | $630,631.14 |
| 06/06/25 | | QUEST PERSONNEL RESOURCES, INC. | JUNE 2025 RENT | 0000-00 | $7,221.50 | | $637,852.64 |
| 06/06/25 | | HASAN & ASSOCIATES CPAS, P.C. | JUNE 2025 RENT | 0000-00 | $4,494.51 | | $642,347.15 |
| 06/06/25 | | SMART CONTRACT S | JUNE 2025 RENT Bank Serial #: | 0000-00 | $550.00 | | $642,897.15 |
| 06/06/25 | 4088 | MODERN PEST CONTROL 1110 East Ave. Katy, TX 77493 | ACCOUNT NUMBER: 74317 INVOICE #699155 | 0000-00 | | $189.44 | $642,707.71 |
| 06/09/25 | | HS BROKERAGE HOLDINGS | JUNE 2025 RENT - SUITE 105 | 0000-00 | $7,278.50 | | $649,986.21 |
| | | | Page Subtotals: | | $21,044.51 | $919.99 | |

24-10119-smr Doc#103-1 Filed 01/29/25 Entered 01/29/25 14:31:26 Exhibit A - Leg 172
FORM 2
Cash Receipts and Disbursements Record for Period Ended Novembe Pg 18 of 44

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| | | | | | | |
|---|---|---|---|---|---|---|
| Case No: 24-10119 | | | | Trustee Name: John Patrick Lowe, Trustee | | |
| Case Name: 1001 WL, LLC | | | | Bank Name: Axos Bank | | |
| | | | | Account Number/CD#: XXXXXX3887 | | |
| | | | | Checking Account | | |
| Taxpayer ID No: XX-XXX5202 | | | | Blanket Bond (per case limit): | | |
| For Period Ending: 11/30/2025 | | | | Separate Bond (if applicable): | | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 06/09/25 | | TIMOTHY E MCKENNA OR MARY A MCKENNA | APR & MAY 2025 RENT | 0000-00 | $1,000.00 | | $650,986.21 |
| 06/09/25 | | B SQUARE DEVELOPMENT LLC | STE 729 RENT/7C EQUITY GROUP | 0000-00 | $5,000.00 | | $655,986.21 |
| 06/10/25 | | TIMOTHY E MCKENNA OR MARY A MCKENNA | JUNE 2025 RENT | 0000-00 | $500.00 | | $656,486.21 |
| 06/10/25 | 4089 | TK ELEVATOR CORPORATION P.O. Box 3796 Carol Stream, IL 60132 | ELEVATOR INSPECTION AND REPAIR QUARTERLY INVOICE #3008497574 (05/01/25 TO 07/31/25) | 0000-00 | | $8,649.40 | $647,836.81 |
| 06/10/25 | 4090 | TEJAS GROUND MAINTENANCE P.O. BOX 841288 HOUSTON, TX 77284 | LANDSCAPE MAINTENACE INVOICE #8657 | 0000-00 | | $947.19 | $646,889.62 |
| 06/10/25 | 4091 | PCR PROPERTY SERVICES, LLC 5847 San Felipe St., Suite 1400 Houston, TX 77057 | MAY 2025 PROPERTY MANAGEMENT FEE CHECK MAILED TO: NATALIE PARKER PARTNERS 5847 SAN FELIPE ST., SUITE 1400 HOUSTON, TX 77057 | 0000-00 | | $22,351.09 | $624,538.53 |
| 06/10/25 | 4092 | KINGS III OF AMERICA, LLC 751 Canyon Drive Ste 100 Coppell, TX 75019 | ELEVATOR PHONE MONITORING CUSTOMER #52594; INVOICE #3052375 | 0000-00 | | $1,124.45 | $623,414.08 |
| 06/13/25 | 4093 | CIRRO ENERGY U.S. Retailers, LLC PO Box 660004 Dallas, TX 75266-0004 | ACCOUNT #: 11 593 247 - 7 CHECK SENT FEDEX STANDARD OVERNIGHT TO: CIRRO ENERGY ATTN: PO BOX 660004 1501 NORTH PLANO ROAD, SUITE 100 RICHARDSON, TX 75081 | 0000-00 | | $17,584.64 | $605,829.44 |

| | | | Page Subtotals: | | $6,500.00 | $50,656.77 |

Case No: 24-10119  
Case Name: 1001 WL, LLC  

Trustee Name: John Patrick Lowe, Trustee  
Bank Name: Axos Bank  
Account Number/CD#: XXXXXX3887  
Checking Account  

Taxpayer ID No: XX-XXX5202  
For Period Ending: 11/30/2025  

Blanket Bond (per case limit):  
Separate Bond (if applicable):  

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 06/13/25 | 4094 | CITY OF HOUSTON<br>PO Box 1560<br>Houston, TX 77251-1560 | ACCOUNT NUMBER: 5803-5549-1169 SERVICE ADDRESS: 1001 S WEST LOOP | 0000-00 | | $13,000.00 | $592,829.44 |
| 06/17/25 | | NATIONWIDE INVESTIGATIONS AND SECURITY, INC. | JUNE 2025 RENT | 0000-00 | $4,750.00 | | $597,579.44 |
| 06/19/25 | 4095 | MUELLER WATER CONDITIONING INC. HOU1004<br>P.O. Box 650998<br>Dallas, TX 75265 | FEBRUARY AND MARCH 2025 INVOICE NUMBERS: 0481095-IN, 0483915-IN | 0000-00 | | $640.00 | $596,939.44 |
| 06/30/25 | | HARDER DEVOTION PERSONAL TRAINING, | JUNE 2025 RENT | 0000-00 | $1,000.00 | | $597,939.44 |
| 06/30/25 | | TIMOTHY E MCKENNA OR MARY A MCKENNA | JULY 2025 RENT | 0000-00 | $500.00 | | $598,439.44 |
| 06/30/25 | | CHAMPIONS SCHOOL OF REAL ESTATE, LT | JULY 2025 RENT<br>Bank Serial #: | 0000-00 | $42,490.18 | | $640,929.62 |
| 07/01/25 | | MALRY T REED SOLE PROP DBA TRAIN WITH REED | JULY 2025 RENT | 0000-00 | $5,100.00 | | $646,029.62 |
| 07/01/25 | | S DAEINEJAD | RENTAL PROCEEDS<br>Bank Serial #: | 0000-00 | $300.00 | | $646,329.62 |
| 07/01/25 | | PALLADIUM CNSLT | 1/2 RENTAL PROCEEDS-DBA EXPERO #745<br>Bank Serial #: | 0000-00 | $7,838.83 | | $654,168.45 |
| 07/01/25 | 4096 | WM CORPORATE SERVICES, INC. AS PAYMENT AGENT<br>PO BOX 660345<br>DALLAS, TX 75266-0345 | CUSTOMER ID: 24-43917-13000 INVOICE #7978021-0011-6 | 0000-00 | | $1,049.57 | $653,118.88 |
| 07/02/25 | | M EZZATABADIPOUR | JULY RENT<br>Bank Serial #: | 0000-00 | $300.00 | | $653,418.88 |
| 07/02/25 | 4097 | DATAWATCH SYSTEMS, INC.<br>P.O. Box 79845<br>Baltimore, MD 21279 | MONITOR - 07/01/25 - 07/31/25 INVOICE NUMBER: 359391 | 0000-00 | | $2,272.53 | $651,146.35 |

Page Subtotals:     $62,279.01     $16,962.10

| | | | | | | |
|---|---|---|---|---|---|---|
| Case No: 24-10119 | | | | Trustee Name: John Patrick Lowe, Trustee | | |
| Case Name: 1001 WL, LLC | | | | Bank Name: Axos Bank | | |
| | | | | Account Number/CD#: XXXXXX3887 | | |
| | | | | Checking Account | | |
| Taxpayer ID No: XX-XXX5202 | | | | Blanket Bond (per case limit): | | |
| For Period Ending: 11/30/2025 | | | | Separate Bond (if applicable): | | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 07/02/25 | 4098 | UNITED PROTECTIVE SERVICES - SOUTH<br>4455 Sigma Road<br>Dallas, TX 75244 | PROTECTION COVERAGE 6/28 - 6/30 INVOICE NO. 681395 | 0000-00 | | $1,036.78 | $650,109.57 |
| 07/04/25 | | QUEST PERSONNEL RESOURCES, INC. | JULY 2025 RENT | 0000-00 | $7,221.50 | | $657,331.07 |
| 07/04/25 | | SAM R. CAMMACK III, ATTORNEY AT LAW | JULY 2025 RENT | 0000-00 | $1,500.00 | | $658,831.07 |
| 07/07/25 | | HASAN & ASSOCIATES CPAS, P.C. | JULY 2025 RENT | 0000-00 | $4,494.51 | | $663,325.58 |
| 07/10/25 | | HARDER DEVOTION PERSONAL TRAINING, | JULY 2025 RENT | 0000-00 | $1,000.00 | | $664,325.58 |
| 07/14/25 | | SMART CONTRACT S | JULY 2025 RENT<br>Bank Serial #: | 0000-00 | $550.00 | | $664,875.58 |
| 07/14/25 | 4099 | FIRST INSURANCE FUNDING<br>PO Box 7000<br>Carol Stream, IL 60197-7000 | LOAN NUMBER XXX-102330529 NOTICE DATE: 7/3/2025<br>CHECK MAILED TO:<br><br>FIRST INSURANCE FUNDING<br>PO BOX 7000<br>CAROL STREAM, IL 60197-7000 | 0000-00 | | $1,646.92 | $663,228.66 |
| 07/14/25 | 4100 | UES PROFESSIONAL SOLUTIONS 44, LLC<br>PO Box 735418<br>Chicago, IL 60673-5418 | PROJECT NO: U252979 INVOICE NO: 186634 | 0000-00 | | $820.00 | $662,408.66 |
| 07/14/25 | 4101 | TEJAS GROUND MAINTENANCE<br>P.O. BOX 841288<br>HOUSTON, TX 77284 | LANDSCAPE MAINTENACE INVOICE #8692 | 0000-00 | | $947.19 | $661,461.47 |
| 07/14/25 | 4102 | HIGGINBOTHAM INSURANCE AGENCY INC<br>500 W 13TH STREET<br>FORT WORTH, TX 76102 | UMBRELLA/COMMERCIAL AUTO POLICY #S 61 XHU BF8DVX $443.00; 61 UEN BF7YXM $206.00 | 0000-00 | | $639.00 | $660,822.47 |

