

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: January 23, 2026.**

_____
**SHAD M. ROBINSON
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-10119-SMR |
| | § | |
| 1001 WL, LLC, | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**ORDER DENYING ALI CHOUDHRI'S MOTION TO RECONSIDER**
(Relates to ECF No. 1007)

On November 3, 2025, interested party Ali Choudhri ("Choudhri") filed a *Motion for Reconsideration of the Order Granting the Motions to Show Authority* (the "Motion to Reconsider") at ECF No. 1007. The Motion to Reconsider requested that the Court's reconsider its Order Regarding Motions to Show Authority (the "Order") at ECF No. 996.

The Order provides that Travis Vargo, the state court receiver (the "Receiver") has the power to "manage and operate the business" of Choudhri, BDFI, LLC ("BDFI"), Galleria Loop Note Holder, LLC ("GLNH"), and Jetall Capital LLC ("Jetall") (together with BDFI and GLNH, the "Choudhri Entities") under amended orders signed in April 2025 in two state court cases before

the 333rd Judicial District Court of Harris County, Texas (the "Amended Orders").[1] Based on the Amended Orders, this Court's Order further provided that the Receiver had explicit and exclusive authority to litigate on behalf of Choudhri and the Choudhri Entities.

On November 24, 2025, the Receiver filed a *Response* (the "Receiver Response") to the Motion to Reconsider at ECF No. 1023. That same day, Creditor TIG Romspen US Master Mortgage LP ("Romspen") filed a *Response* (the "Romspen Response") to the Motion to Reconsider at ECF No. 1024 (together with the Receiver Response, the "Responses").

The Court has considered the Motion to Reconsider and the Responses thereto and evaluated whether it should reconsider its prior Order and finds that the Motion to Reconsider should be DENIED.

## *Introduction*

The Federal Rules of Civil Procedure (the "FRCP") do not specifically provide for motions for reconsideration. *CARBO Ceramics, Inc. v. Bd. of Tax Assessors for Wilkinson Cnty. Ga. (In re CARBO Ceramics, Inc.)*, No. 20-31973, 2024 WL 505159 at *1 (Bankr. S.D. Tex. Feb. 8, 2024); *see Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). A reconsideration motion "may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order." *CARBO Ceramics*, 2024 WL 505159 at *1. Those two rules are "made applicable to bankruptcy proceedings under Federal Rules of Bankruptcy Procedure 9023 and 9024, respectively." *Id.*

The Court has analyzed the Motion to Reconsider under both Federal Rules of Bankruptcy Procedure 9023 and 9024 for thoroughness. For the reasons set forth below, the Court finds that

---

[1] In the Order, the Court referred to the Amended Order Granting Turnover, Charging Order and Appointment of Receiver Against Judgment Debtor filed April 9, 2025, in Cause No. 2012-27197-A as "the A Case Order" and the order with the same name filed April 8, 2025, in Cause No. 2012-27197-D as "the D Case Order." Collectively, the orders are "the Amended Orders." *See* ECF No. 931.

Choudhri did not satisfy his burden under either Federal Rule of Bankruptcy Procedure 9023 or Federal Rule of Bankruptcy Procedure 9024; therefore, the Motion to Reconsider will be DENIED.

### ***Choudhri provided no evidence or argument that satisfies the Rule 9023 standard.***

Under Federal Rule of Civil Procedure 59(e),[2] amending a judgment is appropriate in three situations:

> (1) where there has been an intervening change in the controlling law;
> (2) where the movant presents newly discovered evidence that was previously unavailable; or
> (3) to correct a manifest error of law or fact.

*Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). The Motion to Reconsider cited no intervening change in controlling law and presented no new evidence that was previously unavailable. Accordingly, the Motion to Reconsider is denied to the extent it seeks relief based on an intervening change in controlling law or newly discovered evidence that was previously unavailable.

Therefore, the Motion to Reconsider must assert that the Court should reconsider its Order to correct a manifest error of law or fact. The Court FINDS that Choudhri has failed to demonstrate any manifest error of law or fact.

