UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | Case No. 24-10119-smr |
| 1001 WL, LLC, | § | |
| | § | Chapter 7 |
| | § | |
| Debtor. | § | |

**DECLARATION OF BRIAN T. CUMINGS PURSUANT TO RULES 2014 AND 2016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Brian T. Cumings, pursuant section 1746 of title 28 of the United States Code, hereby certifies and verifies as follows in supplemental support of the *Application for Retention of Graves Dougherty Hearon & Moody, PC as Counsel for the Estate Pursuant to 11 U.S.C. § 327(a)* (the "Application"):

"My name is Brian T. Cumings. I am over the age of 18, of sound mind, capable of making this verified statement, and personally acquainted with the facts herein stated. I am an attorney at law duly admitted and in good standing to practice in Texas and the United States District Court for the Western District of Texas. I am a shareholder at Graves Dougherty Hearon & Moody, PC ("GDHM"), located at 401 Congress Ave., Suite 2700, Austin, Texas 78701, and I am signing this on behalf of GDHM.

"I make this verified statement in support of the Application filed on behalf of John Patrick Lowe, Chapter 7 Trustee (the "Trustee") to employ GDHM as counsel in this Chapter 7 case filed by 1001 WL, LLC ("Debtor") under 11 U.S.C. § 327(a) of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Federal Bankruptcy Rules of Procedure. Except as otherwise set forth herein, all facts set forth in this statement are based upon my personal knowledge, upon client/matter records of GDHM reviewed by myself and staff or derived from information available to me which I believe to be true and correct.

# EXHIBIT 2

3792285.v1

"The GDHM shareholders, of counsel, and associates that will make up the team representing the Trustee have long-standing experience serving as counsel in bankruptcy cases, complex, commercial litigation matters, and creditor matters, and are well-qualified to represent the Trustee in this case.

"Other than as set forth herein, neither I, nor GDHM, nor any of its shareholders, of counsel, or associates, to the best of my knowledge, have any connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, United States Trustee, or any person employed in the office of the United States Trustee. Disclosure of any future connection, if any, will be made to the Court. GDHM has known connections to the Trustee as follows: GDHM represents or has represented the Trustee in several matters that are disclosed in the exhibit attached to the Application. On August 26, 2024, counsel for creditor TIG Romspen US Master Mortgage LP ("Romspen") reached out to GDHM to run conflicts regarding potentially being conflicts counsel with respect to testimony to be given by CBRE on August 28, 2024. GDHM ran and cleared conflicts, but was not retained and did not receive any information beyond that disclosed here. Travis Vargo, a party-in-interest in this proceeding, briefly retained GDHM on a limited scope in a bankruptcy case filed by an affiliate of 1001 WL, LLC and has retained GDHM to represent him in an unrelated case, *In re Private Lender Network, LLC*, Case No. 25-10742-smr, United States Bankruptcy Court for the Western District of Texas, Austin Division. Although no actual conflict exists, if any matters arise in this bankruptcy case relating to Travis Vargo, the Trustee will handle them directly in order to ensure that there will remain no conflict of interest. GDHM represented the Trustee during the period after his appointment up to the conversion of this case from Chapter 11 to Chapter 7, but will not have any outstanding administrative claim against the Estate due to receiving payment through a surcharge on the

collateral of Debtor's secured creditor.

"Neither I, nor GDHM, nor any of its shareholders, of counsel, or associates, insofar as I have been able to ascertain, represent any interest adverse to the bankruptcy estate (the "Estate") and are disinterested persons. I instructed GDHM staff to run a search through our conflicts and practice management software on the relevant parties in this case, including the Debtor, creditors, and other parties in interest, and to send a firm-wide e-mail regarding those parties to all of the members of the firm for each individual attorney to ascertain any conflicts or connections, and there were none.

"Despite GDHM's efforts to identify and disclose its connection with the interested parties in this bankruptcy case, GDHM is unable to state with absolute certainty that every client representation or other connection has been disclosed. In this regard, if GDHM discovers additional information that requires disclosure, GDHM will file a supplemental disclosure with the Court.

"GDHM has not received any retainer from the Trustee for this representation.

"Subject to the Court's approval, and in accordance with GDHM's agreement with the Trustee, GDHM intends to (a) charge for its legal services to be reimbursed solely from the bankruptcy estates and only after court approval, for its fees as detailed in the Application and attached engagement letter to the Application, and (b) seek reimbursement of actual and necessary out-of-pocket expenses solely from the Estate and only after court approval, in connection with the rendering of legal services in accordance with GDHM's policies for all clients regarding this type of engagement. GDHM will maintain detailed, contemporaneous records of any actual and necessary services and expenses incurred in connection with the rendering of legal services described in the Application.

"Other than the Trustee's agreement to compensate GDHM as described herein and to reimburse GDHM for reasonable and necessary expenses incurred in accordance with the engagement agreement included as an exhibit to the Application, GDHM has not received any promises from the Trustee or any other person to compensate GDHM in connection with the bankruptcy case.

"Neither GDHM nor any member of GDHM have divided, paid over or shared, or agreed to divide, pay over or share, (a) any compensation it or they has or have received or may receive for services rendered or expenses incurred in connection with the case with another party or person (except as among the partners, counsel, and associates of GDHM), or (b) any compensation that another party or person has received or may receive for services rendered or expenses incurred in connection with this representation.

"GDHM and the professionals it employs are qualified to represent the Trustee in the matters for which GDHM is proposed to be retained.

"I believe that GDHM is eligible for employment and retention by the Trustee as counsel pursuant to the Bankruptcy Code and applicable Bankruptcy Rules.

"I declare under penalty of perjury that the foregoing is true and correct."

Further, declarant sayeth not.

        */s/ Brian T. Cumings*
        Brian T. Cumings

Executed on: February 19, 2026