**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | ' | CASE NO. 24-10119 |
| | ' | |
| 1001 WL LLC, | ' | |
| DEBTOR | ' | CHAPTER 11 |

_____

**OPPOSITION TO MOTION TO APPROVE DISTRIBUTION TO RIC (WEST LOOP) LLP AND REQUEST FOR HEARING**

Ali Choudhri ("Choudhri") and Galleria Loop Note Holder, LLC ("GLNH") (collectively, the "Interested Parties") hereby oppose the Motion to Approve Distribution to RIC (West Loop) LLP [Docket Number 1080] (the "Motion"), filed by the Chapter 7 Trustee (the "Trustee").

As set forth in the Motion, the Trustee seeks court approval to distribute $451,783.28 (the "Funds") being held in the trust account to RIC (West Loop) LLP ("RIC") on the basis that the Funds in the account were and/or are the cash collateral of RIC. Motion at page 1. However, the Trustee has made no showing that the Funds constitute RIC's cash collateral and/or that RIC is otherwise entitled to the Funds now that the bankruptcy case has been converted from Chapter 11 to Chapter 7. Likewise, there is no legal or factual support for the Trustee's position that RIC is entitled to the entirety of the Funds given that it appears RIC foreclosed on the property securing its claim and thus may no longer have any claim against 100W WL, LLC ("Debtor"). To the extent the claim has been satisfied, RIC should not be entitled to the Funds.

1

More importantly, the funds held by the Trustee came directly from Interested Parties on or about April 20, 2025 when Interested Parties remitted an insurance check for $500,000 that was a *joint* check made out to 100W WL, LLC ("Debtor"), GLNH, and Tig Romspen. These funds were paid to the Trustee with an express reservation of rights to determine entitlement to the funds.  A true and correct copy of the letter to the Trustee regarding payment of the funds to the Debtor's estate is attached hereto and incorporated herein, by this reference, as Exhibit "A."  GLNH has a secured interest in the funds that were be paid to the Trustee. Therefore, there are clearly competing claims to the Funds which the Trustee seeks to distribute to RIC without any determination as to the validity of the competing in claims.  Accordingly, the Trustee's Motion, which seeks authority to simply distribute the Funds to RIC without any determination from the bankruptcy court as to the parties' rights to the Funds is improper.

WHEREFORE, Interested Parties respectfully request that the Court deny the Motion. Alternatively, the Interested Parties request that the Court order further briefing on the issues raised in the Motion and in this Opposition and hold an evidentiary hearing on the Motion and grant such different and further relief as the Court deems just and proper.

April 13, 2026                                                          Respectfully Submitted,


                                                                       Respectfully Submitted:
                                                                       /s/ Gia Samavati_____
                                                                       Gia Samavati
                                                                       Bar: 24076666
                                                                       1707 ½ Post Oak Blvd Ste 286
                                                                       Houstin, TX 77056
                                                                       Tel: (832) 788-3309
                                                                       gia@trialsharks.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing and will be filed on the docket and served through the Court's ECF notification system and/or U.S. Mail on April 13, 2026, 2025 pursuant to the attached service list.


By:                                                    /s/ Gia Samavati_____

                                                       Gia Samavati