**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: August 11, 2026.**

_____
**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 24-10119-SMR** |
| | § | |
| **1001 WL, LLC,** | § | |
| | § | |
| | § | |
| **DEBTOR.** | § | **CHAPTER 7** |

### ORDER TO APPEAR AND SHOW CAUSE

On August 22, 2025, the Court entered its Order Issuing Sanctions on Justin Rayome at ECF No. 916 (the "Order") against attorney Justin Rayome ("Rayome") after finding that Rayome filed a Transcript Request and signed on behalf of his client, Ali Choudhri ("Choudhri") without Choudhri's authority, in violation of Federal Rule of Bankruptcy Procedure 9011(c).

The Order required that Rayome pay a $1,000.00 sanction within fifteen (15) days after the entry of the Order. The Order further required that Rayome complete and file proof of completion

of three (3) hours of a Texas Continuing Legal Education ("CLE") ethics course within ninety (90) days after the entry of the Order.

Also on August 22, 2025, the Court entered an Order Issuing Sanctions on Paul Kirklin and Justin Rayome at ECF No. 917 (the "Kirklin Order") against Rayome and attorney Paul Kirklin ("Kirklin") after finding that Rayome and Kirklin failed to comply with the Court's Administrative Policies and Procedures for Electronic Filing (the "E-Filing Procedures") and finding that Rayome and Kirklin violated Federal Rule of Bankruptcy Procedure 9011(c).

The Kirklin Order required that Kirklin and Rayome each independently pay a $500.00 sanction within fifteen (15) days after the entry of the Kirklin Order. The Kirklin Order further required that Kirklin and Rayome each independently re-take the Court's CM/ECF electronic filing training and file proof of completion within thirty (30) days of the entry of the Kirklin Order, and that Kirklin and Rayome each independently take and file proof of completion of one (1) hour of a Texas CLE ethics course within ninety (90) days of the entry of the Kirklin Order.

On September 18, 2025, Rayome filed a *Motion to Suspend Deadlines for Show Cause Orders Concerning ECF's 820 and 821* at ECF No. 957 (the "Motion"). In the Motion, Rayome stated that he had recently been hospitalized and requested that the Court suspend the pending deadlines imposed by the Order at ECF No. 916 and the Kirklin Order at ECF No. 917 (collectively, the "Sanctions Orders") until Rayome's release and full recovery. Rayome represented in the Motion that he had "fully complied with payment of all fines imposed by the Court." ECF No. 957, pg. 1.

On September 22, 2025, the Court entered its Order Granting in Part Justin Rayome's Motion to Suspend Deadlines at ECF No. 963  (the "Deadline Suspension Order"), which extended the CM/ECF training deadline imposed on Rayome in the Court's Kirklin Order by sixty (60) days

from the filing of the Motion. The Court did not extend the Texas CLE ethics course deadlines imposed by the Sanctions Orders because the Court found that Rayome had sufficient time to comply with the original deadlines.

Despite notice of the original and extended deadlines, it appears that Rayome has failed to file proof of completion of any Texas CLE ethics courses or the CM/ECF training with the Court.

Based on the foregoing, the Court finds that a show cause hearing should be held to determine whether the Court should impose further sanctions on Rayome because of: (1) his failure to file proof of completion of the required Texas CLE ethics courses, and (2) his failure to complete the required CM/ECF training, related to the Sanctions Orders. Accordingly,

**IT IS THEREFORE ORDERED** that attorney Justin Rayome shall appear at a hearing (the "Show Cause Hearing") on **September 29, 2026 at 9:30 a.m. live in Austin Courtroom 1**, located at 903 San Jacinto Blvd., Austin, TX 78701. At the Show Cause Hearing, the Court will hear evidence and determine whether Justin Rayome has complied with the Sanctions Orders.

**IT IS FURTHER ORDERED** that Justin Rayome shall appear at the Show Cause Hearing and submit evidence and show cause as to why:

1. He should not be suspended from filing, appearing, and/or practicing before the U.S. Bankruptcy Court for the Western District of Texas;

2. He should not face disgorgement of all or a portion of the legal fees paid to him by Ali Choudhri;

3. The Court should not impose additional monetary sanctions for his noncompliance with the Sanctions Orders;

4. He should not be referred to the United States District Court for the Western District of Texas or the District Disciplinary Committee for appropriate review, investigation, and

recommendation for further disciplinary proceedings pursuant to Rule AT-7 of the Local Rules of the Western District of Texas;

5.      He should not be referred to the State Bar of Texas; and/or

6.      He should not be subject to any other relief as the Court deems reasonable and appropriate under the circumstances including, but not limited to, completing additional legal education training.

**IT IS FURTHER ORDERED** that the Chapter 7 Trustee and United States Trustee shall have standing to appear and be heard and present evidence on this show cause Order.

**IT IS FURTHER ORDERED** that the Court reserves the right to issue reasonable and appropriate sanctions should attorney Justin Rayome fail to appear at the Show Cause Hearing including, but not limited, an order directing the United States Marshals Service to take Justin Rayome into custody and bring him before the Court.

**IT IS FURTHER ORDERED** that the United States Trustee is hereby directed to provide this Order to Justin Rayome at his last known mailing address as set forth on the State Bar of Texas directory, and file a certificate of service reflecting the same on the docket.

**IT IS FURTHER ORDERED** that the Court retains jurisdiction to resolve any matters related to the interpretation, implementation, and enforcement of this Order.

# # #