**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | **Case No. 24-10119-smr** |
| **1001 WL, LLC,** | § | |
| | § | **Chapter 7** |
| **Debtor.** | § | |

## MOTION TO SELL PROPERTY OF THE ESTATE

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held. Any response must be timely filed with the United States Bankruptcy Clerk, Western District of Texas, Austin Division, Homer J. Thornberry Federal Judicial Building, 903 San Jacinto Blvd., Suite 322, Austin, TX 78701. If a timely response is filed, the Court will then set a hearing on the Motion, and you will be provided with notice of the date, and place of the hearing. If you do not attend the hearing, the Court may decide that you do not oppose the Motion.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW John Patrick Lowe, Trustee ("Trustee"), the duly appointed and acting Chapter 7 trustee in the above-captioned bankruptcy case filed by 1001 WL, LLC ("Debtor"), and files this *Motion to Sell* (the "Motion") and would respectfully show the Court as follows:

## I. SUMMARY

The known remaining unliquidated assets of the bankruptcy estate (the "Estate") are a right to payment from Xavier Academy and any causes of action (the "Residual Assets"). The Residual Assets have limited value and no known general marketability. The Trustee has solicited offers from potential interested parties. RIC (West Loop) LLC has made the Trustee an offer for the Residual Assets in the amount of $25,000.00. The Trustee herein requests approval for that sale under 11 U.S.C. § 363(f).

## II. Jurisdiction and Statutory Predicates

1. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates include 11 U.S.C. §§ 105(a), and 363(b) and (f) (11 U.S.C. §§ 101 et seq., the "Bankruptcy Code").

3. The Court has constitutional authority to enter a final order in this matter because the relief requested arises solely under the Bankruptcy Code.

## III. Background

4. This case was filed on February 6, 2024 (the "Petition Date"), under Chapter 11 of title 11 of the United States Code.

5. On January 23, 2026 (the "Conversion Date"), the Court entered an order converting this case to one under Chapter 7 of title 11 of the United States Code.

6. The Trustee is the duly appointed and serving chapter 7 trustee.

7. Included in the Estate are any and all assets owned by the Debtor. *See* 11 U.S.C. § 541. Debtor's primary assets was a commercial office building (the "Real Estate") that ceased to be property of the Estate prior to the Conversion Date.

8. The remaining assets in the Estate at this point are (i) a right to payment from Xavier Academy pursuant to a settlement that was approved by the Court prior to the Conversion Date [Order at Dkt. No. 485] (the "Xavier Academy Settlement") and (ii) such claims and causes of action as may exist ("Causes of Action"; collectively with the Xavier Academy Settlement, the "Residual Assets").

9. The Xavier Academy Settlement calls for Xavier Academy to pay $200,000.00 over

five years to the Debtor. It does not contain any more specific details than that.

10. The Trustee has made demand upon Xavier Academy with respect to the Xavier Academy Settlement. Xavier Academy did not respond to that demand. Given the terms of the Xavier Academy Settlement, the Trustee considers the payment obligations thereunder to be of limited value and no general marketability. Moreover, the Trustee has no reason to believe that Xavier Academy will actually pay any or all of the Xavier Academy Settlement.

11. Likewise, the Trustee is unaware of any claims or causes of action belonging to the Estate that have any meaningful likelihood of success and collectability. As such, the Trustee considers the Causes of Action to have limited value and no marketability.

12. The Trustee has solicited offers from the persons connected with this Bankruptcy Case that he believed might have an interest in the Residual Assets. One is Debtor's principal, Ali Choudhri ("Mr. Choudhri") and the other is RIC (West Loop) LLC ("RIC"). In light of the circumstances surrounding prior actions and omissions by Mr. Choudhri in the Bankruptcy Case, the Trustee requested that Mr. Choudhri submit a best and final offer and be prepared to promptly fund the full amount of that offer; Mr. Choudhri declined to do so.

13. The Trustee has offered (the "Purchase Offer") to transfer all of the Estate's rights and interests in the Residual Assets to RIC for a one-time payment of $25,000.00 (the "Purchase Price"). RIC has accepted the Purchase Offer and has agreed to purchase the Residual Assets for the Purchase Price.

14. The Trustee believes that the Purchaser Offer for the Residual Assets is fair and reasonable and it is in the bests interests of the Estate for the Trustee to sell the Residual Assets to RIC for the Purchase Price.

## IV. PROPERTY TO BE SOLD AND PROPOSED SALE

15. This Motion seeks in the first instance approval of a sale transaction (the "Sale") that consists of any and all rights of the Estate in the Residual Assets. The Trustee seeks to sell the Residual Assets to RIC or its assigns.

16. This sale would be "AS IS, WHERE IS" without any warranty even as to title. The Trustee believes RIC to be a good faith purchaser and the Purchase Price to be reflective of an arm's length transaction.

17. Trustee estimates the gross value of the Residual Assets is $25,000.00, with that estimation being based on the Purchase Price. The Purchase Offer accepted by RIC is the highest and best offer as of the date of this filing. The Trustee estimates that there will be a small disbursement available to creditors and that upon closing of the sale of the Residual Assets he will be in a position to close out this case.

18. The Trustee believes there are no tax consequences to the sale. The maximum tax gain is approximately 20% of the gross sales price.

19. The Trustee is unaware of any liens against the Residual Assets. As such, the Trustee believes that a transfer under 11 U.S.C. § 363(f) is appropriate and permissible in this instance.

20. It is the Trustee's belief, in proper exercise of his business judgment, that the Sale is in the best interest of the Estate and will net the Estate the most money for distribution to creditors.

21. The Trustee further requests that, in furtherance of the proposed Sale, an order in substantially the form and substance uploaded herewith be entered.

## V. FINAL MATTERS

22. The Trustee requests that RIC be ordered to pay the Purchase Price within fifteen (15) days of the entry of an order approving the Sale.

23. If a hearing is held on this Motion and any other offers considered for the purchase of the Residual Assets, the Trustee requests that the Court require any other bidders to have cash in hand in order to be permitted to bid.

24. A copy of this Motion is being forwarded to all creditors in accordance with Local Rule 9014.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter an order authorizing the Trustee to sell the Residual Assets pursuant to 11 U.S.C. § 363(f), and for such other and further relief as to which the Trustee may be entitled.

Respectfully submitted,

GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
401 Congress Avenue, Suite 2700
Austin, TX 78701
Telephone: 512.480.5626
Facsimile: 512.536.9926
bcumings@gdhm.com

By:/s/ *Brian T. Cumings*
Brian T. Cumings

**COUNSEL FOR JOHN PATRICK LOWE, CHAPTER 7 TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of September, 2026, I electronically filed this Motion with the Clerk of Court using the CM/ECF system which will send notification of such filing to those receiving electronic service, or service was made by email as reflected below, as within two business days as reflected on the Service List appended to this Notice.

Office of the United States Trustee
903 San Jacinto, Room 230
Austin, TX 78701

John Patrick Lowe, Chapter 7 Trustee
2402 East Main Street
Uvalde, TX 78801

1001 WL, LLC
2450 Wickersham Lane, Suite 202
Austin, TX 78741
*Debtor*

Stephen W. Sather
Barron & Newburger, PC
7320 N. MoPac Expy, Suite 400
Austin, TX 78731
*Debtor's Counsel*

By: /s/ *Brian T. Cumings*
Brian T. Cumings