FILED
OCT 07 2026
U.S. BANKRUPTCY COURT
BY_____________DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 24-10119-smr |
| 1001 WL, LLC, | § | |
| | § | Chapter 7 |
| Debtor. | § | |

**ALI CHOUDHRI'S MOTION FOR LEAVE TO FILE OBJECTION OUT OF TIME TO TRUSTEE'S MOTION TO SELL PROPERTY OF THE ESTATE [DOC. 1098]**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Ali Choudhri ("Choudhri") files this Motion for Leave to File Objection Out of Time (the "Motion") with respect to the Motion to Sell Property of the Estate [Doc. 1098] (the "Sale Motion") filed by John Patrick Lowe, Chapter 7 Trustee (the "Trustee"). Choudhri's proposed Objection is attached as Exhibit 1, and a proposed order is attached as Exhibit 2. In support, Choudhri respectfully shows as follows.

**I. MOTION FOR LEAVE TO FILE OBJECTION OUT OF TIME**

1. The Sale Motion was filed on September 14, 2026, with a 21-day negative-notice period that expired on October 5, 2026. Choudhri files this Motion and the attached Objection on October 6, 2026, one day after that period ran. As of this filing, no order on the Sale Motion has been entered.

2. Federal Rule of Bankruptcy Procedure 9006(b)(1) permits the Court, on motion made after a deadline has expired, to allow the act to be done where the failure to act on time was the result of excusable neglect. Excusable neglect is an equitable determination that weighs (a) the danger of prejudice to the opposing party, (b) the length of the delay and its potential impact on the proceedings, (c) the reason for the delay, including whether it was within the movant's reasonable control, and (d) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

3. **No prejudice.** No sale has closed and no purchase price has been paid. The Sale Motion itself contemplates that the buyer will not pay until fifteen days after an order is entered. Sale Motion ¶ 22. It also expressly contemplates a hearing at which other offers may be considered. *Id.* ¶ 23. A one-day delay changes nothing about the Trustee's position or the

administration of the estate.

4. **Minimal delay.** This Objection is filed one day after the deadline and will not delay the case beyond the time needed for a single hearing.

5. **Reason for the delay.** On August 13, 2026, Trustee's counsel told Choudhri that the Trustee had received a higher offer and asked for his best and final offer. Within minutes, Choudhri asked for the amount and terms of the competing offer so that he could respond. Ex. 1-A. He understood that the Trustee would answer that request before seeking approval of any sale. The Trustee never responded. Choudhri did not appreciate that the response period on the Sale Motion was running while his request to the Trustee remained unanswered. He files this Motion one day after that period expired.

6. **Good faith.** Choudhri files this Objection to protect the value of estate assets and to ensure a fair sale process, not to delay. Before filing, on October 6, 2026, Choudhri wrote to Trustee's counsel, again requested the amount and terms of RIC's offer, and asked the Trustee to agree to extend his time to respond to the Sale Motion and to refrain from uploading an order. Ex. 1-A. As of this filing, Choudhri has received no response.

7. Choudhri therefore asks the Court to grant leave, deem the Objection attached as Exhibit 1 timely filed, and set the Sale Motion for hearing.

WHEREFORE, Choudhri respectfully requests that the Court grant this Motion, deem the Objection attached as Exhibit 1 timely filed, set the Sale Motion for hearing, and grant such other relief as is just.

*The Certificate of Service for this Motion and its exhibits appears at the end of Exhibit 1.*

Dated: October 6, 2026.

Respectfully submitted,

/s/ Ali Choudhri
Ali Choudhri, *pro se*
4521 San Felipe, #3201
Houston, Texas 77027
(281) 630-6627
ali@jetallcapital.com

# EXHIBIT 1

Objection to Trustee's Motion to Sell Property of the Estate [Doc. 1098]

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 24-10119-smr |
| 1001 WL, LLC, | § | |
| | § | Chapter 7 |
| Debtor. | § | |

**ALI CHOUDHRI'S OBJECTION TO TRUSTEE'S MOTION TO SELL PROPERTY OF THE ESTATE [DOC. 1098]**

Ali Choudhri ("Choudhri") files this Objection to the Sale Motion and respectfully shows as follows.

### A. Summary of Objection

8. The Trustee asks the Court to sell every remaining asset of this estate — a $200,000 receivable and all of the estate's claims and causes of action — for $25,000, to a single buyer, without an auction, without identifying the claims being sold, and without any valuation other than the buyer's own offer.

