**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 24-10119-smr** |
| | § | |
| **1001 WL, LLC,** | § | **Chapter 7** |
| | § | |
| **Debtor.** | § | |

# EXHIBIT A

Revised Proposed Final Judgment, TIG Romspen US Master Mortgage LP v. Galleria Loop Note Holder, LLC, Cause No. 2023-84714 (Oct. 7, 2026)

*to the*

*Motion of Arabella PH 3201 LLC, Joined by Ali Choudhri, for an Order Requiring TIG Romspen US Master Mortgage LP to Show Its Authority, and Under Bankruptcy Rule 9024 to Vacate Orders and Strike Filings Made After February 6, 2024*

TEXT OF REVISED PROPOSED FINAL JUDGMENT AS SERVED OCT. 7, 2026, 2:28 P.M. (E-FILING ENVELOPE NO. 120894748), retyped from the served copy. Highlighting added.

**CAUSE NO. 2023-84714**

| | | |
|---|---|---|
| TIG ROMSPEN US MASTER MORTGAGE LP, Plaintiff, | § | IN THE DISTRICT COURT |
| v. | § | |
| GALLERIA LOOP NOTE HOLDER, LLC; | § | 333d JUDICIAL DISTRICT |
| and ALI CHOUDHRI, an individual, | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

# FINAL JUDGMENT[1]

Plaintiff TIG Romspen US Master Mortgage LP ("Plaintiff") presents the following Judgement for entry which is unopposed by Travis Vargo as state court-appointed receiver ("Receiver") on behalf of Defendants Galleria Loop Note Holder, LLC ("GLNH") and Ali Choudhri, an individual ("Choudhri" and, together with GLNH, "Defendants").

The Court hereby finds as follows:

A. As of May 31, 2019, Plaintiff and GLNH entered into a loan transaction (the "Loan") evidenced by, among other things: (i) that certain Loan Agreement (the "Loan Agreement") and (ii) that certain Promissory Note, as amended by that Amended and Restated Promissory Note (together, the "Note") in the original principal amount of $25,678,501.32. Plaintiff is the current holder of the Note.

B. GLNH's payment and performance obligations are secured by, among other things, certain real property, related personal property, and improvements thereon located at 1001 West Loop South, Houston, Texas, 77027 (the "Property"), as more fully described in, among other things: (i) that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated September 4, 2019, and recorded on September 5, 2019, in the Official Records of Harris County, Texas at Document Number RP-2019-392981 (the "Deed of Trust"); and (ii) that certain Assignment of Leases and Rents dated September 4, 2019, and recorded on September 5, 2019, in the Official Records of Harris County, Texas at Document Number RP-2019-393175 (the "Assignment of Rents").

C. Under the Loan Agreement, GLNH's failure to pay or perform as agreed constitutes a default, and if, after notice and an opportunity to cure, the failure continues, such failure constitutes an Event of Default.

D. Upon the occurrence of an Event of Default, Plaintiff is entitled to, among other things, (i) accelerate the maturity of the Note (if not already matured), (ii) demand immediate payment thereof plus interest at the default rate that is 5.0% higher than the non-default rate, (iii) demand all rents (and proceeds thereof) and books and records relating to the operation of the Property, and (iv) recover all attorneys' fees and costs incurred in connection with collecting on the unpaid outstanding balance owed by GLNH.

E. Choudhri personally guaranteed GLNH's Loan repayment and performance obligations as set forth in that certain Guaranty agreement dated as of May 31, 2019, executed by Choudhri in favor of Plaintiff (the "Guaranty").

F. Under the Guaranty, Choudhri absolutely, unconditionally, and irrevocably guaranteed to Plaintiff, as primary obligor and not merely as surety, the due, prompt, and full payment and performance of all liabilities, obligations, or undertakings owing by GLNH to Plaintiff of any kind or description arising out of or outstanding under, advanced or issued pursuant to, or evidenced by the Loan Agreement or other Loan documents or in any other agreement between GLNH and Plaintiff.

G. Among other things, Choudhri unconditionally agreed: (i) to pay to Plaintiff the full amount of the Loan as and when the same became due and payable under the Loan documents and (ii) to repay all attorneys' fees and costs incurred by Plaintiff in connection with enforcing the Guaranty and/or any Loan document.

H. GLNH defaulted under the Loan in numerous ways, including but not limited to: failing to repay the outstanding balance of the Note when it matured on May 31, 2020; failing to pay property taxes when due, resulting in the filing of third party tax liens; permitting additional liens to be placed against the Property; and failing to cure the same within the applicable cure period (the "Maturity Date Defaults"). As a result of the Maturity Date Defaults, Plaintiff has the lawful right to enforce its rights and remedies.

I. Plaintiff, through its legal counsel, provided written notice to Defendants and numerous opportunities to cure their defaults. Despite such notice and opportunity to cure, Defendants failed to cure.

J. Plaintiff, through its legal counsel, demanded as of no later than October 13, 2023, immediate repayment of the outstanding Loan and Guaranty obligations. Defendants failed and/or refused to pay as demanded by Plaintiff.

