**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 24-10119-smr** |
| | § | |
| **1001 WL, LLC,** | § | **Chapter 7** |
| | § | |
| **Debtor.** | § | |

# EXHIBIT C

TIG Romspen US Master Mortgage LP Amended Proof of Claim No. 1-2 (July 12, 2024)

*to the*

*Motion of Arabella PH 3201 LLC, Joined by Ali Choudhri, for an Order Requiring TIG Romspen US Master Mortgage LP to Show Its Authority, and Under Bankruptcy Rule 9024 to Vacate Orders and Strike Filings Made After February 6, 2024*

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $____________ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $____________ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $____________ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $____________ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $____________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $____________ |

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 07/12/2024
MM / DD / YYYY

/s/ Blake A. Cassidy
Signature

**Print the name of the person who is completing and signing this claim:**

Name: Blake (First name) Alexander (Middle name) Cassidy (Last name)

Title: President of the GP of the sole member of the GP of the creditor

Company: ____________
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 162 Cumberland Street, Suite 300 (Number, Street)
Toronto, Ontario, Canada M5R 3N5 (City, State, ZIP Code)

Contact phone: (416) 966-1100

Email: blakecassidy@romspen.com

Attachment to TIG Romspen US Master Mortgage LP

**Amended Proof of Claim for 1001 WL, LLC**

**United States Bankruptcy Court, W. D. Tex., Case No. 24-10119**

As of February 6, 2024 (the "*Petition Date*"), TIG Romspen US Master Mortgage LP, an exempted Cayman Islands limited partnership ("*Romspen*") asserted its original claim against the bankruptcy estate of Chapter 11 debtor and debtor-in-possession 1001 WL, LLC (the "*Debtor*") in connection with the Romspen lien encumbering the Debtor's sole asset as security for payment and performance of the indebtedness owed by Galleria Loop Note Holder, LLC ("*GLNH*") as described herein.

Romspen made a loan to GLNH in the original principal amount of $18,500,000.00 (the "Loan"). The Loan is evidenced by, among other things: (i) that certain Loan Agreement dated May 31, 2019, between GLNH and Romspen (as amended, modified, and/or restated from time to time, the "Loan Agreement"); and (ii) that certain Promissory Note dated May 31, 2019, in the original amount of $18,500,000.00 given by GLNH in favor of Romspen (as amended, modified, and/or restated from time to time, the "Note" and together with the Loan Agreement and all other documents evidencing and/or securing the Loan, the "Loan Documents").

To secure GLNH's payment and performance obligations under the Loan, GLNH granted to Romspen, among other things a senior priority lien interest in and to an office building located at 1001 West Loop South, Houston, Texas, 77027 ("Office Building") and related personal property (together, with the Office Building, the "Property") pursuant to: (i) that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Romspen Deed of Trust") dated September 4, 2019, recorded on September 5, 2019, in the Official Records of Harris County, Texas at Document Number RP-2019-392981; (ii) an absolute assignment of all the rents generated from and leases related to the Office Building pursuant to that certain Assignment of Leases and Rents dated September 4, 2019, and recorded on September 5, 2019, in the Official Records of Harris County, Texas at Document Number RP-2019-393175 (the "Romspen Assignment of Rents"); and (iii) a senior priority security interest in substantially all of GLNH's personal property as set forth in that certain Security Agreement dated May 31, 2019 (the "Romspen Security Agreement" and, together with the Romspen Deed of Trust dated September 4, 2019 and the Romspen Assignment of Rents, the "Security Documents").

Romspen perfected its security interests in and to the Property by recording the Romspen Deed of Trust and the Romspen Assignment of Rents in the Harris County Records; and by filing a UCC-1 Financing Statement in the Texas Secretary of State's Office on June 13, 2019 as document number 19-0022217680 (the "UCC-1").

The Loan Documents prohibit GLNH from transferring any of the Property. See Loan Agreement, § 5(C); Romspen DOT, § 6.2. However, all of the assets of GLNH were transferred to the Debtor, as evidenced by that Special Warranty Deed recorded on January 22, 2024 (the "Prepetition Transfer Deed"), purporting to convey to the Debtor an office building located at 1001 West Loop South, Houston, Texas 77027.

Additionally, as inducement for Romspen to further forbear from enforcing its rights and

615332637

remedies arising from GLNH's defaults under the Loan as set forth in that certain Amended and Restated First Amendment to Reinstatement of and Amendment to Loan Agreement executed on or about August 14, 2023 ("Amended and Restated First Amended Reinstatement Agreement"), GLNH caused related entity OTISCO RDX, LLC ("OTISCO") to grant Romspen a lien encumbering undeveloped real property owned by OTISCO located in La Vernia, Wilson County, Texas (the "La Vernia Property"). The Romspen lien encumbering the La Vernia Property secured repayment of a portion of the indebtedness owed by GLNH on the Loan, specifically in the initial stated amount of $2,266,000.00, subject to increases for accruing interest and other amounts (the "La Vernia Lien Indebtedness").

After GLNH again failed to pay and perform as agreed, and after giving due and proper notice, Romspen caused the beneficiary under the La Vernia deed of trust to foreclose its lien interest encumbering the La Vernia Property. On February 6, 2024, the La Vernia Property was sold to Romspen's assignee RIC (Lavernia) LLC for a successful bid in the amount of $100,000.00.

As of the Petition Date, the amount due and owing to Romspen arising from the Loan Documents was $33,215,553.94 as set forth in Romspen's Proof of Claim #1-1 filed on February 16, 2024. Rompsen now amends Proof of Claim #1-1 to deduct its $100,000.00 credit bid, reducing the amount due and owing as of the Petition Date to $33,115,553.94, plus interest and any other charges that continue to accrue.

All of the documents associated with these described transactions are too voluminous to attach, may be made available upon proper request. However, many of the Loan Documents are attached as exhibits to Romspen's stay relief motion filed on February 14, 2024 [ECF 5].

Romspen generally reserves the right to further amend this Proof of Claim.

Neither the filing of this Amended Proof of Claim, nor any subsequent appearance, pleading, claim, amended proof of claim, document, suit, motion, nor any other writing or conduct shall be deemed or construed as: (i) a waiver or release of Romspen's rights against any person, entity, estate or property (including, without limitation, any person or entity that is or may become a debtor in a case pending in this Court); (ii) a consent by Romspen to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Romspen; (iii) a waiver or release of Romspen's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein or therein, whether or not the same be designated legal or private rights or in any case, controversy or proceeding related thereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such right to jury trial is pursuant to statute or the United States Constitution; (iv) a consent by Romspen to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (v) a waiver or release of Romspen's right to have any and all final orders in any and all non-core matters or proceedings entered only after de novo review by a United States District Court Judge; (vi) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Amended Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Romspen; (vii) a waiver or release of any right of setoff or recoupment that Romspen