FILED
OCT 19 2026
U.S. BANKRUPTCY COURT
BY [signature] DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 24-10119-smr |
| | § | |
| 1001 WL, LLC, | § | Chapter 7 |
| | § | |
| Debtor. | § | |

**ALI CHOUDHRI'S MOTION FOR AN ORDER REQUIRING TIG ROMSPEN US MASTER MORTGAGE LP TO SHOW ITS AUTHORITY, AND UNDER BANKRUPTCY RULE 9024 TO VACATE ORDERS AND STRIKE FILINGS MADE AFTER FEBRUARY 6, 2024, FOR LACK OF STANDING AND FALSE STATEMENTS IN ITS PROOF OF CLAIM**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Travis B. Vargo, the purported receiver, is referred to here as "Vargo." The judgment is on appeal, and Choudhri contends it is void. Referring to him by name or as the purported receiver concedes nothing.

Ali Choudhri, pro se, moves for an order requiring TIG Romspen US Master Mortgage LP ("Romspen") to show its authority to have made each filing it has made in this case since February 6, 2024, and, under Federal Rule of Civil Procedure 60(b), made applicable by Bankruptcy Rule 9024, to vacate the orders entered on those filings and strike the filings themselves, because by Romspen's own documents and its counsel's sworn testimony it had assigned the loan to RIC (LaVernia), LLC by then. In support, Choudhri shows:

## I. SUMMARY

1. TIG Romspen transferred this debt to RIC (LaVernia), LLC in early 2024 (the recorded trustee's deed recites an assignment "with an effective date of February 5, 2024," to an entity not formed until February 16, 2024), and later transferred its claim in this case to RIC (West Loop) LLC. It nonetheless came to this Court in its own name. Romspen came to this Court as "senior secured lienholder against the single real estate asset" of the Debtor. ECF No. 837 at 1. Every order

it obtained rested on that status. But Romspen has since told this Court, by its own filing, that it transferred its claim to RIC (West Loop) LLC, ECF No. 1026, and the Court has approved distribution on that claim to RIC (West Loop) LLC, not Romspen. ECF No. 1091. Romspen's own amended proof of claim calls RIC (LaVernia) "Romspen's assignee" as of February 6, 2024, and its counsel's foreclosure deed, recorded March 26, 2024 as Wilson County Instrument No. 2024-141143, recites that the same May 31, 2019 loan was then "currently held by" RIC (LaVernia), LLC, not Romspen. A party that does not hold the claim has no stake in the case. Orders entered at its request should be vacated, and the Court should require Romspen to prove its chain of title at an evidentiary hearing.

> at the Place of Sale. The Foreclosure Sale commenced at the Time of Sale and was concluded by 4:00 p.m. on the Date of Sale.
>
> Grantee, having been assigned all of Lender's right, title and beneficial interest in and to the Deed of Trust by and through that certain Assignment Of Beneficial Interest Under Deed Of Trust with an effective date of February 5, 2024, being the highest bidder at the Foreclosure Sale, did purchase the Property for the Purchase Price.
>
> The undersigned Trustee, in consideration of the foregoing and of the payment of the Purchase Price, by the authority conferred on the undersigned Trustee by the Deed of Trust,

*Excerpt — Substitute Trustee's Deed, Wilson County No. 2024-141143 (highlighting added).*

> After GLNH again failed to pay and perform as agreed, and after giving due and proper notice, Romspen caused the beneficiary under the La Vernia deed of trust to foreclose its lien interest encumbering the La Vernia Property. On February 6, 2024, the La Vernia Property was sold to Romspen's assignee RIC (Lavernia) LLC for a successful bid in the amount of $100,000.00.
>
> As of the Petition Date, the amount due and owing to Romspen arising from the Loan Documents was $33,215,553.94 as set forth in Romspen's Proof of Claim #1-1 filed on February 16, 2024. Rompsen now amends Proof of Claim #1-1 to deduct its $100,000.00 credit bid, reducing the amount due and owing as of the Petition Date to $33,115,553.94, plus interest and any other charges that continue to accrue

*Excerpt — Romspen Amended Proof of Claim No. 1-2 (July 12, 2024) (highlighting added).*

