# EXHIBIT A

Revised proposed Final Judgment, TIG Romspen v. Galleria Loop Note Holder, LLC, No. 2023-84714 (Oct. 7, 2026)

*TEXT OF DOCUMENT AS SERVED OCT. 7, 2026, 2:28 P.M. (E-FILING ENVELOPE NO. 120894748). Typed from the served copy; the original PDF has not been downloaded. Yellow = key language. Download the original from the e-service link (active 45 days) before relying on page numbers.*

**CAUSE NO. 2023-84714**

| | | |
|---|---|---|
| TIG ROMSPEN US MASTER MORTGAGE LP, Plaintiff, | § | IN THE DISTRICT COURT |
| v. | § | |
| GALLERIA LOOP NOTE HOLDER, LLC; | § | 333d JUDICIAL DISTRICT |
| and ALI CHOUDHRI, an individual, | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

**FINAL JUDGMENT**[1]

Plaintiff TIG Romspen US Master Mortgage LP ("Plaintiff") presents the following Judgement for entry which is unopposed by Travis Vargo as state court-appointed receiver ("Receiver") on behalf of Defendants Galleria Loop Note Holder, LLC ("GLNH") and Ali Choudhri, an individual ("Choudhri" and, together with GLNH, "Defendants").

The Court hereby finds as follows:

A. As of May 31, 2019, Plaintiff and GLNH entered into a loan transaction (the "Loan") evidenced by, among other things: (i) that certain Loan Agreement (the "Loan Agreement") and (ii) that certain Promissory Note, as amended by that Amended and Restated Promissory Note (together, the "Note") in the original principal amount of $25,678,501.32. Plaintiff is the current holder of the Note.

B. GLNH's payment and performance obligations are secured by, among other things, certain real property, related personal property, and improvements thereon located at 1001 West Loop South, Houston, Texas, 77027 (the "Property"), as more fully described in, among other things: (i) that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated September 4, 2019, and recorded on September 5, 2019, in the Official Records of Harris County, Texas at Document Number RP-2019-392981 (the "Deed of Trust"); and (ii) that certain Assignment of Leases and Rents dated September 4, 2019, and recorded on September 5, 2019, in the Official Records of Harris County, Texas at Document Number RP-2019-393175 (the "Assignment of Rents").

C. Under the Loan Agreement, GLNH's failure to pay or perform as agreed constitutes a default, and if, after notice and an opportunity to cure, the failure continues, such failure constitutes an Event of Default.

D. Upon the occurrence of an Event of Default, Plaintiff is entitled to, among other things, (i) accelerate the maturity of the Note (if not already matured), (ii) demand immediate payment thereof plus interest at the default rate that is 5.0% higher than the non-default rate, (iii) demand all rents (and proceeds thereof) and books and records relating to the operation of the Property, and (iv) recover all attorneys' fees and costs incurred in connection with collecting on the unpaid outstanding balance owed by GLNH.

E. Choudhri personally guaranteed GLNH's Loan repayment and performance obligations as set forth in that certain Guaranty agreement dated as of May 31, 2019, executed by Choudhri in favor of Plaintiff (the "Guaranty").

F. Under the Guaranty, Choudhri absolutely, unconditionally, and irrevocably guaranteed to Plaintiff, as primary obligor and not merely as surety, the due, prompt, and full payment and performance of all liabilities, obligations, or undertakings owing by GLNH to Plaintiff of any kind or description arising out of or outstanding under, advanced or issued pursuant to, or evidenced by the Loan Agreement or other Loan documents or in any other agreement between GLNH and Plaintiff.

G. Among other things, Choudhri unconditionally agreed: (i) to pay to Plaintiff the full amount of the Loan as and when the same became due and payable under the Loan documents and (ii) to repay all attorneys' fees and costs incurred by Plaintiff in connection with enforcing the Guaranty and/or any Loan document.

H. GLNH defaulted under the Loan in numerous ways, including but not limited to: failing to repay the outstanding balance of the Note when it matured on May 31, 2020; failing to pay property taxes when due, resulting in the filing of third party tax liens; permitting additional liens to be placed against the Property; and failing to cure the same within the applicable cure period (the "Maturity Date Defaults"). As a result of the Maturity Date Defaults, Plaintiff has the lawful right to enforce its rights and remedies.

I. Plaintiff, through its legal counsel, provided written notice to Defendants and numerous opportunities to cure their defaults. Despite such notice and opportunity to cure, Defendants failed to cure.

J. Plaintiff, through its legal counsel, demanded as of no later than October 13, 2023, immediate repayment of the outstanding Loan and Guaranty obligations. Defendants failed and/or refused to pay as demanded by Plaintiff.

K. GLNH's failure to pay and perform as agreed under the Loan Agreement, the Note, the Deed of Trust, the Assignment of Rents, and other documents evidencing and relating to the Loan constitutes a breach by GLNH of its contracts with Plaintiff.

L. Choudhri's failure to pay and perform as agreed under the Guaranty constitutes a breach by Choudhri of his contract with Plaintiff.

M. On December 8, 2023, Plaintiff initiated this suit against Defendants to, among other things, recover on the unpaid Loan.

N. As of June 16, 2025, the following amounts remain unpaid, due and owing:

| | |
|---|---|
| Outstanding unpaid principal: | $20,464,692.94 |
| Property tax advances: | $494,020.22 |
| Outstanding unpaid interest at the non-default rate of 10.25%: | $10,354,024.02 |
| Outstanding unpaid interest at the additional 5.0% default rate: | $8,020,864.77 |
| Fees and other Loan Agreement charges: | $1,107,376.54 |
| Attorney's fees and other expenses incurred: | $1,903,328.39 |
| **TOTAL:** | **$42,371,306.88** |

O. Interest accrues on the outstanding unpaid balance at the default rate of 15.25% in the per diem amount of $16,612.89.

P. Plaintiff has been damaged as a result of Defendants' breaches in the amount calculated in Paragraph N together with interest thereon at the rate set forth in Paragraph O.

Q. Travis Vargo has been found by two United States Bankruptcy Judges to have the exclusive authority to represent the interests of Choudhri and entities controlled by Choudhri; one of those judges expressly affirmed Mr. Vargo's exclusive authority to represent the interests of GLNH. See "Order Granting the Receiver's Motion to Show Authority," In re RIC (Lavernia) LLC, Case No. 24-51195, United States Bankruptcy Court, W.D. Tex., ECF No. 304, p. 6 (October 17, 2025) (Parker, J.) ("The Receiver's authority to manage and operate Mr. Choudhri's business – to manage and operate where Mr. Choudhri has the right to manage and operate – includes the authority to litigate claims."); "Order Regarding Motions to Show Authority [ECF Nos. 837, 838, 839, 840, 970]," In re 1001 WL, LLC, Case No. 24-10119, United States Bankruptcy Court, W.D. Tex., ECF No. 996, p. 9 (October 20, 2025) (Bradley, J.) ("The Amended Orders are clear: The Receiver has the exclusive power to litigate on behalf of Mr. Choudhri and on behalf of BDFI, LLC, Galleria Loop Note Holder, LLC, and Jetall Capital LLC.").

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiff TIG Romspen US Master Mortgage LP shall have and recover of and from Defendants Galleria Loop Note Holder, LLC and Ali Choudhri, jointly and severally, the following sums:

1. Actual damages in the amount of $42,371,306.88 due to Defendants' breaches of their contractual obligations owed, plus interest at the daily rate of $16,612.89 from June 16, 2025, through the date of entry of Judgment; and

2. Post-Judgment interest at the rate of 15.25% per annum.

The foregoing amounts shall be reduced by any recovery by Plaintiff from any other collateral securing Defendants' payment and performance obligations in accordance with applicable law. However, nothing in this Judgment constitutes an order or direction that Plaintiff marshal assets towards recovery of the judgment amount; rather, Plaintiff may pursue recovery from any and all available sources in any order or manner not inconsistent with applicable law, in Plaintiff's sole and absolute discretion.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Judgment is final and that Plaintiff TIG Romspen US Master Mortgage LP is allowed such writs and processes as may be necessary in the enforcement and collection of this Judgment.

This Judgment disposes of all claims and all parties, and is therefore a final judgment that is appealable immediately upon entry.

SIGNED this ____ day of __________, 20____. ______________________ JUDGE PRESIDING

Prepared by: BRYAN CAVE LEIGHTON PAISNER LLP, /s/ Kyle S. Hirsch; Vernon Lewis — ATTORNEYS FOR PLAINTIFF TIG ROMSPEN US MASTER MORTGAGE LP

Agreed as to form only by: LUTTRELL + CARMODY LAW GROUP, /s/ Leslie M. Luttrell — COUNSEL FOR TRAVIS VARGO, AS RECEIVER

[1] Updated version 10.5.2026

*TEXT OF COVER NOTICE AS SERVED OCT. 7, 2026 (same envelope).*

**CAUSE NO. 2023-84714 — 333rd JUDICIAL DISTRICT, HARRIS COUNTY, TEXAS**

**NOTICE OF FILING REVISED FORM OF PROPOSED JUDGMENT**

Plaintiff TIG Romspen US Master Mortgage LP hereby gives notice of filing the revised form of proposed judgment that is attached hereto as Exhibit A. [No relief requested; no hearing or submission date; no certificate of conference.]

