# EXHIBIT D

Certificate of Formation, RIC (Lavernia) LLC, Tex. Sec'y of State Filing No. 805430834

DocuSign Envelope ID: 9BC0E95B-8A03-4F96-B9B3-BDD2F5BCA179
Filing#:805430834 Document#:1333627180013 Filed On 2/16/2024 received by Upload

| Form 205<br>(Revised 12/21)<br><br>Submit in duplicate to:<br>Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>512 463-5555<br><br>Filing Fee: $300 | **Certificate of Formation**<br>**Limited Liability Company** | This space reserved for office use. |
|---|---|---|

## Article 1 – Entity Name and Type

The filing entity being formed is a limited liability company. The name of the entity is:

RIC (Lavernia) LLC

The name must contain the words "limited liability company," "limited company," or an abbreviation of one of these phrases.

## Article 2 – Registered Agent and Registered Office

(See instructions. Select and complete either A or B and complete C.)

☑ A. The initial registered agent is an organization (cannot be entity named above) by the name of:

Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company

OR

☐ B. The initial registered agent is an individual resident of the state whose name is set forth below:

| First Name | M.I. | Last Name | Suffix |
|---|---|---|---|
| | | | |

C. The business address of the registered agent and the registered office address is:

| Street Address | City | State | Zip Code |
|---|---|---|---|
| 211 E. 7th Street, Suite 620 | Austin | TX | 78701-3218 |

## Article 3—Governing Authority

(Select and complete either A or B and provide the name and address of each initial governing person.)

☐ A. The limited liability company initially has managers. The name and address of each initial manager are set forth below.

☑ B. The limited liability company does not initially have managers. The name and address of each initial member are set forth below.

**INITIAL GOVERNING PERSON 1**

NAME (Enter the name of either an individual or an organization, but not both.)

IF INDIVIDUAL

| First Name | M.I. | Last Name | Suffix |
|---|---|---|---|
| | | | |

OR

IF ORGANIZATION

Romspen (Reomaster II) Holdings Inc.

*Organization Name*

ADDRESS

| Street or Mailing Address | City | State | Country | Zip Code |
|---|---|---|---|---|
| 162 Cumberland Street, Ste 300 | Toronto | ON | CN | M5R 3N5 |

**INITIAL GOVERNING PERSON 2**

**NAME** (Enter the name of either an individual or an organization, but not both.)

**IF INDIVIDUAL**

*First Name* *M.I.* *Last Name* *Suffix*

**OR**

**IF ORGANIZATION**

*Organization Name*

**ADDRESS**

*Street or Mailing Address* *City* *State* *Country* *Zip Code*

**INITIAL GOVERNING PERSON 3**

**NAME** (Enter the name of either an individual or an organization, but not both.)

**IF INDIVIDUAL**

*First Name* *M.I.* *Last Name* *Suffix*

**OR**

**IF ORGANIZATION**

*Organization Name*

**ADDRESS**

*Street or Mailing Address* *City* *State* *Country* *Zip Code*

## Article 4 – Purpose

The purpose for which the company is formed is for the transaction of any and all lawful purposes for which a limited liability company may be organized under the Texas Business Organizations Code.

## Initial Mailing Address

(Provide the mailing address to which state franchise tax correspondence should be sent.)

| Mailing Address | City | State | Zip Code | Country |
| --- | --- | --- | --- | --- |
| 162 Cumberland Street, Ste 300 | Toronto | ON | M5R 3N5 | CN |

## Supplemental Provisions/Information

Text Area: [The attached addendum, if any, is incorporated herein by reference.]

## Organizer

The name and address of the organizer:

Joel Mickelson
*Name*

162 Cumberland Street, Ste 300 | Toronto | ON | M5R 3N5
*Street or Mailing Address* | *City* | *State* | *Zip Code*

## Effectiveness of Filing (Select either A, B, or C.)

A. ☑ This document becomes effective when the document is filed by the secretary of state.

B. ☐ This document becomes effective at a later date, or a later date and time, not more than 90 days from the date of signing. The later effective date, or date and time is: ____________

C. ☐ This document takes effect upon the occurrence of the future event or fact, other than the passage of time. The 90th day after the date of signing is: ____________

The following event or fact will cause the document to take effect in the manner described below:

## Execution

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned also affirms that, to the best knowledge of the undersigned, the name provided as the name of the filing entity does not falsely imply an affiliation with a governmental entity. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized to execute the filing instrument.

Date: February 16, 2024

DocuSigned by:
Joel Mickelson
Signature of organizer

Joel Mickelson
Printed or typed name of organizer

Form 401-A
(Revised 12/09)

THE STATE OF TEXAS

# Acceptance of Appointment and Consent to Serve as Registered Agent §5.201(b) Business Organizations Code

The following form may be used when the person designated as registered agent in a registered agent filing is an individual.

Acceptance of Appointment and Consent to Serve as Registered Agent

I acknowledge, accept and consent to my designation or appointment as registered agent in Texas for

*Name of represented entity*

I am a resident of the state and understand that it will be my responsibility to receive any process, notice, or demand that is served on me as the registered agent of the represented entity; to forward such to the represented entity; and to immediately notify the represented entity and submit a statement of resignation to the Secretary of State if I resign.

x:

*Signature of registered agent* | *Printed name of registered agent* | *Date (mm/dd/yyyy)*

The following form may be used when the person designated as registered agent in a registered agent filing is an organization.

Acceptance of Appointment and Consent to Serve as Registered Agent

I am authorized to act on behalf of Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company

*Name of organization designated as registered agent*

The organization is registered or otherwise authorized to do business in Texas. The organization acknowledges, accepts and consents to its appointment or designation as registered agent in Texas for:

RIC (LAVERNIA) LLC

*Name of represented entity*

The organization takes responsibility to receive any process, notice, or demand that is served on the organization as the registered agent of the represented entity; to forward such to the represented entity; and to immediately notify the represented entity and submit a statement of resignation to the Secretary of State if the organization resigns.

x: By: [signature] Brian Courtney, Asst. Vice President 2/16/2024

*Signature of person authorized to act on behalf of organization* | *Printed name of authorized person* | *Date (mm/dd/yyyy)*

Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company

# EXHIBIT E

Deposition of Wesley Roitman, corporate representative of TIG Romspen US Master Mortgage LP, In re 1001 WL, LLC, No. 24-10119 — excerpts

# EXHIBIT F

Emails between Kyle Hirsch and Choudhri (Feb. 6, 2024)

JETALL

**Ali @ Jetall <ali@jetallcompanies.com>**

# RE: Romspen - Wilson County sale

1 message

**Kyle Hirsch** <kyle.hirsch@bclplaw.com> Tue, Feb 13, 2024 at 5:32 PM
To: "Ali @ Jetall" <ali@jetallcapital.com>
Cc: Amanda Gadison <Amanda.Gadison@bclplaw.com>, "James Q. Pope" <jamesp@thepopelawfirm.com>

Opening bid of $100,000.

BCLP.

KYLE S. HIRSCH
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - Phoenix, AZ USA / Dallas, TX USA
kyle.hirsch@bclplaw.com
T: +1 602 364 7170

**From:** Ali @ Jetall <ali@jetallcapital.com>
**Sent:** Tuesday, February 13, 2024 4:31 PM
**To:** Kyle Hirsch <kyle.hirsch@bclplaw.com>
**Cc:** Amanda Gadison <Amanda.Gadison@bclplaw.com>; James Q. Pope <jamesp@thepopelawfirm.com>
**Subject:** Re: Romspen - Wilson County sale

How much did the Wilson County property sell for?

On Tue, Feb 6, 2024 at 12:24 PM Kyle Hirsch <kyle.hirsch@bclplaw.com> wrote:

> Did not receive confirmation. I expect the sale is going forward.

Kyle Hirsch

BCLP LLP

On Feb 6, 2024 8:31 AM, Kyle Hirsch <kyle.hirsch@bclplaw.com> wrote:

Payoff for LaVernia is $2,266,000. Please forward wire confirmation including Amanda on your transmission.

Kyle Hirsch

BCLP LLP

On Feb 6, 2024 7:07 AM, Kyle Hirsch <kyle.hirsch@bclplaw.com> wrote:

Attached is the wire information. I am obtaining the payoff amount.

KYLE S. HIRSCH
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - Phoenix, AZ USA / Dallas, TX USA
kyle.hirsch@bclplaw.com
T: +1 602 364 7170

**From:** Ali @ Jetall <ali@jetallcapital.com>
**Sent:** Tuesday, February 6, 2024 5:52 AM
**To:** Kyle Hirsch <kyle.hirsch@bclplaw.com>
**Cc:** Amanda Gadison <Amanda.Gadison@bclplaw.com>; James Q. Pope <jamesp@thepopelawfirm.com>
**Subject:** Re: Romspen - Wilson County sale

Can you provide the payoff for Lavernia Along wiring instructions This is the Otisco property

This information is needed asap Please send by 9 am

This is time sensitive

On Mon, Jan 1, 2024 at 7:59 AM Kyle Hirsch <kyle.hirsch@bclplaw.com> wrote:

This email confirms that the substitute trustee of the OTISCO property in Wilson County has been instructed to cancel the non-judicial sale scheduled for tomorrow. TIG Romspen expressly reserves all of its rights.

Kyle

KYLE S. HIRSCH
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - Phoenix, AZ USA / Dallas, TX USA
kyle.hirsch@bclplaw.com
T: +1 602 364 7170

**From:** Kyle Hirsch
**Sent:** Wednesday, December 27, 2023 2:54 PM
**To:** 'James Q. Pope' <jamesp@thepopelawfirm.com>
**Subject:** RE: TOG Romspen v. Galleria Loop and Choudhri

James –

To keep this clean, this email addresses the property located in Wilson County.

Letters had been sent prematurely without the posted notices. Attached is a copy of the letter that was re-sent with the notice attached.

Tracking info for hard copy recipients is attached.

Kyle

KYLE S. HIRSCH
Partner
BRYAN CAVE LEIGHTON PAISNER LLP - Phoenix, AZ USA / Dallas, TX USA
kyle.hirsch@bclplaw.com
T: +1 602 364 7170

**From:** James Q. Pope <jamesp@thepopelawfirm.com>
**Sent:** Tuesday, December 26, 2023 10:38 PM
**To:** Kyle Hirsch <kyle.hirsch@bclplaw.com>
**Subject:** Re: TOG Romspen v. Galleria Loop and Choudhri

Kyle,

I see that there are several copies of the attached letters floating around, which make reference to a notice of foreclosure being enclosed, but it doesn't appear that a copy of the actual notice of foreclosure was attached to

any of the email correspondence received. Can you forward a copy of the actual notice of foreclosure that was sent to the borrower for the building located at 1001 W. Loop South and the Wilson County property, and proof that the foreclosure notice was mailed to Galleria Loop Note Holder and Otisco RDX?

James Q. Pope
Attorney at Law
The Pope Law Firm
6161 Savoy, Suite 1125

Houston, Texas 77036
PH: 713-449-4481

FX: 281-657-9693

**CONFIDENTIALITY/PRIVILEGE NOTICE**: The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and/or its attachments, if any, or the information contained herein is strictly prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system. Thank You.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

We may monitor and record electronic communications in accordance with applicable laws and regulations. Where appropriate we may also share certain information you give us with our other offices (including in other countries) and select third parties. For further information (including details of your privacy rights and how to exercise them), see our updated Privacy Notice at www.bclplaw.com.

