# EXHIBIT F

In re 1001 WL, LLC, ECF Nos. 935, 936 (Aug. 29, 2025) and 954 (Sept. 12, 2025); In re Meandering Bend, LLC, ECF Nos. 28 and 65

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **In re:** | **§** | |
| | **§** | |
| **1001 WL, LLC** | **§** | **Chapter 11** |
| | **§** | **Case No. 24-10119-smr** |
| **Debtor.** | **§** | |

**MOTION OF TRAVIS VARGO, COURT APPOINTED RECEIVER, FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

TO THE HONORABLE, SHAD M. ROBINSON,
UNITED STATES BANKRUPTCY JUDGE:

**L. RULE 4001 NOTICE**

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN 14 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD. A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD. ANY RESPONSE MUST BE TIMELY FILED WITH THE UNITED STATES BANKRUPTCY CLERK, WESTERN DISTRICT OF TEXAS, HOMER J. THORNBERRY FEDERAL JUDICIAL BUILDING, 903 SAN JACINTO BLVD., SUITE 322, AUSTIN, TX 78701. IF A TIMELY RESPONSE IS FILED, THE COURT WILL THEN SET A HEARING ON THE MOTION, AND YOU WILL BE PROVIDED WITH NOTICE OF THE DATE, TIME, AND PLACE OF THE HEARING. IF YOU DO NOT ATTEND THE HEARING, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE MOTION..**

Comes now, TRAVIS VARGO, Court Appointed Receiver[1] (the "Receiver") and files this his Motion for Relief from Stay (the "Motion") for cause pursuant to 11 U.S.C. §362(d)(1) and would respectfully show this Court as follows:

---

[1] Travis Vargo was appointed as the Receiver of Ali Choudhri in Cause No. 2012-27197-A styled Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri, pending in the 333rd Judicial District Court of Harris County, Texas and of Ali Choudhri, Dalio Holdings I LLC, and Dalio Holdings II LLC in Cause No. 2012-27197-D styled Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle, pending in the 333rd Judicial District Court of Harris County, Texas.

## I.
## JURISDICTION AND VENUE

1. Jurisdiction of this Court to hear this matter is founded upon 28 U.S.C. §§ 1334 and 157(a).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). The statutory predicate for the relief sought herein is 11 U.S.C. § 362 and Bankruptcy Rules of Procedure 4001 and 9014.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1408.

## II.
## BACKGROUND

4. Ali Choudhri ("Choudhri"), Dalio Holdings I, LLC ("Dalio I") and Dalio Holdings II, LLC ("Dalio II") are judgment debtors of Mokaram-Latif West Loop, Ltd. and Osama Abdullatif in Cause No. 2012-27197-A styled *Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri*, pending in the 333rd Judicial District Court of Harris County, Texas (the "A-Case"). Choudhri, Dalio I and Dalio II are judgment debtors of Ali Mokaram in Cause No. 2012-27197-D styled *Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle*, pending in the 333rd Judicial District Court of Harris County, Texas[2] (the "D-Case"). The judgment entered in the A-Case has been appealed by each of Choudhri, Dalio I and Dalio II. The D-Case has been appealed by Choudhri alone. Neither of the appeals were superseded by the posting of a supersedeas bond by Choudhri, Dalio I or Dalio II.

5. On March 31, 2025, the Hon. Randy Wilson, sitting by special assignment, entered his ***Order Granting Turnover, Charging Order, and Appointment of Receiver***

[2] The 333rd Judicial District Court of Harris County, Texas and Judge Randy Wilson is generally referred to as the "Receivership Court".

*Against Judgment Debtors* in the D-Case. Thereafter, on April 9, 2025, Judge Wilson entered his *Amended Order (2) Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the D-Case (the "The D-Case Receivership Order"). A true and correct copy of the D-Case Receivership Order is filed of record in this bankruptcy proceeding as ECF 931-2.

5. On April 1, 2025, the Hon. Randy Wilson, sitting by special assignment, entered his *Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in A-Case. Thereafter, on April 7, 2025, Judge Wilson entered his *Amended Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the A-Case (the "The A-Case Receivership Order"). A true and correct copy of the A-Case Receivership Order is filed of record in this bankruptcy proceeding as ECF 931-1.

