# EXHIBIT I

TIG Romspen v. Galleria Loop Note Holder, LLC, No. 2023-84714: Motion for Entry of Stipulated Judgment and proposed Final Judgment (Dec. 19, 2025); revised proposed Final Judgment (Oct. 7, 2026); Unopposed Motion to Lift Abatement (Mar. 13, 2026)

12/19/2025 3:44 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 109323609
By: Precious Mouton
Filed: 12/19/2025 3:44 PM

CAUSE NO. 2023-84714

| | | |
|---|---|---|
| TIG ROMSPEN US MASTER MORTGAGE LP, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 80TH JUDICIAL DISTRICT |
| GALLERIA LOOP NOTE HOLDER, LLC; ALI CHOUDHRI, an individual, | § | |
| | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

Unofficial Copy Office of Marilyn Burgess District Clerk

**PLAINTIFF'S MOTION FOR ENTRY OF STIPULATED JUDGMENT**

Plaintiff TIG Romspen US Master Mortgage LP ("Plaintiff"), by and through undersigned counsel, submits this motion for entry of a stipulated judgment against defendants Galleria Loop Note Holder, LLC ("GLNH") and Ali Choudhri ("Choudhri" and, collectively with GLNH, "Defendants"). The proposed judgment, a copy of which accompanies this motion, is stipulated by Travis Vargo, as receiver. In support of this motion, Plaintiff would show as follows:

**Case Background**

On December 8, 2023, Plaintiff filed this lawsuit arising out of breaches of loan agreements by defendant GLNH and of a related guaranty agreement by GLNH's controlling member and manager, defendant Choudhri. Plaintiff seeks monetary damages against Defendants, jointly and severally. Plaintiff also sought appointment of a receiver over, and recovery of rents generated by, the real property located at 1001 West Loop South, Houston, Texas (the "1001 Property") owned at the time by GLNH and securing the indebtedness owed by GLNH.

Plaintiff caused the citation and Original Petition to be served on GLNH (served on December 15, 2023; proof filed on December 20, 2023) and Choudhri (served on April 4, 2024; proof filed on April 12, 2024).

On January 19, 2024, GLNH filed responses in opposition to Plaintiff's receivership application and Plaintiff's corollary motion to restrict GLNH from seeking *ex parte* injunctive relief (a strategy that Plaintiff alleges had been abused by GLNH).

Without Plaintiff's knowledge, Choudhri (on behalf of GLNH) executed a deed on January 22, 2024, purporting to transfer the 1001 Property to an affiliate also controlled by Choudhri: 1001 WL, LLC (the "Debtor"). Then, on February 6, 2024, the Debtor (under Choudhri's direction) filed a voluntary petition for bankruptcy protection in the United States Bankruptcy Court for the Western District of Texas, Austin Division, Case No. 24-10119 (the "1001 Bankruptcy Case"). On February 12, 2024, GLNH filed notice of the 1001 Bankruptcy Case in this matter. The Court's online docket of this matter was changed to "bankruptcy" status.

Plaintiff denies the automatic stay in the 1001 Bankruptcy Case is applicable to this matter because, among other reasons: (1) the Debtor is not a party to this action; (2) Defendants are not co-debtors in the 1001 Bankruptcy Case; and (3) Plaintiff is not seeking any relief from this Court that implicates the Debtor's bankruptcy estate or the automatic stay—this is a suit for money damages against Defendants. As of the date of this Motion, neither of the Defendants is a debtor in an active bankruptcy case.

On September 23, 2024, Plaintiff filed a motion for default judgment seeking damages in the liquidated amount of more than $37 million against Choudhri and GLNH, jointly and severally; requiring GLNH to turn over all rent proceeds in GLNH's possession (which would have been generated prior to the 1001 Property transfer to the Debtor); and finding GLNH liable for conversion of rents. The motion was set for submission on October 14, 2024. The day prior to the submission date, Defendants filed their original answer combined with a response to the default judgment motion.

