# EXHIBIT K

Receiver’s Special Report on MCITBE, LLC; Receiver’s Motion for Possession and Comfort Order (May 28, 2026)

CAUSE NO. 2012-27197-D

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd.<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| Ali Choudhri et al<br>Defendants | §<br>§ | 333rd JUDICIAL DISTRICT |

**RECEIVER'S SPECIAL REPORT ON MCITBE, LLC**

TO THE HONORABLE JUDGE RANDY WILSON:

Receiver Travis Vargo ("Receiver") provides the following special report:

1. MCITBE LLC ("MCITBE") is a Texas limited liability company. Following heavily sanctioned delays caused by Ali Choudhri and exhaustive motions and hearings relating to his net worth in this Cause and the A-Case, **the Court listed MCITBE as an entity under the Receiver's control in both the A-Case and D-Case Amended Turnover Orders** dated April 8, 2025, and April 9, 2025, respectively.

2. Until very recently, MCITBE was the holder of a promissory note with a balance due of **$433,946.26** secured by second lien position deed of trust against real property located at 2232 Swift Blvd., Houston, Harris County, Texas ("Swift," located near Rice University).[1] First lien position was and is held by Security State Bank (the "Bank").

3. On February 23, 2026, Receiver recorded document RP-2026-38584, a "Notice of Receivership" giving third parties notice of Receiver's interest pursuant to the Amended Turnover Orders.

---

[1] The borrower was Jetall/Croix Properties, LP, an entity controlled by Jetall/Croix GP LLC, which is another "Choudhri LLC" under the Receiver's control as set forth in the Amended Turnover Orders.

4. On or about March 3, 2026, Manfred Sternberg,[2] as Trustee for the benefit of MCITBE, conducted a purported foreclosure sale and recorded document RP-2026-91935, a Substitute Trustee's Deed. MCITBE now holds color of title to Swift and is litigating with the Receiver and the Bank in Cause No. 2026-22035, *MCITBE LLC v. Security State Bank*, in the 129th District Court (Judge Michael Gomez presiding).

5. In short, Bank is not being paid and has been trying to foreclose on its first position lien. "MCITBE" (without the permission or authority of this Court or the Receiver) through Justin Rayome,[3] Mark Yablon,[4] and the newly retained Derek Staub[5] (Dallas Office of FBT Gibbons) have filed pleadings to indefinitely stop the Bank from foreclosing. Additionally, more relevant to this Court, **"MCITBE" has sued the Receiver over its recorded Notice of Receivership and alleges that Receiver is involved in a nefarious conspiracy with the Bank to foreclose on Swift.**

6. **The lawyers for MCITBE are also contending that MCITBE is entirely owned and controlled by Shahnaz Choudhri, Ali Choudhri's mother, and therefore not part of this Court's receivership estate.** Except on April 17, 2026, in document RP-2026-149204, Paul Cox (as purported manager of MCITBE) signed and recorded a Deed of Trust and Security Agreement in favor of Shahnaz Choudhri for an unspecified amount.

7. The Bank has requested a transfer to this Court and Receiver has joined the motion because:

---

[2] Mr. Sternberg was the same lawyer that wrote demand letters on behalf of Ali Choudhri to stop the purchase and sale of properties that the Court approved.

[3] Mr. Rayome has represented Ali Choudhri in dozens of lawsuits in state, federal, and bankruptcy courts throughout the state, including the A-Case and D-Case.

[4] Mr. Yablon appeared in the A-Case and D-Case on behalf of Ali Choudhri. He frivolously argued the judgments were superseded.

[5] Mr. Staub has gotten very active in opposing the Receiver on behalf of both Ali Choudhri and Shahnaz Choudhri. For example, in Harris County District Clerk Cause No. 2013-41273, Mr. Staub is trying to keep approximately $2.2mm being held by the District Clerk as a supersedes bond away from the Receiver even though the judgment creditor in that case agrees to its release. Mr. Staub has also appeared in Harris County District Clerk Cause No. 2025-62940 on behalf of Shahnaz Choudhri to oppose her fraudulent transfer liability stemming from +$12mm she jointly received with her daughter (Mobeen Choudhri) from Ali Choudhri. Mr. Staub has appeared in Harris County District Clerk Cause No. 2023-84714 to assist Mr. Choudhri in defending liability stemming from a large office lease obligation.

a. The lawyers filing documents on behalf of MCITBE are not authorized to file same according to this Court's Amended Turnover Orders;

b. The lawyers filing documents on behalf of MCITBE are contending that Shahnaz Choudhri is the sole and exclusive owner of MCITBE in spite of a contrary adjudication in the Amended Turnover Orders that Ali Choudhri was the owner of MCITBE (and that MCITBE has been turned over to the Receiver);

c. The Receiver is a party to the lawsuit and the lawyers filing documents on behalf of MCITBE are attempting to conduct broad, harassing, and unlawful discovery on the Receiver's collection activity work product in an effort to block same.

8. As of this filing, the motion to transfer and plea to the jurisdiction have not been heard. It was set for submission on May 11, 2026, but per MCITBE's request that submission hearing was reset as an oral hearing for May 20, 2026. The May 20, 2026 oral hearing did not occur because the 129th was in trial. The hearing has not yet been reset.

**CONCLUSION**

There is a $433,946.26 receivership asset that is being fought over in the 129th District Court. There are allegations that it is not a receivership asset and a party to the case is suing the Receiver (individually and as receiver) for doing his job and following this Court's Amended Receivership Orders. There is a motion to transfer pending with Judge Gomez. Receiver believes the Court should be aware of the issues and potential transfer.

