# EXHIBIT M

Settlement Agreement between TIG Romspen and the Receiver (Nov. 21, 2025); Receiver's Omnibus Response (Apr. 15, 2026)

CAUSE NO. 2012-27197-A

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd.<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| Ali Choudhri et al<br>Defendants | §<br>§ | 333rd JUDICIAL DISTRICT |

**RECEIVER'S OMNIBUS RESPONSE**
**TO ALI CHOUDHRI'S VARIOUS MOTIONS**
**AND MOTION TO STRIKE**

**EXHIBIT C**

Unofficial Copy Office of Marilyn Burgess District Clerk

**EXECUTION VERSION**

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is effective as of the 21st day of November, 2025 ("Execution Date"), by and between: (i) TIG Romspen US Master Mortgage LP, a Cayman Islands exempted limited partnership ("Romspen") and (ii) Travis Vargo, as state court-appointed receiver ("Receiver"). Romspen and Receiver are collectively referred to as the "Parties" and each as a "Party." In consideration of the agreements, representations, warranties, and covenants set forth herein, the Parties hereby agree as follows:

## I. RECITALS.

### A. Choudhri and the Relevant Choudhri-Related Entities

1. Ali Choudhri ("Choudhri") is an individual who resides in Houston, Texas.

2. Galleria Loop Note Holder, LLC ("GLNH") is a Texas limited liability company owned and controlled by Choudhri.

3. 1001 WL, LLC ("1001 WL") is a New York limited liability company. 1001 WL is presently a debtor in the bankruptcy case pending in the Western District of Texas, Austin Division (the "Austin Court") styled *In re 1001 WL, LLC*, Case No. 24-10119-smr (the "1001 WL Bankruptcy Case"). John Patrick Lowe has been appointed as Chapter 11 Trustee ("Trustee").

4. Milestone Capital CRE I, LLC (aka Milestone Capital CRE 1, LLC) ("Milestone") is a Texas limited liability company owned and controlled by Choudhri.

5. OTISCO RDX, LLC ("OTISCO") is a Texas limited liability company owned and controlled by Choudhri.

6. BDFI, LLC ("BDFI") is a Texas limited liability company owned and controlled by Choudhri.

### B. 1001 West Loop Property and the 1001 WL Bankruptcy Case

1. On May 31, 2019, Romspen made a loan to GLNH in the original principal amount of $18,500,000 (the "Romspen Loan"). At the time of the Romspen Loan, 1001 WL was the owner of that certain office building located at 1001 West Loop South, Houston, Texas ("1001 West Loop Property"). The Romspen Loan was intended to provide GLNH with the funds to allow Choudhri to acquire then-existing senior liens encumbering the 1001 West Loop Property, to then be foreclosed in order to extinguish junior indebtedness including a lien securing purported debt owed to BDFI. Under Choudhri's control and direction, GLNH acquired the then-existing senior liens, and on September 3, 2019, Choudhri's selected and duly-appointed substitute trustee completed a non-judicial foreclosure sale, with GLNH as the successful bidder. As a result, GLNH became the record title owner of the 1001 West Loop Property, effective on or about September 3, 2019. GLNH granted Romspen a senior-position lien encumbering the 1001

Unofficial Copy Office of Marilyn Burgess District Clerk

West Loop Property and all cash generated thereby as security for repayment of the Romspen Loan, as evidenced by, among other things, that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated as of September 4, 2019 and recorded at Instrument No. RP-2019-392981 in the Harris County, Texas, Official Records (the "Houston DOT").

2. GLNH defaulted under the Romspen Loan. Choudhri, on behalf of GLNH, negotiated several forbearance and/or reinstatement agreements with Romspen. GLNH and Choudhri failed and/or refused to comply with the forbearance and/or reinstatement agreements. Romspen therefore attempted to enforce its rights under the Romspen Loan.

3. On December 8, 2023, Romspen initiated Cause No. 2023-84714 in the Harris County, Texas, 190th Judicial District Court styled *TIG Romspen US Master Mortgage LP v. Galleria Loop Note Holder, LLC* (the "Romspen Enforcement Action") seeking, among other things, damages against GLNH under the Note and against Choudhri under his guaranty of the Note. The Romspen Enforcement Action has been abated but remains pending.

4. A non-judicial foreclosure sale was duly and properly noticed to occur on February 6, 2024 (the "1001 WL Petition Date"). On January 22, 2024, Choudhri, on behalf of GLNH, transferred the 1001 West Loop Property back to 1001 WL; and on the 1001 WL Petition Date, 1001 WL filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the 1001 WL Bankruptcy Case. As a result of the imposition of the automatic stay, Romspen did not proceed with the scheduled foreclosure sale.

5. On February 16, 2024, Romspen filed a secured proof of claim in the WL Bankruptcy Case at Claim No. 1 in the Official Claims Register, in the amount of $33,215,553.94, which was amended on July 12, 2024, to reflect a reduction to $33,115,553.94 (the "Romspen Claim").

6. On May 6, 2024, the judge in the WL Bankruptcy Case entered an order conditionally lifting the automatic stay to allow Romspen to conduct a non-judicial foreclosure sale. [ECF No. 151]. However, the judge entered orders periodically suspending the effectiveness of stay relief. [*See* ECF Nos. 206, 359]. On August 30, 2024, the judge entered an order expressly permitting Romspen to notice and post the 1001 West Loop Property for foreclosure in October 2024 or any month thereafter, and to conduct a foreclosure sale in accordance with the applicable loan documents and applicable law subject to a ruling on confirmation of the proposed, pending plan. [ECF No. 463]. On September 19, 2024, the judge entered an order denying confirmation of the Debtor's proposed, pending Chapter 11 plan in the WL Bankruptcy Case. [ECF No. 502]. Accordingly, Romspen is permitted to proceed with a non-judicial sale of the 1001 West Loop Property to occur as early as October 1, 2024.

