# EXHIBIT P

Transcript excerpts, April 11, 2025 hearing, In re Texas REIT, LLC

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WCW HOUSTON PROPERTIES, LLC, ET AL, | ) | CASE NO: 24-01045-smr ADVERSARY |
| Plaintiffs, | ) | Austin, Texas |
| vs. | ) | Friday, April 11, 2025 |
| TEXAS REIT, LLC, ET AL, | ) | 1:36 p.m. to 2:55 p.m. |
| Defendants. | ) | |
| IN RE: | ) | |
| TEXAS REIT, LLC, | ) | CASE NO: 24-10120-smr CHAPTER 11 |
| Debtor. | ) | |

MOTIONS HEARING

BEFORE THE HONORABLE SHAD ROBINSON,
UNITED STATES BANKRUPTCY JUDGE

CALENDARED MATTERS: SEE PAGE 2

APPEARANCES: SEE PAGES 2, 3, 4

Courtroom Deputy: Jennifer Lopez

Court Recorder [ECRO]: Laurie Boyd

Transcribed by: Exceptional Reporting Services, Inc.
P.O. Box 8365
Corpus Christi, TX 78468
361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

**APPEARANCES:** (CONTINUED)

| | |
|---|---|
| For Debtor: | STEPHEN W. SATHER, ESQ.<br>Barron & Newburger<br>7320 N. MoPac Expy.<br>Suite 400<br>Austin, TX 78731<br>512-476-9103 Ext. 220 |
| For Ali Choudhri: | KELL C. MERCER, ESQ.<br>901 S. MoPac Expy.<br>Building 1, Suite 300<br>Austin, TX 78746<br>512-627-3512 |
| Also present: | ALI CHOUDHRI<br>ANGELO DECARO |
| For Dalio Holdings I, et al.: | WILLIAM CHOSLOVSKY, ESQ.<br>Ginsberg Jacobs<br>300 S. Wacker Dr.<br>Chicago, IL 60606 |
| For George Lee: | THANE T. SPONSEL, III, ESQ.<br>Sponsel Miller<br>520 Post Oak Boulevard<br>Suite 310<br>Houston, TX 77027<br>713-892-5400 |
| For Ali Mokaram: | LYDIA R. WEBB, ESQ.<br>Gray Reed & McGraw<br>1601 Elm Street<br>Suite 4600<br>Dallas, TX 75201<br>214-954-4135 |
| For Osama Abdullatif: | T. MICHAEL BALLASES, ESQ.<br>Hoover Slovacek<br>5051 Westheimer<br>Suite 1200<br>Houston, TX 77056<br>713-977-8686 |
| For Travis Vargo: | BRIAN CUMINGS, ESQ. |

against these particular properties.

I further find and take judicial notice of the docket and proceedings in this case that suggest, as I stated under the case law, that Mr. Choudhri's a principal of Texas REIT, has certain fiduciary duties, and that Mr. Choudhri has neglected his fiduciary duties to the estate of the Debtor, to this Debtor, and the creditors of this estate.

And he's done that in multiple capacities and connections as was noted in WCW's motion.

And as I noted in several proceedings based on filings that Mr. Choudhri's made in this Court, he continues to assert positions for himself. He asserts positions for Dalio, for Jetall.

He takes this Court's time with urging this Court to adopt positions that are in his best interest or in the best interest of other entities.

He appears to deploy delay tactics and things of that nature to address issues that relate to him individually, Dahli (sic), Jetall, etcetera.

The handling of the negotiations, despite the fact that there's little to no equity in the property, and the delay in selling these properties suggest other motives.

He's had repeated attempts before this Court, as I mentioned, in the context of a motion to enforce, in discovery, in having subpoenas served to assert his personal issues at the

**THE COURT:** Okay. I see Mr. Powers. I see Ms. Kim. And I don't see Ms. Rodriguez but she may be one of the phone numbers.

All right. Mr. Cumings.

**MR. CUMINGS:** Good afternoon, Your Honor. Brian Cumings for Travis Vargo.

**THE COURT:** And how do you spell --

**MR. CUMINGS:** That would be the post-judgment receiver.

**THE COURT:** Okay.

**MR. CUMINGS:** V-A-R-G-O.

**THE COURT:** V-A-R -- all right.

Ms. Webb.

**MS. WEBB:** Good afternoon, Your Honor. Lydia Webb on behalf of Ali Mokaram, interested party.

**THE COURT:** All right. Mr. Sather.

**MR. SATHER:** Stephen Sather for the Debtor.

**THE COURT:** Mr. Tobin.

**MR. TOBIN:** Good afternoon, Your Honor. Shane Tobin from the Department of Justice here on behalf of the U.S. Trustee.

