**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **1001 WL LLC**, | ) | Case No. 24-10119 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

**OMNIBUS RESPONSE OPPOSING:**
**(I) MOTION OF ARABELLA PH 3201 LLC, JOINED BY ALI CHOUDHRI, FOR AN ORDER REQUIRING TIG ROMSPEN US MASTER MORTGAGE LP TO SHOW ITS AUTHORITY, AND UNDER BANKRUPTCY RULE 9024 TO VACATE ORDERS AND STRIKE FILINGS MADE AFTER FEBRUARY 6, 2024, FOR LACK OF STANDING AND FALSE STATEMENTS IN ITS PROOF OF CLAIM; AND**
**(II) ALI CHOUDHRI'S MOTION FOR AN ORDER REQUIRING TIG ROMSPEN US MASTER MORTGAGE LP TO SHOW ITS AUTHORITY, AND UNDER BANKRUPTCY RULE 9024 TO VACATE ORDERS AND STRIKE FILINGS MADE AFTER FEBRUARY 6, 2024, FOR LACK OF STANDING AND FALSE STATEMENTS IN ITS PROOF OF CLAIM**

TIG Romspen US Master Mortgage LP ("TIG Romspen") and RIC (West Loop) LLC ("RIC (West Loop)" and, together with TIG Romspen, the "Romspen Parties") respond in opposition to the procedurally improper, and substantively meritless and frivolous, essentially identical motions (**ECF 1109 and 1111**, the "Motions") filed by (i) newcomer Arabella PH 3201

LLC ("Arabella")[1], purportedly joined by Ali Choudhri ("Choudhri") (the "Arabella Motion"); and (ii) Choudhri (the "Choudhri Motion").[2]

Arabella and Choudhri ignore the fundamental distinction between a loan and a lien. This intentional obfuscation is nothing more than another frivolous attempt to create confusion.

TIG Romspen held liens against two real property assets, a Houston office building (the "Loop Property") and undeveloped real estate in Wilson County, Texas (the "Lavernia Property"). TIG Romspen's liens against both the Loop Property and the Lavernia Property secured repayment of debt owed by Galleria Loop Note Holder, LLC ("GLNH"), Choudhri's single member LLC.

Choudhri fraudulently transferred the Loop Property to 1001 WL, LLC ("Debtor"), shortly before the Debtor filed this case – so when this case filed, the Loop Property became part of the bankruptcy estate. Nothing in the Motions refutes that TIG Romspen held the lien encumbering the Loop Property (and the associated rents and revenues) until December 2025, when it assigned

---

[1] The Romspen Parties challenges whether Arabella has the authority to file the Motion without the consent of state court-appointed receiver Travis Vargo, given Arabella's management appears to vest in Choudhri (and, by virtue of the state court receivership orders, now controlled by Mr. Vargo). The Romspen Parties further challenge whether Arabella has standing at all. Arabella is not a "party in interest" because it has no *pecuniary interest* or concrete injury traceable to this bankruptcy case. *See, e.g.*, *In re Odin Demolition & Asset Recovery, LLC*, 544 B.R. 615, 626-28 (Bankr. S.D. Tex. 2016) (denying standing to state court defendant uninvolved in the main bankruptcy case) (citing *In re A.P.I., Inc.*, 331 B.R. 828 (Bankr. D. Minn. 2005). Arabella's role as an entity controlled by Choudhri does not satisfy even the broad definition of "party in interest." *See* 11 U.S.C. § 1109(b) (broadly, but not limitlessly, authorizing a "party in interest" to appear and be heard). The Romspen Parties further challenge whether Arabella has *any* discernable injury, but rather is nothing more than a front for Choudhri to litigate.

[2] The Motions each include a certificate of conference representing, **falsely**, that that Mr. Choudhri attempted to confer with Mr. Hirsch via email asking whether this motion was opposed. Mr. Choudhri did correspond with Mr. Hirsch via email on October 14, 2026, but that related solely to a motion Choudhri intended to file in his closed personal bankruptcy case (S.D.T.X. Bankr. 25-90797). There was no email directed to Mr. Hirsch relating to any motion to be filed in this case. Notwithstanding, had such an inquiry been made, Mr. Hirsch would have informed Choudhri that the Romspen Parties oppose and reserve all rights to seek appropriate relief for any frivolous and/or meritless filing.

to RIC (West Loop), an affiliated entity, its lien rights in and to the Loop Property and related personal property. [*See* ECF 1026, Notice of Transfer]. RIC (West Loop) acquired the Loop Property through a non-judicial sale conducted after the stay had been lifted.

