**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **1001 WL LLC**, | ) | Case No. 24-10119 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

**RESPONSE OF RIC (WEST LOOP) LLC OPPOSING THE MOTION OF ARABELLA PH 3201 LLC, JOINED BY ALI CHOUDHRI, UNDER BANKRUPTCY RULE 9024 TO VACATE THE ORDER REGARDING MOTIONS TO SHOW AUTHORITY [ECF NO. 996] OR, IN THE ALTERNATIVE, TO CLARIFY ITS SCOPE**

RIC (West Loop) LLC ("RIC (West Loop)") submits this response opposing the above-captioned motion filed at **ECF 1112** (the "Motion").

RIC (West Loop) challenges whether movant Arabella PH 3201 LLC ("Arabella") has the authority to file the Motion without the consent of state court-appointed receiver Travis Vargo, given Arabella's management appears to vest in Choudhri (and, by virtue of the state court receivership orders, now controlled by Mr. Vargo). RIC (West Loop) challenges whether Arabella has standing at all. Arabella is not a "party in interest" because it has no *pecuniary interest* or concrete injury traceable to this bankruptcy case. *See, e.g.*, *In re Odin Demolition & Asset Recovery, LLC*, 544 B.R. 615, 626-28 (Bankr. S.D. Tex. 2016) (denying standing to state court defendant uninvolved in the main bankruptcy case) (citing *In re A.P.I., Inc.*, 331 B.R. 828 (Bankr. D. Minn. 2005). Arabella's role as an entity controlled by Choudhri does not satisfy even the broad definition of "party in interest." *See* 11 U.S.C. § 1109(b) (broadly, but not limitlessly, authorizing a "party in interest" to appear and be heard). RIC (West Loop) further challenges whether Arabella has *any* discernable injury, but rather is nothing more than a front for Choudhri to litigate. This is made painfully obvious by the language at the bottom of Page 2 ("Choudhri

therefore asks the Court . . . .") and in the request for relief at the bottom of Page 30 ("”Choudhri respectfully asks the Court . . ." "Choudhri requests such other relief as is just." "Choudhri further asks . . . .").

**FALSE REQUEST FOR EMERGENCY RELIEF.**

On Page 2 of the Motion, Arabella requests expedited consideration based on an order submitted in Harris County against Galleria Loop Note Holder, LLC and Mr. Choudhri, stating, "The state court may sign it at any time; it is set for no hearing." Motion, at 2.[1]

This statement is false, as was explained to Mr. Choudhri and counsel for Arabella in an email exchange six (6) days prior to the filing of the Motion. *See* Exhibit A (undersigned counsel confirms no intent to pursue entry of the order prior to the December 3 hearing). Indeed, the matter is set for hearing on December 3, 2026. A copy of the correspondence among counsel (including Choudhri and Arabella's counsel) and state court chambers, attaching the Court's separate order setting the matter for hearing and the separate notice served on Mr. Choudhri, is attached as Exhibit B.

**FAILURE TO ESTABLISH CAUSE**

Arabella attempts to canvas Rule 60 in a shock-and-awe campaign to show some flaw in the challenged order entered by Judge Bradley in this case regarding state court receiver Travis Vargo's authority [ECF 996, the "Authority Order"], derived from two orders entered in state court (the "Receivership Orders"). But the voluminous rant does not warrant relief.

[1] The request for emergency relief does not comply with the Court's rules, and is therefore procedurally defective. Among other things, emergency relief must be requested through a separate motion, as acknowledged in the Motion (". . . as set out in the accompanying motion for expedited hearing . . . ."). No separate motion has been filed.

"The moving party carries the burden of showing entitlement to relief under any provision of Rule 60(b), and the district court has considerable discretion in determining whether that burden has been satisfied." *Kennedy v. Garcia*, 2026 WL 1967070 *1 (N.D. Tex. June 4, 2026) (denying Rule 60 relief), citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173–74 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075–76 n.14 (5th Cir. 1994) (en banc) (per curiam). " '[R]elief under Rule 60(b) is considered an extraordinary remedy,' and the 'desire for a judicial process that is predictable mandates caution in reopening judgments.' " *Id.*, quoting *Haygood v. Dies*, 2023 WL 2326424, at *4 (5th Cir. Mar. 2, 2023) (per curiam) (internal footnotes omitted) (quoting *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998)).

No relief is warranted under Rule 60(b)(1), (2). Arabella seemingly forgot to omit its section arguing relief for mistake. The final sentence directs, "If ownership is as the order states, delete this ground." Motion, para. 25. The Motion contains no assertion of fact refuting the ownership as stated in the Receivership Orders, and therefore Arabella is not entitled to relief under Rule 60(b)(1). The Motion does not seek relief under Rule 60(b)(2).