Page Subtotals: $14,766.01 $5,089.89

| Case No: 24-10119 | | | | Trustee Name: John Patrick Lowe, Trustee | | |
| Case Name: 1001 WL, LLC | | | | Bank Name: Axos Bank | | |
| | | | | Account Number/CD#: XXXXXX3887 | | |
| | | | | Checking Account | | |
| Taxpayer ID No: XX-XXX5202 | | | | Blanket Bond (per case limit): | | |
| For Period Ending: 11/30/2025 | | | | Separate Bond (if applicable): | | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 07/14/25 | 4103 | MODERN PEST CONTROL 1110 East Ave. Katy, TX 77493 | ACCOUNT NUMBER: 74317 INVOICE #706784 | 0000-00 | | $189.44 | $660,633.03 |
| 07/14/25 | 4104 | CIRRO ENERGY U.S. Retailers, LLC PO Box 660004 Dallas, TX 75266-0004 | ACCOUNT #: 11 593 247 - 7 CHECK SENT FEDEX STANDARD OVERNIGHT TO: CIRRO ENERGY ATTN: PO BOX 660004 1501 NORTH PLANO ROAD, SUITE 100 RICHARDSON, TX 75081 | 0000-00 | | $16,306.14 | $644,326.89 |
| 07/14/25 | 4105 | AT&T PO BOX 5014 CAROL STREAM, IL 60197-5014 | ACCT #330971154 | 0000-00 | | $196.62 | $644,130.27 |
| 07/15/25 | | NATIONWIDE INVESTIGATIONS AND SECURITY, INC. | JULY 2025 RENT | 0000-00 | $4,750.00 | | $648,880.27 |
| 07/15/25 | | HS BROKERAGE HOLDINGS | JULY 2025 RENT - SUITE 105 | 0000-00 | $7,278.50 | | $656,158.77 |
| 07/15/25 | 4106 | HARTFORD FIRE INSURANCE COMPANY PO BOX 913385 DENVER, CO 80291-3385 | POLICY NO: 6500364734 INSURED NAME: GALLERIA LOOP NOTE HOLDER, LLC; BILL ID: 30800479-254633515 CHECK MAILED VIA FEDEX OVERNIGHT TO: LOCKBOX SERVICES HARTFORD FIRE INSURANCE COMPANY BOX 209385 2975 REGENT BLVD., STE. 100 IRVING, TX 75063 | 0000-00 | | $1,404.00 | $654,754.77 |

| | | | Page Subtotals: | | $12,028.50 | $18,096.20 | |

Case No: 24-10119

Case Name: 1001 WL, LLC

Taxpayer ID No: XX-XXX5202

For Period Ending: 11/30/2025

Trustee Name: John Patrick Lowe, Trustee

Bank Name: Axos Bank

Account Number/CD#: XXXXXX3887

Checking Account

Blanket Bond (per case limit):

Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 07/16/25 | 4107 | PCR PROPERTY SERVICES, LLC<br>5847 San Felipe St., Suite 1400<br>Houston, TX 77057 | JUNE 2025 PROPERTY MANAGEMENT FEE<br>CHECK SENT VIA FEDEX 2 DAY DELIVERY TO:<br><br>NATALIE PARKER PARTNERS<br>5847 SAN FELIPE ST., SUITE 1400<br>HOUSTON, TX 77057 | 0000-00 | | $22,208.32 | $632,546.45 |
| 07/16/25 | 4108 | NATALIE PARKER | REIMBURSEMENT OF EXPENSES STATEMENT #: 7.15.2025<br>CHECK SENT VIA FEDEX 2 DAY DELIVERY TO:<br><br>NATALIE PARKER PARTNERS<br>5847 SAN FELIPE ST., SUITE 1400<br>HOUSTON, TX 77057 | 0000-00 | | $811.87 | $631,734.58 |
| 07/16/25 | 4109 | MARIO GONGORA | EXPENSE REPORT-STATEMENT #7.2.2025<br>CHECK MAILED TO:<br><br>NATALIE PARKER PARTNERS<br>5847 SAN FELIPE ST., SUITE 1400<br>HOUSTON, TX 77057 | 0000-00 | | $158.17 | $631,576.41 |
| 07/16/25 | 4110 | PINNACLE STRUCTURAL ENGINEERS<br>3120 Southwest Fwy, Ste 410<br>Houston, Texas 77098 | INVOICE NUMBER 25-0420 | 0000-00 | | $3,500.00 | $628,076.41 |
| 07/17/25 | | B SQUARE DEVELOPMENT LLC | STE 729 RENT/7C EQUITY GROUP | 0000-00 | $5,000.00 | | $633,076.41 |
| 07/18/25 | | HOMESMART | RENT PROCEEDS<br>Bank Serial #: | 0000-00 | $7,278.50 | | $640,354.91 |
| 07/21/25 | | DAVID L COOK JR ATTORNEY AT LAW | JUNE 2025 RENT | 0000-00 | $1,000.00 | | $641,354.91 |

Page Subtotals: $13,278.50 $26,678.36

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

FORM 2

Cash Receipts and Disbursements Record for Period Ended Novembe Pg 23 of 44

| | | |
|---|---|---|
| Case No: 24-10119 | Trustee Name: | John Patrick Lowe, Trustee |
| Case Name: 1001 WL, LLC | Bank Name: | Axos Bank |
| | Account Number/CD#: | XXXXXX3887 |
| | | Checking Account |
| Taxpayer ID No: XX-XXX5202 | Blanket Bond (per case limit): | |
| For Period Ending: 11/30/2025 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 07/21/25 | 4111 | TOTAL ENERGY SOLUTIONS COMPANY, LLC PO BOX 158 BROUSSAR, LA 70518 | TESTING INVOICE NUMBER: 3160961 | 0000-00 | | $763.92 | $640,590.99 |
| 07/23/25 | 4112 | UNITED STATES TRUSTEE | 2ND QTR YEAR 2025 - CH 11 QTRLY FE ACCOUNT NUMBER: 4212410119 CHECK MAILED TO: UNITED STATES TRUSTEE PAYMENT CENTER P.O. BOX 6200-19 PORTLAND, OR 97228-6200 | 0000-00 | | $1,212.71 | $639,378.28 |
| 07/24/25 | 4113 | CITY OF HOUSTON PO Box 1560 Houston, TX 77251-1560 | ACCOUNT NUMBER: 5803-5549-1169 SERVICE ADDRESS: 1001 S WEST LOOP | 0000-00 | | $20,354.76 | $619,023.52 |
| 07/25/25 | 4114 | CLASSIC PROTECTION SYSTEMS, INC. 1648 W Sam Houston Parkway N Houston, TX 77043 | FIRE ALARM SERVICE AND INSPECTION INVOICES # Q55913 AND Q55951 | 0000-00 | | $2,998.15 | $616,025.37 |
| 07/28/25 | | HARTFORD FIRE INSURANCE COMPANY | POLICY #6500364734 BLDG PAYMENT | 0000-00 | $500,000.00 | | $1,116,025.37 |
| 07/30/25 | | PALLADIUM CNSLT | 1/2 RENTAL PROCEEDS DBA EXPERO #745 Bank Serial #: | 0000-00 | $7,838.83 | | $1,123,864.20 |

| | | | Page Subtotals: | | $507,838.83 | $25,329.54 | |

Case No: 24-10119

Case Name: 1001 WL, LLC

Taxpayer ID No: XX-XXX5202

For Period Ending: 11/30/2025

Trustee Name: John Patrick Lowe, Trustee

Bank Name: Axos Bank

Account Number/CD#: XXXXXX3887

Checking Account

Blanket Bond (per case limit):

Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 07/30/25 | 4115 | TIG ROMSPEN US MASTER MORTGAGE LP | PER ORDER, DOCKET NO. 824 ADEQUATE PROTECTION PAYMENT ORDER GRANTING IN PART ALI CHOUDHRI'S EMERGENCY MOTION FOR CONTINUANCE AND ORDERING ADEQUATE PROTECTION PAYMENT (RELATED TO ECF NO. 804) DATED 07/03/25, DOCKET NO. 824.<br><br>SENT BY OVERNIGHT FEDEX TO:<br><br>M&T Bank Fountain Plaza Branch ATTN: Branch One F | 0000-00 | | $200,000.00 | $923,864.20 |
| 07/31/25 | | HARDER DEVOTION PERSONAL TRAINING, | AUGUST 2025 RENT | 0000-00 | $1,000.00 | | $924,864.20 |
| 07/31/25 | | S DAEINEJAD | RENTAL PROCEEDS Bank Serial #: | 0000-00 | $300.00 | | $925,164.20 |
| 07/31/25 | | SMART CONTRACT S | AUGUST 2025 RENT Bank Serial #: | 0000-00 | $550.00 | | $925,714.20 |
| 07/31/25 | | CHAMPIONS SCHOOL OF REAL ESTATE | AUGUST 2025 RENT Bank Serial #: | 0000-00 | $42,490.18 | | $968,204.38 |
| 07/31/25 | 4116 | WM CORPORATE SERVICES, INC. AS PAYMENT AGENT PO BOX 660345 DALLAS, TX 75266-0345 | CUSTOMER ID: 24-43917-13000 INVOICE #7991247-0011-0 | 0000-00 | | $1,302.88 | $966,901.50 |
| 07/31/25 | 4117 | PROMISE TOTAL SERVICES OF TEXAS, IN P.O. BOX 29789 Dallas, Texas 75229-9789 | SERVICES INVOICES #55058820, #50058673, #50058495, #50058403, #50058404 | 0000-00 | | $18,797.93 | $948,103.57 |

Page Subtotals: $44,340.18 $220,100.81

Case No: 24-10119

Case Name: 1001 WL, LLC

Trustee Name: John Patrick Lowe, Trustee

Bank Name: Axos Bank

Account Number/CD#: XXXXXX3887

Checking Account

Taxpayer ID No: XX-XXX5202

For Period Ending: 11/30/2025

Blanket Bond (per case limit):

Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 07/31/25 | 4118 | CIRRO ENERGY<br>U.S. Retailers, LLC<br>PO Box 660004<br>Dallas, TX 75266-0004 | ACCOUNT #: 11 593 247 - 7<br>THIS CHECK MAILED TO THE<br>PO BOX ADDRESS IN<br>DALLAS, TX. | 0000-00 | | $16,396.27 | $931,707.30 |
| 08/01/25 | | MALRY T REED SOLE PROP<br>DBA TRAIN WITH REED | AUGUST 2025 RENT | 0000-00 | $5,100.00 | | $936,807.30 |
| 08/01/25 | | HOMESMART | RENT PROCEEDS<br>Bank Serial #: | 0000-00 | $7,278.50 | | $944,085.80 |
| 08/01/25 | 4119 | VDA, INC.<br>PO Box 821381<br>Philadelphia, PA 19182-1381 | CONSULTING SERVICES<br>FOR PERIOD ENDING:<br>07/31/25; INVOICE NO.<br>00327475 | 0000-00 | | $3,000.00 | $941,085.80 |
| 08/01/25 | 4120 | MODERN PEST CONTROL<br>1110 East Ave.<br>Katy, TX 77493 | ACCOUNT NUMBER: 74317<br>INVOICE #710394 | 0000-00 | | $351.81 | $940,733.99 |
| 08/01/25 | 4121 | CLASSIC PROTECTION SYSTEMS, INC.<br>1648 W Sam Houston Parkway N<br>Houston, TX 77043 | FIRE & LIFE SAFETY<br>TESTING INVOICES # Q56209 | 0000-00 | | $2,528.75 | $938,205.24 |
| 08/01/25 | 4122 | DATAWATCH SYSTEMS, INC.<br>P.O. Box 79845<br>Baltimore, MD 21279 | MONITOR - 08/01/25 –<br>08/31/25 INVOICE NUMBER:<br>371023 | 0000-00 | | $2,272.53 | $935,932.71 |
| 08/05/25 | | SAM R. CAMMACK III, ATTORNEY AT LAW | AUGUST 2025 RENT | 0000-00 | $1,500.00 | | $937,432.71 |
| 08/05/25 | | QUEST PERSONNEL RESOURCES, INC. | AUGUST 2025 RENT | 0000-00 | $7,221.50 | | $944,654.21 |
| 08/05/25 | | M EZZATABADIPOUR | AUGUST RENT<br>Bank Serial #: | 0000-00 | $300.00 | | $944,954.21 |
| 08/06/25 | | DAVID L COOK JR ATTORNEY AT LAW | JULY 2025 RENT | 0000-00 | $1,000.00 | | $945,954.21 |
| 08/06/25 | 4123 | FASTSIGNS<br>6115 Westheimer<br>Houston, TX 77057 | GARAGE SIGNAGE – 50%<br>DEPOSIT INVOICE 73G-<br>156223 | 0000-00 | | $763.24 | $945,190.97 |

Page Subtotals:      $22,400.00      $25,312.60

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Case No: 24-10119

Case Name: 1001 WL, LLC

Taxpayer ID No: XX-XXX5202

For Period Ending: 11/30/2025

Trustee Name: John Patrick Lowe, Trustee

Bank Name: Axos Bank

Account Number/CD#: XXXXXX3887

Checking Account

Blanket Bond (per case limit):

Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 08/06/25 | 4124 | AT&T<br>PO BOX 5014<br>CAROL STREAM, IL 60197-5014 | ACCT #330966395 | 0000-00 | | $223.24 | $944,967.73 |
| 08/06/25 | 4125 | PROMISE TOTAL SERVICES OF TEXAS, IN<br>P.O. BOX 29789<br>Dallas, Texas 75229-9789 | SERVICE INVOICES #50058918 | 0000-00 | | $8,881.76 | $936,085.97 |
| 08/07/25 | | GOLD QUEST GROUP | STE. 803 - JUN, JUL & AUG 2025 RENT<br>Bank Serial #: | 0000-00 | $5,242.41 | | $941,328.38 |
| 08/08/25 | | B SQUARE DEVELOPMENT LLC | STE 729 RENT/7C EQUITY GROUP | 0000-00 | $5,000.00 | | $946,328.38 |
| 08/12/25 | | NATIONWIDE INVESTIGATIONS AND SECURITY, INC. | AUGUST 2025 RENT | 0000-00 | $4,750.00 | | $951,078.38 |
| 08/12/25 | | AT&T | MAY 2025 RENT PAYMENTS | 0000-00 | $3,078.64 | | $954,157.02 |
| 08/12/25 | | HASAN & ASSOCIATES CPAS, P.C. | AUGUST 2025 RENT | 0000-00 | $4,494.51 | | $958,651.53 |
| 08/12/25 | 4126 | MODERN PEST CONTROL<br>1110 East Ave.<br>Katy, TX 77493 | ACCOUNT NUMBER: 74317<br>INVOICE #712914 | 0000-00 | | $189.44 | $958,462.09 |
| 08/12/25 | 4127 | MODERN PEST CONTROL<br>1110 East Ave.<br>Katy, TX 77493 | ACCOUNT NUMBER: 74317<br>INVOICE #712845 | 0000-00 | | $211.09 | $958,251.00 |
| 08/12/25 | 4128 | DATAWATCH SYSTEMS, INC.<br>P.O. Box 79845<br>Baltimore, MD 21279 | REPLACE DOOR MAGNET<br>INVOICE NUMBER: 371770 | 0000-00 | | $590.36 | $957,660.64 |
| 08/12/25 | 4129 | PCR PROPERTY SERVICES, LLC<br>5847 San Felipe St., Suite 1400<br>Houston, TX 77057 | JULY 2025 PROPERTY MANAGEMENT FEE<br>CHECK SENT VIA FEDEX 2 DAY DELIVERY TO:<br><br>NATALIE PARKER PARTNERS<br>5847 SAN FELIPE ST., SUITE 1400<br>HOUSTON, TX 77057 | 0000-00 | | $22,208.32 | $935,452.32 |

Page Subtotals: $22,565.56   $32,304.21

24-10119 smr Doc#311 Filed 01/29/25 Entered 01/29/25 14:31:47 Exhibit A - Legal 181

Cash Receipts and Disbursements Record for Period Ended Novembe Pg 27 of 44

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | |
|---|---|
| Case No: 24-10119 | Trustee Name: John Patrick Lowe, Trustee |
| Case Name: 1001 WL, LLC | Bank Name: Axos Bank |
| | Account Number/CD#: XXXXXX3887 |
| | Checking Account |
| Taxpayer ID No: XX-XXX5202 | Blanket Bond (per case limit): |
| For Period Ending: 11/30/2025 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 08/12/25 | 4130 | NATALIE PARKER | REIMBURSEMENT OF EXPENSES STATEMENT #: 8.11.2025 CHECK SENT VIA FEDEX 2 DAY DELIVERY TO: NATALIE PARKER PARTNERS 5847 SAN FELIPE ST., SUITE 1400 HOUSTON, TX 77057 | 0000-00 | | $83.82 | $935,368.50 |
| 08/13/25 | 4131 | DATAWATCH SYSTEMS, INC. P.O. Box 79845 Baltimore, MD 21279 | MONITOR - 03/25/25 - 05/31/25 INVOICE NUMBER: 337895 | 0000-00 | | $5,058.22 | $930,310.28 |
| 08/13/25 | 4132 | CLASSIC PROTECTION SYSTEMS, INC. 1648 W Sam Houston Parkway N Houston, TX 77043 | PURCHASE/INSTALLATION FIRE EXTINGUISHER CABINETS, INVOICES # Q56615 | 0000-00 | | $1,353.13 | $928,957.15 |
| 08/13/25 | 4133 | CLASSIC PROTECTION SYSTEMS, INC. 1648 W Sam Houston Parkway N Houston, TX 77043 | FIRE ALARM INSPECTION INVOICES # Q56606 | 0000-00 | | $475.00 | $928,482.15 |
| 08/13/25 | 4134 | UES PROFESSIONAL SOLUTIONS 44, LLC PO Box 735418 Chicago, IL 60673-5418 | PROJECT NO: U252979 INVOICE NO: 188061 | 0000-00 | | $482.00 | $928,000.15 |
| 08/14/25 | 4135 | FASTSIGNS 6115 Westheimer Houston, TX 77057 | GARAGE SIGNAGE - REMAINING BALANCE INVOICE 73G-156697 | 0000-00 | | $763.24 | $927,236.91 |
| 08/14/25 | 4136 | AMERICAN FLOOD RESEARCH INC 1820 PRESTON PARK BLVD, STE 1100 PLANO, TX 75093 | FLOOD INSURANCE PREMIUM POLICY NUMBER: EGS0000561-00 | 0000-00 | | $18,487.91 | $908,749.00 |
| 08/14/25 | 4137 | APS BUILDING SERVICES PO BOX 40447 HOUSTON, TX 77240 | WATER/SEWAGE BACK UP MAINTENANCE INVOICE 186796; RE: WORK ORDER - 339949; SERVICE ADDRESS: 1001 WEST LOOP SOUTH BUILDING | 0000-00 | | $683.06 | $908,065.94 |

| | | | Page Subtotals: | | $0.00 | $27,386.38 |
|---|---|---|---|---|---|---|

Cash Receipts and Disbursements Record for Period Ended Novembe Pg 28 of 44

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**
FORM 2

Case No: 24-10119

Case Name: 1001 WL, LLC

Taxpayer ID No: XX-XXX5202

For Period Ending: 11/30/2025

Trustee Name: John Patrick Lowe, Trustee

Bank Name: Axos Bank

Account Number/CD#: XXXXXX3887

Checking Account

Blanket Bond (per case limit):

Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 08/15/25 | 4138 | APS BUILDING SERVICES PO BOX 40447 HOUSTON, TX 77240 | REPLACEMENT - AIR COMPRESSOR MOTOR INVOICE 186958; RE: WORK ORDER - 340472; SERVICE ADDRESS: 1001 WEST LOOP SOUTH BUILDING | 0000-00 | | $3,853.75 | $904,212.19 |
| 08/15/25 | 4139 | ARMADILLO GLASS, INC. 9227 RONDA LANE HOUSTON, TX 77074-5274 | REPAIRS INVOICES NOS. 18788 AND 18789 | 0000-00 | | $16,280.80 | $887,931.39 |
| 08/19/25 | | T-MOBILE | AUGUST 2025 RENT PAYMENT | 0000-00 | $4,650.74 | | $892,582.13 |
| 08/19/25 | 4140 | TEJAS GROUND MAINTENANCE P.O. BOX 841288 HOUSTON, TX 77284 | LANDSCAPE MAINTENANCE- AUGUST INVOICE #8838 | 0000-00 | | $947.19 | $891,634.94 |
| 08/20/25 | 4141 | APS BUILDING SERVICES PO BOX 40447 HOUSTON, TX 77240 | REPLACEMENT - EVAP TEMP SENSOR INVOICE 187202; RE: WORK ORDER - 331113; SERVICE ADDRESS: 1001 WEST LOOP SOUTH BUILDING | 0000-00 | | $2,063.25 | $889,571.69 |
| 08/20/25 | 4142 | CITY OF HOUSTON PO Box 1560 Houston, TX 77251-1560 | ACCOUNT NUMBER: 5803-5549-1169 SERVICE ADDRESS: 1001 S WEST LOOP | 0000-00 | | $31,679.78 | $857,891.91 |
| 08/22/25 | 4143 | A1 EXPRESS SAFE & LOCK 9711 S. MASON RD., STE. 125-240 RICHMOND, TX 77407 | SERVICE CHARGES INVOICES # 60034 AND 60050 | 0000-00 | | $777.78 | $857,114.13 |
| 08/22/25 | 4144 | FASTSIGNS 6115 Westheimer Houston, TX 77057 | DEPOSIT REQUIRED ESTIMATE: EST-156837 | 0000-00 | | $36.84 | $857,077.29 |
| 08/25/25 | 4145 | FACILITY SOLUTIONS GROUP, INC. P.O. BOX 200942 DALLAS, TX 75320-0942 | LIGHT BULBS INVOICE #5574432-00 | 0000-00 | | $290.52 | $856,786.77 |
| 08/26/25 | 4146 | CLASSIC PROTECTION SYSTEMS, INC. 1648 W Sam Houston Parkway N Houston, TX 77043 | 10 LB ABC FIRE EXTINGUISHERS INVOICES # Q55952 | 0000-00 | | $2,392.33 | $854,394.44 |