First, the Motion to Reconsider asserts that that this Court erred by exercising jurisdiction and should have abstained from deciding purely state law issues.[3] Notably, there was no request for abstention before this Court filed by the Receiver or Choudhri. In the various motions to show authority and responses thereto, Romspen and the Receiver focused on whether GLNH, BDFI, Jetall, and Choudhri had authority to litigate on their own behalf, despite being under the authority

---

[2] Federal Rule of Bankruptcy Procedure 9023 incorporates Federal Rule of Civil Procedure 59 into bankruptcy proceedings.
[3] ECF No. 1007 ¶ 9.

of the Receiver pursuant to the Amended Orders.[4] Not only was the issue of abstention not raised, even if it had been raised, the Court's exercise of jurisdiction was neither improper nor based on a manifest error of law.

Second, the Motion to Reconsider asserts that the Court was erroneous in finding that the alleged supersedeas was invalid. The Motion to Reconsider argues that the alleged supersedeas was valid and effective upon filing. However, the Order already examined this argument, as quoted below:

> "The Court's best understanding of Choudhri's best argument is that his "alternative security" filing in the trial court is the same thing as a bond and therefore, under the 2023 amendment to Rule 24.1(b)(2), which is applicable to the A and D Cases, it was "effective upon filing." However, Rule 24.1(a), quoted above, clearly states that methods for superseding a judgment include either filing a bond (which supersedes immediately and need not be ordered by the court) or providing alternate security (which must be ordered by the court). A bond and alternate security, then, are different things. Choudhri provided neither a bond nor an alternate security ordered by the court. Therefore, his supersedeas was not successful."

ECF No. 996, pg. 6.

Third, the Motion to Reconsider asserts that the Amended Orders did not give the Receiver the authority to control the Choudhri Entities and Choudhri. The Motion to Reconsider argues that the Amended Orders did not give the Receiver the authority to litigate and/or defend claims on the behalf of the Choudhri Entities and Choudhri. The Motion to Reconsider states that the Court's conclusion to the contrary in the Order was based on a manifest error of law. Despite the arguments

---

[4] ECF No. 996; *see also* ECF Nos. 837, 838, 839, 840, 970, 994. Note that Chouhdri's original response at ECF 968 nor the Corrected Response at ECF No. 994 request abstention.

within the Motion to Reconsider, this Court's Order correctly interpreted the Amended Orders from the 333rd Judicial District of Harris County, Texas.

Choudhri has made no valid argument and introduced no evidence of "manifest error of law or fact." At most, the Motion to Reconsider restates arguments already made by Choudhri and is nothing more than a disagreement with the Court's decision that the evidence supported allowing the Receiver to litigate on behalf of Choudhri and the Choudhri Entities.

Because Choudhri failed to establish that any of the three grounds for reconsideration under Rule 9023 apply, the Motion to Reconsider is DENIED to the extent it requests relief under Rule 9023.

### *Choudhri provided no evidence that could satisfy the Rule 9024 standard.*

Federal Rule of Civil Procedure 60(b)[5] provides six reasons upon which a court may relieve a party or legal representative from a final judgment or order:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60.

As discussed above, Choudhri requests that the Court reconsider its Order for three primary reasons. Choudhri's arguments lack merit under Rule 9024 for the same reasons they lack merit

---

[5] Federal Rule of Bankruptcy Procedure 9024 incorporates Federal Rule of Civil Procedure 60 into bankruptcy proceedings.

under Rule 9023. The Court rejects Choudhri's arguments to the extent that Choudhri argues that federal and Texas law deprive this Court of jurisdiction to decide matters related to this bankruptcy case. The Court rejects Choudhri's interpretation of his alleged supersedeas and the Amended Orders from the 333rd Judicial District of Harris County, Texas.

To the extent applicable, there are no "extraordinary circumstances" that would entitle Choudhri to relief under Federal Rule of Civil Procedure 60(b)(6). *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show "extraordinary circumstances" justifying the reopening of a final judgment.") (citing *Ackermann v. U.S.*, 340 U.S. 193, 199 (1950)). Choudhri simply disagrees with this Court's determination that the Receiver possesses lawful authority to litigate on behalf of Choudhri and the Choudhri Entities. Choudhri offers nothing new that would change the Court's prior decision.

The Motion to Reconsider is therefore DENIED to the extent it requests relief under Rule 9024.

**BASED ON THE FOREGOING, IT IS THEREFORE ORDERED** that Choudhri's Motion to Reconsider at ECF No. 1007 is **DENIED.**

# # #