9. The Fifth Circuit requires more. A trustee must show an articulated business justification for a § 363 sale, and "[a] trustee has the duty to maximize the value of the estate." *In re Moore*, 608 F.3d 253, 263 (5th Cir. 2010). Where the proposed buyer of estate claims holds itself out as the assignee of the estate's principal adversary, the sale is functionally a settlement at a discount and must be scrutinized as one. *Id.* at 264–65.

10. The Sale Motion does not meet that standard. The Court should deny it or, at minimum, require the Trustee to identify the claims being sold and conduct a competitive sale process at which higher offers can be heard.

### Specific Responses to the Sale Motion

Pursuant to Local Rule 9014-1(b)(1), Choudhri responds to the numbered paragraphs of the Sale Motion as follows. Any allegation not expressly admitted is denied.

| Sale Motion ¶ | Response |
|---|---|
| Summary (unnumbered) | Denied, except that Choudhri admits the Trustee seeks to sell the Residual Assets to RIC for $25,000. |

| Sale Motion ¶ | Response |
|---|---|
| 1–3 | These paragraphs state legal conclusions to which no response is required. |
| 4 | Admitted. |
| 5 | Admitted. |
| 6 | Admitted. |
| 7 | The first sentence states a legal conclusion to which no response is required. The second sentence is denied. Choudhri makes no admission regarding the ownership or status of the Real Estate, including whether it was or is property of the Estate, and reserves all rights. |
| 8 | Admitted that the Court approved the Xavier Academy Settlement at Dkt. No. 485 and that the Estate holds such claims and causes of action as exist. Otherwise denied. |
| 9 | Admitted that the Xavier Academy Settlement provides for payment of $200,000 to the Debtor over five years. The settlement speaks for itself; any characterization inconsistent with it is denied. |
| 10 | Choudhri lacks knowledge or information sufficient to form a belief about the Trustee's demand and Xavier Academy's response. The remaining allegations are denied. |
| 11 | Choudhri lacks knowledge or information sufficient to form a belief about what the Trustee is aware of. Denied that the Causes of Action have limited value and no marketability. |
| 12 | Admitted that Choudhri is the Debtor's principal and that the Trustee solicited an offer from him. Denied that Choudhri declined to submit a best and final offer; he asked for the competing offer's amount and terms and received no response. Ex. A. Denied as to the characterization of Choudhri's prior actions and omissions. Choudhri lacks knowledge or information sufficient to form a belief about the Trustee's dealings with RIC. |
| 13 | Choudhri lacks knowledge or information sufficient to form a belief about the allegations, which are therefore denied. |
| 14 | Denied. |
| 15 | Admitted that the Sale Motion seeks approval of a sale of the Residual Assets. Otherwise denied. |
| 16 | Admitted that the proposed sale is "as is, where is." Denied that RIC is a good-faith purchaser and that the Purchase Price reflects an arm's-length transaction. |
| 17 | Denied. |
| 18 | Choudhri lacks knowledge or information sufficient to form a belief about the tax consequences of the sale, which are therefore denied. |
| 19 | Choudhri lacks knowledge or information sufficient to form a belief about liens against the Residual Assets. Denied that a sale under 11 U.S.C. § 363(f) is appropriate. |

| Sale Motion ¶ | Response |
|---|---|
| 20 | Denied. |
| 21 | Denied that the proposed order should be entered. |
| 22 | Denied that the requested relief should be granted. |
| 23 | Denied that competing bidders should be held to terms more onerous than those offered to RIC. |
| 24 | Choudhri lacks knowledge or information sufficient to form a belief about service on all creditors, which is therefore denied. |

**B. Background and Standing**

11. This case was filed under Chapter 11 on February 6, 2024, and converted to Chapter 7 on January 23, 2026. Sale Motion ¶¶ 4–5. The Trustee asserts that the Debtor's primary asset was a commercial office building that ceased to be property of the estate before conversion. *Id.* ¶ 7.

12. The Trustee describes the remaining assets as (i) the right to payment under the Court-approved Xavier Academy settlement [Dkt. 485], which obligates Xavier Academy to pay $200,000 to the Debtor over five years, and (ii) "such claims and causes of action as may exist" (together, the "Residual Assets"). *Id.* ¶¶ 8–9.