K. GLNH's failure to pay and perform as agreed under the Loan Agreement, the Note, the Deed of Trust, the Assignment of Rents, and other documents evidencing and relating to the Loan constitutes a breach by GLNH of its contracts with Plaintiff.

L. Choudhri's failure to pay and perform as agreed under the Guaranty constitutes a breach by Choudhri of his contract with Plaintiff.

M. On December 8, 2023, Plaintiff initiated this suit against Defendants to, among other things, recover on the unpaid Loan.

N. As of June 16, 2025, the following amounts remain unpaid, due and owing:

| | |
|---|---|
| Outstanding unpaid principal: | $20,464,692.94 |
| Property tax advances: | $494,020.22 |
| Outstanding unpaid interest at the non-default rate of 10.25%: | $10,354,024.02 |
| Outstanding unpaid interest at the additional 5.0% default rate: | $8,020,864.77 |
| Fees and other Loan Agreement charges: | $1,107,376.54 |
| Attorney's fees and other expenses incurred: | $1,903,328.39 |
| **TOTAL:** | **$42,371,306.88** |

O. Interest accrues on the outstanding unpaid balance at the default rate of 15.25% in the per diem amount of $16,612.89.

P. Plaintiff has been damaged as a result of Defendants' breaches in the amount calculated in Paragraph N together with interest thereon at the rate set forth in Paragraph O.

Q. Travis Vargo has been found by two United States Bankruptcy Judges to have the exclusive authority to represent the interests of Choudhri and entities controlled by Choudhri; one of those judges expressly affirmed Mr. Vargo's exclusive authority to represent the interests of GLNH. See "Order Granting the Receiver's Motion to Show Authority," In re RIC (Lavernia) LLC, Case No. 24-51195, United States Bankruptcy Court, W.D. Tex., ECF No. 304, p. 6 (October 17, 2025) (Parker, J.) ("The Receiver's authority to manage and operate Mr. Choudhri's business – to manage and operate where Mr. Choudhri has the right to manage and operate – includes the authority to litigate claims."); "Order Regarding Motions to Show Authority [ECF Nos. 837, 838, 839, 840, 970]," In re 1001 WL, LLC, Case No. 24-10119, United States Bankruptcy Court, W.D. Tex., ECF No. 996, p. 9 (October 20, 2025) (Bradley, J.) ("The Amended Orders are clear: The Receiver has the exclusive power to litigate on behalf of Mr. Choudhri and on behalf of BDFI, LLC, Galleria Loop Note Holder, LLC, and Jetall Capital LLC.").

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiff TIG Romspen US Master Mortgage LP shall have and recover of and from Defendants Galleria Loop Note Holder, LLC and Ali Choudhri, jointly and severally, the following sums:

1. Actual damages in the amount of $42,371,306.88 due to Defendants' breaches of their contractual obligations owed, plus interest at the daily rate of $16,612.89 from June 16, 2025, through the date of entry of Judgment; and

2. Post-Judgment interest at the rate of 15.25% per annum.

The foregoing amounts shall be reduced by any recovery by Plaintiff from any other collateral securing Defendants' payment and performance obligations in accordance with applicable law. However, nothing in this Judgment constitutes an order or direction that Plaintiff marshal assets towards recovery of the judgment amount; rather, Plaintiff may pursue recovery from any and all available sources in any order or manner not inconsistent with applicable law, in Plaintiff's sole and absolute discretion.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Judgment is final and that Plaintiff TIG Romspen US Master Mortgage LP is allowed such writs and processes as may be necessary in the enforcement and collection of this Judgment.

This Judgment disposes of all claims and all parties, and is therefore a final judgment that is appealable immediately upon entry.

SIGNED this ____ day of __________, 20____. ______________________ JUDGE PRESIDING

Prepared by: BRYAN CAVE LEIGHTON PAISNER LLP, /s/ Kyle S. Hirsch; Vernon Lewis — ATTORNEYS FOR PLAINTIFF TIG ROMSPEN US MASTER MORTGAGE LP

Agreed as to form only by: LUTTRELL + CARMODY LAW GROUP, /s/ Leslie M. Luttrell — COUNSEL FOR TRAVIS VARGO, AS RECEIVER

[1] Updated version 10.5.2026

*TEXT OF COVER NOTICE AS SERVED OCT. 7, 2026 (same envelope).*

**CAUSE NO. 2023-84714 — 333rd JUDICIAL DISTRICT, HARRIS COUNTY, TEXAS**

**NOTICE OF FILING REVISED FORM OF PROPOSED JUDGMENT**

Plaintiff TIG Romspen US Master Mortgage LP hereby gives notice of filing the revised form of proposed judgment that is attached hereto as Exhibit A. [No relief requested; no hearing or submission date; no certificate of conference.]

Respectfully submitted, BRYAN CAVE LEIGHTON PAISNER LLP, /s/ Vernon Lewis; Kyle S. Hirsch — ATTORNEYS FOR TIG ROMSPEN US MASTER MORTGAGE LP

CERTIFICATE OF SERVICE: I hereby certify that on October 7, 2026, a true and correct copy of the foregoing was served by email to all counsel of record pursuant to Texas Rule of Civil Procedure 21a. /s/ Vernon Lewis