## II. THE ORDERS

2. This motion is directed to the following orders, to the extent each was entered on Romspen's motion or for Romspen's benefit:

| ECF No. | Order | Romspen filing on which it was entered |
|---|---|---|
| 996 (Oct. 20, 2025) | Order Regarding Motions to Show Authority | ECF Nos. 837, 838, 839, 840 (Romspen, July 25, 2025) |
| 151 | Order conditionally lifting the automatic stay to permit Romspen to foreclose on the Property (May 6, | Romspen motion for relief from stay, ECF No. 5 (Feb. 14, 2024) |

| | | |
|---|---|---|
| | 2024); orders suspending and then restoring the effectiveness of that relief (ECF Nos. 206, 359, 463 (Aug. 30, 2024)) | |
| 1042 | Order Denying Motion to Reconsider the Order Regarding Motions to Show Authority (Jan. 23, 2026) | ECF No. 1007 (Choudhri's motion), opposed by Romspen at ECF No. 1024 |

3. ECF No. 996 also resolved Vargo's own motion, ECF No. 970. This motion addresses ECF No. 996 only as it rests on ECF Nos. 837–840. Choudhri's separate motion addresses ECF No. 996 as a whole.

**III. FACTS**

4. On July 25, 2025, Romspen filed four ex parte motions to show authority, over Galleria Loop Note Holder, LLC (ECF No. 837), BDFI, LLC (ECF No. 838), Jetall Capital, LLC (ECF No. 839), and Choudhri individually (ECF No. 840). Each identified Romspen as "senior secured lienholder against the single real estate asset (the 'Property') of the estate." ECF No. 837 at 1. The Court granted them in ECF No. 996 on October 20, 2025.

5. The Debtor never owed Romspen anything. Romspen's loan was made to Galleria Loop Note Holder, LLC and guaranteed by Choudhri; the Debtor is neither borrower nor guarantor. Romspen's own counsel described the Debtor as the entity to which Galleria Loop Note Holder "transferred the property that was securing the loan," which "filed for bankruptcy." Rep. R. 4:1–4 (July 20, 2026), Cause No. 2023-84714 (80th Dist. Ct.). Romspen's only connection to this estate was its lien on the Property.

6. On November 24, 2025, Romspen opposed Choudhri's motion for reconsideration, arguing that the motions concerned only "capacity," not standing, and quoting the rule that "[a] plaintiff has standing when it is personally aggrieved." ECF No. 1024 at 2.

7. On December 4, 2025, ten days later, Romspen filed a transfer of its claim to RIC (West Loop) LLC. ECF No. 1026. On May 19, 2026, the Court approved a distribution to RIC (West Loop) LLC. ECF No. 1091.

8. Romspen has continued to hold itself out elsewhere as the owner of the debt. On July 20, 2026, its counsel described Romspen to the Harris County District Court as "a lender" whose collateral had been "foreclosed through a stay lift order." Rep. R. 3:22–4:9, Cause No. 2023-84714 (80th Dist. Ct.). On October 7, 2026, Romspen submitted a proposed final judgment for $42,371,306.88 against Choudhri and Galleria Loop Note Holder reciting that "Plaintiff is the current holder of the Note," and relying on this Court's ECF No. 996 as the source of Vargo's authority to leave it unopposed. Proposed Final Judgment ¶¶ A, Q (Exhibit A).

9. Romspen's own foreclosure papers say it did not hold the note long before it filed here. The Substitute Trustee's Deed and Bill of Sale for the Wilson County property, dated March 22, 2024, recorded March 26, 2024 as Wilson County Instrument No. 2024-141143, and issued by substitute trustees "c/o Bryan Cave Leighton Paisner LLP," Romspen's counsel, identifies the "Borrower" as Galleria Loop Note Holder LLC and the "Holder" as "RIC (LAVERNIA), LLC." It describes the secured debt as the "Loan Agreement . . . dated May 31, 2019, . . . executed by Borrower, payable to the order of Lender and currently held by Holder." Substitute Trustee's Deed and Bill of Sale (Mar. 22, 2024) (Exhibit B) (certified copy). That is the same May 31, 2019 loan on which Romspen now seeks a $42 million judgment. Proposed Final Judgment ¶ A. The deed also recites a $100,000 purchase price paid "by crediting the Purchase Price against amounts due" on that debt. Id.