Respectfully submitted, BRYAN CAVE LEIGHTON PAISNER LLP, /s/ Vernon Lewis; Kyle S. Hirsch — ATTORNEYS FOR TIG ROMSPEN US MASTER MORTGAGE LP

CERTIFICATE OF SERVICE: I hereby certify that on October 7, 2026, a true and correct copy of the foregoing was served by email to all counsel of record pursuant to Texas Rule of Civil Procedure 21a. /s/ Vernon Lewis

# EXHIBIT B

Substitute Trustee's Deed and Bill of Sale, Wilson County Instrument No. 2024-141143 (Mar. 22, 2024)

29

# SUBSTITUTE TRUSTEE'S DEED AND BILL OF SALE

**STATE OF TEXAS** §
§
**COUNTY OF WILSON** §

| | |
|---|---|
| Date: | March 22, 2024 |
| Borrower: | Galleria Loop Note Holder LLC, a Texas limited liability company |
| Borrower's Address: | 2500 West Loop South, Suite 255, Houston, Texas 77027 |
| Holder: | RIC (LAVERNIA), LLC |
| Holder's Address: | 162 Cumberland Street, Suite 300, Toronto, Ontario M5R 3N5 |
| Substitute Trustees: | Troy Martin, Deborah Martin, Cassie Martin, Alexis Martin, Martha Rossington, Reyn Rossington, Wayne Daughtrey, Shelby Martin, Jennyfer Sakiewicz, and each of them acting alone |
| Substitute Trustees' Address: | c/o Bryan Cave Leighton Paisner LLP, 2200 Ross Avenue, Suite 4200 W, Dallas, Texas 75201 |
| Deed of Trust: | Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing |
| Date: | August 18, 2023 |
| Grantor: | OTISCO RDX, LLC, a Texas limited liability company |
| Lender: | TIG Romspen US Master Mortgage LP, an exempted Cayman Islands limited partnership |
| Trustee: | Randa Barton |
| Secures: | Loan Agreement (as amended, restated, replaced, supplemented, renewed, extended, or otherwise modified from time to time, "Note"), dated May 31, 2019, in the original principal amount of $18,500,000.00, executed by Borrower, payable to the order of Lender and currently held by Holder. |

After recording, return to:
**ServiceLink, ASAP**
4600 Fuller Ave, Suite 400
Irving, TX 75038
4813054



CERTIFIED TO BE A TRUE AND CORRECT COPY
COUNTY COURT ★ WILSON COUNTY TEXAS
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 1 of 30

| | |
|---|---|
| Recording: | Recorded on August 22, 2023, as Document Number 135641 of the Official Public Records of Wilson County, Texas, Receipt No. 20230822000016. |
| Property: | All real property, improvements and personal property described as collateral in the Deed of Trust (defined above); the legal description of the real property is also, for the sake of convenience only, described in Exhibit A attached hereto and made a part hereof for all purposes; however, the description of the real property, improvements and personal property in the Deed of Trust will control to the extent of any conflict or any deficiency in such description contained in the Notice of Substitute Trustee's Sale filed and posted in connection with the Foreclosure Sale (as defined below) or this Substitute Trustee's Deed and Bill of Sale, it being the intent that the Foreclosure Sale cover all property, real, personal, tangible and intangible, which constitutes collateral under, and described in, the Deed of Trust. |
| Foreclosure Sale | |
| Date of Sale: | Tuesday, February 6, 2024 |
| Time of Sale: | 12:00 p.m. local time (that being within three hours of the earliest time of the sale of the Property at the public sale (the "Foreclosure Sale" as stated in the Notice of Substitute Trustee's Sale. |
| Place of Sale: | At the most north-easterly door of the Wilson County Courthouse, being the courthouse door facing the office of the Wilson County Tax Assessor-Collector, in Floresville, Wilson County, Texas, 2 Library Lane, or if the preceding area is no longer the designated area, at the area most recently designated by the County Commissioner's Court. |
| Grantee: | RIC (LAVERNIA), LLC |
| Grantee's Mailing Address: | 162 Cumberland Street, Suite 300<br>Toronto, Ontario M5R 3N5<br>CANADA |

CERTIFIED TO BE A TRUE AND CORRECT COPY
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 2 of 30

Purchase Price: $100,000 (which payment, in accordance with applicable law and the terms of the Deed of Trust, was made by crediting the Purchase Price against amounts due on or with respect to the indebtedness secured by the Deed of Trust, including the Note)

Grantor conveyed to Trustee the Property for the purposes of securing and enforcing payment of, among other things, the Note.

Holder is the owner and holder of the Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing encumbering the Property.

Borrower defaulted under the terms of the Note, and the maturity of the entire principal balance of the Note either had come due by the express terms of the Note or had been accelerated by Lender in accordance with the terms thereof, and the same remains due and payable as of the date hereof.

Lender appointed Substitute Trustees, and each of them acting alone, under the circumstances and in the manner set forth in the Deed of Trust. Lender instructed Substitute Trustees, and each of them acting alone, as authorized by and provided in the Deed of Trust, to enforce the trust due to the occurrence of the foregoing events and sell the Property at the Foreclosure Sale.

As evidenced by executed affidavits held in Lender's file, at the request of Lender, Substitute Trustees (i) filed, or caused to be filed, written notice ("Notice") of the earliest time, place and terms of the Foreclosure Sale with the county clerk of Wilson County, Texas, and (ii) posted, or caused to be posted, the Notice at the location in Wilson County, Texas designated for such notices by the Wilson County Tax Assessor-Collector, in Floresville, Wilson County, Texas, the county in which the Property is situated. In addition, also as evidenced by executed affidavits held in Lender's file, counsel to Lender served, or caused to be served, the Notice by certified mail, return receipt requested, on each debtor obligated to pay the Note according to the records of Lender and as required by law.

All prerequisites required by law, the Deed of Trust and/or other documents creating, evidencing, describing or securing the Note have been duly satisfied by Lender and by Trustee.

The Foreclosure Sale was held by the undersigned pursuant to the terms of the Deed of Trust and in accordance with the laws of the State of Texas on the Date of Sale, Time of Sale and at the Place of Sale. The Foreclosure Sale commenced at the Time of Sale and was concluded by 4:00 p.m. on the Date of Sale.

Grantee, having been assigned all of Lender's right, title and beneficial interest in and to the Deed of Trust by and through that certain Assignment Of Beneficial Interest Under Deed Of Trust with an effective date of February 5, 2024, being the highest bidder at the Foreclosure Sale, did purchase the Property for the Purchase Price.

The undersigned Trustee, in consideration of the foregoing and of the payment of the Purchase Price, by the authority conferred on the undersigned Trustee by the Deed of Trust, GRANTS, SELLS and CONVEYS to Grantee, its legal representatives, successors and assigns,



CERTIFIED TO BE A TRUE AND CORRECT COPY
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 3 of 30

the Property, together with, all and singular, the rights, privileges, and appurtenances thereto, subject, subordinate and inferior to any senior encumbrances and other exceptions to conveyance and warranty in the Deed of Trust (the "Permitted Exceptions").

TO HAVE AND TO HOLD the Property, together with the rights, privileges and appurtenances thereto, subject, subordinate and inferior to the Permitted Exceptions, to Grantee, its legal representatives, successors and assigns, forever. Substitute Trustee binds Borrower and Borrower's legal representatives, successors and assigns to warrant and defend the Property to Grantee, its legal representatives, successors and assigns forever, against the claims or claims of all persons claiming or to claim the same or any part thereof, except as to the Permitted Exceptions. Substitute Trustee has not made, and does not make, any representation, express or implied, with respect to the personal property and the personal property is sold to Buyer "as is, where is, and with all faults." There is no warranty relating to title, possession, quiet enjoyment, or the like in this disposition of personal property.

Cassie Martin

Cassie Martin, Substitute Trustee

CERTIFIED TO BE A TRUE AND CORRECT COPY

COUNTY COURT WILSON COUNTY, TEXAS

GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 4 of 30

STATE OF TEXAS §
§
COUNTY OF Comal §

This instrument was acknowledged before me on this 22nd day of March, 2024, by Cassie Martin, as Substitute Trustee.

[SEAL]

MEGAN JONES
Notary Public
State of Texas
ID # 12600385-8
My Comm. Expires 03/28/2027

My Commission Expires:
3/28/2027

Notary Public, State of Texas

Megan Jones
Printed Name of Notary

After recording return to:

Kyle S. Hirsch
c/o Bryan Cave Leighton Paisner LLP
2200 Ross Avenue, Suite 4200 W
Dallas, Texas 75201

CERTIFIED TO BE A TRUE AND CORRECT COPY
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 5 of 30

# EXHIBIT A

## LEGAL DESCRIPTION

Tract 1:
A 24.92 acre tract of land, more or less, situated in the H.&T.C.R.R. Co. Survey No. 39, Abstract 171, and the W.H.L. Jackson Survey No. 40, Abstract 481, Wilson County, Texas, being all of that called 24.91 acre tract described in Deed to the Meadows at Quail Run, Ltd. (Tract 3) recorded in Volume 1211, Page 431 of the Wilson County Official Public Records, said 24.92 acre tract being more particularly described by metes and bounds on Exhibit "A" attached hereto and made a part hereof for all purposes.