# EXHIBIT G

Video of the February 6, 2024 La Vernia foreclosure sale:
transcript of the recording and stills (video lodged on USB)

**La Vernia foreclosure sale, February 6, 2024 - transcript of video recording.**
**Source: IMG_0125.MOV (recording start 12:11:30 p.m. CST). "Speaker 1" is the person conducting the sale. Highlights added.**

Speaker 1 0:00
I guess it is expensive. Y'all would know what it means. So the date of the dean trust on this is January 1120, 24, to Galleria Loop Note Holder LLC. I'm sorry, they rescheduled this. So the date of the deed of trust is august 18, 2023. Again, Galleria Loop Note Holder LLC. This is recorded in document number 135641. The tracks to be sold are as shown in this notice, which you guys have to check out. And yeah, it's extensive. So we have a low high on this. If you guys are familiar, this one just has everything special instruction. So they want to go in $50,000 increments, and there is a low high. I have to start it at the low, but in order to buy it, you've got to go over the high. So I'm going to start at 100,000. If you want this property, you've got to get over 500,000. So we're just going to not waste anyone's time, and we're going to start at 500,000. So I have a bid from the lender of 500 and 1000 even. Do I have any other bids, guys? 500 and 1005. 5550.

Speaker 2 1:29
What's the high?

Speaker 1 1:30
Um, 500,000. We have to just. We have to be $1 over 500. We're at 550 right here in your name, sir. Drew Dennett. I'm at 550 with Drew. Guys, going once, going twice, sold to Drew for 550,000, even at 1230.

# La Vernia foreclosure sale, February 6, 2024 — video stills

Frames extracted every 5 seconds from the original video file. Clock times are computed from the embedded recording-start time. Audio is not reflected here; a certified transcript of the audio is needed. Prepared for counsel.

| | |
|---|---|
| Event | Non-judicial foreclosure sale of the La Vernia (Otisco RDX) property, Wilson County, Texas, February 6, 2024 — identified by Ali Choudhri; to be confirmed by declaration of the person who recorded it |
| File | IMG_0125.MOV (iPhone 13 mini, iOS 17.2.1) |
| Recording start (embedded metadata) | 2024-02-06 12:11:30 CST (com.apple.quicktime.creationdate) |
| Duration | 1 min 46 s |
| Resolution | 3840 x 2160 (4K), with audio |
| Exported / file-copy timestamp | 2025-03-12 17:05:33 UTC (reflects copy, not recording) |
| Related | Hirsch emails, Feb. 6, 2024: 8:31 a.m. “Payoff for LaVernia is $2,266,000”; 12:24 p.m. “I expect the sale is going forward” |



+000s — 12:11:30 PM CST



+005s — 12:11:35 PM CST



+010s — 12:11:40 PM CST



+015s — 12:11:45 PM CST



+020s — 12:11:50 PM CST



+025s — 12:11:55 PM CST



+030s — 12:12:00 PM CST



+035s — 12:12:05 PM CST



+040s — 12:12:10 PM CST



+045s — 12:12:15 PM CST



+050s — 12:12:20 PM CST



+055s — 12:12:25 PM CST



+060s — 12:12:30 PM CST



+065s — 12:12:35 PM CST



+070s — 12:12:40 PM CST



+075s — 12:12:45 PM CST



+080s — 12:12:50 PM CST



+085s — 12:12:55 PM CST



+090s — 12:13:00 PM CST



+095s — 12:13:05 PM CST



+100s — 12:13:10 PM CST

# EXHIBIT H

Deposition of Kyle S. Hirsch (July 31, 2025), excerpts

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

In re: 1001 WL LLC,

Debtor.

CASE NO. 24-10119

CHAPTER 11

---

REMOTE STREAMING DEPOSITION OF

KYLE SYLVAN HIRSCH

TAKEN ON

THURSDAY, JULY 31, 2025

3:04 P.M.

A. I decline to provide you that information.

Q. You're refusing to answer the question about which lawyers at Cave -- let's back up. Is it



Bryan Cave Leighton Paisner? Is that right?

A. That's the name of the law firm, yes.

Q. And that's the law firm that represents TIG Romspen, correct?

A. In this matter, that's correct.

Q. And do you represent RIC (Lavernia), the debtor, in bankruptcy in Judge Parker's court?

MS. NDEGE: I'm going to object to the question. What does that have to do with the settlement agreement?

MR. CHOUDHRI: I'm not here to answer your questions, Ms. -- Ms. Ndege. You can instruct your client not to answer or object, and we can take it up with the judge.

But when you have a credit bid, and a debt, and claims that are being released as part of this 9019, and the value of those claims, and the

Q. What's her name?
A. I -- I -- I would have to research it. It's probably on the substitute trustee deed.
Q. And so the substitute trustee deed states that the sale happened -- let me back up a little bit. It's true that you represent RIC (Lavernia), LLC, and we've established that earlier. Is that correct?
A. Yes. What does that have to do with the 9019 motion?
Q. Because RIC (Lavernia), according to you, acquired the property at a foreclosure sale through a credit bid of $100,000 on February the 6th, 2024, correct?
A. As TIG Romspen's assignee, yes.
Q. Explain what you mean by that, "as TIG Romspen assignee."
A. TIG Romspen assigned its interest to RIC (Lavernia).
Q. When?
A. That's what an assignee is.
Q. When?

A. I don't know. Around the time of the foreclosure sale.

MR. CHOUDHRI: And the -- let's take a



five-minute break, please.

THE REPORTER: We'll go off the record, 4:30 p.m.

(WHEREUPON, a recess was taken.)

THE REPORTER: We're back on the record, 4:35 p.m.

BY MR. CHOUDHRI:

Q. So Mr. Hirsch, you testified earlier that RIC Lavernia acquired the Lavernia property through a credit bid for 100,000 at the February 6, 2024, foreclosure sale; is that correct?

A. As the assignee of TIG Romspen, yes.

Q. And what -- what consideration was provided in that transfer?

A. I'm not -- I'm not getting into the internal workings on those matters. They don't

appointment of the Chapter 11 trustee.

Q. So just so we're clear, Mr. Hirsch, so Mr. Taylor and his firm, Holland & Knight, would not get any money if your 9019 is approved, correct?

A. Not from Romspen's cash collateral. If there's unencumbered proceeds or unencumbered cash, then that's totally available to people. We can't control that. We're not intending to control that.

Q. Mr. Hirsch, can you explain why -- so would it be you, Mr. Hirsch -- now, I asked you the questions about Lavernia. Now, I want to move over to 1001 West Loop and the October 1, 2024, sale -- foreclosure sale. You're familiar with the October 1, 2024, foreclosure sale, right?

A. I'm familiar that there was a -- there was an attempt to conduct a sale that day.



Q. What do you mean "an attempt to conduct a sale," and how are you aware that there was an attempt to conduct a sale?

A. Well, as I testified earlier, we retained service to handle the notice and posting and recording and conduct of trustee sales, which we did in that case after Judge Robinson granted stay relief.

As you very well know, Galleria Loop Note Holder filed an improper lawsuit that was timely removed before there was a TRO signed by the state court judge. Then Kirklin Properties filed its lawsuit, which has since been non-suited, and I think was a frivolous and improper lawsuit. They sought an ex parte TRO, again, not notifying anybody that they knew were representing TIG Romspen, and they got a TRO.

And so the sale went forward, and my understanding is when the TRO was evaluated and the sale was considered, there was -- Romspen been declined to accept the sale as a valid sale because of the entry of the TRO.

Q. Mr. Hirsch, have you taken a position that the TRO was invalid, and Romspen proceeded forward with the foreclosure?

A. As an affiliate from the estate from Chapter 11 trustee. Just like other affiliates of Romspen and officers, it's standard provision. There's nothing unusual. This is how releases are drafted.

Q. Do you have any knowledge of what the value of the property in Lavernia is?

A. I do. I'm familiar with an appraisal that was performed.

Q. And how much is the value of the appraisal you've seen that was performed?

A. To my recollection, it was around 7 million, maybe seven and a half.

Q. And so Romspen didn't provide any funding to get that property. They provided 100,000 credit bid, right?



A. I'm not sure I understand your question.

Q. Romspen did not pay any money -- strike that.

How much money did RIC Lavernia pay to

obtain this Lavernia property that you claim is worth $7 million or whatever?

A. Yeah. I told you before, I'm not going to get into the inner workings of Romspen as to the assignment from one affiliate to another. You know, the deed of trust that was given to TIG Romspen was limited to the amount of 2,266,000. As you know, that amount approximated the property taxes paid by TIG Romspen and interest on those property taxes on the 1001 West Loop property.

When you asked for a forbearance, Romspen asked what you could offer in order to secure the forbearance. You said that this Otisco property in Lavernia was owned by your mother and some other investors, and therefore, because there were also investors in the West Loop property, it was valuable to them to preserve the West Loop property. And they were willing to give this deed of trust certainly on the limited basis of the $2,266,000.

Q. Anything else, Mr. Hirsch?

A. Anything else what?

spoke to at ServiceLink?



A. No, this has nothing to do with the 9019 motion. You are well outside the scope of why I'm here today.

Q. So Mr. Hirsch, you understand what evidence suppression is and witness tampering? Do you know what that is?

A. Of course.

Q. And you spoke to somebody at ServiceLink regarding testifying and avoiding a subpoena to testify regarding the Galleria Loop Note Holder foreclosure for October 2024 foreclosure sale.

A. Are you telling me that I did, or are you asking me a question because I don't recall that?

Q. Okay. So let's get the facts straight, okay?

A. Whose facts are these? Yours or mine?

Q. Well, I'm going to ask you. That's how we get facts, right? Hopefully, you're telling the

trustee's deed. Romspen declined to even proceed. I answered that very clearly.

Q. So Mr. Hirsch --

A. If you forgot, I'm sorry that your memory isn't very good, but that was my testimony.

Q. Mr. Hirsch, when I ask you for the name of the attorney that represents the company that conducted the foreclosure sale, you refused to provide that information, and that is very relevant information. So you're concealing that information, and you heard Mr. Roitman that you conducted and handled and hired and processed and directed the foreclosure sale.

So all of this is very relevant because you are also a beneficiary of a release, and it's



very relevant on who owns the property. Does Romspen own the property, or does the debtor own the property? And you're just refusing to --

A. Romspen does not take the position that Romspen owns the property.

2200 Ross Avenue, Suite 4200, West Dallas, Texas 75201.

Q. And it says "Holder," right? It says, "Holder, RIC Lavernia, LLC"?

A. Yes.

Q. So RIC Lavernia was the assignee of TIG Romspen before the February 6, 2024, foreclosure sale; is that correct?

A. I'm not sure exactly when the assignment took place, but it would have been sometime around the foreclosure sale.

Q. But it would have to take place before the foreclosure sale. Would you agree with me on that?

A. Not necessarily.

Q. Why not?

A. Sometimes the assignment doesn't happen until after the sale. And what's assigned is the trustee's deed and the credit bid right and the successful credit bid.

Q. And so basically, walk me through this.

amount of 18,500,000, executed by borrower, payable to the holder of lender and currently held by holder."

Q. And "Holder" is capital H, right?

A. Yes.

Q. And then read the next paragraph that says "Recording."

A. Recorded on August 22, 2023, as document number 135641 in the official public records of Wilson County, Texas, receipt number 20230822000016."