6. Pursuant to the terms of the A-Case Receivership Order and the D-Case Receivership Order (collectively the "Receivership Orders"), the Receiver was given exclusive control over all of the Choudhri Receivership Assets, as therein defined, excluding management rights in the Choudhri LLC's, as defined in the Receivership Orders. Subsequent to the entry of the Receivership Orders, the 14th Court of Appeals published its opinion in *WC 4th & Colo. V. Colo. Third St., LLC,* which likely impacts the scope of the Receivership Orders relative to the authority of a receiver regarding management and membership interests of single member limited liability companies. *See WC 4th & Colo. V. Colo. Third St., LLC,* 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025). The Hon. Randy Wilson authored both the opinion in *WC 4th & Colo*. and the Receivership Orders.

7. Subsequent to the entry of the Receivership Orders, Choudhri directed the filing of the bankruptcy proceedings for Dalio I (Case No. 25-11157-smr), Meandering Bend, LLC (25-51815-mmp)[3], and Memorial Glen Cove, LLC (25-51840-mmp)[4]. Choudhri has further attempted to control the actions and assets of Dalio I and Dalio II as well as various other entities that are the subject of the Receivership Orders within the bankruptcy proceedings of 1001 WL, LLC (Case No. 24-10119-smr), RIC (Lavernia) LLC (Case No. 24-51195-mmp), and Texas REIT, LLC (Case No. 24-10120-smr), notwithstanding the express terms of the of the D-Case Receivership Order.

8. On or about August 11, 2025 Choudhri filed a pleading in the A-Case styled "*Choudhri Supersedeas with Alternate Security*" (the "Choudhri Motion"). Choudhri contends that the Choudhri Motion constitutes the equivalent of a supersedeas bond and therefore stays or renders moot the appoint of the Receiver. On August 20, 2025, the Receiver filed his *Emergency Motion To Confirm Active Status Of Receivership, Strike Misleading Filings And/Or For Zoom Status Conference* in each of the A-Case and the D-Case (the "Receiver's Emergency Motions"). Judge Wilson declined to hear and consider the Receiver's Emergency Motions until authorization to proceed was obtained from each of the bankruptcy courts and cases in which proceedings are presently pending that involve Choudhri, the Choudhri LLC's and the Bankrupt LLC's in existence.

---

3 By order entered on August 28, 2025, the Hon. Michael Parker transferred the Meandering Bend, LLC case to the Austin Division of the Western District of Texas.

4 Memorial Glen Cove has since been dismissed sua sponte by Judge Parker.

## III. RELIEF REQUESTED

### A. Determination of the scope of the Receivership Assets and control thereof by the Receiver

9. The Receiver contends that under *WC 4th & Colo.* he holds exclusive control over the management of the Choudhri LLC's and that Choudhri is impermissibly exercising dominion and control over those entities and their assets in violation of the Receivership Orders. Accordingly, clarification of the scope of the Receivership Orders is required.

### B. Determination of Status of Receivership and Adequacy of Supersedeas with Alternate Security

10. Choudhri, through Justin Rayome[5], has asserted, as late as August 27, 2025 in hearings before Judge Parker, that the Receiver does not have standing to proceed in the various bankruptcy proceedings because the Choudhri Motion constituted the superseding of the judgments in the A-Case and the D-Case. As more fully set forth in the Receiver's Emergency Motion, the Receiver requires clarification from the Receivership Court of the effectiveness of the Choudhri Motion.

11. While the Receiver believes that the Receivership Court may clarify the scope of the Receivership Orders and determine the adequacy or inadequacy of the Choudhri Motion to meet the supersedeas requirements of Rule 24 TX. R. App. Proc. without running afoul of the automatic stay provisions of the 11 U.S.C. §362, the Receivership Court has expressed its reticence proceed in the absence of authorization from this Court in the instant proceeding.

5 Mr. Rayome is counsel or co-counsel for each of the Debtor entities except for RIC (Lavernia), LLC and represents Otisco RDX, LLC and Milestone Capital in one or more of the pending bankruptcy proceedings.