Unofficial Copy Office of Marilyn Burgess District Clerk

On May 12, 2025, the Court entered its *Notice of Intent to Dismiss – Bankruptcy*. On August 22, 2025, Plaintiff filed its motion to retain this case. On August 26, 2025, the Court entered its Status Order. After a hearing conducted on October 13, 2025, at which neither of the Defendants appeared, the Court entered its order on October 15, 2025, abating this case for six months.

**<u>Receiver Appointment</u>**

On March 31, 2025, the Hon. Randy Wilson, sitting by special assignment, entered his Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors in Cause No. 2012-27197-D (333rd Judicial District Court, Harris County, Texas) styled *Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle* (the "D-Case"). On April 9, 2025, Judge Wilson entered his Amended Order (2) Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors in the D-Case (the "D-Case Receivership Order").

On April 1, 2025, the Hon. Randy Wilson, sitting by special assignment, entered his Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors in Cause No. 2012-27197-A (333rd Judicial District Cour, Harris County, Texas) styled *Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri* (the "A-Case"). On April 7, 2025, Judge Wilson entered his Amended Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors in the A-Case (the "A-Case Receivership Order" and, collectively with the D-Case Receivership Order, the "Recevership Orders").

Pursuant to the Receivership Orders, Travis Vargo has been appointed as receiver over Choudhri. Mr. Vargo is authorized under the Receivership Orders to act on Mr. Choudhri's behalf in connection with litigation disputes involving Mr. Choudhri and to exercise Mr. Choudhri's

Unofficial Copy Office of Marilyn Burgess District Clerk

management authority over entities controlled by Mr. Choudhri. Accordingly, Mr. Vargo is authorized to act for Defendants in this case.

Mr. Vargo has, in his business judgment, stipulated to the entry of judgment against Defendants in the form accompanying this motion. By and through this motion, Plaintiff presents the Court with the proposed stipulated judgment for entry.

WHEREFORE, Plaintiff requests that the Court enter the stipulated judgment in the form accompanying this motion; and grant such other and further relief as the Court may deem just and proper under the circumstances.

Unofficial Copy Office of Marilyn Burgess District Clerk

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Kyle S. Hirsch*
Kyle S. Hirsch
Texas Bar No. 24117262
Justin D. Hanna
Texas Bar No. 24095726
2200 Ross Avenue, Suite 4200W
Dallas, Texas 75201
(602) 364-7000 (Telephone)
(602) 364-7070 (Facsimile)
Email: kyle.hirsch@bclplaw.com

**ATTORNEYS FOR TIG ROMSPEN US MASTER MORTGAGE LP**

12/19/2025 3:44:41 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 109323609
By: MOUTON, PRECIOUS N
Filed: 12/19/2025 3:44:41 PM

CAUSE NO. 2023-84714

| | | |
|---|---|---|
| TIG ROMSPEN US MASTER MORTGAGE LP, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| v. | § | 80TH JUDICIAL DISTRICT |
| GALLERIA LOOP NOTE HOLDER, LLC; and ALI CHOUDHRI, an individual, | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

Unofficial Copy Office of Marilyn Burgess District Clerk

**FINAL JUDGMENT**

Plaintiff TIG Romspen US Master Mortgage LP ("Plaintiff") and Defendants Galleria Loop Note Holder, LLC ("GLNH") and Ali Choudhri, an individual ("Choudhri" and, together with GLNH, "Defendants"), by and through Travis Vargo as state court-appointed receiver ("Receiver"), stipulate to the entry of this Judgment.

The Court hereby finds as follows:

A. As of May 31, 2019, Plaintiff and GLNH entered into a loan transaction (the "Loan") evidenced by, among other things: (i) that certain Loan Agreement (the "Loan Agreement") and (ii) that certain Promissory Note, as amended by that Amended and Restated Promissory Note (together, the "Note") in the original principal amount of $25,678,501.32. Plaintiff is the current holder of the Note.