Respectfully submitted,

By: /s/Travis B. Vargo

Travis Vargo
State Bar No. 24047027
12012 Wickchester, Suite 670
Houston, TX 77079
(713) 524-2441 telephone

(832) 779-8838 facsimile
tvargo@vargolawfirm.com

COURT APPOINTED RECEIVER

CERTIFICATE OF SERVICE

This is to certify that on May 27, 2026, a true and correct copy of this document was served on all parties and counsel of record through the e-service system and/or email as authorized by the Texas Rules of Civil Procedure.

By: ____/s/Travis B. Vargo__________
Travis B. Vargo

CAUSE NO. 2012-27197-D

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd.<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| Ali Choudhri et al<br>Defendants | §<br>§ | 333rd JUDICIAL DISTRICT |

**RECEIVER'S MOTION FOR POSSESSION AND COMFORT ORDER REGARDING RECEIVERSHIP REAL PROPERTY LOCATED AT 2232 SWIFT BLVD.**

TO THE HONORABLE JUDGE RANDY WILSON:

Receiver Travis Vargo ("Receiver") incorporates his Special Report on MCITBE LLC filed into the docket May 27, 2026, but now moves the Court for relief by showing:

1. MCITBE LLC ("MCITBE") is a Texas limited liability company. Following heavily sanctioned delays caused by Ali Choudhri and exhaustive motions and hearings relating to his net worth in this Cause and the A-Case, the Court listed MCITBE as an entity under the Receiver's control in both the A-Case and D-Case Amended Orders Appointing Receiver dated April 8, 2025, and April 9, 2025, respectively (collectively "Amended Receivership Orders"). *See* Amended Receivership Orders ¶ 9 (listing MCITBE LLC as one of the "Choudhri LLCs" subject to the order) ¶ 20 ("all authority and power of Debtors to manage and operate the businesses of Debtors not currently in Bankruptcy is vested in the Receiver and no decision may be made or carried out without the express approval of the Receiver").

2. As a result of recorded document RP-2026-91935 with the Harris County Clerk, MCITBE has color of title to real property located at 2232 Swift Blvd., Houston, 77030, Harris County, Texas also legally described as:

> BEING the West 25 feet of Lot Twenty-One (21) and the adjoining East 40 feet of Lot Twenty-Two (22), in Block Nine (9), of Southgate, a Subdivision in Harris County, Texas according to the map or plat thereof, recorded in Volume 10, Page 49 of the Map Records of Harris County, Texas.

("Swift Property"). *See* Tex. R. Evid. 201.

3. Problematically, the Swift Property has not been turned over to the Receiver as required by the Amended Receivership Orders. Instead, Ali Choudhri has been marketing the Swift Property for sale in violation of the Turnover Orders in an effort to escape payment of his civil judgments. Ali Choudhri marketed it for sale from March to May 2026. *See* Exhibit A (MLS listing for Swift Property dated 03/22/2026), Exhibit B (same, but dated May 12, 2026, changing broker to Next Trend Realty LLC).

4. Additionally, on April 20, 2026, a Deed of Trust and Security Agreement encumbering the Swift Property was filed in the real property records in favor of Ali Choudhri's mother, Shahnaz Choudhri. That transaction is void because the Amended Receivership Orders place the Swift Property into *custodia legis* and further enjoin the Debtors from encumbering the assets. *See* Amended Receivership Orders in A-Case ¶ 23.

5. Receiver does not have access to the premises because it is protected by locks and an alarm. To avoid a situation involving law enforcement, Receiver moves the Court for an Order of Possession. A court may issue writs of possession to secure real property that is the subject of a turnover receivership. *Byrom v. Penn*, No. 12-18-00335-CV, 2019 Tex. App. LEXIS 4505, at *4 (Tex. App.—Tyler May 31, 2019, pet. denied) (specifically overruling appellant's issue that court appointing receiver lacked jurisdiction to order eviction of property subject to receivership). Receiver also seeks a comfort order authorizing the retention of a realtor to market and sell the Swift Property, which will eliminate any disputes with other realtors hired by Ali Choudhri and/or the Texas Real Estate Commission.

**CONCLUSION**

Receiver requests that the Court enter the attached Order for possession and authorize the retention of a realtor to market the Swift Property for sale.

Respectfully submitted,

By: /s/Travis B. Vargo

Travis Vargo
State Bar No. 24047027
12012 Wickchester, Suite 670
Houston, TX 77079
(713) 524-2441 telephone
(832) 779-8838 facsimile
tvargo@vargolawfirm.com

COURT APPOINTED RECEIVER

CERTIFICATE OF SERVICE

This is to certify that on May 28, 2026, a true and correct copy of this document was served on all parties and counsel of record through the e-service system and/or email as authorized by the Texas Rules of Civil Procedure.

By: /s/Travis B. Vargo
Travis B. Vargo

# DECLARATION

1. My name is Travis Vargo. I am the court appointed receiver for Ali Choudhri, Dalio Investments I LLC and Dalio Investments II LLC. I have knowledge of the facts stated in this declaration because I am the receiver and/or as a result of my investigations and activities as receiver.

2. The documents attached as Exhibits A and B are true and correct copies of the MLS listings for the real property located at 2232 Swift Blvd., Houston, 77030.

3. My name is Travis Vargo. My date of birth is June 29, 1979 and my address is 12012 Wickchester, Suite 670, Houston, TX 77079, United States of America. I declare under penalty of perjury the foregoing declaration is true and correct.

/s/Travis Vargo

Travis Vargo