7. A non-judicial foreclosure sale of the 1001 West Loop Property was duly and properly noticed to occur on October 1, 2024. On September 29, 2024, GLNH, under Choudhri's direction and control, initiated Cause No. 2024-67186 in Harris County, Texas,





Unofficial Copy Office of Marilyn Burgess District Clerk

District Court styled *Galleria Loop Note Holder, LLC v. TIG Romspen US Master Mortgage LP et al.* (the "GLNH TRO Action") seeking, among other things, entry of a temporary restraining order and preliminary injunction to prevent Romspen from conducting the scheduled October 1, 2024, foreclosure sale. Romspen removed the GLNH TRO Action to the United States District Court for the Southern District of Texas before the state court ancillary judge signed GLNH's proposed temporary restraining order. Romspen therefore intended to proceed with the non-judicial sale as scheduled. On October 1, 2025, Kirklin Properties, LLC, as the purported assignee of the lien interest of BDFI, filed Cause No. 2024-24786 in Harris County, Texas, District Court styled *Kirklin Properties, LLC v. George Lee et al.* (the "Kirklin Suit") seeking, among other things, entry of a temporary restraining order and preliminary injunction to prevent Romspen from conducting the scheduled October 1, 2024, foreclosure sale. The ancillary judge in the Kirklin Suit entered a temporary restraining order minutes before the scheduled start of the October 1, 2024, non-judicial trustee's sale. The substitute trustee conducted the October 1, 2024, sale in the event the temporary restraining order had not yet taken effect; however, after further analysis, the substitute trustee concluded that the sale was void and the substitute trustee declined to issue a substitute trustee's deed. The Kirklin Suit has since been non-suited.

8. Romspen has posted, noticed, and recorded the 1001 West Loop Property for a non-judicial foreclosure sale on December 2, 2025 (the "1001 WL December Sale").

9. The GLNH TRO Action was remanded back to the state court. GLNH sought *in rem* relief as to the 1001 West Loop Property. The Trustee intervened, removed the case to the United States District Court for the Southern District of Texas, and moved to transfer the case to the Austin Court – which motion was granted. The GLNH TRO Action is now pending in the Austin Court as Adversary Proceeding Case No. 25-01055.

10. Romspen initiated a separate adversary proceeding in the Austin Court styled *TIG Romspen US Master Mortgage LP v. Ali Choudhri, et al.*, Adversary Proceeding Case No. 24-01062 (the "Romspen Adversary"). Among other things, the Romspen Adversary seeks to enjoin Choudhri, GLNH, BDFI and others from interfering with or otherwise obstructing Romspen's lawful enforcement rights and remedies including any non-judicial foreclosure of the 1001 West Loop Property. The Romspen Adversary remains pending.

Unofficial Copy Office of Marilyn Burgess District Clerk

## C. The Lavernia Property and the RIC (Lavernia) Bankruptcy Case

1. In connection with one of the forbearance and/or reinstatement agreements between GLNH and Romspen, Choudhri induced Romspen by volunteering additional collateral to secure the Romspen Loan. As explained by Choudhri to Romspen, the additional collateral is real property located in Lavernia, Wilson County, Texas (the "Lavernia Property") owned by OTISCO. Choudhri represented that the Lavernia Property was subject to an existing lien, but did not disclose that he had any relationship or affiliation with the lienholder. Choudhri represented to Romspen that OTISCO is comprised of investors with an interest in the 1001 West Loop Property. Choudhri represented and contended that because OTISCO would be harmed if Romspen were to foreclose its lien in

the 1001 West Loop Property, OTISCO would be willing to grant Romspen a lien interest in the Lavernia Property in exchange for Romspen's forbearance. Romspen relied on Choudhri's representations, and accepted a lien against the Lavernia Property given by OTISCO to secure a portion of the Romspen Loan ($2,266,000) as evidenced by, among other things, that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated "as of the __the of August, 2023" and recorded on August 18, 2023, in the Wilson County, Texas, Official Records at Document No. 135641, Receipt No. 20230822000016 (the "Lavernia DOT"). Choudhri failed to disclose that Milestone, the holder and beneficiary of the prior lien encumbering the Lavernia Property, is an entity owned and controlled by Choudhri, or the circumstances giving rise to the alleged indebtedness owed by OTISCO purportedly secured by the deed of trust recorded in the Wilson County, Texas, Official Records on May 23, 2023, at Document No. 132703, Receipt No. 20230523000016 (the "Milestone DOT").

2. After GLNH failed to perform as agreed, Romspen pursued foreclosure of its lien encumbering the Lavernia Property pursuant to a non-judicial sale scheduled for the 1001 WL Petition Date. Choudhri attended the sale; Romspen did not. After the sale, the substitute trustee reported to Romspen that the sale had closed and Romspen had acquired the Lavernia Property for its opening bid of $100,000. Romspen then caused to be formed RIC (Lavernia) LLC ("RIC"), to serve as Romspen's designee of the successful credit bid. Romspen assigned its rights to the Lavernia DOT to RIC, and the substitute trustee issued a substitute trustee's deed reflecting that RIC was the successful bidder at the foreclosure sale for a $100,000 credit bid (the "RIC Deed"). The RIC Deed was recorded in the Wilson County, Texas, Official Records on March 26, 2024 at Document Number 141143, Receipt Number 20240326000033. Choudhri alleges irregularities in the foreclosure sale that render the RIC Deed void.

3. Milestone, under Choudhri's control, then purported to conduct a foreclosure sale of its alleged senior lien interest pursuant to the Milestone DOT. RIC initiated Cause No. CVW-2404240 in the Wilson County, Texas, 218th Judicial District Court styled *RIC (Lavernia) LLC v. Milestone Capital CRE 1, LLC* seeking, among other things, a temporary restraining order and preliminary injunction to prevent Milestone from foreclosing on the Lavernia Property; and disputing the validity of the Milestone DOT (the "RIC Lien Action"). The Wilson County state court issued a temporary restraining order, but later denied RIC's request for a preliminary injunction.

4. On June 27, 2024 (the "RIC Petition Date"), RIC filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division (the San Antonio Court"), thereby commencing Case No. 24-51195 styled *In re RIC (Lavernia) LLC* (the "RIC BK Case").