**THE COURT:** Mr. Mercer.

**MR. MERCER:** Good afternoon, Your Honor. Kell Mercer on behalf of Ali Choudhri individually.

**THE COURT:** And before you were on behalf of Dalio.

So has it changed, Mr. Mercer?

**MR. MERCER:** In the adversary proceeding -- and I have appeared on behalf of Dalio One and Dalio Two. And I made an oral announcement on behalf of Dalio One and Dalio Two in this case.

Subsequently, the receiver has been appointed, and I have no authority to act on those entities.

**THE COURT:** Okay. So now for purposes of the main bankruptcy case you're appearing for Mr. Choudhri.

**MR. MERCER:** That's correct.

**THE COURT:** All right. Got it.

Mr. Ballases.

**MR. BALLASES:** (No audible response.)

**THE COURT:** We can't hear you, sir.

**THE CLERK:** Still can't hear.

**THE COURT:** Still can't hear you. All right. I'll come back.

Mr. Choslovsky.

**MR. CHOSLOVSKY:** Good afternoon, Judge. Bill Choslovsky in the adversary case for Dalio One and Dalio Two.

**THE COURT:** All right. Mr. Sponsel.

**MR. SPONSEL:** (No audible response.)

**THE COURT:** We can't hear you either.

**MR. SPONSEL:** Can you hear me now, Your Honor?

**THE COURT:** Yes.

Now, of course some of this has been impacted by the appointment of a trustee that will then occur.

But this order was in place and the prior order was in place.

And I didn't come charging into court asking for sanctions, asking for stay violations. What I asked for was an opportunity to discuss this with the Court because certainly some effort was made to address these issues.

But the lack of careful drafting and the lack of utilizing defined terms means this order is still a problem.

And I will say it's interesting to me that Mr. Cuming (sic) is here. And I have a lot of respect for Mr. Cumings. And I'm just not sure that he's aware of what I'm about to say.

But Mr. Cumings is here representing the receiver and yet this order deals with 1001 WL, LLC, which is a Chapter 11 case in which Mr. Cumings is representing Pat Lowe, the Chapter 11 trustee.

And throughout this second amended or this amended order we have situations where -- and I'm going to point you to paragraph 23(b), which is on page eight of 16 in the Court's docket 5763.

**THE COURT:** Hold on, please.

**MR. MERCER:** So they went --

**THE COURT:** Hold on, please.

**MR. MERCER:** Yes.

**THE COURT:** I was at a different docket so let me -- which -- 576?

**MR. MERCER:** Five, seven, six dash three. This is --

**THE COURT:** Yeah. I was --

**MR. MERCER:** -- the live order.

**THE COURT:** I was on what you filed. So we're on exhibit -- well, let me get to it here. Hold on, please. Okay. Now I'm ready.

**MR. MERCER:** Okay. So this is the order that was entered on the 9th I think to address the issues that were apparent in the first order.

But so they go to the effort to define the bankrupt LLCs.

**THE COURT:** Yes.

**MR. MERCER:** That does include 1001 WL, LLC, which is a debtor Chapter 11 case pending before Your Honor.

But then we get to, for example, paragraph 23(a) and (b). And instead of using the defined terms the bankruptcy LLCs, we're now focusing on Texas REIT.

And look at "B." All third parties who owe money or other things of value to the Debtor shall promptly pay or deliver same to the receiver provided, however, that the foregoing shall not alter or otherwise impact the claims administration process in the Texas REIT bankruptcy.

Okay. But what about 10,001 (sic) WL, LLC? If we're

going to use defined terms and we're going to carveout bankruptcy entities, we should do that.

And I would think that Mr. Lowe would be as troubled as anyone by the grant of power to the receiver over 10,001 -- 1000 -- no, I'm sorry, 10,001 WL, LLC. And yet Mr. Cumings is here today representing the receiver.

And, lastly, if you look at the attachment to even the current order, this is a demand for immediate turnover of items from Mr. Choudhri and I guess the other debtors.

And if you look on page 15 of 16, we're looking for all communication by and between Texas REIT, LLC and/or either of the debtors.

So we're getting into communications between Mr. Choudhri and Texas REIT, presumably his lawyers I suppose. But it -- I don't know the limits of this. It's certainly not crafted to be clear.

And then number six, documents reflecting payment by Texas REIT, LLC to either of the Debtors.

And my point is this. Really no effort has been made to make this a clear document that could then be dealt with and enforced in the State Court.

And they certain had an opportunity. They had knowledge certainly at the time this order was crafted to do something about it.