There is, and can be, no dispute that the estate property lien was retained by TIG Romspen until it was assigned to RIC (West Loop) in December 2025, thereby validating all the actions taken by TIG Romspen and challenged in the Motions – regardless of the Motions' mischaracterizations about ownership of the loan (which is, and at all times has been, owned by TIG Romspen).

For the reasons set forth herein, the Motions should be denied; and this Court should, on its own authority, consider whether to sanction Arabella's counsel,[3] whomever is directing Arabella's counsel, and Choudhri, for continuing to needlessly waste court and party time and resources.

## MEMORANDUM OF POINTS AND AUTHORITIES

Where a debt is "secured by a note, which is, in turn, secured by a lien, the lien and the note constitute separate obligations." *Aguero v. Ramirez,* 70 S.W.3d 372, 374 (Tex.App.—Corpus Christi 2002, pet. denied). The Fifth Circuit has noted the dual nature of a note and deed of trust under Texas law, noting that "[t]he Texas courts have 'rejected the argument that a note and its security are inseparable by recognizing that the note and the deed-of-trust lien afford distinct remedies on separate obligations.'" *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013), quoting *Bierwirth v. BAC Home Loans Servicing, L.P.,* 2012 WL 3793190, *3

---

[3] Two Chapter 11 petitions were filed in Wyoming, both signed by Choudhri, listing "Arabella PH 3201 LLC" as debtor: Case No. 26-20432, filed September 13, 2026, and dismissed October 1, 2026; and Case No. 26-20508, filed October 22, 2026. Given Arabella's pending case, sanctions against Arabella should be very carefully considered.

(Tex.App. – Austin Aug. 30, 2012, pet. denied); *see also Morlock, L.L.C. v. Nationstar Mortg., L.L.C.*, 447 S.W.3d 42, 47-48 (Tex.App. – Houston (14th Dist.) 2014, pet. denied); *Stephens v. LPP Mortg.,* 316 S.W.3d 742, 747 (Tex.App.–Austin 2010, pet. denied); *Arzola v. ACM Properties, LP*, 2013 WL 5948413, *4 (Tex.App. – San Antonio Nov. 6, 2013, no pet.) (mem. op.) (deed of trust is a negotiable instrument separate from the note it secures, and therefore may be transferred independently of the note). "Texas law differentiates between enforcement of a promissory note and foreclosure" of the deed of trust. *Bierworth*, 2012 WL 3793190, at *4.

Under Texas law, a "mortgagee" may nonjudicially foreclose on property; and "mortgagee" includes "the last person to whom the security interest has been assigned of record." Tex. Prop. Code §§ 51.001(4), (6); 51.002; 51.0025.

The Motions conflate rights under the loan and the lien. Because TIG Romspen (i) never claimed the Debtor was an obligor on the debt; (ii) validly assigned its lien rights only; and (iii) held the Loop Property (and related personal property) lien rights until it assigned them to RIC (West Loop) in December 2025, there is no reason to question TIG Romspen's standing relating to all of its motions and related orders predating December 2025.

## ARGUMENT

### I. THERE IS NO REASON TO "SHOW AUTHORITY."

The Motions mistake a request to show standing with a motion that counsel show authority. A "motion to show authority" challenges whether an attorney is duly authorized to act for his client. The Motions acknowledge that such a motion is to determine the "authority of the opposing attorney to act for the party in whose name he is proceeding." (Arabella Motion, at 13 para. 21; Choudhri Motion, at 9 para. 19) (emphasis added) citing to ECF 1024 (TIG Romspen's response to a motion for reconsideration of the order *granting* motions to show authority) & *Listoken TR. v.*

*JVL Global Energy, L.P.*, No. MO-09-CA-056-H, 2010 U.S. Dist. LEXIS 161221, at *5 (W.D. Tex. June 2, 2010) (addressing whether a lawyer has the authority to represent the named party).