No relief is warranted under Rule 60(b)(3). Arabella mischaracterizes Vargo's positions as fraudulent when, in fact, they are not. Vargo advocated, and this Court had the tools at its disposal to evaluate, Vargo's positions. As one example, Arabella admits the Court quoted from the Receivership Orders, not from Vargo's advocacy. *See* Motion, para. 12. As another example, Arabella notes that Choudhri's prior counsel attached the so-called "contradictory statements" for the Court to consider. *See* Motion, para. 20 ("Choudhri's counsel attached the email to her response, ECF No. 979, Ex. 1, and it was admitted at the consolidated October 9, 2025 hearing."). As yet another example, Arabella complained that Vargo had not obtained a ruling from the state

court judge, and in the very next sentence, notes that Vargo so informed the Court: "[t]he application of WC 4th & Colo. is presently pending before the Hon. Randy Wilson for determination." Motion, para. 22. Absent clear and convincing evidence of fraud, relief under Rule 60(b)(3) fails; and here, Arabella has not even cleared a prima facie showing.

No relief is warranted under Rule 60(b)(4). Arabella complaining about the Authority Order's scope is not a question of a void judgment. The Fifth Circuit recognizes only two circumstances where relief under Rule 60(b)(4) is warranted: "(1) if the initial court lacked subject matter jurisdiction or personal jurisdiction; or (2) if the district court acted in a manner inconsistent with due process of law." *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003) (finding judgment not void). There is no suggestion that the bankruptcy court lacked subject matter or personal jurisdiction. As for due process, "[o]rdinarily all that due process requires in a civil case is proper notice and service of the process and a court of competent jurisdiction; procedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to collateral attack." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996). Moreover, the Court's decision to hear a motion on less than 21 days' notice is not a deprivation of due process – it is the Court exercising control over its own docket. *See In re United Markets Int'l, Inc.*, 24 F.3d 650, 654 (5th Cir. 1994) (citing "both specific and inherent power to control its docket" in upholding district court's dismissal of counterclaim and cross-claim with prejudice). No due process violation exists when, as was the case here, all parties entitled to notice had the opportunity to appear and be heard. Accordingly, the challenged order is not "void" for lack of due process, and Rule 60(b)(4) relief is unjustified.

No relief under Rule 60(b)(5) or (6). No material change in circumstances warrants relief, as Arabella simply complains that Vargo has engaged in actions relying on the authority set forth

in the Authority Order. As stated in the "Candor note," even the state court judge denied Choudhri's motion to clarify the Receivership Orders. *See* Motion, para. 27. This Court should do the same. The Motion then goes to lengths to discuss Vargo's non-opposition to entry of a state court judgment against Choudhri and Galleria Loop Note Holder, LLC (Choudhri is the sole member and manager, subject to the Receivership Orders), later admitting that the Receivership Orders authorize Vargo to "compromise and settle any disputes, claims and/or causes of action by and/or against [Choudhri] within [Vargo's] discretion." Motion, para. 36. This is precisely the authority exercised by Vargo. Arabella is not entitled to relief under Rules 60(b)(5) or (6).

## COURT'S INHERENT RIGHT TO SANCTION

Section 105(a) authorizes the Court to issue any order, process or judgment, *sua sponte*, to, among other things, prevent an abuse of process. The Motion, and the other recent filings in this Court directed by Choudhri, abuse this Court and parties' time and resources seeking meritless relief. The Court, exercising its inherent powers, should consider sanctions, including (i) directing Arabella to identify the person or persons who authorized the filing of the Motion (likely Choudhri or a close companion of Choudhri); (ii) issuing against Arabella's counsel,[2] whomever directed counsel's actions, and Choudhri, monetary sanctions to reimburse parties their reasonable fees and expenses incurred responding to and appearing for any hearing on the Motion; and (iii) imposing restrictions on any further filings in this Court (e.g., requiring leave from this Court before any anticipated motion is filed, with the Court acting as gatekeeper before any purported motion requires parties to expend resources preparing a response to prevent continued abuses).

---

[2] On October 22, 2026, Arabella filed its own petition for bankruptcy protection. *See* Case No. 26-20508, United States Bankruptcy Court for the District of Wyoming. Choudhri signed the petition. Awarding sanctions against Arabella may therefore not be appropriate at this time.

## CONCLUSION

For the reasons set forth herein, RIC (West Loop) asks that the Court (i) deny the Motions in their entirety, and (ii) consider issuing sanctions *sua sponte* under the Court's inherent authority to prevent abuse of process.