Page Subtotals: $4,650.74 $58,322.24

24-10119-smr Doc#311 Filed 01/20/25 Entered 01/20/25 14:31:27 Exhibit A-L Page 183
Cash Receipts and Disbursements Record for Period Ended Novembe Pg 29 of 44

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**
**FORM 2**

| Case No: 24-10119 | Trustee Name: John Patrick Lowe, Trustee |
|---|---|
| Case Name: 1001 WL, LLC | Bank Name: Axos Bank |
| | Account Number/CD#: XXXXXX3887 |
| | Checking Account |
| Taxpayer ID No: XX-XXX5202 | Blanket Bond (per case limit): |
| For Period Ending: 11/30/2025 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 08/26/25 | 4147 | CITY OF HOUSTON FIRE PREVENTION P.O. BOX 3625 HOUSTON, TEXAS 77253 | PERMIT #: HFD24044326 | 0000-00 | | $99.31 | $854,295.13 |
| 08/26/25 | 4148 | MODERN PEST CONTROL 1110 East Ave. Katy, TX 77493 | ACCOUNT NUMBER: 74317 INVOICE #714084 | 0000-00 | | $97.43 | $854,197.70 |
| 08/27/25 | 4149 | A1 EXPRESS SAFE & LOCK 9711 S. MASON RD., STE. 125-240 RICHMOND, TX 77407 | RE-KEYING NUMEROUS LOCKS INVOICES # 60592 | 0000-00 | | $952.60 | $853,245.10 |
| 08/27/25 | 4150 | CLASSIC PROTECTION SYSTEMS, INC. 1648 W Sam Houston Parkway N Houston, TX 77043 | LIFE SAFETY INSPECTION/REPAIRS INVOICES # Q56918 | 0000-00 | | $866.00 | $852,379.10 |
| 08/29/25 | 4153 | Reverses Check # 4153 | LOAN NUMBER XXX-102330529 ENTERED IN ERROR WHILE LOOKING AT CHECK NO. 4099 FOR REFERENCE.  VBH | 0000-00 | | ($1,646.92) | $854,026.02 |
| 08/29/25 | | PALLADIUM CNSLT | 1/2 RENTAL PROCEEDS DBA EXPERO #745 Bank Serial #: | 0000-00 | $7,838.83 | | $861,864.85 |
| 08/29/25 | | CHAMPIONS SCHOOL OF REAL ESTAT | SEPT 2025 RENT Bank Serial #: | 0000-00 | $42,490.18 | | $904,355.03 |
| 08/29/25 | 4151 | WM CORPORATE SERVICES, INC. AS PAYMENT AGENT PO BOX 660345 DALLAS, TX 75266-0345 | CUSTOMER ID: 24-43917-13000 INVOICE #8004402-0011-4 | 0000-00 | | $1,049.57 | $903,305.46 |
| 08/29/25 | 4152 | THE HARTFORD P.O. BOX 660916 DALLAS, TX 75266-0916 | ACCOUNT NUMBER: 17560249 CHECK MAILED TO:  The Hartford PO Box 660916 Dallas, TX 75266-0916 | 0000-00 | | $18,640.00 | $884,665.46 |

Page Subtotals: $50,329.01 $20,057.99

Cash Receipts and Disbursements Record for Period Ended Novembe Pg 30 of 44

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**
FORM 2

| Case No: 24-10119 | Trustee Name: John Patrick Lowe, Trustee |
|---|---|
| Case Name: 1001 WL, LLC | Bank Name: Axos Bank |
| | Account Number/CD#: XXXXXX3887 |
| | Checking Account |
| Taxpayer ID No: XX-XXX5202 | Blanket Bond (per case limit): |
| For Period Ending: 11/30/2025 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| 08/29/25 | 4153 | FIRST INSURANCE FUNDING<br>PO Box 7000<br>Carol Stream, IL 60197-7000 | LOAN NUMBER XXX-102330529 NOTICE DATE: 7/3/2025<br>CHECK MAILED TO:<br><br>FIRST INSURANCE FUNDING<br>PO BOX 7000<br>CAROL STREAM, IL 60197-7000 | 0000-00 | | $1,646.92 | $883,018.54 |
| 09/02/25 | | TIMOTHY E MCKENNA OR MARY A MCKENNA | AUGUST/SEPTEMBER 2025 RENT | 0000-00 | $1,000.00 | | $884,018.54 |
| 09/02/25 | | HOMESMART | RENT PROCEEDS<br>Bank Serial #: | 0000-00 | $7,278.50 | | $891,297.04 |
| 09/02/25 | 4154 | FIRST INSURANCE FUNDING<br>PO Box 7000<br>Carol Stream, IL 60197-7000 | LOAN NUMBER XXX-104848858 NOTICE DATE: 08/26/2025<br>CHECK MAILED TO:<br><br>FIRST INSURANCE FUNDING<br>PO BOX 7000<br>CAROL STREAM, IL 60197-7000 | 0000-00 | | $26,759.65 | $864,537.39 |
| 09/02/25 | 4155 | CIRRO ENERGY<br>U.S. Retailers, LLC<br>PO Box 660004<br>Dallas, TX 75266-0004 | ACCOUNT #: 11 593 247 - 7<br>THIS CHECK MAILED TO THE PO BOX ADDRESS IN DALLAS, TX. | 0000-00 | | $16,805.61 | $847,731.78 |
| 09/02/25 | 4156 | DATAWATCH SYSTEMS, INC.<br>P.O. Box 79845<br>Baltimore, MD 21279 | MONITOR - 09/01/25 - 09/30/25 INVOICE NUMBER: 382051 | 0000-00 | | $2,272.53 | $845,459.25 |
| 09/03/25 | | MALRY T REED SOLE PROP DBA TRAIN WITH REED | SEPTEMBER 2025 RENT | 0000-00 | $5,100.00 | | $850,559.25 |
| 09/03/25 | | M EZZATABADIPOUR | SEPTEMBER 2025 RENT<br>Bank Serial #: | 0000-00 | $300.00 | | $850,859.25 |
| 09/03/25 | | S DAEINEJAD | RENTAL PROCEEDS<br>Bank Serial #: | 0000-00 | $300.00 | | $851,159.25 |
| | | | Page Subtotals: | | $13,978.50 | $47,484.71 | |

24-10119-smr Doc#1031-1 Filed 01/20/25 Entered 01/20/25 14:34:26 Exhibit A-L Page 185
FORM 2
ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD
Cash Receipts and Disbursements Record for Period Ended Novembe Pg 31 of 44

Case No: 24-10119
Case Name: 1001 WL, LLC

Taxpayer ID No: XX-XXX5202
For Period Ending: 11/30/2025

Trustee Name: John Patrick Lowe, Trustee
Bank Name: Axos Bank
Account Number/CD#: XXXXXX3887
Checking Account

Blanket Bond (per case limit):
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 09/03/25 | 4157 | TOTAL ENERGY SOLUTIONS COMPANY, LLC 1196 PETROLEUM PARKWAY BROUSSAR, LA 70518 | REPAIRS-STARTER ON GENERATOR AND REPLACE BATTERIES; INVOICE NUMBER: 3164149 MAILED TO PHYSICAL ADDRESS PER NATALIE'S EMAIL OF 09/03/25. | 0000-00 | | $2,810.90 | $848,348.35 |
| 09/03/25 | 4158 | FASTSIGNS 6115 Westheimer Houston, TX 77057 | BALANCE DUE INVOICE 73G-156837 | 0000-00 | | $36.84 | $848,311.51 |
| 09/04/25 | | HASAN & ASSOCIATES CPAS, P.C. | SEPTEMBER 2025 RENT | 0000-00 | $4,494.51 | | $852,806.02 |
| 09/04/25 | 4159 | UNITED PROTECTIVE SERVICES - SOUTH 4455 Sigma Road Dallas, TX 75244 | SECURITY COVERAGE - AUGUST 2025 INVOICE NO. 682959 | 0000-00 | | $146.65 | $852,659.37 |
| 09/05/25 | | QUEST PERSONNEL RESOURCES, INC. | SEPTEMBER 2025 RENT | 0000-00 | $7,221.50 | | $859,880.87 |
| 09/08/25 | | SAM R. CAMMACK III, ATTORNEY AT LAW | SEPTEMBER 2025 RENT | 0000-00 | $1,500.00 | | $861,380.87 |
| 09/08/25 | | HARDER DEVOTION PERSONAL TRAINING, | SEPTEMBER 2025 RENT | 0000-00 | $1,000.00 | | $862,380.87 |
| 09/10/25 | | SMART CONTRACT S | SEPTEMBER 2025 RENT Bank Serial #: | 0000-00 | $550.00 | | $862,930.87 |
| 09/11/25 | | B SQUARE DEVELOPMENT LLC | STE 729 RENT/7C EQUITY GROUP | 0000-00 | $5,000.00 | | $867,930.87 |

Page Subtotals: $19,766.01 $2,994.39

Page: 32

24-10119-smr Doc#311 Filed 01/20/25 Entered 01/20/25 14:31:27 Exhibit A-Legal86
FORM 2
ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD
Cash Receipts and Disbursements Record For Period Ended Novembe Pg 32 of 44

Case No: 24-10119  
Case Name: 1001 WL, LLC

Trustee Name: John Patrick Lowe, Trustee  
Bank Name: Axos Bank  
Account Number/CD#: XXXXXX3887  
Checking Account