13. The Trustee proposes to sell all Residual Assets to RIC (West Loop) LLC ("RIC") for $25,000, "as is, where is," with RIC paying within fifteen days after entry of an order. *Id.* ¶¶ 13, 16, 22. The Trustee's marketing consisted of a single May 19, 2026 email from his counsel stating that the Trustee did not plan to pursue any litigation claims and would close the estate unless he received offers for "litigation claims" within two weeks; it did not mention the Xavier Academy receivable. Ex. A. Choudhri responded on June 2, 2026 with an offer of $5,000 for the estate's claims. *Id.* On August 13, 2026, Trustee's counsel told Choudhri only that a "higher and better offer" had been received, without disclosing its amount, terms, or bidder, and requested a best and final offer, to be escrowed within five business days if selected. *Id.*; *see also* Sale Motion ¶ 12. Four minutes later, Choudhri replied asking the Trustee to "provide the higher offer amount and terms so it can be considered." Ex. A. The Trustee never responded. His next communication was the Sale Motion, filed a month later. The Trustee's only valuation of the Residual Assets is RIC's offer itself. Sale Motion ¶ 17.

14. RIC describes itself as the assignee of the collateral interests of TIG Romspen US Master Mortgage LP ("Romspen"), which asserted a secured claim against the Debtor and was the Debtor's principal adversary in this case. RIC asserts that on December 2, 2025, Romspen assigned its interests in the collateral, including the estate's cash, to RIC, and that RIC acquired the office building at a non-judicial foreclosure sale. Mot. to Convert [Dkt. 1029] ¶ 13 & Ex. A; *see* Dkt. 1026. RIC and Romspen are represented by the same counsel and jointly moved to convert this case to Chapter 7. Dkt. 1029. Choudhri describes RIC's assertions only to show RIC's position and its relationship to Romspen; he does not concede the validity or effect of the alleged assignment or foreclosure, or that RIC acquired the office building. Choudhri likewise makes no admission regarding the ownership or status of the office building, including whether it was or is property of the estate, and he reserves all rights with respect to these matters.

15. **Standing.** Choudhri is the Debtor's principal and a party in interest. He is also a party who has offered to purchase the Residual Assets, as the Sale Motion itself acknowledges. Sale Motion ¶ 12; Ex. A. He is entitled to be heard on the Sale Motion.

**C. Argument**

**1. The Trustee has not shown that $25,000 is the highest and best value for the Residual Assets.**

16. A § 363(b) sale requires notice, a hearing, and court approval, and must be supported by "an articulated business justification, good business judgment, or sound business reasons." *Moore*, 608 F.3d at 263 (citing *In re Cont'l Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986)). As a general matter, the trustee must show that the proposed price is the highest and best offer. *Id.*

17. The Sale Motion offers no independent basis for its price. The Trustee "estimates the gross value of the Residual Assets is $25,000.00, with that estimation being based on the Purchase Price." Sale Motion ¶ 17. That reasoning is circular: the buyer's offer is used to prove that the buyer's offer is fair.

18. The marketing was equally thin. The Trustee solicited exactly two parties and sought no broader interest, no auction, and no bidding procedures. *Id.* ¶ 12. As the Fifth Circuit observed, entertaining overbids often sets off a bidding sequence that produces a higher price, and without that process "the true value of the claims is undetermined." *Moore*, 608 F.3d at 265 (quoting *In re Mickey Thompson Ent. Grp., Inc.*, 292 B.R. 415, 422 (B.A.P. 9th Cir. 2003)).

19. The Sale Motion's internal inconsistencies underscore the lack of analysis. It states both that there are "no tax consequences to the sale" and that the "maximum tax gain is approximately 20% of the gross sales price." Sale Motion ¶ 18.

**2. Selling unidentified estate claims to the self-described assignee of the estate's principal adversary is a disguised settlement that requires heightened scrutiny.**

20. A trustee may sell estate causes of action under § 363(b), but such sales "undergo careful judicial scrutiny," and the Court must ensure that the policies of value maximization and equitable distribution are satisfied. *Moore*, 608 F.3d at 257, 262 & n.18.

21. When the buyer is a target of the claims, the transaction is functionally a compromise. The Fifth Circuit adopted *Mickey Thompson*, holding that disposing of estate claims to their defendants is a disposition of estate property and that a higher offer obligates the court to consider an auction and § 363 procedures. *Id.* at 264–65. The court warned that bankruptcy courts "should not allow defendants to settle estate claims at a discount and avoid § 363 scrutiny." *Id.* at 265. It also recognized that a defendant's best interest is to minimize the value of the claims against it. *Id.* at 265 n.25.