10. Romspen's amended proof of claim in this case says the same thing. Its attachment states: "On February 6, 2024, the La Vernia Property was sold to Romspen's assignee RIC (Lavernia) LLC for a successful bid in the amount of $100,000.00." Claim No. 1-2, Attachment at 2 (filed July 12, 2024) (Exhibit C). In the same attachment, Romspen asserted that "the amount due

and owing to Romspen arising from the Loan Documents was $33,215,553.94 as set forth in Romspen's Proof of Claim #1-1 filed on February 16, 2024," and amended it to $33,115,553.94 by deducting "its $100,000.00 credit bid." Id. The amended claim was signed "under penalty of perjury" by Blake A. Cassidy, "President of the GP of the sole member of the GP of the creditor." Id. at 3. So Romspen claimed the entire debt as owed "to Romspen" on July 12, 2024, four months after its own counsel's trustee's deed recited that the loan was "currently held by" RIC (LaVernia), and in the same document that called RIC (LaVernia) "Romspen's assignee." It later moved for relief here as "senior secured lienholder." The original claim, No. 1-1, was filed February 16, 2024, the same day RIC (LaVernia) was formed, and Romspen moved for relief from the stay on February 14, 2024. ECF No. 5. RIC (LaVernia), LLC's certificate of formation was filed with the Texas Secretary of State, effective on filing, on February 16, 2024, ten days after the sale; its sole initial member is Romspen (Reomaster II) Holdings Inc. Tex. Sec'y of State Filing No. 805430834 (Exhibit D). Romspen's corporate representative, Wesley Roitman, testified that Romspen amended the proof of claim to deduct the $100,000 credit bid at the La Vernia sale. Roitman Dep. (Exhibit E).

11. Romspen's own counsel's emails on the day of the La Vernia sale point the other way. On February 6, 2024, under the caption "Romspen – Wilson County sale," Kyle Hirsch sent Choudhri wire instructions and wrote: "Payoff for LaVernia is $2,266,000." RIC was not mentioned. Emails of Feb. 6, 2024 (Exhibit F). Whether Romspen or RIC held the debt that morning, Romspen's filings in this case cannot all be true.

12. The sale itself was recorded. On video beginning at 12:11:30 p.m. on February 6, 2024, the substitute trustee announced that a buyer had to bid "over 500,000," announced "a bid from the lender," and then: "going once, going twice, sold to Drew for 550,000." Video and transcript of the recording (Exhibit G). The trustee's deed later recorded for RIC recites a $100,000 purchase by RIC as "highest bidder." Asked a week later how much the property sold for, Romspen's counsel answered: "Opening bid of $100,000."



*Excerpt — Still from video of the February 6, 2024 La Vernia sale (12:11 p.m.) (highlighting added).*

13. Romspen's counsel confirmed the transfer under oath in this case six days after filing ECF Nos. 837–840. At a July 31, 2025 deposition in this case, Kyle Hirsch, who testified that he represents both TIG Romspen and RIC (LaVernia), Hirsch Dep. 20:3–7, 60:6–9, testified that RIC (LaVernia) acquired the La Vernia property "[a]s TIG Romspen's assignee," that "TIG Romspen assigned its interest to RIC (Lavernia)," and that the assignment occurred "[a]round the time of the foreclosure sale." Id. at 60:11–24. He called it an "assignment from one affiliate to another," declined to disclose the consideration, and, when asked whether the substitute trustee's deed shows that "the holder of the debt is RIC Lavernia," declined to answer further questions. Id. at 61:8–16, 86:7–9, 118:13–21 (Exhibit H). He also suggested that only "the trustee's deed and the credit bid right" may have been assigned, id. at 113:21–24, but the deed he was shown recites that the loan itself is "currently held by Holder," RIC (LaVernia). Id. at 117:9–24.