LESS AND EXCEPT any portion of the subject property used or dedicated, whether formally or by implication or operation of law, as a road or roadway.

Tract 2:
A 120.18 acre tract of land, more or less, situated in the H.&T.C.R.R. Co. Survey No. 39, Abstract 171 and the W.H.L. Jackson Survey No. 40, Abstract 481, Wilson County, Texas, being all of that called 120.16 acre tract described in Deed to the Meadows at Quail Run, Ltd. (Tract 5) recorded in Volume 1211, Page 431 of the Wilson County Official Public Records, said 120.18 acre tract being more particularly described by metes and bounds on Exhibit "B" attached hereto and made a part hereof for all purposes.

LESS AND EXCEPT any portion of the subject property used or dedicated whether formally or by implication or operation of law, as a road or roadway.

Tract 3A:
A 60.14 acre tract of land, more or less, situated in the H.&T.C.R.R. Co. Survey No. 39, Abstract 171 and the W.H.L. Jackson Survey No. 40, Abstract 481, Wilson County, Texas, being out of that residue of a called 279.69 acre tract described in Deed to the Meadows at Quail Run, Ltd. (Tract 6) recorded in Volume 1211, Page 431 of the Wilson County Official Public Records, said 60.14 acre tract being more particularly described by metes and bounds on Exhibit "C-1" attached hereto and made a part hereof for all purposes.

LESS AND EXCEPT any portion of the subject property used or dedicated whether formally or by implication or operation of law, as a road or roadway.

Tract 3B:
A 0.456 acre tract of land, more or less, situated in the H.&T.C.R.R. Co. Survey No. 39, Abstract 171 and the W.H.L. Jackson Survey No. 40, Abstract 481, Wilson County, Texas, being out of that residue of a called 279.69 acre tract described in Deed to the Meadows at Quail Run, Ltd. (Tract 6) recorded in Volume 1211, Page 431 of the Wilson County Official Public Records, said 0.456 acre tract being more particularly described by metes and bounds on Exhibit "C-2" attached hereto and made a part hereof for all purposes.

Tract 3C:
A 1.924 acre tract of land, more or less, situated in the H.&T.C.R.R.Co. Survey No. 39, Abstract 171 and the W.H.L. Jackson Survey No. 40, Abstract 481, Wilson County, Texas, being out of that residue of a called 279.69 acre tract described in Deed to the Meadows at Quail Run, Ltd. (Tract 6) recorded in Volume 1211, Page 431 of the Wilson County Official Public Records, said 1.924 acre tract being more particularly described by metes and bounds on Exhibit "C-3" attached hereto and made a part hereof for all purposes.

Tract 3D:
A 152.88 acre tract of land, more or less, situated in the H.&T.C.R.R. Co. Survey No. 39, Abstract 171 and the W.H.L. Jackson Survey No. 40, Abstract 481, Wilson County, Texas, being out of that residue of a called 279.69 acre tract described in Deed to the Meadows at Quail Run, Ltd. (Tract 6) recorded in Volume 1211, Page 431 of the Wilson County Official Public Records, said 152.88 acre tract being more particularly described by metes and bounds on Exhibit "C-4" attached hereto and made a part hereof for all purposes.

LESS AND EXCEPT any portion of the subject property used or dedicated, whether formally or by implication or operation of law, as a road or roadway.



CERTIFIED TO BE A TRUE AND CORRECT COPY
COUNTY COURT WILSON COUNTY, TEXAS
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 6 of 30

Tract 4:
Lots 244 and 245A, Las Palomas Country Club Estates, Unit 12, as per plat of Las Palomas Country Club Estates, Unit 12 filed of record in Volume 8, Pages 13-16, Plat Records of Wilson County, Texas, as amended by plat filed of record in Volume 9, Pages 42-43, Plat Records of Wilson County, Texas, to any extent modified by partial replatting as per plat of Estates of Quail Run Subidivison, filed of record in Volume 9, Pages 72-74, Plat Records of Wilson County, Texas.

Tract 5:
Lots 18, 19, 21, 22, 23 and 26 through 40, The Meadows at Quail Run, Section 1, as shown on plat of The Meadows at Quail Run, Section 1 of record in Volume 9, Pages 44-47, Plat Records of Wilson County, Texas.

Tract 6:
Lot 13, Lake Valley Estates Subdivision, Unit 35 as per plat of Lake Valley Estates Subdivisiion, Unit 35 of record in Volume 5, Page 29, Plat Records of Wilson County, Texas.

Tract 7:
Lots 1, 2, 10, 11 and 12, Block 1, Lake Valley Estates Subdivision, Unit 36 as per plat of Lake Valley Estates Subdivision, Unit 36 of record in Volume 5, Page 43, Plat Records of Wilson County, Texas.

Tract 8:
Lots 1 through 10, Lake Valley Estates Subdivision, Unit 42 as per plat of Lake Valley Estates Subdivision, Unit 42 of record in Volume 5, Page 44, Plat Records of Wilson County, Texas.

Tract 9:
Lots 2, 3, 5, 9 and 12, Lake Valley Estates Subdivision, Unit 43 as per plat of Lake Valley Estates Subdivision, Unit 43 of record in Volume 5, Page 45, Plat Records of Wilson County, Texas.

Tract 10:
Lot 2, Lake Valley Estates Subdivision, Unit 44 as per plat of Lake Valley Estates Subdivision, Unit 44 of record in Volume 5, Page 28, Plat Records of Wilson County, Texas.

CERTIFIED TO BE A TRUE AND CORRECT COPY

COUNTY COURT WILSON COUNTY, TEXAS

GENEVIEVE MARTINEZ, County Clerk
Wilson County

Page 7 of 30

# EXHIBIT "A"

METES AND BOUNDS DESCRIPTION
TRACT 1
24.92 ACRES IN THE
H. & T. C. R.R. CO. SURVEY NO. 39, ABSTRACT 171 AND W. H. L. JACKSON
SURVEY NO. 40, ABSTRACT 481
WILSON COUNTY, TEXAS

A 24.92-ACRE TRACT OF LAND SITUATED IN THE H. & T. C. R.R. CO. SURVEY NO. 39, ABSTRACT 171 AND W. H. L. JACKSON SURVEY NO. 40, ABSTRACT 481, WILSON COUNTY, TEXAS, BEING ALL OF THAT CALLED 24.91-ACRE TRACT DESCRIBED IN DEED TO THE MEADOWS AT QUAIL RUN, LTD (TRACT 3) RECORDED IN VOLUME 1211, PAGE 431 OF THE WILSON COUNTY OFFICIAL PUBLIC RECORDS, SAID 24.92-ACRE TRACT BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS, (BEARINGS BASED ON THE TEXAS COORDINATE SYSTEM OF 1983, SOUTH CENTRAL ZONE (4204), AS DETERMINED BY GPS MEASUREMENTS):

**COMMENCING** at a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" in the east right-of-way line of Pine Valley Drive (60-foot width, Volume 7, Page 46, Wilson County Plat Records) marking the most northerly northwest corner of a called 44.82-acre tract of land described in a deed to The Meadows at Quail Run, Ltd (Tract 2), recorded in Volume 1211, Page 431 of the Wilson County Official Public Records and the southwest corner of Lot 69 of Las Palomas Country Club Estates, Section 2 recorded in Volume 7, Page 46 of the Wilson County Plat Records;

**THENCE** North 85°02'52" East, 169.35 feet, along the common line of said Tract 2 and said Lot 69 to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" in a northwest line of a called 69.95-acre tract of land described in a deed to National Loan Investors, L. P., (Tract 5) marking the northeast corner of said Tract 2 and the southeast corner of said Lot 69;

**THENCE** North 79°16'55" East, 20.20 feet, over and across said Tract 5 to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking an ell corner of said Tract 5 and the northwest corner of said Tract 3 and the **POINT OF BEGINNING** of the herein described tract of land;

**THENCE** along the common line of said Tract 5 and said Tract 3 as follows;

(1) North 79°07'31" East, 452.99 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking the northeast corner of said Tract 3 and of the herein described tract of land;

(2) South 25°02'54" East, 97.02 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(3) South 24°56'32" East, 833.85 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking the north corner of Lot 113 of said Las Palomas Country Club Estates, Section 2 and a reentrant corner of said Tract 3 and of the herein described tract of land;



CERTIFIED TO BE A TRUE AND CORRECT COPY
COUNTY COURT WILSON COUNTY, TEXAS
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 8 of 30

24.92 Acres
H. & T. C. R.R. Co. Survey No. 39, Abstract 171
and W. H. L. Jackson Survey No. 40, Abstract 481
Wilson County, Texas

(4) THENCE South 65°08'59" West, 147.55 feet along the common line of said Lot 113 and said Tract 3 to a found 1/2-inch iron rod with cap stamped "INTREPID" marking the northeast terminus of Colonial Lane (60-foot width, Volume 7, Page 46 Wilson County Plat Records) and the west corner of said Lot 113;

THENCE along the common line of said Colonial Lane and said Tract 3 as follows:

(5) South 54°55'50" West, 59.52 feet to a 5/8-inch iron rod set with cap stamped "RPLS 5485";