Q. Okay.

A. Okay.

Q. So this says the holder is RIC Lavernia, LLC, correct, on the substitute trustee's bill in sale.

THE DEPONENT: Mr. Choudhri, I've been



extremely patient with you today. I've offered you the opportunity to examine me as it relates to the limited issues of the 9019 motion. We started at

approximately 3:00 p.m. It's now 6:00 p.m. I'm unwilling to continue any further.

MR. CHOUDHRI: Well, I would object to that. I still have more questions, and I want to continue on and complete this deposition. So I would ask you to continue on and answer questions. And I'm pulling up the objections, and you've refused to answer the question on the holder.

BY MR. CHOUDHRI:

Q. This reflects the holder of the debt is RIC Lavernia. You saw that, right?

A. I'm declining to answer any further questions. I think I've provided ample opportunity for you to ask your questions. I'm here voluntarily on the limited purpose of the 9019. You've had three hours to ask questions. I am -- I am not willing to sit voluntarily for any further questions.

Q. Mr. Hirsch, you are seeking the court on Monday to not allow me to represent myself and be defenseless in front of the bankruptcy court and not have representation. That is your -- that is your

clarifications to your testimony on this sheet, showing page and line number. If there are no changes, write "none" across the page. Sign this sheet and the line provided.

Page Line Reason for Change

____ ____ ________________________________________

____ ____ ________________________________________

____ ____ ________________________________________

____ ____ ________________________________________

____ ____ ________________________________________

____ ____ ________________________________________

____ ____ ________________________________________

____ ____ ________________________________________

____ ____ ________________________________________

____ ____ ________________________________________

____ ____ ________________________________________

____ ____ ________________________________________

Signature: ____________________________

Kyle Hirsch

# EXHIBIT I

Notice of Substitute Trustee's Sale, Harris County FRCL-2024-4895 (Sept. 10, 2024), with records affidavit

STATE OF TEXAS

COUNTY OF MONTGOMERY

# AFFIDAVIT

BEFORE ME, the undersigned notary public on this day personally appeared Amanda LeCureux whose name is subscribed below, who, being by me duly sworn, did depose as follows:

"My name is Amanda LeCureux. I am over 18 years of age, of sound mind, have never been convicted of a felony and am otherwise capable of making this affidavit. I am personally acquainted with the facts stated in this affidavit.

I am the custodian of the records of Foreclosure Information & Listing Service, Inc., hereinafter referred to as FILS. Attached hereto are the records of the subject described below maintained by FILS. These records are kept by FILS in the regular course of business, and it was the course of business of FILS for an employee or representative of FILS, with knowledge of the act, event, condition, opinion, or diagnosis recorded, to make the record or transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

1. FILS publishes monthly lists of properties scheduled for foreclosure in Harris County, Texas, as required by the Texas Property Code, section 51.002.

2. FILS also publishes monthly lists of properties witnessed foreclosed at each month's Harris County foreclosure sales.

3. On or before September 10, 2024, FILS recorded a foreclosure notice posted at the designated foreclosure notice posting site in Harris County and/or filed in the Harris County Clerk's Office against a lien secured by the property known as 3.889 acres of land out of the William White Survey Abstract 836, a copy of which is hereby attached.

4. In order to compose it's post-foreclosure reports, FILS staffs each month's Harris County foreclosure auction with representatives who hand-record on master lists of properties scheduled, the fact of sale, bid prices and time of sale for each property sold by the secured parties' trustees.

5. By the following day, the hand-recorded notations are keyed into FILS's computerized database and reports of such post-foreclosure activity are then posted to FILS's website. A copy of the hand-recorded notations is attached.

6. A FILS representative personally witnessed and recorded a trustee sale of the property known as 3.889 acres of land out of the William White Survey Abstract 836 in Houston, Texas at 10:23 a.m., on October 1, 2024, for Fifteen Million Dollars ($15,000,000) to the lender.

7. A copy of the FILS computerized record of the foreclosure of the said property is attached.

FURTHER, AFFIANT sayeth not.

(AFFIANT)

Sworn to and subscribed before me, the undersigned authority, on this the 31 day of July, 2025.

Notary Public

TRISTAN TARACO
Notary Public, State of Texas
Comm. Expires 04-09-2029
Notary ID 135510711

FILED 9/10/2024 8:59:36 AM FRCL-2024-4895 TENESHIA HUDSPETH, COUNTY CLERK, HARRIS COUNTY, TEXAS

UNOFFICIAL COPY

1001 W Loop S
Hou 77027

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

**NOTICE OF SUBSTITUTE TRUSTEE'S SALE**

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | |
| | § | |
| **COUNTY OF HARRIS** | § | |

| | |
|---|---|
| Date: | September 10, 2024 |
| Borrower: | Galleria Loop Note Holder LLC, a Texas limited liability company |
| Borrower's Address: | [illegible]00 West Loop South, Suite 255, Houston, Texas 77027 (as set forth in the Deed of Trust) |
| | 1[illegible] Lou A[illegible] Drive, Houston, Texas 77024-2707 (as set forth in the Harris County Tax Assessor-Collector's Records for Account No. [illegible]40-001-0010) |
| | 1001 W Loop S, Houston, Texas 77027-9084 (as set forth in the Harris County Tax Assessor-Collector's Records for Account No. 04[illegible]140-00[illegible]020) |
| Holder: | TIG Romspen US Master Mortgage LP, an exempted Cayman Islands limited partnership |
| Holder's Address: | 162 Cumberland Street, Suite 300, Toronto, Ontario M5R 3N5 |
| Substitute Trustees: | Jeff Leva, Sandy Dasigenis, Pa[illegible], Megan L. Randle, Ebbie Murphy, Wayne Daughtr[illegible], Steve Leva, and each of them acting alone |
| Substitute Trustees' Address: | 2200 Ross Avenue, Suite 4200 W, Dallas, [illegible] 75[illegible] |
| Deed of Trust: | Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing |
| Date: | September 4, 2019 |
| Grantor: | Galleria Loop Note Holder LLC, a Texas limited liability company |



4824584

TENESHIA HUDSPETH, COUNTY CLERK, HARRIS COUNTY, TEXAS FRCL-2024-4895 FILED 9/10/2024 8:59:36 AM

UNOFFICIAL COPY

| | |
|---|---|
| Lender: | TIG Romspen US Master Mortgage LP, an exempted Cayman Islands limited partnership |
| Trustee: | Clifton M. Dugas, II |
| Secures: | Promissory Note (as amended, modified, extended and/or restated from time to time, "Note"), dated September 4, 2019, in the original principal amount of $18,500,000.00, executed by Grantor, payable to the order of Lender and currently held by Holder. |
| Recording: | Recorded on September 5, 2019, as Document Number RP-2019-392981 of the Official Public Records of Harris County, Texas. |
| Property: | All real property, improvements and personal property described as collateral in the Deed of Trust (defined above); the legal description of the real property is also, for the sake of convenience only, described in Exhibit A attached hereto and made a part hereof for all purposes; however, the description of the real property, improvements and personal property in the Deed of Trust will control to the extent of any conflict or any deficiency in such description contained in this Notice of Substitute Trustee's Sale, it being the intent that the Foreclosure Sale will cover all property, real, personal, tangible and intangible, which constitutes collateral under, and described in, the Deed of Trust. |

Foreclosure Sale

| | |
|---|---|
| Date of Sale: | Tuesday, October 1, 2024 |
| Time of Sale: | The sale of the Property will take place between the hours of 10:00 a.m. and 4:00 p.m. local time; the earliest time at which the sale will take place is 10:00 a.m., and the sale will begin within three hours thereafter. |
| Place of Sale: | Magnolia South Ballroom inside the Bayou City Event Center located at 9401 Knight Road, Houston, TX 77045, or if the preceding area is no longer the designated area, at the most recently designated area by the County Commissioner's Court. |

Holder has appointed Jeff Leva, Sandy Dasigenis, Patricia Poston, Megan L. Randle, Ebbie Murphy, Wayne Daughtrey, Steve Leva, and each of them acting alone, as Substitute Trustees under the Deed of Trust upon the contingency and in the manner outlined by the Deed of Trust and in accordance with Chapter 51 of the Texas Property Code. Default has occurred

FILED 9/10/2024 8:59:36 AM FRCL-2024-4895 TENESHIA HUDSPETH, COUNTY CLERK, HARRIS COUNTY, TEXAS

pursuant to the provisions of the Deed of Trust. The indebtedness evidenced by the Note is now wholly due. Holder has instructed Substitute Trustees, and each of them acting alone, to sell the Property toward the satisfaction of the Note.

The Deed of Trust may encumber both real and personal property. Notice is hereby given of Holder's election to proceed against and sell all the real property and any personal property described in the Deed of Trust in accordance with the Holder's rights and remedies under the Deed of Trust and Section 9.604 of the Texas Business and Commerce Code.

Notice is hereby given that on the Date of Sale, at the Time of Sale, Substitute Trustees, or any of them acting alone, will offer the Property for sale at public auction at the Place of Sale, to the highest bidder for cash, "AS IS". THERE WILL BE NO WARRANTY RELATING TO TITLE, POSSESSION OR QUIET ENJOYMENT OR THE LIKE FOR THE PERSONAL PROPERTY INCLUDED IN THE SALE. Holder may bid by credit against the indebtedness secured by the Deed of Trust. The Substitute Trustee(s) conducting the Foreclosure Sale may, at their discretion, postpone the sale for a reasonable time to permit the highest bidder (if other than Holder) to produce cash to pay the purchase price bid, and the sale may be resumed if the bidder fails to produce cash to pay the purchase price within such time period, provided in any event the sale shall be concluded no later than 4:00 P.M. local time.

SANDY DASIGENIS, Substitute Trustee

UNOFFICIAL COPY

FILED 9/10/2024 8:59:36 AM FRCL-2024-4895 TENESHIA HUDSPETH, COUNTY CLERK, HARRIS COUNTY, TEXAS

STATE OF TEXAS §
§
COUNTY OF HARRIS §

This instrument was acknowledged before me on this 10th day of September, 2024, by SANDY DASIGENIS, as Substitute Trustee.