**WHEREFORE, PREMISES CONSIDERED**, Movant, TRAVIS VARGO, Court Appointed Receiver, prays that upon final hearing of this Motion, that this Court enter its order modifying the automatic stay imposed pursuant to 11 U.S.C. §362 to permit the Receiver to:

A. Seek and obtain a determination from the Receivership Court regarding the application of *WC 4th & Colo. V. Colo. Third St., LLC,* 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025) to the Receivership Orders;

B. Seek and obtain a modification of the Receivership Orders to conform, as applicable, to *WC 4th & Colo. V. Colo. Third St., LLC,* 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025), ;

C. To confirm the active status of the Receivership and, as applicable, the adequacy of the purported Choudhri Motion;

F. such other further relief, legal and equitable, to which Travis Vargo, Court Appointed Receiver, may be justly entitled.

Respectfully submitted,

LUTTRELL + CARMODY LAW GROUP
One International Centre
100 NE Loop 410, Suite 615
San Antonio, Texas 78216
Tel. 210.426.3600
Fax 210.426.3610

By: /s/ Leslie M. Luttrell
Leslie M. Luttrell
State Bar No. 12708650

**ATTORNEYS FOR TRAVIS VARGO, COURT APPOINTED RECEIVER**

## CERTIFICATE OF SERVICE

I, Leslie M. Luttrell, do hereby certify that on the 29th day of August, 2025, I caused a copy of the foregoing pleading to be served to the Debtor and Debtor's Counsel, all parties receiving electronic notice, and all parties on the attached creditor mailing matrix either through the Court's ECF System or via U.S. First Class Mail, postage prepaid.

**Debtor**
1001 WL, LLC
2450 Wickersham Lane
Suite 202
Austin, TX 78741

**Attorney for Ali Choudhri**
Justin Rayome
1001 West Loop South, Suite 700
Houston, TX 77027

**US Trustee**
John Patrick Lowe
2402 East Main Street
Uvalde, TX 78801

**Attorney for the Trustee**
Brian Talbot Cumings
Graves Dougherty Hearon & Moody, PC
401 Congress Ave #2700
Austin, TX 78701

**US Trustee's Office**
Shane P. Tobin
903 San Jacinto Blvd.
Room 230
Austin, TX 78701

/s/ Leslie M. Luttrell
Leslie M. Luttrell

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **In re:** | **§** | |
| | **§** | |
| **1001 WL, LLC** | **§** | **Chapter 11** |
| | **§** | **Case No. 24-10119-smr** |
| **Debtor.** | **§** | |

**MOTION FOR EXPEDITED CONSIDERATION OF MOTION OF TRAVIS VARGO, COURT APPOINTED RECEIVER, FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

COMES NOW, TRAVIS VARGO, Court Appointed Receiver[1] (the "Receiver") and files this Motion for Expedited Consideration of his Motion for Relief from Stay (the "Motion") for cause pursuant to 11 U.S.C. §362(d)(1) and would respectfully show this Court as follows:

1. On March 31, 2025, the Hon. Randy Wilson, sitting by special assignment, entered his *Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in Cause No. 2012-27197-D styled *Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle*, pending in the 333rd Judicial District Court of Harris County, Texas (the "D-Case"). Thereafter, on April 9, 2025, Judge Wilson entered his *Amended Order (2) Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the D-Case (the "The D-Case Receivership Order"). A true and correct copy of the D-Case Receivership Order is filed of record in this bankruptcy proceeding as ECF 679-2.

[1] Travis Vargo was appointed as the Receiver of Ali Choudhri in Cause No. 2012-27197-A styled Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri, pending in the 333rd Judicial District Court of Harris County, Texas and of Ali Choudhri, Dalio Holdings I LLC, and Dalio Holdings II LLC in Cause No. 2012-27197-D styled Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle, pending in the 333rd Judicial District Court of Harris County, Texas.