B. GLNH's payment and performance obligations are secured by, among other things, certain real property, related personal property, and improvements thereon located at 1001 West Loop South, Houston, Texas, 77027 (the "Property"), as more fully described in, among other things: (i) that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and

Fixture Filing dated September 4, 2019, and recorded on September 5, 2019, in the Official Records of Harris County, Texas at Document Number RP-2019-392981 (the "Deed of Trust"); and (ii) that certain Assignment of Leases and Rents dated September 4, 2019, and recorded on September 5, 2019, in the Official Records of Harris County, Texas at Document Number RP-2019-393175 (the "Assignment of Rents").

C. Under the Loan Agreement, GLNH's failure to pay or perform as agreed constitutes a default, and if, after notice and an opportunity to cure, the failure continues, such failure constitutes an Event of Default.

D. Upon the occurrence of an Event of Default, Plaintiff is entitled to, among other things, (i) accelerate the maturity of the Note (if not already matured), (ii) demand immediate payment thereof plus interest at the default rate that is 5.0% higher than the non-default rate, (iii) demand all rents (and proceeds thereof) and books and records relating to the operation of the Property, and (iv) recover all attorneys' fees and costs incurred in connection with collecting on the unpaid outstanding balance owed by GLNH.

E. Choudhri personally guaranteed GLNH's Loan repayment and performance obligations as set forth in that certain Guaranty agreement dated as of May 31, 2019, executed by Choudhri in favor of Plaintiff (the "Guaranty").

F. Under the Guaranty, Choudhri absolutely, unconditionally, and irrevocably guaranteed to Plaintiff, as primary obligor and not merely as surety, the due, prompt, and full payment and performance of all liabilities, obligations, or undertakings owing by GLNH to Plaintiff of any kind or description arising out of or outstanding under, advanced or issued pursuant to, or evidenced by the Loan Agreement or other Loan documents or in any other agreement between GLNH and Plaintiff.

Unofficial Copy Office of Marilyn Burgess District Clerk

G. Among other things, Choudhri unconditionally agreed: (i) to pay to Plaintiff the full amount of the Loan as and when the same became due and payable under the Loan documents and (ii) to repay all attorneys' fees and costs incurred by Plaintiff in connection with enforcing the Guaranty and/or any Loan document.

H. GLNH defaulted under the Loan in numerous ways, including but not limited to: failing to repay the outstanding balance of the Note when it matured on May 31, 2020; failing to pay property taxes when due, resulting in the filing of third party tax liens; permitting additional liens to be placed against the Property; and failing to cure the same within the applicable cure period (the "Maturity Date Defaults"). As a result of the Maturity Date Defaults, Plaintiff has the lawful right to enforce its rights and remedies.

I. Plaintiff, through its legal counsel, provided written notice to Defendants and numerous opportunities to cure their defaults. Despite such notice and opportunity to cure, Defendants failed to cure.

J. Plaintiff, through its legal counsel, demanded as of no later than October 13, 2023, immediate repayment of the outstanding Loan and Guaranty obligations. Defendants failed and/or refused to pay as demanded by Plaintiff.

K. GLNH's failure to pay and perform as agreed under the Loan Agreement, the Note, the Deed of Trust, the Assignment of Rents, and other documents evidencing and relating to the Loan constitutes a breach by GLNH of its contracts with Plaintiff.

L. Choudhri's failure to pay and perform as agreed under the Guaranty constitutes a breach by Choudhri of his contract with Plaintiff.

M. On December 8, 2023, Plaintiff initiated this suit against Defendants to, among other things, recover on the unpaid Loan.

Unofficial Copy Office of Marilyn Burgess District Clerk

N. As of June 16, 2025, the following amounts remain unpaid, due and owing:

| | |
|---|---|
| Outstanding unpaid principal: | $20,464,692.94 |
| Property tax advances: | $494,020.22 |
| Outstanding unpaid interest at the non-default rate of 10.25%: | $10,354,024.02 |
| Outstanding unpaid interest at the additional 5.0% default rate: | $8,020,864.77 |
| Fees and other Loan Agreement charges: | $1,107,376.54 |
| Attorney's fees and other expenses incurred: | $1,903,328.39 |
| **TOTAL:** | **$42,371,306.88** |

O. Interest accrues on the outstanding unpaid balance at the default rate of 15.25% in the per diem amount of **$16,612.89**.