5. On June 28, 2024, RIC removed the RIC Lien Action to the San Antonio Court, where it is now pending as Adversary Proceeding Case No. 24-05043. In the RIC Lien Action, the judge in the San Antonio Court has made findings that, among other things: (i) Choudhri controls Milestone; (ii) Choudhri controls OTISCO; and (iii) the Milestone DOT was fabricated by Chaudhri.



Unofficial Copy Office of Marilyn Burgess District Clerk

6. RIC has proposed a plan of reorganization (the "RIC Plan") in the RIC BK Case, which is scheduled for a confirmation hearing on November 24, 2025.

7. On May 1, 2025, OTISCO commenced Adversary Proceeding Case No. 25-05040 in the San Antonio Court styled *OTISCO RDX, LLC v. RIC (Lavernia) LLC et al.* (the "OTISCO Adversary") seeking declaratory judgment setting aside the RIC Deed. The OTISCO Adversary was disposed of on Summary Judgment with an adverse ruling on OTISCO's claims. The judgment is presently on appeal (the "OTISCO Appeal").

8. RIC and Romspen negotiated a resolution to correct documents relating to RIC's acquisition of the Lavernia Property, including a correction to the RIC Deed. On September 4, 2025, RIC filed in the RIC BK Case an application to approve the compromise between RIC and Romspen relating to the corrective documents (the "RIC 9019").

**D. The Lavernia Property and the RIC (Lavernia) Bankruptcy Case**

1. On March 31, 2025, the Hon. Randy Wilson, sitting by special assignment, entered his Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors in Cause No. 2012-27197-D styled *Mokaram-Latif West Loop, Ltd. v. Ali Choudhri and Angel Valle*, pending in the 333rd Judicial District Court of Harris County, Texas (the "D-Case"). Thereafter, on April 9, 2025, Judge Wilson entered his Amended Order (2) Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors in the D-Case (the "D-Case Receivership Order").

2. On April 1, 2025, the Hon. Randy Wilson, sitting by special assignment, entered his Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors in Cause No. 2012-27197-A styled *Mokaram-Latif West Loop, Ltd. and Osama Abdullatif v. Ali Choudhri*, pending in the 333rd Judicial District Court of Harris County, Texas (the "A-Case"). Thereafter, on April 7, 2025, Judge Wilson entered his Amended Order Granting Turnover, Charging Order, and Appointment of Receiver Against Judgment Debtors in the A-Case (the "A-Case Receivership Order").

3. By orders entered in the RIC BK Case and the 1001 WL Bankruptcy Case, the San Antonio Court at ECF 304 and the Austin Court at ECF 996 (respectively) have confirmed that Receiver has the legal right and authority over the claims and assets of Choudhri, Milestone, OTISCO, BDFI and GLNH, among others (collectively, the "Authority Orders"). Receiver's authority includes the authority to settle claims and causes of action pursuant to the A-Case Receivership Order and the D-Case Receivership Order, subject only to approval by the bankruptcy court with jurisdiction over the assets of a debtor owned and controlled by Choudhri, to wit: 1001 WL.

4. Following good faith negotiations, the Parties desire to settle and compromise various disputes arising in connection with the foregoing matters on the terms set forth herein to avoid the expense, risk, and uncertainty of litigation.





Unofficial Copy Office of Marilyn Burgess District Clerk

NOW, THEREFORE, in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties covenant and agree as follows:

## II. OPERATIVE PROVISIONS.

For good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties agree to these Operative Provisions.

1. Incorporation of Recitals. All of the foregoing Recitals are incorporated into these Operative Provisions without any difference or distinction between the two segments of this Agreement.

2. Effective Date. This Agreement will become effective on the date all of the Parties have exchanged their signatures (the "Effective Date").

3. 1001 West Loop Property Foreclosure and 1001 WL Bankruptcy Case Resolution. Receiver[1] agrees not to interfere with Romspen's non-judicial foreclosure of the 1001 West Loop Property, including as it relates to the 1001 WL December Sale. Receiver further agrees to take such actions as reasonably requested by Romspen to render ineffective any purported injunction or other mechanism pursued by or at the direction of Choudhri to interfere with and/or obstruct Romspen's non-judicial foreclosure of the 1001 West Loop Property. Such actions may include, but are not limited to: (a) filing for withdrawal of any application for temporary restraining order sought by Choudhri or at Choudhri's direction; or (b) stipulating to the entry of an order in the Romspen Adversary that enjoins Choudhri, GLNH, BDFI, or any other party to that litigation from taking any action to interfere with and/or obstruct Romspen's non-judicial foreclosure of the 1001 West Loop Property. Receiver: (i) expressly acknowledges and affirms that Choudhri's actions and conduct as it relates to Romspen's efforts to foreclose the 1001 West Loop Property are the type of actions and conduct that support application of equitable tolling of any statute of limitations; (ii) expressly acknowledges and affirms that the statute of limitations does not operate as a bar to the 1001 WL December Sale or any other attempt by Romspen to foreclose its interests in the 1001 West Loop Property; (iii) expressly waives any and all limitations defenses in connection with the 1001 WL December Sale or any other attempt by Romspen to foreclose its interests in the 1001 West Loop Property; (iv) expressly acknowledges, affirms, and waives any objection whatsoever to the extent, validity, priority, and/or amount of Romspen's lien claims as set forth in the Romspen Claim; (v) consents to the turnover by any trustee of the 1001 WL bankruptcy estate of such property on account of Romspen's valid, perfected lien interests; (vi) consents to relief from the automatic stay in the 1001 WL Bankruptcy Case to the extent necessary to pursue a judicial foreclosure of the 1001 West Loop Property, and to reasonably cooperate with Romspen in connection with pursuing and conducting a judicial sale of the 1001 West Loop

---

[1] Unless stated otherwise, all agreements, acknowledgements, affirmations, consents, obligations, actions and responsibilities of Receiver as set forth in these Operative Provisions shall be on behalf of the receivership estate, Choudhri, GLNH, BDFI, Milestone, OTISCO, and any and all other Choudhri-related entities over which the Receiver asserts control subject only to approval by the bankruptcy court with jurisdiction over the assets of a debtor owned and controlled by Choudhri.