And what I think they did was a half measure. And I

**MR. CUMINGS:** Brian Cumings. Certainly, Your Honor.

The receiver, Mr. Vargo, obviously never intended to and will not be taking any actions that would disrupt what the trustee in this case will be intended to do or, for that matter, 1001.

I think he, one, was not participating in the preparation of either the motion to appoint a receiver or the orders that got entered but, two, has a very different reading of them than Mr. Mercer's.

But in -- regardless, he'll obviously be communicating with the trustee, once one is appointed, to make sure that if there are any issues the trustee takes with the current order, that those will get addressed and revised by the judgment creditors.

**THE COURT:** Okay.

**MR. BALLASES:** Judge, can I respond very quickly?

**THE COURT:** Sure.

**MR. BALLASES:** Mr. Ballases.

**THE COURT:** Yeah, make sure you speak up.

**MR. BALLASES:** So I represent Osama -- yes, sir. If you can't hear me, please tell me. I'll pick up the phone.

I represent Osama Abdullatif. I have substituted in a few months ago in the "A" case.

There's a couple of misstatements that were made that I just wanted to correct. So the receivership order in the "A"

them to May 1st at 9:30 a.m. via Zoom for a status conference.

The only other thing I want to hear, Mr. Cumings, is from you. How is this not a conflict of interest in 1001? Are you going to be withdrawing under 1001 to represent --

**MR. CUMINGS:** No --

**THE COURT:** -- Mr. Lowe? Isn't it --

**MR. CUMINGS:** If the Trustee asks --

**THE COURT:** -- a conflict of interest?

**MR. CUMINGS:** -- me to. I don't think Mr. Lowe has the same reading of this as Mr. Mercer does. But obviously it's something I have to talk about with Mr. Lowe. He has seen a copy of the order, the amended order.

So my reading of the order, although it -- I do agree with Mr. Mercer, it could have been perhaps more clearly drafted -- is it is not intended to do anything other than be a charging order as to the entities.

In other words, the judgment creditor, in this case the receiver, doesn't have control of any of the bankrupt entities. Those are carved out from the other Choudhri entities. He may have control over other Choudhri entities that are not in bankruptcy but not the bankrupt ones.

I agree that, again, is not perhaps the best drafted order. But I know that the receiver has a different reading of it, and certainly has no intention of reading it in any way other than to not allow him to interfere with the bankruptcies.

But obviously if Mr. Lowe shares Mr. Mercer's view, yes, I think I would have to withdraw. But if he doesn't share Mr. Mercer's view, I don't think I would.

**THE COURT:** Well, --

**MR. CUMINGS:** But he may need separate counsel to advise him on that.

**THE COURT:** -- ultimately what matters is my view. It's my view as to whether it's a conflict. But we'll -- I'm not going to decide that today either. I just wanted to hear from you preliminarily.

Okay. Anyone else want to be heard for two minutes or less?

**MR. CHOSLOVSKY:** Are you still on the bankruptcy case, Your Honor, or on anything?

**THE COURT:** Yeah. I'm still in the main bankruptcy case. Anything else on the reset in light of my ruling on the appointment of a trustee and how it affects the main bankruptcy case?

(No audible response.)

All right. So let's move on to the -- hold on. Let me make some notes here while I'm thinking of it.

All right. Let's move on to the adversary proceeding. The next matter on the Court's docket is adversary proceeding 24-01045, *WCW Properties, et al. v. Texas REIT, et al.*

the Debtor in this particular adversary proceeding.

And then we have the receivership without any comment further pays some role in this. I don't know what it is yet. I don't know what the scope of those orders mean yet exactly. So we've got the receiver that has a say.

So let me start with the -- it may be the easiest. And really all we have set today is status hearings on a motion to dismiss and a status hearing on the adversary complaint overall.

Is there any opposition to Mr. Choslovsky withdrawing from the case? I carried that just because there was some confusion. Anyone?

(No audible response.)

Mr. Mercer, there's no opposition from you, right?

**MR. MERCER:** That's correct, Your Honor, no opposition.

**THE COURT:** I'm not asking you to go anything more than that.

Mr. Cumings, you're representing the receiver, you don't have any opposition.

**MR. CUMINGS:** Your Honor, I'm only authorized to represent the receiver with respect to the show cause that he was anticipating Your Honor would enter. I do not represent him outside of that scope, so I'm not authorized to speak as to the adversary proceeding.

weekend. Thank you. And we will be adjourned.

**(This proceeding was adjourned at 2:55 p.m.)**

## CERTIFICATION

**I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.**

**April 17, 2025**

**Signed** **Dated**

**TONI HUDSON, TRANSCRIBER**