Neither Arabella nor Choudhri have any basis to challenge whether TIG Romspen or RIC (West Loop) (or, for that matter, RIC (Lavernia) LLC ("RIC (Lavernia)"), who has not appeared in this case) authorized their counsel to appear on their behalf. On this basis, the Motions are procedurally defective and should be denied.

## II. THERE IS NO LEGITIMATE SHOWING THAT TIG ROMSPEN WAS NOT THE HOLDER OF, AT LEAST, A LIEN ON ESTATE PROPERTY UNTIL THE DECEMBER 2, 2025, ASSIGNMENT TO RIC (WEST LOOP).

Substantively, the Motions wrongfully challenge whether TIG Romspen ever had standing in this case, failing to recognize a fundamental principal of Texas debt and lien law – that the obligee may assign the <u>lien</u> without losing its right to collect on the <u>obligation</u>; or the converse, that an obligee may assign the <u>obligation</u> without losing the right to enforce a retained <u>lien</u>.

"The moving party carries the burden of showing entitlement to relief under any provision of Rule 60(b), and the district court has considerable discretion in determining whether that burden has been satisfied." *Kennedy v. Garcia*, 2026 WL 1967070 *1 (N.D. Tex. June 4, 2026) (denying Rule 60 relief), citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173–74 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075–76 n.14 (5th Cir. 1994) (en banc) (per curiam). "'[R]elief under Rule 60(b) is considered an extraordinary remedy,' and the 'desire for a judicial process that is predictable mandates caution in reopening judgments.'" *Id.*, quoting *Haygood v. Dies*, 2023 WL 2326424, at *4 (5th Cir. Mar. 2, 2023) (per curiam) (internal footnotes omitted) (quoting *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998)).

Until the estate had no further assets encumbered by liens held by TIG Romspen securing the indebtedness owed originally by GLNH to TIG Romspen, TIG Romspen retained standing in this case. Notice was filed on December 4, 2025, of the transfer of the liens of then-estate property from TIG Romspen to RIC (West Loop). *See* ECF 1026. There is no evidence, anywhere, of any prior transfer or release of those liens. End of story.

There was no misrepresentation. The Motions purport to twist facts to create a false narrative. TIG Romspen has made it clear throughout this case that it held lien interests in estate property (that Choudhri transferred fraudulently, prepetition, from GLNH to the Debtor) securing repayment of the obligations owed by GLNH. Once those liens were transferred to RIC (West Loop), TIG Romspen promptly notified the Court.

The Motions spend considerable time discussing (inaccurately) the interests transferred by TIG Romspen to RIC (Lavernia). In the first instance, the Lavernia Property has never been owned by the Debtor – and thus it is not, and has never been, property of the bankruptcy estate in this case. But the Motions further confuse issues, purporting to dissect the original substitute trustee's deed and the timing of the assignment from TIG Romspen to RIC (Lavernia). A corrective assignment and a corrective substitute trustee's deed were both recorded in January 2026 (nearly a year ago), addressing the very issues questioned in the Motions. True and correct copies of the recorded corrective assignment and corrective substitute trustee's deed are attached hereto as Exhibits A and B. These were presented for approval to Judge Parker in RIC (Lavernia)'s separate bankruptcy case before RIC (Lavernia) voluntarily dismissed its bankruptcy case. Accordingly, these filings were not a surprise to Choudhri (or Arabella, over whom Choudhri asserts control).

But even assuming, arguendo, that the allegations of debt transfer to RIC (Lavernia) are true (which they are not) – that the debt was transferred to RIC (Lavernia) (which it was not) –

TIG Romspen still held liens against property of this bankruptcy estate until those liens were assigned to RIC (West Loop) in December 2025. *See* ECF 1026, Exhibits A-C.

There is no new evidence that bears on the issue. TIG Romspen transferred its lien interests in property of the Debtor's estate to RIC (West Loop) effective December 2, 2025. *See* ECF 1026, Exhibits A-C. Such transfer had no bearing on Judge Bradley's order regarding Mr. Vargo's authority entered in October 2025 [ECF 996, the "Authority Order"]; and Judge Bradley's Authority Order had no bearing on TIG Romspen's ability or right to transfer its liens to RIC (West Loop) effective December 2025.