Dated: November 6, 2026

Respectfully submitted,

*/s/ Kyle S. Hirsch*
Kyle S. Hirsch, Texas Bar No. 24117262
**BRYAN CAVE LEIGHTON PAISNER LLP**
2200 Ross Ave., Suite 4600E
Dallas, Texas 75201
(214) 721-8000 (Telephone)
(214) 721-8100 (Facsimile)
Email: kyle.hirsch@bclplaw.com

**ATTORNEYS FOR RIC (WEST LOOP) LLC**

**CERTIFICATE OF SERVICE**

I certify that on November 6, 2026, a true and correct copy of the foregoing to was served on the following via the Court's ECF filing system:

Clinton Wayne Alexander on behalf of Attorney/Interested Party Kell C Mercer
calexander@bls-legal.com

William Steven Bryant on behalf of Creditor/Defendant TIG Romspen US Master Mortgage LP
steven.bryant@troutman.com, jpelayo@lockelord.com;wlbank@troutman.com

Reed W. Burritt on behalf of Creditor Boxer Property Management Corporation
Reed.Burritt@BoxerProperty.com

Beau Butler on behalf of Interested Party Xavier Educational Academy, LLC
bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;nwhite@jw.com

Ali Choudhri
ali@jetallcapital.com

Brian Talbot Cumings on behalf of Attorney Graves Dougherty Hearon & Moody, P.C.
bcumings@gdhm.com, ctrickey@gdhm.com

Brian Talbot Cumings on behalf of Defendant 1001 WL, LLC
bcumings@gdhm.com, ctrickey@gdhm.com

Brian Talbot Cumings on behalf of Defendant PCR Property Services LLC
bcumings@gdhm.com, ctrickey@gdhm.com

Brian Talbot Cumings on behalf of Defendant/Interested Party/Intervenor/Trustee John Patrick Lowe
bcumings@gdhm.com, ctrickey@gdhm.com

Bruce J Duke on behalf of Interested Party Ali Choudhri
bruce@bdukelawfirm.com, brucedukeesq@gmail.com

Michelle V. Friery on behalf of Creditor Sonder USA Inc.
michelle@wilsonfriery.com, admin@wilsonfriery.com

Javier Gonzalez, Jr on behalf of Interested Party Xavier Educational Academy, LLC
jgonzalez@jw.com,
dtrevino@jw.com;kgradney@jw.com;steso@jw.com;mmcclenathen@jw.com

Genevieve M. Graham on behalf of Interested Party/Plaintiff Xavier Educational Academy, LLC
ggraham@graham-pllc.com

Tara L. Grundemeier on behalf of Creditor City of Houston
houston_bankruptcy@lgbs.com

Tara L. Grundemeier on behalf of Creditor Houston Community College System
houston_bankruptcy@lgbs.com

Tara L. Grundemeier on behalf of Creditor Houston ISD
houston_bankruptcy@lgbs.com

Jessica Lanoue Hanzlik on behalf of U.S. Trustee United States Trustee - AU12
Jessica.L.Hanzlik@usdoj.gov, omar.e.jones@usdoj.gov;adrian.duran@usdoj.gov

Patrick Clayton Joost on behalf of Interested Party ServiceLink
Patrick.Joost@fnf.com, patrickjoost34@gmail.com

Mark Junell on behalf of Creditor BDFI, LLC
mark@junellfirm.com

Paul Kirklin
pkirklin@kirklinlaw.com

Paul Kirklin on behalf of Interested Party Kirklin Properties LLC
pkirklin@kirklinlaw.com

Paul Kirklin on behalf of Interested Party Ali Choudhri
pkirklin@kirklinlaw.com

Stephen Kirklin on behalf of Attorney Paul Kirklin
skirklin312@gmail.com

J. Eric Lockridge on behalf of Creditor Sonder USA Inc.
eric.lockridge@keanmiller.com, eric-lockridge-9072@ecf.pacerpro.com

John Patrick Lowe
pat.lowe.law@gmail.com, plowe@ecf.axosfs.com

John Patrick Lowe on behalf of Trustee John Patrick Lowe
pat.lowe.law@gmail.com, plowe@ecf.axosfs.com

Leslie M. Luttrell on behalf of Interested Party Travis Vargo, in his capacity as Court-Appointed Receiver luttrell@lclawgroup.net,
sdpitts@lclawgroup.net;wperotti@lclawgroup.net;emeier@lclawgroup.net

Leslie M. Luttrell on behalf of Interested Party Travis B Vargo
luttrell@lclawgroup.net,
sdpitts@lclawgroup.net;wperotti@lclawgroup.net;emeier@lclawgroup.net

Kell C. Mercer on behalf of Creditor/Defendant BDFI, LLC
kell.mercer@mercer-law-pc.com

Kell C. Mercer on behalf of Defendant/Interested Party Galleria Loop Note Holder, LLC
kell.mercer@mercer-law-pc.com

Kell C. Mercer on behalf of Defendant/Interested Party/Intervenor Ali Choudhri
kell.mercer@mercer-law-pc.com