Taxpayer ID No: XX-XXX5202  
For Period Ending: 11/30/2025

Blanket Bond (per case limit):  
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 09/12/25 | 4160 | PCR PROPERTY SERVICES, LLC 5847 San Felipe St., Suite 1400 Houston, TX 77057 | AUGUST 2025 PROPERTY MANAGEMENT FEE CHECK SENT VIA FEDEX 2 DAY DELIVERY TO: NATALIE PARKER PARTNERS 5847 SAN FELIPE ST., SUITE 1400 HOUSTON, TX 77057 | 0000-00 | | $22,398.69 | $845,532.18 |
| 09/12/25 | 4161 | NATALIE PARKER | REIMBURSEMENT OF EXPENSES STATEMENT NUMBER: 9/4/2025 CHECK SENT VIA FEDEX 2 DAY DELIVERY TO: NATALIE PARKER PARTNERS 5847 SAN FELIPE ST., SUITE 1400 HOUSTON, TX 77057 | 0000-00 | | $552.48 | $844,979.70 |
| 09/12/25 | 4162 | PROMISE TOTAL SERVICES OF TEXAS, IN P.O. BOX 29789 Dallas, Texas 75229-9789 | SERVICE - SEPTEMBER 2025 INVOICES #50059177 | 0000-00 | | $8,881.76 | $836,097.94 |
| 09/15/25 | 4163 | TEJAS GROUND MAINTENANCE P.O. BOX 841288 HOUSTON, TX 77284 | LANDSCAPE MAINTENACE- SEPTEMBER AND REMOVAL OF TREE; INVOICES #8992 AND 9114 | 0000-00 | | $2,516.82 | $833,581.12 |
| 09/17/25 | 4164 | CLASSIC PROTECTION SYSTEMS, INC. 1648 W Sam Houston Parkway N Houston, TX 77043 | SERVICE CALL - TROUBLESHOOT FIRE PUMP & PROVIDE TRAINING; INVOICES # Q54025 | 0000-00 | | $801.05 | $832,780.07 |
| 09/17/25 | 4165 | KLEEN SUPPLY COMPANY PO Box 2037 Galveston, TX 77553 | MARCH 2025 JANITORIAL SUPPLIES INVOICE #46502 SENT VIA FEDEX TO 1001 WL, LLC - GIA SAMAVATI | 0000-00 | | $2,475.47 | $830,304.60 |
| 09/19/25 | | AT&T | | 0000-00 | $3,078.64 | | $833,383.24 |
| | | | Page Subtotals: | | $3,078.64 | $37,626.27 | |

24-10119-smr Doc#1031-1 Filed 01/02/25 Entered 01/02/25 14:31:26 Exhibit A-1 Page 187

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Cash Receipts and Disbursements Record for Period Ended Novembe Pg 33 of 44

| | | | | | | |
|---|---|---|---|---|---|---|
| Case No: 24-10119 | | | | Trustee Name: John Patrick Lowe, Trustee | | |
| Case Name: 1001 WL, LLC | | | | Bank Name: Axos Bank | | |
| | | | | Account Number/CD#: XXXXXX3887 | | |
| | | | | Checking Account | | |
| Taxpayer ID No: XX-XXX5202 | | | | Blanket Bond (per case limit): | | |
| For Period Ending: 11/30/2025 | | | | Separate Bond (if applicable): | | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 09/22/25 | | AT&T | RENTAL | 0000-00 | $3,078.64 | | $836,461.88 |
| 09/22/25 | | Reverses Deposit # 76 | DEPOSIT NOT DEPOSITED TO REMOTE BANKING BY ANNIE, SHE DID NOT HAVE ACCESS TO PASSWORD. VBH WAS OUT OF OFFICE. | 0000-00 | ($3,078.64) | | $833,383.24 |
| 09/22/25 | 4166 | BALANCE COMPANIES 5090 RICHMOND #96 HOUSTON, tx 77056 | INTERIM FEE INVOICE #20240124, FILE #124; PER ORDER DATED 09/22/25, DOCKET NO. 962 ORDER APPROVING INTERIM FEE APPLICATION FOR INSURANCE ADJUSTER DATED 09/22/25, DOCKET NO. 962.  CHECK MAILED TO:  JEFF VISE BALANCE COMPANIES 5090 RICHMOND #96 HOUSTON, TX 77056 | 0000-004 | | $50,000.00 | $783,383.24 |
| 09/23/25 | | NATIONWIDE INVESTIGATIONS | SEPTEMBER 2025 RENT Bank Serial #: | 0000-00 | $4,750.00 | | $788,133.24 |
| 09/24/25 | 4167 | CITY OF HOUSTON PO Box 1560 Houston, TX 77251-1560 | ACCOUNT NUMBER: 5803-5549-1169 SERVICE ADDRESS: 1001 S WEST LOOP | 0000-00 | | $13,124.18 | $775,009.06 |
| 09/24/25 | 4168 | MODERN PEST CONTROL 1110 East Ave. Katy, TX 77493 | ACCOUNT NUMBER: 74317 INVOICE #720110 | 0000-00 | | $156.96 | $774,852.10 |
| 09/26/25 | 4169 | FACILITY SOLUTIONS GROUP, INC. P.O. BOX 200942 DALLAS, TX 75320-0942 | INVOICES #5581950-00 AND 3198332 | 0000-00 | | $2,096.92 | $772,755.18 |
| 09/29/25 | | GOLD QUEST GROUP, LLC | RENT - OFFICE 803 | 0000-00 | $4,095.85 | | $776,851.03 |

Page Subtotals: $8,845.85 $65,378.06

Case No: 24-10119

Case Name: 1001 WL, LLC

Trustee Name: John Patrick Lowe, Trustee

Bank Name: Axos Bank

Account Number/CD#: XXXXXX3887

Checking Account

Taxpayer ID No: XX-XXX5202

For Period Ending: 11/30/2025

Blanket Bond (per case limit):

Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 09/29/25 | 4170 | WM CORPORATE SERVICES, INC. AS PAYMENT AGENT PO BOX 660345 DALLAS, TX 75266-0345 | CUSTOMER ID: 24-43917-13000 INVOICE #8017545-0011-5 | 0000-00 | | $1,049.57 | $775,801.46 |
| 09/30/25 | | PALLADIUM CNSLT | RENTAL PROCEEDS DBA EXPERO #745 Bank Serial #: | 0000-00 | $3,919.42 | | $779,720.88 |
| 09/30/25 | | CHAMPIONS SCHOOL OF REAL ESTATE LTD | OCTOBER RENT Bank Serial #: | 0000-00 | $42,490.18 | | $822,211.06 |
| 09/30/25 | 4171 | MILLSAP WATERPROOFING, INC. 2414 McAllister Rd. Houston, TX 77092 | CONCRETE REPAIR INVOICE #29960 | 0000-00 | | $11,880.44 | $810,330.62 |
| 09/30/25 | 4172 | ARMADILLO GLASS, INC. 9227 RONDA LANE HOUSTON, TX 77074-5274 | REPLACE/INSTALL INVOICES #18835, 18836 AND 18837 | 0000-00 | | $4,431.03 | $805,899.59 |
| 10/01/25 | | MALRY T REED SOLE PROP DBA TRAIN WITH REED | OCTOBER 2025 RENT | 0000-00 | $5,783.06 | | $811,682.65 |
| 10/01/25 | | S DAEINEJAD | RENTAL PROCEEDS Bank Serial #: | 0000-00 | $300.00 | | $811,982.65 |
| 10/01/25 | | M EZZATABADIPOUR | OCT 2025 RENT Bank Serial #: | 0000-00 | $600.00 | | $812,582.65 |
| 10/02/25 | | DAVID L COOK JR. ATTORNEY AT LAW | AUGUST RENT | 0000-00 | $1,000.00 | | $813,582.65 |
| 10/02/25 | | M EZZATABADIPOUR | OCT 2025 RENT Bank Serial #: | 0000-00 | $150.00 | | $813,732.65 |
| 10/02/25 | | HOMESMART | RENT PROCEEDS Bank Serial #: | 0000-00 | $7,278.50 | | $821,011.15 |
| 10/03/25 | 4166 | Reverses Check # 4166 | Stop Payment Reversal STOP PAYMENT | 0000-004 | | ($50,000.00) | $871,011.15 |
| 10/03/25 | 4173 | DATAWATCH SYSTEMS, INC. P.O. Box 79845 Baltimore, MD 21279 | MONITOR - 10/01/25 - 10/31/25 INVOICE NUMBER: 392993 | 0000-00 | | $2,272.53 | $868,738.62 |

Page Subtotals: $61,521.16 ($30,366.43)

24-10119-smr Doc#1031-1 Filed 01/07/25 Entered 01/07/25 14:31:26 Exhibit A-Legal Page 189
Cash Receipts and Disbursements Record For Period Ended Novembe Pg 35 of 44
FORM 2
ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 35

Case No: 24-10119

Case Name: 1001 WL, LLC

Trustee Name: John Patrick Lowe, Trustee

Bank Name: Axos Bank

Account Number/CD#: XXXXXX3887

Checking Account

Taxpayer ID No: XX-XXX5202

For Period Ending: 11/30/2025

Blanket Bond (per case limit):

Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 10/03/25 | 4174 | CIRRO ENERGY<br>U.S. Retailers, LLC<br>PO Box 660004<br>Dallas, TX 75266-0004 | ACCOUNT #: 11 593 247 - 7<br>THIS CHECK MAILED TO THE<br>PO BOX ADDRESS IN<br>DALLAS, TX. | 0000-00 | | $16,192.40 | $852,546.22 |
| 10/06/25 | | SAM R. CAMMACK III, ATTORNEY AT LAW | OCTOBER 2025 RENT | 0000-00 | $1,500.00 | | $854,046.22 |
| 10/06/25 | 4175 | FIRST INSURANCE FUNDING<br>PO Box 7000<br>Carol Stream, IL 60197-7000 | LOAN NUMBER<br>XXX-104848858 NOTICE<br>DATE: 09/25/2025<br>CHECK MAILED IN RETURN<br>ENVELOPE TO:<br><br>FIRST INSURANCE FUNDING<br>PO BOX 7000<br>CAROL STREAM, IL 60197-7000 | 0000-00 | | $26,759.65 | $827,286.57 |
| 10/06/25 | 4176 | BALANCE COMPANIES | INTERIM FEE INVOICE<br>#20240124, FILE #124; PER<br>ORDER DATED 09/22/25,<br>DOCKET NO. 962<br>ORDER APPROVING<br>INTERIM FEE APPLICATION<br>FOR INSURANCE ADJUSTER<br>DATED 09/22/25, DOCKET<br>NO. 962.<br><br>CHECK MAILED TO: STOP<br>PAYMENT ON CHECK #4166<br>WHICH WAS MAILED TO:<br><br>JEFF VISE<br>BALANCE COMPANIES<br>5090 RICHMOND #96<br>HOUSTON, TX 77056<br><br>CHECK REISSUED AN | 0000-00 | | $50,000.00 | $777,286.57 |
| 10/07/25 | | NATIONWIDE INVESTIGATIONS | OCTOBER 2025 RENT<br>Bank Serial #: | 0000-00 | $4,750.00 | | $782,036.57 |

Page Subtotals: $6,250.00 $92,952.05

Case No: 24-10119  
Case Name: 1001 WL, LLC  

Taxpayer ID No: XX-XXX5202  
For Period Ending: 11/30/2025  

Trustee Name: John Patrick Lowe, Trustee  
Bank Name: Axos Bank  
Account Number/CD#: XXXXXX3887  
Checking Account  

Blanket Bond (per case limit):  
Separate Bond (if applicable):  