22. The Sale Motion does not identify a single claim being sold, against whom it runs, or what it might be worth. The Trustee says only that he is "unaware" of claims with a meaningful likelihood of success. Sale Motion ¶ 11. A trustee who has not identified the claims cannot have valued them, and the Court cannot evaluate a sale of assets that are never described. RIC itself urged conversion on the ground that it asserts no lien on Chapter 5 causes of action, which it called "the only conceivable assets that remain," so that a chapter 7 trustee could liquidate them "for the benefit of estate creditors." Dkt. 1029 ¶¶ 17–18. RIC now proposes to acquire those same claims for itself for $25,000.

23. RIC is not a stranger to these claims. By its own account it is Romspen's assignee, and Romspen was the estate's principal litigation adversary. The Trustee previously sought to resolve the estate's disputes with Romspen through a Rule 9019 settlement that, among other things, would have allowed Romspen's claim at $33,115,553.94 and required withdrawal of the Debtor's pending appeal. Dkt. 699-1. The Court declined to approve one term of that settlement and, when no amended term was filed, denied the motion as a final matter. Dkt. 1037. No compromise of the estate's claims against Romspen has ever been approved. Selling every estate claim to the entity that claims to be Romspen's assignee for $25,000 would dispose of those

claims without the Rule 9019 review this Court has required. The transaction must therefore be tested under both § 363 and Rule 9019, including the *Jackson Brewing* factors and the paramount interest of creditors. *Moore*, 608 F.3d at 263, 266 & n.26. The Sale Motion addresses none of them.

**3. The Xavier Academy receivable is being sold at a steep, unexplained discount.**

24. The Xavier Academy settlement is a Court-approved obligation to pay the Debtor $200,000. Sale Motion ¶ 9; Dkt. 485. The Trustee would sell it, bundled with the claims, for at most 12.5% of face value.

25. The only stated basis is that Xavier Academy did not respond to a single demand letter. Sale Motion ¶ 10. The Trustee does not say whether any installments are past due, whether he has moved to enforce the Court's order approving the settlement, or what enforcement would cost. A non-response to one letter is not a business justification for abandoning most of a court-ordered receivable.

26. The receivable was never marketed at all: the Trustee's only solicitation sought offers for "litigation claims." Ex. A. The receivable surfaced as part of the package only in the Sale Motion. At minimum, the receivable should be valued and marketed separately from the claims, so that the Court and creditors can see what each component is worth.

**4. The process imposed unequal terms that chilled competing offers.**

27. The Trustee asked Choudhri for a blind "best and final" offer without disclosing the amount or terms of the competing offer, and required that a winning offer be escrowed within five business days of selection, before any motion was filed or any court approval obtained. Ex. A; Sale Motion ¶ 12. RIC, by contrast, need not pay until fifteen days after entry of an order. *Id.* ¶ 22. The Trustee now asks the Court to require any competing bidder at a hearing to have "cash in hand." *Id.* ¶ 23.

28. The Sale Motion's statement that Choudhri "declined" to submit a best and final offer (¶ 12) is not accurate. Within minutes of the Trustee's request, Choudhri asked for the competing offer's amount and terms so he could respond; the Trustee never answered and instead filed the Sale Motion. Ex. A. These asymmetric terms favor RIC and discourage the very competition that would reveal the assets' value. The Trustee's criticisms of Choudhri's prior conduct do not justify a lower price: concerns about why a bidder is willing to pay are irrelevant, because the proper focus is maximizing the estate. *Moore*, 608 F.3d at 265 n.24.

29. Choudhri does not ask the Court to accept any particular bid. He asks only that the Residual Assets be exposed to a fair and transparent process — disclosure of the terms of RIC's offer, a reasonable bid deadline, and uniform terms for all bidders — so that the market, rather than a single buyer's offer, determines their value.

**5. The record does not support a good-faith purchaser finding.**

30. The Trustee states only that he "believes RIC to be a good faith purchaser." Sale Motion ¶ 16. A finding under § 363(m) requires evidence that the buyer purchased for value and without fraud, collusion, or an attempt to take grossly unfair advantage of other bidders. *See In re TMT Procurement Corp.*, 764 F.3d 512 (5th Cir. 2014). No such evidence is offered. Where the buyer claims to be the assignee of the estate's principal adversary and may be acquiring claims against its claimed assignor, the Court should decline to make a § 363(m) finding without an evidentiary showing of RIC's relationship to the claims and to the Trustee's process.