14. On December 2, 2025, the office building was sold at foreclosure to RIC (West Loop) LLC, "as assignee of TIG Romspen US Master Mortgage LP," for a $15,000,000 credit bid applied "against amounts due on or with respect to the indebtedness secured by the Deed of Trust, including the Note." That deed recites that the same May 31, 2019 Note is "currently held by

Lender" and that "Lender is the owner and holder of the Note." Substitute Trustee's Deed, Harris County Instrument No. RP-2025-478391, filed as ECF No. 1029-1. RIC (West Loop) then moved to convert this case "as assignee of the collateral interests of" Romspen, stating that "[o]n December 2, 2025, Romspen assigned to RIC its interests in and to the Collateral (including the cash held by the estate)." ECF No. 1029 at 1, ¶ 13. Romspen's recorded deeds thus say, for the same Note, that RIC (LaVernia) held it in March 2024 and that Romspen held it in December 2025.

15. Romspen and Vargo have told other courts that this Court approved their settlement. In the collections table of his sworn Report, Accounting, and Motion to Distribute filed March 3, 2026 in Cause No. 2012-27197-D, Vargo recorded $225,000 received in "[s]ettlement and resolution of claims on behalf of Milestone Capital CRE1 LLC and Otisco RDX LLC associated with Bankruptcy Case # 24-51195-MMP, in the Western District of Texas (San Antonio) as authorized by Judge Michael Parker and Case # 24-10119-SMR in the Western District of Texas (Austin) as authorized by Judge Christopher Bradley." Judge Bradley is the judge who entered ECF No. 996 in this case while sitting in for Judge Robinson. Romspen's proposed Final Judgment, drafted by its counsel, recites in turn that Vargo "has been found by two United States Bankruptcy Judges to have the exclusive authority to represent the interests of Choudhri," citing ECF No. 996. Exhibit A. Neither this Court nor the San Antonio Division has ever been asked to approve that settlement under Rule 9019, and neither has approved it; the settlement itself conditions Vargo's authority on "approval by the bankruptcy court . . . to wit: 1001 WL," which was never sought. Exhibit J. A party that tells a state court this Court authorized what this Court never saw has, at a minimum, a candor problem that bears on every filing it has made here in its own name.

16. The proof of claim is false on its face, and Romspen knew it. Claim No. 1-1 was filed on February 16, 2024, the day RIC (Lavernia) LLC was formed and ten days after the sale at which Romspen now says RIC credit-bid. It swore under penalty of perjury that $33,215,553.94 was owed to Romspen. The deed Romspen itself recorded says the beneficial interest in the deed of trust had been assigned to RIC "effective" February 5, 2024. Exhibit C. Claim No. 1-2, filed July

12, 2024, repeats that the debt is "due and owing to Romspen" while, in the same document, calling RIC "Romspen's assignee"; it deducts the $100,000 credit bid that, on Romspen's own account, was made by RIC, not Romspen. Exhibit B. Romspen's counsel has since testified that Romspen assigned its interest to RIC "around the time of the foreclosure sale" in "an assignment from one affiliate to another." Exhibit H. A claimant that has assigned the note and the lien is not the creditor; a proof of claim that says otherwise is not entitled to the presumption of validity under Rule 3001(f), and the claim is subject to disallowance under 11 U.S.C. § 502(b)(1). A proof of claim is signed under Rule 9011(b) and under 18 U.S.C. § 152(4), which makes it a crime to knowingly present a false claim against a bankruptcy estate. Romspen filed two of them, amended the second after it knew the first was wrong, and never corrected the statement that the debt was owed to Romspen. Everything Romspen has done in this case since—stay relief, plan objections, the show-authority motions that produced ECF No. 996, the transfer of "its" claim to RIC (West Loop)—rests on a claim it had no standing to file.

17. Six months after that deed, Romspen named itself as holder of the same loan. Its Notice of Substitute Trustee's Sale for the 1001 West Loop office building, dated September 10, 2024, identifies the "Holder" as "TIG Romspen US Master Mortgage LP," at the same Toronto address the recorded trustee's deed gave for RIC (LaVernia). Notice of Substitute Trustee's Sale, Harris County FRCL-2024-4895 (Exhibit I). Both documents describe the same May 31, 2019 loan; each names a different holder. Romspen has never explained how the loan moved from Romspen to RIC (LaVernia) and back, or to whom it belongs now.