(6) South 07°20'02" West, 33.48 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(7) South 43°00'36" East, 59.42 feet to a 5/8-inch iron rod set with cap stamped "RPLS 5485";

(8) North 89°50'00" East, 32.44 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" (leaning) marking the point of curvature of a curve to the left;

(9) in a southeasterly direction, 48.40 feet, along the arc of said curve to the left, having a radius of 894.25 feet, a central angle of 03°06'03" and a chord which bears South 55°49'15" East, 48.39 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking the point of tangency and the west corner of Lot 114 of said Las Palomas Country Club Estates, Section 2;

THENCE along the common line of said Las Palomas Country Club Estates, Section 2 and said Tract 3 as follows:

(10) South 18°26'02" East, 203.77 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking the south corner of said Lot 114 and the southwest corner of Lot 115 of said Las Palomas Country Club Estates, Section 2;

(11) South 60°37'55" East, 89.45 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking the southeast corner of said Lot 115 and the southwest corner of Lot 116 of said Las Palomas Country Club Estates, Section 2;

(12) South 59°35'52" East, 450.14 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(13) South 66°51'07" East, 244.65 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" in the northwest right-of-way line of Las Palomas Drive (60-foot width, Volume 7, Page 46, Wilson County Plat



CERTIFIED TO BE A TRUE AND CORRECT COPY
COUNTY COURT WILSON COUNTY, TEXAS
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 9 of 30

Records) marking the south corner of Lot 123 of said Las Palomas Country Club Estates, Section 2;

THENCE along the common line of said Las Palomas Drive and said Tract 3 as follows:

(14) South 23°11'33" West, 154.97 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking the southwest terminus of said Las Palomas Drive;

(15) South 66°48'12" East, 60.12 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking the southeast terminus of said Las Palomas Drive and the northwest corner of Lot 124 of said Las Palomas Country Club Estates, Section 2;

THENCE along the common line of said Lot 124 and said Tract 3 as follows:

(16) South 21°57'46" East, 35.34 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking the south corner of said Lot 124;

(17) North 84°59'31" East, 259.93 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking the southeast corner of said Lot 124, and the point of curvature of a non-tangent curve to the left;

THENCE along the common line of said Tract 5 and said Tract 3 as follows:

(18) In a southeasterly direction, 127.23 feet, along the arc of said non-tangent curve to the left, having a radius of 140.86 feet, a central angle of 51°44'53" and a chord which bears South 52°04'00" East, 122.94 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" at the end of said curve;

(19) South 02°43'19" West, 187.84 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(20) South 14°33'56" West, 198.57 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" and being the south corner of the herein described tract of land;

(21) North 66°51'06" West, 813.96 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(22) North 62°01'44" West, 305.83 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking the point of curvature of a curve to the left;

(23) In a southwesterly direction, 107.82 feet, along the arc of said curve to the left, having a radius of 135.82 feet, a central angle of 45°29'11" and a chord which bears South 82°28'47" West, 105.01 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" at the end of said curve;



CERTIFIED TO BE A TRUE AND CORRECT COPY
COUNTY COURT WILSON COUNTY, TEXAS
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 10 of 30

24.92 Acres
H. & T. C. R.R. Co. Survey No. 39, Abstract 171
and W. H. L. Jackson Survey No. 40, Abstract 481
Wilson County, Texas

(24) North 18°28'05" West, 863.57 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(25) North 11°09'17" West, 431.99 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking the point of curvature of a curve to the left;

(26) In a northwesterly direction, 227.34 feet, along the arc of said curve to the left, having a radius of 139.56 feet, a central angle of 93°20'38" and a chord which bears North 55°25'03" West, 203.02 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" at the end of said curve;

(27) North 19°58'55" West, 368.24 feet to the **POINT OF BEGINNING** and containing 24.92 acres (1,085,697 square feet) of land. This description accompanies an Alta/NSPS Land Title Survey, prepared by KM Surveying, LLC and dated this the 3rd day of May, 2022.

CERTIFIED TO BE A TRUE AND CORRECT COPY
COUNTY COURT WILSON COUNTY, TEXAS
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 11 of 30

# EXHIBIT "B"

METES AND BOUNDS DESCRIPTION
TRACT 2
120.18 ACRES IN THE
H. & T. C. R.R. CO. SURVEY NO. 39, ABSTRACT 171 AND W. H. L. JACKSON
SURVEY NO. 40, ABSTRACT 481
WILSON COUNTY, TEXAS

A 120.18-ACRE TRACT OF LAND SITUATED IN THE H. & T. C. R.R. CO. SURVEY NO. 39, ABSTRACT 171 AND W. H. L. JACKSON SURVEY NO. 40, ABSTRACT 481, WILSON COUNTY, TEXAS, BEING ALL OF THAT CALLED 120.16-ACRE TRACT DESCRIBED IN DEED TO THE MEADOWS AT QUAIL RUN, LTD (TRACT 5) RECORDED IN VOLUME 1211, PAGE 431 OF THE WILSON COUNTY OFFICIAL PUBLIC RECORDS, SAID 120.18-ACRE TRACT BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS, (BEARINGS BASED ON THE TEXAS COORDINATE SYSTEM OF 1983, SOUTH CENTRAL ZONE (4204), AS DETERMINED BY GPS MEASUREMENTS):

**COMMENCING** at a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" in the west right-of-way line of Lake Valley Drive (width varies) marking the southerly point of tangency of a curve to the right of Lot 24 of The Meadows of Quail Run Section 1 as recorded in Volume 9, Page 44 of the Wilson County Plat Records;

**THENCE** South 30°45'42" East, 316.64 feet, along the common line of Lots 24 and 25 of said Meadows of Quail Run Section 1 and Lake Valley Drive to a point in the northeast line of said Lot 25;

**THENCE** South 59°14'18" East, 427.11 feet, over and across said Lot 25 and a called 70.47-acre tract of land (Tract 4) described in a deed to National Loan Investors, L.P. to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking a reentrant corner of said Tract 4 and the northeast corner of said Tract 5, a point in the arc of a non-tangent curve to the left and being the **POINT OF BEGINNING** of the herein described tract of land;

**THENCE** along the common line of said Tract 5 and said Tract 4 as follows:

(1) In a southeasterly direction, 21.77 feet, along the arc of said non-tangent curve to the left, having a radius of 172.96 feet, a central angle of 07°12'37" and a chord which bears South 24°41'18" East, 21.76 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" at the end of said curve;

(2) South 27°12'04" East, 879.11 feet to a found 1/2-inch iron rod with cap stamped "NORTHSTAR 4350";

(3) South 17°34'48" East, 834.37 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";



CERTIFIED TO BE A TRUE AND CORRECT COPY
GENEVIEVE MARTINEZ, County Clerk
Wilson County
COUNTY COURT WILSON COUNTY, TEXAS
Page 12 of 30

120.19 Acres
H. & T. C. R.R. Co. Survey No. 39, Abstract 171
and W. H. L. Jackson Survey No. 40, Abstract 481
Wilson County, Texas

(4) North 81°00'17" East, 100.00 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(5) South 63°47'04" East, 356.54 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(6) South 39°39'46" West, 261.83 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(7) South 41°13'31" West, 834.48 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(8) South 65°05'42" West, 352.09 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" in the arc of a curve to the left;

(9) In a southwesterly direction, 352.46 feet, along the arc of said curve to the left, having a radius of 140.01 feet, a central angle of 144°14'04" and a chord which bears South 82°56'39" West, 266.49 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" at the end of said curve;

(10) South 17°17'46" West, 379.48 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(11) South 12°32'07" East, 834.52 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(12) South 06°30'54" West, 367.67 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" in the arc of a curve to the left;

(13) In a southwesterly direction, 332.66 feet, along the arc of said curve to the left, having a radius of 139.55 feet, a central angle of 136°34'53" and a chord which bears South 28°30'30" West, 259.30 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" at the end of said curve;

(14) South 48°12'41" East, 582.61 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(15) South 20°50'51" West, 335.20 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" in the arc of a curve to the left;

(16) In a southwesterly direction, 231.62 feet, along the arc of said curve to the left, having a radius of 139.76 feet, a central angle of 94°57'22" and a chord which bears South 55°14'30" West, 206.01 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" at the end of said curve;

(17) South 15°39'27" West, 244.09 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";



CERTIFIED TO BE A TRUE AND CORRECT COPY
COUNTY COURT WILSON COUNTY, TEXAS
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 13 of 30

(18) South 42°58'23" West, 813.02 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(19) North 69°36'37" West, 372.31 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" in the arc of a curve to the left;

(20) In a northeasterly direction, 44.08 feet, along the arc of said curve to the left, having a radius of 137.66 feet, a central angle of 18°20'48" and a chord which bears North 04°07'13" East, 43.89 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" at the end of said curve;

(21) North 02°08'57" West, 672.01 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(22) North 29°53'19" West, 536.31 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking the south corner of a called 4.81-acre tract of land (Tract 1) described in a deed to National Loan Investors, L.P. recorded in Volume 1594, Page 737 of the Wilson County Official Public Records and the west corner of said Tract 5 and of the herein described tract of land;