[SEAL] STEVE LEVA Notary Public, State of Texas Comm. Expires 09-29-2026 Notary ID 125859136

Notary Public, State of Texas

My Commission Expires:

09-29-2026

STEVE LEVA
Printed Name of Notary

After recording return to:

Kyle S. Hirsch
c/o Bryan Cave Leighton Paisner LLP
2200 Ross Avenue, Suite 4200 W
Dallas, Texas 75201

UNOFFICIAL COPY

FILED 9/10/2024 8:59:36 AM FRCL-2024-4895 TENESHIA HUDSPETH, COUNTY CLERK, HARRIS COUNTY, TEXAS

UNOFFICIAL COPY

**EXHIBIT A**

**(Property Description)**

BEING 3.889 ACRES OF LAND OUT OF THE WILLIAM WHITE SURVEY, ABSTRACT NO. 836, HOUSTON, HARRIS COUNTY, TEXAS AND BEING THE SAME PROPERTY CONVEYED TO HE 1001 WEST LOOP, LP BY SPECIAL WARRANTY DEED RECORDED UNDER HARRIS COUNTY CLERK'S FILE NO. 20[illegible]0732480, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

BEGINNING AT A 5/8 INCH IRON ROD SET ON THE EAST RIGHT OF WAY LINE OF I. H. 610 WEST LOOP FOR THE NORTHWEST CORNER OF LOT 1, BLOCK 1, POST OAK PARK, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 134, PAGE 25 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS;

THENCE NORTH 0[illegible] DEGREES 26 MINUTES 59 SECONDS WEST, WITH THE EAST RIGHT OF WAY LINE I. H. 610 WEST LOOP, A DISTANCE OF 645.83 FEET TO A 5/8 INCH IRON ROD SET FOR THE CORNER [illegible] SOUTHWEST WATERS EDGE OF BUFFALO BAYOU;

THENCE DOWNSTREAM ALONG THE SOUTHWEST WATERS EDGE OF BUFFALO BAYOU AS FOLLOWS:

SOUTH 68 DEGREES 17 MINUTES [illegible]4 SECONDS EAST, 138.43 FEET;

SOUTH 62 DEGREES 02 MINUTES 17 SECONDS EAST, [illegible]0.04 FEET;

SOUTH 58 DEGREES 53 MINUTES 53 SECONDS EAST, 100.3[illegible] FEET;

SOUTH 58 DEGREES 37 MINUTES 53 SECONDS EAST, 100.48 FEET;

SOUTH 59 DEGREES 55 MINUTES 24 SECONDS EAST, [illegible] FEET;

SOUTH 52 DEGREES 39 MINUTES 23 SECONDS EAST, A DISTANCE OF 20.56 FEET TO A POINT FOR CORNER ON THE NORTH LINE OF THAT CERTAIN 15,032 SQUARE FOOT TRACT OF LAND CONVEYED TO HARRIS COUNTY FLOOD CONTROL DISTRICT BY [illegible] BROWN [illegible], JR., TRUSTEE, AS RECORDED IN VOLUME 6960, PAGE 72 OF THE DEED RECORDS OF HARRIS COUNTY, TEXAS;

THENCE, NORTH 87 DEGREES 33 MINUTES 01 SECONDS EAST, WITH THE NORTH LINE OF SAID 15,032 SQUARE FOOT TRACT, A DISTANCE OF 40.08 FEET TO A POINT FOR CORNER;

THENCE, SOUTH 53 DEGREES 16 MINUTES 01 SECONDS WEST, A DISTANCE OF 45.83 FEET TO A POINT ON THE NORTHEAST LINE OF SAID POST OAK PARK;

THENCE WITH THE NORTHWESTERLY BOUNDARY OF SAID POST OAK PARK AS FOLLOWS:

NORTH 69 DEGREES 15 MINUTES 45 SECONDS WEST, 22.74 FEET;

TENESHIA HUDSPETH, COUNTY CLERK, HARRIS COUNTY, TEXAS
FRCL-2024-4895
FILED 9/10/2024 8:59:36 AM

SOUTH 10 DEGREES 28 MINUTES 15 SECONDS WEST, 85.00 FEET;

SOUTH 83 DEGREES 23 MINUTES 15 SECONDS WEST, 34.60 FEET;

NORTH 32 DEGREES 38 MINUTES 45 SECONDS WEST, 87.00 FEET;

SOUTH 46 DEGREES 48 MINUTES 15 SECONDS WEST, 39.70 FEET;

SOUTH 01 DEGREES 01 MINUTES 15 SECONDS WEST, 48.40 FEET;

SOUTH 78 DEGREES 50 MINUTES 15 SECONDS WEST, 59.60 FEET;

SOUTH 02 DEGREES 57 MINUTES 45 SECONDS EAST, 96.40 FEET;

SOUTH 60 DEGREES 41 MINUTES 15 SECONDS WEST, 41.10 FEET;

SOUTH 11 DEGREES 19 MINUTES 15 SECONDS WEST, 68.00 FEET;

NORTH 72 DEGREES 24 MINUTES 45 SECONDS WEST, 14[illegible]40 [illegible];

SOUTH 24 DEGREES 05 MINUTES 15 SECONDS WEST, 30.0[illegible] FEET;

SOUTH 42 DEGREES [illegible] MINUTES 45 SECONDS EAST, 68.90 FEET;

SOUTH [illegible] DEGREES 26 MINUTES 15 SECONDS WEST, 60.30 FEET;

SOUTH [illegible]9 DEGREES 37 MINUTES 15 SECONDS WEST, A DISTANCE OF 71.62 FEET TO THE PLACE OF BEGINNING AND CONTAINING 3.888 ACRES OF LAND, MORE OR LESS.

UNOFFICIAL COPY

Harris County Tax Assessor Account Nos.:
045-140-001-0010
045-140-001-0020

Street Address:
1001 W Loop S., Houston, Texas 77027

A-2

MtgActualsReport

# HARRIS COUNTY ACTUALS LIST - OCTOBER 1, 2024

| LEGAL DESCRIPTION | MORTGAGEE | MTGR | BPB | OPENING BID | FINAL BID | TIME | ID NBR |
|---|---|---|---|---|---|---|---|
| RES B BLK 1 CAMPANILE ON ELDR | SUNOCO L L C | NIGHAT | | | | | C-11 |
| RES A BLK 1 ELDRIDGE GROVE | SUNOCO | KHAWAR | | | | | C-12 |
| RES A BLK 1 GOOD DAY BRAESWO | AUSTIN BANK | 3839 N | | | | | C-178 |
| RES A BLK 1 HIGHLAND SALON | RAUNA INMOBILIARE | HIGHLA | | | | | C-28 |
| LOT - BLOCK 1 RES A WILDFLOWER GR | ROCKET MTG | MARTIN | | | | | SW-31 |
| A 1.7077 ACRE TRACT RESERVES A, | C R E C INNOVATION | MEDIST | | | | | C-177 |
| LOT - BLOCK 4 RES D PONDEROSA VIL | RCF II LOAN ACQUISI | RENTAL | | | | | NW-24 |
| LOT - BLOCK 9 VICTORIAN VILLAGE T | RIGHT ANGLE MANAG | INVEST | | | | | NW-42 |
| LOT - BLOCK 18 WESTWAY 1 | JPMORGAN CHASE | CARPY | | | | | NW-25 |
| LOT - BLOCK 25 FRUITLAND ADDITION | VANDERBILT MTG AN | BONSTA | | | | | SW-27 |
| A TRACT IN BLK 26 QUIMBYS S L S | NORMANGEE STATE B | EQUIVE | | | | | C-7 |
| A TRACT FROM BLK 26 QUIMBYS A | NORMANGEE STATE B | EQUIVE | | | | | C-180 |
| LOT - BLOCK - 2.498 AC ROBERT H TOL | SEATTLE BANK | LUQUET | | | | | NE-4 |
| LOT - BLOCK - A-84 REUBEN WHITE SV | TEXAS FUNDING COR | PROPER | | 535,504 | | 11:05 | NE-6 |
| LOT - BLOCK - A-94 S W ALLEN SVY 0.54 | 2012 COTTAGE | BALLEZ | | | | | NW-51 |
| A 1.0075 ACRE TRACT FROM RES A | SUNOCO | A F M | | | | | C-13 |
| A 1.7190 ACRE TRACT FROM BRES B | NEWTEK SMALL BUSI | CLEAN | | | | | C-17 |
| A 12.5145 ACRE TRACT A K A NORTH | ARBOR REALTY | NORTHB | | | | | C-10 |
| RES C RICHEY ROAD APTS | ARBOR REALTY | LIFE S | | | | | C-9 |
| RETAIL UNIT OF T M C IMP | C R E C INNOVATION | MEDIST | | | | | C-5 |
| ALL OF TIMBERS OF NORTHBORO | FIDELITY BANK | PINEFO | | | | | C-23 |
| A 10 ACRE TRACT IN THE V BLANC | CARLOS ALVARENGA | SEVEN | | | | | C-179 |
| A 0.7630 ACRE TRACT FROM RES A | SUNOCO | EAST F | | | | | C-19 |
| ALL OF WINDCREST AT WEST ROA | BERKELEY POINT CA | SUTTER | | | | | [illegible] |
| A 1.7190 ACRE TRACT IN THE S DEA | NEWTEK SMALL BUSI | CLEAN | | | | | C-182 |
| A 1.4758 ACRE TRACT IN THE H T C | STELLAR BANK | MICHAE | | | | | C-35 |
| A 3.071 ACRE TRACT IN THE J TAY | FANNIE MAE | PINEY | | | | | C-183 |
| A 3.5765 ACRE TRACT IN THE R VAN | WOODFOREST NTL BA | FOUNTA | | | | | C-37 |
| A 0.6198 ACRE TRACT IN THE J WHE | HARVEST SMALL BUS | MODERN | | | | | C-38 |
| A 1.5331 ACRE TRACT IN THE J W B | BDS IV TX EAGLES | GLEN O | | | | | C-33 |
| A 4.00 ACRE TRACT IN THE J T HA | SUNOCO | EAST F | | | | | C-34 |
| LOT - BLOCK - A-773 R A TOLAR SVY 1.6 | WELLS FARGO BANK | RIVERA | | | | | NE-5 |
| LOT - BLOCK - A-818 SAMUEL W UPSHA | GL&L HOLDINGS | ABED | | | | | NE-65 |
| A 3.889 ACRE TRACT IN THE WM WHI | T I G ROMSPEN | GALLER | | 15 million | | 10:23 | C-39 |
| A 4.75 ACRE TRACT IN THE WM WHI | COMM 2015 C C R | RIVERW | | | | | C-40 |
| A 5.3179 ACRE TRACT IN THE H WHI | STELLAR BANK | S Y E | | | | | C-41 |
| A 30.0103 ACRE TRACT IN THE H T C | ALJIA INVESCO CORP | WESTGR | | | | | C-42 |
| A 6.895 ACRE TRACT IN THE H T C | ALPHA INVESCO COR | WESTGR | | | | | C-44 |
| A 11.1687 ACRE TRACT IN THE H T C | ALPHA INVESCO COR | WESTGR | | | | | C-43 |
| A 11.24 ACRE TRACT IN THE J DUR | BERKELEY PT CAPIT | SUTTER | | | | | C-30 |
| A 17.11 ACRE TRACT IN THE D ELLI | RESERVE 63 L L C | 6363 P | | | | | C-31 |
| LOT 1 BLOCK 1 CASTLE ROCK 3 | DEUTSCHE BANK | HENDER | | | | | NW-104 |
| LOT 1 BLK 1 ELITE ESTATES AND | U S BANK | KENNEB | | | | | C-174 |
| LOT 1 BLOCK 1 FOSTER GREEN | GROUNFLOOR PROPE | ELITE | | | | | SE-44 |

COPYRIGHT FORECLOSURE INFORMATION & LISTING SERVICE OCTOBER 1, 2024 ALL RIGHTS RESERVED LOT BLOCK 1 - LOT - BLOCK 1

[illegible] 535,504 [illegible]