2. On April 1, 2025, the Hon. Randy Wilson, sitting by special assignment, entered his *Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in Cause No. 2012-27197-A styled *Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri*, pending in the 333rd Judicial District Court of Harris County, Texas (the "A-Case") Thereafter, on April 7, 2025, Judge Wilson entered his *Amended Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors* in the A-Case (the "The A-Case Receivership Order"). A true and correct copy of the A-Case Receivership Order is filed of record in this bankruptcy proceeding as ECF 679-1.

3. Subsequent to the entry of the Receivership Orders, Choudhri directed the filing of the bankruptcy proceedings for Dalio I (Case No. 25-11157-smr), Meandering Bend, LLC (25-51815-mmp)[2], and Memorial Glen Cove, LLC (25-51840-mmp)[3]. Choudhri has further attempted to control the actions and assets of Dalio I and Dalio II as well as various other entities that are the subject of the Receivership Orders within the bankruptcy proceedings of 1001 WL, LLC (Case No. 24-10119-smr), RIC (Lavernia) LLC (Case No. 24-51195-mmp), and Texas REIT, LLC (Case No. 24-10120-smr) notwithstanding the express terms of the D-Case Receivership Order.

4. The Receiver would show the Court that expedited consideration of the Motion is warranted because Ali Choudhri and those assisting him continue to interfere with the legitimate ends of the Receivership Orders and confirmation of the scope of the Receiver's authority as well as the validity of the Choudhri Motion[4] must be promptly

---

[2] By order entered on August 28, 2025, the Hon. Michael Parker transferred the Meandering Bend, LLC case to the Austin Division of the Western District of Texas.
[3] Memorial Glen Cove has since been dismissed sua sponte by Judge Parker.
[4] As defined in the Motion for Relief from Stay

determined by the Receivership Court who will not act without authorization from this Court.

WHEREFORE, TRAVIS VARGO, Court Appointed Receiver, prays that the Court grant his Motion for Expedited Hearing and expedite the consideration of the Motion and set it for consideration on September 4th, 2025 or the Court's next available docket.

**CERTIFICATE OF CONFERENCE**

On August 29, 2025, the undersigned conferred with Shane P. Tobin, counsel for the US Trustee's Office, Brian Cummings, counsel for the Chapter 11 Trustee, and Justin Rayome, counsel for Ali Choudhri.

Mr. Tobin does not oppose expedited consideration.

Mr. Cummings does not oppose expedited consideration.

Mr. Rayome has not responded, but is expected to oppose expedited consideration..

By: /s/ Leslie M. Luttrell
Leslie M. Luttrell

Respectfully submitted,

Luttrell + Carmody Law Group
One International Centre
100 N.E. Loop 410, Suite 615
San Antonio, Texas 78216
Tel. 210.426.3600
luttrell@lclawgroup.net

By: /s/ Leslie M. Luttrell
Leslie M. Luttrell
State Bar No. 12708650

**ATTORNEYS FOR TRAVIS B. VARGO, COURT-APPOINTED RECEIVER**

## CERTIFICATE OF SERVICE

I, Leslie M. Luttrell, do hereby certify that on the 29th day of August, 2025, I caused a copy of the foregoing pleading to be served to the Debtor, the Trustee, all parties receiving electronic notice, and all parties on the attached creditor mailing matrix either through the Court's ECF System or via U.S. First Class Mail, postage prepaid.

**Debtor**
1001 WL, LLC
2450 Wickersham Lane
Suite 202
Austin, TX 78741

**Attorney for Ali Choudhri**
Justin Rayome
1001 West Loop South, Suite 700
Houston, TX 77027

**Trustee**
John Patrick Lowe
2402 East Main Street
Uvalde, TX 7880

**Counsel for Chapter 11 Trustee**
Brian Talbot Cumings
Graves Dougherty Hearon & Moody, PC
401 Congress Ave #2700
Austin, TX 78701

**US Trustee's Office**
Shane P. Tobin
903 San Jacinto Blvd.
Room 230
Austin, TX 78701

By: /s/ Leslie M. Luttrell
Leslie M. Luttrell

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: September 12, 2025**

**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 24-10119-SMR** |
| **1001 WL, LLC,** | § | |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