P. Plaintiff has been damaged as a result of Defendants' breaches in an amount calculated as the unpaid, due and owing amounts, plus interest thereon.

Q. Travis Vargo has been found by two United States Bankruptcy Judges to have the exclusive authority to represent the interests of Choudhri and entities controlled by Choudhri; one of those judges expressly affirmed Mr. Vargo's exclusive authority to represent the interests of GLNH. *See* "Order Granting the Receiver's Motion to Show Authority," *In re RIC (Lavernia) LLC*, Case No. 24-51195, United States Bankruptcy Court, W.D. Tex., ECF No. 304, p. 6 (October 17, 2025) (Parker, J.) ("The Receiver's authority to manage and operate Mr. Choudhri's business – to manage and operate where Mr. Choudhri has the right to manage and operate – includes the authority to litigate claims."); "Order Regarding Motions to Show Authority [ECF Nos. 837, 838, 839, 840, 970]," *In re 1001 WL, LLC*, Case No. 24-10119, United States Bankruptcy Court, W.D. Tex., ECF No. 996, p. 9 (October 20, 2025) (Bradley, J.) ("The Amended Orders are clear: The Receiver has the exclusive power to litigate on behalf of Mr. Choudhri and on behalf of BDFI, LLC, Galleria Loop Note Holder, LLC, and Jetall Capital LLC.").

Unofficial Copy Office of Marilyn Burgess District Clerk

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff TIG Romspen US Master Mortgage LP shall have and recover of and from Defendants Galleria Loop Note Holder, LLC and Ali Choudhri, jointly and severally, the following sums:

1. Actual damages in the amount of **$42,371,306.88** due to Defendants' breaches of their contractual obligations owed, plus interest at the daily rate of **$16,612.89** through the date of entry of Judgment; and

2. Post-Judgment interest at the rate of 15.25% per annum.

The foregoing amounts shall be reduced by any recovery by Plaintiff from any other collateral securing Defendants' payment and performance obligations in accordance with applicable law. However, nothing in this Judgment constitutes an order or direction that Plaintiff marshal assets towards recovery of the judgment amount; rather, Plaintiff may pursue recovery from any and all available sources in any order or manner not inconsistent with applicable law, in Plaintiff's sole and absolute discretion.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Judgment is final and that Plaintiff TIG Romspen US Master Mortgage LP is allowed such writs and processes as may be necessary in the enforcement and collection of this Judgment.

This Judgment disposes of all claims and all parties, and is therefore a final judgment that is appealable immediately upon entry.

SIGNED this ____ day of __________________, 20____.

____________________________________
JUDGE PRESIDING

Unofficial Copy Office of Marilyn Burgess District Clerk

Stipulated and agreed by:
**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Justin D. Hanna*
Kyle S. Hirsch
Texas Bar No. 24117262
Justin D. Hanna
Texas Bar No. 24095726
2200 Ross Ave., Suite 4200W
Dallas, Texas 75201
(214) 721-8000 (Telephone)
(214) 721-8100 (Facsimile)
kyle.hirsch@bclplaw.com
justin.hanna@bclplaw.com

**ATTORNEYS FOR PLAINTIFF RIC (LAVERNIA) LLC**

**LUTTRELL + CARMODY LAW GROUP**

*/s/ Leslie M. Luttrell*
Leslie M. Luttrell (Tex. Bar No. 12708650)
One International
100 N.E. Loop 410, Suite 615
San Antonio, TX 78216
Telephone: 210-426-3600
Email: luttrelll@lclawgroup.net