Unofficial Copy Office of Marilyn Burgess District Clerk

Property including, without limitation, through the Romspen Enforcement Action. Receiver agrees not to interfere with any assignment, designation, or transfer by Romspen of its lien interests in and to the 1001 West Loop Property to facilitate the substitute trustee's conveyance of title to such assignee, designee, or transferee. Receiver agrees that Receiver will support and will not oppose such resolution of the 1001 WL Bankruptcy Case as proposed by Romspen including, without limitation, conversion to Chapter 7.

4. Judgment in the Romspen Enforcement Action. Receiver agrees to reasonably cooperate with Romspen in connection with entry of a judgment in the Romspen Enforcement Action in the form attached here as Exhibit II.4. To the extent Romspen seeks to proceed with a judicial foreclosure of the 1001 West Loop Property through the Romspen Enforcement Action, Receiver agrees to reasonably cooperate in modifying Exhibit II.4 accordingly.

5. Judgment in the RIC Lien Action. Receiver agrees to reasonably cooperate with RIC in connection with entry of a judgment invalidating the Milestone DOT in the RIC Lien Action in the form attached hereto as Exhibit II.5.

6. OTISCO Appeal Withdrawal. Receiver agrees to withdraw the OTISCO Appeal promptly after the Effective Date.

7. RIC BK Case Resolution. Receiver agrees to withdraw promptly after the Effective Date any and all objections asserted by Choudhri, OTISCO, or Milestone to, and to affirmatively support, the RIC 9019; and expressly waives any and all objections to RIC and Romspen entering into the corrective documents described therein, recordation of such documents, and RIC's ownership of the Lavernia Property pursuant to the RIC Deed and/or the documents reflected in the RIC 9019. Receiver further agrees to waive any and all objections to the RIC BK Plan. Receiver agrees not to oppose, and to consent to, any motion by RIC to dismiss the RIC BK Case.

8. Dismissal With Prejudice of the GLNH TRO Action. Receiver agrees to reasonably cooperate with Romspen and the Trustee to dismiss, with prejudice, the GLNH TRO Action, all parties to bear their respective fees and expenses, promptly after the Effective Date.

9. Dismissal Without Prejudice of the Romspen Adversary. Receiver agrees to reasonably cooperate with Romspen to dismiss, without prejudice, the Romspen Adversary. Romspen shall be entitled to determine when to pursue such dismissal.

10. Payment to Receivership Estate. Romspen agrees to pay the Receiver, for the benefit of the receivership estate, the sum of Two Hundred Twenty-Five Thousand and NO/100 Dollars ($225,000.00). Payment shall be due within three (3) business days after both of the following have occurred: (a) Romspen or its designee, or a third-party purchaser for value at a sale approved and/or conducted by Romspen, takes title to the 1001 West Loop Property; and (b) the RIC BK Case is resolved either through entry of an order confirming the RIC Plan or entry of an order dismissing the RIC BK Case.

11. Release of Romspen Release Parties. Contingent upon performance of, and except for, Romspen's obligations under this Agreement, upon the Effective Date, the Receiver, for the receivership estate, Choudhri, GLNH, Milestone, OTISCO, and all other Choudhri-related



Unofficial Copy Office of Marilyn Burgess District Clerk

businesses and interests under the Receiver's control, shall and hereby does release, remise and forever discharge Romspen and its respective officers, partners, managers, directors, employees, agents, representatives, attorneys and their respective successors, insurers and assigns, legal representatives, past and present affiliates, divisions, companies, associations, partnerships and businesses ("Romspen Release Parties") from any and all actions, suits, debts, demands, accounts, claims, counterclaims, bonds, guaranties, obligations, bills, liabilities, controversies, damages, attorneys' fees and litigation costs, judgments and causes of action, in law, in equity, or otherwise ("Claims") which the Receiver ever had, now has, or may have in the future against the Romspen Release Parties.

12. Further Assurance. The Parties each shall execute and/or deliver such additional documents, and do such other acts as may be reasonably required in connection with the transactions contemplated by this Agreement.

13. Miscellaneous.

a. Third Party Beneficiaries. With the exception of the Romspen Release Parties, expressly including RIC, all of whom are expressly third party beneficiaries of this Agreement, this Agreement is made for the sole protection and benefit of the Parties hereto and no other person or entity shall have any right of action hereon or be a third party beneficiary hereof.

b. Entire Agreement. This Agreement embodies the entire agreement of the Parties with regard to the subject matter hereof. There are no representations, promises, warranties, understandings or agreements expressed or implied, oral or otherwise, in relation thereto, except those expressly referred to or set forth herein. Each of the Parties acknowledges that the execution and delivery of this Agreement is its free and voluntary act and deed, and that said execution and delivery have not been induced by, nor done in reliance upon, any representations, promises, warranties, understandings or agreements made by either Party, its agents, officers, employees or representatives.

c. Changes in Writing. No promise, representation, warranty or agreement made subsequent to the execution and delivery of this Agreement by any party hereto, and no revocation, partial or otherwise, or change, amendment or addition to, or alteration or modification of, this Agreement shall be valid unless the same shall be in writing signed by all of the Parties.

d. Time of the Essence. Time is expressly made of the essence of this Agreement.

e. Choice of Law and Venue. This Agreement shall be governed by and construed according to the laws of the State of Texas, without regard to conflicts of law principles. Any and all disputes arising from and/or relating to this Agreement shall exclusively be pursued in any state and/or federal court located in the State of Texas.

f. Attorneys' Fees. Should any Party hereto breach any term of this Agreement, the breaching Party shall pay the non-breaching Party all reasonable attorneys'

Unofficial Copy Office of Marilyn Burgess District Clerk

fees and other costs and fees incurred by the non-breaching Party in enforcing this Agreement or preparing for legal or other proceedings, whether or not said proceedings are instituted. In the event a lawsuit or other proceeding is brought by any Party based on this Agreement or breach thereof, the prevailing Party shall be entitled to recover its reasonable attorneys' fees and other costs and fees incurred enforcing this Agreement.