Arabella and Choudhri attempt to cast shade on this Court's Authority Order and the subsequent use thereof, none of which warrants relief under Rule 60. There has been no prima facie showing of excusable neglect, surprise, or mistake (60(b)(1)); new evidence not otherwise available at the time (60(b)(2)); fraud, misconduct, or misrepresentation by TIG Romspen or the Receiver (60(b)(3)); a void judgment (60(b)(4)); judgment satisfaction or reversal, or inherent unfairness (60(b)(5)); or any other reason to justify relief (60(b)(6)). On these facts and circumstances, such relief is unjustified and must be denied.

## III. COURT'S INHERENT RIGHT TO SANCTION.

The remaining arguments in the Motions do not merit a response. They are merely the unsubstantiated and irrelevant theories of nonparty to this bankruptcy case (Arabella) and of disgruntled Choudhri, with a misunderstanding (at best) or contortion of facts. Neither Arabella nor Choudhri are entitled to the orders they seek, and TIG Romspen should not be subjected to a "witch hunt" on account of the unsupported conspiracy theories presented.

Section 105(a) authorizes the Court to issue any order, process or judgment, *sua sponte*, to, among other things, prevent an abuse of process. The Motions are exactly that – abuse of this

Court's resources asking to (i) examine the main creditor active in this case that has been pending for over 2 ½ years on unfounded, unprincipled arguments; and (ii) unwind two years of the Court's reasoned, thoughtful rulings (not all of which have favored the Romspen Parties). It is plain that Arabella, its counsel, and Choudhri knew they would have no success on a more traditional approach of asking this Court to reconsider its prior enter order recognizing Mr. Vargo's authority to act on behalf of Choudhri and entities over which he was given managerial control, choosing instead to pursue a wholly frivolous litigation approach challenging TIG Romspen's established position in this case. The Court, exercising its inherent powers, should consider sanctions, including (i) directing Arabella to identify the person or persons who authorized this approach (likely Choudhri, a close companion of Choudhri, and/or Arabella's counsel); (ii) issuing monetary sanctions against Arabella's counsel, whomever directed counsel's actions, and Choudhri, to reimburse parties their reasonable fees and expenses incurred responding to the Motions and appearing at any hearings thereon; and (iii) imposing restrictions on any further filings in this Court (e.g., requiring leave from this Court before any anticipated motion is filed, with the Court acting as gatekeeper before any purported motion requires parties to expend resources preparing a response to prevent continued abuses).

## CONCLUSION

For the reasons set forth herein, the Romspen Parties ask that the Court (i) deny the

Motions in their entirety, and (ii) consider issuing sanctions *sua sponte* under the Court's inherent authority to prevent abuse of process.

Dated: October 30, 2026

Respectfully submitted,

*/s/ Kyle S. Hirsch*

Kyle S. Hirsch, Texas Bar No. 24117262
**BRYAN CAVE LEIGHTON PAISNER LLP**
2200 Ross Ave., Suite 4600E
Dallas, Texas 75201
(214) 721-8000 (Telephone)
(214) 721-8100 (Facsimile)
Email: kyle.hirsch@bclplaw.com

**ATTORNEYS FOR TIG ROMSPEN US MASTER MORTGAGE LP AND RIC (WEST LOOP) LLC**

## CERTIFICATE OF SERVICE

I certify that on October 30, 2026, a true and correct copy of the foregoing to was served on the following via the Court's ECF filing system:

Clinton Wayne Alexander on behalf of Attorney/Interested Party Kell C Mercer
calexander@bls-legal.com

William Steven Bryant on behalf of Creditor/Defendant TIG Romspen US Master Mortgage LP
steven.bryant@troutman.com, jpelayo@lockelord.com;wlbank@troutman.com

Reed W. Burritt on behalf of Creditor Boxer Property Management Corporation
Reed.Burritt@BoxerProperty.com

Beau Butler on behalf of Interested Party Xavier Educational Academy, LLC
bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;nwhite@jw.com