Kell C. Mercer on behalf of Defendant Dward DarJean
kell.mercer@mercer-law-pc.com

Kell C. Mercer on behalf of Interested Party/Plaintiff Jetall Capital, LLC
kell.mercer@mercer-law-pc.com

Robert John Mosley on behalf of Interested Party John Mosley
john@rjmosley.com

Shea Neal Palavan on behalf of Interested Party Galleria Loop Note Holder, LLC
service@houstonip.com, snpalavan@recap.email

Shea Neal Palavan on behalf of Interested Party/Plaintiff Jetall Capital, LLC
service@houstonip.com, snpalavan@recap.email

Shea Neal Palavan on behalf of Interested Party Ali Choudhri
service@houstonip.com, snpalavan@recap.email

James Q. Pope on behalf of Creditor BDFI, LLC
ecf@thepopelawfirm.com, jpope@jubileebk.net

James Q. Pope on behalf of Plaintiff/Interested Party Galleria Loop Note Holder, LLC
ecf@thepopelawfirm.com, jpope@jubileebk.net

Justin Rayome on behalf of Attorney Justin Rayome
justin.rayome.law@gmail.com

Justin Rayome on behalf of Plaintiff/Counter Defendant Jetall Capital LLC
justin.rayome.law@gmail.com

Justin Rayome on behalf of Interested Party Ali Choudhri
justin.rayome.law@gmail.com

Jeremy M Reichman on behalf of Attorney Bryan Cave Leighton Paisner, LLP
jreichman@velaw.com, vmartin@velaw.com;courtmail@velaw.com

John C. Roy on behalf of U.S. Trustee United States Trustee - AU12
croy@krcl.com, ajezisek@krcl.com;rboley@krcl.com

Gia Samavati on behalf of Interested Party/Plaintiff Galleria Loop Note Holder, LLC
gia@samavatilawfirm.com

Gia Samavati on behalf of Interested Party Ali Choudhri
gia@samavatilawfirm.com

Stephen W. Sather on behalf of Defendant/Plaintiff 1001 WL, LLC
ssather@bn-lawyers.com, plevine@bn-lawyers.com;BarronNewburgerPCAustin@jubileebk.net;kparsley@bn-lawyers.com;mpineda@bn-lawyers.com;stephaniesather@bn-lawyers.com;bhadley@bn-lawyers.com

Stephen W. Sather on behalf of Interested Party Barron & Newburger, P.C.
ssather@bn-lawyers.com, plevine@bn-lawyers.com;BarronNewburgerPCAustin@jubileebk.net;kparsley@bn-lawyers.com;mpineda@bn-lawyers.com;stephaniesather@bn-lawyers.com;bhadley@bn-lawyers.com

Ronald J Smeberg on behalf of Interested Party Smeberg Law Firm, PLLC
ron@smeberg.com, ronaldsmeberg@yahoo.com;denielle@smeberg.com

Mark Curtis Taylor on behalf of Attorney Holland & Knight LLP
mtaylor@krcl.com, ajezisek@krcl.com,tgreenblum@krcl.com

Mark Curtis Taylor on behalf of Attorney Mark Taylor
mtaylor@krcl.com, ajezisek@krcl.com,tgreenblum@krcl.com

Mark Curtis Taylor on behalf of Plaintiff 1001 WL, LLC
mtaylor@krcl.com, ajezisek@krcl.com,tgreenblum@krcl.com

Eric Terry on behalf of Creditor WCW Houston Properties
eric@ericterrylaw.com

Shane P. Tobin on behalf of U.S. Trustee United States Trustee - AU12
shane.p.tobin@usdoj.gov,
gary.wright3@usdoj.gov;Christy.S.Simmons@usdoj.gov;Jessica.L.Hanzlik@usdoj.gov

United States Trustee - AU12
ustpregion07.au.ecf@usdoj.gov

Lyndel A. Vargas on behalf of Interested Party Dalio Holdings I, LLC
LVargas@chfirm.com, chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.courtdrive.com

Lyndel A. Vargas on behalf of Interested Party Ali Choudhri
LVargas@chfirm.com, chps.ecfnotices@ecf.courtdrive.com;kbeckton@ecf.courtdrive.com

Travis Brian Vargo on behalf of Interested Party Travis B Vargo
tvargo@vargolawfirm.com, mpoynter@vargolawfirm.com

Courtney Ann Vincent on behalf of Interested Party Arabella PH3201 LLC
info@vincentlawpllc.com

Gary W. Wright on behalf of U.S. Trustee United States Trustee - AU12
gary.wright3@usdoj.gov

In addition, a copy was served via U.S. Mail to debtor:

1001 WL, LLC
2450 Wickersham Lane, Suite 202
Austin, TX 78741

*/s/ Kyle S. Hirsch*________