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 10/07/25 | 4177 | PROMISE TOTAL SERVICES OF TEXAS, IN P.O. BOX 29789 Dallas, Texas 75229-9789 | SERVICE - OCTOBER 2025 INVOICES #50059406 | 0000-00 | | $8,881.76 | $773,154.81 |
| 10/08/25 | | QUEST PERSONNEL RESOURCES, INC. | OCTOBER 2025 RENT +AUG/SEPT RESIDUAL | 0000-00 | $7,638.14 | | $780,792.95 |
| 10/08/25 | | SMART CONTRACT S | OCTOBER 2025 RENT Bank Serial #: | 0000-00 | $550.00 | | $781,342.95 |
| 10/08/25 | 4178 | ELEVATOR REPAIR SERVICE, INC. P.O. BOX 11037 HOUSTON, TX 77293 | MAINTENANCE CONTRACT INVOICE NUMBER: INV-18390 -P7Q3 | 0000-00 | | $1,082.50 | $780,260.45 |
| 10/10/25 | | HASAN & ASSOCIATES CPAS, P.C. | OCTOBER 2025 RENT | 0000-00 | $4,494.51 | | $784,754.96 |
| 10/10/25 | 4179 | FACILITY SOLUTIONS GROUP, INC. P.O. BOX 200942 DALLAS, TX 75320-0942 | LIGHT BULBS INVOICE #5587679-00 | 0000-00 | | $291.26 | $784,463.70 |
| 10/10/25 | 4180 | ELEVATOR REPAIR SERVICE, INC. P.O. BOX 11037 HOUSTON, TX 77293 | MONTHLY CONTRACT BILLING SEPTEMBER 2025 - CORRECTED; INVOICE NUMBER: INV-19469-N7N0 | 0000-00 | | $3,068.89 | $781,394.81 |
| 10/13/25 | 4181 | PCR PROPERTY SERVICES, LLC 5847 San Felipe St., Suite 1400 Houston, TX 77057 | SEPT 2025 PROPERTY MANAGEMENT FEE CHECK SENT VIA FEDEX 2 DAY DELIVERY TO: NATALIE PARKER PARTNERS 5847 SAN FELIPE ST., SUITE 1400 HOUSTON, TX 77057 | 0000-00 | | $22,208.32 | $759,186.49 |

Page Subtotals: $12,682.65 $35,532.73

Cash Receipts and Disbursements Record for Period Ended November Pg 37 of 44

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No: 24-10119 | Trustee Name: John Patrick Lowe, Trustee |
|---|---|
| Case Name: 1001 WL, LLC | Bank Name: Axos Bank |
| | Account Number/CD#: XXXXXX3887 |
| | Checking Account |
| Taxpayer ID No: XX-XXX5202 | Blanket Bond (per case limit): |
| For Period Ending: 11/30/2025 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 10/13/25 | 4182 | NATALIE PARKER | REIMBURSEMENT OF EXPENSES STATEMENT NUMBER: 10/1/2025 CHECK SENT VIA FEDEX 2 DAY DELIVERY TO: NATALIE PARKER PARTNERS 5847 SAN FELIPE ST., SUITE 1400 HOUSTON, TX 77057 | 0000-00 | | $468.32 | $758,718.17 |
| 10/13/25 | 4183 | AC LENNIS | REIMBURSEMENT OF EXPENSES STATEMENT NUMBER: 10/3/2025 CHECK SENT VIA FEDEX 2 DAY DELIVERY TO: NATALIE PARKER PARTNERS 5847 SAN FELIPE ST., SUITE 1400 HOUSTON, TX 77057 | 0000-00 | | $133.20 | $758,584.97 |
| 10/15/25 | 4185 | Reverses Check # 4185 | 3RD QTR YEAR 2025 - CH 11 QTRLY FE QTRLY PAYMENT MADE ON-LINE - REQUIRED. | 0000-00 | | ($2,531.38) | $761,116.35 |
| 10/15/25 | 4184 | ELEVATOR REPAIR SERVICE, INC. P.O. BOX 11037 HOUSTON, TX 77293 | POLY COUPLER REPLACEMENT INVOICE NUMBER: INV-19376-X5R3 | 0000-00 | | $6,761.77 | $754,354.58 |
| 10/15/25 | 4185 | UNITED STATES TRUSTEE | 3RD QTR YEAR 2025 - CH 11 QTRLY FE ACCOUNT NUMBER: 4212410119 CHECK MAILED TO: UNITED STATES TRUSTEE PAYMENT CENTER P.O. BOX 6200-19 PORTLAND, OR 97228-6200 | 0000-00 | | $2,531.38 | $751,823.20 |
| 10/16/25 | | UNITED STATES TRUSTEE | 3RD QTR YEAR 2025-CH 11 QTRLY FEE ACCT NUMBER 4212410119 | 0000-00 | | $2,531.38 | $749,291.82 |

| | | | Page Subtotals: | | $0.00 | $9,894.67 | |

Case No: 24-10119
Case Name: 1001 WL, LLC

Trustee Name: John Patrick Lowe, Trustee
Bank Name: Axos Bank
Account Number/CD#: XXXXXX3887
Checking Account

Taxpayer ID No: XX-XXX5202
For Period Ending: 11/30/2025

Blanket Bond (per case limit):
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 10/20/25 | 4186 | UES PROFESSIONAL SOLUTIONS 44, LLC PO Box 735418 Chicago, IL 60673-5418 | PROJECT NO: U252979 INVOICE NO: 189466 | 0000-00 | | $500.00 | $748,791.82 |
| 10/21/25 | 4187 | TEJAS GROUND MAINTENANCE P.O. BOX 841288 HOUSTON, TX 77284 | LANDSCAPE MAINTENACE-OCTOBER AND TREE SERVICE; INVOICES #9153 AND 9276 | 0000-00 | | $2,137.94 | $746,653.88 |
| 10/22/25 | 4188 | CITY OF HOUSTON PO Box 1560 Houston, TX 77251-1560 | ACCOUNT NUMBER: 5803-5549-1169 SERVICE ADDRESS: 1001 S WEST LOOP | 0000-00 | | $11,229.14 | $735,424.74 |
| 10/23/25 | 4189 | TOTAL ENERGY SOLUTIONS COMPANY, LLC 1196 PETROLEUM PARKWAY BROUSSAR, LA 70518 | INVOICE NUMBER 3167158 MAILED TO PHYSICAL ADDRESS PER NATALIE'S EMAIL OF 09/03/25. | 0000-00 | | $787.62 | $734,637.12 |
| 10/27/25 | | AT&T | RENTAL | 0000-00 | $9,235.92 | | $743,873.04 |
| 10/27/25 | | HARDER DEVOTION PERSONAL TRAINING, | OCTOER 2025 RENT | 0000-00 | $1,000.00 | | $744,873.04 |
| 10/27/25 | 4190 | FACILITY SOLUTIONS GROUP, INC. P.O. BOX 200942 DALLAS, TX 75320-0942 | INVOICES 5587679-01 AND 5591263-00 | 0000-00 | | $376.85 | $744,496.19 |
| 10/27/25 | 4191 | MODERN PEST CONTROL 1110 East Ave. Katy, TX 77493 | ACCOUNT NUMBER: 74317 INVOICE #727543 | 0000-00 | | $189.44 | $744,306.75 |
| 10/29/25 | 4192 | WM CORPORATE SERVICES, INC. AS PAYMENT AGENT PO BOX 660345 DALLAS, TX 75266-0345 | CUSTOMER ID: 24-43917-13000 INVOICE #8031174-0011-6 | 0000-00 | | $1,049.57 | $743,257.18 |
| 10/29/25 | 4193 | CLASSIC PROTECTION SYSTEMS, INC. 1648 W Sam Houston Parkway N Houston, TX 77043 | ANNUAL FIRE EXTINGUISHER INSPECTION ANNUAL FIRE HOSE INSPECTION; INVOICES # Q58394 | 0000-00 | | $930.50 | $742,326.68 |

Page Subtotals: $10,235.92 $17,201.06

24-10119-smr Doc#1003-1 Filed 01/02/25 Entered 01/02/25 14:31:26 Exhibit A-L Page 103

Cash Receipts and Disbursements Record for Period Ended Novembe Pg 39 of 44

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| | |
|---|---|
| Case No: 24-10119 | Trustee Name: John Patrick Lowe, Trustee |
| Case Name: 1001 WL, LLC | Bank Name: Axos Bank |
| | Account Number/CD#: XXXXXX3887 |
| | Checking Account |
| Taxpayer ID No: XX-XXX5202 | Blanket Bond (per case limit): |
| For Period Ending: 11/30/2025 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 10/31/25 | | S DAEINEJAD | RENTAL PROCEEDS<br>Bank Serial #: | 0000-00 | $300.00 | | $742,626.68 |
| 10/31/25 | | PALLADIUM CNSLT | RENTAL PROCEEDS DBA EXPERO #745<br>Bank Serial #: | 0000-00 | $3,919.42 | | $746,546.10 |
| 10/31/25 | | CHAMPIONS SCHOOL OF REAL ESTATE LTD | NOVEMBER 2025 RENT<br>Bank Serial #: | 0000-00 | $42,490.18 | | $789,036.28 |
| 10/31/25 | 4194 | CIRRO ENERGY<br>U.S. Retailers, LLC<br>PO Box 660004<br>Dallas, TX 75266-0004 | ACCOUNT #: 11 593 247 - 7<br>INVOICE #329001524109<br>THIS CHECK MAILED TO THE PO BOX ADDRESS IN DALLAS, TX. | 0000-00 | | $15,959.41 | $773,076.87 |
| 11/03/25 | | QUEST PERSONNEL RESOURCES, INC. | NOVEMBER 2025 RENT | 0000-00 | $7,360.38 | | $780,437.25 |
| 11/03/25 | | HOMESMART | RENT PROCEEDS<br>Bank Serial #: | 0000-00 | $7,278.50 | | $787,715.75 |
| 11/03/25 | 4195 | AFR INSURANCE SERVICES<br>1820 Preston Park Blvd, Suite 1100<br>Plano, Texas 75093 | FLOOD INSURANCE POLICY<br>POLICY/BINDER # AFR25XF10001680-00;<br>POLICY TERM: 10/30/25-10/30/26; INVOICE #26955 | 0000-00 | | $16,661.77 | $771,053.98 |
| 11/03/25 | 4196 | GRAVES DOUGHERTY HEARON & MOODY, PC | ATTORNEY FOR TRUSTEE FEES PER ORDER DATED 11/03/25,D OCKET NO. 1005 ORDER ON INTERIM APPLICATION OF GRAVES DOUGHERTY HEARON & MOODY, PC, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT FOR EXPENSES INCURRED DATED 11/03/25, DOCKET NO. 1005. | 3210-00 | | $135,172.50 | $635,881.48 |