**D. Relief Requested**

WHEREFORE, Ali Choudhri respectfully requests that the Court:

(1) grant leave to file this Objection out of time and deem it timely filed;

(2) set the Sale Motion for an evidentiary hearing;

(3) deny the Sale Motion; or, in the alternative,

(4) require the Trustee to (a) identify each claim and cause of action proposed to be sold and each potential defendant, (b) disclose RIC's and its affiliates' relationship to those claims, and (c) conduct a competitive sale of the Residual Assets on uniform terms for all bidders, with the Xavier Academy receivable offered separately from the claims;

(5) decline to make any finding under 11 U.S.C. § 363(m) absent an evidentiary showing; and

(6) grant such other relief as is just.

Dated: October 6, 2026.

Respectfully submitted,

/s/ Ali Choudhri
Ali Choudhri, *pro se*
4521 San Felipe, #3201
Houston, Texas 77027
(281) 630-6627
ali@jetallcapital.com

**Exhibit A** – Email correspondence between Trustee's counsel and Choudhri: Cumings email of May 19, 2026; Choudhri reply of June 2, 2026; Cumings email of August 13, 2026 (3:58 p.m.); Choudhri reply of August 13, 2026 (4:02 p.m.); Choudhri email of October 6, 2026 (1:42 a.m.).

## CERTIFICATE OF SERVICE

I certify that on October 6, 2026, this Motion, together with its Exhibits 1 and 2, was filed with the Clerk of the Court and was served by email on the following:

- Office of the United States Trustee, 903 San Jacinto, Room 230, Austin, TX 78701 (ustpregion07.au.ecf@usdoj.gov)
- John Patrick Lowe, Chapter 7 Trustee, 2402 East Main Street, Uvalde, TX 78801 (pat.lowe.law@gmail.com)
- Brian T. Cumings, Graves, Dougherty, Hearon & Moody, P.C., 401 Congress Avenue, Suite 2700, Austin, TX 78701 (bcumings@gdhm.com), counsel for the Trustee
- Kyle S. Hirsch, Bryan Cave Leighton Paisner LLP, 2200 Ross Avenue, Suite 4200W, Dallas, TX 75201 (kyle.hirsch@bclplaw.com), counsel for RIC (West Loop) LLC and TIG Romspen US Master Mortgage LP
- Stephen W. Sather, Barron & Newburger, PC, 7320 N. MoPac Expy, Suite 400, Austin, TX 78731 (ssather@bn-lawyers.com)
- Leslie M. Luttrell (luttrell@lclawgroup.net), counsel for Travis B. Vargo, Receiver

/s/ Ali Choudhri
Ali Choudhri

# EXHIBIT 1-A

(Exhibit A to Objection)
Email correspondence between Trustee's counsel and Ali Choudhri

**From:** Ali Choudhri <ali@jetallcapital.com>
**To:** Brian T. Cumings <BCumings@gdhm.com>
**Date:** Tue, Oct 6, 2026 at 1:42 AM
**Subject:** Re: 1001 WL

Brian,

I never heard back from you on my email below from August 13, in which I requested the amount and terms of the higher offer so I could respond. I just noticed the filing on PACER. The Trustee's Motion to Sell (Doc. 1098) says I declined to submit a best and final offer. That is not accurate. I was waiting for the information I had requested.

Please send me the amount and terms of RIC's offer. I also ask that the Trustee agree to extend my time to respond to Doc. 1098 through October 16, 2026, and hold off on uploading an order until then. Please let me know by end of day. If the Trustee does not agree, I will ask the Court for leave.

Thank you,

Ali

*[The email quotes the prior chain — Choudhri's August 13, 2026 (4:02 p.m.) email, Cumings's August 13, 2026 (3:58 p.m.) email, Choudhri's June 2, 2026 email, and Cumings's May 19, 2026 email — which appears in full in the Gmail printout that follows.]*

JETALL

Ali Choudhri <ali@jetallcapital.com>

## Re: 1001 WL

1 message

**Ali Choudhri** <ali@jetallcapital.com> Thu, Aug 13, 2026 at 4:02 PM
To: "Brian T. Cumings" <BCumings@gdhm.com>

Please provide the higher offer amount and terms so it can be considered

On Thu, Aug 13, 2026 at 3:58 PM Brian T. Cumings <BCumings@gdhm.com> wrote:

The Trustee has received a higher and better offer.