18. Romspen's affiliated entities also appear in the chain. A settlement Romspen signed with Vargo on November 21, 2025 attached a form of judgment whose signature block identified Romspen's counsel as "ATTORNEYS FOR PLAINTIFF RIC (LAVERNIA) LLC." Settlement Agreement Ex. II.4 (Exhibit J).

## IV. ROMSPEN MUST SHOW ITS AUTHORITY FOR EVERY FILING SINCE FEBRUARY 6, 2024

19. Romspen itself told this Court that "[c]ourts have undoubted power to require counsel before them to demonstrate their authority," and that "[a] party to a suit may by timely motion dispute the authority of the opposing attorney to act for the party in whose name he is proceeding." ECF No. 1024 at 2–3 (quoting *Listoken Tr. v. JVL Glob. Energy, L.P.*, No. MO-09-CA-056-H, 2010 U.S. Dist. LEXIS 161221, at *5 (W.D. Tex. June 2, 2010)). Choudhri invokes that same power now. Every filing below was made in Romspen's name after the date Romspen's own proof of claim identifies RIC (LaVernia) as "Romspen's assignee":

| **Date** | **Filing** | **What Romspen asserted** |
|---|---|---|
| Feb. 14, 2024 | ECF No. 5 — motion for relief from stay | Relief as lienholder on the Property |
| Feb. 16, 2024 | Claim No. 1-1 | $33,215,553.94 owed to Romspen |
| July 12, 2024 | Claim No. 1-2 (amended) | Debt "due and owing to Romspen," while calling RIC (LaVernia) "Romspen's assignee" |
| July 25, 2025 | ECF Nos. 837, 838, 839, 840 | "[S]enior secured lienholder"; authority over GLNH, BDFI, Jetall and Choudhri |
| Nov. 24, 2025 | ECF No. 1024 | Opposition to reconsideration of ECF No. 996 |
| Dec. 4, 2025 | ECF No. 1026 | Transfer of "its" claim to RIC (West Loop) LLC |
| Dec. 19, 2025; Oct. 7, 2026 | Motion for Entry of Stipulated Judgment and proposed Final Judgment, No. 2023-84714 (333rd Dist. Ct.) (Exhibit A) | $42,371,306.88 against Choudhri and GLNH, "stipulated" by Vargo; recites Vargo "has been found by two United States Bankruptcy Judges to have the exclusive authority" to represent Choudhri, citing ECF No. 996. In his sworn Report of March 3, 2026 to the 333rd District Court, Vargo listed the $225,000 Romspen paid him under the settlement as received "as authorized by Judge Michael Parker" (RIC (Lavernia), No. 24-51195) and "as authorized by Judge Christopher Bradley" (this case, No. 24-10119)—Judge Bradley being the judge who entered ECF No. 996 while sitting in for Judge Robinson. The settlement itself says Vargo's authority is "subject only to approval by the bankruptcy court . . . to wit: 1001 WL." No Rule 9019 motion was ever filed in this case; no order approves it. |
| 2024–2025 | Objections to the Debtor's disclosure | Standing as a creditor and lienholder |

| | | |
|---|---|---|
| | statement and plans (ECF Nos. 162, 289), responses to the Debtor's motions (ECF Nos. 336, 533), and every other filing in Romspen's name since February 6, 2024tay-related filings] | |

20. Choudhri asks the Court to require Romspen to show, for each filing, that on its date Romspen owned the Note, the deed of trust, and the claim it asserted, or was authorized by their owner to act. Romspen's counsel has already testified that "TIG Romspen assigned its interest to RIC (Lavernia)" in an "assignment from one affiliate to another," and declined to say what was assigned, for what, or who holds the debt. Hirsch Dep. 60:11–24, 61:8–16, 86:7–9, 118:13–21. If Romspen cannot make that showing, each filing should be struck and each order entered on it vacated.

**V. ARGUMENT**

*A. A movant must hold the interest on which it seeks relief.*

21. A party seeking relief in a bankruptcy case must be a party in interest with a legally protected stake in the matter, and a creditor that has transferred its claim no longer has one. Once a claim is transferred, the transferee is substituted for the transferor. Fed. R. Bankr. P. 3001(e). Romspen's motions rested entirely on its status as "senior secured lienholder." If it did not hold that lien when it moved, it had no stake in who directed Galleria Loop Note Holder, BDFI, Jetall, or Choudhri.