(23) THENCE North 60°12'12" East, 100.85 feet, along the common line of said Tract 1 and said Tract 5 to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking a southeast corner of said Tract 1, the west corner of a called 7.64-acre tract of land (Tract 2) described in a deed to National Loan Investors, L.P. recorded in Volume 1594, Page 737 of the Wilson County Official Public Records, and a reentrant corner of said Tract 5 and of the herein described tract of land;

THENCE along the common line of said Tract 5 and said Tract 2 as follows:

(24) South 68°08'43" East, 903.67 feet to a found 5/8-inch iron rod (leaning) and being the south corner of said Tract 2;

(25) North 16°45'01" East, 450.11 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" being the east corner of said Tract 2;

(26) North 78°17'50" West, 903.44 feet to a 5/8-inch iron rod set with cap stamped "RPLS 5485" in the southeast line of said Tract 1 marking the north corner of said Tract 2 and a reentrant corner of said Tract 5 and of the herein described tract of land;

(27) THENCE North 13°11'49" East, 76.37 feet, along the common line of said Tract 1 and said Tract 5 to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking the east corner of said Tract 1, in an interior line of said Tract 4, and a reentrant corner of said Tract 5 and of the herein described tract of land;

THENCE along the common line of said Tract 4 and said Tract 5 as follows:



CERTIFIED TO BE A TRUE AND CORRECT COPY
COUNTY COURT WILSON COUNTY, TEXAS
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 14 of 30

120.18 Acres
H. & T. C. R.R. Co. Survey No. 39, Abstract 171
and W. H. L. Jackson Survey No. 40, Abstract 481
Wilson County, Texas

(28) North 73°43'18" East, 409.80 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(29) North 18°55'44" East, 763.32 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(30) North 14°21'21" West, 834.36 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(31) North 02°46'17" East, 371.26 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" in the arc of a curve to the left;

(32) In a northeasterly direction, 211.68 feet, along the arc of said curve to the left, having a radius of 139.78 feet, a central angle of 86°40'44" and a chord which bears North 48°23'02" East, 192.02 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" at the end of said curve;

(33) North 09°05'09" East, 526.75 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(34) North 13°59'53" West, 834.67 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(35) South 84°36'42" West, 79.96 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(36) North 01°49'36" West, 449.81 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" (bent) in the arc of a curve to the left;

(37) In a northeasterly direction, 69.60 feet, along the arc of said curve to the left, having a radius of 137.53 feet, a central angle of 28°59'25" and a chord which bears North 65°42'44" East, 68.85 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking the point of tangency;

(38) North 43°29'57" East, 655.19 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";



CERTIFIED TO BE A TRUE AND CORRECT COPY
COUNTY COURT WILSON COUNTY, TEXAS
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 15 of 30

120.18 Acres
H. & T. C. R.R. Co. Survey No. 39, Abstract 171
and W. H. L. Jackson Survey No. 40, Abstract 481
Wilson County, Texas

(39) North 68°22'33" East, 360.71 feet to the POINT OF BEGINNING and containing 120.18 acres (5,235,106 square feet) of land. This description accompanies an Alta/NSPS Land Title Survey, prepared by KM Surveying, LLC and dated this the 3rd day of May, 2022.



CERTIFIED TO BE A TRUE AND CORRECT COPY
COUNTY COURT WILSON COUNTY, TEXAS
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 16 of 30

# EXHIBIT "C-1"

METES AND BOUNDS DESCRIPTION
TRACT 3A
60.14 ACRES IN THE
H. & T. C. R.R. CO. SURVEY NO. 39, ABSTRACT 171, W. H. L. JACKSON SURVEY NO. 40, ABSTRACT 481, AND A. JACKSON SURVEY NO. 34, ABSTRACT 482
WILSON COUNTY, TEXAS

A 60.14-ACRE TRACT OF LAND SITUATED IN THE H. & T. C. R.R. CO. SURVEY NO. 39, ABSTRACT 171 AND W. H. L. JACKSON SURVEY NO. 40, ABSTRACT 481, WILSON COUNTY, TEXAS, BEING OUT OF THAT RESIDUE OF A CALLED 279.69-ACRE TRACT DESCRIBED IN DEED TO THE MEADOWS AT QUAIL RUN, LTD (TRACT 6) RECORDED IN VOLUME 1211, PAGE 431 OF THE WILSON COUNTY OFFICIAL PUBLIC RECORDS, SAID 60.14-ACRE TRACT BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS, (BEARINGS BASED ON THE TEXAS COORDINATE SYSTEM OF 1983, SOUTH CENTRAL ZONE (4204), AS DETERMINED BY GPS MEASUREMENTS):

**BEGINNING** at a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" in the south right-of-way line of Lake Valley Drive (width varies) marking the northeast corner of a 5-foot-wide strip of land dedicated for right-of-way widening as shown on the map or plat of The Meadows of Quail Run Section 1 recorded in Volume 9, Page 44 of the Wilson County Plat Records and the northerly northwest corner of the herein described tract of land;

(1) **THENCE** North 66°12'03" East, 120.00 feet, along the common line of said Lake Valley Drive and said residue of a called 279.69-acre tract of land to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" at the northwest corner of a 5-foot-wide strip of land dedicated for right-of-way widening as shown on the map or plat of said Meadows of Quail Run Section 1 and the northerly northeast corner of the herein described tract of land;

**THENCE** along the common line of said Meadows of Quail Run Section 1 and said residue of a called 279.69-acre tract of land as follows:

(2) South 22°00'09" East, 4.93 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(3) South 23°07'26" West, 35.45 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(4) South 21°48'28" East, 94.27 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" in the arc of a curve to the left;

(5) In a southeasterly direction, 145.76 feet, along the arc of said curve to the left, having a radius of 265.04 feet, a central angle of 31°30'51" and a chord which bears South 37°33'54" East, 143.95 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" at the point of tangency;



CERTIFIED TO BE A TRUE AND CORRECT COPY
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 17 of 30

(6) South 53°14'05" East, 109.12 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(7) North 61°25'04" East, 516.81 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(8) North 62°18'13" East, 879.33 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" in the arc of a curve to the left in a northerly southwest line of a called 70.47-acre tract of land (Tract 4) described in a deed to National Loan Investors, L. P. recorded in Volume 1594, Page 737 of the Wilson County Official Public Records marking the southeast corner of lot 19 of said Meadows of Quail Run Section 1 and a reentrant corner of said residue of a called 279.69-acre tract of land and of the herein described tract of land;

THENCE along the common line of said Tract 4 and said residue of a called 279.69-acre tract of land as follows:

(9) In a southeasterly direction, 89.78 feet, along the arc of said curve to the left, having a radius of 143.65 feet, a central angle of 35°48'34" and a chord which bears South 73°39'12" East, 88.33 feet to a found 5/8-inch iron rod at the end of said curve;

(10) South 01°50'06" East, 449.56 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(11) South 03°14'36" West, 834.53 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(12) South 01°37'02" West, 458.08 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" in the arc of a curve to the left;

(13) in a southeasterly direction, 207.93 feet, along the arc of said curve to the left, having a radius of 140.32 feet, a central angle of 84°54'14" and a chord which bears South 36°31'18" East, 189.42 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" at the end of said curve;

(14) South 02°45'41" West, 375.51 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(15) South 84°17'20" West, 79.88 feet to a found 5/8-inch iron rod;

(16) South 02°52'11" West, 834.45 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(17) South 18°25'11" West, 462.20 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" and being the southeast corner of the herein described tract of land;



CERTIFIED TO BE A TRUE AND CORRECT COPY
COUNTY COURT ★ WILSON COUNTY, TEXAS
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 18 of 30

60.14 Acres
H. & T. C. R.R. Co. Survey No. 39, Abstract 171
W. H. L. Jackson Survey No. 40, Abstract 481
A. Jackson Survey No. 34, Abstract 482
Wilson County, Texas

(18) South 67°26'01" West, 250.00 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking the northeast corner of a called 4.81-acre tract of land (Tract 1) described in a deed to National Loan Investors, L.P. recorded in Volume 1594, Page 737 of the Wilson County Official Public Records;

(19) THENCE South 83°28'02" West, 77.35 feet, along the common line of said Tract 1 and of the herein described tract of land to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" in an easterly line of a called 69.95-acre tract of land (Tract 5) described in a deed to National Loan Investors, L.P. recorded in Volume 1594, Page 737 of the Wilson County Official Public Records, and the southwest corner of the herein described tract of land;

THENCE along the common line of said called 69.95-acre tract of land (Tract 5) and the said residue of a called 279.69-acre tract of land and of the herein described tract of land as follows:

(20) North 08°56'44" East, 950.32 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(21) North 08°36'17" West, 834.42 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(22) North 89°59'21" West, 100.00 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(23) North 50°14'17" West, 361.52 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" in the arc of a curve to the left;

(24) In a northwesterly direction, 206.58 feet, along the arc of said curve to the left, having a radius of 138.99 feet, a central angle of 85°08'51" and a chord which bears North 02°17'01" West, 188.07 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" at the end of said curve;

(25) North 33°40'28" West, 183.06 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(26) North 53°18'51" West, 834.92 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking the southeast corner of Lot 10 of said Meadows of Quail Run Section 1;

THENCE along the common line of said Meadows of Quail Run Section 1 and said residue of a called 279.69-acre tract of land as follows:

(27) North 28°00'40" West, 108.19 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";