1001 Loop South [illegible] 1441

TIG Rompsen

| Address Estimations | What we provide to assist you in locating the property. |
|---|---|
| Unfortunately, most commercial property foreclosure notices do not furnish the common address. Determining the address is problematic because frequently the document's exhibits only provide metes and bounds legal descriptions which complicate positive CAD record identification. | In many cases, we are able to identify a CAD link that is similar to the metes and bounds legal description provided on the foreclosure notice. The estimated link, based upon this similarity, is provided below in the Estimated Address field. However, F.I.L.S. Inc. is not contending that the Estimated Address is the actual property scheduled for foreclosure. To assist you in confirming the actual address, links to the Foreclosure Notice and the Deed of Trust are provided along with the Trustee's telephone number. |

| Mortgagor<br>Mortgagee<br>Presumed Building Type<br>Trustee | Link to CAD Record<br>Link to Foreclosure Notice<br>Link to Deed of Trust<br>Trustee Telephone Number | Legal Description<br><br>Key Map | Loan Origination date<br>Amount Borrowed<br>DT Clerk Number<br>Hours Of Sale |
|---|---|---|---|
| GALLERIA LOOP NOTE HOLDER<br>T I G ROMSPEN<br>OFFICE BUILDING<br>Dasigenis Or Substitute | Indeterminant<br>View Foreclosure Notice<br>View Deed of Trust<br>2815615038 | **FORECLOSED TO LENDER FOR $15,000,000, AT 1023AM** A 3.889 ACRE TRACT IN THE WM WHITE SVY A-836<br><br>491V | 09/19<br>$18,500,000<br>RP-2019-392981<br>10-1 |

# EXHIBIT J

Settlement Agreement between TIG Romspen and the Receiver (Nov. 21, 2025), with Ex. II.4

CAUSE NO. 2012-27197-A

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd.<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| Ali Choudhri et al<br>Defendants | §<br>§ | 333rd JUDICIAL DISTRICT |

**RECEIVER'S OMNIBUS RESPONSE TO ALI CHOUDHRI'S VARIOUS MOTIONS AND MOTION TO STRIKE**

**EXHIBIT C**

Unofficial Copy Office of Marilyn Burgess District Clerk

**EXECUTION VERSION**

**SETTLEMENT AGREEMENT**

This Settlement Agreement ("Agreement") is effective as of the 21st day of November, 2025 ("Execution Date"), by and between: (i) TIG Romspen US Master Mortgage LP, a Cayman Islands exempted limited partnership ("Romspen") and (ii) Travis Vargo, as state court-appointed receiver ("Receiver"). Romspen and Receiver are collectively referred to as the "Parties" and each as a "Party." In consideration of the agreements, representations, warranties, and covenants set forth herein, the Parties hereby agree as follows:

Unofficial Copy Office of Marilyn Burgess District Clerk

**I. RECITALS.**

**A. Choudhri and the Relevant Choudhri-Related Entities.**

1. Ali Choudhri ("Choudhri") is an individual who resides in Houston, Texas.

2. Galleria Loop Note Holder, LLC ("GLNH") is a Texas limited liability company owned and controlled by Choudhri.

3. 1001 WL, LLC ("1001 WL") is a New York limited liability company. 1001 WL is presently a debtor in the bankruptcy case pending in the Western District of Texas, Austin Division (the "Austin Court") styled *In re 1001 WL, LLC*, Case No. 24-10119-smr (the "1001 WL Bankruptcy Case"). John Patrick Lowe has been appointed as Chapter 11 Trustee ("Trustee").

4. Milestone Capital CRE 1, LLC (aka Milestone Capital CRE 1, LLC) ("Milestone") is a Texas limited liability company owned and controlled by Choudhri.

5. OTISCO RDX, LLC ("OTISCO") is a Texas limited liability company owned and controlled by Choudhri.

6. BDFI, LLC ("BDFI") is a Texas limited liability company owned and controlled by Choudhri.

**B. 1001 West Loop Property and the 1001 WL Bankruptcy Case**

1. On May 31, 2019, Romspen made a loan to GLNH in the original principal amount of $18,500,000 (the "Romspen Loan"). At the time of the Romspen Loan, 1001 WL was the owner of that certain office building located at 1001 West Loop South, Houston, Texas ("1001 West Loop Property"). The Romspen Loan was intended to provide GLNH with the funds to allow Choudhri to acquire then-existing senior liens encumbering the 1001 West Loop Property, to then be foreclosed in order to extinguish junior indebtedness including a lien securing purported debt owed to BDFI. Under Choudhri's control and direction, GLNH acquired the then-existing senior liens, and on September 3, 2019, Choudhri's selected and duly-appointed substitute trustee completed a non-judicial foreclosure sale, with GLNH as the successful bidder. As a result, GLNH became the record title owner of the 1001 West Loop Property, effective on or about September 3, 2019. GLNH granted Romspen a senior-position lien encumbering the 1001

**EXECUTION VERSION**

West Loop Property and all cash generated thereby as security for repayment of the Romspen Loan, as evidenced by, among other things, that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of September 4, 2019 and recorded at Instrument No. RP-2019-392981 in the Harris County, Texas, Official Records (the "Houston DOT").

2. GLNH defaulted under the Romspen Loan. Choudhri, on behalf of GLNH, negotiated several forbearance and/or reinstatement agreements with Romspen. GLNH and Choudhri failed and/or refused to comply with the forbearance and/or reinstatement agreements. Romspen therefore attempted to enforce its rights under the Romspen Loan.

3. On December 8, 2023, Romspen initiated Cause No. 2023-84714 in the Harris County, Texas, 190th Judicial District Court styled *TIG Romspen US Master Mortgage LP v. Galleria Loop Note Holder, LLC* (the "Romspen Enforcement Action") seeking, among other things, damages against GLNH under the Note and against Choudhri under his guaranty of the Note. The Romspen Enforcement Action has been abated but remains pending.

4. A non-judicial foreclosure sale was duly and properly noticed to occur on February 6, 2024 (the "1001 WL Petition Date"). On January 22, 2024, Choudhri, on behalf of GLNH, transferred the 1001 West Loop Property back to 1001 WL; and on the 1001 WL Petition Date, 1001 WL filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the 1001 WL Bankruptcy Case. As a result of the imposition of the automatic stay, Romspen did not proceed with the scheduled foreclosure sale.

5. On February 16, 2024, Romspen filed a secured proof of claim in the WL Bankruptcy Case at Claim No. 1 in the Official Claims Register, in the amount of $33,215,553.94, which was amended on July 12, 2024, to reflect a reduction to $33,115,553.94 (the "Romspen Claim").

6. On May 6, 2024, the judge in the WL Bankruptcy Case entered an order conditionally lifting the automatic stay to allow Romspen to conduct a non-judicial foreclosure sale. [ECF No. 151]. However, the judge entered orders periodically suspending the effectiveness of stay relief. [*See* ECF Nos. 206, 359]. On August 30, 2024, the judge entered an order expressly permitting Romspen to notice and post the 1001 West Loop Property for foreclosure in October 2024 or any month thereafter, and to conduct a foreclosure sale in accordance with the applicable loan documents and applicable law subject to a ruling on confirmation of the proposed, pending plan. [ECF No. 463]. On September 19, 2024, the judge entered an order denying confirmation of the Debtor's proposed, pending Chapter 11 plan in the WL Bankruptcy Case. [ECF No. 502]. Accordingly, Romspen is permitted to proceed with a non-judicial sale of the 1001 West Loop Property to occur as early as October 1, 2024.

7. A non-judicial foreclosure sale of the 1001 West Loop Property was duly and properly noticed to occur on October 1, 2024. On September 29, 2024, GLNH, under Choudhri's direction and control, initiated Cause No. 2024-67186 in Harris County, Texas,



Unofficial Copy Office of Marilyn Burgess District Clerk

District Court styled *Galleria Loop Note Holder, LLC v. TIG Romspen US Master Mortgage LP et al.* (the "GLNH TRO Action") seeking, among other things, entry of a temporary restraining order and preliminary injunction to prevent Romspen from conducting the scheduled October 1, 2024, foreclosure sale. Romspen removed the GLNH TRO Action to the United States District Court for the Southern District of Texas before the state court ancillary judge signed GLNH's proposed temporary restraining order. Romspen therefore intended to proceed with the non-judicial sale as scheduled. On October 1, 2025, Kirklin Properties, LLC, as the purported assignee of the lien interest of BDFI, filed Cause No. 2024-24786 in Harris County, Texas, District Court styled *Kirklin Properties, LLC v. George Lee et al.* (the "Kirklin Suit") seeking, among other things, entry of a temporary restraining order and preliminary injunction to prevent Romspen from conducting the scheduled October 1, 2024, foreclosure sale. The ancillary judge in the Kirklin Suit entered a temporary restraining order minutes before the scheduled start of the October 1, 2024, non-judicial trustee's sale. The substitute trustee conducted the October 1, 2024, sale in the event the temporary restraining order had not yet taken effect; however, after further analysis, the substitute trustee concluded that the sale was void and the substitute trustee declined to issue a substitute trustee's deed. The Kirklin Suit has since been non-suited.

8. Romspen has posted, noticed, and recorded the 1001 West Loop Property for a non-judicial foreclosure sale on December 2, 2025 (the "1001 WL December Sale").

9. The GLNH TRO Action was remanded back to the state court. GLNH sought *in rem* relief as to the 1001 West Loop Property. The Trustee intervened, removed the case to the United States District Court for the Southern District of Texas, and moved to transfer the case to the Austin Court – which motion was granted. The GLNH TRO Action is now pending in the Austin Court as Adversary Proceeding Case No. 25-01055.

10. Romspen initiated a separate adversary proceeding in the Austin Court styled *TIG Romspen US Master Mortgage LP v. Ali Choudhri, et al.*, Adversary Proceeding Case No. 24-01062 (the "Romspen Adversary"). Among other things, the Romspen Adversary seeks to enjoin Choudhri, GLNH, BDFI and others from interfering with or otherwise obstructing Romspen's lawful enforcement rights and remedies including any non-judicial foreclosure of the 1001 West Loop Property. The Romspen Adversary remains pending.

## C. The Lavernia Property and the RIC (Lavernia) Bankruptcy Case

11. In connection with one of the forbearance and/or reinstatement agreements between GLNH and Romspen, Choudhri induced Romspen by volunteering additional collateral to secure the Romspen Loan. As explained by Choudhri to Romspen, the additional collateral is real property located in Lavernia, Wilson County, Texas (the "Lavernia Property") owned by OTISCO. Choudhri represented that the Lavernia Property was subject to an existing lien, but did not disclose that he had any relationship or affiliation with the lienholder. Choudhri represented to Romspen that OTISCO is comprised of investors with an interest in the 1001 West Loop Property. Choudhri represented and contended that because OTISCO would be harmed if Romspen were to foreclose its lien in





Unofficial Copy Office of Marilyn Burgess District Clerk

the 1001 West Loop Property, OTISCO would be willing to grant Romspen a lien interest in the Lavernia Property in exchange for Romspen's forbearance. Romspen relied on Choudhri's representations, and accepted a lien against the Lavernia Property given by OTISCO to secure a portion of the Romspen Loan ($2,266,000) as evidenced by, among other things, that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated "as of the __the of August, 2023" and recorded on August 18, 2023, in the Wilson County, Texas, Official Records at Document No. 135641, Receipt No. 20230822000016 (the "Lavernia DOT"). Choudhri failed to disclose that Milestone, the holder and beneficiary of the prior lien encumbering the Lavernia Property, is an entity owned and controlled by Choudhri, or the circumstances giving rise to the alleged indebtedness owed by OTISCO purportedly secured by the deed of trust recorded in the Wilson County, Texas, Official Records on May 23, 2023, at Document No. 132703, Receipt No. 20230523000016 (the "Milestone DOT").