**ORDER GRANTING MOTION OF TRAVIS VARGO, COURT APPOINTED RECEIVER, FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

Came before the Court for consideration in the above bankruptcy proceeding, the *Motion for Relief from Stay for Cause Pursuant to 11 U.S.C. §362(d)(1)* (the "Motion")[1] filed by Travis Vargo, Court Appointed Receiver (the "Receiver").[2] Having considered the Motion, the arguments of counsel, the evidence presented, the pleadings on file, and for the reasons set forth on the record, the Court now finds that the Receiver has established sufficient cause pursuant to

1 Capitalized terms used herein and not defined shall have the definition set forth in the Motion.

2 Travis Vargo was appointed as the Receiver of Ali Choudhri in Cause No. 2012-27197-A styled Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri, pending in the 333rd Judicial District Court of Harris County, Texas and of Ali Choudhri, Dalio Holdings I LLC, and Dalio Holdings II LLC in Cause No. 2012-27197-D styled Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle, pending in the 333rd Judicial District Court of Harris County, Texas.

11 U.S.C. § 362(d)(1). The Court further finds that the automatic stay should be modified to permit the Receiver to proceed in the Receivership Court to obtain relief as hereinafter provided. In addition, the Court *sua sponte* finds that cause exists due to the limited scope of the relief requested by the Receiver. The Court issues this Order to allow the Receivership Court (or such other court with proper jurisdiction) to determine the issue of the scope of the Receivership and the authority of the Receiver. Based on the foregoing, it is therefore

**ORDERED** that the Receiver is hereby authorized to:

A. Seek and obtain a determination from the Receivership Court (or such other court with proper jurisdiction) regarding the application of *WC 4th & Colo. v. Colo. Third St., LLC*, 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025) to the Receivership Orders;

B. Seek and obtain a modification of the Receivership Orders to conform, as applicable, to *WC 4th & Colo. V. Colo. Third St., LLC*, 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025);

C. Confirm the active status of the Receivership and, as applicable, the adequacy of the purported Choudhri Motion;

D. Perform such other further relief, legal and equitable, to which TRAVIS VARGO, Court Appointed Receiver, may be justly entitled.

**IT IS FURTHER ORDERED** that the Court's findings of fact and conclusions of law as set forth on the record are incorporated herein. To the extent of a conflict, the findings of fact and conclusions of law in this Order shall supplement those on the record.

**IT IS FURTHER ORDERED** that nothing contained herein terminates or modifies the automatic stay to permit the Receiver to seek to recover and/or exercise control over property of

the estate unless authorized by further order of this Court. However, this Order does not prohibit the Receiver from exercising any state court rights and/or remedies if this bankruptcy case is dismissed.

**IT IS FURTHER ORDERED** that all parties reserve any and all rights, remedies, and arguments that can be asserted in the Receivership Court (or such other court with proper jurisdiction). This Court is not ruling upon any of the issues outlined above by virtue of this Order.

**IT IS FURTHER ORDERED** that the Court is not ruling upon any other issues in this bankruptcy case by virtue of this Order.

# # #

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **MEANDERING BEND, LLC** | § | **Case No. 25-11334-smr** |
| | § | **Chapter 11** |
| **Debtor.** | § | |

**MOTION OF TRAVIS VARGO, COURT APPOINTED RECEIVER, FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

TO THE HONORABLE, SHAD M. ROBINSON,
UNITED STATES BANKRUPTCY JUDGE:

## L. RULE 4001 NOTICE

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN 14 DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD. A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD. ANY RESPONSE MUST BE TIMELY FILED WITH THE UNITED STATES BANKRUPTCY CLERK, WESTERN DISTRICT OF TEXAS, HOMER J. THORNBERRY FEDERAL JUDICIAL BUILDING, 903 SAN JACINTO BLVD., SUITE 322, AUSTIN, TX 78701. IF A TIMELY RESPONSE IS FILED, THE COURT WILL THEN SET A HEARING ON THE MOTION, AND YOU WILL BE PROVIDED WITH NOTICE OF THE DATE, TIME, AND PLACE OF THE HEARING. IF YOU DO NOT ATTEND THE HEARING, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE MOTION.**