**COUNSEL FOR TRAVIS VARGO, AS RECEIVER**

Unofficial Copy Office of Marilyn Burgess District Clerk

*TEXT OF DOCUMENT AS SERVED OCT. 7, 2026, 2:28 P.M. (E-FILING ENVELOPE NO. 120894748). Typed from the served copy; the original PDF has not been downloaded. Yellow = key language. Download the original from the e-service link (active 45 days) before relying on page numbers.*

**CAUSE NO. 2023-84714**

| | | |
|---|---|---|
| TIG ROMSPEN US MASTER MORTGAGE LP, Plaintiff, | § | IN THE DISTRICT COURT |
| v. | § | |
| GALLERIA LOOP NOTE HOLDER, LLC; | § | 333d JUDICIAL DISTRICT |
| and ALI CHOUDHRI, an individual, | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

**FINAL JUDGMENT**[1]

Plaintiff TIG Romspen US Master Mortgage LP ("Plaintiff") presents the following Judgement for entry which is unopposed by Travis Vargo as state court-appointed receiver ("Receiver") on behalf of Defendants Galleria Loop Note Holder, LLC ("GLNH") and Ali Choudhri, an individual ("Choudhri" and, together with GLNH, "Defendants").

The Court hereby finds as follows:

A. As of May 31, 2019, Plaintiff and GLNH entered into a loan transaction (the "Loan") evidenced by, among other things: (i) that certain Loan Agreement (the "Loan Agreement") and (ii) that certain Promissory Note, as amended by that Amended and Restated Promissory Note (together, the "Note") in the original principal amount of $25,678,501.32. Plaintiff is the current holder of the Note.

B. GLNH's payment and performance obligations are secured by, among other things, certain real property, related personal property, and improvements thereon located at 1001 West Loop South, Houston, Texas, 77027 (the "Property"), as more fully described in, among other things: (i) that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated September 4, 2019, and recorded on September 5, 2019, in the Official Records of Harris County, Texas at Document Number RP-2019-392981 (the "Deed of Trust"); and (ii) that certain Assignment of Leases and Rents dated September 4, 2019, and recorded on September 5, 2019, in the Official Records of Harris County, Texas at Document Number RP-2019-393175 (the "Assignment of Rents").

C. Under the Loan Agreement, GLNH's failure to pay or perform as agreed constitutes a default, and if, after notice and an opportunity to cure, the failure continues, such failure constitutes an Event of Default.

D. Upon the occurrence of an Event of Default, Plaintiff is entitled to, among other things, (i) accelerate the maturity of the Note (if not already matured), (ii) demand immediate payment thereof plus interest at the default rate that is 5.0% higher than the non-default rate, (iii) demand all rents (and proceeds thereof) and books and records relating to the operation of the Property, and (iv) recover all attorneys' fees and costs incurred in connection with collecting on the unpaid outstanding balance owed by GLNH.

E. Choudhri personally guaranteed GLNH's Loan repayment and performance obligations as set forth in that certain Guaranty agreement dated as of May 31, 2019, executed by Choudhri in favor of Plaintiff (the "Guaranty").

F. Under the Guaranty, Choudhri absolutely, unconditionally, and irrevocably guaranteed to Plaintiff, as primary obligor and not merely as surety, the due, prompt, and full payment and performance of all liabilities, obligations, or undertakings owing by GLNH to Plaintiff of any kind or description arising out of or outstanding under, advanced or issued pursuant to, or evidenced by the Loan Agreement or other Loan documents or in any other agreement between GLNH and Plaintiff.

G. Among other things, Choudhri unconditionally agreed: (i) to pay to Plaintiff the full amount of the Loan as and when the same became due and payable under the Loan documents and (ii) to repay all attorneys' fees and costs incurred by Plaintiff in connection with enforcing the Guaranty and/or any Loan document.