g. Counterparts. This Agreement may be executed in one or more counterparts, each of which shall be considered an original counterpart. Any signed Agreement or signature page to this Agreement that is transmitted by facsimile or in the portable document format (.pdf) shall be treated in all respects as an original Agreement or signature page.

h. Waiver of Presumptions. The Parties hereby waive the presumption that any ambiguities in a contract are read against the drafter of same. The Parties further agree that this Agreement was negotiated by the Parties and that each of them is the drafter of every part of this Agreement.

i. Headings. The headings or captions of sections and subsections in this Agreement are for convenience and reference only, do not define, control, or limit the provisions of such sections or paragraphs, and shall not affect the interpretation of this Agreement.

j. USE OF COUNSEL. THE PARTIES: (i) HAVE HAD AN OPPORTUNITY TO RETAIN LEGAL COUNSEL; AND (ii) ACKNOWLEDGE AND AGREE THAT PRIOR TO THEIR EXECUTION OF THIS AGREEMENT THEIR RESPECTIVE COUNSEL ADVISED THEM OF THE EFFECTS OF THIS AGREEMENT.

k. Notice. Any notice or communication required hereunder between the Parties must be in writing, and may be given personally, by next-day delivery through a nationally known overnight delivery service (such as, but not limited to, Federal Express or United Parcel Service), by certified or registered mail, or, if an email address is provided below, by email. Notice shall be deemed to have been given and received by the earlier of the date delivered to the Party to whom it is addressed and the date delivered to such Party's counsel. Any Party hereto may at any time, by giving ten (10) days' written notice to the other Party hereto, designate any address other than the one shown below and in substitution of the address shown below, or any additional address, to which such notice or communication shall be given. Notices under this Agreement shall be given to the Parties at their addresses set forth below:

Unofficial Copy Office of Marilyn Burgess District Clerk

| | |
|---|---|
| If to Receiver:<br>Travis B. Vargo<br>12012 Wickchester, Suite 670<br>Houston, Texas 77079<br>Email: tvargo@vargolawfirm.com | With a copy to:<br>Leslie M. Luttrell<br>Luttrell + Carmody Law Group<br>100 N.E. Loop 410, Ste. 615<br>San Antonio, Texas 78216<br>Email: luttrell@lclawgroup.net |

| If to Romspen and/or RIC: | With a copy to: |
|---|---|
| TIG Romspen US Master Mortgage LP<br>Attn: Mark Aber<br>162 Cumberland Street, Suite 300<br>Toronto, Ontario M5R 3N5<br>Markaber@Romspen.com | Bryan Cave Leighton Paisner LLP<br>Attn: Kyle S. Hirsch, Esq.<br>2200 Ross Avenue, Suite 4200W<br>Dallas, Texas 75201<br>Kyle.Hirsch@bclplaw.com |

l. No Admission of Liability. By entering into this Agreement, none of the Parties admit to any liability or wrongdoing whatsoever with respect to any claims or conduct heretofore or hereinafter asserted by any of the Parties hereto, and all Parties expressly deny any and all such liability and wrongdoing. The Parties acknowledge and agree that this Agreement may not be used as evidence to prove any alleged wrongdoing or any other alleged wrong, other than a failure to comply with the terms of this Agreement in any action or proceeding initiated by the Parties or any other individual or entity against the Parties. The Parties agree that this Agreement may be used as evidence in any action to enforce the terms of this Agreement.

m. Severability. If any of the provisions in this Agreement are determined to be invalid by a court, arbitrator, or government agency of competent jurisdiction, it is agreed that such determination shall not affect the enforceability of the other provisions herein. Notwithstanding the foregoing sentence, if a court, arbitrator, or government agency of competent jurisdiction issues a final ruling that Receiver lacks the authority to enter into this Agreement on behalf of Choudhri, OTISCO, Milestone, GLNH, or any other entity for whom Receiver makes agreements, acknowledgements, or affirmations herein or for whom Receiver is granting releases in favor of the Romspen Released Parties; and if in that event, Claims otherwise resolved and/or released herein are pursued against any of the Romspen Release Parties, then Romspen's payment obligations as set forth in Paragraph II.7 hereof shall be of no force or effect, and any payment made by Romspen on account of Paragraph II.7 shall be promptly returned to Romspen.

n. Integration. No promises, representations, understandings, or warranties have been made by any Party other than those that are expressly contained herein. This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements between the Parties, written or oral, pertaining to the same subject matter of this Agreement.

Unofficial Copy Office of Marilyn Burgess District Clerk

o. Warranty of Right and Authority. Each of the Parties to this Agreement expressly acknowledges that the execution, delivery and performance of this Agreement (a) are within its powers; (b) have been duly authorized by all necessary action on its behalf and all necessary consents or approvals have been obtained and are in full force and effect; and (c) do not violate any of the terms and conditions of: (i) its governing documents; and (ii) any Applicable Law. For purposes of this Agreement, "Applicable Law" means all existing laws, rules, regulations, statutes, treaties, codes, ordinances, permits, certificates, orders, decrees, licenses and concessions or any interpretations by, any governmental authority that are applicable to the relevant Party and the transactions contemplated by this Agreement. Each of the Parties that is not a natural person further warrants that the person signing on its behalf is duly authorized by appropriate entity action to sign this Agreement and bind their respective entities to it. The Receiver warrants and represents that his authority to enter into this Agreement is derived exclusively from the A-Case Receivership Order, the D-Case Receivership Order and the Authority Orders.

p. Construction. Should any term or provision of this Agreement be construed to be against public policy or determined by a court of competent jurisdiction to be void, invalid or unenforceable, such construction and decision shall affect only those paragraphs, clauses or provisions so construed or interpreted, and shall in no way affect the remaining paragraphs, clauses or provisions of this Agreement, which shall remain in force.

q. Calculation of Time. In the event that the first day a notice is deemed given under this Agreement, or the date for the performance of any obligation hereunder, falls on a Saturday, Sunday or legal holiday, the date such notice is deemed given, or the date for performance of such covenant or obligation, will be extended to the next Business Day. If any deadline or notice date herein is extended to the next Business Day, and such deadline is used to calculate a subsequent date, the extended date that falls on the next Business Day will be used to calculate the subsequent date. Unless otherwise provided in this Agreement, all time periods will be in calendar days. "Business Day" shall mean a day that is not a Saturday, Sunday or legal holiday.