Ali Choudhri
ali@jetallcapital.com

Brian Talbot Cumings on behalf of Attorney Graves Dougherty Hearon & Moody, P.C.
bcumings@gdhm.com, ctrickey@gdhm.com

Brian Talbot Cumings on behalf of Defendant 1001 WL, LLC
bcumings@gdhm.com, ctrickey@gdhm.com

Brian Talbot Cumings on behalf of Defendant PCR Property Services LLC
bcumings@gdhm.com, ctrickey@gdhm.com

Brian Talbot Cumings on behalf of Defendant/Interested Party/Intervenor/Trustee John Patrick Lowe
bcumings@gdhm.com, ctrickey@gdhm.com

Bruce J Duke on behalf of Interested Party Ali Choudhri
bruce@bdukelawfirm.com, brucedukeesq@gmail.com

Michelle V. Friery on behalf of Creditor Sonder USA Inc.
michelle@wilsonfriery.com, admin@wilsonfriery.com

Javier Gonzalez, Jr on behalf of Interested Party Xavier Educational Academy, LLC
jgonzalez@jw.com,
dtrevino@jw.com;kgradney@jw.com;steso@jw.com;mmcclenathen@jw.com

Genevieve M. Graham on behalf of Interested Party/Plaintiff Xavier Educational Academy, LLC
ggraham@graham-pllc.com

Tara L. Grundemeier on behalf of Creditor City of Houston
houston_bankruptcy@lgbs.com

Tara L. Grundemeier on behalf of Creditor Houston Community College System
houston_bankruptcy@lgbs.com

Tara L. Grundemeier on behalf of Creditor Houston ISD
houston_bankruptcy@lgbs.com

Jessica Lanoue Hanzlik on behalf of U.S. Trustee United States Trustee - AU12
Jessica.L.Hanzlik@usdoj.gov, omar.e.jones@usdoj.gov;adrian.duran@usdoj.gov

Patrick Clayton Joost on behalf of Interested Party ServiceLink
Patrick.Joost@fnf.com, patrickjoost34@gmail.com

Mark Junell on behalf of Creditor BDFI, LLC
mark@junellfirm.com

Paul Kirklin
pkirklin@kirklinlaw.com

Paul Kirklin on behalf of Interested Party Kirklin Properties LLC
pkirklin@kirklinlaw.com

Paul Kirklin on behalf of Interested Party Ali Choudhri
pkirklin@kirklinlaw.com

Stephen Kirklin on behalf of Attorney Paul Kirklin
skirklin312@gmail.com

J. Eric Lockridge on behalf of Creditor Sonder USA Inc.
eric.lockridge@keanmiller.com, eric-lockridge-9072@ecf.pacerpro.com

John Patrick Lowe
pat.lowe.law@gmail.com, plowe@ecf.axosfs.com

John Patrick Lowe on behalf of Trustee John Patrick Lowe
pat.lowe.law@gmail.com, plowe@ecf.axosfs.com

Leslie M. Luttrell on behalf of Interested Party Travis Vargo, in his capacity as Court-Appointed Receiver luttrell@lclawgroup.net,
sdpitts@lclawgroup.net;wperotti@lclawgroup.net;emeier@lclawgroup.net

Leslie M. Luttrell on behalf of Interested Party Travis B Vargo
luttrell@lclawgroup.net,
sdpitts@lclawgroup.net;wperotti@lclawgroup.net;emeier@lclawgroup.net

Kell C. Mercer on behalf of Creditor/Defendant BDFI, LLC
kell.mercer@mercer-law-pc.com

Kell C. Mercer on behalf of Defendant/Interested Party Galleria Loop Note Holder, LLC
kell.mercer@mercer-law-pc.com

Kell C. Mercer on behalf of Defendant/Interested Party/Intervenor Ali Choudhri
kell.mercer@mercer-law-pc.com

Kell C. Mercer on behalf of Defendant Dward DarJean
kell.mercer@mercer-law-pc.com

Kell C. Mercer on behalf of Interested Party/Plaintiff Jetall Capital, LLC
kell.mercer@mercer-law-pc.com

Robert John Mosley on behalf of Interested Party John Mosley
john@rjmosley.com

Shea Neal Palavan on behalf of Interested Party Galleria Loop Note Holder, LLC
service@houstonip.com, snpalavan@recap.email