Page Subtotals: $61,348.48 $167,793.68

Case No: 24-10119  
Case Name: 1001 WL, LLC

Trustee Name: John Patrick Lowe, Trustee  
Bank Name: Axos Bank  
Account Number/CD#: XXXXXX3887  
Checking Account

Taxpayer ID No: XX-XXX5202  
For Period Ending: 11/30/2025

Blanket Bond (per case limit):  
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 11/03/25 | 4197 | GRAVES DOUGHERTY HEARON & MOODY, PC | ATTORNEY FOR TRUSTEE EXPENSES PER ORDER DATED 11/03/25, DOCKET NO. 1005 ORDER ON INTERIM APPLICATION OF GRAVES DOUGHERTY HEARON & MOODY, PC, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT FOR EXPENSES INCURRED DATED 11/03/25, DOCKET NO. 1005. | 3220-00 | | $954.72 | $634,926.76 |
| 11/03/25 | 4198 | FIRST INSURANCE FUNDING PO Box 7000 Carol Stream, IL 60197-7000 | LOAN NUMBER XXX-104848858 NOTICE DATE: 10/24/2025 CHECK MAILED IN RETURN ENVELOPE TO: FIRST INSURANCE FUNDING PO BOX 7000 CAROL STREAM, IL 60197-7000 | 0000-00 | | $26,759.65 | $608,167.11 |
| 11/04/25 | | M EZZATABADIPOUR | Rent payment | 0000-000 | $600.00 | | $608,767.11 |
| 11/04/25 | 4199 | DATAWATCH SYSTEMS, INC. P.O. Box 79845 Baltimore, MD 21279 | MONITOR - 11/01/25 - 11/30/25 INVOICE NUMBER: 405092 | 0000-00 | | $2,272.53 | $606,494.58 |
| 11/05/25 | | SMART CONTRACT S | rent payment | 0000-000 | $550.00 | | $607,044.58 |
| 11/13/25 | | NATIONWIDE INVES | November 2025 rent | 0000-000 | $4,750.00 | | $611,794.58 |
| 11/17/25 | | TIMOTHY E MCKENNA OR MARY A MCKENNA | Rent 2 month rent | 0000-000 | $1,000.00 | | $612,794.58 |
| 11/17/25 | | Sam R. Cammack III, Attorney at Law PLLC | REnt November 2025 Rent | 0000-000 | $1,500.00 | | $614,294.58 |

Page Subtotals: $8,400.00  $29,986.90

| | | | | | | |
|---|---|---|---|---|---|---|
| Case No: 24-10119 | | | | Trustee Name: John Patrick Lowe, Trustee | | |
| Case Name: 1001 WL, LLC | | | | Bank Name: Axos Bank | | |
| | | | | Account Number/CD#: XXXXXX3887 | | |
| | | | | Checking Account | | |
| Taxpayer ID No: XX-XXX5202 | | | | Blanket Bond (per case limit): | | |
| For Period Ending: 11/30/2025 | | | | Separate Bond (if applicable): | | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 11/17/25 | | Hasan & Associates CPAS, PC | REnt<br>November 2025 Rent Ste. 750 | 0000-00 | $4,494.51 | | $618,789.09 |
| 11/17/25 | | Harder Devotion Personal Training, LLC | November 2025 rent | 0000-00 | $1,000.00 | | $619,789.09 |
| 11/17/25 | | Malry T Reed sole Prop DBA Train With Reed | November 2025 rent | 0000-00 | $5,100.00 | | $624,889.09 |
| 11/18/25 | 4200 | ELEVATOR REPAIR SERVICE, INC.<br>P.O. BOX 11037<br>HOUSTON, TX 77293 | NOVEMBER 2025 MONTHLY MAINTENANCE INV-19697-C3P8 | 0000-000 | | $1,753.65 | $623,135.44 |
| 11/18/25 | 4201 | CLASSIC PROTECTION SYSTEMS, INC.<br>1648 W SAM HOUSTON PARKWAY N<br>HOUSTON, TX 77043 | ANNUAL INSPECTION - INVOICE # Q58394 | 0000-000 | | $930.50 | $622,204.94 |
| 11/18/25 | 4202 | ARROWHEAD ASSET SERVICES LLC<br>827 THORNBRANCH DR<br>HOUSTON, TX 77079-4522 | PRESSURE WASH - INVOICE 10494 | 0000-000 | | $2,056.75 | $620,148.19 |
| 11/18/25 | 4203 | BAY AREA PUMPS, INC.<br>P.O. BOX 970<br>HUFFMAN, TX 54276 | REPAIRS - INVOICE #54276 | 0000-000 | | $5,109.40 | $615,038.79 |
| 11/18/25 | 4204 | PROMISE TOTAL SERVICES OF TEXAS, INC.<br>11031 GRISSOM LANE<br>DALLAS, TX 75229 | 11/01/25-11/30/25 INVOICE #50059637 | 0000-000 | | $8,881.76 | $606,157.03 |
| 11/18/25 | 4205 | TEJAS GROUNDS MAINTENANCE<br>P.O. BOX 841288<br>HOUSTON, TX 77248 | LANDSCAPING - INVOICES #9310 & #9314 | 0000-000 | | $1,515.50 | $604,641.53 |
| 11/18/25 | 4206 | YOUSEF ABEID<br>4223 KING COTTON LN<br>MISSOURI CITY, TX 77459 | OFF DUTY OFFICER - INVOICE #10032025 | 0000-000 | | $255.00 | $604,386.53 |
| 11/18/25 | 4207 | ELEVATOR REPAIR SERVICE, INC.<br>P.O.BOX 11037<br>HOUSTON, TX 77293 | ELEVATOR REPAIRS INV-20201-C4G8 | 0000-000 | | $9,784.07 | $594,602.46 |
| 11/18/25 | 4208 | VDA, INC.<br>PO BOX 821381<br>PHILADELPHIA, PA 19182-1381 | CONSULTING SERVICES - INVOICE NO. 00347172 | 0000-000 | | $912.00 | $593,690.46 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | Page Subtotals: | | $10,594.51 | $31,198.63 | |

| Case No: 24-10119 | Trustee Name: John Patrick Lowe, Trustee |
| Case Name: 1001 WL, LLC | Bank Name: Axos Bank |
| | Account Number/CD#: XXXXXX3887 |
| | Checking Account |
| Taxpayer ID No: XX-XXX5202 | Blanket Bond (per case limit): |
| For Period Ending: 11/30/2025 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 11/18/25 | 4209 | PCR PROPERTY SERVICES, LLC DBA PARTNERS 5847 SAN FELIPE ST., SUITE 1400 HOUSTON, TX 77057 | OCTOBER 2025 MANAGEMENT FEE CHECK SENT VIA FEDEX 2 DAY DELIVERY TO: NATALIE PARKER PARTNERS 5847 SAN FELIPE ST., SUITE 1400 HOUSTON, TX 77057 | 0000-000 | | $22,385.22 | $571,305.24 |
| 11/18/25 | 4210 | NATALIE PARKER | REIMBURSEMENT OF OCTOBER EXPENSES STATEMENT # 10/1/2025 CHECK SENT VIA FEDEX 2 DAY DELIVERY TO: NATALIE PARKER PARTNERS 5847 SAN FELIPE ST., SUITE 1400 HOUSTON, TX 77057 | 0000-000 | | $608.06 | $570,697.18 |
| 11/18/25 | 4211 | AC LENNIS | REIMBURSEMENT OF OCTOBER EXPENSES STATEMENT # 10/31/2025 CHECK SENT VIA FEDEX 2 DAY DELIVERY TO: NATALIE PARKER PARTNERS 5847 SAN FELIPE ST., SUITE 1400 HOUSTON, TX 77057 | 0000-000 | | $166.45 | $570,530.73 |
| 11/18/25 | 4212 | MODERN PEST CONTROL 1110 EAST AVE. KATY, TX 77493 | MONTHLY PEST CONTROL - INVOICE NO. 732572 | 0000-000 | | $189.44 | $570,341.29 |
| 11/19/25 | 4213 | FACILITY SOLUTIONS GROUP, INC. P.O. BOX 200942 DALLAS, TX 75320-0942 | INVOICE # 5597685-00 | 0000-000 | | $282.91 | $570,058.38 |

|  | Page Subtotals: | | | | $0.00 | $23,632.08 |

Case No: 24-10119

Case Name: 1001 WL, LLC

Trustee Name: John Patrick Lowe, Trustee

Bank Name: Axos Bank

Account Number/CD#: XXXXXX3887

Checking Account

Taxpayer ID No: XX-XXX5202

For Period Ending: 11/30/2025

Blanket Bond (per case limit):

Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 11/20/25 | 4214 | HIGGINBOTHAM INSURANCE AGENCY, INC. P.O. BOX 735110 DALLAS, TX 75373-5110 | EXCESS LIABILITY INSURANCE - POLICY EZXS3220908, INVOICE #423246 EFFECTIVE 10/27/25 TO 08/13/26 | 0000-000 | | $4,195.60 | $565,862.78 |
| 11/20/25 | 4215 | CLASSIC PROTECTION SYSTEMS, INC. 1648 W SAM HOUSTON PARKWAY N HOUSTON, TX 77043 | FIRE ALARM SERVICE - TROUBLESHOOTING INVOICE #Q58967 | 0000-000 | | $811.88 | $565,050.90 |
| 11/20/25 | 4216 | DATAWATCH SYSTEMS, INC. P.O. BOX 79845 BALTIMORE, MD 21279-0845 | TROUBLESHOOTING - INVOICE #406560 | 0000-000 | | $395.36 | $564,655.54 |
| 11/21/25 | | GOLD QUEST GROUP LLC | RENT PAYMENT | 0000-00 | $5,000.00 | | $569,655.54 |
| 11/24/25 | 4217 | APS BUILDING SERVICES PO BOX 40447 HOUSTON, TX 77240 | INVOICES #189336 AND #195443 | 0000-000 | | $1,942.07 | $567,713.47 |
| 11/26/25 | | PALLADIUM CONSLT | RENTAL PROCEEDS DBA EXPERO #745 | 0000-000 | $3,919.42 | | $571,632.89 |
| 11/26/25 | | CHAMPIONS SCHOOL OF REAL ESTATE LTD | DECEMBER 2025 RENT | 0000-000 | $42,490.18 | | $614,123.07 |
| 11/26/25 | 4218 | INTERNATIONAL SURETIES, LTD. 701 PYDRAS STREET, SUITE 420 NEW ORLEANS, LA 70139 | CHAPTER 11 BOND PREMIUM - BOND #016246682 PREMIUM TERM DATE: 01/16/2026 | 0000-000 | | $100.00 | $614,023.07 |

| | | |
|---|---|---|
| COLUMN TOTALS | $26,936.25 | $136,127.22 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $26,936.25 | $136,127.22 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $26,936.25 | $136,127.22 |

| | | |
|---|---|---|
| Page Subtotals: | $51,409.60 | $7,444.91 |

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX3887 - Checking Account | $26,936.25 | $136,127.22 | $614,023.07 |
| | $26,936.25 | $136,127.22 | $614,023.07 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $26,936.25 |
| Total Gross Receipts: | $26,936.25 |