Please submit your best and final offer. If the Trustee concludes that your offer is the best available to him, you will have five business days to escrow the funds with the Trustee. Failure to timely escrow the funds will result in the Trustee moving on to the next best offer.

Regards,

**Brian T. Cumings** | Attorney

Direct: (512) 480-5626 | Fax: (512) 536-9926

401 Congress Avenue, Suite 2700, Austin, Texas 78701

---

BOARD CERTIFIED
Texas Board of Legal Specialization
BUSINESS BANKRUPTCY LAW

**From:** Ali Choudhri <ali@jetallcapital.com>
**Sent:** Tuesday, June 2, 2026 6:38 PM

**To:** Brian T. Cumings <BCumings@gdhm.com>
**Subject:** Re: 1001 WL

I have an offer of $5k to purchase all claims of the estate

Please let me know next steps

Thanks

On Tue, May 19, 2026 at 12:56 PM Brian T. Cumings <BCumings@gdhm.com> wrote:

> All,
>
> The Trustee does not anticipate pursuing any litigation claims on behalf of the estate. If he does not receive any offers to purchase litigation claims within two weeks, it is his intent to proceed with closing out the estate.
>
> Regards,
>
> **Brian T. Cumings** | Attorney
>
> Direct: (512) 480-5626 | Fax: (512) 536-9926
>
> 401 Congress Avenue, Suite 2700, Austin, Texas 78701

BOARD CERTIFIED
Texas Board of Legal Specialization
BUSINESS BANKRUPTCY LAW

# EXHIBIT 2

Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 24-10119-smr |
| 1001 WL, LLC, | § | |
| | § | Chapter 7 |
| Debtor. | § | |

**ORDER GRANTING LEAVE TO FILE OBJECTION OUT OF TIME AND SETTING HEARING ON TRUSTEE'S MOTION TO SELL PROPERTY OF THE ESTATE [DOC. 1098]**

Came on for consideration Ali Choudhri's Motion for Leave to File Objection Out of Time to Trustee's Motion to Sell Property of the Estate [Doc. 1098]. The Court finds that cause exists to grant leave under Federal Rule of Bankruptcy Procedure 9006(b)(1). It is therefore

ORDERED that the Motion for Leave is GRANTED, and Ali Choudhri's Objection, attached to the Motion as Exhibit 1, is deemed timely filed; it is further

ORDERED that the Trustee's Motion to Sell Property of the Estate [Doc. 1098] is set for hearing on ______________, 2026, at ____ __.m., at the Homer J. Thornberry Federal Judicial Building, 903 San Jacinto Blvd., Austin, Texas 78701; and it is further

ORDERED that no order approving the sale requested in Doc. 1098 shall be entered before that hearing.

# # #

Order submitted by:
Ali Choudhri, *pro se*
4521 San Felipe, #3201
Houston, Texas 77027
(281) 630-6627
ali@jetallcapital.com

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 24-10119-smr |
| 1001 WL, LLC, | § | |
| | § | Chapter 7 |
| Debtor. | § | |

**ORDER GRANTING LEAVE TO FILE OBJECTION OUT OF TIME AND SETTING HEARING ON TRUSTEE'S MOTION TO SELL PROPERTY OF THE ESTATE [DOC. 1098]**

Came on for consideration Ali Choudhri's Motion for Leave to File Objection Out of Time to Trustee's Motion to Sell Property of the Estate [Doc. 1098]. The Court finds that cause exists to grant leave under Federal Rule of Bankruptcy Procedure 9006(b)(1). It is therefore

ORDERED that the Motion for Leave is GRANTED, and Ali Choudhri's Objection, attached to the Motion as Exhibit 1, is deemed timely filed; it is further

ORDERED that the Trustee's Motion to Sell Property of the Estate [Doc. 1098] is set for hearing on ______________, 2026, at _____ __.m., at the Homer J. Thornberry Federal Judicial Building, 903 San Jacinto Blvd., Austin, Texas 78701; and it is further

ORDERED that no order approving the sale requested in Doc. 1098 shall be entered before that hearing.

###

Order submitted by:
Ali Choudhri, *pro se*
4521 San Felipe, #3201
Houston, Texas 77027
(281) 630-6627
ali@jetallcapital.com