22. Romspen's stake here was narrower still. Because the Debtor owed it no personal obligation, Romspen's only interest was in rem: its lien on the Property. Once the Property was foreclosed and Romspen transferred its claim, nothing connected Romspen to this estate. And none of ECF Nos. 837–840 concerned the Property. Each asked the Court to decide who controls non-

debtor entities and Choudhri individually, matters in which a lienholder on the Debtor's real estate had no legally protected interest of its own.

*B. Rule 60(b)(3): Romspen's status was misrepresented.*

23. Relief is available for "misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). By its own amended proof of claim, RIC (LaVernia) was "Romspen's assignee" as of February 6, 2024, and by its own counsel's foreclosure deed, the May 31, 2019 loan was "currently held by" RIC (LaVernia), LLC as of its recording on March 26, 2024, sixteen months before Romspen filed ECF Nos. 837–840 describing itself as "senior secured lienholder." Romspen did not disclose that, and Choudhri had no opportunity to test it. This motion is filed within one year of ECF No. 996. Fed. R. Civ. P. 60(c)(1).

*C. Rule 60(b)(2): the transfer is new evidence.*

24. The transfer notice was filed after ECF No. 996 and could not have been presented before it. Fed. R. Civ. P. 60(b)(2). It bears directly on whether Romspen could seek the relief it obtained.

*D. Rule 60(b)(5) and (6): Romspen has no remaining stake, yet the orders it obtained are being enforced in its favor.*

25. Whatever Romspen held in July 2025, it has held nothing in this case since December 4, 2025. Yet it is using ECF No. 996 now, in a state-court proposed judgment for more than $42 million against Choudhri personally. It is no longer equitable that orders obtained by a creditor that has transferred its claim continue to operate for that creditor's benefit. Fed. R. Civ. P. 60(b)(5), (6).

*E. Rule 60(b)(4).*

26. To the extent Romspen lacked any personal stake when it moved, there was no case or controversy between Romspen and the parties whose authority it challenged, and the orders entered on its motions are void.

## VI. REQUEST FOR AN EVIDENTIARY HEARING AND PRODUCTION

27. The facts that decide this motion are in Romspen's possession. Choudhri asks the Court to set an evidentiary hearing and to direct Romspen to file, before it, the documents establishing its ownership of the Note, deed of trust, guaranty, and claim from July 25, 2025 to the present, including every assignment, participation, or transfer to RIC (West Loop) LLC, RIC (LaVernia), LLC, or any other person, and the consideration paid.

28. Romspen's filings in this case cannot all be true. Its sworn proof of claim calls RIC (LaVernia) "Romspen's assignee" while claiming the debt as its own; its counsel's deeds name different holders of the same note; and it moved as "senior secured lienholder" after its counsel testified that "TIG Romspen assigned its interest to RIC (Lavernia)." Choudhri asks that, after the evidentiary hearing, the Court on its own initiative under Bankruptcy Rule 9011(c)(3) and its inherent authority order Romspen, and its counsel to the extent the evidence warrants, to show cause why sanctions should not issue.

## TIMELINESS: WHY NEITHER RULE 60(c) NOR LACHES BARS THIS MOTION

A. The one-year limit is met where it applies. ECF No. 996 was entered on October 20, 2025 and ECF No. 1042 on January 23, 2026. This motion is filed within one year of both, so Rule 60(b)(3) is available as to them without any need for tolling. Fed. R. Civ. P. 60(c)(1).

B. The orders older than a year are void, and void orders have no clock. The 2024 stay-relief orders (ECF Nos. 151, 206, 359, 463) were obtained by a party that, on its own documents, had assigned the note and lien before it filed. A party with no interest in the claim has no standing to seek relief from the stay on it, and an order granting relief to a stranger is void under Rule 60(b)(4). A motion under Rule 60(b)(4) is not subject to the one-year limit, and in this Circuit a void

judgment may be attacked at any time; the "reasonable time" requirement does not apply to it. Carter v. Fenner, 136 F.3d 1000, 1006 (5th Cir. 1998). Independently, a proof of claim filed by one who is not the creditor is a fraud on the court within Rule 60(d)(3), which has no time limit at all.