CERTIFIED TO BE A TRUE AND CORRECT COPY
COUNTY COURT WILSON COUNTY, TEXAS
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 19 of 30

60.14 Acres
H. & T. C. R.R. Co. Survey No. 39, Abstract 171
W. H. L. Jackson Survey No. 40, Abstract 481
A. Jackson Survey No. 34, Abstract 482
Wilson County, Texas

(28) North 21°48'15" West, 77.80 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" at the southwest corner of Lot 11 of said Meadows of Quail Run Section One;

(29) North 55°42'57" East, 247.34 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" in the arc of a non-tangent curve to the right at the southeast corner of said Lot 11;

(30) in a northwesterly direction, 39.47 feet, along the arc of said non-tangent curve to the right, having a radius of 335.00 feet, a central angle of 06°45'02" and a chord which bears North 25°10'46" West, 39.45 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking the point of tangency;

(31) North 21°48'15" West, 94.38 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(32) North 66°48'15" West, 35.36 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking the northeast corner of said Lot 11 and the southeast corner of said 5-foot-wide strip of land dedicated for right-of-way widening as shown on the map or plat of said Meadows of Quail Run Section 1;

(33) **THENCE** North 21°48'15" West, 5.00 feet to the POINT OF BEGINNING and containing 60.14 acres (2,619,822 square feet) of land. This description accompanies an Alta/NSPS Land Title Survey, prepared by KM Surveying, LLC and dated this the 3rd day of May, 2022.



CERTIFIED TO BE A TRUE AND CORRECT COPY
COUNTY COURT WILSON COUNTY, TEXAS
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 20 of 30

# EXHIBIT "C-2"

METES AND BOUNDS DESCRIPTION
TRACT 3B
0.456 ACRE IN THE
W. H. L. JACKSON SURVEY NO. 40, ABSTRACT 481
WILSON COUNTY, TEXAS

A 0.456-ACRE TRACT OF LAND SITUATED IN THE W. H. L. JACKSON SURVEY NO. 40, ABSTRACT 481, WILSON COUNTY, TEXAS, BEING OUT OF THAT RESIDUE OF A CALLED 279.69-ACRE TRACT DESCRIBED IN DEED TO THE MEADOWS AT QUAIL RUN, LTD (TRACT 6) RECORDED IN VOLUME 1211, PAGE 431 OF THE WILSON COUNTY OFFICIAL PUBLIC RECORDS, SAID 0.456-ACRE TRACT BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS, (BEARINGS BASED ON THE TEXAS COORDINATE SYSTEM OF 1983, SOUTH CENTRAL ZONE (4204), AS DETERMINED BY GPS MEASUREMENTS):

**BEGINNING** at a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" in the south right-of-way line of Lake Valley Drive (width varies) marking the northeast corner of a 5-foot-wide strip of land dedicated for right-of-way widening as shown on the map or plat of The Meadows of Quail Run Section 1 recorded in Volume 9, Page 44 of the Wilson County Plat Records and the northerly northwest corner of the herein described tract of land;

(1) **THENCE** North 58°41'18" East, 120.00 feet, along the common line of said Lake Valley Drive and said residue of a called 279.69-acre tract of land to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" at the northwest corner of a 5-foot-wide strip of land dedicated for right-of-way widening as shown on the map or plat of said Meadows of Quail Run Section 1 and the northerly northeast corner of the herein described tract of land;

THENCE along the common line of said Meadows of Quail Run Section 1 and said residue of a called 279.69-acre tract of land as follows:

(2) South 31°26'05" East, 5.03 feet to a found 5/8-inch iron rod with aluminum cap stamped " PRO-TECH" at the northwest corner of Lot 22 of said Meadows of Quail Run Section One;

(3) South 13°41'18" West, 35.30 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(4) South 31°20'38" East, 246.73 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" in a northwest line of a called 70.47-acre tract of land (Tract 4) described in a deed to National Loan Investors, L.P. recorded in Volume 1594, Page 737 of the Wilson County Official Public Records marking the southwest corner of said Lot 22 and the southeast corner of the herein described tract of land;



CERTIFIED TO BE A TRUE AND CORRECT COPY
COUNTY COURT ★ WILSON COUNTY, TEXAS
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 21 of 30

0.456 Acre
W. H. L. Jackson Survey No. 40, Abstract 481
Wilson County, Texas

(5) THENCE South 66°13'58" West, 71.19 feet, along the common line of said Tract 1 and of the herein described tract of land to a 5/8-inch iron rod set with cap stamped "RPLS 5465" marking a southeast corner of Lot 21 of said Meadows of Quail Run Section 1 and the southwest corner of the herein described tract of land;

THENCE along the common line of said Meadows of Quail Run Section 1 and said residue of a called 279.69-acre tract of land as follows:

(6) North 31°17'51" West, 234.95 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(7) North 76°17'51" West, 35.36 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking the northeast corner of said Lot 21;

(8) North 31°17'51" West, 5.00 feet to the POINT OF BEGINNING and containing 0.456 acres (19,863 square feet) of land. This description accompanies an Alta/NSPS Land Title Survey, prepared by KM Surveying, LLC and dated this the 3rd day of May, 2022.



CERTIFIED TO BE A TRUE AND CORRECT COPY
COUNTY COURT WILSON COUNTY, TEXAS
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 22 of 30

# EXHIBIT "C-3"

METES AND BOUNDS DESCRIPTION
TRACT 3C
1.924 ACRES IN THE
W. H. L. JACKSON SURVEY NO. 40, ABSTRACT 481 AND
A. JACKSON SURVEY NO. 34, ABSTRACT 482
WILSON COUNTY, TEXAS

A 1.924-ACRE TRACT OF LAND SITUATED IN THE W. H. L. JACKSON SURVEY NO. 40, ABSTRACT 481 AND A. JACKSON SURVEY NO. 34, ABSTRACT 482, WILSON COUNTY, TEXAS, BEING OUT OF THAT RESIDUE OF A CALLED 279.69-ACRE TRACT DESCRIBED IN DEED TO THE MEADOWS AT QUAIL RUN, LTD (TRACT 6) RECORDED IN VOLUME 1211, PAGE 431 OF THE WILSON COUNTY OFFICIAL PUBLIC RECORDS, SAID 1.924-ACRE TRACT BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS, (BEARINGS BASED ON THE TEXAS COORDINATE SYSTEM OF 1983, SOUTH CENTRAL ZONE (4204), AS DETERMINED BY GPS MEASUREMENTS):

BEGINNING at a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" in the west right-of-way line of Lake Valley Drive (width varies) marking the southeast corner of a 5-foot-wide strip of land dedicated for right-of-way widening as shown on the map or plat of The Meadows of Quail Run Section 1 recorded in Volume 9, Page 44 of the Wilson County Plat Records and the northeast corner of the herein described tract of land;

(1) THENCE South 30°29'55" East, 119.90 feet, along the common line of said Lake Valley Drive and said residue of a called 279.69-acre tract of land to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" at the northeast corner of a 5-foot-wide strip of land dedicated for right-of-way widening as shown on the map or plat of said Meadows of Quail Run Section 1 and the east corner of the herein described tract of land;

THENCE along the common line of said Meadows of Quail Run Section 1 and said residue of a called 279.69-acre tract of land as follows:

(2) South 60°28'12" West, 5.00 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" at the easterly northeast corner of Lot 34 of said Meadows of Quail Run Section One;

(3) North 75°31'48" West, 35.38 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(4) South 59°28'12" West, 60.45 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking a point on curvature of an curve to the left;

(5) In a southwesterly direction, 168.78 feet, along the arc of said curve to the left, having a radius of 2,470.64 feet, a central angle of 03°54'51" and a chord which bears South 57°30'22" West, 168.75 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking the northwest corner of said Lot 34 and a reentrant corner of the herein described tract of land;



CERTIFIED TO BE A TRUE AND CORRECT COPY
COUNTY COURT WILSON COUNTY, TEXAS
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 23 of 30

1.924 Acres
W. H. L. Jackson Survey No. 40, Abstract 481
and A. Jackson Survey No. 34, Abstract 482
Wilson County, Texas

(6) South 30°31'48" East, at 170.27 feet pass a 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking the southwest corner of said Lot 34 and the northwest corner of Lot 35 of said Meadows of Quail Run Section 1, continuing in all for a total distance of 253.80 feet to a 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" in a northeast line of a called 70.47-acre tract of land (Tract 4) described in a deed to National Loan Investors, L. P, recorded in Volume 1594, Page 737 Wilson County Official Public Records being the arc of a curve to the left, same being the northerly southwest corner of said Lot 35 and the southeast corner of the herein described tract of land;

THENCE along the common line of said Tract 4 and said residue of a called 279.69-acre tract of land as follows:

(7) in a southwesterly direction, 112.66 feet, along the arc of said curve to the left, having a radius of 140.47 feet, a central angle of 45°57'05" and a chord which bears South 57°41'35" West, 109.68 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" at the end of said curve;

(8) North 63°48'44" West, 346.14 feet to a 5/8-inch iron rod set with cap stamped "RPLS 5485" marking the point of curvature of a non-tangent curve to the right, the southwest corner of Lot 33 of said Meadows of Quail Run Section One and the west corner of the herein described tract of land;

THENCE along the common line of said Meadows of Quail Run Section 1 and said residue of a called 279.69-acre tract of land as follows:

(9) in a northeasterly direction, 470.91 feet, along the arc of said non-tangent curve to the right, having a radius of 2,536.00 feet, a central angle of 10°38'36" and a chord which bears North 54°08'54" East, 470.23 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" at the end of said curve;

(10) North 59°28'12" East, 80.45 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(11) North 14°53'31" East, 35.40 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" at the easterly southeast corner of said Lot 33;

(12) North 58°48'46" East, 4.86 feet to the **POINT OF BEGINNING** and containing 1.924 acres (83,807 square feet) of land. This description accompanies an Alta/NSPS Land Title Survey, prepared by KM Surveying, LLC and dated this the 3rd day of May, 2022.