2. After GLNH failed to perform as agreed, Romspen pursued foreclosure of its lien encumbering the Lavernia Property pursuant to a non-judicial sale scheduled for the 1001 WL Petition Date. Choudhri attended the sale; Romspen did not. After the sale, the substitute trustee reported to Romspen that the sale had closed and Romspen had acquired the Lavernia Property for its opening bid of $100,000. Romspen then caused to be formed RIC (Lavernia) LLC ("RIC"), to serve as Romspen's designee of the successful credit bid. Romspen assigned its rights to the Lavernia DOT to RIC, and the substitute trustee issued a substitute trustee's deed reflecting that RIC was the successful bidder at the foreclosure sale for a $100,000 credit bid (the "RIC Deed"). The RIC Deed was recorded in the Wilson County, Texas, Official Records on March 26, 2024 at Document Number 141143, Receipt Number 20240326000033. Choudhri alleges irregularities in the foreclosure sale that render the RIC Deed void.

3. Milestone, under Choudhri's control, then purported to conduct a foreclosure sale of its alleged senior lien interest pursuant to the Milestone DOT. RIC initiated Cause No. CVW-2404240 in the Wilson County, Texas, 218th Judicial District Court styled *RIC (Lavernia) LLC v. Milestone Capital CRE 1, LLC* seeking, among other things, a temporary restraining order and preliminary injunction to prevent Milestone from foreclosing on the Lavernia Property; and disputing the validity of the Milestone DOT (the "RIC Lien Action"). The Wilson County state court issued a temporary restraining order, but later denied RIC's request for a preliminary injunction.

4. On June 27, 2024 (the "RIC Petition Date"), RIC filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division (the "San Antonio Court"), thereby commencing Case No. 24-51195 styled *In re RIC (Lavernia) LLC* (the "RIC BK Case").

5. On June 28, 2024, RIC removed the RIC Lien Action to the San Antonio Court, where it is now pending as Adversary Proceeding Case No. 24-05043. In the RIC Lien Action, the judge in the San Antonio Court has made findings that, among other things: (i) Choudhri controls Milestone; (ii) Choudhri controls OTISCO; and (iii) the Milestone DOT was fabricated by Chaudhri.





Unofficial Copy Office of Marilyn Burgess District Clerk

6. RIC has proposed a plan of reorganization (the "RIC Plan") in the RIC BK Case, which is scheduled for a confirmation hearing on November 24, 2025.

7. On May 1, 2025, OTISCO commenced Adversary Proceeding Case No. 25-05040 in the San Antonio Court styled *OTISCO RDX, LLC v. RIC (Lavernia) LLC et al.* (the "OTISCO Adversary") seeking declaratory judgment setting aside the RIC Deed. The OTISCO Adversary was disposed of on Summary Judgment with an adverse ruling on OTISCO's claims. The judgment is presently on appeal (the "OTISCO Appeal").

8. RIC and Romspen negotiated a resolution to correct documents relating to RIC's acquisition of the Lavernia Property, including a correction to the RIC Deed. On September 4, 2025, RIC filed in the RIC BK Case an application to approve the compromise between RIC and Romspen relating to the corrective documents (the "RIC 9019").

## D. The Lavernia Property and the RIC (Lavernia) Bankruptcy Case

1. On March 31, 2025, the Hon. Randy Wilson, sitting by special assignment, entered his Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors in Cause No. 2012-27197-D styled *Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle*, pending in the 333rd Judicial District Court of Harris County, Texas (the "D-Case"). Thereafter, on April 9, 2025, Judge Wilson entered his Amended Order (2) Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors in the D-Case (the "D-Case Receivership Order").

2. On April 1, 2025, the Hon. Randy Wilson, sitting by special assignment, entered his Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors in Cause No. 2012-27197-A styled *Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri*, pending in the 333rd Judicial District Court of Harris County, Texas (the "A-Case"). Thereafter, on April 7, 2025, Judge Wilson entered his Amended Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors in the A-Case (the "A-Case Receivership Order").

3. By orders entered in the RIC BK Case and the 1001 WL Bankruptcy Case, the San Antonio Court at ECF 304 and the Austin Court at ECF 996 (respectively) have confirmed that Receiver has the legal right and authority over the claims and assets of Choudhri, Milestone, OTISCO, BDFI and GLNH, among others (collectively, the "Authority Orders"). Receiver's authority includes the authority to settle claims and causes of action pursuant to the A-Case Receivership Order and the D-Case Receivership Order, subject only to approval by the bankruptcy court with jurisdiction over the assets of a debtor owned and controlled by Choudhri, to wit: 1001 WL.

4. Following good faith negotiations, the Parties desire to settle and compromise various disputes arising in connection with the foregoing matters on the terms set forth herein to avoid the expense, risk, and uncertainty of litigation.





Unofficial Copy Office of Marilyn Burgess District Clerk

NOW, THEREFORE, in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties covenant and agree as follows:

## II. OPERATIVE PROVISIONS.

For good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties agree to these Operative Provisions.

1. Incorporation of Recitals. All of the foregoing Recitals are incorporated into these Operative Provisions without any difference or distinction between the two segments of this Agreement.

2. Effective Date. This Agreement will become effective on the date all of the Parties have exchanged their signatures (the "Effective Date").

3. 1001 West Loop Property Foreclosure and 1001 WL Bankruptcy Case Resolution. Receiver[1] agrees not to interfere with Romspen's non-judicial foreclosure of the 1001 West Loop Property, including as it relates to the 1001 WL December Sale. Receiver further agrees to take such actions as reasonably requested by Romspen to render ineffective any purported injunction or other mechanism pursued by or at the direction of Choudhri to interfere with and/or obstruct Romspen's non-judicial foreclosure of the 1001 West Loop Property. Such actions may include, but are not limited to: (a) filing for withdrawal of any application for temporary restraining order sought by Choudhri or at Choudhri's direction; or (b) stipulating to the entry of an order in the Romspen Adversary that enjoins Choudhri, GLNH, BDFI, or any other party to that litigation from taking any action to interfere with and/or obstruct Romspen's non-judicial foreclosure of the 1001 West Loop Property. Receiver: (i) expressly acknowledges and affirms that Choudhri's actions and conduct as it relates to Romspen's efforts to foreclose the 1001 West Loop Property are the type of actions and conduct that support application of equitable tolling of any statute of limitations; (ii) expressly acknowledges and affirms that the statute of limitations does not operate as a bar to the 1001 WL December Sale or any other attempt by Romspen to foreclose its interests in the 1001 West Loop Property; (iii) expressly waives any and all limitations defenses in connection with the 1001 WL December Sale or any other attempt by Romspen to foreclose its interests in the 1001 West Loop Property; (iv) expressly acknowledges, affirms, and waives any objection whatsoever to the extent, validity, priority, and/or amount of Romspen's lien claims as set forth in the Romspen Claim; (v) consents to the turnover by any trustee of the 1001 WL bankruptcy estate of such property on account of Romspen's valid, perfected lien interests; (vi) consents to relief from the automatic stay in the 1001 WL Bankruptcy Case to the extent necessary to pursue a judicial foreclosure of the 1001 West Loop Property, and to reasonably cooperate with Romspen in connection with pursuing and conducting a judicial sale of the 1001 West Loop

---

[1] Unless stated otherwise, all agreements, acknowledgements, affirmations, consents, obligations, actions and responsibilities of Receiver as set forth in these Operative Provisions shall be on behalf of the receivership estate, Choudhri, GLNH, BDFI, Milestone, OTISCO, and any and all other Choudhri-related entities over which the Receiver asserts control subject only to approval by the bankruptcy court with jurisdiction over the assets of a debtor owned and controlled by Choudhri.





Unofficial Copy Office of Marilyn Burgess District Clerk

Property including, without limitation, through the Romspen Enforcement Action. Receiver agrees not to interfere with any assignment, designation, or transfer by Romspen of its lien interests in and to the 1001 West Loop Property to facilitate the substitute trustee's conveyance of title to such assignee, designee, or transferee. Receiver agrees that Receiver will support and will not oppose such resolution of the 1001 WL Bankruptcy Case as proposed by Romspen including, without limitation, conversion to Chapter 7.

4. Judgment in the Romspen Enforcement Action. Receiver agrees to reasonably cooperate with Romspen in connection with entry of a judgment in the Romspen Enforcement Action in the form attached here as Exhibit II.4. To the extent Romspen seeks to proceed with a judicial foreclosure of the 1001 West Loop Property through the Romspen Enforcement Action, Receiver agrees to reasonably cooperate in modifying Exhibit II.4 accordingly.

5. Judgment in the RIC Lien Action. Receiver agrees to reasonably cooperate with RIC in connection with entry of a judgment invalidating the Milestone DOT in the RIC Lien Action in the form attached hereto as Exhibit II.5.

6. OTISCO Appeal Withdrawal. Receiver agrees to withdraw the OTISCO Appeal promptly after the Effective Date.

7. RIC BK Case Resolution. Receiver agrees to withdraw promptly after the Effective Date any and all objections asserted by Choudhri, OTISCO, or Milestone to, and to affirmatively support, the RIC 9019; and expressly waives any and all objections to RIC and Romspen entering into the corrective documents described therein, recordation of such documents, and RIC's ownership of the Lavernia Property pursuant to the RIC Deed and/or the documents reflected in the RIC 9019. Receiver further agrees to waive any and all objections to the RIC BK Plan. Receiver agrees not to oppose, and to consent to, any motion by RIC to dismiss the RIC BK Case.

8. Dismissal With Prejudice of the GLNH TRO Action. Receiver agrees to reasonably cooperate with Romspen and the Trustee to dismiss, with prejudice, the GLNH TRO Action, all parties to bear their respective fees and expenses, promptly after the Effective Date.

9. Dismissal Without Prejudice of the Romspen Adversary. Receiver agrees to reasonably cooperate with Romspen to dismiss, without prejudice, the Romspen Adversary. Romspen shall be entitled to determine when to pursue such dismissal.

10. Payment to Receivership Estate. Romspen agrees to pay the Receiver, for the benefit of the receivership estate, the sum of Two Hundred Twenty-Five Thousand and NO/100 Dollars ($225,000.00). Payment shall be due within three (3) business days after both of the following have occurred: (a) Romspen or its designee, or a third-party purchaser for value at a sale approved and/or conducted by Romspen, takes title to the 1001 West Loop Property; and (b) the RIC BK Case is resolved either through entry of an order confirming the RIC Plan or entry of an order dismissing the RIC BK Case.

11. Release of Romspen Release Parties. Contingent upon performance of, and except for, Romspen's obligations under this Agreement, upon the Effective Date, the Receiver, for the receivership estate, Choudhri, GLNH, Milestone, OTISCO, and all other Choudhri-related





Unofficial Copy Office of Marilyn Burgess District Clerk

businesses and interests under the Receiver's control, shall and hereby does release, remise and forever discharge Romspen and its respective officers, partners, managers, directors, employees, agents, representatives, attorneys and their respective successors, insurers and assigns, legal representatives, past and present affiliates, divisions, companies, associations, partnerships and businesses ("Romspen Release Parties") from any and all actions, suits, debts, demands, accounts, claims, counterclaims, bonds, guaranties, obligations, bills, liabilities, controversies, damages, attorneys' fees and litigation costs, judgments and causes of action, in law, in equity, or otherwise ("Claims") which the Receiver ever had, now has, or may have in the future against the Romspen Release Parties.