Comes now, TRAVIS VARGO, Court Appointed Receiver[1] (the "Receiver") and files this his Motion for Relief from Stay (the "Motion") for cause pursuant to 11 U.S.C. §362(d)(1) and would respectfully show this Court as follows:

[1] Travis Vargo was appointed as the Receiver of Ali Choudhri in Cause No. 2012-27197-A styled Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri, pending in the 333rd Judicial District Court of Harris County, Texas and of Ali Choudhri, Dalio Holdings I LLC, and Dalio Holdings II LLC in Cause No. 2012-27197-D styled Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle, pending in the 333rd Judicial District Court of Harris County, Texas.

## I.
## JURISDICTION AND VENUE

1. Jurisdiction of this Court to hear this matter is founded upon 28 U.S.C. §§ 1334 and 157(a).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). The statutory predicate for the relief sought herein is 11 U.S.C. § 362 and Bankruptcy Rules of Procedure 4001 and 9014.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1408.

## II.
## BACKGROUND

4. Ali Choudhri ("Choudhri"), Dalio Holdings I, LLC ("Dalio I") and Dalio Holdings II, LLC ("Dalio II") are judgment debtors of Mokaram-Latif West Loop, Ltd. and Osama Abdullatif in Cause No. 2012-27197-A styled *Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri*, pending in the 333rd Judicial District Court of Harris County, Texas (the "A-Case"). Choudhri, Dalio I and Dalio II are judgment debtors of Ali Mokaram in Cause No. 2012-27197-D styled *Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle*, pending in the 333rd Judicial District Court of Harris County, Texas2 (the "D-Case"). The judgment entered in the A-Case has been appealed by each of Choudhri, Dalio I and Dalio II. The D-Case has been appealed by Choudhri alone. Neither of the appeals were superseded by the posting of a supersedeas bond by Choudhri, Dalio I or Dalio II.

5. On March 31, 2025, the Hon. Randy Wilson, sitting by special assignment,

2 The 333rd Judicial District Court of Harris County, Texas and Judge Randy Wilson is generally referred to as the "Receivership Court".

entered his _Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors_ in the D-Case. Thereafter, on April 9, 2025, Judge Wilson entered his _Amended Order (2) Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors_ in the D-Case (the "The D-Case Receivership Order"). A true and correct copy of the D-Case Receivership Order is filed of record in this bankruptcy proceeding as ECF 25-2.

6. On April 1, 2025, the Hon. Randy Wilson, sitting by special assignment, entered his _Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors_ in A-Case. Thereafter, on April 7, 2025, Judge Wilson entered his _Amended Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors_ in the A-Case (the "The A-Case Receivership Order"). A true and correct copy of the A-Case Receivership Order is filed of record in this bankruptcy proceeding as ECF 25-1.

7. Pursuant to the terms of the A-Case Receivership Order and the D-Case Receivership Order (collectively the "Receivership Orders"), the Receiver was given exclusive control over all of the Choudhri Receivership Assets, as therein defined, excluding management rights in the Choudhri LLC's, as defined in the Receivership Orders. Subsequent to the entry of the Receivership Orders, the 14th Court of Appeals published its opinion in *WC 4th & Colo. V. Colo. Third St., LLC,* which likely impacts the scope of the Receivership Orders relative to the authority of a receiver regarding management and membership interests of single member limited liability companies. *See WC 4th & Colo. V. Colo. Third St., LLC,* 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025). The Hon. Randy Wilson authored both the opinion in *WC 4th & Colo.*

and the Receivership Orders.

8. Subsequent to the entry of the Receivership Orders, Choudhri directed the filing of the bankruptcy proceedings for Dalio I (Case No. 25-11157-smr), Meandering Bend, LLC (25-51815-mmp)[3], and Memorial Glen Cove, LLC (25-51840-mmp)[4]. Choudhri has further attempted to control the actions and assets of Dalio I and Dalio II as well as various other entities that are the subject of the Receivership Orders within the bankruptcy proceedings of 1001 WL, LLC (Case No. 24-10119-smr), RIC (Lavernia) LLC (Case No. 24-51195-mmp), and Texas REIT, LLC (Case No. 24-10120-smr), notwithstanding the express terms of the D-Case Receivership Order.