H. GLNH defaulted under the Loan in numerous ways, including but not limited to: failing to repay the outstanding balance of the Note when it matured on May 31, 2020; failing to pay property taxes when due, resulting in the filing of third party tax liens; permitting additional liens to be placed against the Property; and failing to cure the same within the applicable cure period (the "Maturity Date Defaults"). As a result of the Maturity Date Defaults, Plaintiff has the lawful right to enforce its rights and remedies.

I. Plaintiff, through its legal counsel, provided written notice to Defendants and numerous opportunities to cure their defaults. Despite such notice and opportunity to cure, Defendants failed to cure.

J. Plaintiff, through its legal counsel, demanded as of no later than October 13, 2023, immediate repayment of the outstanding Loan and Guaranty obligations. Defendants failed and/or refused to pay as demanded by Plaintiff.

K. GLNH's failure to pay and perform as agreed under the Loan Agreement, the Note, the Deed of Trust, the Assignment of Rents, and other documents evidencing and relating to the Loan constitutes a breach by GLNH of its contracts with Plaintiff.

L. Choudhri's failure to pay and perform as agreed under the Guaranty constitutes a breach by Choudhri of his contract with Plaintiff.

M. On December 8, 2023, Plaintiff initiated this suit against Defendants to, among other things, recover on the unpaid Loan.

N. As of June 16, 2025, the following amounts remain unpaid, due and owing:

| | |
|---|---|
| Outstanding unpaid principal: | $20,464,692.94 |
| Property tax advances: | $494,020.22 |
| Outstanding unpaid interest at the non-default rate of 10.25%: | $10,354,024.02 |
| Outstanding unpaid interest at the additional 5.0% default rate: | $8,020,864.77 |
| Fees and other Loan Agreement charges: | $1,107,376.54 |
| Attorney's fees and other expenses incurred: | $1,903,328.39 |
| **TOTAL:** | **$42,371,306.88** |

O. Interest accrues on the outstanding unpaid balance at the default rate of 15.25% in the per diem amount of $16,612.89.

P. Plaintiff has been damaged as a result of Defendants' breaches in the amount calculated in Paragraph N together with interest thereon at the rate set forth in Paragraph O.

Q. Travis Vargo has been found by two United States Bankruptcy Judges to have the exclusive authority to represent the interests of Choudhri and entities controlled by Choudhri; one of those judges expressly affirmed Mr. Vargo's exclusive authority to represent the interests of GLNH. See "Order Granting the Receiver's Motion to Show Authority," In re RIC (Lavernia) LLC, Case No. 24-51195, United States Bankruptcy Court, W.D. Tex., ECF No. 304, p. 6 (October 17, 2025) (Parker, J.) ("The Receiver's authority to manage and operate Mr. Choudhri's business – to manage and operate where Mr. Choudhri has the right to manage and operate – includes the authority to litigate claims."); "Order Regarding Motions to Show Authority [ECF Nos. 837, 838, 839, 840, 970]," In re 1001 WL, LLC, Case No. 24-10119, United States Bankruptcy Court, W.D. Tex., ECF No. 996, p. 9 (October 20, 2025) (Bradley, J.) ("The Amended Orders are clear: The Receiver has the exclusive power to litigate on behalf of Mr. Choudhri and on behalf of BDFI, LLC, Galleria Loop Note Holder, LLC, and Jetall Capital LLC.").

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiff TIG Romspen US Master Mortgage LP shall have and recover of and from Defendants Galleria Loop Note Holder, LLC and Ali Choudhri, jointly and severally, the following sums:

1. Actual damages in the amount of $42,371,306.88 due to Defendants' breaches of their contractual obligations owed, plus interest at the daily rate of $16,612.89 from June 16, 2025, through the date of entry of Judgment; and

2. Post-Judgment interest at the rate of 15.25% per annum.

The foregoing amounts shall be reduced by any recovery by Plaintiff from any other collateral securing Defendants' payment and performance obligations in accordance with applicable law. However, nothing in this Judgment constitutes an order or direction that Plaintiff marshal assets towards recovery of the judgment amount; rather, Plaintiff may pursue recovery from any and all available sources in any order or manner not inconsistent with applicable law, in Plaintiff's sole and absolute discretion.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Judgment is final and that Plaintiff TIG Romspen US Master Mortgage LP is allowed such writs and processes as may be necessary in the enforcement and collection of this Judgment.