(Execution Page To Follow)

Unofficial Copy Office of Marilyn Burgess District Clerk

IN WITNESS WHEREOF, the parties have executed this Agreement as of the Execution Date.

| |
|---|
| **Travis Vargo, State Court-Appointed Receiver**<br><br>By: [signature] Receiver<br>Name: Travis B. Vargo |
| **TIG Romspen US Master Mortgage LP,** a Cayman Islands exempted limited partnership<br><br>By: Romspen US Mortgage GP Inc.,<br>An Ontario corporation, its general partner<br><br>By:____________________<br>Name:<br>Its: |

Unofficial Copy Office of Marilyn Burgess District Clerk

IN WITNESS WHEREOF, the parties have executed this Agreement as of the Execution Date.

| |
|---|
| **Travis Vargo, State Court-Appointed Receiver**<br><br>By:____________________________<br>Name: Travis B. Vargo |
| **TIG Romspen US Master Mortgage LP,** a Cayman Islands exempted limited partnership<br><br>By: Romspen US Mortgage GP Inc.,<br>An Ontario corporation, its general partner<br><br>By:____________________________<br>Name: J. Mickel[illegible]<br>Its: A.S.O. |

Unofficial Copy Office of Marilyn Burgess District Clerk

**EXHIBIT II.4**

Form of Judgment in the Romspen Enforcement Action
(To Follow)

Unofficial Copy Office of Marilyn Burgess District Clerk

CAUSE NO. 2023-84714

| | | |
|---|---|---|
| TIG ROMSPEN US MASTER MORTGAGE LP,<br><br>Plaintiff,<br><br>v.<br><br>GALLERIA LOOP NOTE HOLDER, LLC; and ALI CHOUDHRI, an individual,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br><br><br>80TH JUDICIAL DISTRICT<br><br><br><br>OF HARRIS COUNTY, TEXAS |

Unofficial Copy Office of Marilyn Burgess District Clerk

**FINAL JUDGMENT**

Plaintiff TIG Romspen US Master Mortgage LP ("Plaintiff") and Defendants Galleria Loop Note Holder, LLC ("GLNH") and Ali Choudhri, an individual ("Choudhri" and, together with GLNH, "Defendants"), by and through Travis Vargo as state court-appointed receiver ("Receiver"), stipulate to the entry of this Judgment.

The Court hereby finds as follows:

A. As of May 31, 2019, Plaintiff and GLNH entered into a loan transaction (the "Loan") evidenced by, among other things: (i) that certain Loan Agreement (the "Loan Agreement") and (ii) that certain Promissory Note, as amended by that Amended and Restated Promissory Note (together, the "Note") in the original principal amount of $25,678,501.32. Plaintiff is the current holder of the Note.

B. GLNH's payment and performance obligations are secured by, among other things, certain real property, related personal property, and improvements thereon located at 1001 West Loop South, Houston, Texas, 77027 (the "Property"), as more fully described in, among other things: (i) that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing dated September 4, 2019, and recorded on September 5, 2019, in the Official

Records of Harris County, Texas at Document Number RP-2019-392981 (the "Deed of Trust"); and (ii) that certain Assignment of Leases and Rents dated September 4, 2019, and recorded on September 5, 2019, in the Official Records of Harris County, Texas at Document Number RP-2019-393175 (the "Assignment of Rents").

C. Under the Loan Agreement, GLNH's failure to pay or perform as agreed constitutes a default, and if, after notice and an opportunity to cure, the failure continues, such failure constitutes an Event of Default.

D. Upon the occurrence of an Event of Default, Plaintiff is entitled to, among other things, (i) accelerate the maturity of the Note (if not already matured), (ii) demand immediate payment thereof plus interest at the default rate that is 5.0% higher than the non-default rate, (iii) demand all rents (and proceeds thereof) and books and records relating to the operation of the Property, and (iv) recover all attorneys' fees and costs incurred in connection with collecting on the unpaid outstanding balance owed by GLNH.

E. Choudhri personally guaranteed GLNH's Loan repayment and performance obligations as set forth in that certain Guaranty agreement dated as of May 31, 2019, executed by Choudhri in favor of Plaintiff (the "Guaranty").

F. Under the Guaranty, Choudhri absolutely, unconditionally, and irrevocably guaranteed to Plaintiff, as primary obligor and not merely as surety, the due, prompt, and full payment and performance of all liabilities, obligations, or undertakings owing by GLNH to Plaintiff of any kind or description arising out of or outstanding under, advanced or issued pursuant to, or evidenced by the Loan Agreement or other Loan documents or in any other agreement between GLNH and Plaintiff.

Unofficial Copy Office of Marilyn Burgess District Clerk

G. Among other things, Choudhri unconditionally agreed: (i) to pay to Plaintiff the full amount of the Loan as and when the same became due and payable under the Loan documents and (ii) to repay all attorneys' fees and costs incurred by Plaintiff in connection with enforcing the Guaranty and/or any Loan document.

H. GLNH defaulted under the Loan in numerous ways, including but not limited to: failing to repay the outstanding balance of the Note when it matured on May 31, 2020; failing to pay property taxes when due, resulting in the filing of third party tax liens; permitting additional liens to be placed against the Property; and failing to cure the same within the applicable cure period (the "Maturity Date Defaults"). As a result of the Maturity Date Defaults, Plaintiff has the lawful right to enforce its rights and remedies.

I. Plaintiff, through its legal counsel, provided written notice to Defendants and numerous opportunities to cure their defaults. Despite such notice and opportunity to cure, Defendants failed to cure.

J. Plaintiff, through its legal counsel, demanded as of no later than October 13, 2023, immediate repayment of the outstanding Loan and Guaranty obligations. Defendants failed and/or refused to pay as demanded by Plaintiff.