Shea Neal Palavan on behalf of Interested Party/Plaintiff Jetall Capital, LLC
service@houstonip.com, snpalavan@recap.email

Shea Neal Palavan on behalf of Interested Party Ali Choudhri
service@houstonip.com, snpalavan@recap.email

James Q. Pope on behalf of Creditor BDFI, LLC
ecf@thepopelawfirm.com, jpope@jubileebk.net

James Q. Pope on behalf of Plaintiff/Interested Party Galleria Loop Note Holder, LLC
ecf@thepopelawfirm.com, jpope@jubileebk.net

Justin Rayome on behalf of Attorney Justin Rayome
justin.rayome.law@gmail.com

Justin Rayome on behalf of Plaintiff/Counter Defendant Jetall Capital LLC
justin.rayome.law@gmail.com

Justin Rayome on behalf of Interested Party Ali Choudhri
justin.rayome.law@gmail.com

Jeremy M Reichman on behalf of Attorney Bryan Cave Leighton Paisner, LLP
jreichman@velaw.com, vmartin@velaw.com;courtmail@velaw.com

John C. Roy on behalf of U.S. Trustee United States Trustee - AU12
croy@krcl.com, ajezisek@krcl.com;rboley@krcl.com

Gia Samavati on behalf of Interested Party/Plaintiff Galleria Loop Note Holder, LLC
gia@samavatilawfirm.com

Gia Samavati on behalf of Interested Party Ali Choudhri
gia@samavatilawfirm.com

Stephen W. Sather on behalf of Defendant/Plaintiff 1001 WL, LLC
ssather@bn-lawyers.com, plevine@bn-lawyers.com;BarronNewburgerPCAustin@jubileebk.net;kparsley@bn-lawyers.com;mpineda@bn-lawyers.com;stephaniesather@bn-lawyers.com;bhadley@bn-lawyers.com

Stephen W. Sather on behalf of Interested Party Barron & Newburger, P.C.
ssather@bn-lawyers.com, plevine@bn-lawyers.com;BarronNewburgerPCAustin@jubileebk.net;kparsley@bn-lawyers.com;mpineda@bn-lawyers.com;stephaniesather@bn-lawyers.com;bhadley@bn-lawyers.com

Ronald J Smeberg on behalf of Interested Party Smeberg Law Firm, PLLC
ron@smeberg.com, ronaldsmeberg@yahoo.com;denielle@smeberg.com

Mark Curtis Taylor on behalf of Attorney Holland & Knight LLP
mtaylor@krcl.com, ajezisek@krcl.com,tgreenblum@krcl.com

Mark Curtis Taylor on behalf of Attorney Mark Taylor
mtaylor@krcl.com, ajezisek@krcl.com,tgreenblum@krcl.com

Mark Curtis Taylor on behalf of Plaintiff 1001 WL, LLC
mtaylor@krcl.com, ajezisek@krcl.com,tgreenblum@krcl.com

Eric Terry on behalf of Creditor WCW Houston Properties
eric@ericterrylaw.com

Shane P. Tobin on behalf of U.S. Trustee United States Trustee - AU12
shane.p.tobin@usdoj.gov, gary.wright3@usdoj.gov;Christy.S.Simmons@usdoj.gov;Jessica.L.Hanzlik@usdoj.gov

United States Trustee - AU12
ustpregion07.au.ecf@usdoj.gov

Lyndel A. Vargas on behalf of Interested Party Dalio Holdings I, LLC
LVargas@chfirm.com, chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.courtdrive.com

Lyndel A. Vargas on behalf of Interested Party Ali Choudhri
LVargas@chfirm.com, chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.courtdrive.com

Travis Brian Vargo on behalf of Interested Party Travis B Vargo
tvargo@vargolawfirm.com, mpoynter@vargolawfirm.com

Courtney Ann Vincent on behalf of Interested Party Arabella PH3201 LLC
info@vincentlawpllc.com

Gary W. Wright on behalf of U.S. Trustee United States Trustee - AU12
gary.wright3@usdoj.gov

*/s/ Kyle S. Hirsch*