Page Subtotals:      $0.00      $0.00

2198



**BANK**

P.O. Box 911039
San Diego, CA 92191
844-889-0896

1001 WL LLC, DEBTOR
JOHN PATRICK LOWE, TRUSTEE
CASE #24-10119
2402 E MAIN ST
UVALDE TX 78801

## Statement Summary

| Deposit Accounts | Beginning Balance | Credits | Debits | Ending Balance |
|---|---|---|---|---|
| Trustee Checking | $814,371.08 | $85,042.99 | $256,278.79 | $643,135.28 |
| **DEPOSIT TOTALS** | $814,371.08 | $85,042.99 | $256,278.79 | $643,135.28 |

## Trustee Checking - 3887

| | | Beginning Balance | $814,371.08 |
|---|---|---|---|
| **Date** | **Description** | **Credits** | **Debits** |
| 11/03 | PAYMENT  HOMESMART<br>CCD 021000023025474<br>GALLERIA LOOP NOTE HOL | $7,278.50 | |
| 11/03 | MyDeposit | $7,360.38 | |
| 11/04 | SENDER   M EZZATABADIPOUR<br>CIE 113000026942026 | $600.00 | |
| 11/05 | ACH Pmt   SMART CONTRACT S<br>CCD 021000029252181 | $550.00 | |
| 11/13 | ACH Pmt   NATIONWIDE INVES<br>CCD 021000022881560<br>1001 WL LLC Debtor | $4,750.00 | |
| 11/17 | MyDeposit | $1,000.00 | |
| 11/17 | MyDeposit | $1,000.00 | |
| 11/17 | MyDeposit | $1,500.00 | |
| 11/17 | MyDeposit | $4,494.51 | |
| 11/17 | MyDeposit | $5,100.00 | |
| 11/21 | MyDeposit | $5,000.00 | |
| 11/26 | 1001 WL  Palladium Cnslt<br>CCD 113011254840364<br>1001 WL LLC | $3,919.42 | |
| 11/26 | QUICKBOOKS CHAMPIONS SCHOOL<br>PPD 021000023648783<br>JOHN PATRICK LOWE, TRU | $42,490.18 | |
| | | **Ending Balance** | **$643,135.28** |



P.O. Box 911039
San Diego, CA 92191
844-889-0896

| Statement Period | Account # |
|---|---|
| 11/03/2025 thru 11/30/2025 | 3887 |

| Days In Statement Period |
|---|
| 28 |

## CHECKS CLEARED

| Check # | | Amount | Date | Check # | | Amount | Date | Check # | | Amount | Date |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4178 | ✓ | 1,082.50 | 11/07 | 4196 | ✓ | 135,172.50 | 11/07 | *4207 | ✓ | 9,784.07 | 11/24 |
| *4187 | ✓ | 2,137.94 | 11/05 | 4197 | ✓ | 954.72 | 11/07 | 4208 | ✓ | 912.00 | 11/28 |
| *4190 | ✓ | 376.85 | 11/04 | 4198 | ✓ | 26,759.65 | 11/12 | 4209 | ✓ | 22,385.22 | 11/21 |
| 4191 | ✓ | 189.44 | 11/04 | 4199 | ✓ | 2,272.53 | 11/13 | 4210 | ✓ | 608.06 | 11/21 |
| 4192 | ✓ | 1,049.57 | 11/03 | 4200 | ✓ | 1,753.65 | 11/24 | 4211 | ✓ | 166.45 | 11/24 |
| 4193 | ✓ | 930.50 | 11/05 | *4202 | ✓ | 2,056.75 | 11/25 | 4212 | ✓ | 189.44 | 11/25 |
| 4194 | ✓ | 15,959.41 | 11/07 | *4204 | ✓ | 8,881.76 | 11/28 | 4213 | ✓ | 282.91 | 11/25 |
| 4195 | ✓ | 16,661.77 | 11/12 | 4205 | ✓ | 1,515.50 | 11/24 | 4214 | ✓ | 4,195.60 | 11/25 |

*Indicates Skip In Check Number Sequence

## Interest Earned

| | | | |
|---|---|---|---|
| Interest Earned this Month | $0.00 | Annual Percentage Yield Earned | 0.00% |
| Average Daily Ledger | $669,107.89 | Average Daily Collected | $667,841.65 |

## Fees

| | Total For This Period | Total Year-to-Date | | |
|---|---|---|---|---|
| Total Overdraft Fees | $0.00 | $0.00 | Maintenance Fee | $0.00 |
| Total Returned Item Fees | $0.00 | $0.00 | Service Charge | $0.00 |

| Date 12/4/2025 | | | Bank Reconciliation | | | | Page 1 of 2 |
|---|---|---|---|---|---|---|---|
| Trustee Name | John Patrick Lowe, Trustee | | | For Period Ending | 11/30/2025 | | |
| Case Number | 1:24-10119-SMR | | | Bank Name | Axos Bank | | |
| Case Name | 1001 WL, LLC | | | Account Type | Checking | | |
| Account | 3887 - Checking Account | | | | | | |

| Date | Check/Deposit # | Description | Credits | Debits | Posted | Ledger Balance |
|---|---|---|---|---|---|---|
| 2/28/2025 | 4027 | THE HARTFORD | | $19,568.00 | | $504,675.29 |
| 11/3/2025 | 4195 | AFR INSURANCE SERVICES | | $16,661.77 | x | $756,415.10 |
| 11/3/2025 | 4196 | GRAVES DOUGHERTY HEARON & MOODY, PC | | $135,172.50 | x | $621,242.60 |
| 11/3/2025 | 4197 | GRAVES DOUGHERTY HEARON & MOODY, PC | | $954.72 | x | $620,287.88 |
| 11/3/2025 | 4198 | FIRST INSURANCE FUNDING | | $26,759.65 | x | $593,528.23 |
| 11/3/2025 | 86 | QUEST PERSONNEL RESOURCES, INC. | $7,360.38 | | x | $600,888.61 |
| 11/3/2025 | 0 | HOMESMART | $7,278.50 | | x | $608,167.11 |
| 11/4/2025 | | M EZZATABADIPOUR | $600.00 | | x | $608,767.11 |
| 11/4/2025 | 4199 | DATAWATCH SYSTEMS, INC. | | $2,272.53 | x | $606,494.58 |
| 11/5/2025 | | SMART CONTRACT S | $550.00 | | x | $607,044.58 |
| 11/13/2025 | | NATIONWIDE INVES | $4,750.00 | | x | $611,794.58 |
| 11/17/2025 | 87 | TIMOTHY E MCKENNA OR MARY A MCKENNA | $1,000.00 | | x | $612,794.58 |
| 11/17/2025 | 88 | Sam R. Cammack III, Attorney at Law PLLC | $1,500.00 | | x | $614,294.58 |
| 11/17/2025 | 89 | Hasan & Associates CPAS, PC | $4,494.51 | | x | $618,789.09 |
| 11/17/2025 | 90 | Harder Devotion Personal Training, LLC | $1,000.00 | | x | $619,789.09 |
| 11/17/2025 | 91 | Malry T Reed sole Prop DBA Train With Reed | $5,100.00 | | x | $624,889.09 |
| 11/18/2025 | 4200 | ELEVATOR REPAIR SERVICE, INC. | | $1,753.65 | x | $623,135.44 |
| 11/18/2025 | 4201 | CLASSIC PROTECTION SYSTEMS, INC. | | $930.50 | | $622,204.94 |
| 11/18/2025 | 4202 | ARROWHEAD ASSET SERVICES LLC | | $2,056.75 | x | $620,148.19 |
| 11/18/2025 | 4203 | BAY AREA PUMPS, INC. | | $5,109.40 | | $615,038.79 |
| 11/18/2025 | 4204 | PROMISE TOTAL SERVICES OF TEXAS, INC. | | $8,881.76 | x | $606,157.03 |
| 11/18/2025 | 4205 | TEJAS GROUNDS MAINTENANCE | | $1,515.50 | x | $604,641.53 |
| 11/18/2025 | 4206 | YOUSEF ABEID | | $255.00 | | $604,386.53 |
| 11/18/2025 | 4207 | ELEVATOR REPAIR SERVICE, INC. | | $9,784.07 | x | $594,602.46 |
| 11/18/2025 | 4208 | VDA, INC. | | $912.00 | x | $593,690.46 |
| 11/18/2025 | 4209 | PCR PROPERTY SERVICES, LLC DBA PARTNERS | | $22,385.22 | x | $571,305.24 |
| 11/18/2025 | 4210 | NATALIE PARKER | | $608.06 | x | $570,697.18 |
| 11/18/2025 | 4211 | AC LENNIS | | $166.45 | x | $570,530.73 |
| 11/18/2025 | 4212 | MODERN PEST CONTROL | | $189.44 | x | $570,341.29 |
| 11/19/2025 | 4213 | FACILITY SOLUTIONS GROUP, INC. | | $282.91 | x | $570,058.38 |
| 11/20/2025 | 4214 | HIGGINBOTHAM INSURANCE AGENCY, INC. | | $4,195.60 | | $565,862.78 |
| 11/20/2025 | 4215 | CLASSIC PROTECTION SYSTEMS, INC. | | $811.88 | | $565,050.90 |
| 11/20/2025 | 4216 | DATAWATCH SYSTEMS, INC. | | $395.36 | | $564,655.54 |
| 11/21/2025 | 92 | GOLD QUEST GROUP LLC | $5,000.00 | | x | $569,655.54 |
| 11/24/2025 | 4217 | APS BUILDING SERVICES | | $1,942.07 | | $567,713.47 |
| 11/26/2025 | | PALLADIUM CONSLT | $3,919.42 | | x | $571,632.89 |
| 11/26/2025 | | CHAMPIONS SCHOOL OF REAL ESTATE LTD | $42,490.18 | | x | $614,123.07 |
| 11/26/2025 | 4218 | INTERNATIONAL SURETIES, LTD. | | $100.00 | | $614,023.07 |

Date 12/4/2025                    Bank Reconciliation                              Page 2 of 2

| | | | |
|---|---|---|---|
| Cleared Deposits | $2,093,552.03 | Outstanding Deposits | $0.00 |
| Cleared Disbursements | $1,450,416.75 | Outstanding Disbursements | $29,112.21 |
| | $643,135.28 | | -$29,112.21 |
| TCMS Ledger Balance | $614,023.07 | | |
| Outstanding Deposits | $0.00 | | |
| Outstanding Disbursements | $29,112.21 | | |
| TCMS Adjusted Balance | $643,135.28 | Bank Balance as of 11/30/2025 | $643,135.28 |