C. Reasonable time is measured by diligence, and Choudhri has been diligent. The deed and the certificate of formation were public, but they did not disclose what Romspen's counsel admitted at his deposition on July 31, 2025: that Romspen made "an assignment from one affiliate to another" around the time of the sale, and that Romspen cannot say what was assigned or who holds the debt. Exhibit H. That testimony came less than three months before ECF No. 996 was entered, and Choudhri raised Romspen's authority at once: he moved to reconsider ECF No. 996 at ECF No. 1007 within weeks of its entry, Romspen opposed (ECF No. 1024), and the motion was denied on January 23, 2026. Romspen then transferred "its" claim to RIC (West Loop) (ECF No. 1026), and Romspen's corporate representative testified that it was Romspen that deducted the credit bid from the claim (Exhibit E). This motion follows those events. Rule 60(b)(3) and (6) ask whether the movant acted within a reasonable time in light of what he knew and what he did; a movant who challenged the order within weeks, lost on reconsideration, and returned with his adversary's own testimony has not slept.

D. Standing can be raised at any time, and a claim can be reconsidered for cause at any time. Whether a party had standing to invoke the Court's process is not waived by delay. A proof of claim may be reconsidered "for cause" at any time before the case is closed, 11 U.S.C. § 502(j), and Rule 3007 sets no deadline for an objection in a Chapter 7 case before distribution. The relief requested as to Claim Nos. 1-1 and 1-2 is timely on that basis alone.

E. Romspen is still acting, so laches cannot run. Laches protects a party that has rested on a settled position; it does not protect one that keeps filing. Romspen transferred "its" claim to RIC (West Loop) on December 4, 2025; it opposed reconsideration on November 24, 2025; it re-

submitted the $42 million judgment on October 7, 2026; its assignee objected in this case on October 14, 2026. Each is a fresh act on the same claimed authority, and each is within the year.

F. Choudhri did not sit on his rights, and Romspen is not prejudiced. Choudhri moved to reconsider ECF No. 996 at ECF No. 1007 within weeks of its entry; Romspen opposed and the motion was denied on January 23, 2026; Choudhri's counsel then withdrew and he has proceeded pro se. Romspen identifies no evidence lost, no witness gone, and no position changed in reliance on delay; the only thing that has changed is that Romspen's own witnesses have now testified. And laches is an equitable defense unavailable to a party with unclean hands: a claimant that filed a false proof of claim cannot invoke equity to keep the orders it obtained on it.

G. The misrepresentations are being compounded now, not in 2024. The orders Romspen obtained on its filings are the orders Vargo now uses, and what he has done with them in the past seven months is new. On March 3, 2026, he swore to the receivership court that the Romspen settlement was "authorized by Judge Michael Parker" and "authorized by Judge Christopher Bradley"; on April 15, 2026 he told that court it followed "Bankruptcy Court approval in the RICL Bankruptcy." Neither statement was true, and this Court was never asked. On July 14, 2026 he told the Northern District of Texas that the Authority Orders "determined" his exclusive authority over Choudhri's companies. On August 19, 2026 his associate told the Harris County taxing authorities that Vargo is Choudhri's "Court-Appointed Attorney." On September 23, 2026, under oath, shown paragraph 8 of his own orders excluding Choudhri's LLC interests, he answered "That's what it says here," and asked whether he had approved his counsel's argument that three judges had put him in charge of the Choudhri LLCs, said, "I didn't say that." And on October 7, 2026 Romspen re-submitted the $42 million judgment on his stipulation. A party cannot obtain an order by misrepresentation, spend the following year telling other courts the order says what it does not, and then plead that the challenge comes too late. Each of those acts is within the year, each relies on ECF No. 996, and each is a reason the Court should look at how ECF No. 996 was obtained.