CERTIFIED TO BE A TRUE AND CORRECT COPY
COUNTY COURT WILSON COUNTY, TEXAS
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 24 of 30

# EXHIBIT "C-4"

METES AND BOUNDS DESCRIPTION
TRACT 3D
152.88 ACRES IN THE
H. & T. C. R.R. CO. SURVEY NO. 39, ABSTRACT 171, W. H. L. JACKSON SURVEY NO. 40, ABSTRACT 481, A. JACKSON SURVEY NO. 34, ABSTRACT 482, AND B. H. STEPHENS SURVEY, ABSTRACT 505
WILSON COUNTY, TEXAS

A 152.88-ACRE TRACT OF LAND SITUATED IN THE H. & T. C. R.R. CO. SURVEY NO. 39, ABSTRACT 171, W. H. L. JACKSON SURVEY NO. 40, ABSTRACT 481, AND B. H. STEPHENS SURVEY, ABSTRACT 505, WILSON COUNTY, TEXAS, BEING OUT OF THAT RESIDUE OF A CALLED 279.69-ACRE TRACT DESCRIBED IN DEED TO THE MEADOWS AT QUAIL RUN, LTD (TRACT 6) RECORDED IN VOLUME 1211, PAGE 431 OF THE WILSON COUNTY OFFICIAL PUBLIC RECORDS, SAID 152.88-ACRE TRACT BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS, (BEARINGS BASED ON THE TEXAS COORDINATE SYSTEM OF 1983, SOUTH CENTRAL ZONE (4204), AS DETERMINED BY GPS MEASUREMENTS):

BEGINNING at a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" in the north line of a called 131.73-acre tract of land described in a deed to Scott D. & Sharon E. Garrett recorded in Volume 925, Page 506 of the Wilson County Official Public Records marking the southwest corner of Lot 42 of the Meadows of Quail Run Section One recorded in Volume 9, Page 44 of the Wilson County Plat Records and the east corner of said residue of a called 279.69-acre tract of land;

THENCE along the common line of said 131.73-acre tract of land and said residue of a called 279.69-acre tract of land as follows:

(1) South 59°16'57" West, 1,655.99 feet to a 5/8-inch iron rod set with cap stamped "RPLS 6485";

(2) South 59°22'35" West, 378.76 feet to a found 1/2-inch iron rod;

(3) South 48°28'19" West, 95.16 feet to a fence post for corner marking the northwest corner of said called131.73-acre tract of land and a reentrant corner of the herein described tract of land;

(4) South 31°03'56" East, 708.81 to a found 3-inch metal fence post for corner;

(5) South 05°33'39" East, 189.78 feet to a found 1-inch iron pipe marking the northwest corner of a called 960.00-acre tract of land described in a deed to Margaret Chance Evans Rael, et al, recorded in Volume 1541, Page 386 of the Wilson County Official Public Records and the southwest corner of said 131.73-acre tract of land;

THENCE along the common line of said called 960.00-acre tract of land and the said residue of a called 279.69-acre tract of land and of the herein described tract of land as follows:



CERTIFIED TO BE A TRUE AND CORRECT COPY
COUNTY COURT * WILSON COUNTY, TEXAS *
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 25 of 30

152.88 Acres
H. & T. O. R.R. Co. Survey No. 39, Abstract 171
W. H. L. Jackson Survey No. 40, Abstract 481
A. Jackson Survey No. 34, Abstract 482
and B. H. Stephens Survey, Abstract 505
Wilson County, Texas

(6) South 04°46'07" East, 88.20 feet to a found 5/8-inch iron rod with cap stamped "W. DOVE 4143";

(7) South 31°07'27" East, 1,073.20 feet to a found 1/2-inch iron rod marking the northeast corner of a called 317.60-acre tract of land described in a deed to Charles and Mary Meeks recorded in Volume 1788, Page 774 of the Wilson County Official Public Records and the southeast corner of said residue of a called 279.69-acre tract of land and of the herein described tract of land;

(8) THENCE South 59°50'04" West, 3,847.77 feet along the common line of said 317.60-acre tract of land and said residue of a called 279.69-acre tract of land to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking the southeast corner of a called 27.22-acre tract of land described in a deed to Campo Golf Management Company, LLC recorded in Volume 1080, Page 26 of the Wilson County Official Public Records and the southwest corner of said residue of a called 279.69-acre tract of land and of the herein described tract of land;

THENCE along the common line of said called 27.22-acre tract of land and said residue of a called 279.69-acre tract of land as follows:

(9) North 10°35'21" West, 1,042.65 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(10) North 84°04'23" West, 830.86 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking the southeast corner of a called 89.95-acre tract of land (Tract 5) described in a deed to National Loan Investors, L. P. recorded in Volume 1594, Page 737 and being the most westerly corner of the herein described tract of land;

THENCE along the common line of said Tract 5 and said residue of a called 279.69-acre tract of land as follows:

(11) North 05°57'31" East, 459.52 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(12) South 84°07'07" East, 622.03 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(13) North 14°35'16" East, 303.52 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(14) North 02°46'13" East, 188.29 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" in the arc of a curve to the left;



CERTIFIED TO BE A TRUE AND CORRECT COPY
COUNTY COURT WILSON COUNTY, TEXAS
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 26 of 30

162.88 Acres
H. & T. C. R.R. Co. Survey No. 39, Abstract 171
W. H. L. Jackson Survey No. 40, Abstract 481
A. Jackson Survey No. 34, Abstract 482
and B. H. Stephens Survey, Abstract 505
Wilson County, Texas

(15) in a northeasterly direction, 49.47 feet, along the arc of said curve to the left, having a radius of 141.84 feet, a central angle of 19°50'56" and a chord which bears North 83°06'21" East, 49.22 feet to a 5/8-inch iron rod set with cap stamped "RPLS 5485" marking the point of tangency;

(16) North 67°03'57" East, 662.39 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(17) North 14°11'45" East, 214.37 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking the southwest corner of a called 0.93-acre tract of land (Tract 3) described in a deed to National Loan Investors, L. P. recorded in Volume 1594, Page 737;

(18) THENCE South 89°19'04" East, 186.37 feet along the common line of said Tract 3 and said residue of a called 279.69-acre tract of land to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" in a southwest line of a called 70.47-acre tract of land (Tract 4) described in a deed to National Loan Investors, L. P. recorded in Volume 1594, Page 737 marking the southeast corner of said Tract 3;

THENCE along the common line of said Tract 4 and said residue of a called 279.69-acre tract of land as follows:

(19) South 12°37'41" East, 369.03 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(20) South 08°14'34" East, 473.39 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking a point of curvature of a curve to the left;

(21) In a southeasterly direction, 376.31 feet, along the arc of said curve to the left, having a radius of 140.25 feet, a central angle of 153°43'51" and a chord which bears South 81°49'43" East, 273.16 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" at the end of said curve;

(22) South 68°37'11" East, 382.70 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(23) South 38°22'03" East, 100.08 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(24) North 60°11'44" East, 834.41 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(25) North 14°58'30" East, 487.63 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking a point of curvature of a curve to the left;



CERTIFIED TO BE A TRUE AND CORRECT COPY
COUNTY COURT WILSON COUNTY, TEXAS
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 27 of 30

152.88 Acres
H. & T. C. R.R. Co. Survey No. 39, Abstract 171
W. H. L. Jackson Survey No. 40, Abstract 401
A. Jackson Survey No. 34, Abstract 482
and B. H. Stephens Survey, Abstract 505
Wilson County, Texas

(26) In a northwesterly direction, 188.40 feet, along the arc of said curve to the left, having a radius of 139.26 feet, a central angle of 77°30'46" and a chord which bears North 30°42'23" West, 174.35 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" at the end of said curve;

(27) North 20°50'49" East, 325.87 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(28) North 50°22'32" East, 100.16 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(29) North 31°03'54" West, 604.03 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking a point of curvature of a curve to the left;

(30) In a northwesterly direction, 87.29 feet, along the arc of said curve to the left, having a radius of 136.59 feet, a central angle of 36°36'58" and a chord which bears North 57°29'20" West, 85.81 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" at the end of said curve;

(31) North 06°32'22" East, 372.29 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(32) North 86°04'12" East, 79.64 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(33) North 04°41'13" East, 834.64 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(34) North 07°45'05" East, 288.10 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking a point of curvature of a curve to the left;

(35) In a northwesterly direction, 67.40 feet, along the arc of said curve to the left, having a radius of 144.70 feet, a central angle of 26°41'22" and a chord which bears North 02°41'58" West, 66.80 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" at the end of said curve;

(36) North 65°02'37" East, 358.83 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(37) South 40°13'06" East, 79.18 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(38) North 58°27'33" East, 834.57 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";



CERTIFIED TO BE A TRUE AND CORRECT COPY
COUNTY COURT WILSON COUNTY, TEXAS
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 28 of 30

152.88 Acres
H. & T. C. R.R. Co. Survey No. 39, Abstract 171
W. H. L. Jackson Survey No. 40, Abstract 481
A. Jackson Survey No. 34, Abstract 482
and B. H. Stephens Survey, Abstract 505
Wilson County, Texas

(39) North 29°34'17" East, 305.54 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH" marking the west corner of Lot 36 of said Meadows of Quail Run Section One and the north corner of the herein described tract of land;

THENCE along the common line of said residue of a called 279.69-acre tract of land and said Meadows of Quail Run Section One as follows:

(40) South 30°33'05" East, 439.48 feet to a found 5/8-inch iron rod with aluminum cap stamped "PRO-TECH";

(41) South 45°10'35" East, 638.61 feet to the **POINT OF BEGINNING** and containing 152.88 acres (6,659,424 square feet) of land. This description accompanies an Alta/NSPS Land Title Survey, prepared by KM Surveying, LLC and dated this the 3rd day of May, 2022.