12. Further Assurance. The Parties each shall execute and/or deliver such additional documents, and do such other acts as may be reasonably required in connection with the transactions contemplated by this Agreement.

13. Miscellaneous.

a. Third Party Beneficiaries. With the exception of the Romspen Release Parties, expressly including RIC, all of whom are expressly third party beneficiaries of this Agreement, this Agreement is made for the sole protection and benefit of the Parties hereto and no other person or entity shall have any right of action hereon or be a third party beneficiary hereof.

b. Entire Agreement. This Agreement embodies the entire agreement of the Parties with regard to the subject matter hereof. There are no representations, promises, warranties, understandings or agreements expressed or implied, oral or otherwise, in relation thereto, except those expressly referred to or set forth herein. Each of the Parties acknowledges that the execution and delivery of this Agreement is its free and voluntary act and deed, and that said execution and delivery have not been induced by, nor done in reliance upon, any representations, promises, warranties, understandings or agreements made by either Party, its agents, officers, employees or representatives.

c. Changes in Writing. No promise, representation, warranty or agreement made subsequent to the execution and delivery of this Agreement by any party hereto, and no revocation, partial or otherwise, or change, amendment or addition to, or alteration or modification of, this Agreement shall be valid unless the same shall be in writing signed by all of the Parties.

d. Time of the Essence. Time is expressly made of the essence of this Agreement.

e. Choice of Law and Venue. This Agreement shall be governed by and construed according to the laws of the State of Texas, without regard to conflicts of law principles. Any and all disputes arising from and/or relating to this Agreement shall exclusively be pursued in any state and/or federal court located in the State of Texas.

f. Attorneys' Fees. Should any Party hereto breach any term of this Agreement, the breaching Party shall pay the non-breaching Party all reasonable attorneys'





Unofficial Copy Office of Marilyn Burgess District Clerk

fees and other costs and fees incurred by the non-breaching Party in enforcing this Agreement or preparing for legal or other proceedings, whether or not said proceedings are instituted. In the event a lawsuit or other proceeding is brought by any Party based on this Agreement or breach thereof, the prevailing Party shall be entitled to recover its reasonable attorneys' fees and other costs and fees incurred enforcing this Agreement.

g. Counterparts. This Agreement may be executed in one or more counterparts, each of which shall be considered an original counterpart. Any signed Agreement or signature page to this Agreement that is transmitted by facsimile or in the portable document format (.pdf) shall be treated in all respects as an original Agreement or signature page.

h. Waiver of Presumptions. The Parties hereby waive the presumption that any ambiguities in a contract are read against the drafter of same. The Parties further agree that this Agreement was negotiated by the Parties and that each of them is the drafter of every part of this Agreement.

i. Headings. The headings or captions of sections and subsections in this Agreement are for convenience and reference only, do not define, control, or limit the provisions of such sections or paragraphs, and shall not affect the interpretation of this Agreement.

j. USE OF COUNSEL. THE PARTIES: (i) HAVE HAD AN OPPORTUNITY TO RETAIN LEGAL COUNSEL; AND (ii) ACKNOWLEDGE AND AGREE THAT PRIOR TO THEIR EXECUTION OF THIS AGREEMENT THEIR RESPECTIVE COUNSEL ADVISED THEM OF THE EFFECTS OF THIS AGREEMENT.

k. Notice. Any notice or communication required hereunder between the Parties must be in writing, and may be given personally, by next-day delivery through a nationally known overnight delivery service (such as, but not limited to, Federal Express or United Parcel Service), by certified or registered mail, or, if an email address is provided below, by email. Notice shall be deemed to have been given and received by the earlier of the date delivered to the Party to whom it is addressed and the date delivered to such Party's counsel. Any Party hereto may at any time, by giving ten (10) days' written notice to the other Party hereto, designate any address other than the one shown below and in substitution of the address shown below, or any additional address, to which such notice or communication shall be given. Notices under this Agreement shall be given to the Parties at their addresses set forth below:

Unofficial Copy Office of Marilyn Burgess District Clerk

| If to Receiver: | With a copy to: |
|---|---|
| Travis B. Vargo<br>12012 Wickchester, Suite 670<br>Houston, Texas 77079<br>Email: tvargo@vargolawfirm.com | Leslie M. Luttrell<br>Luttrell + Carmody Law Group<br>100 N.E. Loop 410, Ste. 615<br>San Antonio, Texas 78216<br>Email: luttrell@lclawgroup.net |

| If to Romspen and/or RIC: | With a copy to: |
|---|---|
| TIG Romspen US Master Mortgage LP<br>Attn: Mark Aber<br>162 Cumberland Street, Suite 300<br>Toronto, Ontario M5R 3N5<br>Markaber@Romspen.com | Bryan Cave Leighton Paisner LLP<br>Attn: Kyle S. Hirsch, Esq.<br>2200 Ross Avenue, Suite 4200W<br>Dallas, Texas 75201<br>Kyle.Hirsch@bclplaw.com |

l. No Admission of Liability. By entering into this Agreement, none of the Parties admit to any liability or wrongdoing whatsoever with respect to any claims or conduct heretofore or hereinafter asserted by any of the Parties hereto, and all Parties expressly deny any and all such liability and wrongdoing. The Parties acknowledge and agree that this Agreement may not be used as evidence to prove any alleged wrongdoing or any other alleged wrong, other than a failure to comply with the terms of this Agreement in any action or proceeding initiated by the Parties or any other individual or entity against the Parties. The Parties agree that this Agreement may be used as evidence in any action to enforce the terms of this Agreement.

m. Severability. If any of the provisions in this Agreement are determined to be invalid by a court, arbitrator, or government agency of competent jurisdiction, it is agreed that such determination shall not affect the enforceability of the other provisions herein. Notwithstanding the foregoing sentence, if a court, arbitrator, or government agency of competent jurisdiction issues a final ruling that Receiver lacks the authority to enter into this Agreement on behalf of Choudhri, OTISCO, Milestone, GLNH, or any other entity for whom Receiver makes agreements, acknowledgements, or affirmations herein or for whom Receiver is granting releases in favor of the Romspen Released Parties; and if in that event, Claims otherwise resolved and/or released herein are pursued against any of the Romspen Release Parties, then Romspen's payment obligations as set forth in Paragraph II.7 hereof shall be of no force or effect, and any payment made by Romspen on account of Paragraph II.7 shall be promptly returned to Romspen.

n. Integration. No promises, representations, understandings, or warranties have been made by any Party other than those that are expressly contained herein. This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements between the Parties, written or oral, pertaining to the same subject matter of this Agreement.

Unofficial Copy Office of Marilyn Burgess District Clerk

o. Warranty of Right and Authority. Each of the Parties to this Agreement expressly acknowledges that the execution, delivery and performance of this Agreement (a) are within its powers; (b) have been duly authorized by all necessary action on its behalf and all necessary consents or approvals have been obtained and are in full force and effect; and (c) do not violate any of the terms and conditions of: (i) its governing documents; and (ii) any Applicable Law. For purposes of this Agreement, "Applicable Law" means all existing laws, rules, regulations, statutes, treaties, codes, ordinances, permits, certificates, orders, decrees, licenses and concessions or any interpretations by, any governmental authority that are applicable to the relevant Party and the transactions contemplated by this Agreement. Each of the Parties that is not a natural person further warrants that the person signing on its behalf is duly authorized by appropriate entity action to sign this Agreement and bind their respective entities to it. The Receiver warrants and represents that his authority to enter into this Agreement is derived exclusively from the A-Case Receivership Order, the D-Case Receivership Order and the Authority Orders.

p. Construction. Should any term or provision of this Agreement be construed to be against public policy or determined by a court of competent jurisdiction to be void, invalid or unenforceable, such construction and decision shall affect only those paragraphs, clauses or provisions so construed or interpreted, and shall in no way affect the remaining paragraphs, clauses or provisions of this Agreement, which shall remain in force.

q. Calculation of Time. In the event that the first day a notice is deemed given under this Agreement, or the date for the performance of any obligation hereunder, falls on a Saturday, Sunday or legal holiday, the date such notice is deemed given, or the date for performance of such covenant or obligation, will be extended to the next Business Day. If any deadline or notice date herein is extended to the next Business Day, and such deadline is used to calculate a subsequent date, the extended date that falls on the next Business Day will be used to calculate the subsequent date. Unless otherwise provided in this Agreement, all time periods will be in calendar days. "Business Day" shall mean a day that is not a Saturday, Sunday or legal holiday.

(Execution Page To Follow)

Unofficial Copy Office of Marilyn Burgess District Clerk

**EXECUTION VERSION**

IN WITNESS WHEREOF, the parties have executed this Agreement as of the Execution Date.

| |
|---|
| **Travis Vargo, State Court-Appointed Receiver**<br><br>By: ______________ Receiver<br>Name: Travis B. Vargo |
| **TIG Romspen US Master Mortgage LP,** a Cayman Islands exempted limited partnership<br><br>By: Romspen US Mortgage GP Inc.,<br>An Ontario corporation, its general partner<br><br>By: ______________<br>Name:<br>Its: |

Unofficial Copy Office of Marilyn Burgess District Cle

**EXECUTION VERSION**

IN WITNESS WHEREOF, the parties have executed this Agreement as of the Execution Date.

**Travis Vargo, State Court-Appointed Receiver**

By:__________________________
Name: Travis B. Vargo

**TIG Romspen US Master Mortgage LP,** a Cayman Islands exempted limited partnership

By: Romspen US Mortgage GP Inc.,
An Ontario corporation, its general partner

By:__________________________
Name: J. Mickl[illegible]
Its: A.S.O.

Unofficial Copy Office of Marilyn Burgess District Cle

**EXECUTION VERSION**

**EXHIBIT II.4**

Form of Judgment in the Romspen Enforcement Action
(To Follow)

Unofficial Copy Office of Marilyn Burgess District Clerk

CAUSE NO. 2023-84714

| | | |
|---|---|---|
| TIG ROMSPEN US MASTER MORTGAGE LP, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 80[TH] JUDICIAL DISTRICT |
| GALLERIA LOOP NOTE HOLDER, LLC; and ALI CHOUDHRI, an individual, | § | |
| | § | |
| | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

Unofficial Copy Office of Marilyn Burgess District Clerk

**FINAL JUDGMENT**

Plaintiff TIG Romspen US Master Mortgage LP ("Plaintiff") and Defendants Galleria Loop Note Holder, LLC ("GLNH") and Ali Choudhri, an individual ("Choudhri" and, together with GLNH, "Defendants"), by and through Travis Vargo as state court-appointed receiver ("Receiver"), stipulate to the entry of this Judgment.

The Court hereby finds as follows:

A. As of May 31, 2019, Plaintiff and GLNH entered into a loan transaction (the "Loan") evidenced by, among other things: (i) that certain Loan Agreement (the "Loan Agreement") and (ii) that certain Promissory Note, as amended by that Amended and Restated Promissory Note (together, the "Note") in the original principal amount of $25,678,501.32. Plaintiff is the current holder of the Note.