9. On or about August 11, 2025, Choudhri filed a pleading in the A-Case styled "*Choudhri Supersedeas with Alternate Security*" (the "Choudhri Motion"). Choudhri contends that the Choudhri Motion constitutes the equivalent of a supersedeas bond and therefore stays or renders moot the appointment of the Receiver. On August 20, 2025, the Receiver filed his *Emergency Motion To Confirm Active Status Of Receivership, Strike Misleading Filings And/Or For Zoom Status Conference* in each of the A-Case and the D-Case (the "Receiver's Emergency Motions"). Judge Wilson declined to hear and consider the Receiver's Emergency Motions until authorization to proceed was obtained from each of the bankruptcy courts and cases in which proceedings are presently pending that involve Choudhri, the Choudri LLC's, and the Bankruptcy LLC's in existence.

---

3 By order entered on August 28, 2025, the Hon. Michael Parker transferred the Meandering Bend, LLC case to the Austin Division of the Western District of Texas.

4 Memorial Glen Cove has since been dismissed sua sponte by Judge Parker.

## III.
## RELIEF REQUESTED

**A. Determination of the scope of the Receivership Assets and control thereof by the Receiver**

10. The Receiver contends that under *WC 4th & Colo.* he holds exclusive control over the management of the Choudhri LLC's and that Choudhri is impermissibly exercising dominion and control over those entities and their assets in violation of the Receivership Orders. Accordingly, clarification of the scope of the Receivership Orders is required.

**B. Determination of Status of Receivership and Adequacy of Supersedeas with Alternate Security**

11. Choudhri, through Justin Rayome[5], has asserted, as late as August 27, 2025 in hearings before Judge Parker, that the Receiver does not have standing to proceed in the various bankruptcy proceedings because the Choudhri Motion constituted the superseding of the judgments in the A-Case and the D-Case. As more fully set forth in the Receiver's Emergency Motion, the Receiver requires clarification from the Receivership Court of the effectiveness of the Choudhri Motion.

12. While the Receiver believes that the Receivership Court may clarify the scope of the Receivership Orders and determine the adequacy or inadequacy of the Choudhri Motion to meet the supersedeas requirements of Rule 24 TX. R. App. Proc. without running afoul of the automatic stay provisions of the 11 U.S.C. §362, the Receivership Court has expressed its reticence to proceed in the absence of authorization

[5] Mr. Rayome is counsel or co-counsel for each of the Debtor entities except for RIC (Lavernia), LLC and represents Otisco RDX, LLC and Milestone Capital in one or more of the pending bankruptcy proceedings.

from this Court in the instant proceeding.

**WHEREFORE, PREMISES CONSIDERED**, Movant, TRAVIS VARGO, Court Appointed Receiver, prays that upon final hearing of this Motion, that this Court enter its order modifying the automatic stay imposed pursuant to 11 U.S.C. §362 to permit the Receiver to:

A. Seek and obtain a determination from the Receivership Court regarding the application of *WC 4th & Colo. V. Colo. Third St., LLC,* 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025) to the Receivership Orders;

B. Seek and obtain a modification of the Receivership Orders to conform, as applicable, to *WC 4th & Colo. V. Colo. Third St., LLC,* 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025), ;

C. To confirm the active status of the Receivership and, as applicable, the adequacy of the purported Choudhri Motion;

D. such other further relief, legal and equitable, to which TRAVIS VARGO, Court Appointed Receiver, may be justly entitled.

Respectfully submitted,

LUTTRELL + CARMODY LAW GROUP
One International Centre
100 NE Loop 410, Suite 615
San Antonio, Texas 78216
Tel. 210.426.3600

By: /s/ Leslie M. Luttrell
Leslie M. Luttrell
State Bar No. 12708650

**ATTORNEYS FOR TRAVIS VARGO, COURT APPOINTED RECEIVER**

# CERTIFICATE OF SERVICE

I do hereby certify that on the 29th day of August 2025, I caused a copy of the foregoing instrument to be served to the Debtor, Debtor's Counsel, Trustee, and all parties listed on the attached service list either through the Court's ECF System or via U.S. First Class Mail, postage prepaid.