This Judgment disposes of all claims and all parties, and is therefore a final judgment that is appealable immediately upon entry.

SIGNED this ____ day of __________, 20____. ______________________ JUDGE PRESIDING

Prepared by: BRYAN CAVE LEIGHTON PAISNER LLP, /s/ Kyle S. Hirsch; Vernon Lewis — ATTORNEYS FOR PLAINTIFF TIG ROMSPEN US MASTER MORTGAGE LP

Agreed as to form only by: LUTTRELL + CARMODY LAW GROUP, /s/ Leslie M. Luttrell — COUNSEL FOR TRAVIS VARGO, AS RECEIVER

[1] Updated version 10.5.2026

*TEXT OF COVER NOTICE AS SERVED OCT. 7, 2026 (same envelope).*

**CAUSE NO. 2023-84714 — 333rd JUDICIAL DISTRICT, HARRIS COUNTY, TEXAS**

**NOTICE OF FILING REVISED FORM OF PROPOSED JUDGMENT**

Plaintiff TIG Romspen US Master Mortgage LP hereby gives notice of filing the revised form of proposed judgment that is attached hereto as Exhibit A. [No relief requested; no hearing or submission date; no certificate of conference.]

Respectfully submitted, BRYAN CAVE LEIGHTON PAISNER LLP, /s/ Vernon Lewis; Kyle S. Hirsch — ATTORNEYS FOR TIG ROMSPEN US MASTER MORTGAGE LP

CERTIFICATE OF SERVICE: I hereby certify that on October 7, 2026, a true and correct copy of the foregoing was served by email to all counsel of record pursuant to Texas Rule of Civil Procedure 21a. /s/ Vernon Lewis

CAUSE NO. 2012-27197-A

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd.<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| Ali Choudhri et al<br>Defendants | §<br>§ | 333rd JUDICIAL DISTRICT |

**RECEIVER'S OMNIBUS RESPONSE**
**TO ALI CHOUDHRI'S VARIOUS MOTIONS**
**AND MOTION TO STRIKE**

**EXHIBIT A**

Unofficial Copy Office of Marilyn Burgess District Clerk

3/13/2026 12:56 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 112398037
By: Patricia Johnson
Filed: 3/13/2026 12:56 PM

CAUSE NO. 2023-84714

| | | |
|---|---|---|
| TIG ROMSPEN US MASTER MORTGAGE LP, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 80TH JUDICIAL DISTRICT |
| GALLERIA LOOP NOTE HOLDER, LLC; ALI CHOUDHRI, an individual, | § | |
| | § | |
| Defendants. | § | OF HARRIS COUNTY, TEXAS |

**ORDER GRANTING UNOPPOSED MOTION TO LIFT ABATEMENT**

ON THIS DAY, the Court considered the Unopposed Motion to Lift Abatement filed by Plaintiff TIG Romspen US Master Mortgage LP. Having considered the motion, the agreement of the parties, and the Court's docket and file, the Court finds that the motion should be and, therefore is, GRANTED.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Order of Abatement entered by this Court on October 15, 2025, is hereby lifted and this cause shall be placed back onto the Court's active docket, pending the Court's consideration of the parties' Motion for Entry of Stipulated Judgment.

SIGNED this ______ day of ____________, 2026

Signed:
4/14/2026

Sonya L. Aston

PRESIDING JUDGE

Unofficial Copy Office of Marilyn Burgess District Clerk

Certified Document Number: 126138489 - Page 1 of 1

DISTRICT COURT OF HARRIS COUNTY TEXAS

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this April 15, 2026

Certified Document Number: 126138489 Total Pages: 1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

Unofficial Copy Office of Marilyn Burgess District Clerk

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**