K. GLNH's failure to pay and perform as agreed under the Loan Agreement, the Note, the Deed of Trust, the Assignment of Rents, and other documents evidencing and relating to the Loan constitutes a breach by GLNH of its contracts with Plaintiff.

L. Choudhri's failure to pay and perform as agreed under the Guaranty constitutes a breach by Choudhri of his contract with Plaintiff.

M. On December 8, 2023, Plaintiff initiated this suit against Defendants to, among other things, recover on the unpaid Loan.

Unofficial Copy Office of Marilyn Burgess District Clerk

N. As of June 16, 2025, the following amounts remain unpaid, due and owing:

| | |
|---|---|
| Outstanding unpaid principal: | $20,464,692.94 |
| Property tax advances: | $494,020.22 |
| Outstanding unpaid interest at the non-default rate of 10.25%: | $10,354,024.02 |
| Outstanding unpaid interest at the additional 5.0% default rate: | $8,020,864.77 |
| Fees and other Loan Agreement charges: | $1,107,376.54 |
| Attorney's fees and other expenses incurred: | $1,903,328.39 |
| **TOTAL:** | **$42,371,306.88** |

Unofficial Copy Office of Marilyn Burgess District Clerk

O. Interest accrues on the outstanding unpaid balance at the default rate of 15.25% in the per diem amount of **$16,612.89**.

P. Plaintiff has been damaged as a result of Defendants' breaches in an amount calculated as the unpaid, due and owing amounts, plus interest thereon.

Q. Travis Vargo has been found by two United States Bankruptcy Judges to have the exclusive authority to represent the interests of Choudhri and entities controlled by Choudhri; one of those judges expressly affirmed Mr. Vargo's exclusive authority to represent the interests of GLNH. *See* "Order Granting the Receiver's Motion to Show Authority," *In re RIC (Lavernia) LLC*, Case No. 24-51195, United States Bankruptcy Court, W.D. Tex., ECF No. 304, p. 6 (October 17, 2025) (Parker, J.) ("The Receiver's authority to manage and operate Mr. Choudhri's business – to manage and operate where Mr. Choudhri has the right to manage and operate – includes the authority to litigate claims."); "Order Regarding Motions to Show Authority [ECF Nos. 837, 838, 839, 840, 970]," *In re 1001 WL, LLC*, Case No. 24-10119, United States Bankruptcy Court, W.D. Tex., ECF No. 996, p. 9 (October 20, 2025) (Bradley, J.) ("The Amended Orders are clear: The Receiver has the exclusive power to litigate on behalf of Mr. Choudhri and on behalf of BDFI, LLC, Galleria Loop Note Holder, LLC, and Jetall Capital LLC.").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff TIG Romspen US Master Mortgage LP shall have and recover of and from Defendants Galleria Loop Note Holder, LLC and Ali Choudhri, jointly and severally, the following sums:

1. Actual damages in the amount of **$42,371,306.88** due to Defendants' breaches of their contractual obligations owed, plus interest at the daily rate of **$16,612.89** through the date of entry of Judgment; and

2. Post-Judgment interest at the rate of 15.25% per annum.

The foregoing amounts shall be reduced by any recovery by Plaintiff from any other collateral securing Defendants' payment and performance obligations in accordance with applicable law. However, nothing in this Judgment constitutes an order or direction that Plaintiff marshal assets towards recovery of the judgment amount; rather, Plaintiff may pursue recovery from any and all available sources in any order or manner not inconsistent with applicable law, in Plaintiff's sole and absolute discretion.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Judgment is final and that Plaintiff TIG Romspen US Master Mortgage LP is allowed such writs and processes as may be necessary in the enforcement and collection of this Judgment.

This Judgment disposes of all claims and all parties, and is therefore a final judgment that is appealable immediately upon entry.

SIGNED this ____ day of _________________, 20____.

Unofficial Copy Office of Marilyn Burgess District Clerk

_________________________________

JUDGE PRESIDING

Stipulated and agreed by:
**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Justin D. Hanna*

Kyle S. Hirsch
Texas Bar No. 24117262
Justin D. Hanna
Texas Bar No. 24095726
2200 Ross Ave., Suite 4200W
Dallas, Texas 75201
(214) 721-8000 (Telephone)
(214) 721-8100 (Facsimile)
kyle.hirsch@bclplaw.com
justin.hanna@bclplaw.com

**ATTORNEYS FOR PLAINTIFF RIC (LAVERNIA) LLC**

**LUTTRELL + CARMODY LAW GROUP**

*/s/ Leslie M. Luttrell*

Leslie M. Luttrell (Tex. Bar No. 12708650)
One International
100 N.E. Loop 410, Suite 615
San Antonio, TX 78216
Telephone: 210-426-3600
Email: luttrelll@lclawgroup.net

**COUNSEL FOR TRAVIS VARGO, AS RECEIVER**

Unofficial Copy Office of Marilyn Burgess District Clerk

**EXHIBIT II.5**

Form of Judgment in the RIC Lien Action

(To Follow)

Unofficial Copy Office of Marilyn Burgess District Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **RIC (LAVERNIA) LLC,** | § | **Case No. 24-51195-mmp** |
| | § | |
| **Debtor** | § | **Chapter 11** |
| | § | |
| | § | |
| **RIC (LAVERNIA) LLC,** | § | |
| | § | |
| **Plaintiff** | § | **Adversary No. 24-05043-mmp** |
| | § | |
| **v.** | § | |
| | § | |
| **MILESTONE CAPITAL CRE 1, LLC; LORI DAVES AND JOHN DAVES, AS SUBSTITUTE TRUSTEE; ANDRES CEDILLOS,** | § § § § | |
| | § | |
| **Defendants** | § | |

Unofficial Copy Office of Marilyn Burgess District Clerk

**STIPULATED JUDGMENT**

Plaintiff RIC (Lavernia) LLC ("**Plaintiff**") and Defendant Milestone Capital CRE 1, LLC ("**Milestone**"), by and through Travis Vargo as state court-appointed receiver ("**Receiver**"), stipulate to the entry of this Judgment.