## VII. RELIEF REQUESTED

Choudhri asks the Court to (1) order Romspen to show, by a date certain and at an evidentiary hearing, its authority to have made each filing listed in Part IV, and to produce the documents described in Part VI; (2) absent that showing, strike each such filing for lack of standing; (3) vacate ECF No. 996 to the extent it granted ECF Nos. 837, 838, 839, and 840, and vacate each other order entered on a stricken filing, including the order granting relief on ECF No. 5; (4) disallow Claim Nos. 1-1 and 1-2 under 11 U.S.C. § 502(b)(1) as filed by a party that was not the creditor, strike them as false under Rule 9011, and require disgorgement of any distribution made on them; (5) in the alternative, declare that no order entered on a Romspen filing may be relied on by or for the benefit of Romspen or its assignee; (6) after the hearing, order Romspen and, as the evidence warrants, its counsel to show cause why sanctions should not issue under Rule 9011(c) and the Court's inherent authority, and refer the proofs of claim to the United States Trustee and the United States Attorney under 18 U.S.C. § 3057 for such action as they consider appropriate; and (7) grant such other relief as is just.

Dated: October ~~14~~ 19, 2026

Respectfully submitted,

/s/ Ali Choudhri ______________________________

Ali Choudhri, pro se

4521 San Felipe, Unit 3201, Houston, Texas 77027

(281) 630-6627 | ali@jetallcapital.com

PRO SE

## CERTIFICATE OF CONFERENCE

On October 14, 2026, Choudhri emailed counsel for TIG Romspen US Master Mortgage LP and RIC (West Loop) LLC (Kyle S. Hirsch), the Chapter 7 Trustee, John Patrick Lowe (pat.lowe.law@gmail.com), and his counsel, Brian T. Cumings (bcumings@gdhm.com), Graves Dougherty Hearon & Moody, P.C., 401 Congress Avenue, Suite 2700, Austin, Texas 78701; and counsel for Travis B. Vargo (Leslie M. Luttrell) asking whether they oppose this motion. No agreement was reached, and the motion is presented as opposed.

/s/ Ali Choudhri ______________________________

**CERTIFICATE OF SERVICE**

I certify that on October ~~14~~ 19, 2026, this motion with its exhibits was served by email and by first-class United States mail on Kyle S. Hirsch and Justin D. Hanna, Bryan Cave Leighton Paisner LLP, 2200 Ross Avenue, Suite 4200W, Dallas, Texas 75201, counsel for TIG Romspen US Master Mortgage LP and RIC (West Loop) LLC; Lynn Hamilton Butler, Husch Blackwell LLP, counsel for TIG Romspen US Master Mortgage LP; Leslie M. Luttrell, Luttrell + Carmody Law Group, 100 N.E. Loop 410, Suite 615, San Antonio, Texas 78216, counsel for Travis B. Vargo; the Chapter 7 Trustee, John Patrick Lowe (pat.lowe.law@gmail.com), and his counsel, Brian T. Cumings (bcumings@gdhm.com), Graves Dougherty Hearon & Moody, P.C., 401 Congress Avenue, Suite 2700, Austin, Texas 78701; and the Office of the United States Trustee, 903 San Jacinto Blvd., Room 230, Austin, Texas 78701.

/s/ Ali Choudhri ______________________________

**EXHIBIT INDEX**

Exhibit A Revised proposed Final Judgment, TIG Romspen v. Galleria Loop Note Holder, LLC, No. 2023-84714 (Oct. 7, 2026)

Exhibit B Substitute Trustee's Deed and Bill of Sale, Wilson County Instrument No. 2024-141143 (Mar. 22, 2024)

Exhibit C Romspen Amended Proof of Claim No. 1-2 (July 12, 2024)

Exhibit D Certificate of Formation, RIC (Lavernia) LLC, Tex. Sec'y of State Filing No. 805430834

Exhibit E Deposition of Wesley Roitman, excerpts

Exhibit F Emails between Kyle Hirsch and Choudhri (Feb. 6, 2024)

Exhibit G Video of the February 6, 2024 La Vernia foreclosure sale: transcript and stills, with declaration

Exhibit H Deposition of Kyle S. Hirsch (July 31, 2025), excerpts

Exhibit I Notice of Substitute Trustee's Sale, Harris County FRCL-2024-4895 (Sept. 10, 2024), with records affidavit

Exhibit J Settlement Agreement between TIG Romspen and Vargo (Nov. 21, 2025), with Ex. II.4