CERTIFIED TO BE A TRUE AND CORRECT COPY
COUNTY COURT WILSON COUNTY, TEXAS
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 29 of 30

*VG-1554-2024-141143*

**Wilson County**
**Genevieve Martinez**
**Wilson County Clerk**

**Instrument Number:** 141143

Real Property Recordings

Recorded On: March 26, 2024 04:18 PM

Number of Pages: 30

**" Examined and Charged as Follows: "**

Total Recording: $137.00

STATE OF TEXAS
COUNTY OF WILSON
The above and foregoing is a true and correct copy as the same appears on file and/or recorded in the appropriate records of Wilson County, Texas.
Genevieve Martinez
County Clerk
Wilson County Texas
8/1/25
Date

CERTIFIED TO BE A TRUE AND CORRECT COPY
GENEVIEVE MARTINEZ, County Clerk
Wilson County
Page 30 of 30

*********** **THIS PAGE IS PART OF THE INSTRUMENT** ***********
Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY because of color or race is invalid and unenforceable under federal law.

**File Information:**

| | |
|---|---|
| Document Number: | 141143 |
| Receipt Number: | 20240326000033 |
| Recorded Date/Time: | March 26, 2024 04:18 PM |
| User: | Liliana L |
| Station: | cclerk01 |

**Record and Return To:**
SASHA GARZA
4600 FULLER AVE STE 400

IRVING TX 75038

**STATE OF TEXAS**
**Wilson County**
**I hereby certify that this Instrument was filed in the File Number sequence on the date/time printed hereon, and was duly recorded in the Official Records of Wilson County, Texas**

Genevieve Martinez

Genevieve Martinez
Wilson County Clerk
Floresville, TX

# EXHIBIT C

Romspen Amended Proof of Claim No. 1-2 (July 12, 2024)

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $________ |
| ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $________ |
| ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $________ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $________ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $________ |

* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 07/12/2024
MM / DD / YYYY

/s/ Blake A. Cassidy
Signature

**Print the name of the person who is completing and signing this claim:**

Name: Blake (First name) Alexander (Middle name) Cassidy (Last name)

Title: President of the GP of the sole member of the GP of the creditor

Company:
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 162 (Number) Cumberland Street, Suite 300 (Street)
Toronto, Ontario, Canada M5R 3N5 (City) State ZIP Code

Contact phone (416) 966-1100 Email blakecassidy@romspen.com

Attachment to TIG Romspen US Master Mortgage LP
**Amended Proof of Claim for 1001 WL, LLC**
**United States Bankruptcy Court, W. D. Tex., Case No. 24-10119**

As of February 6, 2024 (the "*Petition Date*"), TIG Romspen US Master Mortgage LP, an exempted Cayman Islands limited partnership ("*Romspen*") asserted its original claim against the bankruptcy estate of Chapter 11 debtor and debtor-in-possession 1001 WL, LLC (the "*Debtor*") in connection with the Romspen lien encumbering the Debtor's sole asset as security for payment and performance of the indebtedness owed by Galleria Loop Note Holder, LLC ("*GLNH*") as described herein.

Romspen made a loan to GLNH in the original principal amount of $18,500,000.00 (the "Loan"). The Loan is evidenced by, among other things: (i) that certain Loan Agreement dated May 31, 2019, between GLNH and Romspen (as amended, modified, and/or restated from time to time, the "Loan Agreement"); and (ii) that certain Promissory Note dated May 31, 2019, in the original amount of $18,500,000.00 given by GLNH in favor of Romspen (as amended, modified, and/or restated from time to time, the "Note" and together with the Loan Agreement and all other documents evidencing and/or securing the Loan, the "Loan Documents").

To secure GLNH's payment and performance obligations under the Loan, GLNH granted to Romspen, among other things a senior priority lien interest in and to an office building located at 1001 West Loop South, Houston, Texas, 77027 ("Office Building") and related personal property (together, with the Office Building, the "Property") pursuant to: (i) that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Romspen Deed of Trust") dated September 4, 2019, recorded on September 5, 2019, in the Official Records of Harris County, Texas at Document Number RP-2019-392981; (ii) an absolute assignment of all the rents generated from and leases related to the Office Building pursuant to that certain Assignment of Leases and Rents dated September 4, 2019, and recorded on September 5, 2019, in the Official Records of Harris County, Texas at Document Number RP-2019-393175 (the "Romspen Assignment of Rents"); and (iii) a senior priority security interest in substantially all of GLNH's personal property as set forth in that certain Security Agreement dated May 31, 2019 (the "Romspen Security Agreement" and, together with the Romspen Deed of Trust dated September 4, 2019 and the Romspen Assignment of Rents, the "Security Documents").

Romspen perfected its security interests in and to the Property by recording the Romspen Deed of Trust and the Romspen Assignment of Rents in the Harris County Records; and by filing a UCC-1 Financing Statement in the Texas Secretary of State's Office on June 13, 2019 as document number 19-0022217680 (the "UCC-1").

The Loan Documents prohibit GLNH from transferring any of the Property. See Loan Agreement, § 5(C); Romspen DOT, § 6.2. However, all of the assets of GLNH were transferred to the Debtor, as evidenced by that Special Warranty Deed recorded on January 22, 2024 (the "Prepetition Transfer Deed"), purporting to convey to the Debtor an office building located at 1001 West Loop South, Houston, Texas 77027.

Additionally, as inducement for Romspen to further forbear from enforcing its rights and

remedies arising from GLNH's defaults under the Loan as set forth in that certain Amended and Restated First Amendment to Reinstatement of and Amendment to Loan Agreement executed on or about August 14, 2023 ("Amended and Restated First Amended Reinstatement Agreement"), GLNH caused related entity OTISCO RDX, LLC ("OTISCO") to grant Romspen a lien encumbering undeveloped real property owned by OTISCO located in La Vernia, Wilson County, Texas (the "La Vernia Property"). The Romspen lien encumbering the La Vernia Property secured repayment of a portion of the indebtedness owed by GLNH on the Loan, specifically in the initial stated amount of $2,266,000.00, subject to increases for accruing interest and other amounts (the "La Vernia Lien Indebtedness").

After GLNH again failed to pay and perform as agreed, and after giving due and proper notice, Romspen caused the beneficiary under the La Vernia deed of trust to foreclose its lien interest encumbering the La Vernia Property. On February 6, 2024, the La Vernia Property was sold to Romspen's assignee RIC (Lavernia) LLC for a successful bid in the amount of $100,000.00.

As of the Petition Date, the amount due and owing to Romspen arising from the Loan Documents was $33,215,553.94 as set forth in Romspen's Proof of Claim #1-1 filed on February 16, 2024. Rompsen now amends Proof of Claim #1-1 to deduct its $100,000.00 credit bid, reducing the amount due and owing as of the Petition Date to $33,115,553.94, plus interest and any other charges that continue to accrue.

All of the documents associated with these described transactions are too voluminous to attach, may be made available upon proper request. However, many of the Loan Documents are attached as exhibits to Romspen's stay relief motion filed on February 14, 2024 [ECF 5].

Romspen generally reserves the right to further amend this Proof of Claim.

Neither the filing of this Amended Proof of Claim, nor any subsequent appearance, pleading, claim, amended proof of claim, document, suit, motion, nor any other writing or conduct shall be deemed or construed as: (i) a waiver or release of Romspen's rights against any person, entity, estate or property (including, without limitation, any person or entity that is or may become a debtor in a case pending in this Court); (ii) a consent by Romspen to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Romspen; (iii) a waiver or release of Romspen's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein or therein, whether or not the same be designated legal or private rights or in any case, controversy or proceeding related thereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such right to jury trial is pursuant to statute or the United States Constitution; (iv) a consent by Romspen to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (v) a waiver or release of Romspen's right to have any and all final orders in any and all non-core matters or proceedings entered only after de novo review by a United States District Court Judge; (vi) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Amended Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Romspen; (vii) a waiver or release of any right of setoff or recoupment that Romspen