B. GLNH's payment and performance obligations are secured by, among other things, certain real property, related personal property, and improvements thereon located at 1001 West Loop South, Houston, Texas, 77027 (the "Property"), as more fully described in, among other things: (i) that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated September 4, 2019, and recorded on September 5, 2019, in the Official

Records of Harris County, Texas at Document Number RP-2019-392981 (the "Deed of Trust"); and (ii) that certain Assignment of Leases and Rents dated September 4, 2019, and recorded on September 5, 2019, in the Official Records of Harris County, Texas at Document Number RP-2019-393175 (the "Assignment of Rents").

C. Under the Loan Agreement, GLNH's failure to pay or perform as agreed constitutes a default, and if, after notice and an opportunity to cure, the failure continues, such failure constitutes an Event of Default.

D. Upon the occurrence of an Event of Default, Plaintiff is entitled to, among other things, (i) accelerate the maturity of the Note (if not already matured), (ii) demand immediate payment thereof plus interest at the default rate that is 5.0% higher than the non-default rate, (iii) demand all rents (and proceeds thereof) and books and records relating to the operation of the Property, and (iv) recover all attorneys' fees and costs incurred in connection with collecting on the unpaid outstanding balance owed by GLNH.

E. Choudhri personally guaranteed GLNH's Loan repayment and performance obligations as set forth in that certain Guaranty agreement dated as of May 31, 2019, executed by Choudhri in favor of Plaintiff (the "Guaranty").

F. Under the Guaranty, Choudhri absolutely, unconditionally, and irrevocably guaranteed to Plaintiff, as primary obligor and not merely as surety, the due, prompt, and full payment and performance of all liabilities, obligations, or undertakings owing by GLNH to Plaintiff of any kind or description arising out of or outstanding under, advanced or issued pursuant to, or evidenced by the Loan Agreement or other Loan documents or in any other agreement between GLNH and Plaintiff.

Unofficial Copy Office of Marilyn Burgess District Clerk

G. Among other things, Choudhri unconditionally agreed: (i) to pay to Plaintiff the full amount of the Loan as and when the same became due and payable under the Loan documents and (ii) to repay all attorneys' fees and costs incurred by Plaintiff in connection with enforcing the Guaranty and/or any Loan document.

H. GLNH defaulted under the Loan in numerous ways, including but not limited to: failing to repay the outstanding balance of the Note when it matured on May 31, 2020; failing to pay property taxes when due, resulting in the filing of third party tax liens; permitting additional liens to be placed against the Property; and failing to cure the same within the applicable cure period (the "Maturity Date Defaults"). As a result of the Maturity Date Defaults, Plaintiff has the lawful right to enforce its rights and remedies.

I. Plaintiff, through its legal counsel, provided written notice to Defendants and numerous opportunities to cure their defaults. Despite such notice and opportunity to cure, Defendants failed to cure.

J. Plaintiff, through its legal counsel, demanded as of no later than October 13, 2023, immediate repayment of the outstanding Loan and Guaranty obligations. Defendants failed and/or refused to pay as demanded by Plaintiff.

K. GLNH's failure to pay and perform as agreed under the Loan Agreement, the Note, the Deed of Trust, the Assignment of Rents, and other documents evidencing and relating to the Loan constitutes a breach by GLNH of its contracts with Plaintiff.

L. Choudhri's failure to pay and perform as agreed under the Guaranty constitutes a breach by Choudhri of his contract with Plaintiff.

M. On December 8, 2023, Plaintiff initiated this suit against Defendants to, among other things, recover on the unpaid Loan.





Unofficial Copy Office of Marilyn Burgess District Clerk

N. As of June 16, 2025, the following amounts remain unpaid, due and owing:

| | |
|---|---|
| Outstanding unpaid principal: | $20,464,692.94 |
| Property tax advances: | $494,020.22 |
| Outstanding unpaid interest at the non-default rate of 10.25%: | $10,354,024.02 |
| Outstanding unpaid interest at the additional 5.0% default rate: | $8,020,864.77 |
| Fees and other Loan Agreement charges: | $1,107,376.54 |
| Attorney's fees and other expenses incurred: | $1,903,328.39 |
| **TOTAL:** | **$42,371,306.88** |

O. Interest accrues on the outstanding unpaid balance at the default rate of 15.25% in the per diem amount of **$16,612.89**.

P. Plaintiff has been damaged as a result of Defendants' breaches in an amount calculated as the unpaid, due and owing amounts, plus interest thereon.

Q. Travis Vargo has been found by two United States Bankruptcy Judges to have the exclusive authority to represent the interests of Choudhri and entities controlled by Choudhri; one of those judges expressly affirmed Mr. Vargo's exclusive authority to represent the interests of GLNH. *See* "Order Granting the Receiver's Motion to Show Authority," *In re RIC (Lavernia) LLC*, Case No. 24-51195, United States Bankruptcy Court, W.D. Tex., ECF No. 304, p. 6 (October 17, 2025) (Parker, J.) ("The Receiver's authority to manage and operate Mr. Choudhri's business – to manage and operate where Mr. Choudhri has the right to manage and operate – includes the authority to litigate claims."); "Order Regarding Motions to Show Authority [ECF Nos. 837, 838, 839, 840, 970]," *In re 1001 WL, LLC*, Case No. 24-10119, United States Bankruptcy Court, W.D. Tex., ECF No. 996, p. 9 (October 20, 2025) (Bradley, J.) ("The Amended Orders are clear: The Receiver has the exclusive power to litigate on behalf of Mr. Choudhri and on behalf of BDFI, LLC, Galleria Loop Note Holder, LLC, and Jetall Capital LLC.").





Unofficial Copy Office of Marilyn Burgess District Clerk

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff TIG Romspen US Master Mortgage LP shall have and recover of and from Defendants Galleria Loop Note Holder, LLC and Ali Choudhri, jointly and severally, the following sums:

1. Actual damages in the amount of **$42,371,306.88** due to Defendants' breaches of their contractual obligations owed, plus interest at the daily rate of **$16,612.89** through the date of entry of Judgment; and

2. Post-Judgment interest at the rate of 15.25% per annum.

The foregoing amounts shall be reduced by any recovery by Plaintiff from any other collateral securing Defendants' payment and performance obligations in accordance with applicable law. However, nothing in this Judgment constitutes an order or direction that Plaintiff marshal assets towards recovery of the judgment amount; rather, Plaintiff may pursue recovery from any and all available sources in any order or manner not inconsistent with applicable law, in Plaintiff's sole and absolute discretion.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Judgment is final and that Plaintiff TIG Romspen US Master Mortgage LP is allowed such writs and processes as may be necessary in the enforcement and collection of this Judgment.

This Judgment disposes of all claims and all parties, and is therefore a final judgment that is appealable immediately upon entry.

SIGNED this _____ day of ___________________, 20____.

Unofficial Copy Office of Marilyn Burgess District Clerk

_________________________________

JUDGE PRESIDING

Stipulated and agreed by:
**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Justin D. Hanna*
Kyle S. Hirsch
Texas Bar No. 24117262
Justin D. Hanna
Texas Bar No. 24095726
2200 Ross Ave., Suite 4200W
Dallas, Texas 75201
(214) 721-8000 (Telephone)
(214) 721-8100 (Facsimile)
kyle.hirsch@bclplaw.com
justin.hanna@bclplaw.com

**ATTORNEYS FOR PLAINTIFF RIC (LAVERNIA) LLC**

**LUTTRELL + CARMODY LAW GROUP**

*/s/ Leslie M. Luttrell*
Leslie M. Luttrell (Tex. Bar No. 12708650)
One International
100 N.E. Loop 410, Suite 615
San Antonio, TX 78216
Telephone: 210-426-3600
Email: luttrelll@lclawgroup.net

**COUNSEL FOR TRAVIS VARGO, AS RECEIVER**

Unofficial Copy Office of Marilyn Burgess District Clerk

**EXHIBIT II.5**

Form of Judgment in the RIC Lien Action
(To Follow)

Unofficial Copy Office of Marilyn Burgess District Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **RIC (LAVERNIA) LLC,** | § | **Case No. 24-51195-mmp** |
| | § | |
| **Debtor** | § | **Chapter 11** |
| | § | |
| **RIC (LAVERNIA) LLC,** | § | |
| | § | |
| **Plaintiff** | § | **Adversary No. 24-05043-mmp** |
| | § | |
| **v.** | § | |
| | § | |
| **MILESTONE CAPITAL CRE 1, LLC; LORI DAVES AND JOHN DAVES, AS SUBSTITUTE TRUSTEE; ANDRES CEDILLOS,** | § | |
| | § | |
| **Defendants** | § | |

Unofficial Copy Office of Marilyn Burgess District Clerk

**STIPULATED JUDGMENT**

Plaintiff RIC (Lavernia) LLC ("**Plaintiff**") and Defendant Milestone Capital CRE 1, LLC ("**Milestone**"), by and through Travis Vargo as state court-appointed receiver ("**Receiver**"), stipulate to the entry of this Judgment.

The Court finds and concludes as follows:

1. Plaintiff owns good and valid title to the property that is described on Exhibit A hereto (the "**Property**").

2. This Judgment incorporates by this express reference the allegations set forth in Paragraphs 2.1-2.8 of this Court's *Order Granting Plaintiff's Motion For Sanctions* entered on October 9, 2025 [ECF 176] (the "**Sanctions Order**"), which allegations are deemed to be true.

3. The Receiver has the exclusive authority to represent the interests of Milestone in this adversary proceeding. *See In re RIC (Lavernia) LLC*, Case No. 24-51195, United States Bankruptcy Court, W.D. Tex., ECF Nos. 304, 305.

Given the foregoing, **JUDGMENT IS HEREBY RENDERED** that:

A. The Deed of Trust and Security Agreement dated January 2, 2023, and recorded on May 23, 2023, in the Official Public Records of Wilson County, Texas (the "**Wilson County Records**") (Document No. 2023-132703) (the "**Milestone DOT**"), which purports to secure repayment by OTISCO RDX, LLC of a promissory note in the original principal amount of $5,900,000 payable to Milestone, is invalid, void, and of no force or effect.

B. Upon recording of this Judgment in the Wilson County Records, the Milestone DOT is deemed expunged. For the avoidance of any doubt, Milestone has no right, title and/or interest in the Property, and upon the recording of this Judgment in the Wilson County Records, any purported right, title and/or interest of Milestone in the Property reflected in the Wilson County Records is deemed expunged.

# # #

Unofficial Copy Office of Marilyn Burgess District Clerk

Stipulated and agreed by:
**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Justin D. Hanna*
Kyle S. Hirsch
Texas Bar No. 24117262
Justin D. Hanna
Texas Bar No. 24095726
2200 Ross Ave., Suite 4200W
Dallas, Texas 75201
(214) 721-8000 (Telephone)
(214) 721-8100 (Facsimile)
kyle.hirsch@bclplaw.com
justin.hanna@bclplaw.com

**ATTORNEYS FOR PLAINTIFF RIC (LAVERNIA) LLC**

**LUTTRELL + CARMODY LAW GROUP**

*/s/ Leslie M. Luttrell*
Leslie M. Luttrell (Tex. Bar No. 12708650)
One International
100 N.E. Loop 410, Suite 615
San Antonio, TX 78216
Telephone: 210-426-3600
Email: luttrelll@lclawgroup.net

**COUNSEL FOR TRAVIS VARGO, AS RECEIVER**

Unofficial Copy Office of Marilyn Burgess District Clerk