**Debtor**
Meandering Bend, LLC
5900 Balcones Drive
Suite 100
Austin, TX 78731

**Debtor's Counsel**
Justin Rayome
1001 West Loop South, Suite 700
Houston, TX 77027

**U.S. Trustee**
Jessica Lanoue Hanzlik
United States Trustee Program
615 E. Houston St #533
San Antonio, TX 78205

*/s/ Leslie M. Luttrell*
Leslie M. Luttrell

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: September 12, 2025**

**SHAD M. ROBINSON**
**UNITED STATES BANKRUPTCY JUDGE**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 25-11334-SMR** |
| **MEANDERING BEND, LLC,** | § | |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

**ORDER GRANTING MOTION OF TRAVIS VARGO, COURT APPOINTED RECEIVER, FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

Came before the Court for consideration in the above bankruptcy proceeding, the *Motion for Relief from Stay for Cause Pursuant to 11 U.S.C. §362(d)(1)* (the "Motion")[1] filed by Travis Vargo, Court Appointed Receiver (the "Receiver").[2] Having considered the Motion, the arguments of counsel, the evidence presented, the pleadings on file, and for the reasons set forth on the record, the Court now finds that the Receiver has established sufficient cause pursuant to

---

1 Capitalized terms used herein and not defined shall have the definition set forth in the Motion.

2 Travis Vargo was appointed as the Receiver of Ali Choudhri in Cause No. 2012-27197-A styled Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri, pending in the 333rd Judicial District Court of Harris County, Texas and of Ali Choudhri, Dalio Holdings I LLC, and Dalio Holdings II LLC in Cause No. 2012-27197-D styled Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle, pending in the 333rd Judicial District Court of Harris County, Texas.

11 U.S.C. § 362(d)(1). The Court further finds that the automatic stay should be modified to permit the Receiver to proceed in the Receivership Court to obtain relief as hereinafter provided. In addition, the Court *sua sponte* finds that cause exists due to the limited scope of the relief requested by the Receiver. The Court issues this Order to allow the Receivership Court (or such other court with proper jurisdiction) to determine the issue of the scope of the Receivership and the authority of the Receiver. Based on the foregoing, it is therefore

**ORDERED** that the Receiver is hereby authorized to:

A. Seek and obtain a determination from the Receivership Court (or such other court with proper jurisdiction) regarding the application of *WC 4th & Colo. v. Colo. Third St., LLC*, 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025) to the Receivership Orders;

B. Seek and obtain a modification of the Receivership Orders to conform, as applicable, to *WC 4th & Colo. V. Colo. Third St., LLC*, 2025 Tex. App. LEXIS 2857* (Tex. App. Houston [14th Dist.] 2025);

C. Confirm the active status of the Receivership and, as applicable, the adequacy of the purported Choudhri Motion;

D. Perform such other further relief, legal and equitable, to which TRAVIS VARGO, Court Appointed Receiver, may be justly entitled.

**IT IS FURTHER ORDERED** that the Court's findings of fact and conclusions of law as set forth on the record are incorporated herein. To the extent of a conflict, the findings of fact and conclusions of law in this Order shall supplement those on the record.

**IT IS FURTHER ORDERED** that nothing contained herein terminates or modifies the automatic stay to permit the Receiver to seek to recover and/or exercise control over property of

the estate unless authorized by further order of this Court. However, this Order does not prohibit the Receiver from exercising any state court rights and/or remedies if this bankruptcy case is dismissed.

**IT IS FURTHER ORDERED** that all parties reserve any and all rights, remedies, and arguments that can be asserted in the Receivership Court (or such other court with proper jurisdiction). This Court is not ruling upon any of the issues outlined above by virtue of this Order.

**IT IS FURTHER ORDERED** that the Court is not ruling upon any other issues in this bankruptcy case by virtue of this Order.

# # #