The Court finds and concludes as follows:

1. Plaintiff owns good and valid title to the property that is described on Exhibit A hereto (the "**Property**").

2. This Judgment incorporates by this express reference the allegations set forth in Paragraphs 2.1-2.8 of this Court's *Order Granting Plaintiff's Motion For Sanctions* entered on October 9, 2025 [ECF 176] (the "**Sanctions Order**"), which allegations are deemed to be true.

3. The Receiver has the exclusive authority to represent the interests of Milestone in this adversary proceeding. *See In re RIC (Lavernia) LLC*, Case No. 24-51195, United States Bankruptcy Court, W.D. Tex., ECF Nos. 304, 305.

Given the foregoing, **JUDGMENT IS HEREBY RENDERED** that:

A. The Deed of Trust and Security Agreement dated January 2, 2023, and recorded on May 23, 2023, in the Official Public Records of Wilson County, Texas (the "**Wilson County Records**") (Document No. 2023-132703) (the "**Milestone DOT**"), which purports to secure repayment by OTISCO RDX, LLC of a promissory note in the original principal amount of $5,900,000 payable to Milestone, is invalid, void, and of no force or effect.

B. Upon recording of this Judgment in the Wilson County Records, the Milestone DOT is deemed expunged. For the avoidance of any doubt, Milestone has no right, title and/or interest in the Property, and upon the recording of this Judgment in the Wilson County Records, any purported right, title and/or interest of Milestone in the Property reflected in the Wilson County Records is deemed expunged.

# # #

Unofficial Copy Office of Marilyn Burgess District Clerk

Stipulated and agreed by:
**BRYAN CAVE LEIGHTON PAISNER LLP**

*/s/ Justin D. Hanna*
Kyle S. Hirsch
Texas Bar No. 24117262
Justin D. Hanna
Texas Bar No. 24095726
2200 Ross Ave., Suite 4200W
Dallas, Texas 75201
(214) 721-8000 (Telephone)
(214) 721-8100 (Facsimile)
kyle.hirsch@bclplaw.com
justin.hanna@bclplaw.com

**ATTORNEYS FOR PLAINTIFF RIC (LAVERNIA) LLC**

**LUTTRELL + CARMODY LAW GROUP**

*/s/ Leslie M. Luttrell*
Leslie M. Luttrell (Tex. Bar No. 12708650)
One International
100 N.E. Loop 410, Suite 615
San Antonio, TX 78216
Telephone: 210-426-3600
Email: luttrelll@lclawgroup.net

**COUNSEL FOR TRAVIS VARGO, AS RECEIVER**

Unofficial Copy Office of Marilyn Burgess District Clerk

4/15/2026 3:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 113697768
By: Melanie Rosa
Filed: 4/15/2026 3:03 PM

CAUSE NO. 2012-27197-A

| | | |
|---|---|---|
| Mokaram-Latif West Loop, Ltd.<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | HARRIS COUNTY, TEXAS |
| Ali Choudhri et al<br>Defendants | §<br>§ | 333rd JUDICIAL DISTRICT |

**RECEIVER'S OMNIBUS RESPONSE TO ALI CHOUDHRI'S VARIOUS MOTIONS AND MOTION TO STRIKE**

TO THE HONORABLE JUDGE OF SAID COURT:

Travis B. Vargo, the Court-Appointed Receiver ("Receiver") represents:

1. This response addresses the following five motions filed by the Debtor Ali Choudhri:

   a. Motion to Declare Void Ab Initio All Orders Entered by the Hon. Ravi Sandill;

   b. Motion to Remove Receiver, Motion to Show Authority Under Rule 12, Request for Evidentiary Hearing, and Request for Discovery;

   c. Motion to Rule on Pending April 2025 Motion to Vacate Void Orders and Collateral Supersedeas Issues and Request for Oral and Evidentiary Hearing;

   d. Objection to Receiver's Motion to Approve Sale of 207 Malone Street, Plea to the Jurisdiction, and Request for Oral and Evidentiary Hearing and Vacateur [sic] of Prior Orders; and

   e. Emergency Motion for Leave to File Net Worth Affidavit and to Determine Supersedeas Security.

2. The Court should deny all of Mr. Choudhri's requested relief.

Unofficial Copy Office of Marilyn Burgess District Clerk

D Case Order.

12. The stipulated judgment was part of an overall settlement of multiple claims pending in multiple adversary proceedings within two bankruptcy proceedings—*In re: 1001 WL, LLC* pending in the Western District of Texas, Austin Division under Case No. 24-10119-smr and *In re: RIC (Lavernia) LLC* pending in the Western District of Texas, San Antonio Division under Case No. 24-51195-mmp (the "RICL Bankruptcy")—involving Mr. Choudhri, Galleria Loop Note Holder, LLC, 1001 WL, LLC, Milestone Capital CRE I, LLC, OTISCO RDX, LLC, and BDFI, LLC. Mr. Choudhri contends, contrary to the great weight of the evidence, that the assets involved in these proceedings had substantial equity and that all of Mr. Choudhri's actions, directly or through the cadre of lawyers that were involved[1], were legally appropriate and in the best interest of the respective entities. That was simply not the case. Upon the examination by the Receiver of the rulings in the adversaries and bankruptcy proceedings and the evaluation of the likelihood of success on the appeal of the losses sustained by Mr. Choudhri and his entities prior to the involvement of the Receiver, the Receiver, using his best judgment, agreed to what the facts supported and what would have been the inevitable outcome. Following Bankruptcy Court approval in the RICL Bankruptcy, in exchange for the dismissal of the unmeritorious appeals, and an agreement not to oppose the entry of meritorious judgments against Mr. Choudhri, the Receivership estate received a payment of $250,000.00. In Receiver's business judgment and discretion, that is a fair bargain. Here is the language of the agreement:

Unofficial Copy Office of Marilyn Burgess District Clerk

[1] Mr. Choudhri and his entities, prior to the confirmation by the Bankruptcy Courts of the exclusive authority of the Receiver to act, were represented by six different lawyers and law firms with all issues determined against the interests of Mr. Choudhri and his entities.